WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh

*Proposed Attorneys for Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
                                                             :
**In re**                                                    :    **Chapter 11**
                                                             :
**GREEN TREE CREDIT LLC,**                                   :    **Case No. 19-[_____] (___)**
                                                             :
    Debtor.                                                  :
                                                             :
**Fed. Tax Id. No. 75-3115864**                              :
------------------------------------------------------------x
                                                             :
**In re**                                                    :    **Chapter 11**
                                                             :
**DITECH HOLDING CORPORATION,**                              :    **Case No. 19-[_____] (___)**
                                                             :
    Debtor.                                                  :
                                                             :
**Fed. Tax Id. No. 13-3950486**                              :
------------------------------------------------------------x
                                                             :
**In re**                                                    :    **Chapter 11**
                                                             :
**DF INSURANCE AGENCY LLC,**                                 :    **Case No. 19-[_____] (___)**
                                                             :
    Debtor.                                                  :
                                                             :
**Fed. Tax Id. No. 30-0936918**                              :
------------------------------------------------------------x

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| In re | : | **Chapter 11** |
| | : | |
| **DITECH FINANCIAL LLC,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 41-1795868 | : | |
| ------------------------------------------------------------x | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **GREEN TREE CREDIT SOLUTIONS LLC,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 27-1311565 | : | |
| ------------------------------------------------------------x | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **GREEN TREE INSURANCE AGENCY OF NEVADA, INC.,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 88-0187331 | : | |
| ------------------------------------------------------------x | : | |
| | : | |
| In re | : | **Chapter 11** |
| | : | |
| **GREEN TREE INVESTMENT HOLDINGS III LLC,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 20-0031008 | : | |
| ------------------------------------------------------------x | | |

| | | |
|---|---|---|
| ------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **GREEN TREE SERVICING CORP.,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 20-0843552 | : | |
| ------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MARIX SERVICING LLC,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 56-2646101 | : | |
| ------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MORTGAGE ASSET SYSTEMS, LLC,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 87-0798148 | : | |
| ------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **REO MANAGEMENT SOLUTIONS, LLC,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 27-2377787 | : | |
| ------------------------------------------------------------x | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **REVERSE MORTGAGE SOLUTIONS, INC.,** | : | Case No. 19-[_____] (___) |
| | : | |
| Debtor. | : | |
| | : | |
| Fed. Tax Id. No. 77-0672274 | : | |
| ------------------------------------------------------------x | | |

3

```
-----------------------------------------------------------x
                                              :
In re                                         :     Chapter 11
                                              :
WALTER MANAGEMENT HOLDING                     :
COMPANY LLC,                                  :     Case No. 19-[_____] (___)
                                              :
       Debtor.                                :
                                              :
Fed. Tax Id. No. 86-1059818                   :
-----------------------------------------------------------x
                                              :
In re                                         :     Chapter 11
                                              :
WALTER REVERSE ACQUISITION LLC,               :     Case No. 19-[_____] (___)
                                              :
       Debtor.                                :
                                              :
Fed. Tax Id. No. 46-0928837                   :
-----------------------------------------------------------x
```

**MOTION OF DEBTORS FOR ENTRY OF ORDER
DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

       Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**" or "**Ditech**"), respectfully represent as follows in support of this motion (the "**Motion**"):

**Background**

       1.    On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Debtors commenced these chapter 11 cases on a prearranged basis with the support of more than 75% of their term loan lenders, who have committed to support a value-maximizing chapter 11 plan that contemplates a debt-to-equity recapitalization transaction and provides for the simultaneous marketing of all or substantially all of the Debtors' assets to the extent such sale represents a higher or better value than the recapitalization transaction. Consistent with their obligations under that certain Restructuring Support Agreement, dated as of February 8, 2019, the Debtors intend to file a proposed plan of reorganization shortly hereafter and will seek to emerge from chapter 11 on an expedited timeframe.

3. Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Gerald A. Lombardo Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to on the date hereof (the "**Lombardo Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.[1]

## Jurisdiction

4. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Lombardo Declaration.

5

**Relief Requested**

5. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), the Debtors request entry of an order directing joint administration of these chapter 11 cases for procedural purposes only.

6. In addition, the Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Ditech Holding Corporation, and that these chapter 11 cases be jointly administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------x
: 
**In re** : **Chapter 11**
: 
**DITECH HOLDING CORPORATION,** *et al.*, : Case No. 19-[_____] (___)
: 
**Debtors.** : 
: 
-----------------------------------------------------------------x

7. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk of the Court to reflect the joint administration of the Debtors' chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Ditech Holding Corporation; DF Insurance Agency LLC; Ditech Financial LLC; Green Tree Credit LLC; Green Tree Credit Solutions LLC; Green Tree Insurance Agency of Nevada, Inc.; Green Tree Investment Holdings III LLC; Green Tree Servicing Corp.; Marix Servicing LLC; Mortgage Asset Systems, LLC; REO Management Solutions, LLC; Reverse Mortgage Solutions, Inc.; Walter Management Holding Company LLC; and Walter Reverse Acquisition LLC. The docket in Case No. 19-[_____] (___) should be consulted for all matters affecting the cases.

8. Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Office of the United States Trustee for Region 2 (revised December 14, 2017) on a consolidated basis.

9. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

## Relief Requested Should Be Granted

10. As set forth in the Lombardo Declaration, there are fourteen (14) Debtors and more than 55,000 creditors and other parties in interest in these chapter 11 cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

11. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are all under common ownership, and therefore are "affiliates" (as defined in section 101(2) of the Bankruptcy Code) of Ditech. Accordingly, the Court is authorized to grant the relief requested herein.

12. As set forth in the Lombardo Declaration, joint administration of these chapter 11 cases will save the Debtors and their estates substantial time and expense by removing the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Furthermore, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the Southern District of New York and other parties in interest will similarly benefit from joint administration of these

7

chapter 11 cases, as it will spare them from the time and effort of reviewing duplicative pleadings and papers.

13.     Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion only requests administrative – and not substantive – consolidation of the Debtors' estates. For example, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will not be affected by the relief requested herein, and the Debtors will maintain separate records of assets and liabilities.

## Notice

14.     Notice of this Motion has been provided to (i) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Greg M. Zipes and Benjamin J. Higgins) (the "**U.S. Trustee**"); (ii) the Debtors' five (5) largest secured creditors on a consolidated basis; (iii) the Debtors' forty (40) largest unsecured creditors on a consolidated basis; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the Southern District of New York; (vi) counsel to the Prepetition Term Loan Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick and Michelle M. McGreal); (vii) counsel to the Term Loan Ad Hoc Group, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654 (Attn: Patrick J. Nash and Gregory F. Pesce); (viii) Wilmington Savings Fund Society, FSB, as trustee under that certain Indenture for 9.0% Second Lien Senior Subordinated PIK Toggle Notes due 2024, 500 Delaware Avenue, Wilmington, Delaware 19801 (Attn: Corporate Trust, Walter Investment); (ix) counsel to the Second Lien Ad Hoc Group, Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, Los Angeles, California 90067 (Attn: Gregory A. Bray and Melainie K. Mansfield); (x) counsel to Barclays Bank PLC, as DIP Agent, and Barclays Capital Inc., as DIP lender, Skadden,

Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Sarah M. Ward, Mark A. McDermott, and Melissa Tiarks); (xi) counsel to Nomura Corporate Funding Americas, LLC, Alston & Bird LLP, 90 Park Avenue, 15th Floor, New York, New York 10016 (Attn: Karen Gelernt and Ronald Klein) and Jones Day LLP, 250 Vesey Street, New York, New York 10281 (Attn: Ben Rosenblum); (xii) the Banks; (xiii) the Securities and Exchange Commission; (xiv) counsel to Fannie Mae, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, California 90071 (Attn: Stephen Warren, Jennifer Taylor and Darren Patrick); (xv) counsel to Freddie Mac, McKool Smith PC, 600 Travis St., Suite 7000, Houston, Texas 77002 (Attn: Paul D. Moak); and (xvi) U.S. Department of Housing and Urban Development, 451 Seventh St., SW, Room 9250, Washington, DC 20410 (Attn: Lisa Mulrain, Assistant General Counsel, Office of General Counsel, Finance Division) (collectively, the "**Notice Parties**"). The Debtors respectfully submit that no further notice is required.

15. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of an order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 11, 2019
    New York, New York

                        /s/ Sunny Singh
                        WEIL, GOTSHAL & MANGES LLP
                        767 Fifth Avenue
                        New York, New York  10153
                        Telephone:  (212) 310-8000
                        Facsimile:  (212) 310-8007
                        Ray C. Schrock, P.C.
                        Sunny Singh

                        *Proposed Attorneys for Debtors*
                        *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

