WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh

*Attorneys for Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X

|  |  |  |
|---|---|---|
| In re | : | **Chapter 11** |
|  | : |  |
| **DITECH HOLDING CORPORATION,** *et al.*, | : | **Case No. 19-[_____] (___)** |
|  | : |  |
| **Debtors.**[1] | : | **(Joint Administration Pending)** |
|  | : |  |

------------------------------------------------------------X

**APPLICATION OF DEBTORS FOR ENTRY OF ORDER ESTABLISHING**
**DEADLINE FOR FILING PROOFS OF CLAIM AND PROCEDURES RELATING**
**THERETO AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its

debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases

(collectively, the "Debtors"), respectfully represent as follows in support of this application (the

"**Application**"):

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

## Background

1.      On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2.      Contemporaneously herewith, the Debtors have filed a motion requesting joint administration of their chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

3.      The Debtors commenced these chapter 11 cases on a prearranged basis with the support of more than 75% percent of their term loan lenders, who have committed to support a value-maximizing chapter 11 plan that contemplates a debt-to-equity recapitalization transaction and provides for the simultaneous marketing of all or substantially all of the Debtors' assets to the extent such sale represents a higher or better value than the recapitalization transaction.  Consistent with their obligations under that certain Restructuring Support Agreement, dated as of February 8, 2019, the Debtors intend to file a proposed plan of reorganization shortly hereafter and will seek to emerge from chapter 11 on an expedited timeframe.

4.      Additional information regarding the Debtors' business, capital structure, and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Gerald A. Lombardo Pursuant to Rule 1007-2 of the Local Bankruptcy Rules for the Southern District of New York*, sworn to on the date hereof (the "**Lombardo Declaration**"),

WEIL:\96914004\1\41703.0008

which has been filed with the Court contemporaneously herewith and is incorporated herein by reference.[2]

## **Jurisdiction**

5.    The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## **Relief Requested**

6.    By this Application, pursuant to section 502(b)(9) of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and the United States Bankruptcy Court for the Southern District of New York Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim (the "**Guidelines**"), the Debtors request entry of an order, substantially in the form annexed hereto as **Exhibit A** (the "**Proposed Order**"):

> (a)    establishing **April 1, 2019 at 5:00 p.m. (Prevailing Eastern Time)** as the deadline for each person (as defined in section 101(41) of the Bankruptcy Code), excluding governmental units (as defined in section 101(27) of the Bankruptcy Code, the "**Governmental Units**"), to file a proof of claim (each, a "**Proof of Claim**") in respect of a claim (as defined in section 101(5) of the Bankruptcy Code) against the Debtors which arose on or prior to the Commencement Date, including, for the avoidance of doubt, secured claims, priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code (such deadline, the "**General Bar Date**");

> (b)    establishing **August 10, 2019 at 5:00 p.m. (Prevailing Eastern Time)** as the deadline for Governmental Units to file a Proof of Claim in respect of a prepetition claim against the Debtors (such deadline, the "**Governmental Bar Date**");

---

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Lombardo Declaration.

(c)     establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is 30 days from the date on which the Debtors provide notice of previously unfiled Schedules (as defined herein) or an amendment or supplement to the Schedules** as the deadline by which claimants holding claims affected by such filing, amendment or supplement must file Proofs of Claim with respect to such claim (the "**Amended Schedules Bar Date**");

(d)     establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is 30 days following service of an order approving rejection of any executory contract or unexpired lease of the Debtors** as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection (the "**Rejection Damages Bar Date**" and, together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**");

(e)     approving the proposed procedures for filing Proofs of Claim;

(f)     approving the proposed procedures for notice of the Bar Dates, including the form of notice substantially in the form annexed as **Exhibit 1** to the Proposed Order (the "**Bar Date Notice**"); and

(g)     approving the proposed Proof of Claim form (the "**Claim Form**"), substantially in the form annexed as **Exhibit 2** to the Proposed Order.

## The Proposed Bar Dates

**A. Summary**

7.     Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which Proofs of Claim may be filed.  Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim (a) is not scheduled in the Debtors' schedules of assets and liabilities (the "**Schedules**") or (b) is scheduled as disputed, contingent, or unliquidated must file a Proof of Claim by a deadline fixed by the Court.  Bankruptcy Rule 3003(c)(2) further provides that "any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."  Fed. R. Bankr. P. 3003(c)(2).

WEIL:\96914004\1\41703.0008

8.      Here, the Debtors propose to allow at least thirty (30) days' notice of each of the General Bar Date, the Amended Schedules Bar Date, and the Rejection Damages Bar Date. Additionally, the Debtors propose to allow approximately one-hundred and eighty (180) days' notice of the Governmental Bar Date. The Debtors respectfully submit that the proposed Bar Dates and the procedures set forth below (the "**Procedures**") will provide the Debtors' creditors adequate notice and ample opportunity to prepare and file Proofs of Claim.

9.      The Local Rules and the Guidelines established by the Board of Judges for the Southern District of New York (General Order M-386, as amended by General Order M-453) require that all requests for orders establishing deadlines for filing Proofs of Claim conform substantially to the standard form of order and notice set forth in the Guidelines.

