```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                            :
In re                                       :    Chapter 11
                                            :
DITECH HOLDING CORPORATION, et al.,         :    Case No. 19-10412 (JLG)
                                            :
          Debtors.¹                         :    (Jointly Administered)
                                            :    Related Docket No. 5
------------------------------------------------------------X
```

### ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of Ditech Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), for an order, pursuant to Federal Rule of Bankruptcy Procedure (the "**Bankruptcy Rules**") fixing deadlines and establishing procedures for filing proofs of claim and approving the form and manner of service thereof; and it appearing that the relief requested is in the best interests of the Debtors, their estates, and creditors and that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  Except as otherwise provided herein, pursuant to section 502(b)(9) of title 11 of the United States Code (the "**Bankruptcy Code**"), Bankruptcy Rules 2002 and 3003(c)(3), Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "**Local Rules**"), and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

the United States Bankruptcy Court for the Southern District of New York's Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Filing Proofs of Claim, updated as of December 1, 2015 (the "**Guidelines**"), all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtors which arose on or prior to the filing of the Chapter 11 petitions on February 11, 2019 (the "**Commencement Date**"), including claims asserted under section 503(b)(9) of the Bankruptcy Code, shall file a proof of such claim in writing or electronically in accordance with the procedures below so that it is received on or before **April 1, 2019** (the "**General Bar Date**").

2.      Notwithstanding any other provision hereof, proofs of claim filed by governmental units (as defined in section 101(27) of the Bankruptcy Code) must be filed on or before August 12, 2019 (the date that is one hundred eighty (180) days after the date of the order for relief **as calculated in accordance with Bankruptcy Rule 9006 (a)(i) [JLG]**(the "**Governmental Bar Date**").

3.      Notwithstanding any other provision hereof, claimants must file proofs of claim with respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "**Schedules**") on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable and (ii) 5:00 p.m. (Prevailing Eastern Time) on the date that is thirty (30) days from the date on which the Debtors provide notice of previously unfiled Schedules (as defined herein) or an amendment or supplement to the Schedules (the "**Amended Schedules Bar Date**").

4.      Notwithstanding any other provision hereof, any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease must file a proof of claim

2

based on such rejection on or before the later of (i) the General Bar Date or the Governmental Bar Date, as applicable, and (ii) 5:00pm (Prevailing Eastern Time) on the date that is thirty (30) days after entry of the order authorizing such rejection (the "**Rejection Damages Bar Date**", and together with the General Bar Date, the Governmental Bar Date, and the Amended Schedules Bar Date, the "**Bar Dates**"). For the avoidance of doubt, a counterparty to an executory contract or unexpired lease is permitted to file a single proof of claim on account of its claims arising under the applicable contract or lease agreement (including claims for prepetition defaults and rejection damages) by the Rejection Damages Bar Date.

5. The (i) proposed notice of the Bar Dates, substantially in the form annexed hereto as **Exhibit 1** (the "**Bar Date Notice**") and (ii) model proof of claim form (the "**Claim Form**"), substantially in the form annexed hereto as **Exhibit 2**, are approved.

6. The following procedures for the filing of proofs of claim (the "**Procedures**") shall apply:

    (a) Proofs of claim must conform substantially to the Claim Form or Official Bankruptcy Form No. 410 (the "**Official Form**");[2]

    (b) Proofs of Claim must be filed either: (i) electronically through Epiq's Proof of Claim website for these cases at http://dm.epiq11.com/Ditech by following instructions for filing proofs of claim electronically; (ii) by mailing the original proof of claim either by U.S. Postal Service mail or overnight delivery to Epiq's Claims Processing Centers for the Debtors at

---

[2] The Official Form can be found at www.uscourts.gov/forms/bankruptcy-forms, the official website for the United States Bankruptcy Courts. The Claim Form can be found at http://http://dm.epiq11.com/Ditech, the website established by Epiq for the Debtors' chapter 11 cases.

