**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

|   |   |   |
|---|---|---|
|   | ) |   |
| In re: | ) | Chapter 11 |
|   | ) |   |
| DITECH HOLDING CORPORATION, et al[1]., | ) | Case No. 19-10412 (JLG) |
|   | ) |   |
| Debtors. | ) | (Jointly Administered) |

**CREDITOR, THE GEARY CLASS ACTION'S:**

**PROTECTIVE OBJECTION TO THE ENTRY OF FINAL RELIEF SOUGHT VIA THE INTERIM ORDER PURSUANT TO 11 U.S.C. §§105, 361, 362, 363, 364, 503, 507, 546, 548, 555, 559, 560, AND 561 (A) AUTHORIZING DEBTORS TO ENTER INTO REPURCHASE AGREEMENT FACILITIES, SERVICER ADVANCE FACILITIES AND RELATED DOCUMENTS; (B) AUTHORIZING DEBTORS TO SELL MORTGAGE LOANS AND SERVICER ADVANCE RECEIVABLES IN THE ORDINARY COURSE OF BUSINESS; (C) GRANTING BACK-UP LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE CLAIMS; (D) AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION; (E) MODIFYING THE AUTOMATIC STAY; (F) SCHEDULING A FINAL HEARING; AND (G) GRANTING RELATED  [ECF 26. 51]**

TO THE HONORABLE U.S. BANKRUPTCY JUDGE:

Based upon its understanding, and in certain areas, its incapability of forming a complete understanding, creditor, the Geary Class Action, sets forth below its objections, concerns and demands regarding the joint filing identified as: Debtors' Motion for Interim and Final Orders (A) Authorizing Debtors to Enter Into Repurchase Agreement Facilities, Servicer Advance Facilities and Related Documents; (B) Authorizing Debtors to Sell Mortgage Loans and Servicer Advance

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Matrix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

1

Receivables in the Ordinary Course of Business; (C) Granting Back-Up Liens and Superpriority Administrative Expense Claims; (D) Authorizing Use of Cash Collateral and Granting Adequate Protection; (E) Modifying the Automatic Stay; (F) Scheduling a Final Hearing; and (G) Granting Related Relief, and its corresponding Interim Order (referred to herein as "Subject Motion" and "Interim Order"). ECF 26, 53.

The Geary Class Action limits its objections, remarks, concerns, and requests regarding the Subject Motion and Interim Order to the impact such relief would have on its rights in the bankruptcy estate of the jointly administered case for Ditech Financial, LLC ("DF"); in Case No. 19-10414 (JLG).

**Protective Objection**

Many of the documents and other items of evidence which apparently formed the basis for certain stipulations said to support the Subject Motion and Interim Order have not been produced[2] nor otherwise been made available for public inspection. Due to the anticipated outcome of any confirmed Chapter 11 Plan, the Geary Class Action believes it prudent to closely scrutinize the extent, nature, priority, and potentially avoidable nature of those pre-petition claims which were allegedly secured by DF's assets, inclusive of the pre-petition claims of the DIP Lenders identified in the Subject Motion.

The result of any investigation may be that the secured creditors in question hold appropriate and unavoidable security interests as against the rights of unsecured creditors, in which case, the Geary Class Action's objections could be withdrawn. However, there is simply no way to form a complete understanding of the parties' respective rights under the U.S. Bankruptcy Code until an investigation has been completed. In order to complete such an investigation, all

---

[2] Undersigned counsel has requested that such documentation be produced on two separate occasions prior to this filing.

documentation supporting the stipulations and/or assertions of the Debtors and their secured creditors must be adequately reviewed. But, the ability to reasonably conduct such an investigation is hampered by the processes sought to be employed by the Debtors.

For example, the deadline to file an objection to the continued relief sought in the Subject Motion and Interim Order expires today, March 7, 2019 at 4:00 p.m. ECF 53 at pg. 120. There is a final hearing scheduled for March 14, 2019. However, the Interim Order further provides parties-in-interest with 45 calendar days from February 13, 2019 (which would expire on March 30, 2019) to "investigate and commence an adversary proceeding or contested matter" to challenge, *inter alia*, the pre-petition lien rights or security interests of the pre-filing secured creditors, and/or the DIP lenders. ECF 53 at pg. 111. Yet, the process contemplated by such provision requires two-steps, the first of which is convince either the Debtors, the Court or both that such party in interest has "standing"[3]. It is only after standing is first addressed / acknowledged that such party in interest apparently has the right to make the actual challenge to the secured creditors' security interests, if appropriate[4]. Id.

