

March 21, 2019

United States Bankruptcy Court
One Bowling Green
New York NY 10004

Re: In re Ditech Holding Corporation, et al., Debtors - Case No.19-10412 (JLG)

On behalf of Lion Point Master, LP ("Lion Point"), a creditor under the above captioned Chapter 11 cases, attached please find (a) Lion Point's Notice of Substantial Stock Ownership; and (b) Lion Point's Notice of Substantial Claimholder Status. The two attached Notices are being filed pursuant to a Notice of Interim Order Establishing Notification Procedures and Approving Restrictions on Certain Transfers of Interests in the Debtors' Estates dated February 15, 2019. In accordance with such Notice of Interim Order, please note that Lion Point's taxpayer identification and the amount of shares and claims it beneficially owns has been redacted.

Please contact me if you require any further information.

Thank you for your attention to this matter.

Respectfully,

Irshad Karim
Lion Point Capital, LP

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
: 
In re                                        :    Chapter 11
:
DITECH HOLDING CORPORATION, et al.,          :    Case No. 19-10412 (JLG)
:
Debtors.[1]                                  :    (Jointly Administered)
:
---------------------------------------------------------------X

### NOTICE OF SUBSTANTIAL STOCK OWNERSHIP

PLEASE TAKE NOTICE THAT [Name of Filer] (the "**Filer**") hereby provides notice (the "**Notice**")[2], that, as of the date hereof, the Filer Beneficially Owns (as defined below) ▆▆▆▆▆ shares of DHCP Stock (as defined below) and/or Options (as defined below) to acquire ▆▆▆▆▆ shares of DHCP Stock, which represent ▆▆% of the total amount of the DHCP Stock currently issued and outstanding.

PLEASE TAKE FURTHER NOTICE THAT the taxpayer identification number of the Filer is ▆▆▆▆▆.

PLEASE TAKE FURTHER NOTICE THAT the following table sets forth the following information:

1. In the case of shares of DHCP Stock and/or Options to acquire DHCP Stock that are owned directly by the Filer, the table sets forth (i) the number of such shares (by class) and/or Options; and (ii) the date(s) on which such shares and/or Options were acquired.

2. In the case of shares of DHCP Stock and/or Options to acquire DHCP Stock that are not owned directly by the Filer but are nonetheless Beneficially Owned (as defined below) by the Filer, the table sets forth (i) the name(s) of each record or legal owner of such shares and/or Options Beneficially Owned by the Filer, (ii) the number of such shares (by class) and/or Options; and (iii) the date(s) on which such shares and/or Options were acquired.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion and/or the Interim Order.

WEIL:\96919778\5\41703.0010

| Name of Owner | Number of Shares of DHCP Stock Owned (By Class) | Number of Shares subject to Options Owned | Date(s) Acquired |
|---|---|---|---|
| Lion Point Master, LP | ███ | ███ | 2/12/18* |
| Lion Point Master, LP | ███ | ███ | 2/12/18*, 7/23/18, 12/17/18, 12/18/18 |
|  |  |  |  |

(Attach additional page if necessary)   *Acquired position prior to Walter/Ditech Restructuring

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

For purposes of this Notice:

(i) "**Beneficial Ownership**" (or any variation thereof) of DHCP Stock and Options to acquire DHCP Stock shall be determined in accordance with applicable rules under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations ("**Treasury Regulations**") promulgated thereunder and rulings issued by the Internal Revenue Service, and as described herein, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), *e.g.*, a holding company would be considered to Beneficially Own all stock owned or acquired by its subsidiaries, ownership by attribution and constructive ownership, (B) ownership by a holder's family members, related entities and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock, (C) ownership by any Entity and (D) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire DHCP Stock;

(ii) "**Option**" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

(iii) "**Substantial Equityholder**" means any person or Entity that Beneficially Owns (A) a number of shares of Ditech Holding Corporation common stock ("**DHCP Common Stock**") representing 4.75% or more of then outstanding shares of DHCP Common Stock, assuming for these purposes full conversion of each share of mandatorily convertible preferred stock ("**DHCP Preferred Stock**") not previously converted, or (B) a number of shares of DHCP Preferred Stock representing 4.75% or more of then outstanding (and not previously converted into DHCP Common Stock) shares of DHCP Preferred Stock. For the avoidance of doubt, by

operation of the definition of Beneficial Ownership, an owner of an Option to acquire DHCP Stock may be treated as the owner of such DHCP Stock (as defined below);

   (iv) "**DHCP Stock**" means DHCP Common Stock and DHCP Preferred Stock; and

   (v) "**Entity**" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition. At the request of an investment advisor, financial advisor or any person acting as an investment advisor or financial advisor that advises different persons with respect to an investment relating to DHCP Stock or any Claim (an "**Investment Advisor**"), the Debtors shall make available to such Investment Advisor a form of certification and, if the representations in such certification are provided in a manner reasonably acceptable to the Debtors, the Debtors shall treat any such persons for which the certifications are provided as not constituting an Entity so long as (i) the representations therein continue to be true and accurate as if newly given (and as to any person relying on such certification, such person has no knowledge of any facts contrary to such representations) and (ii) if periodically requested by the Debtors to execute a new certification, such Investment Advisor complies with such request(s) without undue delay.

