**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re** | ) | **Chapter 11** |
| | ) | |
| **Ditech Holding Corporation, et al.,** | ) | **Case No.  19-10412** |
| **Debtors.** | ) | **(Jointly Administered)** |
| | ) | |

**SCHEDULES OF ASSETS AND LIABILITIES FOR**

**Ditech Holding Corporation**

**Case No: 19-10412**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                         :

In re                                    :        Chapter 11
                                           :

DITECH HOLDING CORPORATION, *et al.*,  :        Case No. 19-10412 (JLG)
                                           :

               Debtors.[1]        :        (Jointly Administered)
                                           :

-------------------------------------------------------------X

## GLOBAL NOTES AND STATEMENTS OF LIMITATIONS, METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

Ditech Holding Corporation ("**Ditech**") and certain of its affiliates, as debtors and debtors in possession (collectively, the "**Debtors**" or the "**Company**"), are filing their respective Schedules of Assets and Liabilities (each, a "**Schedule**," and, collectively, the "**Schedules**") and Statements of Financial Affairs (each, a "**Statement**" or "**SOFA**" and, collectively, the "**Statements**" or "**SOFAs**") in the Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") pursuant to section 521 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

These Global Notes and Statements of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (collectively, the "**Global Notes**") pertain to, are incorporated by reference in, and comprise an integral part of all of the Schedules and Statements. The Global Notes are in addition to the specific notes set forth below with respect to particular Schedules and Statements (the "**Specific Notes**," and, together with the Global Notes, the "**Notes**"). These Global Notes should be referred to, and referenced in connection with, any review of the Schedules and Statements.

The Debtors' management prepared the Schedules and Statements with the assistance of their advisors and other professionals and have necessarily relied upon the efforts, statements, advice, and representations of personnel of the Debtors and the Debtors' advisors and other professionals.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

1

The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements, except as required under the Bankruptcy Code.

The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including the right to dispute or otherwise assert offsets or defenses to any claim reflected on the Schedules and Statements as to amount, liability, classification, identity of debtor or to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated." Furthermore, nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of any of the Debtors' rights or an admission with respect to their chapter 11 cases, including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts and leases, assumption or rejection of contracts and leases under the provisions of chapter 3 of the Bankruptcy Code, causes of action arising under the provisions of chapter 5 of the Bankruptcy Code, or any other relevant applicable laws to recover assets or avoid transfers.

**The Schedules, Statements, and Notes should not be relied upon by any persons for information relating to current or future financial conditions, events, or performance of any of the Debtors.**

1. **Description of the Cases.** On February 11, 2019 (the "**Commencement Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code. The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 13, 2019, the Bankruptcy Court entered an order authorizing the joint administration of these cases pursuant to Bankruptcy Rule 1015(b). On February 27, 2019, the United States Trustee for Region 2 (the "**U.S. Trustee**") appointed an official committee of unsecured creditors pursuant to section 1102(a)(1) of the Bankruptcy Code (the "**Creditors' Committee**").

2. **Basis of Presentation.** For financial reporting purposes, the Debtors historically prepare consolidated financial statements, which include information for Ditech and its affiliates. The Schedules and Statements are unaudited and reflect the Debtors' reasonable efforts to report certain financial information of each Debtor on an unconsolidated basis. These Schedules and Statements neither purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("**GAAP**"), nor are they intended to be fully reconciled with the financial statements of each Debtor.

The Debtors attempted to attribute the assets and liabilities, certain required financial

2

information, and various cash disbursements to the particular Debtor entity. However, because the Debtors' accounting systems, policies, and practices were developed for consolidated reporting purposes, rather than reporting by legal entity, it is possible that not all assets, liabilities or amounts of cash disbursements have been recorded with the correct legal entity on the Schedules and Statements. Accordingly, the Debtors reserve all rights to supplement and/or amend the Schedules and Statements in this regard.

Given, among other things, the uncertainty surrounding the valuation of certain assets and liabilities, a Debtor may report more assets than liabilities. Such report shall not constitute an admission that such Debtor was solvent on the Commencement Date or at any time before or after the Commencement Date. Likewise, a Debtor reporting more liabilities than assets shall not constitute an admission that such Debtor was insolvent at the Commencement Date or any time before or after the Commencement Date.

3. **Reporting Date.** The Debtors completed a normal fiscal close for the period ending January 31, 2019 (the "**Reporting Date**"). Consequently, to simplify the reporting, the reported asset values in Schedules A and B, with the exception of estimated cash balances, align with the asset values as of the Reporting Date, and the liability values in Schedules D, E, and F are as of the Commencement Date, adjusted for authorized payments under the First Day Orders (as defined below). Estimated cash balances presented in Schedule A reflect bank balances as of the Commencement Date.

4. **Current Values.** Other than estimated bank cash balances, the assets and liabilities of each Debtor are listed on the basis of the fair value of the asset or liability in the respective Debtor's accounting books and records. Unless otherwise noted, the fair value ascribed in the Debtor's books is reflected in the Schedules and Statements.

5. **Confidentiality.** There may be instances where certain information was not included due to the nature of an agreement between a Debtor and a third party, concerns about the confidential or commercially sensitive nature of certain information, or to protect the privacy of an individual. The omissions are limited to only what is necessary to protect the Debtor or a third party and will provide interested parties with sufficient information to discern the nature of the listing.

6. **Consolidated Entity Accounts Payable and Disbursement Systems.** As described in the Cash Management Motion,[2] the Debtors utilize an integrated, centralized cash management system in the ordinary course of business to collect, concentrate, and disburse funds generated by their operations (the "**Cash Management System**"). The Debtors utilize various data systems to maintain a consolidated accounts payable and disbursements system to pay operating and administrative expenses through various disbursement accounts. These systems serve as the means by which all Debtor payables are recorded and paid.

---

[2] *Motion of Debtors Requesting Authority to (I) Continue Using Existing Cash Management System, Bank Accounts, and Business Forms, (II) Implement Changes to the Cash Management System in the Ordinary Course of Business, (III) Continue Intercompany Transactions, (IV) Provide Administrative Expense Priority for Postpetition Intercompany Claims, (V) Extend Time to Comply with, or Seek Waiver of, 11 U.S.C. § 345(b), and (VI) Granting Related Relief* (ECF No. 4) (the "**Cash Management Motion**").

3

In the ordinary course of business, the Debtors engage in a variety of intercompany transactions (the "**Intercompany Transactions**") with other Debtor entities and non-Debtor affiliates that give rise to intercompany receivables and payables (the "**Intercompany Claims**"). Historically, Intercompany Claims are not required to be (and typically are not) settled by actual transfers of cash among the Debtors. Instead, the Debtors track all Intercompany Transactions in their accounting system, which concurrently are recorded on the applicable Debtor's balance sheets.

7. **Accuracy.** Although the Debtors have made reasonable efforts to file complete and accurate Schedules and Statements, inadvertent errors or omissions may exist. The Debtors reserve all rights to amend and/or supplement the Schedules and Statements as is necessary or appropriate. The financial information disclosed herein was not prepared in accordance with federal or state securities laws or other applicable non-bankruptcy law or in lieu of complying with any periodic reporting requirements thereunder. Persons and entities trading in or otherwise purchasing, selling, or transferring the claims against or equity interests in the Debtors should evaluate this financial information in light of the purposes for which it was prepared. The Debtors are not liable for and undertake no responsibility to indicate variations from securities laws or for any evaluations of the Debtors based on this financial information or any other information.

8. **Net Book Value of Assets.** In many instances, current market valuations are not maintained by or readily available to the Debtors. It would be prohibitively expensive, unduly burdensome, and an inefficient use of estate resources for the Debtors to obtain current market valuations for all assets. As such, wherever possible, unless otherwise indicated, net book values as of the Reporting Date are presented. When necessary, the Debtors have indicated that the value of certain assets is "Unknown" or "Undetermined." Amounts ultimately realized may vary materially from net book value (or other value so ascribed). Accordingly, the Debtors reserve all rights to amend, supplement, and adjust the asset values set forth in the Schedules and Statements. As applicable, fixed assets and leasehold improvement assets that fully have been depreciated or amortized, or were expensed for GAAP accounting purposes, have no net book value, and, therefore, are not included in the Schedules and Statements.

9. **Currency.** All amounts shown in the Schedules and Statements are in U.S. Dollars, unless otherwise indicated.

10. **Payment of Prepetition Claims Pursuant to First Day Orders.** Shortly after the Commencement Date, the Bankruptcy Court entered orders (the "**First Day Orders**") authorizing, but not directing, the Debtors to, among other things, pay certain prepetition (a) amounts necessary to continue servicing and origination of forward mortgage loans in the ordinary course; (b) amounts necessary to honor reverse issuer and servicing obligations in the ordinary course; (c) insurance obligations; (d) obligations to critical vendors used in connection with the origination and servicing activities; (e) employee wages, salaries, and related items, including employee benefit programs and supplemental workforce obligations; and (f) taxes and assessments. Where the Schedules and Statements list creditors and set forth the Debtors' scheduled amounts attributable to such claims, such

WEIL:\96975133\1\41703.0011

scheduled amounts reflect balances owed as of the Commencement Date.  To the extent any adjustments are necessary for any payments made on account of such claims following the commencement of these chapter 11 cases pursuant to the authority granted to the Debtors by the Bankruptcy Court under the First Day Orders, such adjustments have been included in the Schedules and Statements unless otherwise noted on the applicable Schedule or Statement.  The Debtors reserve the right to update the Schedules and Statements to reflect payments made pursuant to the First Day Orders that may not be represented in the attached Schedules and Statements.

11.   **Other Paid Claims.**  To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

12.   **Setoffs.**  The Debtors routinely incur certain setoffs from suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items including, but not limited to, pricing discrepancies, warranties, and other disputes between the Debtors and their suppliers.  These routine setoffs are consistent with the ordinary course of business in the Debtors' industry, and, therefore, can be particularly voluminous, unduly burdensome, and costly for the Debtors to regularly document.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and, as such, are excluded from the Schedules and Statements.  Any setoff of a prepetition debt to be applied against the Debtors is subject to the automatic stay and must comply with the Bankruptcy Code.

13.   **Property and Equipment.**  Property and equipment are carried at cost.  The costs of additions, improvements and major replacements are capitalized, while maintenance and repairs are charged to expense as incurred.  Depreciation and amortization are recorded on a straight-line basis over the estimated useful lives of the related assets.  Leasehold improvements and assets under capital leases are amortized over the lesser of the remaining term of the lease or the useful life of the leased asset.  The property and equipment listed in these Schedules are presented without consideration of any mechanics' or other liens.

14.   **Excluded Assets and Liabilities**.  Certain liabilities resulting from accruals, liabilities recognized in accordance with GAAP and/or estimates of long-term liabilities either are not payable at this time or have not yet been reported.  Therefore, they do not represent specific claims as of the Commencement Date and are not otherwise set forth in the Schedules.  Additionally, certain deferred assets, charges, accounts or reserves recorded for GAAP reporting purposes only and certain assets with a net book value of zero are not included in the Schedules.  Excluded categories of assets and liabilities include, but are not limited to, deferred tax assets and liabilities, deferred income, deferred charges, self-insurance reserves, favorable lease rights and unfavorable lease liabilities.  Additionally, certain reverse loans

5

and loans subject to repurchase from Ginnie Mae have also been excluded.  Other immaterial assets and liabilities may have been excluded.

15.    **Debtors' Reservation of Rights.**   Nothing contained in the Schedules, Statements, or Notes shall constitute a waiver of rights with respect to these chapter 11 cases, including, but not limited to, the following:

a.    Any failure to designate a claim listed on the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve the right to dispute and to assert setoff rights, counterclaims, and defenses to any claim reflected on its Schedules as to amount, liability, and classification, and to otherwise subsequently designate any claim as "disputed," "contingent," or "unliquidated."

b.    The listing of a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured priority," or (d) listing a contract or lease on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract pursuant to a schedule amendment, claim objection or otherwise.  Moreover, although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a security interest has been undertaken.  Except as provided in an order of the Court, the Debtors reserve all rights to dispute and challenge the secured nature or amount of any such creditor's claims or the characterization of the structure of any transaction, or any document or instrument related to such creditor's claim.

c.    In the ordinary course of their businesses, the Debtors may lease equipment from certain third-party lessors for use in the daily operation of their business.  Any such leases are set forth on Schedule G and any current amount due under such leases that were outstanding as of the Commencement Date is listed on Schedule F.  The property subject to any of such leases is not reflected in either Schedule A or Schedule B as either owned property or assets of the Debtor nor is such property reflected in the Debtor's Statement of Financial Affairs as property or assets of third parties within the control of the Debtor.  Nothing in the Schedules is or shall be construed as an admission or determination as to the legal status of any lease (including whether any lease is a true lease or a financing arrangement), and the Debtors reserve all rights with respect to any of such issues, including the recharacterization thereof.

d.    The claims of individual creditors for, among other things, goods, products, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtors.  The Debtors reserve all of their rights with regard to such credits, allowances and other adjustments, including the right to assert claims

6

objections and/or setoffs with respect to the same.

e.  The Debtors' businesses are part of a complex enterprise.  Although the Debtors have exercised their reasonable efforts to ensure the accuracy of their Schedules and Statements, they nevertheless may contain errors and omissions.  The Debtors hereby reserve all of their rights to dispute the validity, status, and enforceability of any contracts, agreements, and leases set forth on the Schedules and Statements, and to amend and supplement the Schedules and Statements as necessary.

f.  The Debtors further reserve all of their rights, claims, and causes of action with respect to the contracts and agreements listed on the Schedules and Statements, including, but not limited to, the right to dispute and challenge the characterization or the structure of any transaction, document, and instrument related to a creditor's claim.

g.  Listing a contract or lease on the Schedules and Statements shall not be deemed an admission that such contract is an executory contract, such lease is an unexpired lease, or that either necessarily is a binding, valid, and enforceable contract.  The Debtors hereby expressly reserve the right to assert that any contract listed on the Schedules and Statements does not constitute an executory contract within the meaning of section 365 of the Bankruptcy Code, as well as the right to assert that any lease so listed does not constitute an unexpired lease within the meaning of section 365 of the Bankruptcy Code.

h.  To timely close the books and records of the Debtors as of the Commencement Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses as of the Commencement Date.  The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions.

