**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------X
                                          :
In re                                     :   **Chapter 11**
                                          :
**DITECH HOLDING CORPORATION,** *et al.*, :   **Case No. 19-10412 (JLG)**
                                          :
        Debtors.[1]                       :   **(Jointly Administered)**
                                          :   **Related Docket Nos. 146, 147, 150, 315,**
                                          :   **316, 470, 516, 543**
                                          :
-------------------------------------------------------------X

### ORDER (I) APPROVING DISCLOSURE STATEMENT AND NOTICE OF DISCLOSURE STATEMENT HEARING, (II) ESTABLISHING SOLICITATION AND VOTING PROCEDURES, (III) SCHEDULING CONFIRMATION HEARING, (IV) APPROVING CONFIRMATION OBJECTION PROCEDURES AND NOTICE OF CONFIRMATION HEARING, AND (V) GRANTING RELATED RELIEF

Upon the motion, dated March 5, 2019 (the "**Motion**"),[2] of Ditech Holding

Corporation and its debtor affiliates, as debtors and debtors in possession in the above-captioned

chapter 11 cases (collectively, the "**Debtors**"), pursuant to sections 105, 502, 1125, 1126, and 1128

of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 2002, 3003, 3016, 3017,

3018, 3020, and 9006 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"),

and Rules 2002-1, 3017-1, 3018-1, 3020-1, and 9006-1 of the Local Bankruptcy Rules for the

Southern District of New York (the "**Local Rules**"), for entry of order (a) approving the Disclosure

Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code;

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion or in the Plan, as applicable.

(b) approving the form and manner of the Disclosure Statement Notice; (c) scheduling the Confirmation Hearing to consider confirmation of the Plan; (d) approving objection procedures to the confirmation of the Debtors' Plan, and the form and manner of the Confirmation Hearing Notice, substantially in the form attached hereto as **Schedule 1**; and (e) approving certain solicitation and voting procedures in connection with the Plan, including, among other things, the form of Ballot, substantially in the form attached hereto as **Schedule 2**; all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein as set forth in the affidavits of service filed with respect thereto [ECF Nos. 169 and 173]; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing to consider the relief requested in the Motion on May 10, 2019 (the "**Hearing**"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their Estates, creditors, and all parties in interest; and upon all of the

WEIL:\97026282\4\41703.0010

proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A.    <u>Jurisdiction and Venue</u>.    Consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28 U.S.C. § 157(b).    Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.    The Court has jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

B.    <u>Statutory and Legal Predicates</u>.    The statutory and legal predicates for the relief requested in the Motion are sections 105, 502, 1125, 1126, and 1128 of the Bankruptcy Code, Bankruptcy Rules 2002, 3003, 3016, 3017, 3018, 3020, and 9006, and Local Rules 2002-1, 3017-1, 3018-1, 3020-1, and 9006-1.

C.    <u>Notice of the Disclosure Statement Hearing and Disclosure Statement Objection Deadline</u>.    The procedures proposed in the Motion providing notice to all parties of the time, date, and place of the hearing to consider approval of the Disclosure Statement (the "**Disclosure Statement Hearing**") and the deadline for filing objections to the Disclosure Statement and the publication of notice of the Disclosure Statement Hearing in the national editions of *The New York Times* and *USA Today*, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 3017-1.    No further notice is required.

---

[3]    The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.    To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.    To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

WEIL:\97026282\4\41703.0010

D.      The Disclosure Statement.   The Disclosure Statement contains adequate information within the meaning of section 1125 of the Bankruptcy Code.

E.      Balloting and Voting Procedures.  The procedures set forth in this Order for the solicitation and tabulation of votes to accept or reject the Plan provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code.

F.      Ballot.  The ballot substantially in the form annexed hereto as **Schedule 2** (the "**Ballot**"), including all voting instructions provided therein, is consistent with Official Bankruptcy Form No. B 314, addresses the particular needs of these chapter 11 cases, and provides adequate information and instructions for each individual entitled to vote to accept or reject the Plan.  No further information or instructions are necessary.

G.      Parties Entitled to Vote.  Pursuant to the Plan, holders of Claims in Class 3 (Term Loan Claims) are entitled to vote on account of such Claims.

H.      Parties Not Entitled to Vote.  Pursuant to the Plan, holders of Claims in Class 1 (Priority Non-Tax Claims), Class 2 (Other Secured Claims), Class 6 (Borrower Non-Discharged Claims) (in a Reorganization Transaction), Class 7 (Intercompany Claims), and Class 8 (Intercompany Interests) are Unimpaired and, accordingly, pursuant to section 1126(f) of the Bankruptcy Code, are conclusively presumed to accept the Plan and are not entitled to vote on account of such Claims.  Further, the Debtors contend and no party in interest has contested that holders of Claims in Class 4 (Second Lien Notes Claims), Class 5 (General Unsecured Claims), Class 6 (Borrower Non-Discharged Claims) (in a Sale Transaction), Class 9 (Parent Equity Interests) and Class 10 (Subordinated Securities Claims) are Impaired and are conclusively deemed to have rejected the Plan.  Accordingly, pursuant to section 1126(g) of the Bankruptcy Code such holders are not entitled to vote on account of such Claims.

WEIL:\97026282\4\41703.0010

I.      Solicitation Packages and Distribution Procedures.    The proposed distribution and contents of the Solicitation Packages comply with section 1126 of the Bankruptcy Code and Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties of the Record Date, Voting Deadline, Plan Objection Deadline, Confirmation Hearing, and other related matters.

J.      Solicitation Period.  The period during which the Debtors may solicit votes to accept or reject the Plan established herein is a reasonable and sufficient period of time for the Voting Class to make an informed decision regarding whether to accept or reject the Plan and timely return Ballots evidencing such decision.

K.      Notice of Confirmation Hearing, Plan Objection Deadline, and Notice of Sale.  The procedures set forth in the Motion regarding notice to all parties of the time, date, and place of the hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") and for filing objections or responses to the Plan, provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017.  No further notice is required.  For the avoidance of doubt, any notice of sale shall be served to all parties in interest in accordance with the order approving the Debtors' bidding procedures (including a condensed and simplified notice to the Debtors' consumer borrowers).

L.      Notice.  All other notices to be provided pursuant to the procedures set forth in the Motion are good and sufficient notice to all parties in interest of all matters pertinent hereto and of all matters pertinent to the Confirmation Hearing.  No further notice is required.

M.      Relief is Warranted.  The legal and factual bases set forth in the Motion establish just and sufficient cause to grant the relief requested therein.

WEIL:\97026282\4\41703.0010

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1.      The Motion is granted as set forth herein.

2.      All objections to the relief granted herein that have not been withdrawn with prejudice, waived, or settled, and all reservations of rights included in such objections, hereby are overruled and denied on the merits with prejudice.

### Disclosure Statement

3.      The Disclosure Statement contains adequate information in accordance with section 1125 of the Bankruptcy Code and is **APPROVED**.

4.      The form and manner of the notice of the hearing on the Disclosure Statement complied with all applicable Bankruptcy Rules and Local Rules.

5.      The Disclosure Statement (including all applicable exhibits thereto) provides sufficient notice of the injunction, exculpation, and release provisions contained in Article X of the Plan, in accordance with Bankruptcy Rule 3016(c).

6.      The Debtors are authorized to not include the recoveries to creditors under the Plan or a liquidation analysis in the Disclosure Statement; provided that, the Debtors shall file, no later than the date that the Plan Supplement (as defined in the Plan) is filed, (a) the expected recoveries to creditors under the Plan, (b) a liquidation analysis, and (c) if necessary, a valuation analysis, each of which shall be served on holders of Claims in the Voting Class as promptly as practicable upon filing.

### Solicitation and Voting Procedures

#### *The Voting Record Date*

7.      The Voting Record Date shall be **May 8, 2019**.  Only holders of Claims as of the Voting Record Date shall be entitled to vote to accept or reject the Plan.

WEIL:\97026282\4\41703.0010

8.      With respect to any transferred Claim, if the transferor of such Claim is entitled to vote with respect to the Plan, the transferee shall be entitled to receive a Solicitation Package and vote to accept or reject the Plan on account of the transferred Claim only if:  (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Voting Record Date or (b) the transferee files, no later than the Voting Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence the transfer and (ii) a sworn statement of the transferor supporting the validity of the transfer.  In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Voting Record Date of such transferred Claim.

### *Solicitation Packages*

9.      The Solicitation Packages are **APPROVED**.

10.      The Debtors shall mail the Solicitation Packages no later than **three (3) calendar days following the date of entry of the Disclosure Statement Order or as soon a reasonably practicable thereafter** (the "**Solicitation Date**"), to the U.S. Trustee and holders of Claims in the Voting Class entitled to vote on the Plan as of the Voting Record Date, as required by Bankruptcy Rule 3017(d).

11.      Solicitation Packages shall contain a copy of:

(a)      this Order (without attachments);

(b)      the Confirmation Hearing Notice;

(c)      a Ballot for those creditors entitled to vote on the Plan; and

(d)      a link to the Debtors' website page containing the Plan and Disclosure Statement.

WEIL:\97026282\4\41703.0010

12.     Any party entitled to receive a copy of the Plan and Disclosure Statement may request a copy of the Disclosure Statement (and attachments) either in electronic format on a USB flash drive or paper format by email or by written request.  Upon receipt of such request, the Debtors will promptly provide such parties with a copy of the Plan and the Disclosure Statement at no cost to them.

13.     The Debtors shall not be required to send Solicitation Packages to holders of Claims that have already been paid in full; provided, however, that if any such Claim holder would be entitled to receive a Solicitation Package for any other reason, the Debtors shall send such Claim holder a Solicitation Package in accordance with the procedures set forth in the Motion.

