**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                 :

In re                                 :         Chapter 11

                                 :

**DITECH HOLDING CORPORATION,** *et al.*,   :         Case No. 19-10412 (JLG)

                                 :

                       Debtors.[1]      :         (Jointly Administered)
                                 :         **Related Docket No. 588**

------------------------------------------------------------X

**ORDER PURSUANT TO SECTION 1121(d)**
**OF THE BANKRUPTCY CODE EXTENDING THE ECLUSIVIVE PERIODS**

Upon the motion, dated May 17, 2019 (the "**Motion**")[2] of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") pursuant to section 1121(d) of title 11 of the United States Code (the "**Bankruptcy Code**"), for entry of an order extending the Debtors' exclusive periods in which to file a chapter 11 plan (the "**Exclusive Filing Period**") and solicit acceptances thereof (the "**Exclusive Solicitation Period**," and together with the Exclusive Filing Period, the "**Exclusive Periods**"), all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties in accordance with the Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion to consider the relief requested in the Motion on June 5, 2019 (the "**Hearing**"); and upon the record of the Hearing; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The Motion is granted to the extent set forth herein.

2. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Filing Period in which to file a chapter 11 plan is extended through and including August 10, 2019.

3. Pursuant to section 1121(d) of the Bankruptcy Code, the Debtors' Exclusive Solicitation Period in which to solicit acceptances of their chapter 11 plan is extended through and including October 9, 2019.

4. The extensions of the Exclusive Periods granted herein are without prejudice to such further requests that may be made pursuant to section 1121(d) of the

2

Bankruptcy Code by the Debtors or any party in interest, for cause shown, upon notice and a hearing.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: June 10, 2019
       New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE