UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF EMANUEL WITTELS,<br><br>                **Plaintiff,**<br><br>vs.<br><br>REVERSE MORTGAGE SOLUTIONS, INC., AND DITECH HOLDING CORPORATION,<br><br>                **Defendants.** | **Chapter 11**<br>**Case No. 19-10412 (JLG)**<br><br>**COMPLAINT**<br><br>Adversary No.<br><br>**(Jointly Administered)** |

Plaintiff Estate of Emanuel Wittels ("Plaintiff" or "Wittels Estate"), by its attorney Steven L Wittels of Wittels Law, brings this action against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation[1] whose bankruptcies are being jointly administered in the Bankruptcy Court for the Southern District of New York under Case No. 19-10412 (JLG). Plaintiff hereby alleges the following upon information and belief except as to those matters within the Estate's own knowledge.

## OVERVIEW OF CLAIMS

1. This is an Adversary Proceeding in which the Plaintiff Estate of Emanuel Wittels seeks to render void *ab initio* a purported Home Equity Conversion Mortgage (HECM) in the amount of more than $169,739.05 procured by fraud and predatory lending tactics by Defendants Reverse Mortgage Solutions, Inc. ("RMS") and Ditech Holding Corporation, in violation inter alia of the HECM statute, 12 U.S.C. §1715z-20(d)(2)(B), and The Housing and Economic

---

[1] There are numerous Debtors in these chapter 11 cases, however, the Debtors applicable to this Adversary Proceeding along with the last four digits of their respective federal tax identification numbers are the parent and controlling Debtor entity, Ditech Holding Corporation (0486) and its wholly owned subsidiary Reverse Mortgage Solutions, Inc. (2274).

Recovery Act (HERA, P.L. 110-289).

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C §§157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C §157.

4. Plaintiff has standing to bring this action.

5. Venue is proper pursuant to 28 U.S.C §157 and Local Rule 1001-1 et seq. of the United States Bankruptcy Court for the Southern District of New York.

## BACKGROUND FACTS RE DEFENDANTS' MORTGAGE FRAUD

6. Decedent and widower Emanuel Wittels, born November 24, 1927 in Brooklyn, lived alone in his house at 29 New Street, Englewood Cliffs NJ 07632 from the time his spouse Roberta Wittels died of ovarian cancer in December 1992 until his death on February 19, 2019.

7. After Roberta passed in 1992 around the time of Emanuel's retirement at age 65, he subsisted for the most part on social security, odd jobs, and the meager savings he had managed to accumulate.

8. Emanuel Wittels died earlier this year on February 19 after a long struggle with an irrepressible infection that developed following a fall and severe break in his femur.

9. Steven Wittels, his eldest son, was appointed Executor of the Estate of Emanuel Wittels ("Estate") by Letters Testamentary of the Surrogate's Court of New Jersey issued March 14, 2019.

10. After his father passed, Executor Steven Wittels discovered from correspondence sent to the Estate that his father had fallen prey to a reverse mortgage fraud initiated by Defendant Reverse Mortgage Solutions, Inc. ("RMS"), which was sending letters threatening to foreclose on Emanuel's home at 29 New Street if the Estate did not pay RMS at least $169,739.05 plus other unspecified usurious fees, interest and charges.

2

11. The Wittels Estate has only one asset in poor repair – the home at 29 New Street – but unfortunately has many other debts and creditors due to Emanuel Wittels' prolonged illness and longstanding lack of income and savings.

12. After receiving Reverse Mortgage Solutions, Inc.'s collection demands, Executor Steven Wittels learned that this predatory reverse mortgage company had declared bankruptcy in early 2019 in the Southern District of New York Bankruptcy Court, along with its parent and controlling company Defendant Ditech Holding Corporation ("Ditech"). This is not Defendant Ditech's first bout to try and escape its creditors, as Ditech just recently emerged from its previous Chapter 11 bankruptcy last year (2018) in this same Court after wiping out $800MM in debt owed to legitimate creditors.

13. Upon further investigation, Executor Steven Wittels determined that his father Emanuel Wittels, an elderly and susceptible man, had been hoodwinked into entering a purported Home Equity Conversion Mortgage with RMS (the "reverse mortgage") without, upon and belief, receiving the proper counseling and other necessary disclosure information mandated by the HECM statute, 12 U.S.C. §1715z-20(d)(2)(B) – which counseling was required before RMS could let Emanuel enter what was a usurious mortgage.

