UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                            :
In re                                                       :    Chapter 11
                                                            :
DITECH HOLDING CORPORATION, *et al.*,                       :    Case No. 19-10412 (JLG)
                                                            :
         Debtors.[1]                                        :    (Jointly Administered)
                                                            :    Related Docket Nos. 722
------------------------------------------------------------X

## ORDER DESIGNATING STALKING HORSE BIDDER AND APPROVING STALKING HORSE BID PROTECTIONS (FORWARD BUSINESS)

In accordance with the *Order (I) Approving Bidding Procedures, (II) Approving Assumption and Assignment Procedures, and (III) Granting Related Relief* [ECF No. 456] (the "**Bidding Procedures Order**")[2] approving, among other things, bidding procedures for the sale of any or all of the Debtors' assets; and upon consideration of the *Notice of Designation of Stalking Horse Bid and Request for Approval of Stalking Horse Bid Protections (Forward Business)*, dated as of June 18, 2019 [ECF No. 722] (the "**Notice of Stalking Horse Bid**") and the relevant terms and conditions of the *Asset Purchase Agreement*, by and among Ditech Holding Corporation, Ditech Financial LLC and New Residential Investment Corp. (the "**Stalking Horse Agreement**") appended thereto; and due and proper notice of the Bidding Procedures Order and the Notice of Stalking Horse Bid having been provided as set forth in the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Bidding Procedures Order.

affidavits of service filed with respect thereto [ECF Nos. 474, 765]; and such notice having been adequate and appropriate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and Notice of Stalking Horse Bid establish just cause for the relief granted herein, and that the relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court, and after due deliberation and good and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. <u>Jurisdiction and Venue</u>. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has jurisdiction to consider the relief requested in accordance with 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

B. <u>Designation of Stalking Horse Bidder</u>. Pursuant to the Bidding Procedures Order, the Debtors are authorized to, in the exercise of their reasonable business judgment, designate one or more Stalking Horse Bidders for one or more of their assets and to enter into the Stalking Horse Agreement for the sale of any such assets, subject to Bankruptcy Court approval.

C. <u>Stalking Horse Bid Protections</u>. Pursuant to the Bidding Procedures Order, the Debtors are further authorized, in consultation with the Consultation Parties (as defined in the Bidding Procedures), to (a) establish initial overbid minimum and subsequent bidding increment requirements; (b) offer the Stalking Horse Bidder a break-up fee and expense

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

reimbursement in an amount agreed to by the Debtors in consultation with the Term Loan Ad Hoc Group and the official committee of unsecured creditors; (c) provide that, if the Stalking Horse Bidder bids on certain assets at the Auction, the Stalking Horse Bidder will be entitled to a credit, in the amount of its Termination Payment, against the increased purchase price for the assets; and (d) provide other appropriate and customary protections to the Stalking Horse Bidder. The proposed stalking horse bid protections provided to the Stalking Horse Bidder are set forth in Section 5.4(a) and Section 5.4(c) of the Stalking Horse Agreement (the "**Stalking Horse Bid Protections**").

    D.  <u>Notice of Stalking Horse Bid</u>.  On June 18, 2019, the Debtors (a) filed the Notice of Stalking Horse Bid disclosing their designation of New Residential Investment Corp. ("**NRZ**") as the Stalking Horse Bidder for the Acquired Assets (as defined in the Stalking Horse Agreement) in accordance with the Bidding Procedures Order, (b) served the Notice of Stalking Horse Bid on the Objection Notice Parties (as defined in the Bidding Procedures Order), and (c) caused the Notice of Stalking Horse Bid to be published on the website maintained by the Debtors' claims and noticing agent in these chapter 11 cases in accordance with the Bidding Procedures Order.  No other or further notice of the relief granted herein is required.

    E.  <u>Adequate Notice</u>. A reasonable opportunity to object or be heard regarding the relief granted herein has been afforded to all parties in interest in these chapter 11 cases.

    F.  <u>Relief is Warranted</u>.  Good and sufficient business reasons exist for this Court to authorize the Debtors to enter into the Stalking Horse Agreement, to designate NRZ as the Stalking Horse Bidder for the Acquired Assets, and to approve the Stalking Horse Bid Protections set forth in the Stalking Horse Agreement.

WEIL:\97099403\1\41703.0011

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. <u>Designation of Stalking Horse Bidder</u>.  The Debtors are authorized to designate NRZ as, and NRZ is hereby designated as, the Stalking Horse Bidder for the Acquired Assets.

2. All objections to the relief granted herein that have not been withdrawn, waived, or settled are overruled as to the relief granted herein.

3. <u>Approval of Stalking Horse Bid Protections</u>.

    (a) The Termination Payment, the Expense Reimbursement, and the break-up fee payable in connection with an Alternative PLS Transaction, as set forth in Section 5.4(a) and Section 5.4(c) of the Stalking Horse Agreement, are hereby approved, and the Debtors are authorized and directed to promptly pay, as they become due, any amounts owed to NRZ on account of the Termination Payment, the Expense Reimbursement, and the break-up fee payable in connection with an Alternative PLS Transaction in accordance with the Stalking Horse Agreement.

    (b) For the avoidance of doubt, neither the Termination Payment nor Expense Reimbursement will be paid to NRZ in the event NRZ terminates the Stalking Horse Agreement solely pursuant to Section 8.1(c)(vi) thereof.

    (c) The obligations of the Debtors to pay the Termination Payment, the Expense Reimbursement, and the break-up fee payable in connection with an Alternative PLS Transaction, if triggered, shall be entitled to administrative expense claim status under sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

    (d) If NRZ bids on certain assets at the Auction, NRZ shall be entitled to a credit, in the full amount of the Termination Payment and the Expense Reimbursement, against the increased purchase price for the assets.

    (e) The purchase price in a competing bid for the Acquired Assets shall not be considered a Qualified Bid unless such bid (i) provides for consideration to the Debtors' estates of at least $30,000,000 for payment of the Termination Payment and up to $6,000,000 for payment of the Expense Reimbursement, and (ii) otherwise constitutes a higher or better bid taking into account all of the consideration provided to the Debtors' estates under the Stalking Horse Agreement, including the Purchase Price (as defined in the Stalking Horse Agreement), as determined by the Debtors (in the due exercise of their fiduciary duties and applicable Law (as defined in the Stalking Horse Agreement)).

  4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, or any applicable provisions of the Local Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

  5. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

  6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July 2, 2019
    New York, New York

              */s/ James L. Garrity, Jr.*
              THE HONORABLE JAMES L. GARRITY, JR.
              UNITED STATES BANKRUPTCY JUDGE