UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                      :

In re                                       :        Chapter 11
                                       :
**DITECH HOLDING CORPORATION,** *et al.*,    :        Case No. 19-10412 (JLG)
                                       :
               Debtors.[1]          :        (Jointly Administered)
                                       :        Related Docket No. 724
------------------------------------------------------------X

## ORDER APPROVING
## STALKING HORSE BID PROTECTIONS (REVERSE BUSINESS)

In accordance with the *Order (I) Approving Bidding Procedures, (II) Approving Assumption and Assignment Procedures, and (III) Granting Related Relief* [ECF No. 456] (the "**Bidding Procedures Order**")[2] approving, among other things, bidding procedures (the "**Bidding Procedures**") for the sale of any or all of the Debtors' assets; and upon consideration of the *Notice of Designation of Stalking Horse Bid and Request for Approval of Stalking Horse Bid Protections (Reverse Business)*, dated as of June 18, 2019 [ECF No. 724] (the "**Notice of Stalking Horse Bid**") and the relevant terms and conditions of the *Stock and Asset Purchase Agreement* (the "**Stalking Horse Agreement**") appended thereto; and due and proper notice of the Bidding Procedures Order and Notice of Stalking Horse Bid having been provided as set forth in the affidavits of service filed with respect thereto [ECF Nos. 474, 725];

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Bidding Procedures Order.

and such notice having been adequate and appropriate under the circumstances; and the Court having determined that the legal and factual bases set forth in the Motion and Notice of Stalking Horse Bid establish just cause for the relief granted herein, and the relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**[3]

A. <u>Jurisdiction and Venue</u>. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Court has jurisdiction to consider the relief requested in accordance with 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.).

B. <u>Designation of Stalking Horse Bidder</u>. Pursuant to the Bidding Procedures Order, the Debtors are authorized to, in the exercise of their reasonable business judgment, designate one or more Stalking Horse Bidders for one or more of their assets and to enter into the Stalking Horse Agreement for the sale of any assets or equity, subject to Court approval.

C. <u>Stalking Horse Bid Protections</u>. Pursuant to the Bidding Procedures Order, the Debtors are further authorized, in consultation with the Consultation Parties (as defined in the Bidding Procedures), to (a) establish initial overbid minimum and subsequent bidding increment requirements; (b) offer each Stalking Horse Bidder a break-up fee and

---

[3] The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

expense reimbursement in an amount agreed to by the Debtors in consultation with the Term Loan Ad Hoc Group and the official committee of unsecured creditors; (c) provide that, if the Stalking Horse Bidder bids on certain assets at the Auction, the Stalking Horse Bidder will be entitled to a credit, in the amount of its Termination Payment, against the increased purchase price for the assets; and (d) provide other appropriate and customary protections to a Stalking Horse Bidder.  The stalking horse bid protections provided to the Stalking Horse Bidder are set forth in Sections 6.4 and 9.2 of the Stalking Horse Agreement (the "**Stalking Horse Bid Protections**").

D. Notice of Stalking Horse Bid.  On June 18, 2019, the Debtors (a) filed the Notice of Stalking Horse Bid, disclosing the designation of Mortgage Assets Management, LLC and SHAP 2018-1, LLC as Stalking Horse Bidder in accordance with the Bidding Procedures Order, (b) served it on the Objection Notice Parties, and (c) caused it to be published on the website maintained by the Debtors' claims and noticing agent in these chapter 11 cases, in accordance with the Bidding Procedures Order.  No further notice of the relief granted herein is required.

E. Adequate Notice. A reasonable opportunity to object or be heard regarding the relief granted herein has been afforded to all parties in interest in these chapter 11 cases.

F. Relief is Warranted.  The legal and factual bases set forth in the Motion, Bidding Procedures Order, and Notice of Stalking Horse Bid establish just and sufficient cause to grant the relief requested therein.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The designation of Mortgage Assets Management, LLC and SHAP 2018-1, LLC as Stalking Horse Bidder is hereby approved.

2. All objections to the relief granted herein that have not been withdrawn, waived, or settled are overruled as to the relief granted herein.

3. The Stalking Horse Bid Protections are approved and shall be payable by the Debtors in accordance with Sections 6.4(a) and 9.2 of the Stalking Horse Agreement.

4. If payable, the Break-Up Fee and Expense Reimbursement shall be treated as an allowed administrative expense claim against the Debtors.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, and 9014, or any applicable provisions of the Local Rules or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and no automatic stay of execution shall apply to this Order.

6. The Debtors are authorized to take all steps necessary or appropriate to carry out this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated: July 2, 2019
New York, New York

*/s/ James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE