Susheel Kirpalani
Benjamin I. Finestone
Deborah J. Newman
Victor Noskov
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
Email:  susheelkirpalani@quinnemanuel.com
       benjaminfinestone@quinnemanuel.com
       deborahnewman@quinnemanuel.com
       victornoskov@quinnemanuel.com

*Counsel to the Official Committee*
*of Consumer Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| DITECH HOLDING CORPORATION., *et al.*[1] | ) |
| | ) Case No. 19-10412 (JLG) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**SUMMARY OF SECOND INTERIM AND FINAL APPLICATION OF**
**QUINN EMANUEL URQUHART & SULLIVAN, LLP FOR COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS**
**COUNSEL TO THE OFFICIAL COMMITTEE OF CONSUMER CREDITORS FOR**
**THE PERIOD OF MAY 6, 2019 THROUGH SEPTEMBER 30, 2019**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837).  The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

| | |
|---|---|
| Name of Applicant: | Quinn Emanuel Urquhart & Sullivan, LLP |
| Name of Client: | The Official Committee of Consumer Creditors of Ditech Holding Corporation |
| Time Period Covered by Application: | <u>Second Interim Period</u>: July 1, 2019 through September 30, 2019<br><u>Final Application Period</u>: May 6, 2019 through September 30, 2019 |
| Total Compensation Sought in This Application: | <u>Second Interim Period</u>:  $1,828,361.25<br><u>Final Application Period</u>:  $2,489,506.75 |
| Total Expenses Sought in This Application: | <u>Second Interim Period</u>:  $76,413.12<br><u>Final Application Period</u>:  $87,092.32 |
| Petition Date: | February 11, 2019 |
| Retention Date: | *Nunc pro tunc* to May 6, 2019 |
| Date of Order Approving Employment: | July 17, 2019 |
| Total Compensation Approved by Interim Order to Date: | $0 |
| Total Expenses Approved by Interim Order to Date: | $0 |
| Total Allowed Compensation Paid to Date: | $0 |
| Total Allowed Expenses Paid to Date: | $0 |
| Blended Rate in This Application for All Attorneys: | <u>Second Interim Period</u>:  $853.95<br><u>Final Application Period</u>:  $844.54 |
| Blended Rate in This Application for All Timekeepers: | <u>Second Interim Period</u>:  $820.23<br><u>Final Application Period</u>:  $816.42 |
| Compensation Sought in This Application Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $1,706,517.40 |
| Expenses Sought in This Application Already Paid Pursuant to Monthly Compensation Order But Not Yet Allowed: | $42,521.32 |
| Number of Professionals Included in this Application: | <u>Second Interim Period</u>: 16<br><u>Final Application Period</u>: 16 |
| If Applicable, Number of Professionals in This Application Not Included in Staffing Plan Approved by Client: | N/A |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought for This Compensation Period: | N/A |
| Number of Professionals Billing Fewer Than 15 Hours to the Case During This Period: | <u>Second Interim Period</u>: 3<br><u>Final Application Period</u>: 2 |
| Are Any Rates Higher Than Those Approved or Disclosed at Retention? | Yes[2] |

---

[2] On September 1, 2019, Quinn Emanuel implemented firm-wide rate adjustments to reflect the class year of attorneys. Such adjustments shall not be considered as rate increases. The Bartholow Declaration to the Retention Application (ECF 659) provides that: "In determining the level of compensation to be paid to Quinn Emanuel and its reasonableness, I compared Quinn Emanuel's hourly rates with the range of rates charged by other pre-eminent bankruptcy and litigation firms in the chapter 11 context. So long as Quinn Emanuel charges its standard hourly rates in effect at the time, I consent to Quinn Emanuel's periodic rate increases." (Bartholow Decl. ¶ 5) Quinn Emanuel

1

This is a(n) ☐monthly ☐interim ☒final application.

Date of this Application: November 14, 2019

Additional summaries and disclosures follow and are incorporated into the Cover Sheet for this Application.

### Summary of Prior Monthly Applications Served

| Date | Time Period | Requested | | Distributed To Date | | Total Outstanding |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| 7/29/19 | 5/6/19 – 6/30/19 | $661,145.50 | $5,295.11 | $528,916.40 | $5,295.11 | $132,229.10 |
| 09/28/19 | 7/1/19 – 8/31/19 | $1,472,001.25 | $37,226.21 | $1,177,601.00 | $37,226.21 | $294,400.25 |
| 11/07/19 | 9/1/19 – 9/30/19 | $356,360.00 | $39,311.91[3] | $0 | $0 | $395,671.91 |
| Total | | $2,489,506.75 | $87,092.32 | $1,706,517.40 | $42,521.32 | $822,301.26 |

---

represents that its rates for the Compensation Period have been consistent with those of pre-eminent bankruptcy and litigation firms.

[3] Due to delay in the accounting system, there were expenses in the amount of $5,259.09 that were not included in the Third Monthly Fee Statement (ECF 1551). This amount has been included in this Application.

**Summary Of Hours Billed By Professionals And Paraprofessionals**
**Second Interim Period (July 1, 2019 – September 30, 2019)**

