```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
In re                                                        :    Chapter 11
                                                             :
DITECH HOLDING CORPORATION, et al.,                          :    Case No. 19-10412 (JLG)
                                                             :
                        Debtors.¹                            :    (Jointly Administered)
                                                             :    Related Docket No. 1636
-------------------------------------------------------------X
```

### STIPULATION, AGREEMENT, AND ORDER GRANTING
### LIMITED RELIEF FROM AUTOMATIC STAY FOR SAMUEL RODRIGUEZ

This stipulation, agreement, and proposed order (this "**Stipulation**") is entered into by and among the Plan Administrator² for the Wind Down Estates of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**"), and Samuel Rodriguez (the "**Movant**"). Ditech and the Borrower collectively are referred to in this Stipulation, Agreement, and Order as the "**Parties,**" and, each, as a "**Party**." The Parties hereby stipulate and agree as follows:

### RECITALS

A.    On September 16, 2015, Movant commenced an action captioned *Samuel Rodriguez v. Green Tree Servicing LLC et. al*, Case No. 0:15-2064 (the "**First Action**") in the United States District Court in the District of Minnesota (the "**District Court**") seeking, among

---

¹ The Debtors confirmed the Plan (as defined below), which created the Wind Down Estates. Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

² Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such term in the confirmed Plan.

other things, a preliminary and permanent injunction and/or temporary restraining order enjoining against Ditech Financial, LLC (f/k/a Green Tree Servicing, LLC) ("**Ditech**") from foreclosure on the subject property, actual and punitive damages, and attorney's fees. The Movant's First Action was voluntarily dismissed on March 14, 2017.

        B.      On February 11, 2019 (the "**Commencement Date**"), Ditech and certain of its affiliates commenced with this Court voluntary cases under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

        C.      On March 20, 2019, the Bankruptcy Court entered the *Final Order (I) Authorizing Debtors to Continue Origination and Servicing of Forward Mortgage Loans in Ordinary Course and Granting Related Relief and (II) Modifying Automatic Stay on a Limited Basis to Facilitate Debtors' Ongoing Operations* (ECF No. 224) (the "**OCB Order**").

        D.      By entry of the OCB Order, the Bankruptcy Court authorized Ditech and its affiliates, as debtors in possession during the pendency of their chapter 11 cases, to continue operating their forward and reverse mortgage origination and servicing businesses in the ordinary course and, among other things, modified the automatic stay (as defined in section 362(a) of the Bankruptcy Code) with respect to certain actions.

        E.      The OCB Order provides for the continuation of Permitted Default Actions (defined below):

> The stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to allow Interested Parties to assert and prosecute claims, cross-claims, third-party claims, and counter-claims related to judicial and non-judicial foreclosure, eviction, replevin, actions on the note, and collection actions (each a "**Default Action**") brought by the Debtors to the limited extent such claims, cross-claims, third-party claims, and counterclaims, including the appeal and settlement of such, (a) have the sole purpose of defending, unwinding, or otherwise enjoining or precluding the relief sought by the Debtors in the Default Action, (b) are necessary for the resolution of such Default

2

    Action, (c) do not result in any order, judgment, or decree against the Debtors entitling any party to an award of money damages, including, without limitation, Interested Parties' attorneys' fees or costs, and (d) do not result in a claim against property of any Debtor's estate, other than as expressly allowed in Paragraph 20 below (collectively, the "**Permitted Default Actions**").

    F.  On May 14, 2019, the Movant commenced an action under the caption *Rodriguez v. Tiffany & Bosco LP. et al*, Case No. 0:19-1279 in the District Court (the "**Second Action**"), alleging substantially similar causes of action against Ditech as in the First Action and seeking substantially similar relief.

    G.  On September 25, 2019, the Bankruptcy Court entered an order (ECF No. 1403) confirming the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1326) (the "**Plan**").  The Plan went effective on September 30, 2019.

    H.  Section 10.5 of the Plan (the "**Plan Injunction**") continues to enjoin substantially similar actions as the OCB Order and offer substantially similar relief as the OCB Order, including the continuation of Permitted Default Actions.

    I.  The Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Plan Injunction for the limited purpose and subject to the terms and conditions set forth below.

    **IT IS HEREBY ORDERED THAT:**

    1.  To the extent necessary, the automatic stay and Plan Injunction shall be modified solely to permit the Movant to proceed with the claims, counterclaims, and defenses in the Second Action; <u>provided</u> that the Movant shall not seek to enforce and the Plan Injunction shall not be modified to permit the Movant to pursue any claims, counterclaims, or defenses seeking or

WEIL:\97275506\2\41703.0011

otherwise entitling the Movant to monetary relief of any kind or nature against the Wind Down Estates, including attorneys' fees.

2.  Except as expressly set forth in Paragraph 1 hereof and as modified by the OCB Order, the Plan Injunction shall remain in full force and effect with respect to any and all other additional claims (as defined in section 101(5) of the Bankruptcy Code), scheduled claims, or other requests for payments filed and/or asserted, or which may be filed and/or asserted against the Wind Down Estates by the Movant, and any such claims shall be subject to any governing process in this Court for submission of proofs of claim.

3.  Nothing contained in the Motion or this Order, nor any payment made pursuant to the authority granted by this Order, shall constitute (a) an admission as to the validity of any claim against the Wind Down Estates; (b) a waiver of the Wind Down Estates' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Wind Down Estate; (c) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Wind Down Estates and any third party under section 365 of the Bankruptcy Code.

4.  The limited relief set forth herein shall not be construed as an admission of liability by the Wind Down Estates regarding any claim or cause of action arising from or in relation to the Action or any other matter.

5.  Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6.  The Wind Down Estates are authorized to take all action necessary to effectuate the relief granted in this Order.

7.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: December 11, 2019
      New York, New York

      /S/ JAMES L. GARRITY, JR.
      THE HONORABLE JAMES L. GARRITY, JR.
      UNITED STATES BANKRUPTCY JUDGE

Dated: November 19, 2019
      New York, New York

**CONSENTING PARTY**

/s/ Sunny Singh
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh

*Authorized Attorney for the Wind Down Estates*

**CONSENTING PARTY**

/s/ Samuel Rodriguez
P.O. Box 64821
Tucson, Arizona 85728
Telephone: 520-999-7900
Samuel Rodriguez, *pro se*