UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                :

In re                                        :         Chapter 11
                                                :

DITECH HOLDING CORPORATION, *et al.*,  :         Case No. 19-10412 (JLG)
                                               :

                Debtors.[1]                     :         (Jointly Administered)
                                               :         Related Docket No. 1946
                                               :
------------------------------------------------------------X

## ORDER GRANTING PLAN ADMINISTRATOR'S THIRD OMNIBUS MOTION TO ENFORCE INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

Upon the motion dated March 10, 2020 (the "**Motion**")[2] of the Plan Administrator for the Wind Down Estates pursuant to sections 105(d), 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Fed. R. Bankr. P. 1015(c), 3020(d) and 9007 and Section 10.5 of the Plan, for entry of an order enforcing the release and injunctive provisions of the Plan and Confirmation Order as more fully described in the Motion; and upon the Hager Declaration; and with this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M 431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

been provided in accordance with the Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and having considered the responses and objections of Varnel Diggs and Mary J. Farrier; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having held a hearing to consider the relief requested in the Motion on May 20, 2020 (the "Hearing"); and upon the record of the Hearing; and the Bankruptcy Court having determined that the relief sought in the Motion is in the best interests of the Wind Down Estates, their creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is granted as to the Litigation Parties listed in Annex A.

2. The objections of Varnel Diggs and Mary J. Farrier are overruled on the merits.

3. No later than fourteen days after entry of this Order, the Litigation Parties listed in **Annex A** shall take all appropriate actions to abide by Section 10.5 of the Plan, including to dismiss their monetary claims against the Wind Down Estates within such time frame.

4. If a Litigation Party continues to fail to abide by Section 10.5 of the Plan, including to dismiss their monetary claims against the Wind Down Estates within such fourteen-day period, this Court, upon further motion of the Plan Administrator, may issue an order holding such Litigation Party in contempt of the Court for violating the terms of this Order and the Plan

2

Injunction Provisions by virtue of such Litigation Party's actions in violation of the Plan and Confirmation Order.

5. Further, in connection with any contempt proceeding against a Litigation Party, the Plan Administrator on behalf of the Wind Down Estates shall be permitted to seek sanctions against such Litigation Party in this Court for reasonable fees and costs incurred by the Wind Down Estates after the date of this Order in connection with this matter.

6. The Plan Administrator and the Wind Down Estates are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order, including authorization to file a notice in a form substantially similar to that attached hereto as **Annex B** (the "**Enforcement Notice**") in each court before which a Litigation subject to this Order is pending, including a description of this Order and the Wind Down Estates' ability to seek sanctions in the event of non- compliance with this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Order entered on March 19, 2019 (ECF No. 211) and the Local Bankruptcy Rules of this Court are satisfied by such notice.

Dated: June 2, 2020
    New York, New York

/s/ *James L. Garrity, Jr.*

THE HONORABLE JAMES L. GARRITY JR.
UNITED STATES BANKRUPTCY JUDGE