WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh
Richard W. Slack

*Attorneys for Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
: 
In re : Chapter 11
:
**DITECH HOLDING CORPORATION,** *et al.*, : Case No. 19-10412 (JLG)
:
Debtors.[1] : (Jointly Administered)
:
------------------------------------------------------------X

## NOTICE OF HEARING ON PLAN ADMINISTRATOR'S MOTION TO ENFORCE PLAN INJUNCTION AND COMPEL TURNOVER OF ESTATE PROPERTY

**PLEASE TAKE NOTICE** that a hearing on the annexed motion (the "**Motion**"), of the Plan Administrator,[2] on behalf of Ditech Holding Corporation (f/k/a Walter Investment

---

[1]  On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2]  Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Third Amended Plan.

Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**"), for entry of an order (a) enforcing the injunction provision contained in Section 10.5 of the Plan (the "**Plan Injunction**"); and (b) compelling turnover of estate funds, pursuant to sections 541 and 542 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), as more fully set forth in the Motion, will be held telephonically before the Honorable James L. Garrity, Jr., United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Courtroom 601, One Bowling Green, New York, New York 10004 (the "**Bankruptcy Court**") on **July 23, 2020 at 11:00 a.m. (prevailing Eastern Time)** (the "**Hearing**"), or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections (the "**Objections**") to the Motion shall be in writing, shall conform to the Bankruptcy Rules and the Local Rules, shall be filed with the Bankruptcy Court (i) by attorneys practicing in the Bankruptcy Court, including attorneys admitted *pro hac vice*, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov), and (ii) by all other parties in interest, on a CD-ROM, in text-searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, to the extent applicable, and shall be served in accordance with the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 211) (the "**Case Management Order**"), so as to be filed and received no later than **July 2, 2020 at 4:00 p.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no Objections are timely filed and served with respect to the Motion, the Plan Administrator may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which order may be entered without further notice or opportunity to be heard.

**PLEASE TAKE FURTHER NOTICE** that any objecting parties are required to attend the Hearing, and failure to appear may result in relief being granted upon default.

Dated: June 11, 2020
      New York, New York

/s/ Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh
Richard W. Slack
David F. Hill, IV

*Attorneys for Plan Administrator*

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh
Richard W. Slack

*Attorneys for Plan Administrator*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
                                                :

In re                                         :        Chapter 11

**DITECH HOLDING CORPORATION**, *et al.*,    :        Case No. 19-10412 (JLG)

                Debtors.[3]                  :        (Jointly Administered)

------------------------------------------------------------X

# PLAN ADMINISTRATOR'S MOTION TO ENFORCE PLAN INJUNCTION AND COMPEL TURNOVER OF ESTATE PROPERTY

---

[3] The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Plan Administrator[4] for the Wind Down Estates of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**"), seek an order from this Court enforcing the Court's order confirming the Plan (the "**Confirmation Order**") and compelling the turnover of more than $1.7 million in Wind Down Estate funds currently held by Nationstar Mortgage LLC ("**Nationstar**") relating to the pre-and-post petition sale of mortgaging servicing rights ("**Holdback Funds**") by Ditech Financial, LLC ("**Ditech**"). In support of this motion to enforce the Confirmation Order and compel turnover of estate property (the "**Motion**"), the Plan Administrator submits the declaration of Richard W. Slack, counsel for the Plan Administrator (the "**Slack Declaration**").

## PRELIMINARY STATEMENT

1. The Plan Injunction prohibits any party in interest from "asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors…or against property or interests in property of any of the Debtors…except as contemplated or Allowed by the Plan." *See* Plan Section 10.5(b)(iv). The Confirmation Order reaffirmed this prohibition specifically as to Nationstar. The Confirmation Order expressly provides, among other things, that "Nationstar's asserted setoff and recoupment rights shall either be made by agreement of the parties, who shall negotiate in good faith to resolve any dispute, or failing that, a court of competent jurisdiction, absent which . . . Nationstar may not effectuate any setoff or recoupment." The Plan Injunction and Confirmation Order do not permit Nationstar to engage in self-help and hold Ditech's money

---

[4] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the confirmed *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors* (the "**Plan**") (ECF No. 1326)

absent an agreement with Ditech or a court order. Yet, Nationstar is doing precisely what the Plan Injunction and Confirmation Order prohibit.

2. Since May 2019, Nationstar has refused to turn over more than $1.7 million in Holdback Funds due to Ditech. In response to repeated demands that it turn over the unlawfully retained Holdback Funds, contends that it is entitled to set off approximately $600,000 of the Holdback Funds against amounts it is already owed by Ditech. Nationstar then also asserts that it can withhold the remaining approximately $1.1 million because Nationstar believes it *might* be entitled at some future date and subject to certain events that may never occur to setoff or recoup these Holdback Funds against amounts that will be purportedly due to Nationstar under a series of mortgage servicing right sale transactions.

