UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
: 
In re                                                               :   Chapter 11
                                                                       :
DITECH HOLDING CORPORATION, *et al.*,   :   Case No. 19-10412 (JLG)
                                                                       :
            Debtors.[1]                                      :   (Jointly Administered)
                                                                       :   Related Docket Nos. 2129, 2616,
                                                                       :   2435
------------------------------------------------------------X

## CONSENT ORDER GRANTING CERTAIN LIMITED RELIEF FROM PLAN INJUNCTION FOR MOVANT SULTANA AKTER

Upon *Sultana Akter's Motion for Relief from Discharge and/or Leave to File Late Proof of Claim*, filed on April 7, 2020 (ECF No. 2129), and the *Motion to Allow Lift Stay*, filed on May 8, 2020 (ECF No. 2322) (collectively, the "**Motions**")[2], of Sultana Akter ("**Movant**"), for an order modifying the injunction in section 10.5 of the Third Amended Plan (the "**Plan Injunction**") or, alternatively, the automatic stay pursuant to section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") to allow the Movant to assert potential civil claims related to discrimination and the termination of Movant's employment (the "**Employment Claims**") as set forth against Ditech Financial, LLC ("**Ditech**") solely to the extent the Employment Claims are currently stayed or enjoined as a result of above-captioned cases filed by Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Debtors' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motions.

Reorganized RMS) (collectively, the "**Wind Down Estates**"); and the Court having jurisdiction to consider the Motions and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the requested relief; and the parties having agreed to the entry of this Order,

**IT IS HEREBY ORDERED THAT:**

1. The Plan Injunction shall be modified solely to the extent necessary to permit the Movant to assert the Employment Claims and establish liability, if any, *provided* that (a) any recovery is covered, available, and limited to the Debtors' employment practices liability insurance policy, policy number 01-842-07-43 (the "**Insurance Policy**"), such that any recovery will not under any circumstances be paid from any assets of the Wind Down Estates; and (b) any such recovery may be enforced solely against available insurance proceeds of the Insurance Policy.

2. For the avoidance of doubt, except as expressly set forth in Paragraph 1 above and as modified by *Final Order (I) Authorizing Debtors to Continue Origination and Servicing of Forward Mortgage Loans in Ordinary Course and Granting Related Relief and (II) Modifying Automatic Stay on A Limited Basis to Facilitate Debtors' Ongoing Operations* (ECF No. 224) and the *Final Order (I) Authorizing Debtors to Continue Honoring Reverse Issuer and Servicing Obligations in the Ordinary Course and Granting Related Relief and (II) Modifying Automatic Stay on A Limited Basis to Facilitate Debtors' Ongoing Operations* (ECF No. 229), the automatic stay and Plan Injunction shall remain in full force and effect with respect to any and all other additional claims (as defined in section 101(5) of the Bankruptcy Code), scheduled claims, or other requests for payments filed and/or asserted, or which may be filed and/or asserted, by the

Movant against the Wind Down Estates, and any such claims shall be subject to any governing process in this Court for submission of proofs of claim. Nothing contained herein shall be construed as a waiver by the Wind Down Estates of their right to object to any and all proofs of claim relating to the Employment Claims.

3. The Movant hereby agrees to release all claims and waive any right to recovery, including any insurance deductible or self-insured retention, related to Civil Action No. 2:19-cv-05656, captioned *Akter v. Ditech Holding Corporation*, in the United States District Court for the Eastern District of Pennsylvania (the "**State Court Action**"), against Ditech and the Wind Down Estates, as well as any claim (as defined in section 101(5) of the Bankruptcy Code) that may be recoverable against the Wind Down Estates, and exclusively shall be limited to obtaining any recovery from proceeds of the Insurance Policy. Any and all proofs of claim filed by Movant or a third party relating to the Employment Claims are hereby withdrawn and may be stricken from the claims register.

4. The limited relief set forth herein shall not be construed as an admission of liability by the Wind Down Estates regarding any claim or cause of action arising from or in relation to the Employment Claims or any other matter. Movant agrees that any decision or judgment obtained in the State Court Action shall not be used in any way in the proof of claims process in the bankruptcy and shall not have any res judicata or collateral estoppel effect on such proof of claims process.

5. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

6. The Movant is authorized to take all action necessary to effectuate the relief granted in this Order.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

Dated: June 23, 2020
      New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE

Dated: May 29, 2020
      New York, New York

| **CONSENTING PARTY** | **CONSENTING PARTY** |
|---|---|
| /s/ Sunny Singh | /s/ Christopher J. DelGaizo |
| WEIL, GOTSHAL & MANGES LLP | DEREK SMITH LAW GROUP, PLLC |
| 767 Fifth Avenue | 1835 Market Street, Suite 2950 |
| New York, New York 10153 | Philadelphia, PA 19103 |
| Telephone: (212) 310-8000 | Telephone: (215) 391-4790 |
| Facsimile: (212) 310-8007 | Christopher J. DelGaizo, Esq. |
| Ray C. Schrock, P.C. | |
| Sunny Singh | |
| | |
| *Authorized Attorney for the Plan Administrator* | *Authorized Attorney for Movant Sultana Akter* |

4