UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

**In re: Ditech Financial LLC**            Case No. 19-10412 (JLG)

        Debtor.            Chapter 11

---

## JAMES CRAIG'S RESPONSE TO DITECH'S JULY 17, 2020 SIXTY-FIRST OMNIBUS OBJECTION TO PROOFS OF CLAIM

    Creditor James Craig hereby files his Response in Support of his Proof of Claim No. 60160, as his home and principal residence remains at risk due to postpetition conduct of Ditech. In support of his Proof of Claim, Mr. Craig states as follows:

1. James Craig owns the home at 15229 East Liverpool Road, East Liverpool, Ohio 43920, and his mortgage was serviced by debtor Ditech Financial LLC ("Ditech") until March 1, 2020. On November 11, 2019, Mr. Craig filed a proof of claim in this proceeding regarding Ditech's improper servicing of his loan which occurred after Ditech's filing of bankruptcy on February 11, 2019. [Claim No. 60160.]

2. Prior to this bankruptcy proceeding, Ditech guaranteed Mr. Craig a loan modification, if he properly performed on a trial period plan. Mr. Craig made each payment on the trial period plan.

3. Ditech accepted those payments and, upon information and belief, applied them to the loan balance.

4. Mr. Craig executed a loan modification in the manner instructed by Ditech and timely returned it to Ditech in June 2015. (See June 2015 executed loan modification previously

attached to Mr. Craig's November 11, 2019 Proof of Claim No. 60160). Mr. Craig has raised consumer violations against Ditech in a pending state court foreclosure action in the Common Pleas Court of Columbiana County, Ohio. As a result of Ditech's bankruptcy filing in February 2019, said claims against Ditech were dismissed in the state court and all relief against Ditech for its postpetition conduct must be, and is now, sought in this proceeding.

5. After Ditech's filing of Bankruptcy in this Honorable Court on February 11, 2019, Ditech continued to service the mortgage loan, continued to misrepresent the status of the loan, and continued to refuse to implement the 2015 permanent Loan Modification despite the modification being fully and properly executed and delivered to Ditech.

6. The permanent loan modification had the following approximate initial terms:

    a. Unpaid principal balance of $158,946.77

    b. Deferred principal balance of $70,281.77

    c. Interest rate of 2%

    d. Term of 213 months

    e. Initial principal and interest payment of $410.48

7. By its monthly loan account statement of October 2019, Ditech states that the loan has an interest rate of 11.26 percent, and an accelerated balance of $266,139.81. Ditech's postpetition monthly statements starting after the February 11, 2019 filing of bankruptcy show similar misrepresentations of the status of the loan and a similar refusal to honor the Loan Modification. (See Ditech monthly statements previously attached to Mr. Craig's November 11, 2019 Proof of Claim No. 60160).

8. After the effective date of this bankruptcy, Ditech transferred the servicing of Mr. Craig's loan to Shellpoint Mortgage Servicing effective March 1, 2020.

9. On March 11, 2020, Mr. Craig, through counsel, sent a Notice of Error pursuant to 12 CFR Section 1024.35 of Regulation X of the Mortgage Servicing Act under the Real Estate Settlement Procedures Act ("RESPA"), advising Shellpoint that it was servicing the loan in error because the loan was subject to a loan modification which Ditech failed to implement in error.

10. On April 13, 2020, Shellpoint requested additional time to fully respond to Mr. Craig's Notice of Error.

11. However, Shellpoint never responded to Mr. Craig's March 11, 2020 Notice of Error as required by RESPA.

12. As shown by Shellpoint's Validation of Debt Notice of March 20, 2020, Mr. Craig's mortgage loan continues to be improperly considered and treated as owing a false amount and as having a false substantial delinquency. Shellpoint continues to treat Mr. Craig's loan as improperly in default and subject to foreclosure, due to Ditech's postpetition servicing conduct and continuous refusal to correct the loan account to reflect the 2015 loan modification, and due to the improper postpetition transfer of servicing to Shellpoint with misrepresentations as to the unmodified status of the account. (See attached exhibit of March 20, 2020 Validation of Debt Notice from current servicer Shellpoint).

13. Ditech's postpetition conduct, including its misrepresentation of the status of the account and continuous refusal to implement the properly executed loan modification, is in breach of its contractual duties, fraudulent, and in violation of consumer laws, including RESPA.