WEIL:\96913991\1\41703.0010

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x
: 
In re : Chapter 11
: 
**GREEN TREE CREDIT LLC,** : Case No. 19-[_____] (___)
: 
Debtor. : 
: 
Fed. Tax Id. No. 75-3115864 : 
-----------------------------------------------------------x
: 
In re : Chapter 11
: 
**DITECH HOLDING CORPORATION,** : Case No. 19-[_____] (___)
: 
Debtor. : 
: 
Fed. Tax Id. No. 13-3950486 : 
-----------------------------------------------------------x
: 
In re : Chapter 11
: 
**DF INSURANCE AGENCY LLC,** : Case No. 19-[_____] (___)
: 
Debtor. : 
: 
Fed. Tax Id. No. 30-0936918 : 
-----------------------------------------------------------x
: 
In re : Chapter 11
: 
**DITECH FINANCIAL LLC,** : Case No. 19-[_____] (___)
: 
Debtor. : 
: 
Fed. Tax Id. No. 41-1795868 : 
-----------------------------------------------------------x

```
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11
                                                            :
GREEN TREE CREDIT SOLUTIONS LLC,                            :   Case No. 19-[_____] (___)
                                                            :
        Debtor.                                             :
                                                            :
Fed. Tax Id. No. 27-1311565                                 :
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11
                                                            :
GREEN TREE INSURANCE AGENCY                                 :
OF NEVADA, INC.,                                            :   Case No. 19-[_____] (___)
                                                            :
        Debtor.                                             :
                                                            :
Fed. Tax Id. No. 88-0187331                                 :
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11
                                                            :
GREEN TREE INVESTMENT HOLDINGS                              :
III LLC,                                                    :   Case No. 19-[_____] (___)
                                                            :
        Debtor.                                             :
                                                            :
Fed. Tax Id. No. 20-0031008                                 :
------------------------------------------------------------x
                                                            :
In re                                                       :   Chapter 11
                                                            :
GREEN TREE SERVICING CORP.,                                 :   Case No. 19-[_____] (___)
                                                            :
        Debtor.                                             :
                                                            :
Fed. Tax Id. No. 20-0843552                                 :
------------------------------------------------------------x
```

2

| | | |
|---|---|---|
| ---------------------------------------------------------------x : | | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MARIX SERVICING LLC,** | : | **Case No. 19-[_____] (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 56-2646101** | : | |
| ---------------------------------------------------------------x | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **MORTGAGE ASSET SYSTEMS, LLC,** | : | **Case No. 19-[_____] (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 87-0798148** | : | |
| ---------------------------------------------------------------x | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **REO MANAGEMENT SOLUTIONS, LLC,** | : | **Case No. 19-[_____] (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 27-2377787** | : | |
| ---------------------------------------------------------------x | : | |
| | : | |
| **In re** | : | **Chapter 11** |
| | : | |
| **REVERSE MORTGAGE SOLUTIONS, INC.,** | : | **Case No. 19-[_____] (___)** |
| | : | |
| Debtor. | : | |
| | : | |
| **Fed. Tax Id. No. 77-0672274** | : | |
| ---------------------------------------------------------------x | | |

3

```
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
WALTER MANAGEMENT HOLDING                                    :
COMPANY LLC,                                                 :    Case No. 19-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Fed. Tax Id. No. 86-1059818                                  :
-------------------------------------------------------------x
                                                             :
In re                                                        :    Chapter 11
                                                             :
WALTER REVERSE ACQUISITION LLC,                              :    Case No. 19-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Fed. Tax Id. No. 46-0928837                                  :
-------------------------------------------------------------x
```

## ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Upon the Motion (the "**Motion**")[1] of Ditech Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order directing the joint administration of the Debtors' related chapter 11 cases for procedural purposes only, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

WEIL:\96913991\1\41703.0010

been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion (the "**Hearing**"); and upon the Lombardo Declaration, filed contemporaneously with the Motion, and the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. The Debtors' chapter 11 cases are hereby consolidated for procedural purposes only and shall be jointly administered by the Court.

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the Debtors' chapter 11 cases.

4. The caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x
:
**In re**                                         :        **Chapter 11**
:
**DITECH HOLDING CORPORATION,** *et al.*,         :        **Case No. 19-[_____] (___)**
:
      **Debtors.**                                :
:
----------------------------------------------------------------x

5

5. A docket entry shall be made in the chapter 11 cases of Ditech Holding Corporation; DF Insurance Agency LLC; Ditech Financial LLC; Green Tree Credit LLC; Green Tree Credit Solutions LLC; Green Tree Insurance Agency of Nevada, Inc.; Green Tree Investment Holdings III LLC; Green Tree Servicing Corp.; Marix Servicing LLC; Mortgage Asset Systems, LLC; REO Management Solutions, LLC; Reverse Mortgage Solutions, Inc.; Walter Management Holding Company LLC; and Walter Reverse Acquisition LLC substantially as follows:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing the procedural consolidation and joint administration of the chapter 11 cases of Ditech Holding Corporation; DF Insurance Agency LLC; Ditech Financial LLC; Green Tree Credit LLC; Green Tree Credit Solutions LLC; Green Tree Insurance Agency of Nevada, Inc.; Green Tree Investment Holdings III LLC; Green Tree Servicing Corp.; Marix Servicing LLC; Mortgage Asset Systems, LLC; REO Management Solutions, LLC; Reverse Mortgage Solutions, Inc.; Walter Management Holding Company LLC; and Walter Reverse Acquisition LLC. The docket in Case No. 19-[_____] (___) should be consulted for all matters affecting the cases.

6. The Debtors may file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the Office of the United States Trustee for Region 2 (revised December 14, 2017), by consolidating the information required for each Debtor in one report.

7. The Debtors are authorized to take all action necessary to effectuate the relief granted in this Order.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: _____, 2019
     New York, New York

                                                UNITED STATES BANKRUPTCY JUDGE

WEIL:\96913991\1\41703.0010