10.      The Debtors believe that thousands of persons, individuals, or entities may be creditors in these chapter 11 cases. Based on the procedures set forth below (the "**Procedures**"), the proposed Bar Dates will give creditors ample opportunity to prepare and file Proofs of Claim.

**B.  The General Bar Date**

11.      The Debtors intend to file their schedules on or about March 11, 2019. The Debtors request that the Court establish **April 1, 2019** at **5:00 p.m. (Prevailing Eastern Time)** as the General Bar Date. The General Bar Date would be the date by which any persons  or entity (including individuals, partnerships, corporations, joint ventures, trusts, but not including Governmental Units) must file a Proof of Claim in respect of a prepetition claim (as defined in section 101(5) of the Bankruptcy Code), including secured claims, unsecured priority claims, unsecured non-priority claims, and claims arising under section 503(b)(9) of the Bankruptcy Code against any of the Debtors, so that such Proofs of Claim are actually received by Epiq Corporate Restructuring, LLC, the Debtors' claims and noticing agent ("**Epiq**"), on or before the General

Bar Date, unless such person's or entity's claim falls within one of the exceptions set forth in this Application.

### C.  Governmental Bar Date

12.     Section 502(b)(9) of the Bankruptcy Code provides that the "claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide."  11 U.S.C. § 502(b)(9).

13.     The Debtors request that the Court establish **August 10, 2019** at **5:00 p.m. (Prevailing Eastern Time)** as the Governmental Bar Date in these chapter 11 cases.   The Governmental Bar Date would apply to all Governmental Units holding claims against the Debtors (without limitation, whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Commencement Date, including Governmental Units with claims against the Debtors for unpaid taxes, whether such claims arose from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.   All Governmental Units holding such claims against the Debtors would be required to file Proofs of Claim so that such Proofs of Claim are actually received by Epiq on or before the Governmental Bar Date.

### D.  The Amended Schedules Bar Date

14.     In the event the Debtors file a previously unfiled Schedule or amend or supplement their Schedules, the Debtors request that the Court establish **the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern Time), on the date that is Thirty (30) days from the date on which the Debtors provide notice of the previously unfiled Schedule or amendment or supplement to the Schedules**, as the deadline on or before which claimants holding claims affected by such filing,

WEIL:\96914004\1\41703.0008

amendment or supplement must file Proofs of Claim with respect to such claim, so that such Proofs

of Claim are actually received by Epiq on or before the Amended Schedules Bar Date.

### E.   The Rejection Damages Bar Date

15.    The Debtors request that the Court establish **the later of (i) the General**

**Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00 p.m. (Prevailing Eastern**

**Time)   on the date that is thirty (30) days following service of an order approving the**

**rejection of any executory contract or unexpired lease of the Debtors**, as the deadline on or

before which claimants holding claims for damages arising from such rejection must file Proofs of

Claim with respect to such rejection, so that such Proofs of Claim are actually received by Epiq on

or before the Rejection Damages Bar Date.  Notwithstanding the foregoing, a party to an executory

contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and

outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease

(other than a rejection damages claim) must file a Proof of Claim for such amounts on or before

the General Bar Date, the Governmental Bar Date, or the Amended Schedules Bar Date,

as applicable.

### The Proposed Procedures for Filing Proofs of Claim

16.    The Debtors propose the following Procedures for filing Proofs of Claim:

(a)    Proofs of Claim must conform substantially to the Claim Form or Official
Bankruptcy Form No. 410 (the "**Official Form**");[3]

(b)    Proofs of Claim must be filed electronically through the Epiq's Proof of
Claim website for these cases at http://dm.epiq11.com/Ditech by following
instructions for filing proofs of claim electronically; (ii) by mailing the
original proof of claim either by U.S. Postal Service mail or overnight
delivery to Epiq's Claims Processing Centers for the Debtors at (x) P.O.

---

[3]    The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the
United States Bankruptcy Courts.  The Claim Form can be found at http:// http://dm.epiq11.com/Ditech, the
website established by Epiq for the Debtors' chapter 11 cases.

WEIL:\96914004\1\41703.0008

Box 4421, Beaverton, OR 97076 or (y) 10300 SW Allen Blvd., Beaverton, OR 97005; or (iii) by delivering the original Proof of Claim by hand to (x) the United States Bankruptcy Court for the Southern District of New York at One Bowling Green, New York, NY 10004-1408 or (y) Epiq's Claims Processing Center for the Debtors at 10300 SW Allen Blvd., Beaverton, OR 97005 or (z) 777 Third Avenue, 12th Floor, New York, NY 10017;

(c)     Proofs of Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court or by Epiq on or before the applicable Bar Date;

(d)     Proofs of Claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language and (iv) be denominated in United States currency;

(e)     Proofs of Claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim form must be filed with respect to each Debtor except as provided in section 11(g)(ix) below.  If the holder lists multiple Debtors on the Proof of Claim, then the Debtors will treat such claim as if it is filed against the first listed Debtor.  If the holder files a Proof of Claim without identifying a Debtor, such Proof of Claim will be deemed as filed only against Ditech Holding Corporation;