  (x) P.O. Box 4421, Beaverton, OR 97076 or (y) 10300 SW Allen Blvd., Beaverton, OR 97005; or (iii) by delivering the original Proof of Claim by hand to (x) the United States Bankruptcy Court for the Southern District of New York at One Bowling Green, New York, NY 10004-1408 or (y) Epiq's Claims Processing Center for the Debtors at 10300 SW Allen Blvd., Beaverton, OR 97005 or (z) 777 Third Avenue, 12th Floor, New York, NY 10017;

(c)   Proofs of claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court or by Epiq on or before the applicable Bar Date;

(d)   Proofs of claim must (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary) or an explanation as to why documentation is not available; (iii) be in the English language; and, (iv) be denominated in United States currency;

(e)   Proofs of claim must specify by name and case number the Debtor against which the claim is filed. If the holder asserts a claim against more than one Debtor or has claims against different Debtors, a separate proof of claim form must be filed with respect to each Debtor. If the holder files a proof of claim without identifying a Debtor, such proof of claim will be deemed as filed only against Ditech Holding Corporation; and

(f)   Proofs of claim sent by facsimile, telecopy, or electronic mail transmission **will not** be accepted.

7.   The following persons or entities need not file a proof of claim on or prior to the

Bar Dates:

(a)   Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with these Procedures;

(b)   Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; <u>and</u> (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c)   Any claim that heretofore has been allowed by Order of this Court;

(d)   Any claim that has been paid in full by any of the Debtors;

(e)   Any claim for which different specific deadlines have previously been fixed by this Court;

(f)   Any claim by a Debtor against another Debtor;

(g)   Any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; <u>provided</u> that if any holder asserts such a claim (as opposed to an ownership interest)

5

    against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the applicable Bar Date pursuant to the Procedures;

(h)  Any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

(i)  Any claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single proof of claim in the Debtors' lead chapter 11 case *In re Ditech Holding Corporation* (Case No. 19-10412) (JLG), on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims; <u>provided</u> that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a proof of claim with respect to such claim on or before the applicable Bar Date, unless

6

another exception identified herein applies; <u>provided</u>, further, that in lieu of attaching voluminous documentation, including documentation for compliance with Bankruptcy Rule 3001(d), the Debt Agent under the Debt Instrument may include a summary of the operative documents with respect to the Debt Claims; or

(j) Any claim held by the Prepetition Repo Facilities Parties, the Prepetition 1L/2L parties or any other person or entity that is not required to file a proof of claim pursuant to a final order approving *Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 546, 548, 555, 559, and 561 (A) Authorizing Debtors to Enter into Repurchase Agreement Facilities, Servicer Advance Facilities and Related Documents; (B) Authorizing Debtors to Sell Mortgage Loans and Servicer Advance Receivables in the Ordinary Course of Business; (C) Granting Back-Up Liens and Superpriority Administrative Expense Claims; (D) Authorizing Use of Cash Collateral and Granting Adequate Protection; (E) Modifying the Automatic Stay; (F) Scheduling a Final Hearing; and (G) Granting Related Relief*, as may be amended or superseded from time to time (the "**Final DIP Order**"), arising from or relating to relating to any of the Prepetition Repo Facilities Parties or the Prepetition 1L/2L Documents, as applicable (each of the foregoing as defined in the Final DIP Order).

7. Claims arising under section 503(b)(9) of the Bankruptcy Code must be filed by the deadlines set forth in this Order.

8. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules.