To compound matters further, Debtors have now filed a Joint Chapter 11 Plan (ECF 145) and a corresponding Disclosure Statement (ECF 146) both of which may have great bearing on the ultimate appropriateness of the final relief sought in the Subject Motion and Interim Order. The Plan and Disclosure Statement, however, are both incomplete and appear to rely upon some unfiled Plan Supplement, and a Liquidation Analysis which is only to be provided at some

---

[3] It is unclear on what legal basis a general unsecured creditor in Chapter 11, who faces the real and likely outcome of no distribution under a Chapter 11 Plan, would be denied standing to investigate and challenge a competing creditor's security interest in what makes up the value of a debtor's estate. 11 U.S.C. §1129(a)(7).

[4] It is unclear whether the Debtors (and/or the alleged secured parties) even contemplate providing access to the documentation necessary to establish the extent, nature and priority of the question liens before standing is addressed – which seems counterproductive because production of the information may obviate the need for a party to even seek standing.

undisclosed time in the future. ECF 145, at pgs. 52, 57; ECF 146 at Exhibit E. Objections to the adequacy of the information in the Disclosure Statement must be filed no later than 4:00 p.m. on April 4, 2019. ECF 149.

While the Geary Class Action has not studied the Plan and Disclosure Statement in complete detail, the Plan proposes to deem all general unsecured claimants to reject its treatment, thus making voting unnecessary according to the Debtors' interpretation of 11 U.S.C. §1126(g). ECF 145 at pg. 16. The Plan's implementation seems most likely destined to turn on consummation of a transaction between the Debtors (inclusive of their non-filing affiliates) and about 80% of their lenders who maintain that are secured by the Debtors' combined assets. The Plan contemplates that all rights, title and interests in the Debtors (and their non-filing affiliates) will be transferred to such secured lenders in exchange for what appears to be an approximate $390 million debt write-down and other considerations. Ultimately, 100% of the stock of the Reorganized Debtor(s) will be owned by such lenders, subject to a 10% dilution contemplated in the form of some, as of yet, undisclosed "Management Incentive Plan". ECF 146 at *passim*. It does not appear that the operation and management of the Debtors will change after reorganization. And, if the Geary Class Action understands it correctly, many of the officers, directors and managers were/are equity interest-holders in the pre-filing Debtors.

Yet, the unsecured creditors' claims (outside of priority, and certain preferred "go-forward" claims) will receive nothing and be discharged. It is the Debtors' expressed intention to attempt to confirm the Plan pursuant to the "cram down" provisions of 11 U.S.C. §1129(b). However, the "post-restructuring Management Incentive Plan" which may have great relevance in the analysis is supposed to be disclosed in a Plan Supplement. ECF 145 at pgs. 9-10. Remarkably, it appears that the Plan Supplement will only be made available for inspection "in the office of the Clerk of

the Bankruptcy Court during normal court hours". ECF 145 at pg. 52. Although, "documents" contained in the supplement are to be posted on the website of Epiq11, the Debtors' appointed claims and noticing agent. At the time of this filing, the Geary Class Action did not see the Plan Supplement or related documentation on such website.

**Additional Relevant Background**

1. The Geary Class Action consists of the pre-petition, unliquidated claims of account debtors subject to over 31,000 accounts serviced by DF. Such unliquidated claims, in either their individual or collective capacity, were not scheduled when DF and the other Debtors sought Chapter 11 relief on February 11, 2019. Such claims have been involved in a lengthy pending FDCPA[5] class action in the Southern District of Ohio in the case of *Brian & Connie Geary v. Green Tree Servicing, LLC*, Case No. 2:14-CV-00522-ALM (S.D. Ohio). The Court certified six (6) separate classes, and the case was in the liability and damages phase before being automatically stayed.

2. The Interim Order was entered on February 13, 2019.

3. The Geary Class Action first learned of these Chapter 11 case filings on February 15, 2019, when a notification and suggestion of stay was served upon the undersigned via the ECF/CM system from the U.S. District Court S.D. Ohio shortly after filing the same by DF's local counsel.

4. On February 28, 2019, the Geary Class Action filed a documented, general, unsecured non-priority claim in the estimated amount of $25,500,000.00. Claim 20041 / https://dm.epiq11.com/#/case/Ditech/claims.

---

[5] The Fair Debt Collection Practices Act found at 15 U.S.C. §1692 et seq.

3. Reduced to its simplest terms, the Subject Motion orchestrated the Debtors' efforts, unsurprisingly, to continue with its business operations. In numerous places, the Subject Motion asserts that the assets of DF were subject to valid, pre-petition security interests of certain creditors to whom DF was indebted based upon certain mortgage repurchase agreements, indenture contracts, and master securities forward transaction agreements. ECF 26 at pgs. 36-44. These particular pre-petition obligations were said to total approximately $500 million with regard to DF. In addition, the Subject Motion further asserts that DF's assets are/were subject to valid, pre-petition security interests of certain "Corporate Debt" (of Ditech Holding Corporation) totaling approximately $1.2 billion. ECF 26 at pgs. 44-46.