   [IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

            Respectfully submitted,

            Lion Point Master, LP
            [Name of Filer]

            By: _/s/_
             Name: JAMES MURPHY
             Title: COO

            Address: 250 West 55th Street
               33rd Floor
               New York, NY 10019
            Telephone: 212-356-6200
            Facsimile: 212-356-6201

Date: 3/21/2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                          :
In re                                     :    Chapter 11
                                          :
DITECH HOLDING CORPORATION, et al.,       :    Case No. 19-10412 (JLG)
                                          :
           Debtors.[1]                    :    (Jointly Administered)
                                          :
------------------------------------------------------------ X

## NOTICE OF SUBSTANTIAL CLAIMHOLDER STATUS

PLEASE TAKE NOTICE [Name of Filer] (the "**Filer**") hereby provides notice (the "**Notice**")[2] that the Filer is a Substantial Claimholder of Claims against Ditech Holding Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") in Case No. 19-10412, pending in the United States Bankruptcy Court for the Southern District of New York.

PLEASE TAKE FURTHER NOTICE that the following table sets forth the following information:

1. In the case of Claims that are owned directly by the Filer, the table sets forth (i) the dollar amount of such Claims (by Class); and (ii) the date(s) on which such Claims were acquired.

2. In the case of Claims that are not owned directly by the Filer but are nonetheless Beneficially Owned by the Filer, the table sets forth (i) the name(s) of each record or legal owner of Claims that are Beneficially Owned (as defined below) by the Filer; (ii) the dollar amount of such Claims (by Class); and (iii) the date(s) on which such Claims were acquired.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2] All capitalized terms not expressly defined herein shall have the meaning ascribed to them in the Motion and/or the Interim Order.

| Class | Name of Owner | Dollar Amount Owned | Date(s) Acquired |
|---|---|---|---|
| Term Loan Claims | Lion Point Master, LP | ███ | 6/29/18, 7/9/18 |
| Second Lien Notes Claims | Lion Point Master, LP | ███ | 2/12/18* |

(Attach additional page if necessary)

*Acquired position prior to Walter/Ditech Restructuring

PLEASE TAKE FURTHER NOTICE that the taxpayer identification number of the Filer is ███.

PLEASE TAKE FURTHER NOTICE that, under penalties of perjury, the Filer hereby declares that it has examined this Notice and accompanying attachments (if any), and, to the best of its knowledge and belief, this Notice and any attachments which purport to be part of this Notice are true, correct and complete.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Orders, this Notice is being filed with the Court and served upon the Debtors and Debtors' counsel.

This Notice is given in addition to, and not as a substitute for, any requisite notice under Rule 3001(e) of the Federal Rules of Bankruptcy Procedure.

For purposes of this Notice:

(i) "**Beneficial Ownership**" (or any variation thereof) shall be determined by application of the rules (including the rules applicable in determining ownership of stock) under section 382 of Internal Revenue Code of 1986, as amended, the U.S. Department of Treasury regulations promulgated thereunder and rulings issued by the Internal Revenue Service, and as described herein, and, thus, to the extent provided in those rules, from time to time shall include, without limitation, (A) direct and indirect ownership (but determined without regard to any rule that treats stock of an entity as to which the constructive ownership rules apply as no longer owned by that entity), *e.g.*, a holding company would be considered to Beneficially Own all stock owned or acquired by its subsidiaries, ownership by attribution and constructive ownership; and (B) ownership by a holder's family members, related entities and any group of persons acting pursuant to a formal or informal understanding to make a coordinated acquisition of stock; and (C) ownership by any Entity; and (D) to the extent set forth in Treasury Regulations section 1.382-4, the ownership of an Option to acquire Claims. For the avoidance of doubt, Beneficial Ownership of Claims also includes the Beneficial Ownership of any right to receive any equity consideration to be distributed in respect of Claims pursuant to a plan of reorganization or any applicable Bankruptcy Court order;

(ii) "**Option**" means any contingent purchase, warrant, convertible debt, put, stock subject to risk of forfeiture, contract to acquire stock or similar interest, regardless of whether it is contingent or otherwise not currently exercisable;

2

(iii) "**Entity**" has the meaning given to it in Treasury Regulations section 1.382-3(a) and shall include persons acting pursuant to a formal or informal understanding among themselves to make a coordinated acquisition. At the request of an investment advisor, financial advisor or any person acting as an investment advisor or financial advisor that advises different persons with respect to an investment relating to DHCP Stock or any Claim (an "**Investment Advisor**"), the Debtors shall make available to such Investment Advisor a form of certification and, if the representations in such certification are provided in a manner reasonably acceptable to the Debtors, the Debtors shall treat any such persons for which the certifications are provided as not constituting an Entity so long as (i) the representations therein continue to be true and accurate as if newly given (and as to any person relying on such certification, such person has no knowledge of any facts contrary to such representations) and (ii) if periodically requested by the Debtors to execute a new certification, such Investment Advisor complies with such request(s) without undue delay;

(iv) "**Class**" means any separate class of Claims, including, without limitation, Term Loan Claims and Second Lien Notes Claims (each as defined in the Debtors' chapter 11 plan);

(v) "**Claim**" means a Term Loan Claim or a Second Lien Notes Claim; and

(vi) "**Substantial Claimholder**" means any person or Entity that Beneficially Owns (i) an amount equal to or greater than (A) 4.75% of the Term Loan Claims (the total amount of the Term Loan Claims as of February 1, 2019 is equal to approximately $961,355,635.37 in principal amount) (B) 4.75% of the Second Lien Notes Claims (the total amount of Second Lien Notes Claims as of February 1, 2019 is equal to approximately $253,895,875.00 in principal amount) or (ii) any amount of Claims if such person or Entity is a Substantial Equityholder.

[IF APPLICABLE] the Filer is represented by [name of the law firm], [address], [phone], (Attn: [name]).

Respectfully submitted,

Lion Point Master, LP
[Name of Filer]

By: _____
Name: JAMES MURPHY
Title: COO

Address: 250 West 55th Street
33rd Floor
New York, NY 10019
Telephone: 212-356-6200
Facsimile: 212-356-6201

Date: 3/21/19

3