16. **Addresses of Employees.**  The Debtors have attempted to list each of their current employees' addresses as the Debtors' corporate address where reasonably possible to protect the privacy of the Debtors' employees.  The Debtors have served and will continue to serve all necessary notices, including notice of the claims bar date, to the actual address of each of the Debtors' employees.

17. **Global Notes Control.**  In the event that the Schedules or Statements differ from any of the foregoing Global Notes, the Global Notes shall control.

WEIL:\96975133\1\41703.0011

**<u>Specific Notes with Respect to the Debtors' Schedules of Assets and Liabilities</u>**

1. **Schedules A/B**

   a. **Part 1.** As set forth more fully in the Debtors' Cash Management Motion, the Debtors fund their operations through 16 operating accounts maintained by Ditech Financial LLC and Reverse Mortgage Solutions, Inc. The Debtors also maintain approximately 1,200 custodial accounts maintained in the name of a Debtor whereby such Debtor merely holds the account (and the funds in it) in trust or as custodian for a third party. The balances in the custodial accounts are not reflected in Schedule A.

   b. **Part 2.** Certain prepaid or amortized assets are listed in Part 2 in accordance with the Debtors' books and records. The amounts listed in Part 2 do not necessarily reflect assets the Debtors will be able to collect or realize. The amounts listed in Part 2 include, among other things, prepaid rent, prepaid IT maintenance, and prepaid employee benefits.

   The Debtors have numerous deposits with utility companies serving certain geographies with multiple facilities. The carrying value of the deposits, as reflected in each of the Debtors' records, are listed in Part 2.

   The Debtors also maintain security deposits in connection with the Debtors' non-residential real property leases. These deposits are included in the Schedules for the appropriate legal entity.

   Prepaid expenses primarily consist of cash in advance amounts paid to numerous vendors in connection with the Debtors' servicing operations.

   c. **Part 3.** The Debtors' accounts receivable information includes receivables from the Debtors' customers, vendors, or other outside parties, which are calculated net of any amounts that, as of the Reporting Date, may be owed to such parties in the form of offsets or other price adjustments pursuant to the Debtors' customer programs and day-to-day operations or may, in the Debtors' opinion, be difficult to collect from such parties due to the passage of time or other circumstances. The Debtors do not indicate the age of accounts receivables in these Schedules and Statements. The accounts receivable balances in this section exclude intercompany related receivables. Intercompany balances are instead shown on the chart immediately following Part 3 of the Schedules.

   d. **Part 4.** Any of the Debtors' ownership interests in subsidiaries are listed in Schedule A/B, Part 4, as undetermined amounts, because the fair market value of such interests is dependent on numerous variables and factors and may differ significantly from the net book value.

   e. **Part 7.** The Debtors have identified owned office furniture, fixtures, and equipment. Actual realizable values may vary significantly when compared to net book values as

WEIL:\96975133\1\41703.0011

of the Reporting Date.

f. **Part 9.**  Property leased by the Debtors is listed in Schedule G and is not listed in Part 9 of Schedule A/B.

g. **Part 10.**  Part 10 identifies the various trademarks and licenses owned and maintained by the Debtors.  Part 10 also includes a best effort listing of the Debtors' registered internet domains and websites.  The act of not listing any specific domain or website is not a relinquishing of ownership.  Certain of the Debtors have customer information from ordinary course business activities which contains personally identifiable information.  Due to the need to protect confidential information and individual privacy, the Debtors have not furnished any customer lists on the Schedules.

As of the Reporting Date, the Debtors' books and records included balances for various intangible assets.  The Schedules may not reflect the book balances of intangible assets because they may not be reflective of realizable values**.**

h. **Part 11.**

   i. *Notes Receivable*.  The Notes Receivables reflected in the Schedules and Statements are primarily comprised of reverse mortgages purchased from Ginnie Mae[3] securities, newly-originated mortgage loans, and residual interests in securitized mortgage trusts.  These notes receivable are reflected at fair market value.

   ii. *Other Property*.  Other property listed in the Debtors' Statements and Schedules primarily consists of real estate properties owned (or REO) by the Debtors that are in the process of disposition, and these assets are reflected at net realizable value.  Other property also includes loan origination derivative assets such as interest rate lock commitments with borrowers and other hedging instruments reflected at fair value.

   iii. *Other contingent and unliquidated claims or causes of action of every nature*.  In the ordinary course of business, the Debtors may have accrued, or may subsequently accrue, certain rights to counterclaims, cross-claims, setoffs, and refunds with suppliers, among other claims.  Additionally, certain of the Debtors may be party to pending litigation in which the Debtors have asserted, or may assert, claims as plaintiffs, or counter-claims and/or cross-claims as defendants.

   Despite exercising their reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes

---

[3]    As used herein, "**Ginnie Mae**" means the Government National Mortgage Association.  Ginnie Mae is a federal corporation within the Department of Housing and Urban Development ("**HUD**"), a federal agency, that guarantees investors the timely payment of principal and interest on MBS backed by federally insured or guaranteed loans (*e.g.*, loans insured by the Federal Housing Administration (the "**FHA**"), guaranteed by the Department of Veterans Affairs, or guaranteed by the Department of Agriculture).

WEIL:\96975133\1\41703.0011

of action against third parties as assets in their Schedules, including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets. The Debtors reserve all of their rights with respect to any claims and causes of action they may have. Neither these Notes nor the Schedules shall be deemed a waiver of any such claims or causes of action or to prejudice or impair the assertion thereof in any way.

     i. **Part 12.** The accounts receivable balances in this section exclude intercompany related receivables. Intercompany balances are instead shown on the chart immediately following Part 3 of the Schedules.

2. **Schedule D.** The claims listed on Schedule D, as well as the guarantees of those claims listed on Schedule H, arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, not all such dates are included for each claim. To the best of the Debtors' knowledge, all claims listed on Schedule D arose, or were incurred before the Commencement Date. Except as otherwise agreed or stated pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final, the Debtors and their estates reserve their right to dispute and challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a creditor listed on Schedule D of any Debtor and, subject to the foregoing limitations, note as follows: (a) although the Debtors may have scheduled claims of various creditors as secured claims for informational purposes, no current valuation of the Debtors' assets in which such creditors may have a lien has been undertaken; (b) the Debtors reserve all rights to dispute and challenge the secured nature of any creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim; and (c) the descriptions provided on Schedule D are intended to be a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens.

Pursuant to the Interim DIP Order,[4] all amounts outstanding under the Debtors' Prepetition Warehouse Facilities (as defined in the Interim DIP Order) were refinanced, subject to customary challenge periods.

Except as specifically stated herein, real property lessors, equipment lessors, utility companies, and other parties which may hold security deposits or other security interests have not been listed on Schedule D. The Debtors have not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments posted by, or on behalf of, the Debtors, or judgment or statutory lien rights.

---

[4] *Interim Order (A) Authorizing Debtors to Enter Into Repurchase Agreement Facilities, Servicer Advance Facilities and Related Documents; (B) Authorizing Debtors to Sell Mortgage Loans and Servicer Advance Receivables in the Ordinary Course of Business; (C) Granting Back-Up Liens and Superpriority Administrative Expense Claims; (D) Authorizing Use of Cash Collateral and Granting Adequate Protection; (E) Modifying the Automatic Stay; (F) Scheduling a Final Hearing; and (G) Granting Related Relief* [ECF No. 53] (the "**Interim DIP Order**").

WEIL:\96975133\1\41703.0011

3. **Schedules E/F**

a. **Part 1.** The claims listed on Part I arose and were incurred on various dates. A determination of the date upon which each claim arose or was incurred would be unduly burdensome and cost prohibitive. Accordingly, no such dates are included for each claim listed on Part I. To the best of the Debtors' knowledge, all claims listed on Part I arose or were incurred before the Commencement Date. The Debtors have not listed any tax, wage, or wage-related obligations that the Debtors have paid pursuant to First Day Orders on Part I. The Debtors reserve their right to dispute or challenge whether creditors listed on Part I are entitled to priority claims under the Bankruptcy Code.

Claims owing to various taxing authorities to which the Debtors potentially may be liable are included on Part I. Certain of such claims, however, may be subject to ongoing audits and/or the Debtors may otherwise be unable to determine with certainty the amount of the remaining claims listed on Part I. Therefore, the Debtors have listed all such claims as contingent and unliquidated, pending final resolution of ongoing audits or other outstanding issues.

b. **Part 2.** The Debtors have exercised their reasonable efforts to list all liabilities on Part 2 of each applicable Debtor. As a result of the Debtors' consolidated operations, however, Part 2 for each Debtor should be reviewed in these cases for a complete understanding of the unsecured claims against the Debtors. Certain creditors listed on Part 2 may owe amounts to the Debtors, and, as such, the Debtors may have valid setoff and recoupment rights with respect to such amounts. The amounts listed on Part 2 may not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert the same and to dispute and challenge any setoff and/or recoupment rights that may be asserted against the Debtors by a creditor. Additionally, certain creditors may assert mechanics', materialman's, or other similar liens against the Debtors for amounts listed on Part 2. The Debtors reserve their right to dispute and challenge the validity, perfection, and immunity from avoidance of any lien purported to be perfected by a creditor listed on Part 2 of any Debtor. In addition, certain claims listed on Part 2 may potentially be entitled to priority under 11 U.S.C. § 503(b)(9).

The Debtors have made reasonable efforts to include all unsecured creditors on Part 2 including, but not limited to, trade creditors, landlords, utility companies, consultants, and other service providers. The Debtors, however, believe that there are instances where creditors have yet to provide proper invoices for prepetition goods or services. While the Debtors maintain general accruals to account for these liabilities in accordance with GAAP, these amounts are estimates and have not been included on Part 2. The Debtors have included intercompany claim amounts in Part 2 estimated as of January 31, 2019.

The Debtors' accounting system tracks vendors using a number and unique name assigned to each vendor. Because many vendors service multiple business areas for the Debtors, there may be instances in which the same vendor has been assigned

11

multiple vendor numbers and variations of the vendor's name.  For purposes of Part 2, the Debtors have not aggregated all claims of such vendors with multiple vendor numbers and/or names.  Rather, the Debtors have separately listed the claims of such vendors under each vendor number and name and should not be construed as giving rise to duplicate claims to a vendor for the same services or goods delivered to a Debtor.  Unless otherwise noted, the claims listed on Part 2 are based on the Debtors' books and records as of the Commencement Date.  The Debtors have excluded workers' compensation claims from the Statements because the Debtors continue to honor their workers' compensation obligations in the ordinary course in accordance with the *Final Order (I) Authorizing Debtors to (A) Pay Employee Obligations, (B) Continue Employee Benefit Programs, (II) and Granting Related Relief* (ECF No. 207), entered on March 19, 2019.

Part 2 also contains information regarding pending litigation involving the Debtors.  In certain instances, the relevant Debtor that is the subject of the litigation is unclear or undetermined.  To the extent that litigation involving a particular Debtor has been identified, however, such information is included on that Debtor's Schedule E/F.  The amounts for these potential claims are listed as undetermined and marked as contingent, unliquidated, and disputed in the Schedules.  See Specific Note, SOFA 7 for a description of the litigation listed in Part 2.

Part 2 does not include certain balances including deferred liabilities, accruals, or reserves.  Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP.  Such accruals primarily represent estimates of liabilities and do not represent specific claims as of the Commencement Date.

The claims of individual creditors may not reflect credits and/or allowances due from creditors to the applicable Debtor.  The Debtors reserve all of their rights with respect to any such credits and/or allowances, including the right to assert objections and/or setoffs or recoupments with respect to same.

The Bankruptcy Court has authorized the Debtors to pay, in their discretion, certain non-priority unsecured claims, pursuant to the First Day Orders.  To the extent practicable, each Debtor's Schedule E/F is intended to reflect the balance as of the Commencement Date, adjusted for postpetition payments under some or all of the First Day Orders.  Each Debtor's Schedule E/F will reflect some of the Debtor's payment of certain claims pursuant to the First Day Orders, and, to the extent an unsecured claim has been paid or may be paid, it is possible such claim is not included on Schedule E/F.  Certain Debtors may pay additional claims listed on Schedule E/F during these chapter 11 cases pursuant to the First Day Orders and other orders of the Bankruptcy Court and the Debtors reserve all of their rights to update Schedule E/F to reflect such payments or to modify the claims register to account for the satisfaction of such claims.  Additionally, Schedule E/F does not include potential rejection damage claims, if any, of the counterparties to executory contracts and unexpired leases that have been, or may be, rejected.