14.     With respect to addresses from which the Debtors have received mailings returned as undeliverable by the United States Postal Service, the Debtors are excused from mailing Solicitation Packages or any other materials related to voting or confirmation of the Plan to those entities listed at such addresses unless the Debtors are provided with accurate addresses for such entities before the Voting Deadline, and failure to mail Solicitation Packages or any other materials related to voting or confirmation of the Plan to such entities will not constitute inadequate notice of the Confirmation Hearing or the Voting Deadline and shall not constitute a violation of Bankruptcy Rule 3017.

*Ballots*

15.     The Ballot, substantially in the form attached hereto as **Schedule 2** is **APPROVED**.

16.     The Debtors are authorized to make non-substantive changes to the Ballot and related documents without further order of the Court, including ministerial changes to correct

8

typographical and grammatical errors, and to make conforming changes among the Ballot and any other materials in the Solicitation Packages prior to mailing.

17.  The Voting Deadline shall be **June 10, 2019 at 4:00 p.m. (prevailing Eastern Time)** unless extended by the Debtors either (a) for any holder of a Claim in a Voting Class by written (including by email) notice to such holder or (b) for an entire Voting Class by notice filed by the Debtors in these chapter 11 cases.

18.  All Ballots must be properly executed, completed, and delivered to Epiq by first-class mail, overnight courier, or hand delivery so that they are **actually received** by Epiq no later than the Voting Deadline.  In addition to accepting hard copy Ballots via first class mail, overnight courier, and hand delivery, the Debtors are authorized to accept Ballots via electronic, online transmissions, solely through a customized online balloting portal on the Debtors' case website to be maintained by Epiq (the "**E- Ballot Portal**").  Parties entitled to vote may cast an electronic Ballot and electronically sign and submit the Ballot instantly by utilizing the E-Ballot Portal (which allows a holder to submit an electronic signature).  The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.  For the avoidance of doubt, holders may only cast Ballots electronically via the E-Ballot Portal.  Ballots submitted by email, facsimile, or any other means of electronic submission not specifically authorized by the solicitation procedures shall not be counted.

### *Tabulation Procedures*

19.  The following tabulation procedures are **APPROVED**.

WEIL:\97026282\4\41703.0010

20.     If applicable, solely for purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a Claim, and without prejudice to the rights of the Debtors in any other context, each Claim within a Class entitled to vote to accept or reject the Plan is to be temporarily allowed in an amount equal to the amount of such Claim as set forth in a timely filed proof of Claim, or, if no proof of Claim was filed, the liquidated, noncontingent, undisputed amount of such Claim as set forth in the applicable Debtors' schedule of assets and liabilities (collectively, as may be amended from time to time, the "**Schedules**"), <u>provided</u>, <u>that</u>:

a) If a Claim is deemed Allowed pursuant to the Plan, such Claim shall be Allowed for voting purposes in the deemed Allowed amount set forth in the Plan;

b) If a Claim, for which a proof of Claim has been timely filed, is wholly contingent, unliquidated, or disputed (based on the face of the Claim or a reasonable review of the Claim and its supporting documentation), such Claim shall be allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00, unless such Claim is disputed in the manner set forth in subparagraph (f) below;

c) If a Claim, for which a proof of Claim was timely filed, lists an amount that is partially unliquidated or contingent, such Claim shall be temporarily allowed only in the liquidated, noncontingent amount set forth on the proof of Claim, unless such Claim is disputed in the manner set forth in subparagraph (f) below;

d) If a Claim has been estimated for voting purposes or otherwise allowed for voting purposes by order of the Court, such Claim shall be allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or distribution, unless otherwise provided by order of the Court;

e) If a Claim is listed in the Schedules as contingent, unliquidated, disputed, in the amount of $0.00, or unknown, and a proof of Claim was not (i) filed by the applicable bar date for the filing of proofs of Claim established by the Bar Date Order or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtors have consented in writing, such Claim shall be disallowed for voting purposes, provided, however, if the applicable bar date has not yet passed, such Claim shall be entitled to vote in the amount of $1.00;

WEIL:\97026282\4\41703.0010

f) If the Debtors serve an objection to, or request for estimation of, a Claim at least ten (10) days before the Voting Deadline, such Claim shall be temporarily disallowed for voting purposes only and not for purposes of allowance or distribution, except to the extent and in the manner as may be set forth in the objection or request for estimation, or as ordered by the Court before the Voting Deadline;

g) Holders of Claims who, after the Voting Record Date, but prior to the bar date for the filing of proofs of Claim established by the Bar Date Order, have filed a proof of claim (i) regarding a Claim that is not listed in the Schedules and (ii) that has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the bar date established by the Bar Date Order, shall be entitled to vote in an amount equal to the amount of such Claim as set forth in the timely filed proof of Claim;

h) For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtor(s) in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan;

i) Notwithstanding anything contained herein to the contrary, the Debtors in their discretion, may waive any defects in a Ballot, or enter into a stipulation to settle or resolve any dispute in relation thereto, with a holder of a Claim that has completed a Ballot;

j) Notwithstanding anything contained herein to the contrary, Epiq, in its discretion, may contact entities entitled to vote to cure any defects in the Ballot;

k) There shall be a rebuttable presumption that in the case where more than one timely, properly completed Ballot voting the same Claim is received, only the last properly completed Ballot will be counted unless the holder of the Claim receives Court approval otherwise;

l) Notwithstanding anything to the contrary contained herein, any Claim holder who has filed or purchased duplicate Claims within the same Class shall be provided with only one Solicitation Package and one Ballot for voting a single Claim in such Class, regardless of whether the Debtors have objected to such duplicate Claims;

m) If a proof of claim has been amended by a later proof of claim that is filed on or prior to the Voting Record Date, the later filed amending Claim shall be entitled to vote in a manner consistent with these tabulation rules, and the earlier filed Claim shall be disallowed for voting purposes, regardless of whether the Debtors have objected to such amended Claim. Except as otherwise ordered by the Court, any amendments to proofs of claim after

11

the Voting Record Date shall not be considered for purposes of these tabulation rules;

n)  If a Claim is filed in the amount of $0.00, the holder of such Claim shall not be entitled to vote on account of such Claim; and

o)  Holders of paid or otherwise satisfied claims are not entitled to vote.

Additionally, with respect to Term Loan Claims, solely for purposes of voting to accept or reject the Plan, and not for purposes of allowance or distribution, the Debtors shall be entitled to rely on the amounts of such Claims as set out in the register of the Prepetition Administrative Agent as of the Voting Record Date, and the Prepetition Administrative Agent will provide the Debtors or Epiq with the applicable records in electronic Microsoft Excel format no later than three (3) business days following the Voting Record Date.  Further, the Debtors shall be subject to the requirements set forth in subsections 20(h)-(k) listed above with respect to Term Loan Claims.

21.    Any Ballot that is properly completed, executed, and timely returned to Epiq but does not indicate an acceptance or rejection of the Plan, or indicates both an acceptance and a rejection of the Plan, shall not be counted.

22.    Creditors must vote all of their Claim(s) within the Voting Class, either to accept or reject the Plan, and may not split their vote(s).

23.    A Ballot that partially rejects and partially accepts the Plan shall not be counted.

24.    The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:  (a) any Ballot received after the Voting Deadline unless the Debtors have granted in writing an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the Claim holder; (c) any Ballot cast by a person or entity that does not hold a Claim in a Class that is entitled to vote to accept or reject the Plan; (d) any Ballot that is

12

unsigned or without an original signature; provided, however, for the avoidance of doubt, a Ballot

submitted via Epiq's E-Ballot Portal shall be deemed to contain an original signature; and (e) any

Ballot transmitted to Epiq by facsimile, electronic transmission, or other electronic means (other

than via Epiq's E-Ballot Portal).

25.     **June 10, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Rule 3018(a)**

**Motion Deadline**") shall be the deadline for the filing and serving of any motion requesting

temporary allowance of a Claim for purposes of voting pursuant to Bankruptcy Rule 3018(a)

(the "**Rule 3018(a) Motion(s)**").  Rule 3018(a) Motions must be filed with the Court and served

upon the following parties and such other parties as the Court may order (collectively,

the "**Objection Notice Parties**"), so as to be **actually received** not later than the Rule 3018(a)

Motion Deadline:

| | |
|---|---|
| ***Debtors*** | ***Office of the U.S. Trustee*** |
| Ditech Holding Corporation, et al. | William K. Harrington, U.S. Department of |
| 3000 Bayport Drive | Justice |
| Suite 985 | Office of the U.S. Trustee |
| Tampa, Florida 33607 | 201 Varick Street, Room 1006 |
| Attn:  John Haas | New York, New York 10014 |
| | Attn:  Greg M. Zipes |
| | Benjamin J. Higgins |
| | |
| ***Counsel to the Debtors*** | ***Counsel to the Prepetition Administrative Agent*** |
| Weil, Gotshal & Manges LLP | Davis Polk & Wardwell LLP |
| 767 Fifth Avenue | 450 Lexington Avenue |
| New York, New York 10153 | New York, New York 10017 |
| Attn:  Ray C. Schrock, P.C. | Attn: Brian M. Resnick |
| Sunny Singh | Michelle M. McGreal |
| | |
| ***Counsel to the Term Loan Ad Hoc Group*** | ***Counsel to the DIP Agent and DIP Lender*** |
| Kirkland & Ellis LLP | Skadden, Arps, Slate, Meagher & Flom LLP |
| 300 North LaSalle | 4 Times Square |
| Chicago, Illinois 60654 | New York, New York 10036 |
| Attn:  Patrick J. Nash | Attn: Sarah M. Ward |
| John Luze | Mark A. McDermott |
| | Melissa Tiarks |

**Counsel to Nomura Corporate Funding Americas, LLC**

Jones Day
250 Vesey Street
New York, New York 10281
Attn: Ben Rosenblum

**Counsel to the Creditors' Committee**

Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Attn: Robert J. Feinstein
         Bradford J. Sandler
         Steven W. Golden

and

Rich Michaelson Magaliff, LLP
335 Madison Avenue, 9th Floor
New York, New York 10017
Attn: Robert N. Michaelson
         Elwood F. Collins

26.      Nothing in this Order shall affect or limit any party's rights to object to any proof of claim or Rule 3018(a) Motion.