14. Moreover, the Housing and Economic Recovery Act (HERA, P.L. 110-289) prohibits HECM counselors from being associated with lenders like Defendants Reverse Mortgage Solutions, Inc. ("RMS") and Ditech Holding Corporation or other entities selling financial or insurance products, prevents lenders from selling financial or insurance products directly or requiring their purchase, and limits loan origination fees that can be charged. To the extent Defendants even employed or used HECM counselors, which upon information and belief it did not with respect to Emanuel Wittels, Defendants have failed to comply with these HERA

requirements.  Further, upon information and belief, the lenders here, Defendants RMS and the Ditech parent, did and still do illegally sell financial and/or insurance products directly or required their purchase as a condition of their reverse mortgage with Mr. Wittels, and also charged him excessive and illegal loan origination fees.

15.    Accordingly, the Estate of Emanuel Wittels brings this Adversary Proceeding to vindicate the wrongs perpetrated on Emanuel Wittels by the now bankrupt mortgage giant Defendant Reverse Mortgage Solutions, Inc. and its controlling and bankrupt parent Defendant Ditech Holding Corporation ("Ditech").

16.    Plaintiff Estate of Emanuel Wittels seeks inter alia a declaration and order that the purported RMS reverse mortgage with Emanuel Wittels is void *ab initio,* should be rescinded*,* and/or deemed usurious; that Defendants' claim under the purported reverse mortgage in the bankruptcy case be disallowed to the extent Defendants assert rights under the mortgage; and that Plaintiff be awarded monetary damages of at least $169,739.05, plus costs, interest, and attorneys fees for the following violations of law, and such other relief as this Court deems fit and proper.

## FIRST CAUSE OF ACTION

**(Violation of Home Equity Conversion Mortgage Statute, 12 U.S.C. §1715z-20(d)(2)(B))**

17.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

18.    Under the Home Equity Conversion Mortgage (HECM) statute, 12 U.S.C. §1715z-20(d)(2)(B), the lenders, here Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation, are required to provide specified counseling to all prospective borrowers (mortgagors) by a HUD certified counselor.

4

19. Under the HECM statute, counseling must be provided by a counselor who has gone through the HUD approval process, which requires employment by a HUD-approved counseling agency, initial and continued success in passing a counseling exam, and training and education.

20. Moreover, the HECM statute also requires that HUD certified counselors inform potential borrowers about options other than HECMs, financial implications of HECMs, possible consequences regarding taxes or eligibility for benefits, or consequences to the borrower's estate.

21. Upon information and belief, neither Defendant Reverse Mortgage Solutions, Inc. nor its controlling parent Defendant Ditech Holding Corporation employed a certified HUD-approved counselor to fulfill the counseling mandates of the HECM statute with Emanuel Wittels before deceiving him into entering a purported reverse mortgage with Defendant RMS.

22. As a result of Defendants' failure to comply with the counseling mandates of the HECM statute, 12 U.S.C. §1715z-20(d)(2)(B), Plaintiff Estate of Emanuel seeks a declaratory judgment that the purported RMS reverse mortgage with Emanuel Wittels is void *ab initio* and should be rescinded, and that the Estate be awarded Judgment against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05, plus costs, interest, attorneys fees, and such other relief as the Court deems fit and proper.

## SECOND CAUSE OF ACTION

**(Violation of Housing and Economic Recovery Act of 2008 (HERA, P.L. 110-289))**

23. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

24. Under the Housing and Economic Recovery Act of 2008 (HERA, P.L. 110-289),

HECM counselors are prohibited from being associated with lenders like Defendants Reverse Mortgage Solutions, Inc. ("RMS") and Ditech Holding Corporation or entities selling financial or insurance products.

25. HERA further prevents lenders from selling financial or insurance products directly or requiring their purchase, and limits loan origination fees that lenders like Defendants Reverse Mortgage Solutions, Inc. ("RMS") and Ditech Holding Corporation can charge.

26. To the extent Defendants even employed or uses HECM counselors, which upon information and belief did not occur with respect to Emanuel Wittels, Defendants have failed to comply with these HERA requirements.

27. Further, upon information and belief, the lenders here, Defendants RMS and the Ditech parent, did and still do illegally sell financial and/or insurance products directly or required their purchase as a condition of their reverse mortgage with Mr. Wittels, and also charged him excessive and illegal loan origination fees

28. As a result of Defendants' failure to comply with the mandates of the Housing and Economic Recovery Act of 2008 (HERA, P.L. 110-289), Plaintiff Estate of Emanuel Wittels seeks a declaratory judgment that the purported RMS mortgage with Emanuel Wittels is void *ab initio* and should be rescinded, and that the Estate be awarded Judgment against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05, plus costs, interest, attorneys fees, and such other relief as the Court deems fit and proper.