| Name | Department | Year of Admission | Hours | Rate | Amount |
|---|---|---|---|---|---|
| **PARTNER** | | | | | |
| Susheel Kirpalani | Bankruptcy | 1994 | 133.5 | $ 1,550.00 | $ 206,925.00 |
| Deborah Newman | Bankruptcy | 2002 | 125.6 | $ 1,150.00 | $ 144,440.00 |
| Benjamin Finestone | Bankruptcy | 2004 | 82.1 | $ 1,150.00 | $ 94,415.00 |
| Manisha Sheth | Litigation | 1998 | 1.0 | $ 1,250.00 | $ 1,250.00 |
| Patty Tomasco | Bankrutpcy | 1988 | 0.6 | $ 1,150.00 | $ 690.00 |
| **OF COUNSEL** | | | | | |
| Daniel Holzman | Bankruptcy | 1999 | 13.9 | $ 950.00 | $ 13,205.00 |
| **ASSOCIATE** | | | | | |
| Lindsay Weber | Bankruptcy | 2009 | 95.3 | $ 900.00 | $ 85,770.00 |
| Victor Noskov | Bankruptcy | 2012 | 240.2 | $ 875.00 | $ 210,175.00 |
| | | | 470.2 | $ 865.00 | $ 406,723.00 |
| Stephen Schweizer | Litigation | 2012 | 196.4 | $ 865.00 | $ 169,886.00 |
| Razmig Izakelian | Bankruptcy | 2013 | 6.7 | $ 865.00 | $ 5,795.50 |
| | | | 72.4 | $ 860.00 | $ 62,264.00 |
| Andrew Soler | Bankruptcy | 2014 | 38.4 | $ 860.00 | $ 33,024.00 |
| | | | 111.6 | $ 815.00 | $ 90,954.00 |
| Stella Li | Barkruptcy | 2019 | 79.3 | $ 655.00 | $ 51,941.50 |
| | | | 253.3 | $ 595.00 | $ 150,713.50 |
| **CONTRACT ATTORNEYS** | | | | | |
| David Fein | Litigation | 2001 | 75.2 | $ 380.00 | $ 28,576.00 |
| Isabelle Foucard | Litigation | 2015 | 45.4 | $ 380.00 | $ 17,252.00 |
| Christopher Clark | Litigation | 2007 | 59.7 | $ 380.00 | $ 22,686.00 |
| Nathalie Pierre | Litigation | 1999 | 5.7 | $ 380.00 | $ 2,166.00 |
| **PARAPROFESSIONALS** | | | | | |
| Patricia Smith | Managing Clerk | N/A | 2.0 | $ 375.00 | $ 750.00 |
| Andrew Scott | Managing Clerk | N/A | 1.5 | $ 375.00 | $ 562.50 |
| Jeffrey Matthews | Paralegal | N/A | 46.7 | $ 330.00 | $ 15,411.00 |
| Edward Juhn | Paralegal | N/A | 3.0 | $ 330.00 | $ 990.00 |
| Eric Passaglia | Paralegal | N/A | 2.5 | $ 330.00 | $ 825.00 |
| Dave Scholz | Graphics Coordinator | N/A | 12.0 | $ 250.00 | $ 3,000.00 |
| James Bandes | Litigation Support | N/A | 1.5 | $ 250.00 | $ 375.00 |
| Brahim Benni | Litigation Support | N/A | 10.8 | $ 175.00 | $ 1,890.00 |
| Simon Yanway | Litigation Support | N/A | 35.9 | $ 175.00 | $ 6,282.50 |
| Jet Ma | Litigation Support | N/A | 0.4 | $ 175.00 | $ 70.00 |
| Eileen Rivera | Litigation Support | N/A | 5.5 | $ 175.00 | $ 962.50 |
| Raul Vasquez | Litigation Support | N/A | 1.6 | $ 175.00 | $ 280.00 |
| Aaron Alcantara | Litigation Support | N/A | 0.6 | $ 175.00 | $ 105.00 |
| Kevin Silveira | Litigation Support | N/A | 1.3 | $ 175.00 | $ 227.50 |

**Summary Of Hours Billed By Professionals And Paraprofessionals**
**Final Fee Application Period (May 6, 2019 – September 30, 2019)**

| Name | Department | Year of Admission | Hours | Rate | Amount |
|---|---|---|---|---|---|
| **PARTNER** | | | | | |
| Susheel Kirpalani | Bankruptcy | 1994 | 144.6 | $ 1,550.00 | $ 224,130.00 |
| Deborah Newman | Bankruptcy | 2002 | 125.6 | $ 1,150.00 | $ 144,440.00 |
| Benjamin Finestone | Bankruptcy | 2004 | 112.9 | $ 1,150.00 | $ 129,835.00 |
| Manisha Sheth | Litigation | 1998 | 2.4 | $ 1,250.00 | $ 3,000.00 |
| Patty Tomasco | Bankrutpcy | 1988 | 0.6 | $ 1,150.00 | $ 690.00 |
| **OF COUNSEL** | | | | | |
| Daniel Holzman | Bankruptcy | 1999 | 26.3 | $ 950.00 | $ 24,985.00 |
| **ASSOCIATE** | | | | | |
| Lindsay Weber | Bankruptcy | 2009 | 116.1 | $ 900.00 | $ 104,490.00 |
| Victor Noskov | Bankruptcy | 2012 | 240.2 | $ 875.00 | $ 210,175.00 |
| | | | 917.9 | $ 865.00 | $ 793,983.50 |
| Stephen Schweizer | Litigation | 2012 | 196.4 | $ 865.00 | $ 169,886.00 |
| Razmig Izakelian | Bankruptcy | 2013 | 6.7 | $ 865.00 | $ 5,795.50 |
| | | | 139.3 | $ 860.00 | $ 119,798.00 |
| Andrew Soler | Bankruptcy | 2014 | 38.4 | $ 860.00 | $ 33,024.00 |
| | | | 115.8 | $ 815.00 | $ 94,377.00 |
| Stella Li | Barkruptcy | 2019 | 79.3 | $ 655.00 | $ 51,941.50 |
| | | | 454.3 | $ 595.00 | $ 270,308.50 |
| **LAW CLERK** | | | | | |
| Suman Dev | Litigation | N/A | 7.4 | $ 390.00 | $ 2,886.00 |
| **CONTRACT ATTORNEYS** | | | | | |
| David Fein | Litigation | 2001 | 75.2 | $ 380.00 | $ 28,576.00 |
| Isabelle Foucard | Litigation | 2015 | 45.4 | $ 380.00 | $ 17,252.00 |
| Christopher Clark | Litigation | 2007 | 59.7 | $ 380.00 | $ 22,686.00 |
| Nathalie Pierre | Litigation | 1999 | 5.7 | $ 380.00 | $ 2,166.00 |
| **PARAPROFESSIONALS** | | | | | |
| Patricia Smith | Managing Clerk | N/A | 7.0 | $ 375.00 | $ 2,625.00 |
| Andrew Scott | Managing Clerk | N/A | 3.0 | $ 375.00 | $ 1,125.00 |
| Jeffrey Matthews | Paralegal | N/A | 48.6 | $ 330.00 | $ 16,038.00 |
| Edward Juhn | Paralegal | N/A | 10.0 | $ 330.00 | $ 3,300.00 |
| Eric Passaglia | Paralegal | N/A | 4.0 | $ 330.00 | $ 1,320.00 |
| Dave Scholz | Graphics Coordinator | N/A | 12.0 | $ 250.00 | $ 3,000.00 |
| James Bandes | Litigation Support | N/A | 1.5 | $ 250.00 | $ 375.00 |
| Brahim Benni | Litigation Support | N/A | 10.8 | $ 175.00 | $ 1,890.00 |
| Simon Yanway | Litigation Support | N/A | 35.9 | $ 175.00 | $ 6,282.50 |
| Jet Ma | Litigation Support | N/A | 0.4 | $ 175.00 | $ 70.00 |
| Eileen Rivera | Litigation Support | N/A | 5.5 | $ 175.00 | $ 962.50 |
| Raul Vasquez | Litigation Support | N/A | 1.6 | $ 175.00 | $ 280.00 |
| Aaron Alcantara | Litigation Support | N/A | 0.6 | $ 175.00 | $ 105.00 |
| Kevin Silveira | Litigation Support | N/A | 1.3 | $ 175.00 | $ 227.50 |