3. Nationstar's position is contrary to the law. First, almost $1.1 million of Nationstar's claimed setoff and recoupment rights are conceded by Nationstar to be unliquidated and contingent, which under governing New York law cannot be setoff or recouped. Second, with respect to approximately $600,000 of the Holdback Funds, Nationstar has the burden of establishing its right to set-off and recoupment and it is explicitly prohibited in the Plan from effectuating setoff and recoupment self-help without either an agreement with the Plan Administrator or a determination by a court of competent jurisdiction. Nationstar has not established its right to the Holdback Funds, does not have an agreement with the Plan Administrator, and has not obtained from this Court for authority to set-off or recoup any funds.

4. Nationstar has, unilaterally and without any lawful basis, retained the Wind Down Estate's property in contravention of the Plan Injunction, Confirmation Order and 11 U.S.C. § 542(a). Accordingly, the Plan Administrator now moves for immediate turnover.

6

WEIL:\97463470\8\41703.0011

## BACKGROUND

5. Nationstar, a Delaware corporation, doing business as Mr. Cooper, provides mortgage services, including mortgage loans, re-financing and home equity loans.[5]

6. On October 31, 2018, Nationstar and Ditech entered into an agreement that contemplated and set out the structure for four separate transactions whereby Ditech sold servicing rights to certain bundled mortgages to Nationstar. This agreement was entitled "Agreement for the Flow Purchase and Sale of Mortgage Servicing Rights" ("**MSRPSA**"). *See* Slack Declaration Exhibit A. The MSRPSA is governed by the "laws of the State of New York." *Id.* at Section 10.09. The four subsequent sale transactions occurred on October 31, 2018, November 30, 2018, December 28, 2018 and March 1, 2019 (the "**Sale Transactions**"). *See* Slack Declaration Exhibits B, C, D and E.

7. Under the MSRPSA, upon the execution of a Sale Transaction, Nationstar was to pay Ditech 95% of the purchase price of the sold servicing rights. *See* Exhibit A, Section 3.03 (a). The remaining 5% was retained by Nationstar as a "holdback." *Id.* at Section 3.03 (b). This Holdback money is meant to address issues relating to missing documents in individual loan files. Within approximately three months of the close of each Sale Transaction, Nationstar was obligated to provide a list of mortgage files that were transferred to Nationstar that were missing required loan documents. *Id.* If Ditech did not cure the loan file deficiency, Nationstar was entitled to keep an amount of money from the Holdback. However, if Ditech cured the deficiency, Nationstar was required to return the funds held back for that mortgage file. *Id.* The time periods have now long passed for Nationstar to identify deficiencies in loan files.

---

[5] *See* Bloomberg, *Nationstar Mortgage LLC*, https://www.bloomberg.com/profile/company/711827Z:US (last visited May 26, 2020).

8. On July 22, 2019, after all the Holdback Funds due to Ditech were able to be calculated with respect to each of the Sale Transactions, Ditech's counsel sent Nationstar a demand for the Holdback Funds, totaling $2,046,819.51. *See* Slack Declaration Exhibit F. Nationstar has not disputed that Ditech was owed this amount under the Sale Transactions.[6]

9. Nationstar contends, however, that there are other provisions in the MSRPSA under which Ditech owes it money or under which Ditech may owe it money in the future. However, the MSRPSA and transaction documents applicable to the individual transactions do not allow Nationstar to withhold funds to satisfy obligations outside of those established by Section 3.03(b).

10. For example, Article VIII of the MSRPSA provides for bilateral indemnity provisions between Ditech and Nationstar. Ditech agreed to indemnify Nationstar for, among other things, servicing errors or litigation arising prior to the Sale Transaction and missing or defective documents. *Id.* at Section 8.01. Nationstar agreed to indemnify Ditech for, among other things, servicing errors or litigation arising after the Sale Transaction. *Id.* at Section 8.02. Thus, under the indemnity, Ditech could theoretically owe money to Nationstar in an unliquidated and contingent amounts. In contrast to Section 3.03 (b), however, Section 8.01 contains no provision that allows Nationstar to withhold funds for this purpose.