14. Mr. Craig's claim herein qualifies as an administrative expense claim.

15. First, the Bankruptcy Court in *In re New Power Co.*, 313 B.R. 496, 503 (Bankr. N.D. Ga. 2004) examined the *In re New York Trap Rock Corp.* case cited by Ditech in its Objection, and the *Power* Court's examination appears to support the characterization of Mr. Craig's claim as an administrative claim. Here, like in *New York Trap Rock*, there was a prepetition agreement between the claimant and the debtor as the result of an assumption. Also, the postpetition conduct gave rise to the expense. Mr. Craig is seeking postpetition expenses, including improper interest continuing to be charged to his loan, excessive balance on his loan, and attorney fees, resulting from the postpetition conduct. *See In re New Power Co.*, 313 B.R. 496, 503 (Bankr. N.D. Ga. 2004).

16. In *In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1992), the Court stated: "We have recognized a special category of expense entitled to administrative priority status, based on considerations of fundamental fairness,. . ." *In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1992). The Court in *Hemingway* also stated that this category consists of amounts due to those "injured by the debtor-in-possession's operation of the business even though their claims did not arise from transactions that were necessary to preserve or rehabilitate the estate." *See In re Hemingway Transp., Inc.*, 954 F.2d 1, 5 (1st Cir. 1992), *quoting In re Mammoth Mart*, 536 F.2d at 954 (1st Cir. 1976).

17. Further, similar to the *Hemingway* case, the losses here resulted from the unilateral postpetition conduct on the part of Ditech, "ordinarily incident to the operation of a business." *See Hemingway Transp., Inc.*, 954 F.2d at 6.

18. Ditech's postpetition conduct is causing ongoing damages, as Mr. Craig's account is improperly accruing default interest each month and the accelerated balance sought continues to be excessive and improper. As referenced in Paragraphs 6 and 7 herein, the damages are demonstrated in multiple ways, including seeking ongoing postpetition

interest at 11.26 percent rather than 2 percent, seeking an improper excessive accelerated balance of $266,139.81, as well as the difference in the other terms set forth in the June 2015 loan modification, and requiring ongoing accrual of attorney fees related to this postpetition conduct.

19. Mr. Craig is facing foreclosure as the result of Ditech's failure to properly service and implement the June 2015 loan modification, and its failure to properly transfer the loan after the effective date of this bankruptcy.

**WHEREFORE**, Mr. Craig respectfully requests an Order of this Court requiring that the 2015 loan modification agreement be honored, including through proper transfer and communications with Shellpoint regarding the binding terms of the loan modification, or that the monetary damages associated therewith be awarded so that Mr. Craig can remain in his home pursuant to the loan modification's terms, and such other relief as the Court deems equitable and just.

> **Respectfully submitted,**
> **James Craig,**
> **Creditor,**
> **By counsel:**

/s/ Philip D. Zuzolo
Philip D. Zuzolo (OH Bar No. 0081865)
Zuzolo Law Offices, LLC
700 Youngstown Warren Rd
Niles, OH 44446
Telephone: 330/652-1609
Fax: 330/652-9421
Email: lawyers@zuzolo.com
*Admitted Pro Hac Vice*

# EXHIBIT

P.O. BOX 51850
LIVONIA MI 48151-5850
RETURN SERVICE REQUESTED

**RECEIVED**
**MAR 3 0 2020**
BY: ..........................



## Shellpoint
Mortgage Servicing

Phone Number: 866-317-2347
Fax: 866-467-1137
www.shellpointmtg.com
Mon - Thurs: 8:00AM-10:00PM
Fri: 8:00AM-10:00PM
Sat: 8:00AM-3:00PM

S-SFRECS20 L-0039 R-119
PBTBBV00400447 - 616962278 I01786
JAMES C CRAIG
MOLLIE CRAIG
700 YOUNGSTOWN WARREN ROAD
NILES OH 44446-3552

| Loan Number: | |
|---|---|
| Principal Balance: | $131,370.17 |
| Deferred Balance: | $9,112.43 |
| Property: | 15229 E LIVERPOOL RD EAST LIVERPOOL, OH 43920 |

03/20/2020

## VALIDATION OF DEBT NOTICE

Dear Mortgagors:

This is a Validation of Debt Notice that is required by the Fair Debt Collection Practices Act.

As of the date of this notice, the total amount of your debt is $261,621.60. This amount consists of the following:

| | |
|---|---|
| Current principal balance (includes any deferred principal balance) | $ 140,482.60 |
| Current accrued unpaid interest (includes any deferred interest balance) | $ 104,568.25 |
| Escrow advances | $ 14,354.27 |
| Unpaid late fees and other charges | $ 3,485.77 |
| Unapplied balance | $ -1,269.29 |
| **Total amount of your debt** | $ 261,621.60 |

Interest and other charges will continue to accrue on your debt, so the total will change after the date of this notice. Please call us at the phone number listed below for an updated total amount of your debt. You also can call us to find out the amount required to bring your debt current.