(f)     Proofs of Claim sent by facsimile, telecopy, or electronic mail transmission **<u>will not</u>** be accepted;

(g)     The following persons (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, or Governmental Units) are **<u>not</u>** required to file a Proof of Claim on or before the applicable Bar Date, solely with respect to the claims described below:

(i)      any person or entity that has already filed a Proof of Claim against the Debtors in the above-captioned cases in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Procedures;

(ii)     any person or entity whose claim is listed in the Schedules filed by the Debtors, provided that (x) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (y) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (z) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

8

(iii)   any holder of a claim that heretofore has been allowed by order of the Court;

(iv)   any person or entity whose claim has been paid in full by any of the Debtors;

(v)   any holder of a claim for which specific deadlines have previously been fixed by the Court;

(vi)   any Debtor having a claim against another Debtor;

(vii)   any holder of a claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a Proof of Claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

(viii)   any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

(ix)   any holder of a claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single Proof of Claim in the Debtors' lead chapter 11 case *In re Ditech Holding Corporation* (Case No. 19-____) (___), on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims; provided that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a Proof of Claim with respect to such

9

claim on or before the applicable Bar Date, unless another exception identified herein applies; provided, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims; or

(x)     any person or entity who is not required to file a Proof of Claim pursuant to a final order approving the *Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 546, 548, 555, 559, and 561 (A) Authorizing Debtors to Enter into Repurchase Agreement Facilities, Servicer Advance Facilities and Related Documents; (B) Authorizing Debtors to Sell Mortgage Loans and Servicer Advance Receivables in the Ordinary Course of Business; (C) Granting Back-Up Liens and Superpriority Administrative Expense Claims; (D) Authorizing Use of Cash Collateral and Granting Adequate Protection; (E) Modifying the Automatic Stay; (F) Scheduling a Final Hearing; and (G) Granting Related Relief,* as may be amended or superseded from time to time (the "**Final DIP Order**").

### Consequences of Failure to File a Proof of Claim

17.     As stated above, Bankruptcy Rule 3003(c)(2) provides that any creditor whose claim is not scheduled or is scheduled as disputed, contingent, or unliquidated that fails to file a Proof of Claim by the Bar Date "shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."   Fed. R. Bankr. P. 3003(c)(2).   Accordingly, the Debtors request that any holder of a claim against any of the Debtors that is required to file a Proof of Claim in accordance with the Proposed Order, but fails to do so on or before the applicable Bar Date, shall (a) be forever barred, estopped, and enjoined from asserting such a claim against the Debtors, their property, or their estates (or submitting a Proof of Claim with respect thereto) and (b) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in these chapter 11 cases.

10

### Notice of the Bar Dates

18.     Pursuant to Bankruptcy Rules 2002(a)(7), (f), and (l) and the Guidelines, the Debtors propose providing notice of the Bar Dates in accordance with the following procedures:

(a)     The Debtors shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice to the following parties, so as to be received at least thirty-five (35) days prior to the General Bar Date:

    (i)     the United States Trustee;

    (ii)     counsel to each official committee;

    (iii)     all known creditors and other known holders of potential claims against any of the Debtors' estates;

    (iv)     all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding address;

    (v)     all parties to pending litigation against the Debtors (as of the date of the entry of the Proposed Order);

    (vi)     all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of the entry of the Proposed Order);

    (vii)     the Internal Revenue Services for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

    (viii)     such additional persons and entities as deemed appropriate by the Debtors.

(b)     With regard to those holders of claims listed in the Schedules, the Debtors shall mail one or more Claim Forms (as appropriate), indicating on the form how the Debtors have scheduled such creditor's claim in the Schedules (including the identity of the Debtor, the amount of the claim and whether the claim has been scheduled as contingent, unliquidated or disputed).

WEIL:\96914004\1\41703.0008

(c)     Each Debt Agent, other than the DIP Credit Parties, the Prepetition Repo Facilities Parties, and the Prepetition 1L/2L Parties (each as defined in the Final DIP Order) shall provide to Barclays PLC a list of names and addresses of the record holders of the respect Debt Security for which it serves as Debt Agent within five (5) business days after service on the Debt Agent of the order granting the relief requested herein.

19.     The Debtors intend to supplement notice of the Bar Dates by providing notice by publication consistent with the Guidelines and Bankruptcy Rule 2002(l) ("The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice."). Such notice is appropriate for (a) those creditors to whom no other notice was sent and who are unknown or not reasonably ascertainable by the Debtors; (b) known creditors with addresses unknown by the Debtors; and (c) creditors with potential claims unknown by the Debtors. Accordingly, the Debtors propose publishing the Bar Date Notice, with any necessary modifications for ease of publication, once in the national edition of *The New York Times* and *USA Today* at least twenty-eight (28) days prior to the General Bar Date. The Debtors also request authority, in their sole discretion, to publish the Bar Date Notice in additional newspapers, trade journals, or similar publications.