9. Pursuant to Bankruptcy Rule 3003(c)(2), all holders of claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall ~~(i) be forever barred, estopped, and enjoined from asserting such claims against the Debtors, their property, or their estates (or submitting a proof of claim with respect thereto) and (ii) not be treated as a creditor with respect to such claim for the purposes of voting and distribution with respect to any chapter 11 plan or plans of reorganization that may be filed in this cases.~~ **not be treated as a creditor with respect to such claim for the purposes of voting and distribution.[JLG]**

10. The Debtors shall cause to be mailed (i) the Claim Form and (ii) the Bar Date Notice which shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the applicable Bar Date upon:

    (a)    The United States Trustee;

    (b)    counsel to each official committee;

    (c)    **all persons or entities that have filed claims;[JLG]**

    ~~(d)~~    all ~~known~~ creditors and other known holders of potential claims **as of the date of this order; including all persons listed in the schedules as holding claims** ~~against any of the Debtors' estates;~~**[JLG]**

    (e)    all counterparties to the Debtors' executory contracts and unexpired leases at the addresses stated therein or as updated pursuant to a request by the counterparty or by returned mail from the post office with a forwarding

8

address;

(f) all parties to pending litigation against the Debtors (as of the date of the entry of the Proposed Order);

(g) all parties who have requested notice pursuant to Bankruptcy Rule 2002 (as of the date of the entry ~~of the Proposed~~ **this** Order);

(h) the Internal Revenue Services for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court); and

(i) such additional persons and entities as deemed appropriate by the Debtors.

11. Each Debt Agent, other than the DIP Credit Parties, the Prepetition Repo Facilities Parties, and the Prepetition 1L/2L Parties (each as defined in the Final DIP Order) shall provide to Epiq a list of names and addresses of the record holders of the respective Debt Security for which it serves as Debt Agent within five (5) business days after service of this Order on the Debt Agent.

12. Pursuant to Bankruptcy Rule 2002(l) and the Guidelines, the Debtors shall publish the Bar Date Notice, once in the national editions of *The New York Times* and *USA Today* at least twenty-eight (28) days prior to the General Bar Date, which publication is hereby approved and shall be deemed good, adequate and sufficient publication notice of the Bar Dates and the Procedures for filing proofs of claim in these chapter 11 cases.

13. Any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules.

14. The Debtors and Epiq are authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

15. Entry of this Order is without prejudice to the right of the Debtors to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Dates established herein must file such proofs of claim or interest or be barred from doing so.

Dated: February 21, 2019
      New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