4. In exchange for what appears to be an uninterrupted and continuing seller/buyer / purchase / repurchase relationship, the Debtors obtained interim authority to cancel and close-out DF's pre-petition repo agreements with the same lenders who would become the Debtors' post-petition, DIP lenders, satisfying the $500 million in pre-petition debt in the process. ECF 26 at pgs. 46-54. In order to facilitate the agreement, the Debtors arranged for the Corporate Debt creditors to consent to use of cash collateral, and to the DIP lending. Id.

5. As set forth above, none of the documentation which purports to prove that such creditors held *bona fide*, attached and perfected security interests in DF's assets were filed with the Subject Motion. However, using the imprimatur offered by the §364 process, certain pre-petition lenders have now satisfied their pre-petition debts and have acquired security interests in what appears to be all of DF's assets.

6. Moreover, without the benefit of the due process provided pursuant to Fed. R. Bankr. P. 7001(9), the Subject Motion further obtained what is tantamount to a declaratory judgment on numerous matters, including but not limited to, the applicability and protections of

6

11 U.S.C. §§ 362(b)(6), 362(b)(7) 363(f), 363(m), 555 and 559.  None of the documentation that could be reviewed to address or challenge such determinations was attached to the Subject Motion or made available elsewhere.

## Conclusion

Based upon the foregoing, the Geary Class Action files this objection to preserve its rights as matters progress in these jointly administered Chapter 11 cases.  The Geary Class Action asks that all determinations necessary to issue a Final Order on the Subject Motion be deferred until such time that a full and fair opportunity to investigate, and if appropriate, challenge / cause the avoidance of the security interests of the secured creditors delineated in the Subject Motion.  The Geary Class Action further requests all additional relief to which it may be entitled under law and equity.

Hilliard, Ohio
Dated: March 7, 2019

Respectfully submitted,

/s/    James E. Nobile
James E. Nobile  (*Pro Hac Vice* App. Pending)
NOBILE & THOMPSON CO., L.P.A.
4876 Cemetery Rd.
Hilliard, Ohio 43026
(614) 529-8600
(614) 529-8656 (fax)
jenobile@ntlegal.com

7

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using CM/ECF on MARCH 7, 2019. I also certify that the foregoing document is being served this day on the following counsel and/or parties in interest via transmission of Electronic Filing generated by CM/ECF:

All participants on the accumulated ECF service list generated by the ECF / CM system including but not limited to:

Debtors' Counsel

Ray C. Schrock, Esq.
Sunny Singh, Esq.

U.S. Trustee:

William K. Harrington, U.S. Department of Justice, Office of the U.S. Trustee, 201 Varick Street, Room 1006, New York, New York 10014 (Attn: Greg M. Zipes and Benjamin J. Higgins)

Proposed counsel to the Creditors' Committee:

Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn: Robert J. Feinstein, Bradford J. Sandler, and Steven W. Golden)

Rich Michaelson Magaliff, LLP, 335 Madison Avenue, 9th Floor, New York, New York 10017 (Attn: Robert N. Michaelson and Elwood F. Collins)

Internal Revenue Service;
United States Attorney's Office for the Southern District of New York;
Counsel to the Prepetition Administrative Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017 (Attn: Brian M. Resnick and Michelle M. McGreal);
Counsel to the Term Loan Ad Hoc Group, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654 (Attn: Patrick J. Nash and John R. Luze)
Counsel to the Wilmington Savings Fund Society, Pryor Cashman LLP, 7 Times Square, New York, New York 10036 (Attn: Seth H. Lieberman);
Counsel to the Second Lien Ad Hoc Group, Milbank, Tweed, Hadley & McCloy LLP, 2029 Century Park East, Los Angeles, California 90067 (Attn: Gregory A. Bray and Melainie K. Mansfield);
Counsel to Barclays Bank PLC, as DIP Agent, and Barclays Capital Inc., as DIP lender, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036 (Attn: Sarah M. Ward, Mark A. McDermott, and Melissa Tiarks);
Counsel to Nomura Corporate Funding Americas, LLC, Jones Day, 250 Vesey Street, New York, New York 10281 (Attn: Ben Rosenblum);
The Securities and Exchange Commission;

Counsel to Fannie Mae, O'Melveny & Myers LLP, 400 South Hope Street, 18th Floor, Los Angeles, California 90071 (Attn: Stephen Warren, Jennifer Taylor and Darren Patrick);
Counsel to Freddie Mac, McKool Smith PC, 600 Travis St., Suite 7000, Houston, Texas 77002 (Attn: Paul D. Moak);
U.S. Department of Housing and Urban Development, 451 Seventh St., SW, Room 9250, Washington, DC 20410 (Attn: Lisa Mulrain, Assistant General
Counsel, Office of General Counsel, Finance Division)

/s/    James E. Nobile
James E. Nobile *(Pro Hac Vice* App. Pending)
NOBILE & THOMPSON CO., L.P.A.