4.  **Schedule G.**  Although reasonable efforts have been made to ensure the accuracy of Schedule G regarding executory contracts and unexpired leases (collectively, the "**Agreements**"), the Debtors' review process of the Agreements is ongoing and inadvertent

12

errors, omissions, or over-inclusion may have occurred. The Debtors may have entered into various other types of Agreements in the ordinary course of their businesses, such as indemnity agreements, supplemental agreements, amendments/letter agreements, and confidentiality agreements which may not be set forth in Schedule G. In addition, as described in herein, certain confidential information has been omitted from Schedule G. Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. Schedule G may be amended at any time to add any omitted Agreements. Likewise, the listing of an Agreement on Schedule G does not constitute an admission that such Agreement is an executory contract or unexpired lease or that such Agreement was in effect on the Commencement Date or is valid or enforceable. The Agreements listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G.

Executory contracts for short-term service orders that are oral in nature have not been included in Schedule G.

Any and all of the Debtors' rights, claims and causes of action with respect to the Agreements listed on Schedule G are hereby reserved and preserved, and as such, the Debtors hereby reserve all of their rights to (a) dispute the validity, status, or enforceability of any Agreements set forth on Schedule G, (b) dispute or challenge the characterization of the structure of any transaction, or any document or instrument related to a creditor's claim, including, but not limited to, the Agreements listed on Schedule G, and (c) amend or supplement such Schedule as necessary.

Certain of the Agreements listed on Schedule G may have been entered into by or on behalf of more than one of the Debtors. Additionally, the specific Debtor obligor(s) to certain of the Agreements could not be specifically ascertained in every circumstance. In such cases, the Debtors have made reasonable efforts to identify the correct Debtor's Schedule G on which to list the Agreement.

5. **Schedule H.** The Debtors are party to various debt agreements which were executed by multiple Debtors and other domestic subsidiaries. The obligations of guarantors under prepetition secured credit agreements are noted on Schedule H for each individual Debtor. In the ordinary course of their businesses, the Debtors are involved in pending or threatened litigation and claims arising out of the conduct of their businesses. Some of these matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Because such claims are listed on each Debtor's Schedule F and SOFA Part 3, as applicable, they have not been set forth individually on Schedule H. Furthermore, the Debtors may not have identified on Schedule H certain guarantees that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments, and other such agreements. No claim set forth on the Schedules and Statements of any Debtor is intended to acknowledge claims of creditors that are otherwise satisfied or discharged by other Debtors or non-Debtors. Due to their voluminous nature, and to avoid unnecessary duplication, the Debtors have not included on

13

Schedule H debts for which more than one Debtor may be liable if such debts were already reflected on Schedule E/F or Schedule G for the respective Debtors subject to such debt.  To the extent these Notes include notes specific to Schedules D-G, such Notes also apply to the co-Debtors listed in Schedule H.  To the extent there are guarantees connected with any joint ventures to which the Debtor may be a party, such agreements are not identified in the Debtors' Schedules.  The Debtors reserve all of their rights to amend the Schedules to the extent that additional guarantees are identified or such guarantees are discovered to have expired or be unenforceable.

14

**<u>Specific Notes With Respect to the Debtors' Statements of Financial Affairs</u>**

1.    **SOFA 1.**  The income stated in the Debtors' response to SOFA 1 is consistent with the consolidated sales disclosed in compliance with GAAP.  The Debtors' fiscal year ends on the last day of each calendar year:

- **FY 2017**:  Comprised of 52 weeks ending December 31, 2017.

- **FY 2018**:  Comprised of 52 weeks ending December 31, 2018.

- **FY 2019**:  Comprised of 1 month ending January 31, 2019.

2.    **SOFA 3**.  The Debtors routinely transfer property, including money, title to properties, and mortgage servicing rights in the ordinary course of business.  In addition, the Debtors routinely make payments to borrowers for refunds, insurance proceeds, overages and other customer-related payments in the ordinary course of business.  These Schedules and Statements do not list such transfers of property made in the ordinary course of business operations as described in the Debtors' OCB Motions.[5]  As described in the Cash Management Motion, the Debtors utilize an integrated, centralized cash management system to collect, concentrate, and disburse funds generated by their operations.  The obligations of the Debtors are primarily paid by and through Ditech Financial LLC and Reverse Mortgage Solutions, Inc., notwithstanding that certain obligations may be obligations of one or more of the Debtors consistent with the Cash Management Motion.

The payments disclosed in SOFA 3 are based on payments made by the Debtors with payment dates from November 12, 2018 to February 11, 2018.  The actual dates that cash cleared the Debtors' bank accounts were not considered.  The Debtors' accounts payable system does not include the corresponding payment clear dates and compiling this data would have required a significant manual review of individual bank statements.  It is expected, however, that many payments included in SOFA 3 have payment clear dates that are the same as payment dates (*e.g.*, wires and other forms of electronic payments).  The response to SOFA 3 excludes disbursements or transfers listed on SOFA 4.  Amounts still owed to creditors will appear on the Schedules for each of the Debtors, as applicable.

All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Commencement Date are listed on SOFA 11 and are not listed on SOFA 3.

---

[5]    *Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Continue Origination and Servicing of Forward Mortgage Loans in Ordinary Course and Granting Related Relief, (II) Modifying Automatic Stay on a Limited Basis to Facilitate Debtors Ongoing Operations, and (III) Scheduling a Final Hearing* (ECF No. 9) and *Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Continue Honoring Reverse Issuer and Servicing Obligations in the Ordinary Course and Granting Related Relief, (II) Modifying Automatic Stay on a Limited Basis to Facilitate Debtors Ongoing Operations, and (III) Scheduling a Final Hearing* (ECF No. 10) (together, the "**OCB Motions**").

WEIL:\96975133\1\41703.0011

3.     **SOFA 4.**  For purposes of the Schedules and Statements, the Debtors define insiders as (a) officers, directors, and anyone in control of a corporate debtor and their relatives; (b) general partners of a partnership debtor and their relatives; (c) affiliates of the debtor and insiders of such affiliates; (d) any managing agent of the debtor; and/or (e) individuals listed as insiders in the Debtors' KEIP Motion.[6]  The payroll-related amounts shown in response to this question for any salary, bonus or additional compensation, and/or severance payments are gross amounts that do not include reductions for amounts including employee tax or benefit withholdings.  To the extent that insiders receive benefits, such as car allowances, those payments have been included as expense reimbursements to the extent paid directly to the employee.  The Debtors also issue corporate-paid credit cards and reimburse direct business expenses incurred by insiders.  Such business expenses have not been included in SOFA 4.  Home addresses for directors, employees, and former employees identified as insiders have not been included in the Statements for privacy reasons.  Amounts still owed to creditors will appear on the Schedules for each of the Debtors, as applicable.

4.     **SOFA 5.**  The Debtors routinely manage and sell properties in foreclosure as described in the OCB Motions.  Such properties have not been included in SOFA 5.

5.     **SOFA 7.**  The Debtors are engaged in the business of originating, selling, and servicing residential real estate mortgage loans on behalf of the Debtors, their affiliates and other third party investors.  In the ordinary course of business and at any time, a number of the mortgage loans the Debtors service are delinquent and in default.  As part of the servicing function, the Debtors are required to commence foreclosure proceedings against certain borrowers and, if a foreclosure is not otherwise resolved, to complete the foreclosure sale of the mortgaged property (collectively, the "**Foreclosure Actions**").  The Debtors manage tens of thousands of Foreclosure Actions that were commenced either in the name of a Debtor or third party investor.  Such Foreclosure Actions are often contested, where the borrower-defendant contests the foreclosure by filing an answer and affirmative defenses, by seeking a temporary restraining order, or by filing counterclaims or cross-claims against a Debtor entity.  Furthermore, the Debtors manage hundreds of recovery and collection matters (collectively, the "**Recovery Actions**") on loans that they either own or service for third-party investors.  These are accounts where, for whatever reason, a Debtor or the third party investor has decided not to pursue foreclosure, but to pursue collection activity against the borrower-defendant.  Generally, the Foreclosure Actions and Recovery Actions commenced on behalf of the Debtors or third-party investors are not listed in the Schedules and Statements because these matters (a) are handled by third party law firms, (b) do not create an escalated litigation risk for the Debtors, and (c) do not give rise to claims against the Debtors.  Litigation that is listed in the Schedules and Statements includes commercial litigation, class action litigation, and other litigation matters managed by the Debtors' legal departments because of claims asserted by or against the Debtors for money damages (the "**Escalated Actions**").  The Debtors routinely track the Escalated Actions and the Escalated Actions described in response to SOFA 7 are the pending proceedings of which the Debtors are aware.

---

[6]   *Motion of Debtors For Entry of an Order Approving Key Employee Incentive Program* (ECF No. 228) (the "**KEIP Motion**").

WEIL:\96975133\1\41703.0011

The Debtors reserve all of their rights and defenses with respect to any and all listed Escalated Actions.  The listing of any such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors or any affiliates of the Debtors.  The Debtors also reserve their rights to assert that neither the Debtors nor any affiliate of the Debtors is an appropriate party to such actions or proceedings.

6.   **SOFA 9.**  The donations and/or charitable contributions listed in response to SOFA 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors books and records.

7.   **SOFA 11.**  All payments for services of any entities that provided consultation concerning debt counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Commencement Date are listed on that Debtor's response to SOFA 11.  Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders.  In addition, the Debtors have listed payments made to professionals retained by the Debtors but not payments made to advisors of postpetition lenders or other parties on account of any applicable fee arrangements.

8.   **SOFA 13.**  The Debtors routinely transfer property, including money, title to properties, and mortgage servicing rights in the ordinary course of business.  These Schedules and Statements do not list transfers of property made in the ordinary course of business as described in the OCB Motions.

9.   **SOFA 16.**  In the ordinary course of business in connection with their origination and servicing businesses, the Debtors collect certain personally identifiable information ("**PII**"), including but not limited to, their customers' names, home address, social security numbers, and bank accounts.  A list of categories of collected PII is included in the response to SOFA 16.  The Debtors maintain a privacy policy regarding the use of PII.

10.  **SOFA 21.**  In the ordinary course of business, the Debtors utilize leased property as a function of their servicing business.  Such leases are listed on the Debtors' Schedule G.

11.  **SOFA 25.**  The Debtors have used their reasonable efforts to identify the beginning and ending dates of all businesses in which the Debtors were a partner or owned five percent or more of the voting or equity securities within the six years immediately preceding the Commencement Date.  In certain instances, however, the dissolution dates of certain entities that are no longer in existence were not readily available and, therefore, are not included in SOFA 25.

12.  **SOFA 26.**  The Debtors provided financial statements in the ordinary course of business to certain parties for business, statutory, credit, financing and other reasons.  Recipients include, among others, regulatory agencies, financial institutions, investment banks, debtholders and their legal and financial advisors.  Financial statements have also been provided to other parties as requested, subject to customary non-disclosure requirements

WEIL:\96975133\1\41703.0011

where applicable.

13.    **SOFA 30.**  Any and all known disbursements to insiders of the Debtors have been listed in response to SOFA 4.

**Ditech Holding Corporation**                                    Case Number:     **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 1: | Cash and cash equivalents |
|---------|---------------------------|

1. **Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
☑ Yes. Fill in the information below.

| General description | Type of account (if applicable) | Last 4 digits of account # (if applicable) | Current value of debtor's interest |
|---------------------|----------------------------------|---------------------------------------------|-------------------------------------|
| 2. **Cash on hand** | | | |
| 2.1 | | | |
| 3. **Checking, savings, money market, or financial brokerage accounts (Identify all)** | | | |
| 3.1    CITIBANK | OPERATING | 8183 | $596,018 |
| 4. **Other cash equivalents (Identify all)** | | | |
| 4.1 | | | |

5. **Total of Part 1.**                                      $596,018

    Add lines 2 through 4. Copy the total to line 80.

**Ditech Holding Corporation**                                      Case Number:          **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 2: | Deposits and prepayments |
|---------|--------------------------|

6.   **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.

☑ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---------------------|------------------------------------|
|                     |                                    |

7.   **Deposits, including security deposits and utility deposits**
   Description, including name of holder of deposit

| | | |
|---|---|---|
| 7.1 | 3000 BAYPORT DRIVE: LEASE | $73,129 |
| 7.2 | AON YSA HEALTH : SECURITY DEPOSIT | $8,000 |
| 7.3 | FIDELITY INSURANCE COMPANY: SECURITY DEPOSIT | $15,000,000 |
| 7.4 | HARTFORD FIRE INSURANCE COMPANY: SECURITY DEPOSIT | $2,000,000 |

8.   **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
   Description, including name of holder of prepayment

| | | |
|---|---|---|
| 8.1 | PREPAID EXPENSES | $7,074,649 |

9.   **Total of Part 2**                                              **$24,155,778**

   Add lines 7 through 8. Copy the total to line 81.

**Ditech Holding Corporation**                                          Case Number:          **19-10412**

## Schedule A/B: Assets — Real and Personal Property

**Part 3:**       **Accounts receivable**

10.   **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.

☑ Yes. Fill in the information below.

| General description | Face or requested amount | Doubtful or uncollectable | Current value of debtor's interest |
|---|---|---|---|
| 11.   Accounts receivable | | | |
| 11a. 90 days old or less: | _____ - | _____ | = _____ |
| 11b. Over 90 days old: | _____ - | _____ | = _____ |
| 11c. All accounts receivable: | $2,941,525 - | $0 | = $2,941,525 |

12.   **Total of Part 3**                                                                           **$2,941,525**

Current value on lines 11a + 11b = line 12. Copy the total to line 82.