### Confirmation

#### *Confirmation Hearing*

27.      The Confirmation Hearing shall be held on **June 20, 2019 at 11:00 a.m. (prevailing Eastern Time)**; provided, however, that the Confirmation Hearing may be adjourned or continued from time to time by the Court or the Debtors without further notice, including adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Court.

#### *Plan Supplement*

28.      The Debtors are authorized to file and serve a supplement to the Plan on or before **June 3, 2019**, and to further supplement such plan supplement as necessary thereafter.  In the event there is no auction, the Plan Supplement shall be filed on or before **May 31, 2019**.

29.      The deadline to object or respond to confirmation of the Plan shall be **June 10, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the **"Plan Objection Deadline"**).

14

30.     As soon as reasonably practicable after filing the Plan Supplement, the Debtors shall file and serve a notice of filing of the Plan Supplement on all holders of Claims and Interests, including consumer borrowers of the Debtors.

### Notice of Confirmation Hearing

31.     The Confirmation Hearing Notice substantially in the form attached hereto as **Schedule 1** and the notice to the Debtors' consumer borrowers of the Confirmation Hearing (the "**Consumer Borrower Notice**") substantially in the form attached hereto as **Schedule 3** are **APPROVED**.

32.     The Confirmation Hearing Notice and the Consumer Borrower Notice provide due, proper, and adequate notice, comport with due process and comply with Bankruptcy Rules 2002 and 3017 and Local Rule 6004-1.

33.     All parties in interest shall receive or be deemed to have received good and sufficient notice of (a) the Motion; (b) a Sale Transaction or an Asset Sale Transaction, as applicable, including the sale of the Debtors' assets free and clear of all liens, claims, encumbrances, and other interests; and (c) the Confirmation Hearing, and no further notice of the foregoing shall be required, if, as soon as reasonably practicable, but no later than the Solicitation Date, the Debtors shall cause the Confirmation Hearing Notice to be filed with the Court and served by email, mail, facsimile, or overnight delivery on:  (i) the Office of the United States Trustee for the Southern District of New York; (ii) counsel to the Prepetition Administrative Agent; (iii) counsel to the Term Loan Ad Hoc Group; (iv) counsel to Wilmington Savings Fund Society, FSB, as trustee under that certain Indenture for 9.0% Second Lien Senior Subordinated PIK Toggle Notes due 2024; (v) counsel to the Second Lien Noteholder Ad Hoc Group; (vi) counsel to the DIP Agent; (vii) counsel to the DIP Lenders; (viii) the Creditors' Committee; (ix) counsel to the Federal National Mortgage Association, the Federal Home Loan Mortgage

Corporation, and the Government National Mortgage Association; (x) any party who, in the past

twelve (12) months, expressed in writing to the Debtors an interest in the Debtors' assets; (xi) the

Contract Counterparties; (xii) all parties who are known to have asserted or believed by the

Debtors to hold any lien, claim, encumbrance, or interest in the Debtors' assets; (xiii) the Securities

and Exchange Commission; (xiv) the Internal Revenue Service; (xv) all applicable state attorneys'

general and local authorities; (xvi) all applicable state and local taxing authorities; (xvii) the

Federal Trade Commission; (xviii) the United States Department of Justice; (xix) the United States

Attorney's Office, (xx) the office of the New York Attorney General; (xxi) all of the Debtors'

known creditors (for whom identifying information and addresses are available to the Debtors);

(xxii) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002; and

(xxiii) any other parties, including equity security holders, entitled to notice under Bankruptcy

Rules 2002 and 3017.

34.     The Debtors shall publish the Publication Notice in the national editions of

*The New York Times* and *USA Today* and shall be authorized (but not required) to publish the

Publication Notice in such other publications of general circulation as the Debtors shall determine,

**no later than the Solicitation Date**.

35.     With respect to Class 7 (Intercompany Claims) and Class 8 (Intercompany

Interests), the Debtors are not required to serve any type of notice in connection with the

solicitation of the Plan, including the Confirmation Hearing Notice.

### *Objections to Confirmation*

36.     Objections and responses, if any, to confirmation of the Plan, must:  (a) be

in writing; (b) state the name and address of the objecting party and the amount and nature of the

Claim or Interest of such party; (c) state with particularity the basis and nature of any objection,

and provide proposed language that, if accepted and incorporated by the Debtors, would obviate

16

such objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Court (i) by registered users of the Court's case filing system, electronically in accordance with General Order M-399 (which can be found at http://www.nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Court and General Order M-399, as applicable; and (f) be served in accordance with General Order M-399. In addition to being filed with the Court, any such responses or objections must be served on the Objection Notice Parties, in addition to any such other parties as the Court may order, so as to be received by **no later than the Plan Objection Deadline**. Pursuant to Bankruptcy Rule 3020(b), if no objection is timely filed, this Court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

37. Objections to confirmation of the Plan that are not timely filed, served, and actually received in the manner set forth above shall not be considered unless otherwise agreed by the Debtors or determined by the Court.

38. The Debtors are authorized to file and serve replies or an omnibus reply to any such objections along with their brief in support of confirmation of the Plan either separately or by a single, consolidated reply, as well as any affidavits or declarations in support of confirmation of the Plan on or before **June 14, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Reply Deadline**"). In addition, any party in interest may file and serve a statement in support of confirmation of the Plan and/or a reply to any objections to confirmation of the Plan by the Reply Deadline.

### General Provisions

39. The Debtors are authorized to make non-substantive changes to the Disclosure Statement, the Plan, the Ballot, the Confirmation Hearing Notice, the Consumer

Borrower Notice, and any related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming non-substantive changes to reflect any such changes made to the Disclosure Statement and the Plan prior to mailing.

40.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, or any applicable provisions of the Local Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

41.    The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

42.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:    May 10, 2019
New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

WEIL:\97026282\4\41703.0010

## **SCHEDULE 1**

**Form of Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
                                                   :

In re                              :        **Chapter 11**

                                                   :

**DITECH HOLDING CORPORATION,** *et al.,*  :        **Case No. 19-10412 (JLG)**

                                                   :

                     **Debtors.**[1]     :        **(Jointly Administered)**

                                                   :

-------------------------------------------------------------X

**NOTICE OF (I) APPROVAL OF DISCLOSURE
STATEMENT, (II) ESTABLISHMENT OF VOTING RECORD DATE,
(III) CONFIRMATION HEARING, (IV) CONFIRMATION OBJECTION
PROCEDURES, (V) PROCEDURES AND DEADLINE FOR VOTING ON THE PLAN**

**TO ALL PARTIES IN INTEREST:**

                  **PLEASE TAKE NOTICE THAT:**

        1.     *Approval of Disclosure Statement*.  On May 10, 2019, the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") held a hearing (the "**Disclosure Statement Hearing**") at which it approved the *Amended Disclosure Statement for Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors*, filed May 9, 2019 [ECF No. __] (as may be amended, modified, or supplemented, "**Disclosure Statement**")[2] in Ditech Holding Corporation and its debtor affiliates' chapter 11 cases (collectively, the "**Debtors**"), and thereafter entered an order (the "**Disclosure Statement Order**") with respect thereto.  The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors*, filed on May 9, 2019 [ECF No. __] (as may be amended, modified, or supplemented, the "**Plan**").

        2.     *Approval of Bidding Procedures*.  On April 11, 2019, the Bankruptcy Court held a hearing (the "**Bidding Procedures Hearing**") at which it approved the *Order (I) Approving Bidding Procedures, (II) Approving Assumption and Assignment Procedures, and (III) Granting Related Relief* [ECF No. 456] (the "**Bidding Procedures Order**") authorizing the Debtors to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837).  The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Disclosure Statement or the Plan (as defined below), as applicable, or as the context otherwise requires.

solicit offers for the purchase of their assets consistent with the bidding procedures (the "**Bidding Procedures**"). Copies of the Disclosure Statement Order, the Bidding Procedures Order, and the Bidding Procedures may be obtained free of charge at the website dedicated to the Debtors' chapter 11 cases maintained by the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC (http://dm.epiq11.com/Ditech).

3.       *Auction*.  The Auction, if necessary, has been scheduled for **May 30, 2019 at 10:00 a.m. (ET)**.  If no Qualified Bid is received by the Qualified Bid Deadline, the Debtors will not conduct the Auction.  The Debtors shall have the right, in their reasonable business judgment, in a manner consistent with the Debtors' fiduciary duties and applicable law, to adjourn or cancel the Auction.  If the Auction is adjourned or cancelled, the Debtors shall file a notice with the Bankruptcy Court and publish such notice on the website of the Debtors' claims and noticing agent, Epiq Corporate Restructuring, LLC, (http://dm.epiq11.com/Ditech) in accordance with the Bidding Procedures.  As soon as reasonably practicable following the conclusion of the Auction, the Debtors shall file with the Bankruptcy Court notice of the Successful Bid, Successful Bidder, Back-Up Bid, and Back-Up Bidder.