## **THIRD CAUSE OF ACTION**

**(Violation of Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and its Implementing Regulations ("Regulation Z"), 12 C.F.R. § 226)**

29. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

30. Under the Home Equity Conversion Mortgage (HECM) statute, 12 U.S.C. §1715z-20(d)(2)(B), the lender, here Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation, are required to provide specified counseling to all prospective borrowers (mortgagors) by a HUD certified counselor. Under the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* and its implementing regulations ("Regulation Z"), 12 C.F.R. § 226), a lender (mortgagee), here Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation, are required to make full and accurate disclosure of all costs, fees, charges and other critical information to a prospective loan borrower.

31. Under TILA and Regulation Z, Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation are also required to provide full and accurate disclosure through HUD approved counselors of all costs, fees, charges and other critical financial information to a prospective loan borrower as mandated by the Home Equity Conversion Mortgage (HECM) statute, 12 U.S.C. §1715z-20(d)(2)(B).

32. Upon information and belief, neither Defendant Reverse Mortgage Solutions, Inc. nor its controlling parent Defendant Ditech Holding Corporation complied with TILA and Regulation Z to provide full and accurate disclosure through HUD approved counselors of all costs, fees, charges and other critical financial information to the prospective borrower Emanuel Wittels as mandated by TILA, Regulation Z, and the Home Equity Conversion Mortgage (HECM) statute, 12 U.S.C. §1715z-20(d)(2)(B).

33.     In addition, under TILA and Regulation Z Defendants failed to provide Emanuel Wittels with the statutorily-prescribed number of copies of the disclosure documents required by the statute and its implementing regulations, and further made inaccurate representations as to, *inter alia,* the interest, finance charges and annual percentage rate in the purported loan documents.

34.     As a result of its failure to comply with the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* and its implementing regulations ("Regulation Z"), 12 C.F.R. § 226), Plaintiff Estate of Emanuel seeks a declaratory judgment that the purported RMS mortgage with Emanuel Wittels is void *ab initio* and should be rescinded, and that the Estate be awarded Judgment against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05, plus costs, interest, attorneys fees, and such other relief as the Court deems fit and proper.

## FOURTH CAUSE OF ACTION

**(Violation of N.J.S.A. § 56:8-1, et seq., New Jersey Consumer Fraud Act)**

35.     Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

36.     Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation have engaged in an unconscionable commercial practice under the New Jersey Consumer Fraud Act, § 56:8-1, et seq.

37.     Defendants misled, misrepresented and fraudulently induced an elderly and susceptible widower to enter a purported reverse mortgage on the sole asset with any value in his possession at 29 New Street, Englewood Cliffs, NJ -- a reverse mortgage that was unsuitable, exorbitant and improper.

8

38. Defendants also unlawfully tacked on excessive and illegal fees in violation of both the Home Equity Conversion Mortgage (HECM) statute, 12 U.S.C. §1715z-20(d)(2)(B), and the Housing and Economic Recovery Act of 2008 (HERA, P.L. 110-289).

39. Defendants committed these unconscionable, unlawful, deceptive, and unfair trade practices by charging Emanuel Wittels excessive mortgage fees, charges, interest, insurance and other hidden amounts as a way to fatten its corporate coffers at the expense of vulnerable elderly homeowners like Mr. Wittels.

40. As a result of the unconscionable, unlawful, deceptive, and unfair trade practices of Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation, Plaintiff Estate of Emanuel Wittels has suffered injury and monetary damages.

41. Accordingly, as a result of Defendants' violation of New Jersey Consumer Fraud Act, § 56:8-1, et seq., Plaintiff Estate of Emanuel seeks a declaratory judgment that the purported RMS mortgage with Emanuel Wittels is void *ab initio* and should be rescinded, and that the Estate be awarded Judgment against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05, plus costs, interest, attorneys fees, and such other relief as the Court deems fit and proper.

### FIFTH CAUSE OF ACTION

**(Fraud in the Inducement and Fraud in the Execution)**

42. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

43. Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation misled, misrepresented and fraudulently induced an elderly and susceptible widower to enter a

purported reverse mortgage on his sole asset of any value at 29 New Street, Englewood Cliffs, NJ, which was unsuitable, exorbitant and improper.

44.   Defendants fraudulently induced Emanuel Wittels to sign reverse purported mortgage documents with Defendant RMS -- to the extent the Court finds that any such documents were actually signed by Emanuel Wittels himself which is unknown presently -- without having provided the proper counseling and disclosures, and by wrongfully including with the mortgage excessive and illegal fees in violation of both the Home Equity Conversion Mortgage (HECM) statute, 12 U.S.C. §1715z-20(d)(2)(B), and the Housing and Economic Recovery Act of 2008 (HERA, P.L. 110-289).

45.   Accordingly, at the time of the purported execution of the reverse mortgage documents, to the extent Emanuel Wittels signed any such documents he was necessarily unaware of the import and content of said documents as required under the counseling mandated by the HECM statute, having been misled and deceived by Defendants and their representatives.  Thus, his ignorance of the content of such documents is excusable, reasonable and understandable, and a defense to any potential claim that he knowingly took out a reverse mortgage with Defendants.