**Customary And Comparable Compensation Disclosures**

| Category of Timekeeper | Blended Hourly Rate for Preceding Year (United States)* | Blended Hourly Rate (Second Interim) | Blended Hourly Rate (Final Fee Application Period) |
|---|---|---|---|
| Partner | $1,049.52 | $1,306.07 | $1,300.43 |
| Of Counsel | $874.86 | $950.00 | $950.00 |
| Associate | $722.70 | $810.36 | $804.45 |
| Contract Attorneys | $348.00 | $380.00 | $380.00 |
| Paraprofessionals | $306.58 | $253.24 | $264.42 |
| **All Timekeepers Aggregated** | **$815.87** | **$820.23** | **$816.42** |
| **Attorneys Only** | **$784.66** | **$853.95** | **$844.54** |

* January 1, 2018 through December 31, 2018

**Summary Of Compensation Requested By Project Category**
**Second Interim Period (July 1, 2019 – September 30, 2019)**

| Task Code | | Hours | Amount |
|---|---|---|---|
| DT01 | Case Administration | 16.1 | $ 6,710.00 |
| DT02 | Consumer Issues | 2106.2 | $ 1,755,003.00 |
| DT03 | Fee/Employment Applications | 104 | $ 64,427.00 |
| DT04 | Non-Working Travel | 5.5 | $ 4,442.50 |
| | TOTAL: | 2231.8 | $ 1,830,582.50 |
| | Less 50% Non-Working Travel (DT04) | | $ 2,221.25 |
| | | | $ 1,828,361.25 |

**Summary Of Compensation Requested By Project Category**
**Final Fee Application Period (May 6, 2019 – September 30, 2019)**

| Task Code | | Hours | Amount |
|---|---|---|---|
| DT01 | Case Administration | 46.4 | $ 24,279.50 |
| DT02 | Consumer Issues | 2824.4 | $ 2,346,407.50 |
| DT03 | Fee/Employment Applications | 175.1 | $ 116,301.00 |
| DT04 | Non-Working Travel | 6.5 | $ 5,037.50 |
| | TOTAL: | 3052.4 | $ 2,492,025.50 |
| | Less 50% Non-Working Travel (DT04) | | $ 2,518.75 |
| | | | $ 2,489,506.75 |

**Summary Of Expense Reimbursement Requested By Category**
**Second Interim Period (July 1, 2019 – September 30, 2019)**

| Disbursement Activity | Amount |
|---|---|
| Express Mail | $ 125.00 |
| Deposition Transcript | $ 7,664.95 |
| Video Deposition/Videotaping | $ 1,475.00 |
| Hearing Transcript | $ 380.40 |
| Online Research | $ 22,393.56 |
| Local business travel | $ 350.71 |
| Travel | $ 16.50 |
| Document Reproduction | $ 528.80 |
| Color Document Reproduction | $ 11.70 |
| PACER Services | $ 2.40 |
| Document Services | $ 13,612.01 |
| OCR | $ - |
| Messenger | $ 643.00 |
| Local meals | $ 380.25 |
| Epiq Noticing Agent Fees | $ 4,229.12 |
| Trial Presentation Vendor Services | $ 5,515.25 |
| CourtCall Conference Fees | $ 2,706.00 |
| Media Create/Dup (per unit) | $ 225.00 |
| Hosting per GB | $ 320.00 |
| Viewpoint User Fees | $ 525.00 |
| Travel Reimbursement for Committee Members * | $ 15,961.64 |
| Professional Services - Other | $ 4,205.92 |
| Attorney Service | $ 525.00 |
| **TOTAL:** | $ 81,797.21 |

* The Consumer Creditors' Committee consulted with the United States
Trustee and includes the expenses of the members of the Consumer Creditors'
Committee here per the United States Trustee's recommendation.