11. On April 25, 2019, Nationstar filed two proofs of claim (each a "**POC**") with respect to amounts it contends Ditech owes it. These POCs are numbered #21422 and #21431. *See* Slack Declaration Exhibits F and G. POC #21422 asserts a claim of $56,580.53 and asserts that the basis of the claim is "[c]ontract damages." Slack Declaration Exhibit G at 2. POC #21422 does not assert a right of setoff for this claim. *Id.* POC #21431 asserts a claim of $440,296.21 and

---

[6] As discussed later, Nationstar ultimately paid Ditech $338,735.17 on December 2, 2019.

8
WEIL:\97463470\8\41703.0011

asserts that the basis of the claim is "[c]ontract damages." Slack Declaration Exhibit H at 2. POC #21431 asserts that this claim is subject to a right of setoff. *Id.* Neither of the filed proofs of claim provide any basis or calculation of the amounts sought.

12. On July 30, 2019, Nationstar filed POC #24024 as an amendment to POC #21431. *See* Slack Declaration Exhibit I. POC #24024 asserted a claim of "$1,718,772.12 *unliquidated*" (emphasis added) and asserts that the basis of the claim is "Contract/Executory Contract." *Id.* at 2.

13. On November 21, 2019, Nationstar sent to counsel for the Plan Administrator, but did not file, an addendum to POC #24024 (the "**Addendum**"). *See* Slack Declaration Exhibit J. In the Addendum, Nationstar asserts that its claim is divisible into two parts: 1) a liquidated claim of $631,646.12, comprised of $620,958.34 in reimbursements and indemnification under the MSRPSA and $10,687.78 in late fees paid to the Federal Housing Administration; and 2) an unliquidated claim based on "future damages arising from Debtor's servicing errors and/or origination defects in connection with" the Sale Transactions. *See Id.* at 3-5. In the Addendum, Nationstar estimates its unliquidated and contingent damages to be "not less than $1,087,126.00" and that these damages are "expected in the next 2.4 Years." *Id.* at 5. The Addendum, however, concedes that $1,087,126.00 represents unliquidated and contingent potential future amounts that Ditech may (or may not) ultimately owe to Nationstar. Since at that time, Nationstar owed Ditech approximately $2.05 million, Nationstar was still holding in excess of $300,000 of Ditech's money (and earning interest on it) where there was no dispute it was owed to Ditech.

14. On September 26, 2019, this Court entered an order confirming the Plan (the "**Confirmation Order**"). ECF No. 1404. Section 10.5 (b)(iv) of the Plan prohibits any party

9

in interest from "asserting any right of setoff, directly or indirectly, against any obligation due from the Debtors…or against property or interests in property of any of the Debtors…except as contemplated or Allowed by the Plan." Pursuant to Paragraph 62 of the Confirmation Order, Nationstar "shall be entitled to assert any and all setoff and recoupment rights against the Debtors, the Wind Down Estates, or the GUC Recovery Trust. *Id.* However, Paragraph 62 also provides that "[f]or so long as the Bankruptcy Cases are open or the Wind Down Estates or GUC Recovery Trust are in existence, a determination on the merits of . . . Nationstar's asserted setoff and recoupment rights shall either be made by agreement of the parties, who shall negotiate in good faith to resolve any dispute, or failing that, a court of competent jurisdiction, absent which . . . Nationstar may not effectuate any setoff or recoupment. For the sake of clarity, the Bankruptcy Court retains non-exclusive jurisdiction to adjudicate the merits of . . . Nationstar's asserted setoff and recoupment rights." Paragraph 62 further establishes that the Holdback Funds are property of the Wind Down Estates, as all receivables "arising under the [MSRPSA] . . . will be the exclusive property of the Debtors, Wind Down Estates, or the GUC Recovery Trust." *Id.*

15. On November 1, 2019, counsel for the Plan Administrator sent Nationstar a follow-up letter reiterating the Plan Administrator's demand for the approximately $2 million in Holdback Funds and disputing Nationstar's claim to setoff or recoupment. *See* Slack Declaration Exhibit K.

16. After a number of discussions between counsel for the parties, on December 2, 2019, Nationstar finally paid to the Plan Administrator $338,735.17 which represented the undisputed excess amounts owed Ditech.

17. The Plan Administrator has continuously attempted, in good faith, to resolve the impasse with counsel for Nationstar but has not, as of the date of the Motion, been successful in reaching an agreement regarding Nationstar's payment of the funds owed to Ditech.

## RELIEF REQUESTED

18. The Holdback Funds are Wind Down Estate property subject to turnover. Nationstar continues to fail and refuse to pay to Ditech the $1,708,084.34 in Holdback Funds. Accordingly, the Plan Administrator seeks an order from this Court enforcing the Plan Injunction and Confirmation Order and directing Nationstar to turn over the Holdback Funds to the Plan Administrator pursuant to the 11 U.S.C. § 542(a).