The name of the creditor to whom this debt is owed is Wells Fargo Bank, National Association, not in its individual or banking capacity, but solely as Trustee on behalf of the Lake Country Mortgage Loan Trust 2005-HE1.

Unless you, within thirty (30) days after receipt of this notice, dispute the validity of the debt, or any portion thereof, Shellpoint Mortgage Servicing ("Shellpoint") will assume the debt to be valid.

If you notify Shellpoint in writing within thirty (30) days after receipt of this notice that the debt, or any portion thereof, is disputed, Shellpoint will obtain verification of the debt and a copy of such verification will be mailed to you by Shellpoint.

Upon your written request within the thirty (30) day period, Shellpoint will provide you with the name and address of the original creditor, if different from the current creditor.

Send written correspondence to:

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826

Our phone number: 866-317-2347

We are available Monday through Thursday 8:00AM-10:00PM, Friday 8:00AM-10:00PM, and Saturday 8:00AM-3:00PM EST.

For your benefit and assistance, there are government approved home ownership counseling agencies designed to help homeowners avoid losing their homes. To obtain a list of approved counseling agencies, please call (800) 569-4287.

**SEE REVERSE SIDE OR ATTACHED FOR AN IMPORTANT STATEMENT OF YOUR RIGHTS.**

P I000001 A-0579935489 0102J0400

Shellpoint Mortgage Servicing is attempting to collect a debt, and any information obtained will be used for that purpose.

Si usted no entiende el contenido de esta carta, por favor contacte a uno de nuestros representantes que hablan espanol al numero 866-317-2347.

Sincerely,

Shellpoint Mortgage Servicing
P.O. Box 10826
Greenville, SC 29603-0826
866-317-2347

**Please read the following important notices as they may affect your rights.**

NewRez LLC dba Shellpoint Mortgage Servicing is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose. NewRez LLC dba Shellpoint Mortgage Servicing's NMLS ID is 3013. 

If you are a customer in bankruptcy or a customer who has received a bankruptcy discharge of this debt: please be advised that this notice is to advise you of the status of your mortgage loan. This notice constitutes neither a demand for payment nor a notice of personal liability to any recipient hereof, who might have received a discharge of such debt in accordance with applicable bankruptcy laws or who might be subject to the automatic stay of Section 362 of the United States Bankruptcy Code. However, it may be a notice of possible enforcement of the lien against the collateral property, which has not been discharged in your bankruptcy.

**Attention Servicemembers and Dependents:** The federal Servicemembers Civil Relief Act and certain state laws provide important protections for you, including interest rate protections and prohibiting foreclosure under most circumstances during and twelve months after the servicemember's military or other service. Counseling for covered servicemembers is available from Military OneSource (800-342-9647) and the United States Armed Forces Legal Assistance or other similar agencies. For more information, please visit the Military OneSource website www.militaryonesource.mil/.

**Notice of Error or Information Request Address:** You have certain rights under Federal law related to resolving errors in the servicing of your loan and requesting information about your loan. If you want to request information about your loan or if you believe an error has occurred in the servicing of your loan and would like to submit an Error Resolution or Informational Request, please write to us at the following address: Shellpoint Mortgage Servicing P.O. Box 10826 Greenville, SC 29603-0826

Shellpoint Mortgage Servicing utilizes third-party providers in connection with the servicing of your loan, but Shellpoint Mortgage Servicing remains responsible for all actions taken by third-party providers.

A successor in interest is someone who acquires an ownership interest in a property secured by a mortgage loan by transfer upon the death of a relative, as a result of a divorce or legal separation, through certain trusts, between spouses, from a parent to a child, or when a borrower who is a joint tenant or tenant by the entirety dies. If you are a successor in interest, or you think you might be, please contact by phone, mail or email to start the confirmation process.

**Our system of record has your preferred language as English.**

If you prefer to receive communication in a language other than English, please contact us at 866-317-2347 to speak with a translator in your preferred language about the servicing of your loan or a document you received.

Si prefiere recibir las comunicaciones en otro idioma que no sea el inglés, por favor, contáctenos en el 866-317-2347 para hablar con un traductor en el idioma de su preferencia sobre la gestión de su préstamo o cualquier documento que haya recibido.

如果您要使用英语以外的其他语言进行交流，请致电 866-317-2347，我们将根据您首选的语言安排相应的译员，与您就贷款服务事项或您所接收的文件进行商讨。

Please note that we operate as NewRez Mortgage LLC dba Shellpoint Mortgage Servicing in Arkansas and Texas.