**The Bar Date Notice**

20.     The proposed Bar Date Notice substantially conforms to the form annexed to the Guidelines. Specifically, the Bar Date Notice notifies parties of:

(a)     the Bar Dates;

(b)     who must file a Proof of Claim;

(c)     the Procedures for filing a Proof of Claim;

(d)     the consequences for failing to timely file a Proof of Claim; and

(e)     where parties can find additional information.

WEIL:\96914004\1\41703.0008

**The Proposed Bar Date and Procedures Are**
**Reasonably Calculated to Provide Due and Proper Notice**

21.     Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty-one (21) days' notice of the time fixed for filing Proofs of Claim.  Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address.  The Guidelines provide that creditors should be given at least thirty-five (35) days' notice after the mailing date and at least twenty-eight (28) days' notice after the publication date.

22.     Under the Proposed Order, the Debtors will be providing thirty-five (35) days' notice to all known creditors, more than is required under the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines.  If the Court enters the Proposed Order on or about February 18, 2019, which is seven (7) days from the date hereof, Epiq's mailing would be completed by no later than February 25, 2019, which is thirty-five (35) days before the proposed General Bar Date of April 1, 2019.  Accordingly, the Debtors submit that the proposed Bar Dates and Procedures provide sufficient time for all parties in interest, including foreign creditors, if any, to assert their claims.  Furthermore, because the proposed Procedures will provide notice to all known parties in interest by mail and notice to any unknown parties in interest by publication, the Debtors submit that the proposed Procedures are reasonably calculated to provide notice to all parties that may wish to assert a claim in these chapter 11 cases.

23.     Epiq will also post the Claim Form, along with instructions for filing Proofs of Claim, on the website established in these chapter 11 cases (http://dm.epiq11.com/Ditech).  The Bar Date Notices will also provide that the Debtors' Schedules may be accessed through the same website or by contacting Epiq at 866-486-4809 (toll free) for U.S.-based parties or +1 503-597-7698 for international parties or by e-mail at ProjectPhoenix@epiqglobal.com.

WEIL:\96914004\1\41703.0008

24.     Accordingly, the Debtors submit that no further or other notice of the Bar Dates is necessary and that the proposed Procedures provide due and proper notice of the Bar Dates.

### Objections to Claims and Reservations of Rights

25.     The Debtors reserve all rights and defenses with respect to any Proof of Claim, including, among other things, the right to object to any Proof of Claim on any grounds. The Debtors also reserve all rights and defenses to any claim listed in the Schedules, including, among other things, the right to dispute any such claim and assert any offsets or defenses thereto. If the Debtors dispute any claim listed in the Schedules and such claim is not already listed as disputed, contingent, or unliquidated, the Debtors shall amend their Schedules as appropriate.

26.     Furthermore, the Debtors reserve the right to seek a further order of this Court to fix a deadline by which holders of claims **not** subject to the Bar Dates must file Proofs of Claim against the Debtors or be forever barred from doing so.

27.     Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

### Notice of this Application and Proposed Order

28.     Notice of this Motion has been provided to (i) William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Greg M. Zipes and Benjamin J. Higgins) (the "**U.S. Trustee**"); (ii) the Debtors' five (5) largest secured creditors on a consolidated basis; (iii) the Debtors' forty (40) largest unsecured creditors on a consolidated basis; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the Southern District of New York; (vi) counsel to the Prepetition Term Loan Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York

WEIL:\96914004\1\41703.0008

10017 (Attn: Brian M. Resnick and Michelle M. McGreal); (vii) counsel to the Term Loan Ad Hoc

Group, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654 (Attn: Patrick J. Nash

and Gregory F. Pesce); (viii)  Wilmington Savings Fund Society, FSB, as trustee under that certain

Indenture for 9.0% Second Lien Senior Subordinated PIK Toggle Notes due 2024, 500 Delaware

Avenue, Wilmington, Delaware 19801 (Attn: Corporate Trust, Walter Investment); (ix) counsel to

the Second Lien Ad Hoc Group, Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park

East, Los Angeles, California 90067 (Attn: Gregory A. Bray and Melainie K. Mansfield); (x)

counsel to Barclays Bank PLC, as DIP Agent, and Barclays Capital Inc., as DIP lender, Skadden,

Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Sarah M.

Ward, Mark A. McDermott, and Melissa Tiarks); (xi) counsel to Nomura Corporate Funding

Americas, LLC, Alston & Bird LLP, 90 Park Avenue, 15th Floor, New York, New York 10016

(Attn: Karen Gelernt and Ronald Klein) and Jones Day LLP, 250 Vesey Street, New York, New

York 10281 (Attn: Ben Rosenblum); (xii) the Banks; (xiii) the Securities and Exchange

Commission; (xiv) counsel to Fannie Mae, O'Melveny & Myers LLP, 400 South Hope Street, 18th

Floor, Los Angeles, California 90071 (Attn: Stephen Warren, Jennifer Taylor and Darren Patrick);

(xv) counsel to Freddie Mac,  McKool Smith PC, 600 Travis St., Suite 7000, Houston, Texas

77002 (Attn: Paul D. Moak); and (xvi) U.S. Department of Housing and Urban Development, 451

Seventh St., SW, Room 9250, Washington, DC 20410 (Attn: Lisa Mulrain, Assistant General

Counsel, Office of General Counsel, Finance Division) (collectively, the "**Notice Parties**").  The

Debtors respectfully submit that no further notice is required.  No previous request for the relief

sought herein has been made by the Debtors to this or any other Court.