**Bar Date Notice**

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
DITECH HOLDING CORPORATION, et al.,                         :    Case No. 19-10412 (JLG)
                                                            :
         Debtors.¹                                          :    (Jointly Administered)
                                                            :    Related Docket No. 5
------------------------------------------------------------X
```

**NOTICE OF DEADLINES**
**REQUIRING FILING OF PROOFS OF CLAIM**

        The United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") has entered an order (the "**Bar Date Order**") establishing **April 1, 2019 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each person or entity (excluding "governmental units," as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim (such deadline, the "**General Bar Date**") against any of the debtors listed below (collectively, the "**Debtors**").

        The General Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before **February 11, 2019** (the "**Commencement Date**"), the date on which the Debtors commenced cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), including claims arising under section 503(b)(9) of the Bankruptcy Code, and excluding claims held by those listed in Section 4 below that are specifically excluded from the Bar Date filing requirement. "Governmental Units" (as defined in section 101(27) of the Bankruptcy Code) have until **August 10, 2019 at 5:00 p.m. (Prevailing Eastern Time)**, the date that is one-hundred and eighty (180) days after the order for relief **as calculated in accordance with Bankruptcy Rule 9006(a)(i)**(the "**Governmental Bar Date**"), to file proofs of claim against the Debtors.

        Counterparties to the Debtors' executory contracts and unexpired leases have until the later of (i) the General Bar Date and (ii) thirty (30) days after entry of the order authorizing the rejection of such contract or lease (the "**Rejection Damages Bar Date**"), to file proofs of claim for rejection damages against the Debtors.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

With respect to amendments or supplements to the Debtors' schedules of assets and liabilities (the "**Schedules**"), claimants have until the later of (i) the General Bar Date or the Governmental Bar Date, as applicable and (ii) 5:00 p.m. (**Prevailing Eastern Time**) on the date that is thirty (30) days from the date on which the Debtors provide notice of previously unfiled Schedules (as defined herein) or an amendment or supplement to the Schedules (the "**Amended Schedules Bar Date**"), and together with the General Bar Date, the Governmental Bar Date, and the Rejection Damages Bar Date, the "**Bar Dates**"), to file proofs of claim against the Debtors.

The Bar Date Order, the Bar Dates, and the procedures set forth below for filing proofs of claim apply to claims against any of the Debtors, as listed in the following table:

| NAME OF DEBTOR AND LAST FOUR DIGITS OF FEDERAL TAX IDENTIFICATION NUMBER | CASE NUMBER |
|---|---|
| DF Insurance Agency, LLC (6918) | 19-10413 (JLG) |
| Ditech Financial LLC (5868) | 19-10414 (JLG) |
| Ditech Holding Corporation (0486) | 19-10412 (JLG) |
| Green Tree Credit LLC (5864) | 19-10411 (JLG) |
| Green Tree Credit Solutions LLC (1565) | 19-10415 (JLG) |
| Green Tree Insurance Agency of Nevada, Inc. (7331) | 19-10416 (JLG) |
| Green Tree Investment Holdings III LLC (1008) | 19-10417 (JLG) |
| Green Tree Servicing Corp. (3552) | 19-10418 (JLG) |
| Marix Servicing LLC (6101) | 19-10419 (JLG) |
| Mortgage Asset Systems, LLC (8148) | 19-10420 (JLG) |
| REO Management Solutions, LLC (7787) | 19-10421 (JLG) |
| Reverse Mortgage Solutions, Inc. (2274) | 19-10422 (JLG) |
| Walter Management Holding Company LLC (9818) | 19-10423 (JLG) |
| Walter Reverse Acquisition LLC (8837) | 19-10424 (JLG) |
| **OTHER NAMES USED BY THE DEBTORS IN THE LAST 8 YEARS** | |
| DTF Insurance Agency LLC | Specialty Servicing Solutions |
| DTFS Insurance Agency LLC | Green Tree Licensing LLC |
| Green Tree Servicing LLC | |
| RMS Asset Management Solutions, LLC | |
| REO Management Solutions, LLC | |
| RMS Asset Management Solutions, LLC | |
| Residential Asset Management Solutions, LLC | |
| Residential Asset Management Solutions | |
| RMS Reverse Mortgage Solutions, Inc. | |
| RMS Reverse Mortgage Solutions | |
| Security One Lending | |
| Security 1 Lending | |

1.     **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the Commencement Date, and it is not one of the types of claims described in Section 4 below. Claims based on acts or omissions of the Debtors that occurred before the Commencement Date must be filed on or before the Bar Dates, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Commencement Date.

2

Under section 101(5) of the Bankruptcy Code and as used in this notice, the word "claim" means a right to (a) payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