In re: Ditech Holding Corporation, et al.,
Intercompany Balance Matrix
Based upon Balance Sheet dated 1/31/2019

Payable From



| Receivable to / Payable From | Ditech Holding Corporation | DF Insurance Agency LLC | Ditech Financial LLC | Green Tree Credit LLC | Green Tree Credit Solutions LLC | Green Tree Insurance Agency of Nevada, Inc. | Green Tree Investment Holdings III LLC | Green Tree Servicing Corp. | Marix Servicing LLC | Mortgage Asset Systems, LLC | REO Management Solutions, LLC | Reverse Mortgage Solutions, Inc. | Walter Management Holding Company LLC | Walter Reverse Acquisition LLC | RMS 2018-09, LLC | RMS REO BRC, LLC | RMS REO BRC II, LLC | RMS REO CS, LLC | Non-Residual Trusts | Receivable Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ditech Holding Corporation | | $ 1,597,411.89 | | | | | | | | $ 36,067.00 | | $ 154,204.70 | $ 59,952,805.73 | | | | | | | $ 61,740,489.32 |
| DF Insurance Agency LLC | | | $ 6,622,517.01 | | | | | | | | | | | | | | | | | $ 6,622,517.01 |
| Ditech Financial LLC | $ 297,319,113.32 | | | | $ 27.04 | | | | $ 805.31 | $ 1,367,183.16 | $ 3,522,466.47 | $ 20,858,938.85 | | | | | | | | $323,068,534.15 |
| Green Tree Credit LLC | | | | | | | | | | | | | | | | | | | | $ - |
| Green Tree Credit Solutions LLC | | | | | | | | | | | | | | | | | | | | $ - |
| Green Tree Insurance Agency of Nevada, Inc. | | | | | | | | | | | | | | | | | | | | $ - |
| Green Tree Investment Holdings III LLC | | | | | | | | | | | | | | | | | | | | $ - |
| Green Tree Servicing Corp. | | | | | | | | | | | | | | | | | | | | $ - |
| Marix Servicing LLC | | | | | | | | | | | | | | | | | | | | $ - |
| Mortgage Asset Systems, LLC | $ 159,628.37 | | | | | | | | | | | | | | | | | | | $ 159,628.37 |
| REO Management Solutions, LLC | | | | | | | | | | | | $ 7,668,402.04 | | | | | | | | $ 7,668,402.04 |
| Reverse Mortgage Solutions, Inc. | | $ 5,087.40 | | | | | | | | | $ 803,910.46 | | | | $ 420,037.66 | | | $ 811,998.82 | | $ 2,041,034.34 |
| Walter Management Holding Company LLC | | | | | | | | | | | | | | | | | | | | $ - |
| Walter Reverse Acquisition LLC | | | | | | | | | | | | | | | | | | | | $ - |
| RMS 2018-09, LLC | $ 278,457.00 | | | | | | | | | | | | | | | | | | | $ 278,457.00 |
| RMS REO BRC, LLC | $ 68,183.00 | | | | | | | | | | | $ 32,341.49 | | | | | | | | $ 100,524.49 |
| RMS REO BRC II, LLC | | | | | | | | | | | | $ 61,279.53 | | | | | | | | $ 61,279.53 |
| RMS REO CS, LLC | $ 88,659.00 | | | | | | | | | | | | | | | | | | | $ 88,659.00 |
| Non-Residual Trusts | | | $ 32,949,630.35 | | | | | | | | | | | | | | | | | $ 32,949,630.35 |
| Payable Total (Negative) | $(297,914,040.69) | $(1,602,499.29) | $(39,572,147.36) | $ - | $ - | $ (27.04) | $ - | $ - | $(36,872.31) | $(2,171,093.62) | $(3,676,671.17) | $(88,573,767.64) | $ - | $ - | $(420,037.66) | $ - | $ - | $(811,998.82) | $ - | $ - |

**Ditech Holding Corporation**                                                                          Case Number:              **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 4: | Investments |
|---------|-------------|

13.  **Does the debtor own any investments?**

☐ No. Go to Part 5.
☑ Yes. Fill in the information below.

| General description | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|

14.  **Mutual funds or publicly traded stocks not included in Part 1**
Name of fund or stock:

14.1 _____    _____    _____

15.  **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including any interest in an LLC, partnership, or joint venture**
Name of entity:

| | | | |
|---|---|---|---|
| 15.1 | INVESTMENT IN SUBSIDIARY - GREEN TREE CREDIT SOLUTIONS LLC (OWNERSHIP: 100.0%) | NET BOOK | Undetermined |
| 15.2 | INVESTMENT IN SUBSIDIARY - HANOVER SPC-A, INC. (OWNERSHIP: 100.0%) | NET BOOK | Undetermined |
| 15.3 | INVESTMENT IN SUBSIDIARY - MARIX SERVICING LLC (OWNERSHIP: 100.0%) | NET BOOK | Undetermined |
| 15.4 | INVESTMENT IN SUBSIDIARY - MID-STATE, CAPITAL, LLC (OWNERSHIP: 100.0%) | NET BOOK | Undetermined |
| 15.5 | INVESTMENT IN SUBSIDIARY - WALTER REVERSE ACQUISITION LLC (OWNERSHIP: 100.0%) | NET BOOK | Undetermined |
| 15.6 | INVESTMENT IN SUBSIDIARY - WIMC REAL ESTATE INVESTMENT LLC (OWNERSHIP: 100.0%) | NET BOOK | Undetermined |

16.  **Government bonds, corporate bonds, and other negotiable and non-negotiable instruments not included in Part 1**
Describe:

| | | | |
|---|---|---|---|
| 16.1 | AVAILABLE-FOR-SALE SECURITIES AT FV | NET BOOK | $1,481,671 |

17.  **Total of Part 4**
Add lines 14 through 16. Copy the total to line 83.

| |
|---|
| **$1,481,671** |

**Ditech Holding Corporation**                                           Case Number:        **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 5: | Inventory, excluding agriculture assets |
|---|---|

18.  **Does the debtor own any inventory (excluding agriculture assets)?**

☑ No. Go to Part 6.

☐ Yes. Fill in the information below.

| General description | Date of the last physical inventory | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19.  **Raw materials** | | | | |
| 19.1 | | | | |
| 20.  **Work in progress** | | | | |
| 20.1 | | | | |
| 21.  **Finished goods, including goods held for resale** | | | | |
| 21.1 | | | | |
| 22.  **Other Inventory or supplies** | | | | |
| 22.1 | | | | |

23.  **Total of Part 5.**

Add lines 19 through 22. Copy the total to line 84.

24.  **Is any of the property listed in Part 5 perishable?**

☐ No

☐ Yes

25.  **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.    Book Value _____    Valuation method _____    Current value _____

26.  **Has any of the property listed in Part 5 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Ditech Holding Corporation**                                      Case Number:          **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| **Part 6:** | **Farming and fishing-related assets (other than titled motor vehicles and land)** |
|---|---|

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

☑ No. Go to Part 7.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops—either planted or harvested** | | | |
| 28.1 | | | |
| 29. **Farm animals** Examples: Livestock, poultry, farm-raised fish | | | |
| 29.1 | | | |
| 30. **Farm machinery and equipment** (Other than titled motor vehicles) | | | |
| 30.1 | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 31.1 | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |
| 32.1 | | | |

33. **Total of Part 6.**

    Add lines 28 through 32. Copy the total to line 85.                                   _____

34. **Is the debtor a member of an agricultural cooperative?**

☐ No

☐ Yes. Is any of the debtor's property stored at the cooperative?

   ☐ No

   ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**

☐ No

☐ Yes.   Book Value _____   Valuation method _____   Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**

☐ No

☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**

☐ No

☐ Yes

Ditech Holding Corporation                                                    Case Number:          19-10412

## Schedule A/B: Assets — Real and Personal Property

| **Part 7:** | **Office furniture, fixtures, and equipment; and collectibles - detail** |
|---|---|

38.  **Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39.  Office furniture** | | | |
| 39.1 | | | |
| **40.  Office fixtures** | | | |
| 40.1 | | | |
| **41.  Office equipment, including all computer equipment and communication systems equipment and software** | | | |
| 41.1   COMPUTER HARDWARE | $6,223 | NET BOOK | $6,223 |
| 41.2   COMPUTER SOFTWARE | | NET BOOK | Undetermined |
| **42.  Collectibles** | | | |
| 42.1 | | | |

43.  **Total of Part 7**                                                                    | $6,223 |

Add lines 39 through 42. Copy the total to line 86.

44.  **Is a depreciation schedule available for any of the property listed in Part 7?**

☐ No
☑ Yes

45.  **Has any of the property listed in Part 7 been appraised by a professional within the last year?**

☑ No
☐ Yes

**Ditech Holding Corporation**                                                          Case Number:          **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46.  **Does the debtor own or lease any machinery, equipment, or vehicles?**

☑ No. Go to Part 9.

☐ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

47.  **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

47.1 _____    _____    _____    _____

48.  **Watercraft, trailers, motors, and related accessories**
     Examples: Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

48.1 _____    _____    _____    _____

49.  **Aircraft and accessories**

49.1 _____    _____    _____    _____

50.  **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

50.1 _____    _____    _____    _____

51.  **Total of Part 8**

     Add lines 47 through 50. Copy the total to line 87.

     _____

52.  **Is a depreciation schedule available for any of the property listed in Part 8?**

☐ No

☐ Yes

53.  **Has any of the property listed in Part 8 been appraised by a professional within the last year?**

☐ No

☐ Yes

**Ditech Holding Corporation**                                                    Case Number:        **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 9: | Real property |
| --- | --- |

54.  **Does the debtor own or lease any real property?**

☐ No. Go to Part 10.

☑ Yes. Fill in the information below.

| Description and location of property<br>Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
| --- | --- | --- | --- | --- |
| 55.  **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest** | | | | |
| 55.1    LEASEHOLD IMPROVEMENTS | | $2,719 | NET BOOK | $2,719 |

56.  **Total of Part 9**

|  | $2,719 |
| --- | --- |

Add the current value on all Question 55 lines and entries from any additional sheets. Copy the total to line 88.

57.  **Is a depreciation schedule available for any of the property listed in Part 9?**

☐ No

☑ Yes

58.  **Has any of the property listed in Part 9 been appraised by a professional within the last year?**

☑ No

☐ Yes

**Ditech Holding Corporation**                                    Case Number:          **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.

☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **60. Patents, copyrights, trademarks, and trade secrets** | | | |
| 60. 1 | | | |
| **61. Internet domain names and websites** | | | |
| 61. 1   BESTINSURORS.COM | | N/A | Undetermined |
| 61. 2   BESTINSURORSINC.COM | | N/A | Undetermined |
| 61. 3   DITECHAWALTERCOMPANY.COM | | N/A | Undetermined |
| 61. 4   DITECHFINANCE.COM | | N/A | Undetermined |
| 61. 5   DITECHFINANCE.NET | | N/A | Undetermined |
| 61. 6   DITECHFINANCESUCKS.COM | | N/A | Undetermined |
| 61. 7   DITECHFINANCESUCKS.NET | | N/A | Undetermined |
| 61. 8   DITECHFINANCIALLLC.COM | | N/A | Undetermined |
| 61. 9   DITECHFINANCIALLLC.NET | | N/A | Undetermined |
| 61. 10  DITECHFINANCIALLLCSUCKS.COM | | N/A | Undetermined |
| 61. 11  DITECHFINANCIALLLCSUCKS.NET | | N/A | Undetermined |
| 61. 12  DITECHSERVICING.COM | | N/A | Undetermined |
| 61. 13  DITECHSERVICING.NET | | N/A | Undetermined |
| 61. 14  DITECHSERVICINGSUCKS.COM | | N/A | Undetermined |
| 61. 15  DITECHSERVICINGSUCKS.NET | | N/A | Undetermined |
| 61. 16  GOWIMC.COM | | N/A | Undetermined |
| 61. 17  GOWIMC.INFO | | N/A | Undetermined |
| 61. 18  GOWIMC.NET | | N/A | Undetermined |
| 61. 19  WALTERINV.COM | | N/A | Undetermined |
| 61. 20  WALTERINVESTMENT.COM | | N/A | Undetermined |
| 61. 21  WALTER-INVESTMENT.COM | | N/A | Undetermined |
| 61. 22  WALTERINVESTMENTCORP.COM | | N/A | Undetermined |
| 61. 23  WALTERINVESTMENTMANAGEMENT.COM | | N/A | Undetermined |
| 61. 24  WALTERINVESTMENTMANAGEMENT.NET | | N/A | Undetermined |
| 61. 25  WALTERMORTGAGE.COM | | N/A | Undetermined |

**Ditech Holding Corporation**                                    Case Number:        **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 10: | Intangibles and intellectual property - detail |
|----------|-----------------------------------------------|

| | | | |
|---|---|---|---|
| 61.26 | WALTERMORTGAGE.NET | N/A | Undetermined |
| 61.27 | WALTERMORTGAGESERVICING.COM | N/A | Undetermined |

**62.** **Licenses, franchises, and royalties**

62.1

**63.** **Customer lists, mailing lists, or other compilations**

63.1

**64.** **Other intangibles, or intellectual property**

64.1

**65.** **Goodwill**

65.1

**66.** **Total of Part 10**                                                             **Undetermined**

Add lines 60 through 65. Copy the total to line 89.