4.       *Confirmation Hearing*.  A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, in Room 601 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **June 20, 2019 at 11:00 a.m. (prevailing Eastern Time)**.  To the extent the Debtors pursue a Sale Transaction or an Asset Sale Transaction, the approval of any such transaction will be heard at the Confirmation Hearing.  In such a case, the Debtors will provide subsequent notice of their decision to pursue a Sale Transaction or an Asset Sale Transaction.  The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.

5.       *Voting Record Date*.  Holders of Term Loan Claims (Class 3) against the Debtors as of May 8, 2019 (the "**Voting Record Date**") are entitled to vote on the Plan.

6.       *Voting Deadline*.  All votes to accept or reject the Plan must be __**actually received**__ by the Debtors' voting and tabulation agent, Epiq Corporate Restructuring, LLC ("**Epiq**"), by no later than **June 10, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Voting Deadline**").  Any failure to follow the voting instructions included with your Ballot may disqualify your Ballot and your vote.

7.       *Parties in Interest Not Entitled to Vote*.  The following table designates the Classes of Claims against and Interests in the Debtors and specifies which of those Classes are (a) Impaired or Unimpaired by the Plan; (b) entitled to vote to accept or reject the Plan in accordance with section 1126 of the Bankruptcy Code; and (c) deemed to accept or reject the Plan. Only holders of Term Loan Claims (Class 3) are entitled to vote on the Plan and will receive a Ballot.  Holders of Unimpaired Claims and/or Interests in classes deemed to accept the Plan are not entitled to vote and will not receive a Ballot.  In addition, holders of Impaired Claims in classes deemed to reject the Plan are not entitled to vote and will not receive a Ballot.

WEIL:\97026282\4\41703.0010

| Class | Designation | Treatment | Entitled to Vote |
|---|---|---|---|
| 1 | Priority Non-Tax Claims | Unimpaired | No (Presumed to accept) |
| 2 | Other Secured Claims | Unimpaired | No (Presumed to accept) |
| 3 | Term Loan Claims | Impaired | Yes |
| 4 | Second Lien Notes Claims | Impaired | No (Deemed to reject) |
| 5 | General Unsecured Claims | Impaired | No (Deemed to reject) |
| 6 | Borrower Non-Discharged Claims | Reorganization Transaction (Unimpaired)<br><br>Sale Transaction (Impaired) | Reorganization Transaction (Presumed to Accept)<br><br>Sale Transaction (Deemed to Reject) |
| 7 | Intercompany Claims | Unimpaired | No (Presumed to accept) |
| 8 | Intercompany Interests | Unimpaired | No (Presumed to accept) |
| 9 | Parent Equity Interests | Impaired | No (Deemed to reject) |
| 10 | Subordinated Securities Claims | Impaired | No (Deemed to reject) |

**UNDER THE TERMS OF THE PLAN, IF YOU ARE THE HOLDER OF A CLAIM OTHER THAN A TERM LOAN CLAIM (CLASS 3), YOUR CLAIM IS EITHER UNIMPAIRED OR IMPAIRED, AND THEREFORE, PURSUANT TO SECTION 1126(F) OR 1126(G) OF TITLE 11 OF THE UNITED STATES BANKRUPTCY CODE, RESPECTIVELY, YOU ARE (A) DEEMED TO HAVE ACCEPTED OR REJECTED THE PLAN, RESPECTIVELY AND (B) NOT ENTITLED TO VOTE ON THE PLAN.**

If you disagree with the amount or classification of your Claim and believe that you should be entitled to vote on the Plan or vote in a different amount, then you must serve on the parties identified in paragraph 8 below and file with the Bankruptcy Court a motion (a "**Rule 3018(a) Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") temporarily allowing your Claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018(a) Motions must be filed on or before **June 10, 2019 at 4:00 p.m. (prevailing Eastern Time)**. Rule 3018(a) Motions that are not timely filed and served in the manner set forth above shall not be considered. As to any Claim holder filing a Rule 3018(a) Motion, such Claim holder's Ballot will be counted as provided in the Disclosure Statement Order except as may be otherwise ordered by the Bankruptcy Court. Claim holders may contact Epiq in writing at Ditech Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon 97005, by email to tabulation@epiqglobal.com with a reference to "Ditech Holding Corporation" in the subject line, or by telephone at 866-486-4809 (Domestic) or 503-597-7698 (International) to receive an appropriate Ballot for any Claim for which a Proof of Claim has been timely filed and a Rule 3018(a) Motion has been granted.

8. *Objections to Sale and Confirmation*. Responses and objections, if any, to confirmation of the Plan or to a proposed Sale Transaction or Asset Sale Transaction, as applicable, including any objection to the sale of the Debtors' assets free and clear of liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, must:

WEIL:\97026282\4\41703.0010

(a)    be in writing;

(b)    state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party;

(c)    state with particularity the basis and nature of any objection, and, if applicable, provide proposed language that, if accepted and incorporated by the Debtors, would obviate such objection;

(d)    conform to the Bankruptcy Rules and the Local Rules;

(e)    be filed with the Court together with proof of service either (i) electronically or (ii) conventionally, as noted below:

    (i)    *Electronic Filing*: the filer must be an attorney in possession of passwords and logins to both PACER and the Bankruptcy Court's Electronic Case Filing System; electronic filing must be in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov); or

    (ii)    *Conventional Filing*: the filer must send the response or objection by mail, courier, or messenger to the Bankruptcy Court's clerk at the following address: United States Bankruptcy Court, One Bowling Green, New York, NY 10004; the hard copy of the response or objection should be accompanied by a CD-ROM containing the response or objection in text-searchable portable document format (PDF); and

    (iii)    *All filers* – those filing electronically as well as those filing conventionally – must provide Bankruptcy Court Chambers with two separate, single-sided hard copies of the response or objection; any proposed order should be accompanied by a CD-ROM containing the response or objection in text searchable portable document format (PDF); and

(f)    be served upon the following parties in accordance with General Order M-399 so as to be received no later than **June 10, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the **"Sale and Confirmation Objection Deadline"**):

| | |
|---|---|
| *Debtors* | *Office of the U.S. Trustee* |
| Ditech Holding Corporation, et al. | William K. Harrington, U.S. Department of Justice |
| 3000 Bayport Drive | Office of the U.S. Trustee |
| Suite 985 | 201 Varick Street, Room 1006 |
| Tampa, Florida 33607 | New York, New York 10014 |
| Attn: John Haas | Attn: Greg M. Zipes |
| |      Benjamin J. Higgins |

WEIL:\97026282\4\41703.0010

***Counsel to the Debtors***
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, New York 10153
Attn: Ray C. Schrock, P.C.
        Sunny Singh

***Counsel to the Prepetition Administrative Agent***
Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, New York 10017
Attn: Brian M. Resnick
        Michelle M. McGreal

***Counsel to the Term Loan Ad Hoc Group***
Kirkland & Ellis LLP
300 North LaSalle
Chicago, Illinois 60654
Attn: Patrick J. Nash
        John Luze

***Counsel to the DIP Agent and DIP Lender***
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, New York 10036
Attn: Sarah M. Ward
        Mark A. McDermott
        Melissa Tiarks

***Counsel to Nomura Corporate Funding Americas, LLC***
Jones Day
250 Vesey Street
New York, New York 10281
Attn: Ben Rosenblum

***Counsel to the Creditors' Committee***
Pachulski Stang Ziehl & Jones LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Attn: Robert J. Feinstein
        Bradford J. Sandler
        Steven W. Golden

and

Rich Michaelson Magaliff, LLP
335 Madison Avenue, 9th Floor
New York, New York 10017
Attn: Robert N. Michaelson
        Elwood F. Collins

**THE FAILURE OF ANY PERSON OR ENTITY TO FILE AND SERVE AN OBJECTION TO CONFIRMATION OF THE PLAN OR TO A SALE TRANSACTION OR AN ASSET SALE TRANSACTION, AS APPLICABLE, BY THE SALE AND CONFIRMATION OBJECTION DEADLINE SHALL BE BARRED FROM ASSERTING, AT THE CONFIRMATION HEARING OR THEREAFTER, ANY OBJECTION TO CONFIRMATION OF THE PLAN OR TO THE CONSUMMATION AND PERFORMANCE OF A SALE TRANSACTION OR AN ASSET SALE TRANSACTION, AS APPLICABLE, CONTEMPLATED BY AN ASSET PURCHASE AGREEMENT BETWEEN THE DEBTORS AND A SUCCESSFUL BIDDER (INCLUDING, WITHOUT LIMITATION, THE DEBTORS' TRANSFER OF THEIR ASSETS AND ASSUMPTION AND ASSIGNMENT OF THE ASSIGNED CONTRACTS, FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO SECTION 363(F) OF THE BANKRUPTCY CODE), AND MAY NOT BE HEARD AT THE CONFIRMATION HEARING.**

WEIL:\97026282\4\41703.0010

9.      ***Additional Information.***    Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact the Debtors' voting and tabulation agent, Epiq, by telephone at 866-486-4809 (Domestic) or 503-597-7698 (International), or in writing: Ditech Ballot Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by email at tabulation@epiqglobal.com with a reference to "Ditech Holding Corporation" in the subject line.  Interested parties may also review the Disclosure Statement and the Plan free of charge on the internet (http://dm.epiq11.com/Ditech).  In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed for a fee by accessing the Bankruptcy Court's website:  www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at: www.pacer.psc.uscourts.gov.  Copies of the Disclosure Statement and Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.  **EPIQ IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