46.   As a result of the unconscionable, unlawful, deceptive, and unfair fraud in the inducement and/or fraud in the execution of reverse mortgage documents with Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation, Plaintiff Estate of Emanuel Wittels has suffered injury and monetary damages.

47.   Accordingly, as a result of Defendants' fraud in the inducement and fraud in the execution, Plaintiff Estate of Emanuel seeks a declaratory judgment that the purported RMS mortgage with Emanuel Wittels is void *ab initio* and should be rescinded, and the Estate awarded

Judgment against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05, plus costs, interest, attorneys fees, and such other relief as the Court deems fit and proper.

## SIXTH CAUSE OF ACTION

**(Violation of Criminal Usury Statute, N.J.S.A 2C:21-19)**

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

49. Upon information and belief, Emanuel Wittels, an elderly and susceptible senior was fraudulently induced to enter a purported Home Equity Conversion Mortgage (HECM) in the amount of more than $169,739.05 with Defendants Reverse Mortgage Solutions, Inc. and its controlling parent company Defendant Ditech Holding Corporation.

50. In New Jersey, where Defendants induced Emanuel Wittels to purportedly enter a reverse mortgage, the criminal usury law prevents borrowers from being charged more than 30% on their principal.

51. Upon information and belief, Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation compelled Emanuel Wittels to pay a potpourri of unlawful fees, insurance fees, and interest charges, including fees for Defendant RMS' so-called "services" which were of little value or in fact never rendered, which together amounted to a usurious interest rate and/or penalty in excess of 30%.

52. As a result of the excessive rate and/or penalty Defendants charged Emanuel Wittels for the purported reverse mortgage, Defendants have violated the New Jersey Criminal Usury statute, N.J.S.A 2C:21-19.

11

53. Accordingly, Plaintiff Estate of Emanuel Wittels seeks a declaratory judgment that the purported RMS reverse mortgage with Mr. Wittels is void *ab initio* and should be rescinded, and the Estate be awarded Judgment against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05, plus costs, interest, attorneys fees, and such other relief as the Court deems fit and proper.

## SEVENTH CAUSE OF ACTION

### (Unjust Enrichment Under New Jersey Law)

54. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

55. Because of the wrongful activities described above, including charging Emanuel Wittels exorbitant, hidden and excessive origination fees and other fees, interest and charges, Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation have received or claim monies belonging to the Estate of Emanuel Plaintiff.

56. Defendants have benefited from and/or demand payment from the Estate of Emanuel Wittels for receipt of principal, origination fees and other fees, interest and charges, and under principles of equity and good conscience, Defendants should not be permitted to keep or siphon this money from the Estate.

57. As a result of Defendants' wrongful actions described above, Defendants must account to the Plaintiff Estate of Emanuel Wittels for such unjust enrichment and disgorge and/or forego their unlawful profits.

58. By reason of the foregoing, Plaintiff Estate of Emanuel Wittels seeks a declaratory judgment that Defendants are liable for Unjust Enrichment and that the RMS purported reverse mortgage with Emanuel Wittels is void *ab initio* and should be rescinded, and the Estate be

awarded Judgment against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05, plus costs, interest, attorneys fees, and such other relief as the Court deems fit and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Estate of Emanuel Wittels respectfully requests that the Court:

(a) Find that Defendant Reverse Mortgage Solutions, Inc. and Defendant Ditech Holding Corporation have committed the violations of law alleged in the First though Seventh Causes of Action herein;

(b) Issue a Declaratory Judgment that the purported reverse mortgage of Emanuel Wittels with RMS is void *ab initio* and should be rescinded, and thereby declaring that no foreclosure actions or other actions may be instituted against the Plaintiff Estate of Emanuel Wittels by Defendants;

(c) Enter Judgment for Plaintiff Estate of Emanuel Wittels against Defendants Reverse Mortgage Solutions, Inc. and Ditech Holding Corporation for monetary damages of at least $169,739.05;

(d) Issue an injunction or other appropriate equitable relief requiring Defendants to refrain from engaging in the deceptive practices alleged herein and attempting to foreclose on the property at issue;

(e) Include in the Judgment interest, prejudgment interest, costs, attorneys' fees, and expenses; and

(f) Grant all such other relief as the Court deems appropriate.

Dated: June 28, 2019
      Armonk, New York

**WITTELS LAW, P.C.**

By: /s/ Steven L. Wittels
Steven L. Wittels (SW-8110)

18 Half Mile Road
Armonk, New York 10504
Telephone: (914) 319-9945
slw@wittelslaw.com

*Attorneys for Plaintiff Estate of Emanuel Wittels*

13