6

**Summary Of Expense Reimbursement Requested By Category**
**Final Fee Application Period (May 6, 2019 – September 30, 2019)**

| Disbursement Activity | Amount |
|---|---|
| Express Mail | $ 125.00 |
| Deposition Transcript | $ 7,664.95 |
| Video Deposition/Videotaping | $ 1,475.00 |
| Hearing Transcript | $ 380.40 |
| Online Research | $ 26,145.74 |
| Local business travel | $ 350.71 |
| Travel | $ 44.00 |
| Document Reproduction | $ 870.40 |
| Color Document Reproduction | $ 68.40 |
| PACER Services | $ 2.40 |
| Document Services | $ 14,297.84 |
| OCR | $ 0.30 |
| Messenger | $ 643.00 |
| Local meals | $ 380.25 |
| Epiq Noticing Agent Fees | $ 4,229.12 |
| Trial Presentation Vendor Services | $ 5,515.25 |
| CourtCall Conference Fees | $ 3,137.00 |
| Media Create/Dup (per unit) | $ 225.00 |
| Hosting per GB | $ 320.00 |
| Viewpoint User Fees | $ 525.00 |
| Travel Reimbursement for Committee Members * | $ 15,961.64 |
| Professional Services - Other | $ 4,205.92 |
| Attorney Service | $ 525.00 |
| **TOTAL:** | **$ 87,092.32** |

\* The Consumer Creditors' Committee consulted with the United States
Trustee and includes the expenses of the members of the Consumer Creditors'
Committee here per the United States Trustee's recommendation.

7

Susheel Kirpalani
Benjamin I. Finestone
Deborah J. Newman
Victor Noskov
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100
Email:  susheelkirpalani@quinnemanuel.com
         benjaminfinestone@quinnemanuel.com
         deborahnewman@quinnemanuel.com
         victornoskov@quinnemanuel.com

*Counsel to the Official Committee*
*of Consumer Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| DITECH HOLDING CORPORATION., *et al*.[1] | ) |
| | ) Case No. 19-10412 (JLG) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |

**SECOND INTERIM AND FINAL APPLICATION OF
QUINN EMANUEL URQUHART & SULLIVAN, LLP FOR COMPENSATION FOR
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS
COUNSEL TO THE OFFICIAL COMMITTEE OF CONSUMER CREDITORS FOR
THE PERIOD OF MAY 6, 2019 THROUGH SEPTEMBER 30, 2019**

---

[1]      The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837).  The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), counsel to the Official

Committee of Consumer Creditors (the "Consumer Creditors' Committee"), makes its second

interim and final application (the "Application") for (a) interim and final allowance of

compensation of $1,828,361.25 for fees on account of reasonable and necessary professional

services rendered and reimbursement of actual and necessary expenses incurred in the amount of

$76,413.12 for the period from July 1, 2019 through September 30, 2019 (the "Second Interim

Period"); (b) final allowance of compensation in the amount of $2,489,506.75 for fees on account

of reasonable and necessary professional services rendered and reimbursement of actual and

necessary expenses incurred in the amount of $87,092.32 for the period from May 6, 2019 through

September 30, 2019 (the "Final Application Period", together with the Second Interim Period, the

"Compensation Period"); (c) payment of any unpaid portion of all such allowed fees and expenses

in accordance with   sections 328, 330 and 331 of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the

"Local Bankruptcy Rules"), the Amended Guidelines for Fees and Disbursements for

Professionals in Southern District of New York (June 17, 2013) promulgated pursuant to Local

Bankruptcy Rule 2016-1(a) (the "Local Guidelines"), the United States Trustee's Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 effective as of November 1, 2013 (the "U.S. Trustee Guidelines," and together with

the Local Guidelines (the "Fee Guidelines"), the *Order Establishing Procedures for Interim

Compensation and Reimbursement of Expenses of Professionals*, dated March 25, 2019 (ECF 255)

(the "Interim Compensation Order"), and the *Order Authorizing the Official Committee of

Consumer Creditors to Retain and Employ Quinn Emanuel as Counsel* Nunc Pro Tunc *to May 6,

2019* (ECF 881) (the "Retention Order").  In support of this Application, Quinn Emanuel submits

1

the certification of Victor Noskov, an associate at Quinn Emanuel, which is attached hereto as

Exhibit A and incorporated by reference.  In further support of this Application, Quinn Emanuel

represents as follows:

1.      Quinn Emanuel attorneys and paraprofessionals expended a total of 2231.8 hours in the Second Interim Period and 3052.4 hours in the Final Application Period for which compensation is requested.

2.      During the Compensation Period, Quinn Emanuel did not receive any payments or promises of payment from any other source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Quinn Emanuel and any other person, other than partners of the firm, for sharing of compensation to be received for services rendered in these cases.

3.      The fees charged by Quinn Emanuel in these cases are billed in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period. Such fees are reasonable based on the customary billing rates charged by comparably skilled practitioners in comparable non-bankruptcy cases in a competitive national legal market.

4.      Attached hereto are (i) a schedule setting forth all Quinn Emanuel professionals and paraprofessionals who have performed services in these Chapter 11 Cases during the Compensation Period, the capacities in which each individual is employed by Quinn Emanuel, the hourly billing rate charged by Quinn Emanuel for the services performed by such individual, the aggregate number of hours expended in these cases during the Compensation Period and fees billed therefor, and the year in which each professional was first licensed to practice law; (ii) a summary of services by billing category for services rendered by Quinn Emanuel during the Compensation Period; and (iii) a schedule setting forth the actual and necessary disbursements that Quinn Emanuel incurred during the Compensation Period in connection with the performance of

2

professional services for the Consumer Creditors' Committee and for which it seeks reimbursement.

5.      Quinn Emanuel's itemized time records for professionals and paraprofessionals performing services for the Consumer Creditors' Committee during the Compensation Period and Quinn Emanuel's itemized records detailing expenses incurred on behalf of the Consumer Creditors' Committee during the Compensation Period are set forth in Exhibit B and Exhibit C, respectively. All itemized expenses comply with the requirements set forth in Local Rule 2016-1.

6.      This Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Interim Compensation Order, and the Guidelines.

## JURISDICTION

7.      This Court has jurisdiction to consider this Application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this Application in this district is proper under 28 U.S.C. §§ 1408 and 1409.

8.      The legal predicates for the relief requested herein are Bankruptcy Code sections 330 and 331, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-1.

## BACKGROUND

9.      On February 11, 2019 (the "Petition Date"), Ditech Holding Corporation and its affiliated debtors (the "Debtors") filed voluntary petitions under Chapter 11 of the Bankruptcy Code in this Court, commencing the Chapter 11 cases (the "Chapter 11 Cases").