## ARGUMENT

**A. The Court Should Enforce the Plan Injunction and Confirmation Order and Has the Authority to Compel Nationstar to Turn Over the Holdback Funds Belonging to the Wind Down Estates.**

19. Section 541 of the Bankruptcy Code defines "property of the estate" broadly, including all "interests of the debtor in property . . . wherever located and by whomever held." 11 U.S.C. § 541(a). The Bankruptcy Code provides various tools to marshal the assets of an estate for the benefit of the estate's creditors. One such tool is turnover, pursuant to 11 U.S.C. § 542. *See Geron v. Peebler (In re Pali Holdings, Inc.)*, 488 B.R. 841, 851 (Bankr. S.D.N.Y. 2013) ("A turnover action 'invokes the court's most basic equitable powers to gather and mange property of the estate.' . . . A turnover action's essence is in bringing the estate's property into its custody") (quoting *Braunstein v. McCabe,* 571 F.3d 108, 122 (1st Cir.2009)).

20. Section 542(a) provides that an entity in possession, custody, or control of estate property "shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." The party

seeking turnover of estate property must therefore show: "(1) the property is in the possession, custody or control of another entity; (2) the property can be used in accordance with the provisions of [11 U.S.C. §] 363; and (3) the property has more than inconsequential value to the debtor's estate." *Kramer v. Mahia (In re Khan)*, No. 10-46901-ESS, 2014 WL 10474969, at *26 (E.D.N.Y. Dec. 24, 2014) (quoting *Zazzali v. Minert (In re DBSI, Inc.),* 468 B.R. 663, 669 (Bankr. D. Del. 2011)).

21. The three prongs of Section are easily met. First, Nationstar concedes that it holds the funds. Second, the Confirmation Order also clearly establishes that the Holdback Funds, once turned over to the Wind Down Estates, can be used to pay creditors of the Wind Down Estates in accordance with Section 363. *See* Confirmation Order Article VI. *See In re Khan,* 2014 WL 10474969, at *28 (holding that trustee's assertion that the sought funds may be used "to pay creditors of this estate" was sufficient to satisfy the second Section 542). Third, the Holdback Funds, totaling more than $1.7 million, are certainly of more than inconsequential value to the estate. *See In re MF Glob. Inc.*, 531 B.R. 424, 431 (Bankr. S.D.N.Y. 2015) (holding that a debit balance of approximately $80,000 was of "more than inconsequential value to the MFGI estate."). Moreover, the burden to show otherwise rests with Nationstar. *In re Burgio*, 441 B.R. 218, 220 (Bankr. W.D.N.Y. 2010) (holding that "the burden to show such inconsequential value would fall upon" the party opposing the turnover motion).

22. The Plan Injunction and Confirmation Order expressly prohibit Nationstar from holding the estate's property on the basis of set-off or recoupment without first obtaining either the agreement of the Plan Administrator or a court order. The Court then specifically retained "non-exclusive jurisdiction to adjudicate the merits of . . . Nationstar's asserted setoff and recoupment rights." *See* Confirmation Order at Paragraph 62. Moreover, the language of the

WEIL:\97463470\8\41703.0011

Order makes it clear that the burden falls on Nationstar to obtain consent or a court order, absent which Nationstar is not permitted to hold the money.

23. The Court has jurisdiction over turnover of estate property pursuant to 28 U.S.C. §§ 157 and 1334; this is a "core proceeding" under 28 U.S.C. § 157 (b)(2)(A) (matter concerning administration of the estate) and 28 U.S.C. § 157(b)(2)(E) (orders to turn over property of the estate). *See In re Pali Holdings,* 488 B.R. at 849-50 ("After *Stern* [*v. Marshall*, 564 U.S. 462, 468 (2011)], it now is clear that whether a matter is 'core' as a statutory matter is not dispositive of the bankruptcy judge's power, as a constitutional matter, to issue a final judgment in it. But the reported post-*Stern* decisions have overwhelmingly held that bankruptcy judges can constitutionally enter final judgments in turnover actions.").

24. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**B.     The Holdback Funds Are Estate Property Subject to Turnover.**

**1.     Paragraph 62 of the Confirmation Order Plainly Provides That Nationstar May Setoff or Recoup Funds Only by Negotiated Agreement or After Authorization by a Court Order.**

25. Nationstar persists in refusing to pay the Holdback Funds to the Plan Administrator. Nationstar cannot, however, pursuant to the Confirmation Order, retain funds of the estate unless it first obtains the agreement of the Plan Administrator, which it has not, or receives permission by a court of competent jurisdiction, which has not occurred. Confirmation Order at Paragraph 62. Instead, Nationstar has, contrary to the Court's Confirmation Order, effectuated self-help by unilaterally and improperly retaining funds. Thus, the entire amount of the withheld Holdback Funds, approximately $1.7 million, should be paid to the estate.