WEIL:\96914004\1\41703.0008

WHEREFORE the Debtors respectfully request entry of the proposed order orders granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: February 11, 2019
New York, New York

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh

*Proposed Attorneys for Debtors
and Debtors in Possession*

16

**<u>Exhibit A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
                           :

In re                           :         **Chapter 11**
                           :

**DITECH HOLDING CORPORATION,** *et al.*,  :        **Case No. 19-[_____] (___)**
                           :

           Debtors.[1]        :         **(Jointly Administered)**
                           :
---------------------------------------------------------------X

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of Ditech Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for an order, pursuant to Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") fixing deadlines and establishing procedures for filing proofs of claim and approving the form and manner of service thereof; and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      Except as otherwise provided herein, pursuant to section 502(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002 and 3003(c)(3), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034. .

the United States Bankruptcy Court for the Southern District of New York's Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, updated as of December 1, 2015 (the "**Guidelines**"), all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter 11 petitions on February 11, 2019 (the "**Commencement Date**"), including claims asserted under section 503(b)(9) of the Bankruptcy Code, shall file a proof of such claim in writing or electronically in accordance with the procedures below so that it is received on or before April 1, 2019 (the "**General Bar Date**").

2.      Notwithstanding any other provision hereof, proofs of claim filed by governmental units (as defined in section 101(27) of the Bankruptcy Code) must be filed on or before August 10, 2019 (the date that is one hundred eighty (180) days after the date of the order for relief) (the "**Governmental Bar Date**").

3.      Notwithstanding any other provision hereof, claimants must file proofs of claim with respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "**Schedules**") on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of previously unfiled Schedules (as defined herein) or an amendment or supplement to the Schedules (the "**Amended Schedules Bar Date**").

4.      Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim based on such rejection on or before the later of (i) the General Bar Date or the Governmental Bar

WEIL:\96914004\1\41703.0008

Date, as applicable, and (ii) 5:00pm (Prevailing Eastern Time) on the date that is thirty (30) days after entry of the order authorizing such rejection (the "**Rejection Damages Bar Date**", and together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**").  For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

5.       The (i) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Exhibit 1** (the "**Bar Date Notice**") and (ii) model proof of claim form (the "**Claim Form**"), substantially in the form annexed hereto as **Exhibit 2**, are approved.

6.       The following procedures for the filing of proofs of claim (the "**Procedures**") shall apply:

(a)       Proofs of claim must conform substantially to the Claim Form or Official Bankruptcy Form No. 410 (the "**Official Form**");[2]

(b)       Proofs of Claim must be filed electronically through the Epiq's Proof of Claim website for these cases at http://dm.epiq11.com/Ditech by following instructions for filing proofs of claim electronically; (ii) by mailing the original proof of claim either by U.S. Postal Service mail or overnight delivery to Epiq's Claims Processing Centers for the Debtors at (x) P.O. Box 4421, Beaverton, OR 97076 or (y) 10300 SW Allen Blvd., Beaverton,

---

[2]       The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts.  The Claim Form can be found at http://http://dm.epiq11.com/Ditech, the website established by Epiq for the Debtors' chapter 11 cases.

WEIL:\96914004\1\41703.0008

OR 97005; or (iii) by delivering the original Proof of Claim by hand to (x) the United States Bankruptcy Court for the Southern District of New York at One Bowling Green, New York, NY 10004-1408 or (y) Epiq's Claims Processing Center for the Debtors at 10300 SW Allen Blvd., Beaverton, OR 97005 or (z) 777 Third Avenue, 12th Floor, New York, NY 10017;

(c)     Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court or by Epiq on or before the applicable Bar Date;

(d)     Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e)     Proofs of claim must specify by name and case number the Debtor against which the claim is filed.  If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor.  If the holder files a proof of claim without identifying a Debtor, such proof of claim will be deemed as filed only against Ditech Holding Corporation; and

(f)     Proofs of claim sent by facsimile, telecopy, or electronic mail transmission **<u>will not</u>** be accepted.

7.     The following persons or entities need not file a proof of claim on or prior to the Bar Dates:

(a)     Any claim as to which the holder has already filed a proof of claim against

the Debtors in the above-captioned case in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Procedures;

(b)    Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)    Any claim that heretofore has been allowed by Order of this Court;

(d)    Any claim that has been paid in full by any of the Debtors;

(e)    Any claim for which different specific deadlines have previously been fixed by this Court;

(f)    Any claim by a Debtor against another Debtor;

(g)    Any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on

5

or before the applicable Bar Date pursuant to the Procedures;

(h)    Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

(i)    Any claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single proof of claim in the Debtors' lead chapter 11 case *In re Ditech Holding Corporation* (Case No. 19-____) (____), on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims; <u>provided</u> that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a proof of claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; <u>provided</u>, further, that in lieu of attaching voluminous documentation, including documentation for