Your filed proof of claim must conform substantially to Official Form 410 (the "**Official Form**"). The Debtors are enclosing a case-specific proof of claim form for use in these cases (the "**Claim Form**"). If your claim is listed on the schedules of assets and liabilities filed by the Debtors (collectively, the "**Schedules**"), the proof of claim form also sets forth the amount of your claim as listed on the Schedules, the specific Debtor against which the claim is scheduled, and whether the claim is scheduled as "disputed," "contingent," or "unliquidated." You will receive a different proof of claim form for each claim listed in your name on the Schedules. You may utilize the proof of claim form(s) provided by the Debtors to file your claim. Additional proof of claim forms and instructions may be obtained at (a) the website established by the Debtors' Court-approved claims and noticing agent, Epiq Corporate Restructuring, LLC, located at http://dm.epiq11.com/Ditech or (b) the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All proof of claim forms must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency (using the exchange rate, if applicable, as of the Commencement Date). You also should attach to your completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or explanation as to why the documents are not available.

Your proof of claim form must **not** contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account number).

IF YOU ARE ASSERTING A CLAIM AGAINST MORE THAN ONE DEBTOR OR HAVE CLAIMS AGAINST DIFFERENT DEBTORS, SEPARATE PROOFS OF CLAIM MUST BE FILED AGAINST EACH SUCH DEBTOR AND YOU MUST IDENTIFY ON YOUR PROOF OF CLAIM THE SPECIFIC DEBTOR AGAINST WHICH YOUR CLAIM IS ASSERTED AND THE CASE NUMBER OF THAT DEBTOR'S BANKRUPTCY CASE. IF YOU FILE A PROOF OF CLAIM WITHOUT IDENTIFYING A DEBTOR, SUCH PROOF OF CLAIM WILL BE DEEMED AS FILED ONLY AGAINST DITECH HOLDING CORPORATION. A LIST OF THE NAMES OF THE DEBTORS AND THEIR CASE NUMBERS IS SET FORTH ABOVE.

3.     **WHEN AND WHERE TO FILE**

All proofs of claim must be filed so as to be received on or before **April 1, 2019 at 5:00 p.m. (Prevailing Eastern Time)** (for all persons except Governmental Units) or **August 12, 2019 at 5:00 p.m. (Prevailing Eastern Time)** (for all Governmental Units) as follows:

<u>IF BY U.S. POSTAL SERVICE MAIL OR OVERNIGHT DELIVERY:</u>

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

<u>IF DELIVERED BY HAND:</u>

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
777 Third Avenue
12th Floor
New York, NY 10017

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
10300 SW Allen Blvd.
Beaverton, OR 97005

United States Bankruptcy Court
for the Southern District of New York
One Bowling Green
New York, NY 1004-1408

<u>IF ELECTRONICALLY:</u>

The website established by Epiq, using the interface available on such website located at http:// http://dm.epiq11.com/Ditech (the "**Electronic Filing System**") and following the instructions provided.

Proofs of claim will be deemed filed only when **actually received** at the addresses listed above or via the Electronic Filing System on or before the applicable Bar Date. Proofs of claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

**4.   WHO NEED NOT FILE A PROOF OF CLAIM**

The following persons or entities need **not** file a proof of claim on or prior to the applicable Bar Date:

(a) any claim that has already been asserted in a proof of claim against the Debtors in the above-captioned case in a form substantially similar to the Claim Form or the Official Form and otherwise in compliance with the procedures set forth in this notice;

(b) any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is not scheduled as "disputed", "contingent" or "unliquidated"; and (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules; and (iii) the claimant does not dispute that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules;

(c) any claim that heretofore has been allowed by Order of the Court;

(d) any claim that has been paid in full by any of the Debtors;

(e) any claim for which a different deadline has previously been fixed by the Court;

(f) any claim by a Debtor against another Debtor;

(g) any claim that asserts an equity security interest in the Debtors, which interest is based exclusively upon the ownership of common or preferred units, membership interests, partnership interests, or warrants, options, or rights to purchase, sell, or subscribe to such a security or interest; provided that if any holder asserts such a claim (as opposed to an ownership interest) against the Debtors (including a claim relating to an equity interest or the purchase or sale of such equity interest), a proof of claim must be filed on or before the applicable Bar Date pursuant to the procedures set forth in this notice;

(h) any claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of the administration (other than a claim arising under section 503(b)(9) of the Bankruptcy Code);