**67.** **Do your lists or records include personally identifiable information of customers (as defined in 11 U.S.C. §§ 101(41A) and 107)?**

☑ No
☐ Yes

**68.** **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**

☑ No
☐ Yes

**69.** **Has any of the property listed in Part 10 been appraised by a professional within the last year?**

☑ No
☐ Yes

**Ditech Holding Corporation**                                          Case Number:          **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

70.  **Does the debtor own any other assets that have not yet been reported on this form? Include all interests in executory contracts and unexpired leases not previously reported on this form.**

☐ No. Go to Part 12.

☑ Yes. Fill in the information below.

| General description | Current value of debtor's interest |
|---|---|

71.  **Notes receivable**
Description (include name of obligor)

71.1

72.  **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

| 72.1 | Deferred Tax Asset, Net | $233 |
|---|---|---|
| 72.2 | Income Taxes Receivable | $17,493,054 |

73.  **Interests in insurance policies or annuities**

73.1

74.  **Causes of action against third parties (whether or not a lawsuit has been filed)**

74.1

75.  **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims**

75.1

76.  **Trusts, equitable or future interests in property**

76.1

**Ditech Holding Corporation**                                    Case Number:        **19-10412**

## Schedule A/B: Assets — Real and Personal Property

| Part 11: | All other assets |
|---|---|

| General description | Current value of debtor's interest |
|---|---|

77.  **Other property of any kind not already listed Examples: Season tickets, country club membership**
         Examples: Season tickets, country club membership

| 77.1 | REO UPB - ASC610 | $5,010,889 |
|---|---|---|

| 77.2 | Repo Principal Balance | $1,098,835 |
|---|---|---|

78.  **Total of Part 11**
         Add lines 71 through 77. Copy the total to line 90.                                 **$23,603,011**

79.  **Has any of the property listed in Part 11 been appraised by a professional within the last year?**

         ☑ No
         ☐ Yes

**Ditech Holding Corporation**                                                                Case Number:        **19-10412**

## Schedule A/B: Assets — Real and Personal Property

**Part 12:**    **Summary**

In Part 12 copy all of the totals from the earlier parts of the form.

| | Type of property | Current value of personal property | Current value of real property | Total of all property |
|---|---|---|---|---|
| 80. | Cash, cash equivalents, and financial assets. Copy line 5, Part 1. | $596,018 | | |
| 81. | Deposits and prepayments. Copy line 9, Part 2. | $24,155,778 | | |
| 82. | Accounts receivable. Copy line 12, Part 3. | $2,941,525 | | |
| 83. | Investments. Copy line 17, Part 4. | $1,481,671 | | |
| 84. | Inventory. Copy line 23, Part 5. | $0 | | |
| 85. | Farming and fishing-related assets. Copy line 33, Part 6. | $0 | | |
| 86. | Office furniture, fixtures, and equipment; and collectibles. Copy line 43, Part 7. | $6,223 | | |
| 87. | Machinery, equipment, and vehicles. Copy line 51, Part 8. | $0 | | |
| 88. | Real property. Copy line 56, Part 9. | | $2,719 | |
| 89. | Intangibles and intellectual property. Copy line 66, Part 10. | $0 | | |
| 90. | All other assets. Copy line 78, Part 11. | $23,603,011 | | |
| 91. | Total. Add lines 80 through 90 for each column. | a. $52,784,226 | b. $2,719 | |
| 92. | **Total of all property on Schedule A/B. Lines 91a + 91b = 92.** | | | **$52,786,945** |

Ditech Holding Corporation                                                    Case Number:    **19-10412**

## Schedule D: Creditors Who Have Claims Secured by Property

1. **Do any creditors have claims secured by debtor's property?**

   ☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

   ☑ Yes. Fill in all of the information below.

| **Part 1:** | **List Creditors Who Have Secured Claims** |
| --- | --- |

2. **List in alphabetical order all creditors who have secured claims. If a creditor has more than one secured claim, list the creditor separately for each claim.**

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C U D | Amount of Claim | Value of Collateral |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **Secured Debt** | | | | | | | |
| **2.1** BARCLAYS BANK PLC ATTN: ELLEN KIERNAN BARCLAYS BANK PLC- MORTGAGE FINANCE 745 SEVENTH AVE; 4TH FLOOR NEW YORK, NY 10019 | ☐ | ☐ | ☑ | PROPERTY DESCRIPTION: GUARANTOR TO THE RMS SECOND AMENDED AND RESTATED MASTER REPURCHASE AGREEMENT | ☐ ☑ ☐ | $340,846,274 | $445,811,205 |
| **2.2** BARCLAYS BANK PLC ATTN: ELLEN KIERNAN BARCLAYS BANK PLC- MORTGAGE FINANCE 745 SEVENTH AVE; 4TH FLOOR NEW YORK, NY 10019 | ☐ | ☐ | ☑ | PROPERTY DESCRIPTION: GUARANTOR TO THE GSE SERVICER ADVANCE FACILITY | ☐ ☑ ☐ | $122,725,523 | $129,184,762 |
| **2.3** BARCLAYS BANK PLC ATTN: ELLEN KIERNAN BARCLAYS BANK PLC- MORTGAGE FINANCE 745 SEVENTH AVE; 4TH FLOOR NEW YORK, NY 10019 | ☐ | ☐ | ☑ | PROPERTY DESCRIPTION: GUARANTOR TO THE PLS SERVICER ADVANCE FACILITY | ☐ ☑ ☐ | $78,942,457 | $83,097,323 |

**Ditech Holding Corporation**                                                                                    **Case Number:**    **19-10412**

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|
| **Secured Debt** | | | | | | | | | |
| 2.4  CREDIT SUISSE AG, CAYMAN ISLANDS BRANCH ATTN: MEGAN E KANE CREDIT SUISSE SERVICES (USA) LLC ONE MADISON AVE NEW YORK, NY 10010 | ☐ | ☐ | ☑ | PROPERTY DESCRIPTION: SECOND AMENDED AND RESTATED CREDIT AGREEMENT | ☐ | ☑ | ☐ | $961,355,635 | |
| 2.5  CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC ATTN: MARGARET D DELLAFERA CREDIT SUISSE SERVICES (USA) LLC 11 MADISON AVE NEW YORK, NY 10010 | ☐ | ☐ | ☑ | PROPERTY DESCRIPTION: GUARANTOR TO THE DITECH MASTER REPURCHASE AGREEMENT | ☐ | ☑ | ☐ | $471,129,677 | $495,933,033 |
| 2.6  CREDIT SUISSE FIRST BOSTON MORTGAGE CAPITAL LLC ATTN: MARGARET D DELLAFERA CREDIT SUISSE SERVICES (USA) LLC 11 MADISON AVE NEW YORK, NY 10010 | ☐ | ☐ | ☑ | PROPERTY DESCRIPTION: GUARANTOR TO THE RMS MASTER REPURCHASE AGREEMENT | ☐ | ☑ | ☐ | $414,895,327 | $519,869,881 |
| 2.7  WILMINGTON SAVINGS FUND SOCIETY, FSB ATTN: GEOFFREY J LEWIS WILMINGTON SAVINGS AND FUND SOCIETY 500 DELAWARE AVE WILMINGTON, DE 19801 | ☐ | ☐ | ☑ | PROPERTY DESCRIPTION: SECOND LIEN NOTES INDENTURE | ☐ | ☑ | ☐ | $253,895,875 | |

**Ditech Holding Corporation**                                                                    **Case Number:**    **19-10412**

## Schedule D: Creditors Who Have Claims Secured by Property

| Creditor's Name and Mailing Address, E-mail Address & An Account Number | Co-Interest | Insider | Co-Debtor | Date Claim was Incurred, Property Description, Lien & Co-Interest Creditor | C | U | D | Amount of Claim | Value of Collateral |
|---|---|---|---|---|---|---|---|---|---|

**Secured Debt**

|  |  | **Secured Debt Total:** | $2,643,790,769 |
|---|---|---|---|

| Ditech Holding Corporation | Case Number: | **19-10412** |
|---|---|---|

## Schedule D: Creditors Who Have Claims Secured by Property

<u>**Amount of Claim**</u>

3.  **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.**          **$2,643,790,769**

| Ditech Holding Corporation | Case Number: | 19-10412 |
|---|---|---|

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 1:** | **List All Creditors with PRIORITY Unsecured Claims** |
|---|---|

1. **Do any creditors have priority unsecured claims? (See 11 U.S.C. § 507).**

   ☐ No. Go to Part 2.
   ☑ Yes. Go to line 2.

2. **List in alphabetical order all creditors who have unsecured claims that are entitled to priority in whole or in part. If the debtor has more than 3 creditors with priority unsecured claims, fill out and attach the Additional Page of Part 1.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Employee Severance

| | | | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|---|
| **2.1** | EMPLOYEE SEVERANCE ADDRESS NOT PROVIDED | UNKNOWN | ☑ | ☐ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| | ACCOUNT NO.: NOT AVAILABLE | | | | | | | |
| | | **Employee Severance Total:** | | | | | **UNDETERMINED** | **UNDETERMINED** |

**Ditech Holding Corporation**                                                    Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:     List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

### Taxes and certain other debts owed to the government 507(a)(8)

| | Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|
| 2.2 | AL DEPT OF REV BUSINESS PRIVILEGE DIV<br>50 NORTH RIPLEY ST<br>MONTGOMERY, AL 36104 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.3 | ALABAMA DEPARTMENT OF REVENUE<br>770 WASHINGTON AVE.<br>RSA PLAZA - SUITE 580<br>MONTGOMERY, AL 36104 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.4 | ALABAMA MANUFACTURED HOUSING COMMISSION<br>350 S DECATUR ST<br>MONTGOMERY, AL 36104 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.5 | ALDINE INDEPENDENT SCHOOL DISTRICT<br>14909 ALDINE WESTFIELD RD<br>HOUSTON, TX 77032 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.6 | ARIZONA DEPARTMENT OF REVENUE<br>1600 W MONROE ST<br>PHOENIX, AZ 85038 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.7 | ARKANSAS SECRETARY OF STATE<br>STATE CAPITOL<br>500 WOODLANE STREET, SUITE 256<br>LITTLE ROCK, AR 72201 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.8 | BEXAR COUNTY TAX COLLECTOR<br>VISTA VERDE PLAZA BUILDING<br>233 N. PECOS LA TRINIDAD<br>SAN ANTONIO, TX 78207-3175 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.9 | BOWIE COUNTY TAX ASSESSOR<br>122A PLAZA WEST<br>TEXARKANA, TX 75501 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.10 | CADDO PARISH TAX COLLECTOR<br>501 TEXAS ST, RM 101<br>SHREVEPORT, LA 71101 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.11 | CALIFORNIA BOARD OF EQUALIZATION<br>3321 POWER INN RD., STE. 210 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.12 | CALIFORNIA SECRETARY OF STATE<br>1500 11TH STREET<br>SACRAMENTO, CA 95814 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.13 | CALIFORNIA STATE FRANCHISE TAX BOARD<br>3321 POWER INN RD., SUITE 250<br>SACRAMENTO, CA 95826-3893 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |

| Ditech Holding Corporation | Case Number: | 19-10412 |
|---|---|---|

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.14 CAMERON COUNTY TAX COLLECTOR<br>964 E. HARRISON<br>BROWNSVILLE, TX 78521 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.15 CITY OF MONTGOMERY LICENSING & REV DIV<br>25 WASHINGTON AVENUE - 3RD FLOOR<br>MONTGOMERY, AL 36104 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.16 CITY OF TAMPA<br>306 E. JACKSON STREET<br>TAMPA, FL 33602 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.17 CITY OF TUCSON<br>255 W ALAMEDA<br>CITY HALL, 1ST FLOOR<br>TUCSON, AZ 85701 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.18 CNMI TREASURER<br>DEPARTMENT OF COMMERCE<br>PO BOX 5795 CHRB<br>SAIPAN, MP 96950 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.19 CNMI TREASURER DEPARTMENT OF COMMERCE<br>CAPITOL HILL<br>SAIPAN, MP 96950 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.20 COBB COUNTY TAX COMMISSION<br>736 WHITLOCK AVE STE 1<br>MARIETTA, GA 30064 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.21 COLBERT COUNTY REVENUE COMMISSION<br>201 NORTH MAIN STREET<br>TUSCUMBIA, AL 35674 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.22 COLORADO BUREAU OF INVESTIGATION<br>690 KIPLING STREET STE 3000<br>DENVER, CO 80215 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.23 COLORADO SECRETARY OF STATE<br>1700 BROADWAY, STE. 200<br>DENVER, CO 80290 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.24 COLORADO UNIFORM CONSUMER CREDIT<br>1300 BROADWAY 6TH FL<br>DENVER, CO 80203 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

| Ditech Holding Corporation | Case Number: | 19-10412 |
|---|---|---|

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**  List All Creditors with PRIORITY Unsecured Claims