10.      ***Discharge, Injunctions, Releases, and Exculpation***.  **Please be advised that Article X of the Plan provides for discharge, injunctions, releases, and exculpation of certain conduct.  Copies of the Plan may be obtained in accordance with the procedures described above in paragraph 9.  Information on discharge, injunctions, releases, and exculpation may be found in sections 10.3 through 10.7 of the Plan.**

11.      The Plan also contains other related provisions that may affect your rights against the Debtors.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

Dated:  _____, 2019
     New York, New York

                    _____
                    WEIL, GOTSHAL & MANGES LLP
                    767 Fifth Avenue
                    New York, New York 10153
                    Telephone:  (212) 310-8000
                    Facsimile:  (212) 310-8007
                    Ray C. Schrock, P.C.
                    Sunny Singh

                    *Attorneys for Debtors*
                    *and Debtors in Possession*

## **SCHEDULE 2**

**Form of Ballot**

WEIL:\97026282\4\41703.0010

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X
                                                              :
In re                                                         :      **Chapter 11**
                                                              :
**DITECH HOLDING CORPORATION**, *et al.*,                     :      **Case No. 19-10412 (JLG)**
                                                              :
                    Debtors.[1]                               :      **(Jointly Administered)**
                                                              :
--------------------------------------------------------------X

### BALLOT FOR ACCEPTING OR REJECTING
### AMENDED JOINT CHAPTER 11 PLAN OF DITECH
### HOLDING CORPORATION AND ITS AFFILIATED DEBTORS

**BALLOT FOR:**  *CLASS 3 – Term Loan Claims*

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS 4:00 P.M., PREVAILING EASTERN TIME, ON JUNE 10, 2019 (THE "VOTING DEADLINE"), UNLESS EXTENDED BY THE DEBTORS.**

This ballot (the "**Ballot**") is provided to you to solicit your vote to accept or reject the *Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors* under Chapter 11 of the Bankruptcy Code, dated May 9, 2019 (as it may be amended or modified, the "**Plan**"). The Plan is attached as <u>Exhibit A</u> to the *Amended Disclosure Statement for the Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors*, dated May 9, 2019 (as it may be amended or modified, the "**Disclosure Statement**").

Copies of the Disclosure Statement and the Plan will be on file with the Office of the Clerk of the Bankruptcy Court for review during normal business hours (a fee may be charged) and are also available free-of-charge on the Debtors' claims agent's website (http://dm.epiq11.com/Ditech).

All capitalized terms used but not defined herein or in the enclosed voting instructions have the meanings ascribed to such terms in the Plan. The Disclosure Statement provides information to assist you in deciding how to vote on the Plan. You should review the Disclosure Statement and

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

the Plan in their entirety before you vote. You may wish to seek independent legal advice concerning the Plan and your classification and treatment under the Plan.

The Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code. The Plan can thereafter be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims voted in each Impaired Class, and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court may nonetheless confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote or if you vote to reject the Plan.

Please use this Ballot to cast your vote to accept or reject the Plan if you are, as of May 8, 2019 (the "**Voting Record Date**"), a holder of a Claim against the Debtors arising under that certain Second Amended and Restated Credit Agreement, dated as of February 9, 2018 (and as amended by that certain Amendment No. 1 to Second Amended and Restated Credit Agreement, dated as of March 29, 2018), among Ditech, as the borrower, each of the other loan parties named therein, the Prepetition Administrative Agent and the other lenders party thereto, as amended, modified, or supplemented from time to time prior to the Commencement Date (the "**Prepetition Credit Agreement**" and such claims against the Debtors arising under the Prepetition Credit Agreement, collectively, the "**Term Loan Claims**").

If you have any questions on how to properly complete this Ballot, please call Epiq Corporate Restructuring, LLC (the "**Voting Agent**") at 866 897-6433 (domestic toll-free) or 646 282-2500 (international) and request to speak with a member of the Solicitation Team, or email tabulation@epiqglobal.com with a reference to "Ditech" in the subject line. **THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

   **This Ballot is to be used for voting by holders of Class 3 Claims (Term Loan Claims). In order for your vote to be counted, this Ballot must be properly completed, signed, and returned to the Voting Agent so that it is actually received <u>no later than 4:00 p.m. (Prevailing Eastern Time) on June 10, 2019</u> (the "Voting Deadline"), unless such time is extended by the Debtors.**

   **This Ballot is solely for purposes of voting to accept or reject the Plan and not for the purpose of allowance or disallowance of, or distribution on account of, Class 3 Claims (Term Loan Claims).**

**INSTRUCTIONS FOR COMPLETING THE BALLOT**

   This Ballot is submitted to you to solicit your vote to accept or reject the Plan. The terms of the Plan are described in the Disclosure Statement, including all exhibits thereto. **PLEASE READ THE PLAN AND THE DISCLOSURE STATEMENT CAREFULLY BEFORE COMPLETING THIS BALLOT.**

WEIL:\97026282\4\41703.0010

To have your vote counted, you must complete, sign, and return this Ballot so that it its received by the Voting Agent no later than the Voting Deadline, unless such time is extended by the Debtors.  Ballots must be delivered to the Voting Agent (i) at an appropriate address listed below or (ii) via the Voting Agent's E-Ballot platform by visiting http://dm.epiq11.com/ditech, clicking on the "E-Ballot" link and following the instructions set forth on the website.  Holders are encouraged to submit their Ballots via the E-Ballot platform.  If you choose to submit your Ballot via the E-Ballot platform, you should NOT submit your hard copy Ballot as well.  Please choose only one method of return for your Ballot.

---

**If by U.S. Postal Service mail:**

Ditech Ballot Processing
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4422
Beaverton, Oregon 97076-4422

**If by overnight delivery or personal delivery by hand:**

Ditech Ballot Processing
c/o Epiq Corporate Restructuring, LLC
10300 SW Allen Boulevard
Beaverton, Oregon 97005

**If by electronic submission:**

Visit http://dmepiq11.com/ditech.  Click on the "E-Ballot" section of the Debtors' website and follow the directions to submit your E-Ballot.  If you choose to submit your Ballot via Epiq's E-Ballot system, you should not also return a hard copy of your Ballot.

**IMPORTANT NOTE: You will need the following information to retrieve and submit your customized E-Ballot:**

**Unique E-Ballot ID#:**
_____

**"E-Balloting" is the sole manner in which Ballots will be accepted via electronic transmission.**

---

3

**Ballots will not be accepted by telecopy, facsimile, or other electronic means of transmission (except via the Voting Agent's E-Ballot platform).**

**The following Ballots will not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the holder, (ii) any ballot cast by a Person that does not hold a Claim in a Class entitled to vote on the Plan, (iii) any unsigned Ballot, (iv) any ballot that does not contain an original signature (for the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature); and (v) any Ballot transmitted to the Voting Agent by facsimile, or electronic transmission, or other electronic means (other than Ballots entitled to be submitted via the Voting Agent's online balloting portal). An otherwise properly completed, executed, and timely returned Ballot failing to indicate either acceptance or rejection of the Plan or indicating both acceptance and rejection of the Plan will not be counted.**

To properly complete the Ballot, you must follow the procedures described below:

a.   Make sure that the information contained in Item 1 is correct;

b.   If you have a Class 3 – Term Loan Claim, cast one vote to accept or reject the Plan by checking the appropriate box in Item 2;

c.   **Make sure to read the information regarding the Releases in Item 3. Holders of Claims who accept the Plan are automatically deemed to have consented to the release provisions in Section 10.6(b) of the Plan. If you vote to accept the Plan by checking the "accept" box in Item 2, but you also check the box in Item 3, your election to opt-out with respect to the releases contained in Section 10.6(b) of the Plan will not be counted, as your vote in favor of the Plan shall be deemed a consent to the third party release set forth in Section 10.6(b) of the Plan to the fullest extent permitted by applicable law.**

d.   **If you vote to reject the Plan or abstain from voting on the Plan and elect to opt-out of the releases contained in Section 10.6(b) of the Plan, you must check the box in Item 3. Election to withhold consent is at your option. The failure to do so, whether or not you vote on the Plan, will be deemed your consent to the releases contained in Section 10.6(b) of the Plan to the fullest extent permitted by applicable law. Holders of Claims who accept the Plan may not opt-out of the releases contained in Section 10.6(b) of the Plan.**

e.   If you are completing this Ballot on behalf of another entity, indicate your relationship with such entity and the capacity in which you are signing on the appropriate line in Item 4. By submitting the Ballot you are certifying that you have authority to so act and agree to provide documents evidencing such authority upon request (e.g., a power of attorney or a certified copy of board resolutions authorizing you to so act);

f.   If you hold other Class 3 – Term Loan Claims, you may receive more than one Ballot. Your vote will be counted in determining acceptance or rejection of the

WEIL:\97026282\4\41703.0010

Plan by a particular Class of Claims only if you complete, sign, and return the Ballot labeled for such Class of Claims in accordance with the instructions on that Ballot. Each Ballot votes only your Claims indicated on that Ballot.  Please complete and return each Ballot you receive;

g.    You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan;

h.    If more than one timely, properly completed Ballot is received, only the last properly completed Ballot received by the Voting Agent will be counted, unless the holder of the Claim receives Bankruptcy Court approval otherwise;

i.    If you believe that you have received the wrong Ballot, please contact the Voting Agent immediately;

j.    Provide your name, mailing address, and any remaining information requested;

k.    Sign and date your Ballot; and

l.    Return your Ballot with an original signature to the Voting Agent.  For the avoidance of doubt, a Ballot submitted by the E-Ballot platform shall be deemed to bear an original signature.

No Ballot shall constitute or be deemed a proof of Claim or an assertion of Claim.

In the event that (i) the Debtors revoke or withdraw the Plan or (ii) the Confirmation Order is not entered or consummation of the Plan does not occur, this Ballot shall automatically be null and void and deemed withdrawn without any requirement of affirmative action by or notice to you.