10.    On May 2, 2019, the U.S. Trustee appointed the Consumer Creditors' Committee, consisting of five consumer creditors.[2]  The members of the Consumer Creditors' Committee are Stephen Kulzyck, Jose Martinez, LeRon Harris, Melinda Hopkins, and D.C. Randall, individual consumer borrowers residing in different parts of the country.  Four of the five members are represented by counsel for non-profit legal services organizations or legal-aid entities, including Sarah White at the Connecticut Fair Housing Center, Sam Tenenbaum at the Northwestern University School of Law Investor Protection Center, Bren J. Pomponio at Mountain State Justice in Charleston, West Virginia, and Alysson Snow at The Legal Aid Society of San Diego.

11.    On May 6, 2019, the Consumer Creditors' Committee selected Quinn Emanuel as its counsel.  On June 5, 2019, the Consumer Creditors' Committee submitted an application to the Court for an order authorizing it to retain Quinn Emanuel as counsel (ECF 659) (the "Retention Application").  On July 17, 2019, the Court entered an order (ECF 881) (the "Retention Order") authorizing the Consumer Creditors' Committee to employ Quinn Emanuel as its counsel, effective *nunc pro tunc* to May 6, 2019, in accordance with the provisions of the Retention Order.

12.    The Retention Order authorizes the compensation and reimbursement of Quinn Emanuel in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.  The Retention Order also authorizes Quinn Emanuel to provide legal advice related to:

(a)    analyzing the effect of the Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [Dkt. No. 542], (as amended, modified, and supplemented, the "Plan") and any proposed sale transactions on the consumer borrowers;

---

[2]  *See Notice of Appointment of Official Committee of Consumer Creditors* (ECF 498).

4

(b)      preserving the claims and defenses of consumer borrowers and ensuring that those claims and defenses survive post-bankruptcy;

(c)      examining the ordinary course of business orders entered by this Court [Dkt. No. 224] (the "Forward Mortgage OCB Order") and [Dkt. No. 229] (the "Reverse Mortgage OCB Order") (together, the "OCB Orders"); and

(d)      any additional matters that the Consumer Creditors' Committee specifically instructs Quinn Emanuel to handle in order to protect the rights of consumer creditors, which, to the extent practicable, will be disclosed to the Court.

## SUMMARY OF SERVICES

13.      The professional services performed by Quinn Emanuel were necessary and appropriate to the representation of the Consumer Creditors' Committee during these Chapter 11 Cases.  These services were in the best interests of consumer borrowers of the Debtors, constituents whose interests the Consumer Creditor's Committee represents.  The compensation requested is commensurate with the complexity and nature of the issues and tasks involved.

14.      The following is a summary of the activities performed by Quinn Emanuel professionals and paraprofessionals during the Compensation Period, organized by project billing category.[3]

### DT01: Case Administration—46.4 Hours—$24,279.50

15.      During the Compensation Period, Quinn Emanuel attorneys drafted bylaws of the Consumer Creditors' Committee to ensure a well-functioning Committee.  Additionally, Quinn Emanuel attorneys engaged with Epiq Corporate Restructuring, LLC and sought authorization from this Court to utilize Epiq as noticing agent.  Quinn Emanuel staff expended time in relation to various court filings of the Consumer Creditors' Committee, communication

---

[3]      The summary set forth below is qualified in its entirety by reference to the time and services detail attached hereto as Exhibit B.

5

with court reporters regarding transcripts in the case, services and payments with various vendors, and other administrative tasks.

**DT02: Consumer Issues—2824.4 Hours—$2,346,407.50**

16.   After the Consumer Creditors' Committee was appointed by the U.S. Trustee, the Debtors filed a motion to disband the Consumer Creditors' Committee or alternatively, capping the Consumer Creditors' Committee fees (ECF 522).  Quinn Emanuel attorneys conducted relevant legal research on an expedited basis and filed an objection to the motion to disband (ECF 548) to preserve the existence of the Consumer Creditors' Committee and its ability to represent the interests of consumer creditors' in these chapter 11 cases.  Quinn Emanuel attorneys attended and argued at the hearing on the motion to disband.  The Court ultimately denied the Debtors' motion

17.   During the Compensation Period, the Consumer Creditors' Committee negotiated and worked cooperatively with the Debtors to address deficiencies in the disclosure statement regarding treatment of consumer claims. Ultimately, the Debtors filed an amended disclosure statement, incorporating comments from the Consumer Creditors' Committee (ECF 543).

18.   During the Compensation Period, Quinn Emanuel attorneys held weekly teleconferences with members of the Consumer Creditors' Committee, its financial advisor, and its special consumer counsel, discussing key issues, strategies, and updates in these Chapter 11 Cases.  Quinn Emanuel attorneys also spent a considerable amount of time discussing case strategy with members of the Consumer Creditors' Committee on an individual basis.

19.   During the Compensation Period, numerous consumer borrowers reached out to Quinn Emanuel attorneys and members of the Consumer Creditors' Committee regarding their mortgages serviced by the Debtors.  Quinn Emanuel attorneys corresponded with consumer

borrowers across the country via emails and phone calls on a regular basis, provided status updates on the Chapter 11 Cases and answered questions related to the effect of the Debtors' bankruptcy on consumer borrowers' mortgages.  Quinn Emanuel attorneys also corresponded with the Debtors regarding requests by several consumer borrowers, who did not receive the bar date notice in time, for extensions to file proofs of claim.  Further, Quinn Emanuel attorneys reviewed filings and letters submitted by consumer borrowers in these Chapter 11 Cases and evaluated any potential actions that the Consumer Creditors' Committee may need to take.

20.    During the Compensation Period, Quinn Emanuel attorneys reviewed and analyzed the OCB Orders as they relate to recoupment and set-off rights issues under the automatic stay.  Quinn Emanuel attorneys reviewed lift stay motions filed by consumer borrowers.  Quinn Emanuel attorneys drafted and filed a Statement in support of consumer borrowers Mario and Queenie Brown's motion seeking relief from stay (ECF 595), which sought a modification of the automatic stay or a determination that the automatic stay does not apply to certain counterclaims brought by the Browns in an ejection action commenced by the Debtors.