**2.     Nationstar Is Not Permitted to Setoff or Recoup Unliquidated and Contingent Claims.**

13

26. Of the approximately $1.7 million in Holdback Funds that Nationstar refuses to turnover to Wind Down Estate, nearly $1.1 million are conceded by Nationstar to be unliquidated and contingent. *See* Slack Declaration Exhibit L at 5. In the Second Circuit, it is well established that "[r]ecoupment and setoff rights are determined by nonbankruptcy law, which ordinarily is state law." *New York State Elec. and Gas Corp. v. McMahon (In re McMahon)*, 129 F.3d 93, 95 (2d Cir. 1997). Under New York law, which governs the MSRPSA, a valid setoff or recoupment may not be based on unliquidated or contingent amounts. *See In re Corp. Res. Servs., Inc.,* 564 B.R. at 204 ("New York law does not recognize a right of setoff for contingent claims"); *Northville Indus. Corp. v. State,* 14 A.D.3d 817, 818 ("Indeed, while respondent Comptroller has the right to offset a valid claim of the State . . .the setoff must be due and payable as opposed to contingent, possible and *in futuro.*") (internal citations and quotations omitted); *In re Benedictine Hosp.*, 21 Misc. 3d 1142(A) (N.Y. Sup. Ct. 2007) (refusing to allow recoupment for a contingent claim holding that "the general common law principles applicable to setoffs, which are equivalent to recoupment, require that the claim be 'due and payable as opposed to contingent, possible and *in futuro*") (quoting *Northville Indus. Corp. v. State,* 14 A.D.3d at 818).

27. As a result, Nationstar's concededly unliquidated and contingent claims for setoff and recoupment are not permitted under New York law and Nationstar should be immediately required to turn over the $1,087,126 in Holdback Funds that Nationstar is refusing to pay.

## NOTICE

28. Notice of this Motion will be provided in accordance with procedures set forth in the *Order Implementing Certain Notice and Case Management Procedures* (ECF No. 211) (the "**Case Management Order**"). Notice will be provided to Nationstar contemporaneously with

the filing of this Motion. The Plan Administrator respectfully submits that no further notice is required.

29. No previous request for the relief sought herein has been made by the Plan Administrator to this or any other Court.

## **CONCLUSION**

For the foregoing reasons, the Plan Administrator respectfully requests that the Court enforce the Plan Injunction and Confirmation Order and enter the Proposed Order compelling Nationstar to turn over $1,708,084.34 in Holdback Funds to the Plan Administrator pursuant to 11 U.S.C. § 542(a) and granting such other and further relief as is just.

Dated: June 11, 2020
    New York, New York

/s/ Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Sunny Singh
Richard W. Slack
David F. Hill, IV

*Attorneys for Plan Administrator*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                              :

**In re**                                            :         Chapter 11
                                              :

**DITECH HOLDING CORPORATION,** *et al.*,  :         Case No. 19-10412 (JLG)
                                              :

                Debtors.[7]                     :         (Jointly Administered)
                                              :         Related Docket No. 1786
------------------------------------------------------------X

## ORDER ENFORCING THE CONFIRMATION ORDER AND COMPELLING TURNOVER OF ESTATE PROPERTY

Upon the motion dated June 11, 2020 (the "**Motion**")[8] of the Plan Administrator for the Wind Down Estates for entry of an order compelling turnover of estate funds, pursuant to sections 541 and 542 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and Paragraph 62 of the Plan; and the Court having jurisdiction to decide the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Amended Standing Order of Reference M 431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no

---

[7] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[8] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

WEIL:\97463470\8\41703.0011

other or further notice need be provided; and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having held a hearing to consider the relief requested in the Motion on May 20, 2020 (the "**Hearing**"); and upon the record of the Hearing; and the Bankruptcy Court having determined that the relief sought in the Motion is in the best interests of the Wind Down Estates, their creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is granted.

2. Pursuant to sections 541 and 542 of the Bankruptcy Code, Nationstar Mortgage LLC is hereby ordered and directed to turn over to the Plan Administrator the Holdback Funds due to Ditech currently being held by it within two (2) business days.

3. The Plan Administrator and the Wind Down Estates are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

4. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.


Dated:____, 2020
    New York, New York

                                                    THE HONORABLE JAMES L. GARRITY JR.
                                                    UNITED STATES BANKRUPTCY JUDGE