6

compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims; or

(j) Any claim held by the Prepetition Repo Facilities Parties, the Prepetition 1L/2L parties or any other person or entity that is not required to file a proof of claim pursuant to a final order approving *Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 546, 548, 555, 559, and 561 (A) Authorizing Debtors to Enter into Repurchase Agreement Facilities, Servicer Advance Facilities and Related Documents; (B) Authorizing Debtors to Sell Mortgage Loans and Servicer Advance Receivables in the Ordinary Course of Business; (C) Granting Back-Up Liens and Superpriority Administrative Expense Claims; (D) Authorizing Use of Cash Collateral and Granting Adequate Protection; (E) Modifying the Automatic Stay; (F) Scheduling a Final Hearing; and (G) Granting Related Relief*, as may be amended or superseded from time to time (the "**Final DIP Order**"), solely with respect to the claims set forth in the Final DIP Order.

7. Claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the deadlines set forth in this Order.

8. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply

WEIL:\96914004\1\41703.0008

with this Order by timely filing a proof of claim in appropriate form shall (i) be forever barred,

estopped, and enjoined from asserting such claims against the Debtors, their property, or their

estates (or submitting a proof of claim with respect thereto) and (ii) not be treated as a creditor

with respect to such claim for the purposes of voting and distribution with respect to any chapter

11 plan or plans of reorganization that may be filed in this cases.

10.    The Debtors shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice

which shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35)

days prior to the applicable Bar Date upon:

(a)    The United States Trustee;

(b)    counsel to each official committee;

(c)    all known creditors and other known holders of potential claims against any
       of the Debtors' estates;

(d)    all counterparties to the Debtors' executory contracts and unexpired leases
       at the addresses stated therein or as updated pursuant to a request by the
       counterparty or by returned mail from the post office with a forwarding
       address;

(e)    all parties to pending litigation against the Debtors (as of the date of the
       entry of the Proposed Order);

(f)    all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as
       of the date of the entry of the Proposed Order);

(g)    the Internal Revenue Services for the district in which the case is pending

WEIL:\96914004\1\41703.0008

and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(h)    such additional persons and entities as deemed appropriate by the Debtors.

11.    Each Debt Agent, other than the DIP Credit Parties, the Prepetition Repo Facilities Parties, and the Prepetition 1L/2L Parties (each as defined in the Final DIP Order)] shall provide to Epiq a list of names and addresses of the record holders of the respective Debt Security for which it serves as Debt Agent within five (5) business days after service of this Order on the Debt Agent.

12.    Pursuant to Bankruptcy Rule 2002(l) and the Guidelines, the Debtors shall publish the Bar Date Notice, once in the national editions of *The New York Times* and *USA Today* at least twenty-eight (28) days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates and the Procedures for filing proofs of claim in these chapter 11 cases.

13.    Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

14.    The Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15.    Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

WEIL:\96914004\1\41703.0008

Dated: _____, 2019
      New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

WEIL:\96914004\1\41703.0008

## <u>Exhibit 1</u>

**Bar Date Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
                                            :
In re                                       :    **Chapter 11**
                                            :
**DITECH HOLDING CORPORATION,** *et al.*,   :    **Case No. 19-[_____] (___)**
                                            :
               Debtors.[1]                  :    **(Jointly Administered)**
                                            :
-----------------------------------------------------------------X

## NOTICE OF DEADLINES
## REQUIRING FILING OF PROOFS OF CLAIM

The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**") establishing **April 1, 2019 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each person (excluding "governmental units," as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim (such deadline, the "**General Bar Date**") against any of the debtors listed below (collectively, the "**Debtors**").

The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before **February 11**, 2019 (the "**Commencement Date**"), the date on which the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), including claims arising under section 503(b)(9) of the Bankruptcy Code, and excluding claims held by those listed in Section 4 below that are specifically excluded from the Bar Date filing requirement. "Governmental Units" (as defined in section 101(27) of the Bankruptcy Code) have until **August 10, 2019 at 5:00 p.m. (Prevailing Eastern Time)**, the date that is one-hundred and eighty (180) days after the order for relief (the "**Governmental Bar Date**"), to file proofs of claim against the Debtors.

Counterparties to the Debtors' executory contracts and unexpired leases have until the later of (i) the General Bar Date and (ii) thirty (30) days after entry of the order authorizing the rejection of such contract or lease (the "**Rejection Damages Bar Date**"), to file proofs of claim for rejection damages against the Debtors.

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

With respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "**Schedules**"), claimants have until the later of (i) the General Bar Date or the Governmental Bar Date, as applicable and (ii) 5:00 p.m. (**Prevailing Eastern Time**) on the date that is thirty (30) days from the date on which the Debtors provide notice of previously unfiled Schedules (as defined herein) or an amendment or supplement to the Schedules (the "**Amended Schedules Bar Date**"), and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "**Bar Dates**"), to file proofs of claim against the Debtors.