(i) any claim limited exclusively to the repayment of principal, interest, fees, expenses, and any other amounts owing under any agreements governing any notes, bonds, debentures, or other debt securities (collectively, the "**Debt Securities**") (x) issued by any of the Debtors, (y) secured by assets of any of the Debtors or agreements with respect to such assets, or (z) secured by assets leased to any of the Debtors (a "**Debt Claim**") pursuant to an indenture or credit agreement, as applicable (together, the "**Debt Instruments**") if the relevant indenture trustee, administrative agent, registrar, paying agent, loan or

5

collateral agent, or any other entity serving in a similar capacity however designated (each, a "**Debt Agent**") under the applicable Debt Instrument files a single proof of claim in the Debtors' lead chapter 11 case *Ditech Holding Corporation* (Case No. 19-10412 (JLG)), on or before the applicable Bar Date, against all Debtors under the applicable Debt Instrument on account of all Debt Claims; <u>provided</u> that any holder of a Debt Claim wishing to assert a claim arising out of or relating to a Debt Instrument, other than a Debt Claim, must file a proof of claim with respect to such claim on or before the applicable Bar Date, unless another exception identified herein applies; or

(j) Any claim held by the Prepetition Repo Facilities Parties, the Prepetition 1L/2L Parties or any other person or entity that is not required to file a proof of claim pursuant to a final order approving the *Debtors' Motion for Interim and Final Orders Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 507, 546, 548, 555, 559, and 561 (A) Authorizing Debtors to Enter into Repurchase Agreement Facilities, Servicer Advance Facilities and Related Documents; (B) Authorizing Debtors to Sell Mortgage Loans and Servicer Advance Receivables in the Ordinary Course of Business; (C) Granting Back-Up Liens and Superpriority Administrative Expense Claims; (D) Authorizing Use of Cash Collateral and Granting Adequate Protection; (E) Modifying the Automatic Stay; (F) Scheduling a Final Hearing; and (G) Granting Related Relief*, as may be amended or superseded from time to time (the "**Final DIP Order**"), arising from or relating to any of the Prepetition Repo Facilities Parties or the Prepetition 1L/2L Documents, as applicable (each of the foregoing as defined in the Final DIP Order).

This notice may be sent to many persons that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. The fact that you have received this notice does not mean that you have a claim or that the Debtors or the Bankruptcy Court believe that you have a claim against the Debtors.

**5.     EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

If you hold a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim on or before the Rejection Damages Bar Date. For the avoidance of doubt, a party to an executory contract or unexpired lease that asserts a claim on account of unpaid amounts accrued and outstanding as of the Commencement Date pursuant to such executory contract or unexpired lease is permitted to file a single proof of claim for such amounts and rejection damages on or before the Rejection Damages Bar Date.

**6.     CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM

SHALL **NOT** BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM.

7.  **THE DEBTORS' SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against one or more of the Debtors in the Debtors' Schedules. To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed proof of claim form(s) regarding the nature, amount, and status of your claim(s). If you received postpetition payments from the Debtors (as authorized by the Bankruptcy Court) on account of your claim(s), the enclosed proof of claim form(s) should reflect the net amount of your claim(s). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim against one Debtor, as listed in the Schedules.

IF YOU RELY ON THE DEBTORS' SCHEDULES OR THE ENCLOSED PROOF OF CLAIM FORM(S), IT IS YOUR RESPONSIBILITY TO DETERMINE THAT THE CLAIM ACCURATELY IS LISTED ON THE SCHEDULES.

As set forth above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim only is against the Debtor specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need **not** file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date, in accordance with the procedures set forth in this notice.

Copies of the Debtors' Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on (a) the website established by Epiq for the Debtors' cases at http://dm.epiq11.com/Ditech and (b) on the Court's website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("**PACER**") are required to access this information on the Court's website and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office of the Clerk of the Bankruptcy Court, located at One Bowling Green, New York, NY 10004-140**8**. Copies of the Debtors' Schedules also may be obtained by request to Epiq:

Ditech Holding Corporation, Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
777 Third Avenue, 12th Floor
New York, NY 10017
Toll Free: (866)-486-4809
E-mail: ProjectPhoenix@epiqglobal.com

**A holder of a possible claim against the Debtors should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a proof of claim.**

Dated: _____, 2019          **BY ORDER OF THE COURT**
       New York, New York

## Exhibit 2

**Claim Form**