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.25  CONNECTICUT DEPT OF REVENUE SERVICES<br>450 COLUMBUS BLVD<br>HARTFORD, CT 06103 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.26  CONNECTICUT SECRETARY OF STATE<br>30 TRINITY ST<br>HARTFORD, CT 06115-0470 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.27  DALLAS COUNTY TAX COLLECTOR<br>1201 ELM STREET, SUITE 2600<br>DALLAS, TX 75270 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.28  DAVIDSON COUNTY REGISTER<br>501 BROADWAY<br>NASHVILLE, TN 37203 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.29  DC DEPARTMENT OF CONSUMER AFFAIRS<br>1100 4TH STREET SW<br>WASHINGTON, DC 20024 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.30  DELAWARE DIVISION OF CORPORATIONS<br>401 FEDERAL STREET, 4<br>DOVER, DE 19901 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.31  DELAWARE SECRETARY OF STATE<br>401 FEDERAL ST., STE. 4<br>DOVER, DE 19901 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.32  DESOTO COUNTY TAX COLLECTOR<br>365 LOSHER STREET, STE 110<br>HERNANDO, MS 38632 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.33  DIST OF COLUMBIA OFFICE OF TAX & REVENUE<br>PO BOX 96166<br>WASHINGTON, DC 20090 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.34  DISTRICT OF COLUMBIA<br>OFFICE OF TAX & REVENUE<br>1101 4TH ST SW #270<br>WASHINGTON, DC 20024 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.35  EAST BATON ROUGE PARISH<br>CITY HALL, 2ND FLOOR<br>222 SAINT LOUIS STREET, ROOM 238<br>BATON ROUGE, LA 70802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.36  FAYETTE COUNTY REVENUE COMMISSION<br>200 E. MAIN STREET<br>LEXINGTON, KY 40555 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                    Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| | | | | | |
|---|---|---|---|---|---|
| 2.37 FLORIDA DEPARTMENT OF REVENUE<br>5050 WEST TENNESSEE STREET<br>TALLAHASSEE, FL 32399 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.38 FLORIDA DEPT OF STATE, DIVISION OF CORPS<br>2661 EXECUTIVE CENTER CIR W<br>TALLAHASSEE, FL 32301 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.39 FLORIDA SECRETARY OF STATE<br>R.A. GRAY BUILDING<br>500 SOUTH BRONOUGH STREET<br>TALLAHASSEE, FL 32399-0250 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.40 GEORGIA DEPARTMENT OF BANKING & FINANCE<br>2990 BRANDYWINE ROAD, SUITE 200<br>ATLANTA, GA 30341-5565 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.41 GEORGIA DEPARTMENT OF REVENUE<br>1800 CENTURY BOULEVARD<br>ATLANTA, GA 30345 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.42 GEORGIA SECRETARY OF STATE<br>313 WEST TOWER<br>2 MARTIN LUTHER KING JR. DR.<br>ATLANTA, GA 30334-1530 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.43 GIBSON COUNTY CLERK & MASTERS OFFICE<br>204 N COURT SQUARE B<br>TRENTON, TN 38382 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.44 GIBSON COUNTY TRUSTEE<br>1 COURT SQUARE 102<br>TRENTON, TN 38382 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.45 GUAM SECRETARY OF STATE<br>1240 ARMY DRIVE<br>BARRIGADA, GU 96913 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.46 HARRIS COUNTY CLERK<br>201 CAROLINE, 3RD FLOOR<br>HOUSTON, TX 77210 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.47 HAWAII DEPT OF COMMERCE & CONSUMER AFFAIRS<br>335 MERCHANTS STREET<br>HONOLULU, HI 96813 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.48 HIDALGO COUNTY CLERKS OFFICE<br>100 N. CLOSNER<br>EDINBURG, TX 78539 | UNKNOWN<br>ACCOUNT NO.: NOT AVAILABLE | ☑ ☑ ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                    Case Number:    **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:    List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.49 HILLSBOROUGH COUNTY TAX COLLECTOR<br>ATTN: DOUG BELDEN<br>2506 N. FALKENBURG ROAD<br>TAMPA, FL 33619 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.50 HOUSTON COUNTY TAX COMMISSION<br>462 N. OATES ST., 5TH FLOOR<br>DOTHAN, AL 36303 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.51 IDAHO STATE TAX COMMISSION<br>800 PARK BLVD PLAZA IV<br>BOISE, ID 83712-7742 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.52 ILLINOIS SECRETARY OF STATE<br>213 STATE CAPITAL<br>SPRINGFIELD, IL 62756 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.53 INDIANA SECRETARY OF STATE<br>200 W. WASHINGTON STREET, SUITE 201<br>INDIANAPOLIX, IN 46204 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.54 IOWA CONSUMER CREDIT ADMINISTRATOR<br>HOOVER BLDG<br>1305 E WALNUT ST<br>DES MOINES, IA 50319 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.55 IOWA SECRETARY OF STATE<br>321 E. 12TH STREET<br>DES MOINES, IA 50319 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.56 JEFFERSON COUNTY CLERK<br>101 WEST BARRAQUE ST RM SUITE 101<br>PINE BLUFF, AR 71601 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.57 JEFFERSON COUNTY TREASURER<br>716 RICHARD ARRINGTON JR. BLVD N<br>BIRMINGHAM, AL 35203 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.58 KANSAS SECRETARY OF STATE<br>120 SW 10TH AVENUE<br>TOPEKA, KS 66612 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.59 KENTUCKY DEPARTMENT OF REVENUE<br>6716 GRADE LANE, SUITE 910<br>LOUISVILLE, KY 40213-3439 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.60 KENTUCKY SECRETARY OF STATE<br>700 CAPITOL AVENUE, SUITE 118<br>FRANKFORT, KY 40601 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                   Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 2.61 | KING COUNTY<br>500 FOURTH AVE, ROOM 600<br>SEATTLE, WA 98104-2387<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.62 | KNOX COUNTY TRUSTEE<br>CITY COUNTY BUILDING<br>400 MAIN STREET<br>KNOXVILLE, TN 37902<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.63 | LEE COUNTY TREASURER<br>201 W. JEFFERSON ST. B<br>TUPELO, MS 38804<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.64 | LEXINGTON COUNTY TREASURER<br>212 SOUTH LAKE DRIVE, SUITE 201<br>LEXINGTON, SC 29072<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.65 | LEXINGTON-FAYETTE URBAN CNTY. GOV'T<br>200 EAST MAIN STREET<br>LEXINGTON, KY 40507<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.66 | LEXINGTON-FAYETTE URBAN COUNTY GOVT<br>DIVISION OF REVENUE<br>P.O. BOX 14058<br>LEXINGTON, KY 40512<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.67 | LOUISIANA DEPT OF REVENUE & TAXATION<br>617 NORTH 3RD STREET<br>BATON ROUGE, LA 70802<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.68 | LOUISIANA OFC OF FINANCIAL INSTITUTIONS<br>8585 ARCHIVES AVENUE<br>BATON ROUGE, LA 70809<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.69 | LOUISIANA SECRETARY OF STATE<br>8585 ARCHIVES AVENUE<br>BATON ROUGE, LA 70809<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.70 | MADISON COUNTY CLERK<br>100 NORTHSIDE SQUARE<br>HUNTSVILLE, AL 35801<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.71 | MADISON COUNTY TREASURER<br>171 COBBLESTONE DRIVE<br>MADISON, MS 39110<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.72 | MAINE SECRETARY OF STATE<br>148 STATE HOUSE STATION<br>AUGUSTA, ME 04333<br><br>ACCOUNT NO.: NOT AVAILABLE | UNKNOWN | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                      Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.73 MARIANA ISLANDS OFFICE OF THE GOVERNOR<br>1ST FLOOR DEPT OF COMMERCE BLDG.<br>CAPITAL HILL, CALLER BOX 10007<br>SAIPAN, MP 96950 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.74 MARYLAND DEPT OF ASSESSMENTS & TAXATION<br>301 W. PRESTON ST.<br>BALTIMORE, MD 21201-2395 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.75 MASSACHUSETTS DEPARTMENT OF REVENUE<br>200 ARLINGTON ST<br>CHELSEA, MA 02150 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.76 MASSACHUSETTS SECRETARY OF THE COMMONWEALTH<br>ONE ASHBURTON PLACE, 17TH FLOOR<br>BOSTON, MA 02108-1512 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.77 MASSACHUSETTS SECRETARY OF STATE<br>ONE ASHBURTON PLACE, ROOM 1717<br>BOSTON, MA 02108 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.78 MI DEPT - LICENSING & REGULATORY AFFAIRS<br>611 W. OTTAWA STREET<br>LANSING, MI 48909 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.79 MICHIGAN SECRETARY OF STATE<br>611 OTTAWA STREET<br>LANSING, MI 48909 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.80 MINNESOTA DEPARTMENT OF COMMERCE<br>85 - 7TH PLACE E STE 500<br>SAINT PAUL, MN 55101-2198 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.81 MINNESOTA DEPARTMENT OF REVENUE<br>MAIL STATION 1275<br>SAINT PAUL, MN 55145 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.82 MISSISSIPPI DEPARTMENT OF REVENUE<br>500 CLINTON CENTER DRIVE<br>CLINTON, MS 39056 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.83 MISSISSIPPI SECRETARY OF STATE<br>401 MISSISSIPPI STREET<br>JACKSON, MS 39201 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

Ditech Holding Corporation                                                Case Number:        19-10412

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|

### Taxes and certain other debts owed to the government 507(a)(8)

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| 2.84 MONTANA DEPARTMENT OF REVENUE<br>340 N LAST CHANCE GULCH<br>HELENA, MT 59604 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.85 MONTANA SECRETARY OF STATE<br>1301 E 6TH AVE<br>HELENA, MT 59601 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.86 MONTGOMERY COUNTY CLERK<br>101 SOUTH LAWRENCE STREET<br>MONTGOMERY, AL 36104 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.87 MONTGOMERY COUNTY TREASURER<br>755 ROANOKE ST 1B<br>CHRISTIANSBURG, VA 24073 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.88 NEBRASKA SECRETARY OF STATE<br>1445 K ST., SUITE 2300<br>LINCOLN, NE 68508 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.89 NEVADA BROKER ASSESSMENT<br>1830 COLLEGE PARKWAY, SUITE 100<br>CARSON CITY, NV 89706 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.90 NEVADA FINANCIAL INSTITUTIONS DIVISION<br>1830 COLLEGE PARKWAY, SUITE 100<br>CARSON CITY, NV 89706 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.91 NEVADA SECRETARY OF STATE<br>3301 MALIBOU AVENUE<br>PAHRUMP, NV 89048 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.92 NEVADA SERVICER<br>1830 COLLEGE PARKWAY, SUITE 100<br>CARSON CITY, NV 89706 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.93 NEW HAMPSHIRE DEPT OF REVENUE ADMIN<br>109 PLEASANT ST<br>CONCORD, NH 03301 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.94 NEW HAMPSHIRE SECRETARY OF STATE<br>107 NORTH MAIN STREET, ROOM 204<br>CONCORD, NH 03301 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.95 NEW JERSEY DIVISION OF TAXATION<br>50 BARRACK ST<br>TRENTON, NJ 08695 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.96 NEW JERSEY SECRETARY OF STATE<br>125 W STATE STREET<br>TRENTON, NJ 08608 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                                    Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**     **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.97** NEW MEXICO SECRETARY OF STATE<br>325 DON GASPAR<br>SUITE 300<br>SANTA FE, NM 87501 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.98** NEW MEXICO TAXATION & REVENUE DEPARTMENT<br>1200 SOUTH ST. FRANCIS DRIVE<br>SANTA FE, NM 87502 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.99** NEW YORK CITY DEPARTMENT OF FINANCE<br>66 JOHN STREET, ROM 104<br>NEW YORK, NY 10038 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.100** NEW YORK DEPARTMENT OF FINANCE<br>NYS TAX DEPARTMENT, CORP. TAX PROCESSING<br>90 COHOES AVE<br>GREEN ISLAND, NY 12183-1515 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.101** NEW YORK DEPARTMENT OF STATE<br>1 COMMERCE PLAZA<br>99 WASHINGTON AVENUE<br>ALBANY, NY 10038 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.102** NEW YORK STATE DEPT OF FINANCIAL SVCS<br>BANKING DIVISION<br>ONE COMMERCE PLAZA<br>ALBANY, NY 12257 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.103** NORTH CAROLINA DEPARTMENT OF REVENUE<br>501 NORTH WILMINGTON STREET<br>RALEIGH, NC 27604 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.104** NORTH CAROLINA SECRETARY OF STATE<br>2 SOUTH SALISBURY STREET<br>RALEIGH, NC 27601-2903 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.105** NORTH DAKOTA SECRETARY OF STATE<br>600 BOULEVARD AVENUE<br>DEPT. 108<br>BISMARCK, ND 58505 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.106** NYC DEPARTMENT OF CONSUMER AFFAIRS<br>42 BROADWAY, 9TH FLOOR<br>NEW YORK, NY 10004 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                    Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.107** OKLAHOMA COUNTY TREASURER<br>320 ROBERT S KERR ROOM 307<br>OKLAHOMA CITY, OK 73102 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.108** OKLAHOMA SECRETARY OF STATE<br>421 N.W. 13TH, SUITE 210<br>OKLAHOMA CITY, OK 73103 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.109** OKLAHOMA TAX COMMISSION,<br>FRANCHISE TAX<br>POST OFFICE BOX 26920<br>OKLAHOMA CITY, OK 73126 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.110** ORANGE COUNTY COMMISSIONER<br>THE HALL OF FINANCE<br>625 N ROSS ST BLDG 11, ROOM G58<br>SANTA ANA, CA 92702-1438 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.111** OREGON DEPT OF REVENUE<br>955 CENTER ST NE<br>SALEM, OR 97301-2501 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.112** OREGON SECRETARY OF STATE<br>255 CAPITOL STREET NE, SUITE 501<br>SALEM, OR 97310 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.113** PENNSYLVANIA DEPARTMENT OF<br>REVENUE<br>1846 BROOKWOOD ST<br>HARRISBURG, PA 17104 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.114** PIKE COUNTY TREASURER<br>200 E. BAY STREET<br>MAGNOLIA, MS 39652 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.115** PUERTO RICO SECRETARY OF STATE<br>CALLE SAN JOSE<br>SAN JUAN, PR 00901 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.116** PULASKI COUNTY CIRCUIT CLERK<br>401 W MARKHAM ST STE 100<br>LITTLE ROCK, AR 72201 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.117** RHODE ISLAND DIVISON OF TAXATION<br>ONE CAPITOL HILL, 1ST FLOOR<br>PROVIDENCE, RI 02908-5806 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.118** RHODE ISLAND SECRETARY OF STATE<br>148 WEST RIVER STREET<br>PROVIDENCE, RI 02904 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.119** RICHARDSON ISD TAX DEPARTMENT<br>970 SECURITY ROW<br>RICHARDSON, TX 75244 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                      Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|---------------------------------------------------|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.120** RICHLAND COUNTY TREASURER<br>2020 HAMPTON ST<br>COLUMBIA, SC 29204 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.121** SAINT LOUIS COUNTY TREASURER<br>41 S CENTRAL AVENUE<br>ST. LOUIS, MO 63105 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.122** SAN DIEGO COUNTY OFFICE OF REVENUE<br>1600 PACIFIC HWY<br>SAN DIEGO, CA 92101 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.123** SAN DIEGO COUNTY TREASURER<br>1600 PACIFIC HWY<br>SAN DIEGO, CA 92101 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.124** SHELBY COUNTY AUDITOR<br>ATTN: DON ARMSTRONG<br>PROPERTY TAX COMMISSIONER<br>102 DEPOT STREET<br>COLUMBIANA, AL 35051 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.125** SHREVEPORT CITY REVENUE DIVISION<br>505 TRAVIS STREET<br>SHREVEPORT, LA 71101 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.126** SMITH COUNTY TAX COLLECTOR<br>1517 W FRONT STREET<br>TYLER, TX 75702 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.127** SOUTH CAROLINA CONSUMER FINANCE DIVISION<br>1205 PENDLETON ST., SUITE 306<br>COLUMBIA, SC 29201 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.128** SOUTH CAROLINA DEPARTMENT OF REVENUE<br>CORPORATE TAXABLE<br>COLUMBIA, SC 29214 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.129** SOUTH CAROLINA DEPT OF CONSUMER AFFAIRS<br>2221 DEVINE STREET #200<br>COLUMBIA, SC 29205 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.130** SOUTH DAKOTA DEPARTMENT OF REVENUE<br>445 E CAPITOL AVENUE<br>PIERRE, SD 57501 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                    Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 1:**    **List All Creditors with PRIORITY Unsecured Claims**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.131 SOUTH DAKOTA SECRETARY OF STATE<br>CAPITOL BUILDING<br>500 EAST CAPITOL AVE.<br>PIERRE, SD 57501-5070 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.132 SPRING ISD TAX ASSESSOR COLLECTOR<br>16717 ELLA BLVD.<br>HOUSTON, TX 77090-4299 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.133 STATE OF COLORADO<br>1700 BROADWAY, SUITE 200<br>DENVER, CO 80290 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.134 STATE OF DELAWARE<br>820 N. FRENCH STREET<br>CARVEL STATE OFFICE BUILDING, 9TH FLOOR<br>WILMINGTON, DE 19801 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.135 STATE OF MAINE TREASURER<br>35 STATE HOUSE STATION<br>AUGUSTA, ME 04333 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.136 STATE OF MICHIGAN<br>2501 WOODLAKE CIR<br>OKEMOS, MI 48864 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.137 SUMNER COUNTY CLERK<br>355 BELVEDERE DRIVE N<br>GALLATIN, TN 37066 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.138 TARRANT COUNTY CLERK<br>TARRANT COUNTY - TAX COL<br>100 E WEATHERFORD STE 130<br>FORT WORTH, TX 76196 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.139 TENNESSEE DEPARTMENT OF REVENUE<br>ANDREW JACKSON STATE OFFICE BUILDING<br>500 DEADERICK ST.<br>NASHVILLE, TN 37242 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.140 TENNESSEE SECRETARY OF STATE<br>312 ROSA L PARKS AVENUE<br>NASHVILLE, TN 37243 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.141 TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>111 E. 17TH ST<br>AUSTIN, TX 78774-0100 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                      **Case Number:**      **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---|---|