**IF YOU (A) HAVE ANY QUESTIONS REGARDING THIS BALLOT, (B) DID NOT RECEIVE A RETURN ENVELOPE WITH YOUR BALLOT, (C) DID NOT RECEIVE A LINK TO THE DEBTORS' WEBSITE PAGE CONTAINING THE DISCLOSURE STATEMENT AND PLAN, OR (D) NEED ADDITIONAL COPIES OF THE BALLOT OR OTHER ENCLOSED MATERIALS, PLEASE CONTACT THE VOTING AGENT AT (866) 897-6433 (DOMESTIC TOLL-FREE) OR (646) 282-2500 (INTERNATIONAL) AND REQUEST TO SPEAK WITH A MEMBER OF THE SOLICITATION TEAM, OR BY E-MAILING TABULATION@EPIQGLOBAL.COM WITH A REFERENCE TO "DITECH" IN THE SUBJECT LINE.  PLEASE DO NOT DIRECT ANY INQUIRIES TO THE BANKRUPTCY COURT.  THE VOTING AGENT IS NOT AUTHORIZED TO, AND WILL NOT, PROVIDE LEGAL ADVICE.**

WEIL:\97026282\4\41703.0010

**IMPORTANT INFORMATION REGARDING THE
INJUNCTION, RELEASES, AND EXCULPATION PROVISIONS IN THE PLAN**

### *Select Defined Terms*

"***Creditors' Committee***" means the statutory committee of unsecured creditors appointed by the U.S. Trustee in the Chapter 11 Cases pursuant to section 1102 of the Bankruptcy Code.

"***Definitive Documents***" means the documents (including any related orders, agreements, instruments, schedules or exhibits) that are necessary or desirable to implement, or otherwise relate to the Restructuring Transaction or the Sale Transaction, including, but not limited to: (a) the Plan; (b) the Bidding Procedures; (c) the Disclosure Statement; (d) any motion seeking approval of the adequacy of the Disclosure Statement, solicitation of the Plan, and the Bidding Procedures; (e) the Disclosure Statement Order; (f) the Bidding Procedures Order; (g) the DIP Order; (h) each of the documents comprising the Plan Supplement; (i) the Confirmation Order; (j) the GUC Recovery Trust Agreement; (k) the Management Incentive Plan Term Sheet; and (l) any purchase agreement in connection with the Sale Transaction or an Asset Sale Transaction.

"***Exculpated Parties***" means collectively the: (a) Debtors; (b) Reorganized Debtors; (c) Plan Administrator; (d) the Wind Down Estates; (e) Consenting Term Lenders; (f) Prepetition Administrative Agent; (g) Prepetition Warehouse Parties, (h) DIP Credit Parties; (i) Creditors' Committee and each of its members in their capacity as such; (j) Exit Warehouse Facilities Lenders; (k) National Founders; (l) GUC Trustee; and (m) with respect to each of the foregoing Entities in clauses (a) through (l), all Persons and Entities who acted on their behalf in connection with the matters as to which exculpation is provided herein.

"***GUC Recovery Trust***" means the trust established pursuant to the GUC Recovery Trust Agreement.

"***GUC Recovery Trust Agreement***" means the trust agreement by and among the Debtors and the GUC Trustee, substantially in the form included in the Plan Supplement and consistent with Section 5.2(b) of the Plan; provided, that the GUC Recovery Trust Agreement shall be in form and substance reasonably acceptable to the Creditors' Committee, the Debtors, and the Requisite Term Lenders.

"***Related Parties***" means with respect to any Exculpated Party or any Released Party, such Entities' predecessors, successors and assigns, subsidiaries, Affiliates, managed accounts or funds, and all of their respective current and former officers, directors, principals, stockholders (and any fund managers, fiduciaries or other agents of stockholders with any involvement related to the Debtors), members, partners, employees, agents, advisory board members, financial advisors, attorneys, accountants, investment bankers, consultants, representatives, management companies, fund advisors and other professionals, and such persons' respective heirs, executors, estates, servants and nominees.

"***Released Parties***" means collectively the: (a) Debtors; (b) Reorganized Debtors; (c) the Wind Down Estates (if applicable); (d) Consenting Term Lenders; (e) Prepetition Administrative Agent; (f) Prepetition Warehouse Parties; (g) DIP Credit Parties; (h) National Founders; (i) Creditors'

WEIL:\97026282\4\41703.0010

Committee and each of its members in their capacity as such; (j) GUC Trustee; and (k) Related Parties for each of the foregoing.

"*Reorganization Transaction*" means, collectively, (a) issuance of the New Common Stock; (b) entry into the Amended and Restated Credit Facility Agreement; (c) entry into the Exit Working Capital Facility Agreement; (d) entry into the Exit Warehouse Facilities Documents; (e) execution of the Amended Organizational Documents; (f) vesting of the Debtors' assets in the Reorganized Debtors, in each case, in accordance with the Plan; and (g) the other transactions that the Debtors and the Requisite Term Lenders reasonably determine are necessary or appropriate to implement the foregoing, in each case, in accordance with the Plan, RSA, and the DIP Order.

"*Reorganized Debtors*" means, solely with respect to the Reorganization Transaction, the Debtors, as reorganized pursuant to and under the Plan on or after the Effective Date.

"*Sale Transaction*" means the sale of all or substantially all of the Debtors' assets, or Interests in the Debtors owning all or substantially all of the Debtors' assets, contemplated by the Successful Bid.

"*Wind Down Estates*" means, solely with respect to the Sale Transaction, the Debtors pursuant to and under the Plan on or after the Effective Date.

## *Select Provisions of the Plan*

## Section 10.5 of the Plan: Injunction

(a) **Upon entry of the Confirmation Order, all holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan in relation to any Claim extinguished, discharged, or released pursuant to the Plan.**

(b) **Except as expressly provided in the Plan, the Confirmation Order, or a separate order of the Bankruptcy Court or as agreed to by the Debtors and a holder of a Claim against or Interest in the Debtors, all Entities who have held, hold, or may hold Claims against or Interests in the Debtors (whether proof of such Claims or Interests has been filed or not and whether or not such Entities vote in favor of, against or abstain from voting on the Plan or are presumed to have accepted or deemed to have rejected the Plan) and other parties in interest, along with their respective present or former employees, agents, officers, directors, principals, and affiliates are permanently enjoined, on and after the Effective Date, solely with respect to any Claims, Interests, and Causes of Action that will be or are extinguished, discharged, or released pursuant to the Plan from (i) commencing, conducting, or continuing in any manner, directly or indirectly, any suit, action, or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Debtors, the Reorganized Debtors, or the GUC Recovery Trust, or the property of any of the Debtors, the Reorganized Debtors, or the GUC Recovery Trust; (ii) enforcing, levying, attaching (including, without limitation, any**

7

prejudgment attachment), collecting, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtors, the Reorganized Debtors, or the GUC Recovery Trust, or the property of any of the Debtors, the Reorganized Debtors, or the GUC Recovery Trust; (iii) creating, perfecting, or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtors, the Reorganized Debtors, or the GUC Recovery Trust or the property of any of the Debtors, the Reorganized Debtors, or the GUC Recovery Trust; (iv) asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors, the Reorganized Debtors, or the GUC Recovery Trust or against property or interests in property of any of the Debtors, the Reorganized Debtors, or the GUC Recovery Trust, except as contemplated or Allowed by the Plan; and (v) acting or proceeding in any manner, in any place whatsoever, that does not conform to or comply with the provisions of the Plan.

(c)     By accepting distributions pursuant to the Plan, each holder of an Allowed Claim or Interest extinguished, discharged, or released pursuant to the Plan will be deemed to have affirmatively and specifically consented to be bound by the Plan, including, without limitation, the injunctions set forth in this Section 10.5.

(d)     The injunctions in this Section 10.5 shall extend to any successors of the Debtors and the Reorganized Debtors and their respective property and interests in property.

**Section 10.6 of the Plan: Releases**

(a)     **Estate Releases**.

As of the Effective Date, except for the rights that remain in effect from and after the Effective Date to enforce the Plan and the Definitive Documents, for good and valuable consideration, the adequacy of which is hereby confirmed, including, without limitation, the service of the Released Parties to facilitate the reorganization of the Debtors and the implementation of the restructuring, and except as otherwise provided in the Plan or in the Confirmation Order, the Released Parties will be deemed forever released and discharged, to the maximum extent permitted by law, by the Debtors, the Reorganized Debtors and their Estates, the Wind Down Estates, and the GUC Recovery Trust from any and all Claims, obligations, suits, judgments, damages, demands, debts, rights, Causes of Action, remedies, losses, and liabilities whatsoever, including any derivative claims, asserted or assertable on behalf of the Debtors, or Reorganized Debtors (as the case may be), or the Estates, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors or Reorganized Debtors (as the case may be), or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest or other Person, based on or relating to, or in any manner arising prior to the Effective Date from, in whole or in part, the Debtors, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any Security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any of the Debtors and any

WEIL:\97026282\4\41703.0010

Released Party, the restructuring, the restructuring of any Claim or Interest before or during the Chapter 11 Cases, the Disclosure Statement, the RSA, the Plan (including the Plan Supplement), the DIP Documents, and the Prepetition Warehouse Facilities (as defined in the DIP Order), or any related agreements, instruments, and other documents (including the Definitive Documents), and the negotiation, formulation, or preparation thereof, the solicitation of votes with respect to the Plan, or any other act or omission, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; **provided**, that nothing in this Section 10.6(a) shall be construed to release the Released Parties from willful misconduct, or intentional fraud as determined by a Final Order. The Debtors, the Reorganized Debtors and their Estates, the Wind Down Estates, and the GUC Recovery Trust shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(a) against each of the Released Parties.