21.    During the Compensation Period, the Debtors entered into an Asset Purchase Agreement (the "APA") for the Debtors' forward mortgage business with New Residential Investment Corp. ("NRZ") and a Stock and Assets Purchase Agreement (the "SAPA", together with the APA, the "Sale Agreements") for the reverse mortgage business with Mortgage Assets Management, LLC and SHAP 2018-1, LLC ("Waterfall"), subject to Court approval.  The Debtors designated NRZ and Waterfall as stalking horse bidders with certain stalking horse protections (ECF 722, 724).  Quinn Emmanuel attorneys analyzed key terms of the Sale Agreements and the appropriateness of stalking horse protections, and discussed those issues with the Consumer Creditors' Committee and its financial advisor and special consumer counsel.  While the Consumer Creditors' Committee did not ultimately object to the stalking horse motions, it filed

7

a Statement and Reservation of Rights related to the sale of the Debtors' business and the Consumer Creditors' Committee's objection to the Plan and sale (ECF 788).

22.     Throughout the Compensation Period, Quinn Emanuel attorneys worked with the financial advisor for the Consumer Creditors' Committee regarding summary, analysis, and categorization of the proofs of claims filed by consumer borrowers in this case in an effort to understand and estimate the Debtors' potential liability.

23.     During the Compensation Period, the Debtors sought approval of a settlement agreement with Bank of America, N.A. (ECF 695) relating to reimbursement of certain corporate advances.  In filing the proposed settlement agreement, the Court granted the Debtors' motion to redact portions of the settlement agreement without prejudice to the rights of any party in interest to seek the unsealing of the redactions (ECF 694).  Quinn Emanuel attorneys discussed the proposed settlement with the Consumer Creditors' Committee and had multiple communications with the Debtors regarding the substance of the settlement.  Ultimately, the Consumer Creditors' Committee filed a limited objection to the Debtors' Rule 9019 Motion on the basis that the settlement agreement does not adequately disclose details regarding the settled claims and their implications for consumer borrowers, and that the redacted information in the settlement agreement does not meet the applicable standard that warrants redaction of commercial information (ECF 379).  Quinn Emanuel attorneys attended and argued at a hearing on the approval of the settlement, and filed a follow-up statement after the hearing to further explain its position (ECF 773).  Ultimately, after additional disclosures made by the Debtors to satisfy the relevant disclosure standard, the Court entered an order approving the proposed settlement and granting the Consumer Creditors' Committee's request to unseal the redacted information in the settlement agreement (ECF 972).

24.     During the Compensation Period, Quinn Emanuel attorneys conducted extensive legal research relating to preservation of consumer borrowers' claims and defenses against the Debtors, including section 363(o) of the Bankruptcy Code, recoupment and set-off in bankruptcy, successor liability, and the best interest of creditors test for plan confirmation.  Quinn Emanuel attorneys drafted an objection to the Debtors' plan of reorganization (ECF 943), which was filed on July 18, 2019, and conducted extensive discovery in connection with the Debtors' plan of reorganization, including document discovery and depositions of four key witnesses in connection with the sale and plan.  Quinn Emanuel attorneys also drafted and filed a sur-reply in connection with the Consumer Creditors' Committee's objection to the plan (ECF 1077).

25.     On August 7 and 8, 2019, Quinn Emanuel attorneys participated in a two-day contested confirmation hearing which included cross-examinations of four key witnesses related to the plan.  In the weeks after the hearing, Quinn Emanuel attorneys, along with the Consumer Creditors' Committee's special counsel and financial advisors, worked to continue to analyze consumer borrower claims and develop a contingency strategy responsive to the Court's opinion.  On August 28, 2019, the Court issued its opinion, denying the plan because, among other things, it did not satisfy the best interests of creditors test and did not adequately preserve consumer borrowers' defenses and recoupment rights (the "Memorandum Decision").

26.     During the Compensation Period, both before and after the entry of the Memorandum Opinion, Quinn Emanuel attorneys engaged in negotiations with the Debtors in connection with consumer claims and sought to reach a negotiated compromise of those claims.  After reaching a negotiated settlement that adequately protected consumer borrower claims and defenses, Quinn Emanuel attorneys worked with the Debtors to amend the plan of reorganization to incorporate the agreed-upon protections into the plan.  Quinn Emanuel attorneys also engaged with consumer borrowers to explain the effects of the plan and sale on their claims and drafted a

9

statement in support of the plan, explaining the terms of the agreement between the Consumer Creditors' Committee.

27.   On September 25, 2019, Quinn Emanuel attorneys attended a second confirmation hearing and addressed the Court in support of the amended plan, which incorporated the negotiated settlement reached with the Debtors.  The Third Amended Plan was confirmed on September 26, 2019 (ECF 1404).

28.   During the Compensation Period, and after reaching a negotiated settlement with the Debtors, in particular, the Consumer Creditors' Committee worked with the Debtors and its special counsel to effectuate the terms of the settlement agreement and to transition the Consumer Creditors' Committee's counsel into her role as Consumer Representative (as defined in the confirmed plan).

29.   During the Compensation Period, these Chapter 11 Cases have garnered significant public attention as they relate to protection of consumer rights. As such, Quinn Emanuel attorneys corresponded and answered questions from members of the press.

30.   Throughout the Compensation Period, Quinn Emanuel attorneys communicated frequently with the Debtors' counsel regarding various issues, including access to sale process information, the stalking horse bids, and the proposed settlement between the Debtors and Bank of America.  In addition to the hearings and conferences described above, Quinn Emanuel attorneys also attended various other Court hearings, status conferences, and in-chambers conferences throughout the Compensation Period.  Quinn Emanuel attorneys also worked closely with members of the Consumer Creditors' Committee and its financial advisor and special consumer counsel on all aspects of the case.