The Bar Date Order, the Bar Dates, and the procedures set forth below for filing proofs of claim apply to claims against any of the Debtors, as listed in the following table:

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| DF Insurance Agency, LLC (6918) | |
| Ditech Financial LLC (5868) | |
| Ditech Holding Corporation (0486) | |
| Green Tree Credit LLC (5864) | |
| Green Tree Credit Solutions LLC (1565) | |
| Green Tree Insurance Agency of Nevada, Inc. (7331) | |
| Green Tree Investment Holdings III LLC (1008) | |
| Green Tree Servicing Corp. (3552) | |
| Marix Servicing LLC (6101) | |
| Mortgage Asset Systems, LLC (8148) | |
| REO Management Solutions, LLC (7787) | |
| Reverse Mortgage Solutions, Inc. (2274) | |
| Walter Management Holding Company LLC (9818) | |
| Walter Reverse Acquisition LLC (8837) | |
| **OTHER NAMES USED BY THE DEBTORS IN THE LAST 8 YEARS** | |
| DTF Insurance Agency LLC | Specialty Servicing Solutions |
| DTFS Insurance Agency LLC | Green Tree Licensing LLC |
| Green Tree Servicing LLC | |
| RMS Asset Management Solutions, LLC | |
| REO Management Solutions, LLC | |
| RMS Asset Management Solutions, LLC | |
| Residential Asset Management Solutions, LLC | |
| Residential Asset Management Solutions | |
| RMS Reverse Mortgage Solutions, Inc. | |
| RMS Reverse Mortgage Solutions | |
| Security One Lending | |
| Security 1 Lending | |

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Commencement Date, and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Commencement Date must be filed on or before the Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Commencement Date.

WEIL:\96914004\1\41703.0008

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## 2.   WHAT TO FILE

Your filed proof of claim must conform substantially to Official Form 410 (the "**Official Form**"). The Debtors are enclosing a case-specific proof of claim form for use in these cases (the "**Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), the proof of claim form also sets forth the amount of your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different proof of claim form for each claim listed in your name on the Schedules. You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Epiq Corporate Restructuring, LLC, located at http://dm.epiq11.com/Ditech or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Commencement Date). You also should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR OR HAVE CLAIMS AGAINST DIFFERENT DEBTORS, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. IF YOU FILE A PROOF OF CLAIM WITHOUT IDENTIFYING A DEBTOR, SUCH PROOF OF CLAIM WILL BE DEEMED AS FILED ONLY AGAINST DITECH HOLDING CORPORATION. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

WEIL:\96914004\1\41703.0008

3.    **WHEN AND WHERE TO FILE**

All proofs of claim must be filed so as to be received on or before **April 1, 2019 at 5:00 p.m. (Prevailing Eastern Time)** (for all persons except Governmental Units) or **August 10, 2019 at 5:00 p.m. (Prevailing Eastern Time)** (for all Governmental Units) as follows:

IF BY U.S. POSTAL SERVICE MAIL OR OVERNIGHT DELIVERY:

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

IF DELIVERED BY HAND:

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
777 Third Avenue
12th Floor
New York, NY 10017

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 1004-1408

IF ELECTRONICALLY:

The website established by Epiq, using the interface available on such website located at http:// http://dm.epiq11.com/Ditech (the "**Electronic Filing System**") and following the instructions provided.

Proofs of claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

WEIL:\96914004\1\41703.0008

4.      **WHO NEED <u>NOT</u> FILE A PROOF OF CLAIM**

The following persons or entities need **not** file a proof of claim on or prior to the applicable Bar Date:

(a)  any claim that has already been asserted in a proof of claim against the Debtors in the above-captioned case in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with the procedures set forth in this notice;

(b)  any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)  any claim that heretofore has been allowed by Order of the Court;

(d)  any claim that has been paid in full by any of the Debtors;

(e)  any claim for which a different deadline has previously been fixed by the Court;

(f)  any claim by a Debtor against another Debtor;

(g)  any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the applicable Bar Date pursuant to the procedures set forth in this notice;

(h)  any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of the administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

(i)  any claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or

5

collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single proof of claim in the Debtors' lead chapter 11 case *Ditech Holding Corporation* (Case No. _____) (___), on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims; provided that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a proof of claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; or

(j)   Any claim held by the Prepetition Repo Facilities Parties, the Prepetition 1L/2L Parties or any other person or entity that is not required to file a proof of claim pursuant to a final order approving the *Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 546, 548, 555, 559, and 561 (A) Authorizing Debtors to Enter into Repurchase Agreement Facilities, Servicer Advance Facilities and Related Documents; (B) Authorizing Debtors to Sell Mortgage Loans and Servicer Advance Receivables in the Ordinary Course of Business; (C) Granting Back-Up Liens and Superpriority Administrative Expense Claims; (D) Authorizing Use of Cash Collateral and Granting Adequate Protection; (E) Modifying the Automatic Stay; (F) Scheduling a Final Hearing; and (G) Granting Related Relief*, as may be amended or superseded from time to time (the "**Final DIP Order**"), arising from or relating to any of the Prepetition Repo Facilities Parties or the Prepetition 1L/2L Documents, as applicable (each of the foregoing as defined in the Final DIP Order).