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
|---|---|---|---|---|---|---|---|
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| 2.142 TEXAS PUBLIC UTILITY COMMISSION<br>P.O. BOX 13326<br>AUSTIN, TX 78711-3326 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.143 TRENTON CITY TAX COLLECTOR<br>309 S COLLEGE STREET<br>TRENTON, TN 38382 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.144 TULSA COUNTY TREASURER<br>500 SOUTH DENVER AVE STE 336<br>TULSA, OK 74103 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.145 UTAH DEPT OF FINANCIAL INSTUTIONS<br>324 SOUTH STATE STREET, SUITE 201<br>SALT LAKE CITY, UT 84111 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.146 UTAH DIVISION OF CORPORATIONS<br>160 EAST 300 SOUTH<br>SALT LAKE CITY, UT 84111 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.147 UTAH STATE TAX COMMISSIONER<br>210 N 1950 W<br>SALT LAKE CITY, UT 84134 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.148 VERMONT DEPARTMENT OF TAXES<br>133 STATE STREET<br>MONTPELIER, VT 05633 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.149 VERMONT SECRETARY OF STATE<br>128 STATE STREET<br>MONTPELIER, VT 05633 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.150 VIRGIN ISLANDS SECRETARY OF STATE<br>5049 KONGENS GADE<br>ST. THOMAS, VI 00802 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.151 VIRGINIA SECRETARY OF STATE<br>1300 E MAIN STREET<br>RICHMOND, VA 23219 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.152 VIRGINIA STATE CORPORATION COMMISSION<br>1300 E MAIN STREET<br>RICHMOND, VA 23219 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| 2.153 WASHINGTON DEPARTMENT OF COMMERCE<br>1011 PLUM STREET<br>OLYMPIA, WA 98504 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ☑ | ☑ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                    **Case Number:**        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
| --- | --- |

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C | U | D | Offset | Total Claim | Priority Amount |
| --- | --- | --- | --- | --- | --- | --- | --- |
| **Taxes and certain other debts owed to the government 507(a)(8)** | | | | | | | |
| **2.154** WASHINGTON DEPARTMENT OF REVENUE<br>3315 S 23RD STREET<br>TACOMA, WA 98405 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.155** WASHINGTON SECRETARY OF STATE<br>416 SID SNYDER AVENUE SW<br>OLYMPIA, WA 98501 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.156** WASHOE COUNTY TREASURER<br>1001 E. 9TH STREET<br>D 140<br>RENO, NV 89512-2845 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.157** WEST VIRGINIA SECRETARY OF STATE<br>STATE CAPITAL BUILDING | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.158** WEST VIRGINIA TREASURY DEPARTMENT<br>ATTN: LEGAL DIVISION<br>1001 LEE STREET, EAST<br>CHARLESTON, WV 25301 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.159** WISCONSIN DEPARTMENT OF REVENUE<br>4822 MADISON YARDS WAY, NORTH TOWER<br>MADISON, WI 53705 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.160** WISCONSIN DEPT OF FINANCIAL INSTITUTIONS<br>4822 MADISON YARDS WAY, NORTH TOWER<br>MADISON, WI 53705 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.161** WISCONSON DEPT OF FINANCIAL INSTITUTIONS<br>201 W WASHINGTON AVE. SUITE 500<br>MADISON, WI 53703 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.162** WV DIVISION OF FINANCIAL INSTITUTIONS<br>900 PENNSYLVANIA AVE STE 306<br>CHARLESTON, WV 25302-3542 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| **2.163** WYOMING SECRETARY OF STATE<br>2020 CAREY AVENUE, 600<br>CHEYENNE, WY 82001 | UNKNOWN<br><br>ACCOUNT NO.: NOT AVAILABLE | ✔ | ✔ | ☐ | ☐ | UNDETERMINED | UNDETERMINED |
| | Taxes and certain other debts owed to the government 507(a)(8) Total: | | | | | UNDETERMINED | UNDETERMINED |

**Ditech Holding Corporation**                                                      **Case Number:**        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 1: | List All Creditors with PRIORITY Unsecured Claims |
|---------|----------------------------------------------------|

Total: All Creditors with PRIORITY Unsecured Claims                         UNDETERMINED    UNDETERMINED

**Ditech Holding Corporation**                                      Case Number:      **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| **Part 2:** | **List All Creditors with NONPRIORITY Unsecured Claims** |
|---|---|

3.  **List in alphabetical order all of the creditors with nonpriority unsecured claims. If the debtor has more than 6 creditors with nonpriority unsecured claims, fill out and attach the Additional Page of Part 2.**

| Creditor's Name, Mailing Address Including Zip Code | Date Claim Was Incurred And Account Number | C U D | Basis For Claim | Offset | Amount of Claim |
|---|---|---|---|---|---|
| **Intercompany** | | | | | |
| 3.1  DITECH FINANCIAL LLC 3000 BAYPORT DRIVE SUITE 985 TAMPA, FL 33607 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ ☐ ☐ | Intercompany Payable | ☐ | $297,319,113 |
| 3.2  MORTGAGE ASSET SYSTEMS, LLC 3000 BAYPORT DRIVE SUITE 985 TAMPA, FL 33607 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ ☐ ☐ | Intercompany Payable | ☐ | $159,628 |
| 3.3  RMS 2018-09, LLC 3000 BAYPORT DRIVE SUITE 985 TAMPA, FL 33607 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ ☐ ☐ | Intercompany Payable | ☐ | $278,457 |
| 3.4  RMS REO BRC, LLC 3000 BAYPORT DRIVE SUITE 985 TAMPA, FL 33607 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ ☐ ☐ | Intercompany Payable | ☐ | $68,183 |
| 3.5  RMS REO CS, LLC 3000 BAYPORT DRIVE SUITE 985 TAMPA, FL 33607 | UNKNOWN ACCOUNT NO.: NOT AVAILABLE | ☑ ☐ ☐ | Intercompany Payable | ☐ | $88,659 |
| | | | **Intercompany Total:** | | **$297,914,041** |

**Ditech Holding Corporation**                                                          **Case Number:**        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

**Part 2:**    **List All Creditors with NONPRIORITY Unsecured Claims**

|                                                                 |              |
|-----------------------------------------------------------------|--------------|
| Total: All Creditors with NONPRIORITY Unsecured Claims          | $297,914,041 |

**Ditech Holding Corporation**                                              Case Number:        **19-10412**

## Schedule E/F: Creditors Who Have Unsecured Claims

| Part 4: | Total Amounts of the Priority and Nonpriority Unsecured Claims |
|---------|---------------------------------------------------------------|

5.    Add the amounts of priority and nonpriority unsecured claims.

|  |  |  | Total of claim amounts |
|--|--|--|------------------------|
| 5a. | **Total claims from Part 1** | 5a. | $0 |
| 5b. | **Total claims from Part 2** | 5b. **+** | $297,914,041 |
| 5c. | **Total of Parts 1 and 2** | 5c. | $297,914,041 |
|  | Lines 5a + 5b = 5c. |  |  |

**Ditech Holding Corporation**                                                  **Case Number:**          **19-10412**

## Schedule G: Executory Contracts and Unexpired Leases

1.   **Does the debtor have any executory contracts or unexpired leases?**

☐ No. Check this box and file this form with the court with the debtor's other schedules. There is nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed on Schedule A/B: Assets - Real and Personal Property (Official Form 206A/B).