(b)    **Third-Party Releases.**

As of the Effective Date, except (i) for the right to enforce the Plan or any right or obligation arising under the Definitive Documents that remain in effect or become effective after the Effective Date or (ii) as otherwise expressly provided in the Plan or in the Confirmation Order, in exchange for good and valuable consideration, including the obligations of the Debtors under the Plan and the contributions of the Released Parties to facilitate and implement the Plan, to the fullest extent permissible under applicable law, as such law may be extended or integrated after the Effective Date, the Released Parties shall be deemed conclusively, absolutely, unconditionally, irrevocably and forever, released, and discharged by:

(i)    the holders of Impaired Claims who voted to accept the Plan;

(ii)    the Consenting Term Lenders;

(iii)    holders of Term Loan Claims (Class 3) who abstain from voting on the Plan or vote to reject the Plan but do not opt-out of these releases on the Ballots;

(iv)    the Creditors' Committee and each of its members in their capacity as such; and

(v)    with respect to any Entity in the foregoing clauses (i) through (iv), such Entity's (x) predecessors, successors and assigns, (y) subsidiaries, affiliates, managed accounts or funds, managed or controlled by such Entity and (z) all Persons entitled to assert Claims through or on behalf of such Entities with respect to the matters for which the releasing entities are providing releases.

in each case, from any and all Claims, Interests, or Causes of Action whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on,

WEIL:\97026282\4\41703.0010

relating to, or arising prior to the Effective Date from, in whole or in part, the Debtors, the restructuring, the Chapter 11 Cases, the pre- and postpetition marketing and sale process, the purchase, sale or rescission of the purchase or sale of any security of the Debtors or Reorganized Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Cases, the negotiation, formulation, preparation, or consummation of the Plan (including the Plan Supplement), the RSA, the Definitive Documents, the DIP Documents, the Prepetition Warehouse Facilities (as defined in the DIP Order), or any related agreements, instruments, or other documents, the solicitation of votes with respect to the Plan, in all cases based upon any act or omission, transaction, agreement, event or other occurrence taking place on or before the Effective Date; *provided*, that nothing in this Section 10.6(b) shall be construed to release the Released Parties from willful misconduct or intentional fraud as determined by a Final Order. The Persons and Entities in (i) through (v) of this Section 10.6(b) shall be permanently enjoined from prosecuting any of the foregoing Claims or Causes of Action released under this Section 10.6(b) against each of the Released Parties.

**Section 10.7 of the Plan: Exculpation**

To the maximum extent permitted by applicable law, no Exculpated Party will have or incur, and each Exculpated Party is hereby released and exculpated from, any claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, remedy, loss, and liability for any claim in connection with or arising out of the administration of the Chapter 11 Cases, the postpetition marketing and sale process, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors; the negotiation and pursuit of the Disclosure Statement, the RSA, the Reorganization Transaction or the Sale Transaction, as applicable, the Plan, or the solicitation of votes for, or confirmation of, the Plan; the funding or consummation of the Plan; the occurrence of the Effective Date; the DIP Documents; the Prepetition Warehouse Facilities (as defined in the DIP Order); the administration of the Plan or the property to be distributed under the Plan; the issuance of Securities under or in connection with the Plan; or the transactions in furtherance of any of the foregoing; except for fraud or willful misconduct, as determined by a Final Order. This exculpation shall be in addition to, and not in limitation of, all other releases, indemnities, exculpations and any other applicable law or rules protecting such Exculpated Parties from liability.

WEIL:\97026282\4\41703.0010

**PLEASE COMPLETE THE FOLLOWING:**

**Item 1**.  **Amount of Class 3 Claim (Term Loan Claims)**.  For purposes of voting to accept or reject the Plan, the undersigned certifies that as of [_____], the undersigned holds a Class 3 Claim (Term Loan Claims) against the Debtors in the amount set forth below.

| |
|---|
| **Amount**:[2]      $[_____] |

**Item 2**.  **Vote on the Plan**.  The undersigned holder of a Class 3 Claim (Term Loan Claims) in the amount set forth in Item 1 above hereby votes to:

> **Check one box only**:        ❑      Accept the Plan
>
>                               ❑      Reject the Plan

**Your vote on the Plan will be applied to each applicable Debtor in the same manner and in the same amount as indicated in Item 1 and Item 2 above.**

**PLEASE TAKE NOTE THAT IF YOU SUBMIT THIS BALLOT TO THE VOTING AGENT AND EITHER: (A) FAIL TO INDICATE WHETHER YOU ARE ACCEPTING OR REJECTING THE PLAN OR (B) CHECK BOTH BOXES INDICATING THAT YOU ARE BOTH ACCEPTING AND REJECTING THE PLAN, YOUR BALLOT WILL NOT BE COUNTED IN DETERMINING THE ACCEPTANCE OR REJECTION OF THE PLAN.**

---

[2] For voting purposes only; subject to tabulation rules.

---

**IMPORTANT INFORMATION REGARDING CERTAIN RELEASES BY HOLDERS OF CLAIMS:**

**IF YOU RETURN A BALLOT AND VOTE TO ACCEPT THE PLAN, YOU ARE AUTOMATICALLY DEEMED TO HAVE CONSENTED TO THE RELEASE PROVISIONS IN SECTION 10.6(b) OF THE PLAN REGARDLESS OF WHETHER YOU CHECK THE BOX IN ITEM 3 BELOW. IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN AND SUBMIT A BALLOT WITHOUT CHECKING THE BOX IN ITEM 3 BELOW, YOU WILL BE DEEMED TO CONSENT TO THE RELEASES SET FORTH IN SECTION 10.6(b) OF THE PLAN. IF YOU FAIL TO SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE RELEASES FOUND IN SECTION 10.6(b) OF THE PLAN.**

**IF YOU VOTE TO REJECT THE PLAN OR ABSTAIN, YOU MUST OPT OUT OF THE RELEASES PROVIDED IN SECTION 10.6(b) OF THE PLAN BY CHECKING THE BOX IN ITEM 3 BELOW, IN ORDER TO NOT BE BOUND BY SUCH RELEASES.**

---

**Item 3**. **Optional Release Election. COMPLETE THIS ITEM 3 ONLY IF YOU VOTED TO REJECT THE PLAN OR ARE ABSTAINING FROM VOTING ON THE PLAN IN ITEM 2 ABOVE.**

Check this box if you elect <u>not</u> to grant the releases contained in Section 10.6(b) of the Plan. Election to withhold consent is your option.

❑        The undersigned elects <u>not</u> to grant the releases contained in Section 10.6(b) of the Plan.

**Item 4**. **Acknowledgements and Certification**. By signing this Ballot, the undersigned acknowledges receipt of a Solicitation Package and acknowledges that the solicitation is being made pursuant to the terms and conditions set forth therein. The undersigned certifies that as of the Voting Record Date (a) it is the Holder of the Class 3 Claim (Term Loan Claims) identified in Item 1 above or (b) the undersigned is an authorized signatory and has full power and authority to vote to accept or reject the Plan on behalf of the Holder.

Print or Type Name of Holder:         _____

Signature:         _____

Name of Signatory (if different than Holder)[3]:         _____

If by Authorized Agent, Title of Agent:         _____

Street Address:         _____

City, State, Zip Code:         _____

Telephone Number:         _____

E-mail Address:         _____

Date Completed:         _____

---

[3]    If you are completing this Ballot on behalf of another person or entity, indicate your relationship with such person or entity and the capacity in which you are signing.  You may be required to provide additional information or documentation with respect to such relationship.

WEIL:\97026282\4\41703.0010

## **SCHEDULE 3**

**Consumer Borrower Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- X
                                                    :
In re                                               :        **Chapter 11**
                                                    :
**DITECH HOLDING CORPORATION,** *et al.*,           :        **Case No. 19-10412 (JLG)**
                                                    :
        **Debtors.**[1]                             :        **(Jointly Administered)**
                                                    :
-------------------------------------------------------------- X

### NOTICE OF (I) NON-VOTING STATUS OF CONSUMER BORROWERS (II) APPROVAL OF DISCLOSURE STATEMENT, (III) CONFIRMATION HEARING, AND (V) SALE AND CONFIRMATION OBJECTION PROCEDURES

You are receiving this notice because you have been identified by Ditech Holding Corporation and its debtor affiliates (collectively, the "**Debtors**") as a consumer borrower and your loan may be serviced by Ditech Financial LLC ("**Ditech**"), Reverse Mortgage Solutions, Inc. ("**RMS**") or any of their affiliates. If you have an existing mortgage with or loan serviced by Ditech or RMS, your obligations under your loan agreement are unchanged, and you should continue to make your mortgage or other required payments on time and in full. The restructuring process has not changed where you send your loan payments.

1.    *Approval of Disclosure Statement*. On May 10, 2019, the Bankruptcy Court approved the *Amended Disclosure Statement for Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors*, filed May 9, 2019 (as may be amended, modified, or supplemented, "**Disclosure Statement**")[2] in the Debtors' chapter 11 cases, and thereafter entered an order (the "**Disclosure Statement Order**"). The Disclosure Statement Order, among other things, authorizes the Debtors to solicit votes to accept or reject the *Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors*, filed on May 9, 2019 (as may be amended, modified, or supplemented, the "**Plan**"), a copy of which is annexed as **Exhibit A** to the Disclosure Statement.