**DT03: Fee/Employment Applications—175.1 Hours—$116,301.00**

31.     During the Compensation Period, Quinn Emanuel attorneys drafted and filed its retention application (ECF 659), and retention applications for TRS Advisors LLC, financial advisor to the Consumer Creditors' Committee (ECF 662), Tara Twomey, special consumer counsel to the Consumer Creditors' Committee (ECF 1009), and Osler, Hoskin & Harcourt LLP, special tax and corporate counsel to the Consumer Creditors' Committee (ECF 1355).  Quinn Emanuel attorneys also drafted and filed its first interim fee application (ECF 1178), as well as interim fee applications for TRS Advisors LLC (ECF 1179) and Tara Twomey (ECF 1177).

**DT04: Non-Working Travel—6.5 Hour—$5,037.50**

32.     During the Compensation Period, Quinn Emanuel attorneys spent time traveling to the Court to attend hearings.

**EXPENSES INCURRED BY QUINN EMANUEL**

33.     Section 330 of the Bankruptcy Code authorizes "reimbursement for actual, necessary expenses" incurred by professionals employed in a chapter 11 case.  Accordingly, Quinn Emanuel seeks reimbursement for expenses incurred in rendering services to the Consumer Creditors' Committee during the Compensation Period in the amount of $5,295,11.  A schedule of the expenses is attached hereto as Exhibit C.[4]

34.     Quinn Emanuel maintains the following policies with respect to expenses:

(a)     No amortization of the cost of any investment, equipment or capital outlay is included in the expenses.  In addition, for those items or services that

---

[4]     The reimbursement of expenses requested by the Consumer Creditors' Committee includes $15,961.64 in expenses incurred by the members of the Consumer Creditors' Committee in their capacity as members of the Consumer Creditors' Committee.  The Consumer Creditors' Committee consulted with the United States Trustee and includes the expenses of the members of the Consumer Creditors' Committee here per the United States Trustee's recommendation.  The Consumer Creditors' Committee also filed a separate application for the reimbursement of expenses of the members of the Consume Creditors' Committee in their role as such (ECF 1576).  Quinn Emanuel will work together with the Debtors to avoid any duplicative reimbursement of member expenses.

Quinn Emanuel purchased or contracted from a third party (such as outside copy services), Quinn Emanuel seeks reimbursement only for the exact amount billed to Quinn Emanuel by the third party vendor and paid by Quinn Emanuel to the third party vendor.

(b)     Standard photocopying by Quinn Emanuel was charged at 10 cents per page.

(c)     Outside photocopying, color or other specialized copies, outgoing facsimile, long distance telephone charges, computer-accessed research, and reimbursement for travel were billed at actual cost.

## REASONABLENESS OF FEES AND DISBURSEMENTS

35.     Bankruptcy Code section 330 authorizes the Court to award "reasonable compensation for actual, necessary services rendered by the . . . professional person . . . ."  In order to evaluate a request for allowance of fees by a professional person, a court must determine whether the services rendered were actual and necessary and the fees requested are reasonable. Quinn Emanuel respectfully submits that its request for an interim award of compensation for the Compensation Period satisfies that standard.

36.     In accordance with the factors enumerated in 11 U.S.C. § 330, the amount requested herein by Quinn Emanuel is fair and reasonable in light of (1) the nature and complexity of the Chapter 11 Cases, (2) the time and labor required to effectively represent the Consumer Creditors' Committee, (3) the nature and extent of the services rendered, (4) Quinn Emanuel's experience, reputation, and ability, (5) the value of Quinn Emanuel's services, and (6) the cost of comparable services other than in cases under the Bankruptcy Code.

37.     Quinn Emanuel respectfully submits that approval of the compensation sought herein is warranted and should be approved.

## RESERVATION OF RIGHTS

38.     Quinn Emanuel reserves the right to supplement this Application to seek amounts for work performed or expenses incurred during the Compensation Period but not yet

12

reflected in Quinn Emanuel's time records or to amend the amounts listed herein and in the monthly fee statements to correct any bookkeeping errors. Quinn Emanuel has attempted to include in the monthly fee statements and, by extension, this Application, all time and expenses relating to the Compensation Period. Delays in processing such time and receiving invoices for certain expenses do occur, however. In the event that a subsequent review reveals that additional professional services have been rendered or expenses have been incurred on behalf of the Consumer Creditors' Committee during the Compensation Period, which were not processed by Quinn Emanuel's accounting system before the time of this Application, Quinn Emanuel reserves the right to seek such additional fees and expenses by subsequent application to the Court.[5] Quinn Emanuel does not waive, and expressly reserves, its right to respond to any objections regarding this Application and the amounts sought for Quinn Emanuel's services. In the event that any objections to this Application are filed, Quinn Emanuel reserves the right to seek payment for all or any part of its write-offs.

## COMPLIANCE WITH APPLICABLE GUIDELINES

39.     Quinn Emanuel believes that this Application, together with the attachments hereto, substantially complies in all material respects with the applicable guidelines. To the extent this Application does not comply in every respect with the requirements of such guidelines, Quinn Emanuel respectfully requests a waiver for any such technical non-compliance.

## NO PRIOR REQUEST

40.     No previous request for the relief sought herein has been made to this Court or any other court.

---

[5]     Quinn Emanuel further reserves the right to request additional compensation at a later date for time spent preparing this Application.

13

**NOTICE**

41.     Notice of this Application shall be given by email or hand or overnight delivery on the following parties: (a) the Debtors, (b) Counsel for the Debtors; (c) The Office of the United States Trustee for the Southern District of New York; (d) Counsel to the Official Committee of Unsecured Creditors; (e) Counsel to the Prepetition Term Loan Agent; (f) Counsel to the Term Loan Ad Hoc Group; (g) Counsel to Barclays Bank PLC, as DIP Agent, and Barclays Capital Inc., as DIP Lender; (h) Counsel to Nomura Corporate Funding Americas, LLC; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002 (each a "Notice Party" and collectively, the "Notice Parties").