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors.  The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim on or before the Rejection Damages Bar Date.  For the avoidance of doubt, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease is permitted to file a single proof of claim for such amounts and rejection damages on or before the Rejection Damages Bar Date.

**6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM

WEIL:\96914004\1\41703.0008

SHALL **NOT** BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed proof of claim form(s) should reflect the net amount of your claim(s). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

IF YOU RELY ON THE DEBTORS' SCHEDULES OR THE ENCLOSED PROOF OF CLAIM FORM(S), IT IS YOUR RESPONSIBILITY TO DETERMINE THAT THE CLAIM ACCURATELY IS LISTED ON THE SCHEDULES.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (a) the website established by Epiq for the Debtors' cases at http://dm.epiq11.com/Ditech and (b) on the Court's website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this information on the Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at One Bowling Green, New York, NY 10004-140**8**. Copies of the Debtors' Schedules also may be obtained by request to Epiq:

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
777 Third Avenue, 12th Floor
New York, NY 10017
Toll Free: (866)-486-4809
E-mail: ProjectPhoenix@epiqglobal.com

7

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: _____, 2019              **BY ORDER OF THE COURT**
            New York, New York

8

**<u>Exhibit 2</u>**

**Claim Form**

WEIL:\96914004\1\41703.0008

Ditech Holding Corporation Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

**Name of Debtor:**
**Case Number:**

For Court Use Only

# Proof of Claim (Official Form 410)

04/16

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503. Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

**1.   Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): _____

Other names the creditor used with the debtor: _____

**2.   Has this claim been acquired from someone else?**   ☐ No   ☐ Yes.   From whom? _____

**3.   Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| _____<br>Name | _____<br>Name |
| _____<br>Number      Street | _____<br>Number      Street |
| _____<br>City                State        ZIP Code | _____<br>City                State        ZIP Code |
| Country (if International): _____ | Country (if International): _____ |
| Contact phone: _____ | Contact phone: _____ |
| Contact email: _____ | Contact email: _____ |

**4.   Does this claim amend one already filed?**

☐ No

☐ Yes.   Claim number on court claims register (if known) _____

Filed on _____
          MM   / DD   / YYYY

**5.   Do you know if anyone else has filed a proof of claim for this claim?**

☐ No

☐ Yes.   Who made the earlier filing?

_____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6.   Do you have any number you use to identify the debtor?**

☐ No

☐ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

____  ____  ____  ____

**7.   How much is the claim?**

$_____.

**Does this amount include interest or other charges?**

☐ No

☐ Yes.   Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.   What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

_____

_____

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ **Real estate.**  If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ **Motor vehicle**

☐ **Other.  Describe:** _____

_____

**Basis for perfection:** _____

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                              $_____

**Amount of the claim that is secured:**    $_____

**Amount of the claim that is unsecured:** $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any
default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)   _____%

                                   ☐ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes.  **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes.  Identify the property:

_____

**12.  Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☐ Yes.  *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other.  Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.

*  Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority.  For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

**13.  Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes.  Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   ___ / ___ / _____      _____
                          MM / DD / YYYY          Signature

**Print the name of the person who is completing and signing this claim:**

Name    _____
            First name              Middle name              Last name

Title    _____

Company _____
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
            Number          Street

            _____
            City                        State          ZIP Code

Contact Phone _____      Email _____

# Instructions for Proof of Claim

United States Bankruptcy Court

These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.

A person who files a fraudulent claim could be fined up to $500,000 imprisoned for up to 5 years, or both.  18 U.S.C. §§ 152, 157 and 3571

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**
- **Fill in the caption at the top of the form.** The full list of debtors is provided under the overview section on the Claims Agent's website: http://dm.epiq11.com/Ditech.
- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.
- **Attach any supporting documents to this form.** Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of redaction below.) Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt.  In addition to the documents, a summary may be added.  Federal Rule of Bankruptcy Procedure (called "Bankruptcy Rule") 3001(c) and (d).
- **Do not attach original documents because attachments may be destroyed after scanning.**
- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information.  Leave out or redact confidential information both in the claim and in the attached documents.**
- A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.  See Bankruptcy Rule 9037.
- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child (John Doe, parent, 123 Main St, City, State).*  See Bankruptcy Rule 9037.

### Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, either enclose a stamped self-addressed envelope and a copy of this form or you may access the Claims Agent's website (http://dm.epiq11.com/Ditech) to view your filed form under "Claims."

### Where to Send Proof of Claim Form

#### First-Class Mail:

**Ditech Holding Corporation Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
PO Box 4421
Beaverton, OR 97076-4421**

#### Hand Delivery or Overnight Mail:

**Ditech Holding Corporation Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005**

## Understand the terms used in this form

**Administrative expense**: Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate.  11 U.S.C. § 503.

**Claim**: A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy.  11 U.S.C. §101 (5).  A claim may be secured or unsecured.

**Creditor**: A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy.  11 U.S.C. §101 (10).

**Debtor**: A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection**: Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy**: A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim**: A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim**: A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information**: Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a)**: A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff**: Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier**: An optional 24-character identifier that some creditors use to facilitate electronic payment.

**Unsecured claim**: A claim that does not meet the requirements of a secured claim.  A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.