2.   **List all contracts and unexpired leases**

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **General Agreements** | | | | | |
| 2. 1   ENGAGEMENT AGREEMENT | | EA-10001 | ☐ | BALLARD SPAHR | 1735 MARKET ST, 51ST FLOOR<br><br>PHILADELPHIA , PA 19103-7599 |
| 2. 2   ENGAGEMENT AGREEMENT | | EA-10002 | ☐ | BROWN RUDNICK | ATTN: MARK LEONARDO<br>1 FINANCIAL CENTER<br><br>BOSTON , MA 02111 |
| 2. 3   ENGAGEMENT AGREEMENT | | EA-10003 | ☐ | CADWALDER | ATTN: FRANK POLVERINO<br>200 LIBERTY STREET<br><br>NEW YORK , NY 10281 |
| 2. 4   ENGAGEMENT AGREEMENT | | EA-10004 | ☐ | CARLTON FIELDS | PO BOX 3239<br><br>TAMPA , FL 33601 |
| 2. 5   ENGAGEMENT AGREEMENT | | EA-10005 | ☐ | FRANZEN AND SALZANO | ATTN: TAMMY BARNETT<br>3500 PARKWAY LANE SUITE 305<br>PEACHTREE CORNERS , GA 30092 |

Ditech Holding Corporation                                                                 **Case Number:**        **19-10412**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 6    MSA DATED 2/13/2019 | | ERN-843 | ☐ | INSIGHT DIRECT USA, INC | ATTN LEGAL DEPT<br>6820 S HART AVE<br>TEMPE, AZ 85283 |
| 2. 7    LICENSE AGREEMENT DATED 1/8/2019 | | ERN-858 | ☐ | INTELLIGIZE INC | NOT AVAILABLE |
| 2. 8    ENGAGEMENT AGREEMENT | | EA-10006 | ☐ | KILPATRICK TOWNSEND | ATTN: JOHN ALDEN<br>1100 PEACHTREE STREET<br>SUITE 2800<br>ATLANTA          , GA 30309-4530 |
| 2. 9    SAAS AGREEMENT DATED 10/15/2018 | | ERN-897 | ☐ | LEASE HARBOR LLC | ATTN SCOTT WILLIAMS<br>3350 W SALT CREEK LN, STE 100<br>ARLINGTON HEIGHTS , IL 06005 |
| 2. 10    ENGAGEMENT AGREEMENT | | EA-10007 | ☐ | LITTLER MENDELSON | ATTN: SHIN-I LOWE<br>333 BUSH STREET<br>34TH FLOOR<br>SAN FRANCISCO          , CA 94104 |
| 2. 11    MSA DATED 10/22/2018 | | ERN-1025 | ☐ | NASDAQ CORPORATE SOLUTIONS INTERNATIONAL LIMITED | ATTN SVP<br>WOOLGATE EXCHANGE<br>25 BASINGHALL STREET<br>LONDON EC2V 5HA<br>ECUADOR |
| 2. 12    MSA DATED 10/22/2018 | | ERN-1025 | ☐ | NASDAQ CORPORATE SOLUTIONS LLC | ATTN SVP<br>ONE LIBERTY PLAZA<br>165 BROADWAY<br>NEW YORK, NY 10006 |
| 2. 13    MSA DATED 10/22/2018 | | ERN-1025 | ☐ | NASDAQ KOREA LTD | ATTN SVP<br>22ND FL, TWO IFC<br>10 GUKJEGEUMYUNG-RO,<br>YOUNGDEUNGPO-GU<br>SEOUL 07326 |

Ditech Holding Corporation                                                                  Case Number:        19-10412

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 14   MSA DATED 10/22/2018 | | ERN-1025 | ☐ | NASDAQ PTY LTD | ATTN SVP<br>LEVEL 8, 155 GEORGE ST<br>THE ROCKS, NSW 2000 |
| 2. 15   ENGAGEMENT AGREEMENT | | EA-10008 | ☐ | SIMPSON THACHER | ATTN: LEE MEYERSON<br>425 LEXINGTON<br>AVENUE<br><br>NEW YORK          , NY 10017-3954 |
| 2. 16   ENGAGEMENT AGREEMENT | | EA-10009 | ☐ | SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP | ATTN: DAVID J.<br>GOLDSCHMIDT<br>4 TIMES SQUARE<br><br>NEW YORK          , NY 10036 |
| 2. 17   MSA DATED 2/4/2019 | | ERN-1492 | ☐ | TAYLOR WHITE SPECIALIZED STAFFING SERVICES IN | 5426 BAY CENTER DR, STE 110<br>TAMPA, FL 33609 |
| 2. 18   MSA DATED 11/8/2018 | | ERN-1574 | ☐ | UNITED STATES POSTAL SERVICE, THE | ATTN DENNIS NICOSKI, SVP<br>SALES & CUSTOMER RELATIONS<br>475 L'ENFANT PLAZA SW<br>WASHINGTON, DC 20260 |
| 2. 19   ENGAGEMENT AGREEMENT | | EA-10010 | ☐ | VENABLE | ATTN: CHRISTOPHER<br>PATE<br>750 EAST PRATT<br>STREET<br>SUITE 900<br>BALTIMORE          , MD 21202 |
| 2. 20   ENGAGEMENT AGREEMENT | | EA-10011 | ☐ | WILLKIE FARR | ATTN: ROBERT<br>RACHOFSKY<br>787 SEVENTH AVENUE<br><br>NEW YORK          , NY 10019-6099 |

**Ditech Holding Corporation**                                                   **Case Number:**      **19-10412**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Customer Contracts** | | | | | |
| 2. 21  SERVICING AGREEMENT DATED AS OF JANUARY 15, 2016 | | CC-10166 | ☐ | MOTTS CREEK CAPITAL LLC | NOT AVAILABLE |
| 2. 22  ACKNOWLEDGEMENT AGREEMENT DATED JANUARY 3, 2017 | | CC-10187 | ☐ | NATIONSTAR MORTGAGE LLC | NOT AVAILABLE |
| 2. 23  SUBSERVICING AGREEMENT I - AUGUST 8, 2016 | | CC-10001 | ☐ | NEW RESIDENTIAL MORTGAGE LLC | NOT AVAILABLE |
| 2. 24  SUBSERVICING AGREEMENT I - AUGUST 8, 2016 | | CC-10002 | ☐ | NEW RESIDENTIAL MORTGAGE LLC | NOT AVAILABLE |
| 2. 25  SERVICING AGREEMENT DATED MARCH 1, 2006 | | CC-10186 | ☐ | NP154, LLC | NOT AVAILABLE |
| 2. 26  SERVICING AGREEMENT DATED AS OF DECEMBER 29, 2017 | | CC-10188 | ☐ | NRZ MORTGAGE HOLDINGS LLC | NOT AVAILABLE |
| 2. 27  SERVICING AGREEMENT DATED AS OF JANUARY 15, 2016. | | CC-10191 | ☐ | ORIGEN MANAFACTURED HOUSING CONTRACT TRUST 2004-A | NOT AVAILABLE |
| 2. 28  SERVICING AGREEMENT DATED AS OF FEBRUARY 16, 2016. | | CC-10192 | ☐ | ORIGEN MANAFACTURED HOUSING CONTRACT TRUST 2004-B | NOT AVAILABLE |
| 2. 29  SERVICING AGREEMENT DATED AS OF NOVMEBER 15, 2016. | | CC-10193 | ☐ | ORIGEN MANAFACTURED HOUSING CONTRACT TRUST 2005-A | NOT AVAILABLE |
| 2. 30  SERVICING AGREEMENT DATED AS OF SEPTEMBER 15, 2017. | | CC-10194 | ☐ | ORIGEN MANAFACTURED HOUSING CONTRACT TRUST 2005-B | NOT AVAILABLE |
| 2. 31  SERVICING AGREEMENT DATED AS OF JUNE 29, 2018. | | CC-10209 | ☐ | TOWD POINT MASTER FUNDING LLC | NOT AVAILABLE |
| 2. 32  SERVICING AGREEMENT DATED AS OF JUNE 29, 2018. | | CC-10210 | ☐ | TOWD POINT MASTER FUNDING LLC | NOT AVAILABLE |

**Ditech Holding Corporation**                                                              **Case Number:**        **19-10412**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| 2. 33    SERVICING AGREEMENT DATED AS OF JUNE 29, 2018. | | CC-10211 | ☐ | TOWD POINT MASTER FUNDING LLC | NOT AVAILABLE |

**Ditech Holding Corporation**                                                                 **Case Number:**          **19-10412**

## Schedule G: Executory Contracts and Unexpired Leases

| Nature of the Debtor's Interest | Expiration Date | Contract ID | Co-Debtor | Name | Address |
|---|---|---|---|---|---|
| **Real Estate Leases** | | | | | |
| 2. 34    REAL ESTATE LEASE | | RE-1006 | ☐ | BAYPORT PLAZA INVESTORS LLC | C/O UBS REALTY INVESTORS LLC 10 STATE HOUSE SQUARE, 15TH FLOOR HARTFORD, CT 06103 |
| 2. 35    REAL ESTATE LEASE | | RE-1020 | ☐ | LSOP 3 PA 1, LLC | 2 POST ROAD WEST WESTPORT, CT 06880 |
| 2. 36    REAL ESTATE LEASE | | RE-1050 | ☐ | STAG III RAPID CITY LLC | 1400 TURBINE DRIVE RAPID CITY, SD 57703 |

## Schedule G: Executory Contracts and Unexpired Leases

**TOTAL NUMBER OF CONTRACTS:  36**

# In re: Ditech Holding Corporation, et al.,
## Schedule H: Codebtors

### Second Amended and Restated Credit Agreement

| Role | Debtor |
| --- | --- |
| Borrower | Ditech Holding Corporation |
| Guarantor | DF Insurance Agency LLC |
| Guarantor | Ditech Financial LLC |
| Guarantor | Green Tree Credit LLC |
| Guarantor | Green Tree Credit Solutions LLC |
| Guarantor | Green Tree Insurance Agency of Nevada, Inc. |
| Guarantor | Green Tree Investment Holdings III LLC |
| Guarantor | Green Tree Servicing Corp. |
| Guarantor | Marix Servicing LLC |
| Guarantor | Mortgage Asset Systems, LLC |
| Guarantor | REO Management Solutions, LLC |
| Guarantor | Reverse Mortgage Solutions, Inc. |
| Guarantor | Walter Management Holding Company LLC |
| Guarantor | Walter Reverse Acquisition LLC |

### Ditech Master Repurchase Agreement

| Role | Debtor |
| --- | --- |
| Borrower | Ditech Financial LLC |
| Guarantor | Ditech Holding Corporation |

### RMS Master Repurchase Agreement

| Role | Debtor |
| --- | --- |
| Borrower | Reverse Mortgage Solutions, Inc. |
| Guarantor | Ditech Holding Corporation |

### RMS Second Amended and Restated Master Repurchase Agreement

| Role | Debtor |
| --- | --- |
| Borrower | Reverse Mortgage Solutions, Inc. |
| Guarantor | Ditech Holding Corporation |

## In re: Ditech Holding Corporation, et al.,
## Schedule H: Codebtors

### Second Lien Notes Indenture

| Role | Debtor |
|---|---|
| Borrower | Ditech Holding Corporation |
| Guarantor | DF Insurance Agency LLC |
| Guarantor | Ditech Financial LLC |
| Guarantor | Green Tree Credit LLC |
| Guarantor | Green Tree Credit Solutions LLC |
| Guarantor | Green Tree Insurance Agency of Nevada, Inc. |
| Guarantor | Green Tree Investment Holdings III LLC |
| Guarantor | Green Tree Servicing Corp. |
| Guarantor | Marix Servicing LLC |
| Guarantor | Mortgage Asset Systems, LLC |
| Guarantor | REO Management Solutions, LLC |
| Guarantor | Reverse Mortgage Solutions, Inc. |
| Guarantor | Walter Management Holding Company LLC |
| Guarantor | Walter Reverse Acquisition LLC |

### GSE Servicer Advance Facility

| Role | Debtor |
|---|---|
| Borrower | Ditech Financial LLC |
| Guarantor | Ditech Holding Corporation |

### PLS Servicer Advance Facility

| Role | Debtor |
|---|---|
| Borrower | Ditech Financial LLC |
| Guarantor | Ditech Holding Corporation |

**Ditech Holding Corporation**                                    **Case Number:**          **19-10412**

## Schedule H: Codebtors

1.  **Does the debtor have any codebtors?**

    ☐ No. Check this box and submit this form to the court with the debtor's other schedules. Nothing else needs to be reported on this form.

    ☑ Yes

2.  **In Column 1, list as codebtors all of the people or entities who are also liable for any debts listed by the debtor in the schedules of creditors, Schedules D-G.**

    Include all guarantors and co-obligors. In Column 2, identify the creditor to whom the debt is owed and each schedule on which the creditor is listed. If the codebtor is liable on a debt to more than one creditor, list each creditor separately in Column 2.

| Column 1 | Column 2 | Applicable Schedules | | |
|---|---|---|---|---|
| **Codebtor Name and Mailing Address** | **Creditor Name** | **D** | **E/F** | **G** |
| 2.1       SEE ATTACHED CHART | | ☐ | ☐ | ☐ |

| Fill in this information to identify the case: | |
|---|---|
| Debtor Name: | Ditech Holding Corporation |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case Number (if known): | 19-10412 |

☐ Check if this is an amended filing

## Official Form 206Sum

## Summary of Assets and Liabilities for Non-Individuals

**12/15**

| Part 1: | Summary of Assets |
|---|---|

1. **Schedule A/B: Assets–Real and Personal Property** (Official Form 206A/B)

    1a. **Real property:**

        Copy line 88 from Schedule A/B .................................................................      $2,719

    1b. **Total personal property:**

        Copy line 91A from Schedule A/B .................................................................      $52,784,226

        +

    1c. **Total of all property:**

        Copy line 92 from Schedule A/B .................................................................      $52,786,945

| Part 2: | Summary of Liabilities |
|---|---|

2. **Schedule D: Creditors Who Have Claims Secured by Property** (Official Form 206D)

    Copy the total dollar amount listed in Column A, Amount of claim, from line 3 of Schedule D .............................      $2,643,790,769

3. **Schedule E/F: Creditors Who Have Unsecured Claims** (Official Form 206E/F)

    3a. **Total claim amounts of priority unsecured claims:**

        Copy the total claims from Part 1 from line 6a of Schedule E/F .................................................................      $0

    3b. **Total amount of claims of nonpriority amount of unsecured claims:**

        Copy the total of the amount of claims from Part 2 from line 6b of Schedule E/F .....................................      $297,914,041

        +

4. **Total liabilities**

    Lines 2 + 3a + 3b .................................................................      $2,941,704,810

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name: | Ditech Holding Corporation |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case Number (if known): | 19-10412 |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**Warning -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and Signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- [X] Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)
- [X] Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- [X] Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- [X] Schedule G:  Executory Contracts and Unexpired Leases (Official Form 206G)
- [X] Schedule H: Codebtors (Official Form (206H)
- [X] Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- [ ] Amended Schedule _____
- [ ] Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

**Executed on:**     March 27, 2019              **Signature:**   /s/ Gerald Lombardo

Gerald Lombardo, Authorized Officer
**Name and Title**