2.    *Notice of Non-Voting Status*. You are not entitled to vote on the Plan. Only holders of Term Loan Claims (Class 3) are entitled to vote on the Plan. Our records indicate that you are not a holder of a Term Loan Claim (Class 3) and therefore are not entitled to vote on the Plan.

**YOU ARE RECEIVING THIS NOTICE BECAUSE YOU MAY HAVE A CLAIM OR RIGHT TO PAYMENT FROM THE DEBTORS AND APPROVAL OF THE PLAN OR A SALE OF THE DEBTORS MAY AFFECT YOUR LEGAL RIGHTS AND CLAIMS. YOU MAY WANT TO**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term in the Disclosure Statement or the Plan (as defined below), as applicable, or as the context otherwise requires.

CONSULT A LAWYER.  IN ADDITION, ON MAY 2, 2019 AN OFFICIAL COMMITTEE OF CONSUMER CREDITORS (THE "CONSUMER CREDITORS' COMMITTEE") WAS APPOINTED.  INFORMATION ON THE CONSUMER CREDITORS' COMMITTEE CAN BE FOUND ONLINE AT HTTP://DM.EPIQ11.COM/DITECH AND HTTPS://DM.EPIQ11.COM/DITECHCUSTOMER.  YOU MAY ALSO CONTACT THE CONSUMER CREDITORS' COMMITTEE OR ITS ADVISORS IF YOU HAVE ANY QUESTIONS.

3.     *Confirmation Hearing*.  A hearing to consider confirmation of the Plan (the "**Confirmation Hearing**") has been scheduled before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, in Room 601 of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), One Bowling Green, New York, New York 10004, on **June 20, 2019 at 11:00 a.m. (prevailing Eastern Time)**.  To the extent the Debtors pursue a Sale Transaction, the approval of any such transaction will be heard at the Confirmation Hearing.  In such a case, the Debtors will provide subsequent notice of their decision to pursue a Sale Transaction.  The Confirmation Hearing may be adjourned or continued from time to time by the Bankruptcy Court or the Debtors without further notice other than adjournments announced in open court or as indicated in any notice of agenda of matters scheduled for hearing filed by the Debtors with the Bankruptcy Court.  The Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing.  **You are not required to attend the Confirmation Hearing.**

4.     *Objections to Sale and Confirmation*.  Responses and objections, if any, to confirmation of the Plan or to a proposed Sale Transaction must: (a) be in writing; (b) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such party; (c) state with particularity the basis and nature of any objection; (d) conform to the Bankruptcy Rules and the Local Rules; (e) be filed with the Court together with proof of service (i) by registered users of the Bankruptcy Courts' case filing system, electronically in accordance with General Order M-399 (which can be found at http://nysb.uscourts.gov) and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable; and (f) be served so as to be received no later than **June 10, 2019 at 4:00 p.m. (prevailing Eastern Time)** (the "**Sale and Confirmation Objection Deadline**"), and on the requisite parties (the "**Objection Notice Parties**").[3]

IF YOU FAIL TO FILE AND SERVE AN OBJECTION TO CONFIRMATION OF THE PLAN OR TO A SALE TRANSACTION BY THE SALE AND CONFIRMATION OBJECTION DEADLINE, YOU WILL BE BARRED FROM ASSERTING ANY OBJECTION TO CONFIRMATION OF THE PLAN OR TO THE CONSUMMATION AND PERFORMANCE OF A SALE TRANSACTION.

5.     *Discharge, Injunctions, Releases, and Exculpation and How Your Claim May Be Affected*.  Please be advised that Article X of the Plan provides for discharge, injunctions, releases, and exculpation of certain conduct.  Information on discharge, injunctions, releases, and exculpation may be found in sections 10.3 through 10.7 of the Plan.

---

[3]     The Objection Notice Parties include:  (a) Weil, Gotshal & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Alexander Welch and Gaby Smith); (b) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017 (Attn: Robert J. Feinstein, Bradford J. Sandler, and Steven W. Golden); and (c) Quinn Emanuel Urquhart & Sullivan, LLP, 51 Madison Avenue, 22nd Floor, New York, New York 10010 (Attn: Susheel Kirpalani, Benjamin I. Finestone, and Victor Noskov).

WEIL:\97026282\4\41703.0010

**Please be advised that Schedule 1 of the Plan contains information about certain non-discharged consumer borrower claims that may affect you.  Following the Effective Date, in the event of a Reorganization Transaction, consumer borrowers will continue to be able to pursue certain claims (referred to as "Borrower Non-Discharged Claims")[4] related to the origination or servicing of mortgage or reverse mortgage loans.  Nothing in the Plan releases any Claims by consumer borrowers against a non-Debtor owner of a loan or other non-Debtor third parties for liability for prepetition errors by the Debtors.  Nothing in this Plan affects the obligations of the Debtors to comply postpetition with applicable state and federal consumer laws.  In the event of a Sale Transaction, the treatment of Claims of borrowers will be addressed in the asset purchase agreement and Plan.  If the buyer does not assume borrower claims, such Claims will be entitled to recover from the Debtors as General Unsecured Claims if such Claims are Allowed.  If you have questions, you should contact a lawyer.**

6.     The Plan also contains other related provisions that may affect your rights against the Debtors.

**YOU ARE ADVISED TO CAREFULLY REVIEW AND CONSIDER THE PLAN, INCLUDING THE DISCHARGE, INJUNCTION, RELEASE, AND EXCULPATION PROVISIONS, AS YOUR RIGHTS MAY BE AFFECTED.**

7.     *Additional Information.*  Additional information relevant to consumer borrowers may be found at https://dm.epiq11.com/DitechCustomer.  If you have any questions, please call the Debtors' restructuring hotline at 866-486-4809 (Domestic) or 503-597-7698 (International).  Any party in interest wishing to obtain information about the solicitation procedures or copies of the Disclosure Statement or the Plan should contact Epiq at the phone numbers listed above or in writing: Ditech Ballot Processing, c/o Epiq Corporate Restructuring, LLC, 10300 SW Allen Boulevard, Beaverton, Oregon 97005 or by email at tabulation@epiqglobal.com with a reference to "Ditech Holding Corporation" in the subject line.  Interested parties may also review the Disclosure Statement and Plan free of charge on the internet (http://dm.epiq11.com/Ditech).  In addition, the Disclosure Statement and Plan are on file with the Bankruptcy Court and may be reviewed for a fee by accessing the Bankruptcy Court's website: www.nysb.uscourts.gov.  Note that a PACER password and login are needed to access documents on the Bankruptcy Court's website.  A PACER password can be obtained at:  www.pacer.psc.uscourts.gov.  Copies of the Disclosure Statement and Plan may also be examined by interested parties during normal business hours at the office of the Clerk of the Bankruptcy Court.  **EPIQ IS NOT AUTHORIZED TO, AND WILL NOT PROVIDE, LEGAL ADVICE.**

Dated: _____, 2019
     New York, New York

---

[4]     Schedule 1 of the Plan identifying the Borrower Non-Discharged Claims is attached hereto as **Exhibit 1**.

WEIL:\97026282\4\41703.0010

## Exhibit 1

### Borrower Non-Discharged Claims

"**Borrower Non-Discharged Claims**" shall mean, Claims of Borrowers, to the limited extent such claims, cross-claims, third-party claims, and counterclaims (a) do not result in any order, judgment, verdict, decree, or arbitration award against the Debtors or Reorganized Debtors entitling any party to an award of monetary damages, including, without limitation, attorneys' fees or costs, penalties or fines (including, for the avoidance of doubt, statutory penalties and fines) but excluding restitution, reimbursement, refunds, or account credits relating solely to a final, non-appealable judgment that a Debtor made a servicing or origination error, or committed fraud, and (b) are necessary for the resolution of the following actions:

1. A claim or defense involving the amount, validity, and/or priority of liens with respect to properties subject to mortgages (including reverse mortgages) owned or serviced by the Debtors, including quiet title suits, efforts by third parties to foreclose their liens, eminent domain and condemnation suits, corrective and reformation actions, disputes with home owners associations or common interest associations, code violation actions, tax sales, and other analogous causes of action;

2. A claim or defense brought by a bankrupt Borrower (including any heir, non-borrowing spouse, estate, and/or other successor in interest) who has sought, or may seek, bankruptcy protection under chapters 7, 11, 12, or 13 of the Bankruptcy Code (each, a "**Bankrupt Borrower**") to:

   a)  assert a proof of claim, notice of payment change, notice of postpetition fee, expense, or charge, or response to notice of final cure;

   b)  assert or continue to assert an objection to a motion to lift the automatic stay filed by the Debtors in the Bankrupt Borrower's bankruptcy case;

   c)  assert appeals with respect to items (a) and (b); or

   d)  seek accounting from the Debtors with respect to the underlying reverse mortgage loan;

3. A claim or defense that is the subject of § 363(o) of the Bankruptcy Code; or

4. A claim or defense brought by a Borrower on account of a Debtor's alleged prepetition:

   a)  failure to comply with loan modification obligations;

   b)  improper assignment of deeds of trust;

   c)  violation of the Real Estate Settlement Procedures Act of 1974 (RESPA) (12 U.S.C. § 2601 et seq.), the Fair Credit Reporting Act (15 U.S.C. § 1681), and/or the Truth in Lending Act (12 C.F.R. § 1026);

   d)  failure to remit payment to the taxing authority that results in penalties to the Borrower;

   e)  failure to remit payment to insurance authorities, the consequence of which includes both a lapse in coverage and actual pecuniary harm to the Borrower; or

   f)  servicing errors directly relating to Debtors' prepetition:

       i.    misapplication of borrower payments;

       ii.   miscalculations of loan principal amounts;

       iii.  miscalculations of loan interest amounts; or

       iv.   failure to credit funds to the correct account.