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**WHEREFORE**, Quinn Emanuel respectfully requests that the Court enter an Order (a) (i) allowing on an interim and final basis compensation in the amount of $1,828,361.25 for reasonable and necessary professional services rendered and reimbursement of actual and necessary costs and expenses in the amount of $76,413.12 for the Second Interim Period, (ii) allowing on a final basis compensation in the amount of $2,489,506.75 for reasonable and necessary professional services rendered and reimbursement of actual and necessary costs and expenses in the amount of $87,092.32 for the Final Application Period, and (iii) authorizing the Debtors to pay the unpaid balance of such amounts to Quinn Emanuel; and (b) granting any other relief that this Court deems necessary and appropriate.

Dated: November 14, 2019        QUINN EMANUEL URQUHART
       New York, New York        & SULLIVAN, LLP

By: /s/ *Victor Noskov*

Susheel Kirpalani
Benjamin I. Finestone
Deborah J. Newman
Victor Noskov
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Counsel to the Official Committee*
*of Consumer Creditors*

**<u>EXHIBIT A</u>**

**CERTIFICATION OF VICTOR NOSKOV**

## <u>CERTIFICATION OF VICTOR NOSKOV</u>

I, Victor Noskov, hereby certify as follows:

1.      I am an associate at the law firm of Quinn Emanuel Urquhart & Sullivan LLP ("<u>Quinn Emanuel</u>").  I submit this certification with respect to the *Second Interim and Final Application of Quinn Emanuel Urquhart & Sullivan LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Counsel to the Official Committee of Consumer Creditors For the Period of May 6, 2019 through June 30, 2019* (the "<u>Application</u>").[1]

2.      I have read the Application and to the best of my knowledge, information, and belief the statements contained in the Application are true and correct.  In addition, after reasonable inquiry, I believe that the Application substantially complies in all material respects with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York (June 17, 2013) promulgated pursuant to Local Bankruptcy Rule 2016-1(a) (the "<u>Local Guidelines</u>"), and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases effective as of November 1, 2013 (the "<u>U.S. Trustee Guidelines</u>" and, collectively, the "<u>Fee Guidelines</u>").

### <u>Statement Pursuant to Section C(5) of the U.S. Trustee Guidelines</u>

3.      The following statement is provided pursuant to section C(5) of the U.S. Trustee Guidelines:

(a)      **Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?

**Answer:** Yes.  Quinn Emanuel has agreed to follow the Local Guidelines.  Quinn Emanuel has reduced its standard photocopy charge from $0.24 per page to the lesser of $0.10 per page or cost. Where possible, all other expenses (<u>e.g.</u>, legal

---

[1]      All capitalized terms used but not defined herein shall have the meanings given to them in the Application.

1

research charges, outside photocopying, long distance telephone charges, reimbursement for travel, multi-party conference calls, color or other specialized copies) will be billed at actual cost. Quinn Emanuel also will comply with the Appendix B Guidelines with respect to billing for non-working travel time.

Other than as set forth above, the hourly rates and corresponding rate structure Quinn Emanuel will use in its representation of the Consumer Creditors' Committee in the Chapter 11 Cases are the same as the hourly rates and corresponding rate structure that Quinn Emanuel uses in other restructuring matters, as well as similar complex matters whether in court or otherwise, regardless of whether a fee application is required, and regardless of the location of the chapter 11 case.

(b)     **Question:** Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

**Answer:** No.

(c)     **Question:** Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.) If so, please quantify by hours and fees.

**Answer:** No.

(d)     **Question:** Does the fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees.

**Answer:** No.

(e)     **Question:** If the fee application includes any rate increases since retention: (i) Did your client review and approve those rate increases in advance? (ii) Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458?

**Answer:** This fee application does not include any rate increases since retention.

**Statement Pursuant to Section B of the Local Guidelines**

4.     With respect to section B.1 of the Local Guidelines, I certify the following:

(a)     I have read the Application;

2

(b) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the fees and disbursements sought in the Application are permissible under the relevant rules, court orders, and Bankruptcy Code provisions, and fall within the Local Guidelines;

(c) except to the extent that fees or disbursements are prohibited by the Local Guidelines, the fees and disbursements sought are billed at rates customarily employed by Quinn Emanuel and generally accepted by Quinn Emanuel's clients; and

(d) in providing a reimbursable service included in its expense reimbursement request (e.g., photocopying), Quinn Emanuel does not make a profit on that service, whether the service is performed by Quinn Emanuel in-house or through a third party.

5. With respect to section B.2 of the Local Guidelines, I certify that Quinn Emanuel has complied with provisions requiring it to provide the Consumer Creditors' Committee with monthly statements of Quinn Emanuel's fees and disbursements accrued during the previous month.

6. With respect to section B.3 of the Local Guidelines, I certify that this Application is being served on the following parties: (a) the Debtors, (b) Counsel for the Debtors; (c) The Office of the United States Trustee for the Southern District of New York; (d) Counsel to the Official Committee of Unsecured Creditors; (e) Counsel to the Prepetition Term Loan Agent; (f) Counsel to the Term Loan Ad Hoc Group; (g) Counsel to Barclays Bank PLC, as DIP Agent, and Barclays Capital Inc., as DIP Lender; (h) Counsel to Nomura Corporate Funding Americas, LLC; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002.

7. In accordance with Bankruptcy Rule 2016(a) and Bankruptcy Code section 504, I certify that no agreement or understanding exists between Quinn Emanuel and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the above cases except as authorized pursuant to the Bankruptcy Code, the Bankruptcy Rules,

3

and the Local Bankruptcy Rules.  All services for which compensation is sought were professional

services on behalf of the Consumer Creditors' Committee and not on behalf of any other person.


Dated: November 14, 2019
　　　　New York, New York

/s/ *Victor Noskov*

Susheel Kirpalani
Benjamin I. Finestone
Deborah J. Newman
Victor Noskov
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
Facsimile:  (212) 849-7100

*Counsel to the Official Committee*
*of Consumer Creditors*

## EXHIBIT B

## INVOICES

# **EXHIBIT C**

## **EXPENSE DETAIL**