**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| **In re Ditech Holding Corporation,** *et al.*, | ) |
| | ) Chapter 11 |
| | ) |
| | ) Case No. 19-10412 (JLG) |
| Wind-Down Estates. | ) |
| | ) (Jointly Administered) |
| | ) |

# APPENDIX TO RESPONSE

# (creditors: Kevin Snyder and the Estate of Mary Snyder)

# INDEX

**Orders**

December 10, 2010 order of reference (filed 12/16/10) ...................................................................1

September 30, 2013 order staying action pending intervention (filed 10/02/13) ..........................4

March 12, 2014 order amending caption (filed 03/20/14)...............................................................6

April 9, 2015 consent order substituting counsel (filed 04/13/15) .................................................9

July 2, 2018 consent order substituting counsel (filed 07/03/18) .................................................11

December 10, 2018 consent scheduling order (filed 12/18/18) .....................................................13

December 10, 2018 consent order amending caption (filed 12/18/18) ..........................................15

March 18, 2019 order on motion to compel (filed 03/25/19) ........................................................17

March 27, 2019 order on motion for summary judgment (filed 03/25/19) ...................................18

March 27, 2019 order on motions for summary judgment (filed 03/28/19) ..................................19

April 23, 2019 order and judgment of foreclosure and sale (filed 04/26/19) ...............................23

**Pleadings**

Summons and Complaint (filed 09/23/10)......................................................................................33

Lis Pendens (filed 09/23/10).........................................................................................................42

Amended Summons and Complaint (filed 10/27/10) .....................................................................43

Amended Lis Pendens (filed 10/27/10) .........................................................................................56

Affidavit of Default (filed 12/14/10) .............................................................................................58

Notice of Foreclosure Intervention (filed 12/20/12)......................................................................59

Notice of Denial of Loan Modification (filed 04/08/13) ...............................................................63

Notice of Appearance of Jason Luck (filed 05/03/13)...................................................................66

Answer and Counterclaims (filed 06/03/13)..................................................................................70

Reply to Counterclaims (filed 07/05/13) ...................................................................78

Affidavit of Default (filed 08/26/13) ........................................................................84

Notice of Transfer of Firm (filed 12/16/16)...............................................................86

Motion to Compel (filed 11/29/18).............................................................................87

    Ex. A: Plaintiff's Objections and Answers to Defendants' 2nd Set of Interrogatories.......91

    Ex. A (continued): Plaintiff's Objections and Responses to Defendants' 2nd Set of Requests to Produce ...........................................................................95

Ditech's responses to Snyder's Third Set of Interrogatories (filed 11/29/18) ..............99

Ditech's responses to Snyder's First set of Requests to Admit (filed 11/29/18)........103

Response in Opposition to Motion to Compel (filed 12/10/18) ...................................179

    Ex. A: August 31, 2018 letter re: discovery responses...................................190

Affidavit of Jason Luck (filed 12/12/18) ...................................................................193

*Pages 198-289 intentionally omitted*

Motion for Summary Judgment (Ditech) (filed 03/11/19) ........................................290

Memorandum in Support of Summary Judgment (Ditech) (filed 3/11/19) ................295

    Ex. 1: Affidavit of Bradford Hardwick........................................................306

        Ex. A: Note ..............................................................................312

        Ex. B: Mortgage.......................................................................316

        Ex. C: Attorney Preference Form ..............................................330

        Ex. D: June 10, 2013 Green Tree letter .....................................336

        Ex. E: Assignment of mortgage ................................................345

        Ex. F: Payment history.............................................................353

        Ex. G: March 8, 2019 Ditech letter...........................................372

        Ex. H: April 27, 2010 Notice of Intent to Accelerate .................376

Ex. I: December 23, 2014 Green Tree letter ............................................................379

Ex. J: May 11, 2017 Ditech letter ..........................................................................394

Ex. 2: Notice of Foreclosure Intervention...............................................................402

Ex. 3: Notice of Denial of Loan Modification or Other Means of Loss Mitigation ........407

Motion for Summary Judgment (Snyder) (filed 03/11/19).............................................411

Ex. A: Plaintiff's responses to Defendants' First Requests to Admit.............................421

Ex. B: Assignment of mortgage (Book 0032, Page 991)..............................................422

Ex. C: Assignment of mortgage (Book 0359, 558) ....................................................425

Ex. D: Charleston County tax records ....................................................................427

Ex. E: Zillow.com listing......................................................................................428

Stipulation of Dismissal (filed 01/02/2020)...............................................................434

**Other Documents**

Mortgage Statement (dated 09/18/2020) ...................................................................436

STATE OF SOUTH CAROLINA

COUNTY OF Charleston

BAC Home
☒ Plaintiff

v.

Kevin G. Snyder, et al
☐ Defendant.

IN THE COURT OF COMMON PLEAS

CASE NO.
2010 - CP - 10 - 4838

MOTION AND ORDER INFORMATION
FORM AND COVER SHEET

| Plaintiff's Attorney: Kelli Chisa #79640 | Address: |
|---|---|
| John S. Kay #7914; Alan M. Stewart #15576; John B. Kelchner #13589; H. Guyton Murrell #64134; Suzannah Hayes #66404; Meredith S. Lee #72593 | PO Box 12369, Columbia, SC 29211-2369 Phone: 803.252.5817 x1230   Fax: 803.231.2105 e-mail: |

☐ MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)
☒ FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)
☐ PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)

### SECTION I: Hearing Information
Nature of Motion: Order of Reference

Estimated Time Needed: _____   Court Reporter Needed: ☐ YES / ☒ NO

### SECTION II: Motion/Order Type
☐ Written motion attached
☒ Form Motion/Order
   I hereby move for relief or action by the court as set forth in the attached proposed order.

_____        12.7.10
Signature of Attorney for ☒ Plaintiff              Date submitted

### SECTION III: Motion Fee
☒ PAID – AMOUNT: $ 26.00
☐ EXEMPT: ☐ Rule to Show Cause in Child or Spousal Support
(check reason) ☐ Domestic Abuse or Abuse and Neglect
   ☐ Indigent Status                          ☐ State Agency v. Indigent Party
   ☐ Sexually Violent Predator Act            ☐ Post-Conviction Relief
   ☐ Motion for Stay in Bankruptcy
   ☐ Motion for Publication                   ☐ Motion for Execution (Rule 69, SCRCP)
Proposed order submitted at request of the court; or, reduced to writing from motion made in open court per judge's instructions
   Name of Court Reporter: _____
   ☐ Other: _____

| JUDGE'S SECTION | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. ☐ Other: | JUDGE CODE: _____ Date: _____ |

### CLERK'S VERIFICATION
Date Filed: _____

Collected by: _____
☐ MOTION FEE COLLECTED: _____
☐ CONTESTED – AMOUNT DUE: _____

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide
Home Loans Servicing, L.P.,

        PLAINTIFF,

        vs.

Kevin G. Snyder and Mary S. Snyder,

        DEFENDANTS.

IN THE COURT OF COMMON PLEAS

MOTION AND
ORDER OF REFERENCE

(NON-JURY MORTGAGE
FORECLOSURE)

C/A NO:2010-CP-10-7838

DEFICIENCY REQUESTED

FILED
2010 DEC 16 AM 10:06
ARMSTRONG CLERK OF COURT

F10-06774

    It appearing pursuant to Rule 53 – SCRCP, that the parties hereto (excluding those defendants in default as shown by the annexed Affidavit of Default) have agreed and stipulated that the issue in this action be referred to Mikell R. Scarborough, as Master in Equity for the above-entitled County, and that the Master in Equity shall have the authority to enter final judgment, with appeal, if any, directly to the South Carolina Supreme Court or the Court of Appeals as provided by the South Carolina Appellate Court Rules; now, on motion of the undersigned attorney for the Plaintiff, by and with the consent of the Attorneys for the answering defendants, if any,

    IT IS ORDERED that this case be referred to Mikell R. Scarborough, as Master in Equity to direct entry of final judgment in this action under Rule 53 (b), SCRCP. Any appeal from the final judgment entered by the Master in Equity shall be directly to the Supreme Court or the Court of Appeals as provided by the South Carolina Appellate Court Rules.

                _Julie J. Armstrong_
                ~~PRESIDING JUDGE OR~~ CLERK OF COURT

Charleston, South Carolina
   _12·15_  , 2010

I SO MOVE:

    _____
PETER D. KORN / JOHN S. KAY
ALAN M.STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL / SUZANNAH HAYES
MEREDITH S. LEE
Attorneys for Plaintiff

                PAID
Date _12·13·2010_
Amount _$125.00_
MIKELL R. SCARBOROUGH
MASTER IN EQUITY
By _____

**KORN LAW FIRM, P. A.**
**POST OFFICE BOX 11264**
**1300 PICKENS STREET**
**COLUMBIA, SOUTH CAROLINA 29211**
**(803) 252-5817**

November 30, 2010

The Honorable Mikell R. Scarborough
Charleston County Master in Equity
100 Broad Street, Suite 266, Charleston County Judicial Center
Charleston, SC 29401-2281

RE:     BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing,
L.P. vs. Kevin G. Snyder and Mary S. Snyder
Docket No. 2010-CP-10-7838
Our file No. F10-06774

Dear Master in Equity:

Enclosed please find the original and two copies of the proposed Order of Reference, Affidavit of Default and Affidavit of Non-Military Service for the above foreclosure action, along with our check in the amount of $125.00. Please have the originals signed and filed and return a clocked copy to us in the enclosed envelope. We have also attached the $25.00 fee for the Motion, made payable to the Clerk of Court.

This is a foreclosure case that should, pursuant to Rules 53 and 71 of the South Carolina Rules of Civil Procedure, be referred to a Master-In-Equity or Special referee. Pursuant to Rule 53(b), the Order of Reference may be signed by the Clerk of Court or a Circuit Court Judge.

Your assistance is very much appreciated.

Very truly yours,

Amber Horn
Legal Assistant

3

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON
IN THE COURT OF COMMON PLEAS

JUDGMENT IN A CIVIL CASE

CASE NO. 2010CP-10-7838

BAC Home Loan

Kevin Snyder, et al

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|

| Submitted by: | Attorney for : ☐ Plaintiff    ☐ Defendant<br>or<br>☐ Self-Represented Litigant |
|---|---|

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☐ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMNISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☐ Statement of Judgment by the Court:

## ORDER INFORMATION

This order ☐ ends ☐ does not end the case.

Additional Information for the Clerk : The Court hereby stays the case and Pending orders Plaintiff to construct Document for foreclosure intervention.

### INFORMATION FOR THE JUDGMENT INDEX

Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below.

| Judgment in Favor of<br>(List name(s) below) | Judgment Against<br>(List name(s) below) | Judgment Amount To be Enrolled<br>(List amount(s) below) |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

If applicable, describe the property, including tax map information and address, referenced in the order:

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. Note: Title abstractors and researchers should refer to the official court order for judgment details.

| Circuit Court Judge | 3062 | 9/20/2013 |
|---|---|---|
| | Judge Code | Date |

Case Name:

*BAC HOME LOANS SERVICING*

v.

*KEVIN G. SNYDER*

Type of Case: *FORECLOSURE*

Case No: *2010* -CP-10- *7838*

*KELLER C. FOSTER, ESQUIRE*
Attorney for Plaintiff

_____
Attorney for Defendant

I. Uncontested (Default Damages, Supplemental Proceeding, Foreclosure): _____

II. Contested (Breach of Contract, Quiet Title, Partition, Tort, Real Estate): _____
    a.  Status Conference to be held within 30 days of referral.
    b.  Status Conference date set by court for *SEPTEMBER 30, 2013 AT 11:30 AM*

           i.  Attorneys shall appear at status conference with their calendar to prepare
              scheduling order. (See draft Scheduling Order online at
              www.charlestoncounty.org)

III. Verify reference fee paid. Yes_____ or No_____

IV. Does Plaintiff anticipate case ready for trial 180 days from referral? Yes ___ or No___

V. Verify Attorneys' email addresses: *KellerCfoster@gmail.com*
                                 Plaintiff

                              _____
                               Defendant

Form prepared by: *MASTER'S OFFICE*

Plaintiff_____ or Defendant _____

Date: *7/29/13*

*Upon entry of the status conference date set by the court, this form will be sent to attorney(s) of record. This completed form shall serve as notice of your status conference pursuant to II(b) above. Failure to attend the status conference may result in dismissal of your case under Rule 41(a), SCRCP.

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing LP

☒ Plaintiff

v.

Kevin G. Snyder, and Mary S. Snyder, et al

☐ Defendant.

IN THE COURT OF COMMON PLEAS

CASE NO: 2010-CP-10-7838

MOTION AND ORDER INFORMATION

FORM AND COVER SHEET

| Plaintiff's Attorney:<br>John S. Kay #7914; John B. Kelchner #13589;<br>Suzannah Hayes #66404; Ashley Zarrett #74854;<br>Michal Kalwajtys #100950; Kevin T. Hardy #76015; | Address:<br>**Korn Law Firm, PA**<br>PO Box 12369, Columbia, SC 29211-2369<br>Phone: 803.252.5817 x2052  Fax: 803.231.2105<br>e-mail: |
|---|---|

☐ MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)
☒ FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)
☐ PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)

### SECTION I: Hearing Information

Nature of Motion: Order Amending Caption
Estimated Time Needed:     Court Reporter Needed: ☐ YES / ☐ NO

### SECTION II: Motion/Order Type

☐ Written motion attached
☒ Form Motion/Order
     I hereby move for relief or action by the court as set forth in the attached proposed order.

_____Ashley Zarrett_____     _2/19/14_
Signature of Attorney for ☒ Plaintiff     Date submitted

### SECTION III: Motion Fee

☒ PAID – AMOUNT: $25.00
☐ EXEMPT:     ☐ Rule to Show Cause in Child or Spousal Support
(check reason) ☐ Domestic Abuse or Abuse and Neglect
☐ Indigent Status                    ☐ State Agency v. Indigent Party
☐ Sexually Violent Predator Act      ☐ Post-Conviction Relief
☐ Motion for Stay in Bankruptcy
☐ Motion for Publication             ☐ Motion for Execution (Rule 69, SCRCP)
☐ Proposed order submitted at request of the court; or, reduced to writing from motion made in open court per
     judge's instructions
               Name of Court Reporter:
               ☐ Other:

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order.<br>☐ Other: | JUDGE<br>CODE: _____Date:_____ |

**CLERK'S VERIFICATION**
Collected by: _____          Date Filed:
☐ MOTION FEE COLLECTED:_____     ☐ CONTESTED – AMOUNT DUE:_____

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing LP

PLAINTIFF,

vs.

Kevin G. Snyder, and Mary S. Snyder,

DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

ORDER AMENDING CAPTION

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

FILED
2014 MAR 20 PH 4:44
JULIE J. ARMSTRONG
CLERK OF COURT
BY

F10-06774

        It appearing to the Court that this action was brought in the name of BAC Home Loans Servicing,
LP f/k/a Countrywide Home Loans Servicing LP in anticipation that an assignment into that entity would
be placed of record, and it appearing that no such assignment has been placed of record, but by virtue of
an assignment recorded September 9, 2013, in Book 0359 at Page 558, the loan was transferred from
Countrywide Home Loans, Inc. to Green Tree Servicing, LLC. The proper plaintiff in this case is Green
Tree Servicing, LLC, and on motion of the plaintiff's attorney that the caption be amended to show Green
Tree Servicing, LLC, as the proper plaintiff.

        IT IS HEREBY ORDERED that the caption be amended to show Green Tree Servicing, LLC as
plaintiff.

Master in Equity for Charleston County

_____, 2014
Charleston, South Carolina

I SO MOVE:

PETER D. KORN / JOHN S. KAY / DEAN HAYES
JOHN B. KELCHNER / SUZANNAH HAYES
ASHLEY ZARRETT / KEVIN T. HARDY
CHRIS S. TRULUCK / MICHAL KALWAJTYS
Attorneys for Plaintiff

7

February 20, 2014

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

Re:    BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP -vs-
Kevin G. Snyder, and Mary S. Snyder
Docket No. 2010-CP-10-7838
Our file # F10-06774

Dear Clerk of Court:

Enclosed please find the original and one copy of the Order Amending Caption on the above referenced case, along with our check in the amount of $25.00. Please file for record, returning the clocked copy in the envelope provided within.

Thank you in advance for your cooperation in this matter.

Very truly yours,

KORN LAW FIRM, P.A.
Foreclosure Department

Enclosures

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

Green Tree Servicing LLC,

   PLAINTIFF,

VS.

Kevin G. Snyder and Mary S. Snyder

  DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

CASE NO. 2010-CP-10-07838

MOTION AND ORDER INFORMATION FORM
AND COVER SHEET

SUBMITTING PARTY: PLAINITIFF

| Name, SC Bar No. and Address of Plaintiff's Attorney | | Name, SC Bar No. and Address of Defendant's Attorney |
|---|---|---|
| Ronald C. Scott, SC Bar #4996 | J. Harrison Rushton, SC Bar #100406 | |
| Reginald P. Corley, SC Bar #69453 | Andrew M. Wilson, SC Bar #72553 | |
| Angelia J. Grant, SC Bar #78334 | Andrew A. Powell, SC Bar #100210 | |
| Vance L. Brabham, III, SC Bar #71250 | Andrew M. Sullivan, SC Bar #100464 | |
| William S. Koehler, SC Bar #74935 | | |

ATTORNEYS FOR PLAINTIFF
2712 Middleburg Drive, Suite 200
(P.O. Box 2065)
Columbia, SC 29204 (29202

Telephone:    (803) 252-3340
Fax:    (855) 601-4921
Email:    rons@scottandcorley.com       reggiec@scottandcorley.com       angig@scottandcorley.com
            vanceb@scottandcorley.com     billyk@scottandcorley.com       harrisonr@scottandcorley.com
            andyw@scottandcorley.com     andrewp@scottandcorley.com       andrews@scottandcorley.com

_____   MOTION HEARING REQUESTED (attach written motion and complete Sections I and III)
_____   FORM MOTION, NO HEARING REQUESTED (Complete Sections II and III)
_____   PROPOSED ORDER/CONSENT ORDER (Complete Sections II and III)

**SECTION I: HEARING INFORMATION**

Nature of Motion: _Substitution of Counsel_

Estimated Time Needed: _____    Court Reporter Needed: Yes/No

**SECTION II: MOTION TYPE**

_____   Written Motion attached
_____   Form Motion –
       I hereby move for relief of action by the court as set forth in the attached proposed order.

    _____      3/26 , 2015
    Signature of Attorney for Plaintiff/Defendant    Date Submitted

**SECTION III: MOTION FEE**

_____   PAID – AMOUNT: $25.00
_____   EXEMPT: _____  Rule to Show Cause in Child or Spousal Support
                  Domestic Abuse or Abuse and Neglect
           _____  Indigent Status                   _____  Stage Agency v. Indigent Party
           _____  Sexually Violent Predator Act         _____  Post-Conviction Relief
           _____  Motion for Stay in Bankruptcy
           _____  Motion for Publication            _____  Motion for Execution (Rule 69, SCRCP)
           _____  Proposed order submitted at request of the court; or,
                reduced to writing from motion made in open court per judge's instructions
                Name of Court Reporter: _____
           _____  Other

**JUDGE'S SECTION**

_____   Motion Fee to be paid upon filing of the attached order.    JUDGE CODE: 2060    DATE:_____
_____   Other

                                              _____
                                            Judge Signature

**CLERK'S VERIFICATION**

Collected by: _____    DATE FILED: _____

_____   MOTION FEE COLLECTED: $_____
_____   CONTESTED – AMOUNT DUE: $_____

SCCA 233 (12/2009)

9

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countywide Home Loans Servicing, LP,

    PLAINTIFF,

VS.

Kevin G. Snyder and Mary S. Snyder,

    DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

CASE NO. 2010-CP-10-07838

FILED
2015 APR 13 PM 3: 14
JULIE J. ARMSTRONG
CLERK OF COURT
BY

CONSENT ORDER
FOR WITHDRAWAL AND SUBSTITUTION OF
COUNSEL FOR PLAINTIFF

(141093.00243K)

    Pursuant to Rule 11(b), South Carolina Rules of Civil Procedure, Scott and Corley, P.A. has moved this Court for an Order substituting Scott and Corley, P.A. as the attorneys of record for the Plaintiff and allowing Korn Law Firm to withdraw as counsel for Plaintiff in the above-captioned matter. Korn Law Firm consents to the withdrawal and substitution.

    **NOW, THEREFORE, IT IS HEREBY ORDERED** that Scott and Corley, P.A. is hereby substituted for Korn Law Firm, as the attorneys of record for Plaintiff, and that Korn Law Firm is relieved of any further responsibility to represent Plaintiff in the above-captioned matter.

    **IT IS SO ORDERED.**

April 9 , 2015

                                 Presiding Judge

**WE SO MOVE:**

SCOTT AND CORLEY, P.A.

By: _____

Ronald C. Scott, SC Bar #4996      J. Harrison Rushton, SC Bar #100406
Reginald P. Corley, SC Bar #69453   Andrew M. Wilson, SC Bar #72553
Angelia J. Grant, SC Bar #78334    Andrew A. Powell, SC Bar #100210
Vance L. Brabham, III, SC Bar     Andrew M. Sullivan, SC Bar #100464
#71250
William S. Koehler, SC Bar #74935
ATTORNEYS FOR PLAINTIFF
2712 Middleburg Drive, Suite 200
Columbia, SC 29204
803-252-3340

**WE CONSENT:**

KORN LAW FIRM

By: _____

Peter D. Korn Dean A. Hayes Kevin T. Hardy Elizabeth R. Polk
P.O. Box 12369
Columbia, SC 29211
Phone (803) 252-5817

10

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

GREEN TREE SERVICING LLC,

Plaintiff,

v.

Kevin G. Snyder and Mary S. Snyder

Defendants.

CONSENT ORDER FOR WITHDRAWAL
AND SUBSTITUTION OF COUNSEL FOR
PLAINTIFF

Pursuant to Rule 11(b), South Carolina Rules of Civil Procedure, this matter comes before me on Plaintiff's motion for substitution of counsel in the within foreclosure action. As it appears Plaintiff wishes to substitute Michael Griffin for the current counsel of record, who having consented to the motion, it is hereby **ORDERED** that Michael Griffin shall now be Plaintiff's counsel of record and, further, that the current counsel of record is hereby relieved of any further responsibility for Plaintiff in this matter.

It is so **ORDERED** this day of _____, 2018.

_____
Presiding Judge

**WE SO MOVE:**
BRADLEY ARANT BOULT CUMMINGS LLP
By: _____
Michael C. Griffin, SC Bar # 72868
ATTORNEYS FOR PLAINTIFF
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
(704) 338-6015

**WE CONSENT:**
SCOTT AND CORLEY, P.A.
By: _____
Ronald C. Scott, SC Bar #4996
Reginald P. Corley, SC Bar #69453
Angelia J. Grant, SC Bar #78334
Jessica S. Corley, SC Bar #80470
Allison E. Heffernan, SC Bar #68530
Matthew E. Rupert, SC Bar #100740
William P. Stork, SC Bar #100242
Louise M. Johnson, SC Bar #16586

1

Tasha B. Thompson, SC Bar #76415
H. Guyton Murrell, SC Bar #64134
ATTORNEYS FOR PLAINTIFF
2712 Middleburg Drive, Suite 200
Columbia, SC 29204
803-252-3340

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

GREEN TREE SERVICING LLC,

Plaintiff,

v.

Kevin G. Snyder and Mary S. Snyder

Defendants.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

**CONSENT SCHEDULING ORDER**

Pursuant to Rule 40 of the South Carolina Rules of Civil Procedure, Plaintiff Green Tree

Servicing, LLC ("Green Tree" or "Plaintiff") now known as Ditech Financial, LLC and

Defendants Kevin G. Snyder and Mary S. Snyder's ("Defendants") (collectively "the Parties")

submit this Consent Scheduling Order.

1.     The Parties, through their counsel of record, respectfully request that the Court

enter the following Scheduling Order for the above-captioned action:

2.     Deadlines:

   a. Discovery closed:     March 1, 2019

   b. Mediation: March 1~~May 1~~, 2019

   c. ~~Dispositive Motions:~~ May 1, 2019
      → Trial April 1, 2019

**SO ORDERED:**

_____
The Honorable Mikell R. Scarborough
Master in Equity for Charleston County

Dated: __12/10/18__
Charleston, SC 29202

Pre Trial & Roster Meeting
March 18, 2019 @ 10 AM

13

*Consent Amended Scheduling Order*
*CASE NO. 2010-CP-10-07838*

**I CONSENT:**

_____
Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com
*Attorney for Defendants*

**I CONSENT:**

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: _____
Michael C. Griffin, SC Bar # 72868
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
mgriffin@bradley.com
D: (704) 338-6015
F: (704) 332-8858
*Attorney for Plaintiff*

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

GREEN TREE SERVICING LLC,

Plaintiff,

v.

Kevin G. Snyder and Mary S. Snyder

Defendants.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

**CONSENT ORDER
AMENDING CAPTION**

Pursuant to agreement of counsel made at the December 10, 2018 status conference Plaintiff Green Tree Servicing, LLC ("Green Tree" or "Plaintiff") now known as Ditech Financial, LLC and Defendants Kevin G. Snyder and Mary S. Snyder ("Defendants") (collectively "the Parties") the parties agree, pursuant to Rules 17 and 25 of the South Carolina Rules of Civil Procedure, to the following substitutions:

1.      "Ditech Financial, LLC", a limited liability company formed pursuant to the laws of Delaware with its principal place of business in Montgomery County, Pennsylvania, will be substituted for Plaintiff Green Tree Servicing, LLC pursuant to the merger of Green Tree Servicing, LLC and Ditech Mortgage Group effective August 31, 2015.

2.      "Kevin G. Snyder, individually and as Personal Representative of the Estate of Mary Snyder", will be substituted for both Defendants due to Mary S. Snyder's November 23, 2015, death.

**SO ORDERED:**

The Honorable Mikell R. Scarborough
Master in Equity for Charleston County

Dated: _____
Charleston, SC 29202

4833-6289-7538.1

15

*Consent Order Amending Caption*
*CASE NO. 2010-CP-10-07838*

**I CONSENT:**

_____ with power of (ney)

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com
*Attorney for Defendants*

**I CONSENT:**

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: _____

Michael C. Griffin, SC Bar # 72868
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
mgriffin@bradley.com
D: (704) 338-6015
F: (704) 332-8858
*Attorney for Plaintiff*

FORM 4

**STATE OF SOUTH CAROLINA**
**COUNTY OF** CHARLESTON
**IN THE COURT OF COMMON PLEAS**

**JUDGMENT IN A CIVIL CASE**

**CASE NO.** 2010 CP-10-07838

Ditech Financial, LLC

Kevin G. Snyder, individually and as

Personal Representative of the Est. of Mary Snyder

PLAINTIFF(S)                                      DEFENDANT(S)

| **Submitted by:** Master in Equity | **Attorney for :** ☐ Plaintiff     ☐ Defendant |
| | or |
| | ☐ Self-Represented Litigant |

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT.** This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT.** This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☒ Statement of Judgment by the Court: Defendant's Motion to Compel of November 29, 2018 is respectfully DENIED. The Affidavit of Default entered against the Defendant on August 26, 2013 was entered in error and the Default is lifted.

## ORDER INFORMATION

This order ☐ ends ☒ does not end the case.
Additional Information for the Clerk :

### INFORMATION FOR THE PUBLIC INDEX

**Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below.**

| Judgment in Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount To be Enrolled (List amount(s) below) |
|---|---|---|
| N/A | | $ |
| | | $ |
| | | $ |

| If applicable, describe the property, including tax map information and address, referenced in the order: |
|---|
| N/A |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note: Title abstractors and researchers should refer to the official court order for judgment details.**

| **Circuit Court Judge** | 3062 **Judge Code** | 3/18/2019 **Date** |

SCRCP Form 4C (10/2011)                                      Page 1 of 2

**17**

FORM 4

**STATE OF SOUTH CAROLINA**          JUDGMENT IN A CIVIL CASE
**COUNTY OF** CHARLESTON
**IN THE COURT OF COMMON PLEAS**          CASE NO. 2010 CP-10-07838

Ditech Financial, LLC                          Kevin G. Snyder, individually and as

                                               Personal Representative of the Est. of Mary Snyder

PLAINTIFF(S)                                   DEFENDANT(S)

| Submitted by: Master in Equity | Attorney for : ☐ Plaintiff    ☐ Defendant<br>or<br>☐ Self-Represented Litigant |

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☒ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☒ Statement of Judgment by the Court: Defendant Kevin G. Snyder's Motion for Partial Summary Judgment subject to the restrictions set by the Bankruptcy Court of the S.D. of New York is respectfully DENIED.

## ORDER INFORMATION

This order ☐ ends ☒ does not end the case.
Additional Information for the Clerk : _____

| **INFORMATION FOR THE PUBLIC INDEX**<br>Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below. | | |
|---|---|---|
| Judgment in Favor of<br>(List name(s) below) | Judgment Against<br>(List name(s) below) | Judgment Amount To be Enrolled<br>(List amount(s) below) |
| N/A | | $ |
| | | $ |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order:<br>N/A | | |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. **Note: Title abstractors and researchers should refer to the official court order for judgment details.**

_____          3062          3/20/2019
**Circuit Court Judge**                    **Judge Code**    **Date**

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

Ditech Financial LLC,

Plaintiff,

v.

Kevin G. Snyder and Kevin G. Snyder,
individually and as Personal Representative of
the Estate of Mary Snyder,

Defendants.



## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This matter comes before the Court on Plaintiff, Ditech Financial LLC's ("Plaintiff")

Motion for Summary Judgment; Defendants, Kevin G. Snyder and Kevin G. Snyder, individually

and as Personal Representative of the Estate of Mary Snyder ("Defendants") Motion for Partial

Summary Judgment; and Defendants' Motion to Compel. Having reviewed the pleadings and

motions, as well as the briefs, affidavit, and other materials submitted by the parties, having

heard the arguments of counsel, and being otherwise fully informed and advised, the Court

makes the following Findings of Fact, Conclusions of Law, and Order:

1.      This action involves the foreclosure of a 2005 mortgage loan obtained by

Defendant Kevin G. Snyder. Plaintiff filed the instant foreclosure action, seeking to foreclose

the lien of its mortgage following Defendant's default on the loan. Defendants have answered

and filed counterclaims for Civil Compensatory Contempt, Breach of Contract, Unfair Trade

Practices, and Quiet Title.

2.      Plaintiff's predecessor in interest filed this action on September 23, 2010. On

December 20, 2012, Plaintiff's counsel filed a Notice of Foreclosure Intervention, including



proof of service of the notice on Defendants, notifying Defendants of their right to be considered for foreclosure intervention alternatives pursuant to South Carolina Supreme Court Administrative Order 2011-05-02-01 ("Administrative Order").

3.     On April 8, 2013, Plaintiff's counsel filed a certificate of compliance with the Administrative Order ("Certificate of Compliance"), certifying that Defendants had been served with notice of their right to foreclosure intervention but had failed to submit required documents to be reviewed for loss mitigation alternatives, and were therefore denied for loss mitigation.

4.     Subsequent to the filing of the Certificate of Compliance, Defendants retained their present counsel, and the parties thereafter agreed to continue loss mitigation efforts.

5.     The servicing of the loan was transferred to Plaintiff effective June 1, 2013.

6.     On December 23, 2014, Plaintiff offered Defendants a trial period plan for a modification contemplating modified terms similar to those in the original loan, but extending the amortization term of the loan. On March 4, 2015, Defendants rejected the terms of the offered trial period plan. On March 25, 2015, Plaintiff sent a letter to Defendants' counsel providing information on its methodology for determining the trial period plan.

7.     Defendants were again evaluated by Plaintiff for a modification in 2017 but on May 11, 2017, Plaintiff determined that Defendants were ineligible for a modification. Defendants appealed from the determination of ineligibility and were again denied.

8.     On February 11, Plaintiff and its affiliates filed a Petition for Bankruptcy under Chapter 11 of the U.S. Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York under Case No. 19-10412 (JLG). Plaintiff has presented an order from the Bankruptcy Court dated February 13, 2019 granting limited relief from the automatic stay imposed by 11 U.S.C. § 362(a). As a result of the bankruptcy filing and the February 13, 2019

2

order, it is undisputed by the parties that Defendants' counterclaims for Breach of Contract and Unfair Trade Practices are stayed, but that Defendants' counterclaim for Quiet Title is not stayed. Defendants' counterclaim for Civil Compensatory Contempt is stayed to the extent it seeks a monetary award, but is not stayed to the extent it seeks only to defend, unwind, enjoin or preclude the foreclosure, and does not seek a monetary award.

9.    The Court finds that this action was pending on May 9, 2011, and is subject to the provisions of the Administrative Order regarding such actions. The Court finds that Plaintiff has acted in good faith and has complied with the provisions of the Administrative Order, but the parties have been unable to reach agreement on any foreclosure intervention process. The Court therefore finds that the provisions of the Administrative Order have been satisfied, and that the Court is empowered to adjudicate the foreclosure dispute.

10.    To the extent that Defendants have pled a cause of action for Civil Compensatory Contempt, there is no disputed issue of material fact with respect to Plaintiff's compliance with the terms of the Administrative Order, and summary judgment is proper as to the non-stayed portions of Defendants' claim for Civil Compensatory Contempt.

11.    The Court finds that at this stage of the proceeding, there are disputed issues of material fact precluding a determination of Plaintiff's standing to enforce the Note and Mortgage. Additionally, there are disputed issues of material fact as to the proper amount of any judgment that may be granted in Plaintiff's favor. Accordingly, summary judgment is properly denied at this time as to Plaintiff's foreclosure claim or Defendant's counterclaim for Quiet Title.

12.    The Court finds that Defendants cannot raise a defense to foreclosure on the basis of alleged noncompliance with S.C. Code § 37-10-102 ("Attorney Preference Statute") as to



3

Mary Snyder, because Mary Snyder was not a "borrower" within the meaning of the statute, and the Court therefore strikes this defense.

**IT IS THEREFORE ORDERED AND ADJUDGED:**

A.    Plaintiff's Motion for Summary Judgment is GRANTED as to the non-stayed portions of Defendants' counterclaim for Civil Compensatory Contempt.

B.    Plaintiff's Motion for Summary Judgment is DENIED as to Plaintiff's foreclosure claim and Defendants' counterclaim for Quiet Title, and these claims will be determined at the trial of this matter scheduled for April 1, 2019.

C.    The Court strikes Defendants' affirmative defense alleging violation of the Attorney Preference Statute.

D.    Defendants' Motion for Partial Summary Judgment is DENIED.

E.    Defendants' Motion to Compel is DENIED.

**IT IS SO ORDERED.**

Honorable Mikell R. Scarborough
Charleston County Master in Equity

March 27, 2019
Charleston, South Carolina

4

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

Ditech Financial LLC,

PLAINTIFF,

VS.

Kevin G. Snyder and Kevin G. Snyder, individually and as Personal Representative of the Estate of Mary Snyder,

DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

CASE NO. 2010-CP-10-07838

MASTER IN EQUITY'S ORDER AND JUDGMENT OF FORECLOSURE AND SALE

DEFICIENCY JUDGMENT IS WAIVED

Notice: The original of this document was filed in the office of the Clerk of Court for Charleston County:

(141093.00243K)

TO:   G. Benjamin Milam, Esq.
      Attorney for Plaintiff
      Bradley Arant Boult Cummings LLP
      Hearst Tower
      214 North Tryon Street, Suite 3700
      Charlotte, NC 28202



Jason S. Luck, Esq.
Attorney for Kevin G. Snyder
1075 E. Montague Ave.
North Charleston, SC 29405

Jason S. Luck, Esq.
Attorney for Kevin G. Snyder, as Personal Representative of the Estate of Mary Snyder
1075 E. Montague Ave.
North Charleston, SC 29405

Pursuant to Circuit Court Rule 53(b) of the South Carolina Rules of Civil Procedure, the above-entitled matter was referred to the undersigned to make appropriate findings of facts and conclusions of law with authority to enter a final judgment in the cause.

Pursuant to the said Order of Reference and based on the evidence, documents, and records received into evidence and reviewed by this Court, I find, conclude and order as follows:

<u>FINDINGS</u>

1.     This Court has jurisdiction over the subject matter of this action and the parties hereto

1



and it is the proper forum for the adjudication of this matter.

2.    The Court has determined that Plaintiff has complied with the Administrative Order of the Supreme Court dated May 2, 2011 (2011-05-02-01) and the Administrative Order of the Supreme Court dated May 22, 2009 (2009-05-22-01).

3.    The Lis Pendens, Summons, and Complaint (and any amendments thereto or joinders thereto) as well as service affidavits for all defendants have been filed with the Clerk of Court for this county.

4.    The Defendants and/or all attorneys of record making either an appearance or filing a responsive pleading were notified of the time, date, and place of the hearing of this matter.

5.    According to the affidavit(s) and certifications filed herein, any Defendant who is in default has been reviewed for his/her eligibility under The Servicemembers' Civil Relief Act of 2003 ("SCRA") and any amendments thereto and this review does not indicate any Defendant is eligible for protections.

6.    No Defendant raised any credible issues related to Plaintiff's standing to prosecute this action, and Plaintiff is the real party in interest as contemplated by Rule 17(a), SCRCP.

7.    For value received, Kevin G. Snyder made, executed and delivered a Note dated April 21, 2005, promising thereby to pay to the order of Gateway Funding Diversified Mortgage Services L.P. the sum of $135,000.00 with interest at the rate of 7.50000% per annum.  Other terms and conditions are stated in the Note, which is of record herein.

8.    To better secure the payment of the Note described above, the said Kevin G. Snyder and Mary S. Snyder, made, executed and delivered to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Gateway Funding Diversified Mortgage Services L.P. a Mortgage in writing, dated April 1, 2005, covering real property in Charleston County, which is the same as that described in the Complaint or Amended Complaint. The Mortgage was filed on May 6, 2005, and is of record in the Office of the Clerk of Court/Register of Deeds for Charleston County in Book W535, at Page 645. The Mortgage evidences and secures the repayment of money advanced by the mortgagee to, or on behalf of, the mortgagor(s).

9.    Thereafter, the Note and Mortgage were modified pursuant to the Loan Modification Agreement executed by Kevin G. Snyder on October 29, 2007, increasing the unpaid principal balance on the Note to $138,189.69.  Other terms and conditions are stated in the Loan Modification Agreement, which is of record herein.

10.    Plaintiff has produced the original Note for the Court's inspection.  The Note is endorsed in blank and is in Plaintiff's possession.

2



11.     Pursuant to the South Carolina Lis Pendens Statute (S.C. Code Section 15-11-10, et. seq.) Counsel for Plaintiff has accomplished a Report on Title whereby Counsel for Plaintiff has, upon information and belief, named all parties who claim or may claim an interest in the subject property. This Court further finds that this Report on Title is a recoverable charge, expense, or cost as provided for in the Mortgage and/or Note contracts and the amount is found to be reasonable.

12.     This Court therefore finds that this Mortgage constitutes a first lien on the mortgaged premises.

13.     The Court finds that Plaintiff and its counsel have fully complied with all of their obligation(s) as required under the specific terms of the Note and Mortgage being foreclosed as well as all applicable Federal or State statutes or regulations, including, but not limited to, the furnishing of any notices, where applicable (e.g. post referral loss mitigation solicitation letter and/or acceleration warning letter, if or where applicable).

14.     According to the records of Plaintiff and its counsel, neither Plaintiff nor its counsel is aware of any party to this action currently being on active duty or recently discharged.

15.     According to the records of Plaintiff and its counsel, neither Plaintiff nor its counsel is aware of any Defendant currently being under the protection of the United States Bankruptcy Court. Any demand for a deficiency is not applicable if a Defendant has received a discharge in bankruptcy during the life of the mortgage, or is currently under the active protection of the bankruptcy courts. Moreover, any party to this action who is a discharged borrower to the debt of the Plaintiff shall not be subject to and is specifically excluded from both the calculation and collection of any amounts due and owing to the Plaintiff, as required by Rule 71(a) of the South Carolina Rules of Civil Procedure.

16.     The Note is currently in default for failure to make the monthly payments due for September 1, 2008 and all subsequent months. Payment due on the Note has not been made as provided for in the Note and Plaintiff has elected to require immediate payment of the entire amount due thereon and has placed the Note and Mortgage in the hands of the attorney herein for collection.

17.     With respect to attorney fees and in view of the potential financial liabilities and likely continuing professional obligations inherent in judicially prosecuting a real property mortgage credit matter, the attendant professional duties and responsibilities, and the size of the mortgage debt and consistent with similar case proceedings before this Honorable Court, I find that $6,626.25 is a reasonable attorney's fee in this matter. This award is consistent with the laws of this state in the awarding of attorney fees. I have considered the six (6) factors (none of these factors is controlling in the singular) as follows:  (1) the nature, extent and difficulty of the legal service rendered; (2) the time and labor necessarily devoted to the case; (3) the professional standing of counsel; (4) the contingency of

3

compensation; (5) the fee customarily charged in the locality for similar legal services; and (6) the beneficial results obtained. *Taylor v. Medenica*, 331 S.C. 575, 503 S.E.2d 458 (1998); *Baron Data Systems v. Loter*, 297 S.C. 382, 377 S.E.2d 296 (S.C. 1989), *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997). Pursuant to the language in the Note and Mortgage, this Court has specifically reviewed and satisfied itself with all six (6) factors, as well as the disclosed client billing by Plaintiff's counsel considered in awarding reasonable attorneys' fees and costs/expenses/charges in this matter as set forth herein in this paragraph as well as Paragraph 18. As itemized below, I find all of the itemized fees and costs/expenses/charges to be reasonable.

18.     Although I have heretofore given consideration to all six (6) factors in the awarding of attorney fees and costs herein, jurisdiction over the fee award shall be reserved as granted in the Order of Reference with the right to re-visit the question of attorney fees should the action proceed in an unexpected way and/or to facilitate the assessment and payment of any such current or additional professional compensation.

19.     The amount due and owing on the Note, with interest at the rate provided in the Note, including attorney's fee and allowable costs and charges allowable under and secured by the Note and Mortgage, is as follows:

| | | |
|---|---|---|
| (a) | Principal due | $137,020.25 |
| (b) | Interest Due from 08/01/2008 to 04/01/2019 | $109,616.64 |
| (c) | Late Charges | $396.16 |
| (d) | Escrow Advances (Itemized in Plaintiff's Disbursement Records) | $39,816.39 |
| (e) | Final Monthly Private Mortgage Insurance Premium | $45.00 |
| (f) | Inspection costs | $410.00 |
| (g) | Attorney's fees and costs (Foreclosure) | ~~$7,171.25~~ *$646.25* |

**TOTAL DEBT secured by Note and Mortgage including interest to date shown** ~~$294,445.69~~ *$273,430.69*

Interest shall continue to accrue on the unpaid principal balance shown in (a) above, at the 7.500% from the date of hearing until entry of judgment, and such interest shall be added to the above stated "Total Debt": to comprise the amount of the judgment debt entered herein. Interest after the date of entry of judgment at the rate of 7.500% per annum (pursuant to the terms of the Note and Mortgage) shall accrue on the judgment debt and shall be added to such judgment debt to comprise the amount of Plaintiff's debt

4

secured by the Mortgage through the date of compliance with the terms of judicial sale.

20.     Based upon a search of the public records of the aforesaid county pursuant to the South Carolina Lis Pendens statute, all persons or entities having an interest or lien or possible claim in or upon the mortgaged premises subordinate to the lien of Plaintiff as of the date and time of the filing of the Lis Pendens herein have been made defendants.

21.     Plaintiff has waived its right to a personal or deficiency judgment.

22.     None of the named Defendant(s) have established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to any of the named Defendant(s). In addition, all persons and/or entities who may be or may have been entitled to claim through or under the title or interest of the named Defendant(s) in the subject property shall likewise be absolutely barred and forever foreclosed of any rights, titles, or interests.

## CONCLUSIONS OF LAW

I, therefore, conclude as follows:

1.     The Court's authority to render judgment in this matter is not stayed by the Notice of Appeal filed by Plaintiff on March 29, 2019, giving notice of an appeal from certain interlocutory orders of this Court dated March 12, 2014, March 18, 2019, March 18, 2019, and March 27, 2019 (the "Interlocutory Orders"). The Interlocutory Orders are not immediately appealable under S.C. Code § 14-3-330, and the proceedings before this Court are not stayed by a premature appeal. Alternatively, pursuant to South Carolina Appellate Court Rules 205 and 241, this Court retains jurisdiction over matters not affected by the appeal, including the authority to make findings, conclusions, and determinations ancillary to the matters determined in the Interlocutory Orders, so that all matters can be heard and adjudicated in an efficient and wholesale manner.

2.     Defendant(s)' counterclaims for Breach of Contract, Unfair Trade Practices, and (to the extent it seeks a monetary award) Civil Compensatory Contempt are stayed as a result of the Petition for Bankruptcy filed by Plaintiff and its affiliates in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court") under Case No. 19-10412 (JLG), pursuant to the automatic stay imposed by 11 U.S.C. § 362(a) as modified by the subsequent orders of the Bankruptcy Court.

3.     Defendant(s) have failed to establish any legal or equitable grounds for avoiding the lien of Plaintiff's Mortgage, nor have Defendants shown that Plaintiff lacks standing to enforce the Mortgage. Accordingly, Defendant(s) have not shown that they are entitled to the remedy of quiet title.

4.     Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2011-05-02-01) issued by Chief Justice Jean H. Toal, dated May 2, 2011, and also that

Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2009-05-22-01) issued by Chief Justice Jean H. Toal, dated May 22, 2009.

5.     By virtue of its possession of the Note endorsed in blank, Plaintiff is the holder of the Note and has standing to enforce both the Note and the Mortgage securing the Note.

6.     Plaintiff should have judgment of foreclosure of the Mortgage and the mortgaged property should be ordered sold at public auction after due advertisement.

7.     All of the named Defendant(s) have not established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to any of the named Defendant(s). In addition, all persons who may be entitled to claim through or under the title or interest of the named Defendant(s) in the subject property shall likewise be absolutely barred and forever foreclosed.

Now, on motion or notice of Plaintiff's attorney,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

1.     Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2011-05-02-01) issued by Chief Justice Jean H. Toal, dated May 2, 2011, and also that Plaintiff has met the requirements of the Administrative Order of the South Carolina Supreme Court (2009-05-22-01) issued by Chief Justice Jean H. Toal, dated May 22, 2009.

2.     That there is due to Plaintiff on the obligation and mortgage as set forth in the Complaint or Amended Complaint the sum of $294,415.69, representing the total debt due Plaintiff as set forth supra, together with interest at the rate provided therein on the balance of principal from the date aforesaid to the date hereof. *$293,970.69*

3.     The amount due in the preceding paragraph (the "total debt" as set forth in Paragraph hereinabove, and later accrued interest on the principal) shall constitute the total judgment debt due the Plaintiff (may be supplemented as permitted by the Court) and shall bear interest hereafter at the rate of 7.500 percent per annum.

4.     That on default of payment at or before the time herein indicated, the mortgaged premises described in the Complaint or Amended Complaint, as hereinafter set forth, be sold by this Court at public auction, after giving Notice of the time and place of such sale by advertisement according to law. Any sales date is tentative and may be rescheduled at any time prior to the sale without further order of this Court or written notice to the parties of the notice of sale, provided notice of the new sales date is duly advertised as required by law. The sale shall be according to the following terms, that is to say:

(a)     CERTIFIED FUNDS: The Master in Equity will require a deposit of 5% on the amount of the bid (in certified funds or equivalent) said 5% deposit being due and payable immediately

6



upon the closing of the bidding, same to be applied to the purchase price only upon compliance with the bid, but in case of non-compliance within 30 days same to be forfeited and applied to the costs and Plaintiff's debt.

(b) ~~Interest on the balance of the bid shall be paid to the day of compliance at the~~  rate of 7.500 percent.

(c) The sale shall be subject to taxes and assessments, existing easements and restrictions of record and prior liens of record.

(d) This Mortgage constitutes a first lien covering the real estate and improvements therein described.

(e) Purchaser to pay for deed stamps/transfer taxes and cost of recording the deed with Plaintiff to pay the Statutory allowed fee to the preparer of said deed (be it this Court or Counsel for Plaintiff).

5. If Plaintiff be the successful bidder at said sale, for a sum not exceeding the amount of costs, expenses and the indebtedness of Plaintiff in full, Plaintiff may pay to the Court only the amount of the outstanding costs and expenses crediting the balance of the bid on Plaintiff's indebtedness.

6. This Court will by advertisement according to law, give notice of the time and place of such sale, and the terms thereof. Any sales date is tentative and may be rescheduled at any time prior to the sale without further order of this court or written notice to the parties of the notice of sale, provided notice of the new sales date is duly advertised as required by law. This Court will execute to the purchaser, or purchasers, a deed to the premises sold. Plaintiff, or any other party to this action may become a purchaser at such sale, and that if, upon such sale being made, the purchaser, or purchasers, should fail to comply with the terms thereof within 30 days after the date of sale, then this Court may advertise the said premises for sale on the next, or some other subsequent sales day, at the risk of the highest bidder, and so from time to time thereafter until a full compliance shall be secured. In the event Plaintiff is the successful bidder, at its option, or the option of its assignee, the deed may be taken subject to payment by grantee of any taxes or assessments constituting a lien against the property sold under this order and hereinafter more fully described. All bidders are hereby and herein noticed that in the event the successful bidder is a third party, neither Plaintiff nor Plaintiff's counsel make any warranties or representations of any kind as to the subject property, including but not limited to its title or habitability on behalf of the third party bidder or any subsequent purchasers.

7. The sale will not be held unless either Plaintiff's attorney or Plaintiff's bidding agent is present at the sale and either Plaintiff's attorney or Plaintiff's bidding agent enters the authorized bid of Plaintiff for this individually captioned matter. In the alternative, Plaintiff's counsel, if permitted by the

7

Court, may advise this Court directly of its authorized bidding instructions. In the event a sale is inadvertently held without Plaintiff's Counsel or Counsel's bidding agent entering the authorized bid of Plaintiff for this specifically captioned matter, the sale shall be null and void and the property shall be re-advertised for sale on the next available sale date.

8. In the event of a third party bidder wherein the successful third party bidder fails to deliver the required deposit in certified (immediately collectible) funds to this Court by close of bidding on the day of the sale, this Court will re-sell the subject property at the most convenient time thereafter (including the day of sale) upon notification to counsel for Plaintiff.

9. That this Court shall apply the proceeds of the sale as follows:

FIRST: To the payment of the amount of the permitted costs, charges, and expenses of this action, including any Guardian ad Litem or SCRA Attorney Fee or fees of any attorneys appointed by motion of Plaintiff's Counsel and under Order of the Court;

NEXT: To the payment to Plaintiff or Plaintiff's attorney, of the amount of Plaintiff's debt and interest or so much thereof as the purchase money will pay on the same; and Plaintiff's attorney shall receive and disburse such funds only in total and absolute compliance with the debt, interest, escrow, and related calculations of this Court including the Court's award for attorney fees, court permitted charges and taxable costs pursuant to Rules 54 and 71, South Carolina Rules of Civil Procedure;

NEXT: Any surplus will be held pending further order of the Court as provided for in the South Carolina Rules of Civil Procedure and particularly Rule 71(c) of the South Carolina Rules of Civil Procedure.

10. It is further ORDERED, that if the successful bidder is other than the person(s) or entity in possession herein, the Sheriff of this County is ordered and directed to evict and remove from the premises the occupants of the property sold, together with all personal property located thereon, and put the successful bidder or his assigns in full, quiet and peaceable possession of said premises without delay, and to keep said successful bidder or his assigns in such peaceable possession.

11. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event there is a mobile/manufactured home located on the subject property, the South Carolina Department of Motor Vehicles is directed and ordered to provide the new Certificate of Title to the attorneys for the Plaintiff as agent for the grantee on the deed upon payment of the required title fees on any mobile/manufactured home which is herein located on the subject property and intended to be collateralized by the Plaintiff's security documents as heretofore received into evidence by this Court, or which may be received into evidence at any necessary hearing post sale of the subject property.

8



12.     And it is further ORDERED, ADJUDGED AND DECREED that none of the named Defendant(s) have established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to any of the named Defendant(s). In addition, all persons and/or entities who may be or may have been entitled to claim through or under the title or interest of the named Defendant(s) in the subject property shall likewise be absolutely barred and forever foreclosed of any rights, titles, or interests.

13.     IT IS FURTHER ORDERED that the deed of conveyance made pursuant to said sale shall contain the names of only the first-named Plaintiff and the first-named Defendant, and the Defendant who was the titleholder of the mortgaged property at the time of the filing of the notice of pendency of the within action, and the name of the grantee, and the applicable recorder of deeds is authorized to omit from the indices pertaining to such conveyance the names of all parties not contained in said deed.

14.     This Court will retain exclusive jurisdiction to do all necessary acts incident to this foreclosure, including, but not limited to, all matters post-sale which may affect the transfer of the title to the subject real property and all improvements thereon, as well, the issuance of a Writ of Assistance.

15.     Upon issuance of this Court's Report on Sale and Disbursements, the Clerk of Court/Register of Deeds is directed to release of record the mortgage lien being foreclosed, which mortgage lien is described as follows:

Mortgage from Kevin G. Snyder and Mary S. Snyder to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Gateway Funding Diversified Mortgage Services L.P., dated April 1, 2005, covering real property in Charleston County, filed on May 6, 2005, and is of record in the Office of the Clerk of Court/Register of Deeds for Charleston County in W535, at Page 645.

16.     This sale is specifically subject to all title matters of record, including but not limited to any other senior lien or encumbrance, and any interested party should consider performing an independent title examination of the subject property as no warranty is given at all by the Court, Plaintiff or its Counsel.

17.     The following is a description of the premises herein ordered to be sold:

ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND, TOGETHER WITH THE BUILDINGS AND IMPROVEMENTS THEREON, WITHIN, LYING AND BEING IN THE CITY AND COUNTY OF CHARLESTON, STATE OF SOUTH CAROLINA, KNOWN AND DESIGNATED AS LOT NO. 22 ORANGE GROVE SHORES, AS SHOWN ON A PLAT MADE BY GEORGE A.Z. JOHNSON, INC., DATED JUNE 15, 1988 AND RECORDED IN THE RMC OFFICE FOR CHARLESTON COUNTY IN PLAT BOOK BT, PAGE 14, SAID LOT HAVING SUCH SIZE, SHAPE, DIMENSIONS, BUTTINGS AND BOUNDINGS AS WILL BY

9



REFERENCE TO SAID PLAT MORE FULLY APPEAR.

THIS BEING THE SAME PROPERTY CONVEYED TO KEVIN G. SNYDER AND MARY S. SNYDER BY VIRTUE OF A DEED FROM H.A. ROOKE COMPANY, INCORPORATED, DATED APRIL 28, 1989 AND RECORDED APRIL 28, 1989, IN BOOK X 183 AT PAGE 681, IN THE OFFICE OF THE REGISTER OF DEEDS FOR CHARLESTON COUNTY, SOUTH CAROLINA.

1752 ORANGE GROVE SHORES, CHARLESTON, SC 29407

TMS# 352-13-00-218

TMS No. 352-13-22-218

Property address: 1752 Orange Grove Shores Dr., Charleston, SC 29407

18.     IT IS FURTHER ORDERED that if Plaintiff or Plaintiff's representative does not appear at the scheduled sale of the above-described property, then the sale of the property will be null, void and of no force and effect.  In such event, the sale will be rescheduled for the next available sales day as ordered by this court.

19.     IT IS FURTHER ORDERED that no Defendant raised any credible issues related to Plaintiff's standing to prosecute this action.

20.     All of the named Defendant(s) have not established any claims or defenses, legal or equitable, for relief against Plaintiff, and therefore, no relief, be it legal or equitable, shall be granted to any of the named Defendant(s).  In addition, all persons who may be entitled to claim through or under the title or interest of the named Defendant(s) in the subject property shall likewise be absolutely barred and forever foreclosed of any rights, titles, or interests.

Mikell R. Scarborough
Master-in-Equity for Charleston County

Charleston, South Carolina
_____, 2019

10

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP,

PLAINTIFF,

vs.

Kevin G. Snyder,

DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

SUMMONS

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

BY _____
JULIE J. ARMSTRONG
CLERK OF COURT
2010 SEP 23 AM 8: 53
FILED

F10-06774

TO THE DEFENDANTS ABOVE NAMED:

   YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, or otherwise appear and defend, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 1300 Pickens Street, P.O. Box 11264, Columbia, South Carolina, 29211-1264, within thirty (30) days after service hereof, except as to the United States of America, which shall have Sixty (60) days, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, or otherwise appear and defend, the Plaintiff in this action will apply to the Court for the relief demanded therein, and judgment by default will be rendered against you for the relief demanded in the Complaint.

   TO MINOR(S) OVER FOURTEEN YEARS OF AGE, AND/OR TO MINOR(S) UNDER FOURTEEN YEARS OF AGE AND THE PERSON WITH WHOM THE MINOR(S) RESIDES, AND/OR TO PERSONS UNDER SOME LEGAL DISABILITY:

   YOU ARE FURTHER SUMMONED AND NOTIFIED to apply for the appointment of a guardian ad litem within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Mortgagee immediately and separately and such application will be deemed absolute and total in the absence of your application for such an appointment within thirty (30) days after the service of the Summons and Complaint upon you.

YOU WILL ALSO TAKE NOTICE that should you fail to Answer the foregoing Summons, the Plaintiff will move for an Order of Reference of this cause to the Master-in-Equity or Special Referee in/for this County, which Order shall, pursuant to Rule 53 of the South Carolina Rules of Civil Procedure, specifically provide that the said Master in Equity or Special Referee is authorized and empowered to enter a final judgment in this cause with appeal only to the South Carolina Court of Appeals pursuant to Rule 203(d)(1) of the SCAR, effective June 1, 1999.

KORN LAW FIRM, P.A.
1300 Pickens Street
P.O. Box 11264
Columbia, S.C. 29211-1264
(803) 252-5817

PETER D. KORN / JOHN S. KAY
ALAN M. STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL / MEREDITH S. LEE
Attorneys for Plaintiff

Columbia, South Carolina
September 21, 2010

STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a COMPLAINT
Countrywide Home Loans Servicing LP,

PLAINTIFF, | (NON-JURY MORTGAGE FORECLOSURE)

vs. | C/A NO: 2010-CP-10-7838

Kevin G. Snyder, | DEFICIENCY REQUESTED

DEFENDANT(S).

F10-06774

The Plaintiff, complaining of the Defendants above-named would respectfully show unto this Honorable Court:

1.   That the Plaintiff is a corporation organized and existing under and by virtue of the laws of the State of New York; and that the Defendant(s)Kevin G. Snyder, is/are upon information and belief, is/are citizen(s) and resident(s) of the County of Charleston, State of South Carolina.

2.   Any Defendant described herein as a judgment creditor(s) has, by filing the judgment(s), designated the attorney(s) entering the judgment(s) as their agent for service of process pursuant to the provisions of Section 15-35-840 of the S.C. Code of Laws (1976) as amended.

3.   That the real property hereinafter described, which is the subject of this action, is situated and located in the County of Charleston, State of South Carolina.

4.   That on or about April 21, 2005, for value received, Snyder, Kevin G, did execute and deliver to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP, a certain promissory note in writing according to the terms and conditions set out therein, wherein and whereby said Snyder, Kevin G promised to pay to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP the sum of One Hundred Thirty-Eight Thousand One Hundred Eighty-Nine And 69/100 Dollars ($138,189.69), together with interest thereon at the rate of Seven And 50/100 per cent ( 7.50%) per annum.

5. That in order to better secure the payments of the said note and debt, in accordance with the terms and conditions thereof, Snyder, Kevin G, did execute and deliver on April 21, 2005 unto BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP, its successors and assigns, a mortgage covering the following described property:

**Legal description and property address:**

1752 Orange Grove Shores, Charleston, SC 29407
TMS#

6. Thereafter said mortgage was recorded on April 21, 2005 in the office of the Register of Deeds of Charleston County.

7. The above referenced instrument constitutes a purchase money mortgage with the proceeds of the loan being used to purchase the property above described.

8. According to the terms and conditions of the said note and mortgage, it is provided that in the event of default in the payment of any installment when due, and if such default is not made good prior to the due date of the next such installment, the entire principal and accrued interest shall at once become due and payable without notice at the option of the holder, and if the same should be placed in the hands of an attorney for collection, all costs of collection, including a reasonable attorney's fee, would be secured by the said mortgage as a part of the debt secured thereby.

9. That under the terms and conditions of said mortgage, it is provided that, together with, and in addition to, the monthly payments of principal and interest payable under the terms of the note secured thereby, the mortgagor will pay to the mortgagee, on the payment due date each month until the said note is fully paid, certain additional sums, including but not limited to, certain amounts for fire and other hazard insurance and taxes and assessments due on the mortgaged premises.

10. Further, under the terms and conditions of said mortgage, it was agreed that the mortgagor would pay all taxes, assessments, water rates and other governmental or municipal charges, fines or impositions for which provisions were not otherwise made, and if they failed to do so, the mortgagee might pay same, which amount, together with interest thereon, would be secured by said mortgage.

11. According to the terms of said mortgage, and as additional security, the mortgagor assigned all rents, issues and profits of the mortgaged premises from and after any default there under, and should legal proceedings be instituted pursuant to said mortgage, the mortgagee, its successors or assigns, was given the right to have a Receiver appointed of the rents, issues and profits, who, after deducting all charges and expenses attending such proceedings, and the execution of his trust as a Receiver, shall apply the residue of the rents, issues and profits, toward the debt secured by said mortgage.

12.  The monthly payments due on said note and mortgage are in default since September 1, 2008, and the conditions of said note and mortgage have been broken and the Plaintiff elects to, and does declare the entire balance of said indebtedness due and payable, and that there is due on said note and mortgage as of September 1, 2008 the sum of One Hundred Thirty-Seven Thousand Twenty And 25/100 Dollars ($137,020.25), together with interest at the rate of seven and 50/100 per cent (7.50 %) per annum from August 1, 2008 and also for the costs and disbursements of this action, including attorney's fees.

13.  That the Plaintiff does not waive but specifically demands judgment against the Defendant(s), Snyder, Kevin G, for the full amount found to be due to Plaintiff on the note and mortgage held by plaintiff, with the right to enter personal judgment against the Defendant(s) for any deficiency in this action remaining after sale of the mortgaged premises.

14.  That the servicer is participating in the Home Affordable Modification Program (HMP). The HMP modification process specified by the Guidelines or Supplemental Directive has been completed without resulting in a modification because the borrower defaulted on payments required by the terms of the HMP Modification Agreement.

15.  That upon information and belief, certain costs for inspecting and securing the subject property have been incurred by the Plaintiff as a result of this delinquency and Plaintiff is informed and believes it is entitled to reimbursement for such charges, if any.

16.  The notice of consumer's right to cure, as contemplated under S.C. Code Sections 37-5-110 and 37-5-111, has been given or is not required, and all conditions precedent to the acceleration of the debt and foreclosure of the mortgage have been performed or have occurred.

WHEREFORE, having fully set forth its complaint, the Plaintiff prays that this Honorable Court inquire into the matters set forth herein and:

(1)     That the amount due upon the said note and mortgage held by the Plaintiff be ascertained and determined under the direction of this Court, together with attorney's fees and costs of this action.

(2)     That the said Plaintiff's mortgage be declared a purchase money mortgage and that the said Plaintiff have judgment of foreclosure for the amount so found to be due and owing thereon, together with any taxes or insurance premiums which may be due, with a reasonable sum as attorney's fees and for the costs of this action.

(3)     That the mortgaged premises be sold under the direction of this court, the equity of redemption be barred, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of the within action and sale.

Second, to the payment and discharge of the amount due on Plaintiff's note and mortgage, together with attorney's fees as aforesaid, and

Third, the surplus, if any, be distributed according to law.

1. The amount of the debt is stated in paragraph 12 of the Complaint attached hereto.

2. The Plaintiff as named in the attached Summons and Complaint is the creditor to whom the debt is owed.

3. The debt as described in the Complaint attached hereto will be assumed to be valid by the creditor's law firm, unless the debtor(s), within thirty (30) days after the receipt of this notice, disputes the validity of the debt or some portion thereof.

4. If the debtor(s) notify the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor(s) by the creditor's law firm.

5. If the creditor named as Plaintiff in the attached Summons and Complaint is not the original creditor, and if the debtor(s) makes a written request to the creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor(s) by the creditor's law firm.

6. Written requests should be addressed to Korn Law Firm, P.A., Post Office Box 11264, Columbia, South Carolina 29211-1264.

7. This notice should NOT be construed as a thirty (30) day grace period. Creditor may pursue collection efforts immediately and not wait thirty (30) days.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Fourth, Plaintiff have judgment against the Defendant Snyder, Kevin G for the full amount found to be due Plaintiff on the note and mortgage, with right to enter personal judgment against the Defendant Snyder, Kevin G for any deficiency in this action remaining after sale of the mortgaged premises.

(4)     For an Order directing and empowering the Sheriff of Charleston County, South Carolina, to place the successful purchaser at said foreclosure sale in possession of the property hereinabove described should the same become necessary.

(5)     For an Order granting the appointment of a receiver to secure and supervise the rental of the property sought to be foreclosed.

(6)     For reimbursement of all costs for inspecting and securing the property incurred by the Plaintiff as a result of the delinquency.

(7)     For such other and further relief as may be just and proper.

(8)     For an order satisfying any prior liens that may be of record, but have been paid in full.

KORN LAW FIRM, P.A.
1300 Pickens Street
P.O. Box 11264
Columbia, S.C. 29211-1264
(803) 252-5817

_____
PETER D. KORN /JOHN S. KAY
ALAN M.STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL/MEREDITH S. LEE
Attorneys for Plaintiff

Columbia, South Carolina
September 21, 2010

**39**

**KORN LAW FIRM, P. A.**
**POST OFFICE BOX 11264**
**1300 PICKENS STREET**
**COLUMBIA, SOUTH CAROLINA 29211**
**(803) 252-5817**

September 21, 2010

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

RE:  BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP vs. Kevin G. Snyder

Docket No.
Our file No. F10-06774

Dear Clerk of Court:

Enclosed please find the original Lis Pendens, Summons, and Complaint for the above foreclosure action, along with copies of the Lis Pendens, Summons and Complaint and our check in the amount of $150.00.  Please have the originals filed of record and return the clocked copies to us in the enclosed envelope.

Your assistance is very much appreciated.

Very truly yours,

David Glendinning

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing LP
      PLAINTIFF,
      vs.
Kevin G. Snyder ,
      DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

CIVIL ACTION COVERSHEET

C/A NO: 2010-CP-10-7838

F10-06774 Submitted By   John S Kay, (Bar #7914), John B Kelchner, (Bar # 13589), Alan M Stewart, (Bar #15576); Kellerc Foster Bara T7640

Telephone # 803 252 5817

| Address | 1300 Pickens Street | Fax # | |
|---|---|---|---|
| | Columbia, SC 29201 | Other | |
| | | E-mail | |

NOTE. The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law  This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
***If Action is Judgment/Settlement do not complete***

☐ **JURY TRIAL** demanded in complaint.   ☒ **NON-JURY TRIAL** demanded in complaint.
☐ This case is subject to **ARBITRATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to **MEDIATION** pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION *(Check One Box Below)*

| **Contracts** | **Torts - Professional Malpractice** | **Torts – Personal Injury** | |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☒ Foreclosure (420) |
| | ☐ Previous Notice of Intent Case # 20__-CP-____-____ | | |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| **Inmate Petitions** | **Judgments/Settlements** | **Administrative Law/Relief** | |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture----Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker s Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

## Special/Complex /Other

| | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Other (999) |
| ☐ Automobile Arb (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: *Kel*      Date: 9.21.10

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina  Frivolous Civil Proceedings Sanctions Act, S C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2010)     41   Page 1 of 2

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP,

　　　　PLAINTIFF,

　　　　vs.

Kevin G. Snyder,

　　　　DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

LIS PENDENS

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

F10-06774

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this court upon Complaint of the above-named Plaintiff against the above-named Defendant for foreclosure of a certain mortgage of real estate given by Snyder, Kevin G to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP in the amount of One Hundred Thirty-Eight Thousand One Hundred Eighty-Nine And 69/100 ($ 138,189.69) Dollars, dated April 21, 2005, and recorded April 21, 2005 in the Office of the Register of Deeds for Charleston County.

The premises covered and affected by the said mortgage as by the foreclosure thereof, were, at the time of the making thereof, and at the time of the filing of this Notice, described as follows:

**LEGAL DESCRIPTION AND PROPERTY ADDRESS:**

1752 Orange Grove Shores, Charleston, SC 29407

TMS #

BY
JULIE J. ARMSTRONG
CLERK OF COURT
2010 SEP 23 AM 8:53
FILED

KORN LAW FIRM, P.A.
1300 Pickens Street.
P.O. Box 11264
Columbia, SC 29211-1264

Peter D. Korn / John S. Kay
Alan M. Stewart / H. Guyton Murrell
John B. Kelchner / Meredith S. Lee
Attorneys for Plaintiff

Columbia, South Carolina
September 21, 2010

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P.,

PLAINTIFF,

vs.

Kevin G. Snyder, and Mary S. Snyder,

DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS

AMENDED SUMMONS

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

TO THE DEFENDANTS ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, or otherwise appear and defend, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 1300 Pickens Street, P.O. Box 11264, Columbia, South Carolina, 29211-1264, within thirty (30) days after service hereof, except as to the United States of America, which shall have Sixty (60) days, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, or otherwise appear and defend, the Plaintiff in this action will apply to the Court for the relief demanded therein, and judgment by default will be rendered against you for the relief demanded in the Complaint.

TO MINOR(S) OVER FOURTEEN YEARS OF AGE, AND/OR TO MINOR(S) UNDER FOURTEEN YEARS OF AGE AND THE PERSON WITH WHOM THE MINOR(S) RESIDES, AND/OR TO PERSONS UNDER SOME LEGAL DISABILITY:

YOU ARE FURTHER SUMMONED AND NOTIFIED to apply for the appointment of a guardian ad litem within thirty (30) days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Mortgagee immediately and separately and such application will be deemed absolute and total in the absence of your application for such an appointment within thirty (30) days after the service of the Summons and Complaint upon you.

YOU WILL ALSO TAKE NOTICE that should you fail to Answer the foregoing Summons, the Plaintiff will move for an Order of Reference of this cause to the Master-in-Equity or Special Referee in/for this County, which Order shall, pursuant to Rule 53 of the South Carolina Rules of Civil Procedure,

43

specifically provide that the said Master in Equity or Special Referee is authorized and empowered to enter a final judgment in this cause with appeal only to the South Carolina Court of Appeals pursuant to Rule 203(d)(1) of the SCAR, effective June 1, 1999.

KORN LAW FIRM, P.A.
1300 Pickens Street
P.O. Box 11264
Columbia, S.C. 29211-1264
(803) 252-5817

_____
PETER D. KORN / JOHN S. KAY
ALAN M. STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL / MEREDITH S. LEE
Attorneys for Plaintiff

Columbia, South Carolina
October 13, 2010

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P.,

PLAINTIFF,

vs.

Kevin G. Snyder, and Mary S. Snyder,

DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

AMENDED COMPLAINT

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

F10-06774

The Plaintiff, complaining of the Defendants above-named would respectfully show unto this Honorable Court:

1. That the Plaintiff is a limited partnership organized and existing under and by virtue of the laws of the State of New York; and that the Defendants, Kevin G. Snyder and Mary S. Snyder, are upon information and belief, citizens and residents of the County of Charleston, State of South Carolina.

2. Any Defendant described herein as a judgment creditor(s) has, by filing the judgment(s), designated the attorney(s) entering the judgment(s) as their agent for service of process pursuant to the provisions of Section 15-35-840 of the S.C. Code of Laws (1976) as amended.

3. That the real property hereinafter described, which is the subject of this action, is situated and located in the County of Charleston, State of South Carolina.

4. That on or about April 21, 2005, for value received, Kevin G. Snyder, did execute and deliver to Gateway Funding Diversified Mortgage Services L.P., a certain promissory note in writing according to the terms and conditions set out therein, wherein and whereby said Kevin G. Snyder promised to pay to Gateway Funding Diversified Mortgage Services L.P. the sum of One Hundred Thirty-Five Thousand And 00/100 Dollars ($135,000.00), together with interest thereon at the rate of Seven And 50/100 per cent ( 7.50%) per annum.

5. That in order to better secure the payments of the said note and debt, in accordance with the terms and conditions thereof, Kevin G. Snyder and Mary S. Snyder, did execute and deliver on April 21, 2005 unto Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Gateway Funding Diversified Mortgage Services L.P., its successors and assigns, a mortgage covering the following described property:

45

**Legal description and property address:**

ALL THAT CERTAIN piece, parcel or lot of land, together with the buildings and improvements thereon, within, lying and being in the city and county of Charleston, state of South Carolina, known and designated as Lot No. 22 Orange Grove Shores, as shown on a plat made by George A.Z. Johnson, Inc., dated June 15, 1988 and recorded in the RMC Office for Charleston County in Plat Book BT, page 14, said lot having such size, shape, dimensions, buttings and boundings as will by reference to said plat more fully appear.

THIS BEING the same property conveyed to Kevin G. Snyder and Mary S. Snyder by virtue of a Deed from H.A. Rooke Company, Incorporated, dated April 28, 1989 and recorded April 28, 1989, in Book X 183 at Page 681, in the Office of the Register of Deeds for Charleston County, South Carolina.

1752 Orange Grove Shores, Charleston, SC 29407

TMS# 352.13.00.218

6. Thereafter said mortgage was recorded in Book W 535 at Page 645 on May 6, 2005 in the Office of the Register of Deeds of Charleston County.

7. Thereafter, by virtue of an assignment dated September 25, 2007, recorded October 5, 2007, in Mortgage Book T640 at page 746, Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Gateway Funding Diversified Mortgage Services L.P. assigned said mortgage unto Countrywide Home Loans, Inc.

8. Thereafter, by virtue of an assignment dated January 26, 2009, recorded February 3, 2009, in Mortgage Book 0032 at page 991, Countrywide Home Loans, Inc. assigned said mortgage unto Countrywide Home Loans Servicing, L.P.

9. Thereafter, by virtue of a name change Countrywide Home Loans Servicing, L.P. became BAC Home Loans Servicing, L.P. making BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. the present lien holder and Plaintiff herein.

10. The above referenced instrument constitutes a first lien priority mortgage.

11. According to the terms and conditions of the said note and mortgage, it is provided that in the event of default in the payment of any installment when due, and if such default is not made good prior to the due date of the next such installment, the entire principal and accrued interest shall at once become due and payable without notice at the option of the holder, and if the same should be placed in the hands of an attorney for collection, all costs of collection, including a reasonable attorney's fee, would be secured by the said mortgage as a part of the debt secured thereby.

12. That under the terms and conditions of said mortgage, it is provided that, together with, and in addition to, the monthly payments of principal and interest payable under the terms of the note secured

thereby, the mortgagor will pay to the mortgagee, on the payment due date each month until the said note is fully paid, certain additional sums, including but not limited to, certain amounts for fire and other hazard insurance and taxes and assessments due on the mortgaged premises.

13. Further, under the terms and conditions of said mortgage, it was agreed that the mortgagor would pay all taxes, assessments, water rates and other governmental or municipal charges, fines or impositions for which provisions were not otherwise made, and if they failed to do so, the mortgagee might pay same, which amount, together with interest thereon, would be secured by said mortgage.

14. According to the terms of said mortgage, and as additional security, the mortgagor assigned all rents, issues and profits of the mortgaged premises from and after any default there under, and should legal proceedings be instituted pursuant to said mortgage, the mortgagee, its successors or assigns, was given the right to have a Receiver appointed of the rents, issues and profits, who, after deducting all charges and expenses attending such proceedings, and the execution of his trust as a Receiver, shall apply the residue of the rents, issues and profits, toward the debt secured by said mortgage.

15. The monthly payments due on said note and mortgage are in default since September 1, 2008, and the conditions of said note and mortgage have been broken and the Plaintiff elects to, and does declare the entire balance of said indebtedness due and payable, and that there is due on said note and mortgage as of September 1, 2008 the sum of One Hundred Thirty-Seven Thousand Twenty And 25/100 Dollars ($137,020.25), together with interest at the rate of seven and 50/100 per cent (7.50 %) per annum from August 1, 2008 and also for the costs and disbursements of this action, including attorney's fees.

16. That the Plaintiff does not waive but specifically demands judgment against the Defendant, Kevin G. Snyder, for the full amount found to be due to Plaintiff on the note and mortgage held by plaintiff, with the right to enter personal judgment against the Defendant, Kevin G. Snyder for any deficiency in this action remaining after sale of the mortgaged premises.

17. That the servicer is participating in the Home Affordable Modification Program (HMP). The HMP modification process specified by the Guidelines or Supplemental Directive has been completed without resulting in a modification because the borrower defaulted on payments under the HMP trial modification plan.

18. That upon information and belief, certain costs for inspecting and securing the subject property have been incurred by the Plaintiff as a result of this delinquency and Plaintiff is informed and believes it is entitled to reimbursement for such charges, if any.

19. The notice of consumer's right to cure, as contemplated under S.C. Code Sections 37-5-110 and 37-5-111, has been given or is not required, and all conditions precedent to the acceleration of the debt and foreclosure of the mortgage have been performed or have occurred.

WHEREFORE, having fully set forth its complaint, the Plaintiff prays that this Honorable Court inquire into the matters set forth herein and:

(1)     That the amount due upon the said note and mortgage held by the Plaintiff be ascertained and determined under the direction of this Court, together with attorney's fees and costs of this action.

(2)     That the said Plaintiff's mortgage be declared a first mortgage lien and that the said Plaintiff have judgment of foreclosure for the amount so found to be due and owing thereon, together with any taxes or insurance premiums which may be due, with a reasonable sum as attorney's fees and for the costs of this action.

(3)     That the mortgaged premises be sold under the direction of this court, the equity of redemption be barred, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of the within action and sale.

Second, to the payment and discharge of the amount due on Plaintiff's note and mortgage, together with attorney's fees as aforesaid, and

Third, the surplus, if any, be distributed according to law.

Fourth, Plaintiff have judgment against the Defendant, Kevin G. Snyder for the full amount found to be due Plaintiff on the note and mortgage, with right to enter personal judgment against the Defendant, Kevin G. Snyder for any deficiency in this action remaining after sale of the mortgaged premises.

(4)     For an Order directing and empowering the Sheriff of Charleston County, South Carolina, to place the successful purchaser at said foreclosure sale in possession of the property hereinabove described should the same become necessary.

(5)     For an Order granting the appointment of a receiver to secure and supervise the rental of the property sought to be foreclosed.

(6)     For reimbursement of all costs for inspecting and securing the property incurred by the Plaintiff as a result of the delinquency.

(7)     For such other and further relief as may be just and proper.

(8)      For an order satisfying any prior liens that may be of record, but have been paid in full.

KORN LAW FIRM, P.A.
1300 Pickens Street
P.O. Box 11264
Columbia, S.C. 29211-1264
(803) 252-5817

PETER D. KORN / JOHN S. KAY
ALAN M. STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL
Attorneys for Plaintiff

Columbia, South Carolina
October 13, 2010

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. Section 1601 As Amended

1. The amount of the debt is stated in paragraph 15 of the Complaint attached hereto.

2. The Plaintiff as named in the attached Summons and Complaint is the creditor to whom the debt is owed.

3. The debt as described in the Complaint attached hereto will be assumed to be valid by the creditor's law firm, unless the debtor(s), within thirty (30) days after the receipt of this notice, disputes the validity of the debt or some portion thereof.

4. If the debtor(s) notify the creditor's law firm in writing within thirty days of the receipt of this notice that the debt or any portion thereof is disputed, the creditor's law firm will obtain a verification of the debt and a copy of the verification will be mailed to the debtor(s) by the creditor's law firm.

5. If the creditor named as Plaintiff in the attached Summons and Complaint is not the original creditor, and if the debtor(s) makes a written request to the creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the debtor(s) by the creditor's law firm.

6. Written requests should be addressed to Korn Law Firm, P.A., Post Office Box 11264, Columbia, South Carolina 29211-1264.

7. This notice should NOT be construed as a thirty (30) day grace period. Creditor may pursue collection efforts immediately and not wait thirty (30) days.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

**KORN LAW FIRM, P. A.**
**POST OFFICE BOX 11264**
**1300 PICKENS STREET**
**COLUMBIA, SOUTH CAROLINA 29211**
**(803) 252-5817**

October 13, 2010

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

RE: BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. vs. Kevin G. Snyder, and Mary S. Snyder

Docket No. 2010-CP-10-7838
Our file No. F10-06774

Dear Clerk of Court:

Enclosed please find the original Motion Cover Sheet and Amended Lis Pendens, Amended Summons, and Amended Complaint for the above foreclosure action, along with copies. Please have the originals filed of record and return the clocked copies to us in the enclosed envelope.

Your assistance is very much appreciated.

Very truly yours,

LoriKay Kienzle

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF CHARLESTON )
)
BAC Home Loans Servicing, L.P. f/k/a Countrywide ) CASE NO.
Home Loans Servicing, L.P.,
☒ Plaintiff ) 2010-CP-10-7838
)
v. ) MOTION AND ORDER INFORMATION
) FORM AND COVER SHEET
Kevin G. Snyder, Et Al )
☐ Defendant. )

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| _____, Bar No. _____ | , Bar No. |
| Address: | Address: |
| 1300 Pickens St., Columbia,SC | |
| phone: 803-252-5817 fax: | phone:     fax: |
| e-mail:     other: | e-mail:     other: |

☐ **MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☒ **FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐ **PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

### SECTION I: Hearing Information
Nature of Motion: AMENDED LIS PENDENS, AMENDED SUMMONS AND AMENDED COMPLAINT
Estimated Time Needed:     Court Reporter Needed: ☐ YES / ☒ NO

### SECTION II: Motion/Order Type
☐ Written motion attached
☒ Form Motion/Order
   I hereby move for relief or action by the court as set forth in the attached proposed order.

_____    _10/22/10_
Signature of Attorney for ☐ Plaintiff / ☐ Defendant   Date submitted

### SECTION III: Motion Fee
☐ PAID – AMOUNT:
☒ EXEMPT:  ☐ Rule to Show Cause in Child or Spousal Support
(check reason) ☐ Domestic Abuse or Abuse and Neglect
    ☐ Indigent Status  ☐ State Agency v. Indigent Party
    ☐ Sexually Violent Predator Act  ☐ Post-Conviction Relief
    ☐ Motion for Stay in Bankruptcy
    ☐ Motion for Publication  ☐ Motion for Execution (Rule 69, SCRCP)
    ☐ Proposed order submitted at request of the court; or,
      reduced to writing from motion made in open court per judge's instructions
    Name of Court Reporter:
    ☒ Other: 1ST TIME AMEND AND NO SERVICE

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | _____ |
| ☐ Other: | JUDGE |
| | CODE: _____ Date: _____ |

### CLERK'S VERIFICATION
Date Filed:

Collected by: _____

☐ MOTION FEE COLLECTED: _____
☐ CONTESTED – AMOUNT DUE: _____

SCCA/233 (11-03)

STATE OF SOUTH CAROLINA
COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS

BAC Home Loans Servicing, L.P. f/k/a
Countrywide Home Loans Servicing, L.P.
PLAINTIFF,
vs.
Kevin G. Snyder, et al
DEFENDANT(S).

CIVIL ACTION COVERSHEET

C/A NO:2010-CP-10-7838

| F10-06774 | Submitted By: | John S Kay, (Bar #7914); John B Kelchner, (Bar # 13589), Alan M. Stewart, (Bar #15576) | |
|---|---|---|---|
| | | Telephone #: 803.252.5817 | |
| Address: | 1300 Pickens Street | Fax #: | |
| | Columbia, SC 29201 | Other | |
| | | E-mail | |

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION (Check all that apply)
***If Action is Judgment/Settlement do not complete***

☐ JURY TRIAL demanded in complaint.      ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (Check One Box Below)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | Foreclosure (420) |
| | Previous Notice of Intent Case # 20__-CP-__-___ | | ☒ |
| ☐ General (130) | ☐ Notice/ File Med Mal (230) | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | ☐ Other (299) | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | | ☐ Personal Injury (350) | ☐ Possession (450) |
| | | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820). | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture----Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

## Special/Complex /Other

| | | | |
|---|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of State Depositions (650) | | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| | ☐ Sexual Predator (510) | | |

Submitting Party Signature: _____      Date: 10/22/10

Note: Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

SCCA / 234 (01/2010)                    53    Page 1 of 2

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry,
Jasper, Lexington, Pickens (Family Court Only), Richland, Union and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN
ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

    a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

    b. Requests for temporary relief;

    c. Appeals

    d. Post Conviction relief matters;

    e. Contempt of Court proceedings;

    f. Forfeiture proceedings brought by governmental entities;

    g. Mortgage foreclosures; and

    h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:** **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a
Countrywide Home Loans Servicing, L.P.

PLAINTIFF,

vs.

Kevin G. Snyder, et al

DEFENDANT(S).

IN THE CIRCUIT COURT FOR THE
9th JUDICIAL CIRCUIT

(NON-JURY MORTGAGE FORECLOSURE)

CERTIFICATE OF EXEMPTION
FROM ADR

C/A NO:2010-CP-10-7838

DEFICIENCY REQUESTED

F10-06774

I certify that this action is exempt from ADR because:

☐ this is a special proceeding or action seeking extraordinary relief such as mandamus, habeas corpus of prohibition;

☐ this action is appellate in nature;

☐ this is a post-conviction relief matter;

☐ this is a contempt of court proceeding;

☐ this is forfeiture proceeding brought by the State;

☒ this is a case involving a mortgage foreclosure; or

☐ the parties submitted the case to voluntary mediation with a certified mediator prior to the filing of this action.

_____        _____
**Plaintiff/Attorney(s) for Plaintiff(s)**        **Defendant/Attorney(s) for Defendant(s)**

PETER D. KORN/JOHN S. KAY        _____

ALAN M.STEWART /JOHN B. KELCHNER        _____

H. GUYTON MURRELL        _____

Date: _____10/22/\r_____

55

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P.,

PLAINTIFF,

vs.

Kevin G. Snyder, and Mary S. Snyder,

DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS

AMENDED LIS PENDENS

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

BY
JULIE J. ARMSTRONG
CLERK OF COURT
2010 OCT 27 PM 3: 53
FILED

NOTICE IS HEREBY GIVEN that an action has been commenced and is now pending in this court upon Complaint of the above-named Plaintiff against the above-named Defendant for foreclosure of a certain mortgage of real estate given by Kevin G. Snyder and Mary S. Snyder to Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Gateway Funding Diversified Mortgage Services L.P. in the amount of One Hundred Thirty-Five Thousand And 00/100 ($135,000.00) Dollars, dated April 21, 2005, and recorded May 6, 2005 in the Office of the Register of Deeds for Charleston County in Book W 535 Page 645.

Thereafter, by virtue of an assignment dated September 25, 2007, recorded October 5, 2007, in Mortgage Book T640 at page 746, Mortgage Electronic Registration Systems, Inc., acting solely as a nominee for Gateway Funding Diversified Mortgage Services L.P. assigned said mortgage unto Countrywide Home Loans, Inc.

Thereafter, by virtue of an assignment dated January 26, 2009, recorded February 3, 2009, in Mortgage Book 0032 at page 991, Countrywide Home Loans, Inc. assigned said mortgage unto Countrywide Home Loans Servicing, L.P.

Thereafter, by virtue of a name change Countrywide Home Loans Servicing, L.P. became BAC Home Loans Servicing, L.P. making BAC Home Loans Servicing, L.P., f/k/a Countrywide Home Loans Servicing, L.P. the present lien holder and Plaintiff herein.

The premises covered and affected by the said mortgage as by the foreclosure thereof, were, at the time of the making thereof, and at the time of the filing of this Notice, described as follows:

**LEGAL DESCRIPTION AND PROPERTY ADDRESS:**

ALL THAT CERTAIN piece, parcel or lot of land, together with the buildings and improvements thereon, within, lying and being in the city and county of Charleston, state of South Carolina, known and designated as Lot No. 22 Orange Grove Shores, as shown on a plat made by George A.Z. Johnson, Inc.,

dated June 15, 1988 and recorded in the RMC Office for Charleston County in Plat Book BT, page 14, said lot having such size, shape, dimensions, buttings and boundings as will by reference to said plat more fully appear.

THIS BEING the same property conveyed to Kevin G. Snyder and Mary S. Snyder by virtue of a Deed from H.A. Rooke Company, Incorporated, dated April 28, 1989 and recorded April 28, 1989, in Book X 183 at Page 681, in the Office of the Register of Deeds for Charleston County, South Carolina.

1752 Orange Grove Shores, Charleston, SC 29407

TMS # 352.13.00.218

KORN LAW FIRM, P.A.
1300 Pickens Street.
P.O. Box 11264
Columbia, SC 29211-1264

_____
Peter D. Korn / John S. Kay
Alan M. Stewart / H. Guyton Murrell
John B. Kelchner / Meredith S. Lee
Attorneys for Plaintiff

Columbia, South Carolina

October 13, 2010

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide
Home Loans Servicing, L.P.,

        PLAINTIFF,

        vs.

Kevin G. Snyder and Mary S. Snyder,

        DEFENDANTS.

F10-06774

IN THE COURT OF COMMON PLEAS

AFFIDAVIT OF DEFAULT

(NON-JURY MORTGAGE
FORECLOSURE)

C/A NO:2010-CP-10-7838

DEFICIENCY REQUESTED

*FILED 2010 DEC 14 PM 3:47 JULIE J. ARMSTRONG CLERK OF COURT*

PERSONALLY appeared before me, the undersigned attorney, who first being duly sworn, deposes and says:

That he is one of the attorneys for the Plaintiff above named; that the Summons and Complaint were served upon the Defendants Kevin G. Snyder and Mary S. Snyder and that more than Thirty (30) days have expired, since such service during which time the Defendants Kevin G. Snyder and Mary S. Snyder, have failed to answer, appear or otherwise plead in this cause and, consequently, said Defendants are now in default.

        KORN LAW FIRM, P.A.
        P.O. Box 11264
        1300 Pickens Street
        Columbia, South Carolina 29211-1264

        BY: _____
        PETER D. KORN / JOHN S. KAY
        ALAN M.STEWART / JOHN B. KELCHNER
        H. GUYTON MURRELL /SUZANNAH HAYES
        MEREDITH S. LEE
        Attorneys for Plaintiff

SWORN to before me this
____ day of December, 2010.

_____
Notary Public for South Carolina
My Commission Expires: _____

*SHANNON BALLARD
NOTARY PUBLIC
MY COMM. EXPIRES 3/28/17
STATE OF SOUTH CAROLINA*

58

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide
Home Loans Servicing, L.P..

        PLAINTIFF,

        vs.

Kevin G. Snyder, and Mary S. Snyder,

        DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

NOTICE OF FORECLOSURE
INTERVENTION

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

F10-06774

**TO:  Kevin G. Snyder, and Mary S. Snyder:**

    PLEASE TAKE NOTICE THAT pursuant to the South Carolina Supreme Court Administrative Order 2011-05-02-01, (hereinafter "Order"), you may have a right to Foreclosure Intervention.

    To be considered for any available Foreclosure Intervention, you may communicate with and otherwise deal with the Plaintiff through its law firm, KORN LAW FIRM, P.A., P. O. Box 11264, 1300 Pickens Street, Columbia, SC 29201 or call (803) 252-5817.  KORN LAW FIRM, P.A., represents the Plaintiff in this action and does <u>not</u> represent you. Under our ethical rules, we are prohibited from giving you any legal advice.

    You must submit any requests for Foreclosure Intervention consideration within 30 days from the date of this Notice.  Attached is a request form for your use.  **IF YOU FAIL, REFUSE, OR VOLUNTARILY ELECT NOT TO PARTICIPATE IN FORECLOSURE INTERVENTION, YOUR MORTGAGE COMPANY/AGENT MAY PROCEED WITH A FORECLOSURE ACTION.**  If you have already pursued loss mitigation with the Plaintiff, this Notice does not guarantee the availability of loss mitigation options or further review of your qualifications.

BY: _____
PETER D. KORN / JOHN S. KAY / DEAN HAYES
ALAN M. STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL / SUZANNAH HAYES
KEVIN T. HARDY / ASHLEY ZARRETT
TERESA D. VAN VLAKE / CHRIS S. TRULUCK
Attorneys for Plaintiff

KORN LAW FIRM, P.A.
P. O. Box 11264
1300 Pickens Street
Columbia, SC 29211
(803) 252-5817

Dated _____, 2012

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Request for Foreclosure Intervention
File No.: F10-06774
      **This document is exchanged exclusively for the purpose of foreclosure intervention pursuant to S.C. Supreme Court Administrative Order 2011-05-02-01.**

**Property Address: 1752 Orange Grove Shores, Charleston, SC 29407**

_____ I am the owner but do not occupy the property.

_____ I am the owner of and occupy the property.

Is this street address correct? ☐ Yes ☐ No

If Yes, please include proof of occupancy such as a utility bill, military orders, voter registration card, etc.

If No, what is the correct street address: _____

_____ I am actively working with the mortgage company to resolve my mortgage account's delinquency and last spoke with the mortgage company on _____.

_____ I submitted a complete loss mitigation package to the mortgage company on _____.

I am interested in the following type(s) of loss mitigation (**please note that you may not qualify for any or all of these foreclosure intervention options**):

| | |
|---|---|
| _____Reinstatement | _____Loan Modification |
| _____Payoff | _____Deed in Lieu |
| _____Payment Plan | _____Short Sale |
| _____Forbearance Agreement | _____Other:_____ |

PLEASE NOTE THAT YOU MAY NOT QUALIFY FOR ALL THE OPTIONS LISTED ABOVE. NO REPRESENTATION OF ANY KIND IS BEING MADE REGARDING THE AVAILABILITY OF ANY LOSS MITIGATION OPTION OR YOUR QUALIFICATION FOR ANY OPTION.

_____I elect not to participate in any Foreclosure Intervention.

☐ I am represented by counsel in this foreclosure action.

My attorney's name, address, and phone number is: _____

_____

_____

Contact #'s:

Home:_____      Work:_____

Cellular:_____      Other:_____

May we leave a phone message? At home ☐ Yes    ☐ No

On your cellular phone: ☐ Yes    ☐ No    At work ☐ Yes   ☐ No

May we call your cell phone? ☐ Yes    ☐ No

May we send you an e-mail message? ☐ Yes    ☐ No

Email: _____      PRINT NAME: _____

_____ (Signature)    Date: _____

Please note, if you are represented by counsel in the foreclosure action KORN LAW FIRM, P.A., will only communicate with you through your counsel.

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a
Countrywide Home Loans Servicing, L.P..

PLAINTIFF,

vs.

Kevin G. Snyder, and Mary S. Snyder,

DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS

C/A NO: 2010-CP-10-7838

CERTIFICATION OF SERVICE

DEFICIENCY REQUESTED

2012 DEC 20 PM 3: 35
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

The undersigned states that on _12 19_ , 2012, he/she caused a true and correct copy of the *Plaintiff's Notice of Foreclosure Intervention* to be served upon the party identified below by depositing in the United States mail, proper postage affixed and addressed as follows:

Defendant(s) or counsel of records' address:

Kevin G. Snyder
1752 Orange Grove Shores Dr
Charleston, SC  29407

Mary S. Snyder
1752 Orange Grove Shores Dr
Charleston, SC  29407

KORN LAW FIRM, P.A.

Cindy Robbins
Foreclosure Paralegal

**KORN LAW FIRM, P.A.**
**POST OFFICE BOX 11264**
**1300 PICKENS STREET**
**COLUMBIA, SOUTH CAROLINA 29201**
**(803) 252-5817**

December 15, 2012

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

      Re:    BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. -vs-
              Kevin G. Snyder, and Mary S. Snyder
              Docket No. 2010-CP-10-7838
              Our file # F10-06774

Dear Clerk of Court:

Enclosed please find the original and one copy of the Notice of Foreclosure Intervention on the above referenced case. Please file for record, returning the clocked copy in the envelope provided within.

Thank you in advance for your cooperation in this matter.

              Very truly yours,

              KORN LAW FIRM, P.A.
              Foreclosure Department

Enclosures

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide Home
Loans Servicing, L.P.,

PLAINTIFF,

vs.

Kevin G. Snyder, and Mary S. Snyder,

DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS
C/A NO: 2010-CP-10-7838

NOTICE OF DENIAL OF LOAN MODIFICATION OR
OTHER MEANS OF LOSS MITIGATION
2011-05-02-01

DEFICIENCY REQUESTED

TO: Kevin G. Snyder and Mary S. Snyder:

PLEASE TAKE NOTICE THAT this is an action for the foreclosure of owner occupied real property. Pursuant to the Supreme Court of South Carolina Administrative Order 2011-05-02-01, that

1.       the Mortgagor has been served with a notice of the Mortgagor's right to foreclosure intervention for the purpose of seeking a resolution of the foreclosure action by loan modification or other means of loss mitigation;

2.       the Mortgagee, or its designated agent, has received and examined all documents and records required to be submitted by the Mortgagor to evaluate eligibility for foreclosure intervention;

3.       the Mortgagor has been afforded a full and fair opportunity to submit any other information or data pertaining to the Mortgagor's loan or personal circumstances for consideration by the Mortgagee; and

4.       after completion of the foreclosure intervention process, the Mortgagor does not qualify for loan modification or other means of loss mitigation, in accordance with any standards, rules or guidelines of the Mortgagee applicable to the mortgage loan, and the parties have been unable to reach any other agreement concerning the foreclosure process.

5.       the Notice of Foreclosure Intervention letter was sent to the Mortgagor on 12/17/2012. The Mortgagee advised the Mortgagor of the documents that were required. The Mortgagor did not submit the required documents. After completion of the foreclosure intervention process the Mortgagee determined that the Mortgagor does not qualify for a modification under the HAMP or under any other modification programs. The Mortgagee provided sufficient time for Mortgagor to provide all requested documents. The Mortgagee has been unable to review the Mortgagor's eligibility for loss mitigation due to Mortgagor's failure to provide requested documentation; therefore, the Mortgagor's request for loss mitigation was denied.

You have thirty (30) days from the date of the mailing of this Notice to file and serve an answer or other response to the Summons and Complaint.

BY: _Ashley Zarrett_

PETER D. KORN / JOHN S. KAY / DEAN HAYES
ALAN M. STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL / SUZANNAH HAYES
KEVIN T. HARDY / ASHLEY ZARRETT
CHRIS S. TRULUCK
Attorneys for Plaintiff

KORN LAW FIRM, P.A.
P. O. Box 11264
1300 Pickens Street
Columbia, SC 29211
(803) 252-5817

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide
Home Loans Servicing, L.P.,

        PLAINTIFF,

        vs.

Kevin G. Snyder, and Mary S. Snyder,

        DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS
C/A NO: 2010-CP-10-7838

NOTICE OF DENIAL OF LOAN
MODIFICATION OR OTHER MEANS OF LOSS
MITIGATION
2011-05-02-01

DEFICIENCY REQUESTED

The undersigned states that on _____April 4_____, 2013, she caused a true and correct copy of the
*Plaintiff's Notice of Denial of Loan Modification or Other Means of Loss Mitigation* to be served upon the party
identified below by depositing in the United States mail, proper postage affixed and addressed as follows:

Defendant(s) or counsel of records' address:

**Kevin G. Snyder**
**1752 Orange Grove Shores Dr**
**Charleston, SC 29407**

**Mary S. Snyder**
**1752 Orange Grove Shores Dr**
**Charleston, SC 29407**

        KORN LAW FIRM, P.A.

        Elizabeth Williams
        Foreclosure Paralegal

**KORN LAW FIRM, P.A.**
**POST OFFICE BOX 11264**
**1300 PICKENS STREET**
**COLUMBIA, SOUTH CAROLINA 29201**
**(803) 252-5817**

March 21, 2013

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

Re:    BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. -vs-
       Kevin G. Snyder, and Mary S. Snyder
       Docket No. 2010-CP-10-7838
       Our file # F10-06774

Dear Clerk of Court:

Enclosed please find the original and one copy of the Notice of Denial of Loan Modification or Other Means of Loss Mitigation and the Certificate of Service of the Notice of Denial of Loan Modification or Other Means of Loss Mitigation on the above referenced case. Please file for record, returning the clocked copy in the envelope provided within.

Thank you in advance for your cooperation in this matter.

Very truly yours,

Elizabeth Williams
Paralegal
KORN LAW FIRM, P.A.
Foreclosure Department

Enclosures

STATE OF SOUTH CAROLINA )  IN THE COURT OF COMMON PLEAS
              )
COUNTY OF CHARLESTON  )  NINTH JUDICIAL CIRCUIT
              )
**BAC Home Loans Servicing, L.P. f/k/a** )  № 2010-CP-10-7838
**Countrywide Home Loans Servicing,** )
**L.P.,**           )
              )
     Plaintiff,    )  **Notice of Appearance**
              )
  vs.          )
              )
**Kevin G. Snyder** and **Mary S. Snyder,** )
              )
     Defendants.   )
              )

FILED 2013 MAY -3 PM 3:39 JULIE J ARMSTRONG CLERK OF COURT

  **Notice** is hereby given of the entry of the undersigned as counsel for Defendants.  You are hereby requested to serve all further papers and proceedings in the above-captioned case upon said attorneys at the addresses stated below. Furthermore, the Plaintiff in this matter has granted an extension to June 2, 2013, to answer or otherwise respond to the Amended Complaint (see Exhibit A).

           _____

           Jason Scott Luck
           jluck@seibelsfirm.com
           SEIBELS LAW FIRM, P.A.
           127 King Street, Suite 100
           Charleston, SC 29401
           843.722.6777 (phone)
           843.722.6781 (telefax)

           **Attorney for Defendants**

Charleston, South Carolina
3 May 2013

## CERTIFICATE OF SERVICE
### № 2010-CP-10-7838

I, Erin Magera, of Seibels Law Firm, P.A., do hereby certify that I mailed, postage prepaid, a true and accurate copy of the *Notice of Appearance of Jason S. Luck of the Seibels Law Firm, PA* in the foregoing action to counsel of record as follows:

Alan M. Stewart, Esquire                    **Attorney for Plaintiff**
Korn Law Firm, PA
PO Box 12369
Columbia, SC 29211-2369
803-252-5817

May **3**, 2013

_Erin Magera_
Erin Magera

FILED
2013 MAY -3 PM 3:39
JULIE J. ARMSTRONG
CLERK OF COURT
BY

**Jason Scott Luck**

**From:** Lynn Hudson <Lynn.Hudson@KornLawFirm.com>
**Sent:** Friday, May 03, 2013 9:36 AM
**To:** jluck@seibelsfirm.com
**Subject:** BAC Home Loans Servicing... v Snyder / F10-06774

Mr. Luck,

An extension has been granted, by Alan Stewart, to you for Kevin and Mary Snyder. Please be advised your default date will be June 2, 2013. Please let me know if you have any other questions regarding this matter.

Thank you,

*Lynn Hudson*

Paralegal to Alan Stewart
Foreclosure Paralegal
KORN LAW FIRM
1300 Pickens Street
PO Box 11264
Columbia, SC 29211
(803) 252-5817 ext. 1023

PRIVILEGED AND CONFIDENTIAL INFORMATION: This electronic message, including any attachments, is intended solely for the use of the intended recipient(s) and may contain information that is attorney-client privileged, may be confidential work product, or may be proprietary. If you are not the intended recipient, please notify the sender, then delete and destroy all copies of this communication and any attachments. If you have received this e-mail in error, please note that any dissemination, distribution, or copying of this communication is strictly prohibited and may subject you to civil liability.

NOTICE REQUIRED BY FEDERAL FAIR DEBT COLLECTION PRACTICES ACT: This firm collects debts for mortgage lenders and other creditors, and any information obtained will be used for that purpose. However, If you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt but only as an attempt to enforce a lien.



# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

May 3, 2013

**VIA HAND DELIVERY**
The Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, South Carolina 29401-2258

      RE:   *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
             Case No.: 2010-CP-7838
             Our File No.: 6349-1

Dear Ms. Armstrong:

      Enclosed for filing please find the original and one copy of the Notice of Appearance of Attorney Jason Luck of the Seibels Law Firm, PA in the above matter. Please file the original, and return the date-stamped copy of the Notice with the bearer of this letter.

      Should you have any questions or require additional information, please do not hesitate to contact me. With kind regards, I remain

                      Very truly yours,

                      **SEIBELS LAW FIRM, P.A.**

                      Erin Magera
                      Paralegal

/elm
Enclosures

cc:    Alan M. Stewart, Esquire (w/encl)

STATE OF SOUTH CAROLINA )   IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF CHARLESTON    )   NINTH JUDICIAL CIRCUIT

BAC Home Loans Servicing, L.P. f/k/a )   № 2010-CP-10-7838
Countrywide Home Loans Servicing, )
L.P.,                             )
                                  )
                    Plaintiff,    )   **Defendants' Answer and Counterclaims**
                                  )   *(Jury Trial Requested)*
            vs.                   )
                                  )
Kevin G. Snyder and Mary S. Snyder, )
                                  )
                    Defendants.   )
_____ )

Defendants answer the allegations of the Plaintiff's Amended Complaint ("Complaint")

as follows:

### For a First Defense

1.      Defendants deny each and every allegation of the Complaint not specifically admitted,

qualified or explained and demand strict proof thereof.

2.      Defendants lack knowledge and information sufficient to form a belief as to the

allegations of the first sentence of paragraph 1, and therefore deny the same and demand strict

proof thereof; Defendants admit the remaining allegations of paragraph 1.

3.      Defendants lack knowledge and information sufficient to form a belief as to the

allegations of paragraph 2, and therefore they deny the same and demand strict proof thereof.

4.      Defendants admit that the description of real property referenced in paragraph 3 speaks

for itself and deny any allegations inconsistent with the same.

5.      Defendants lack knowledge and information sufficient to form a belief as to the

allegations of paragraphs 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, and 15, and therefore they deny the

same and demand strict proof thereof.

6. The allegations of paragraph 16 are a prayer for relief that does not require a response by Defendants. To the extent a response may be required, this paragraph is denied.

7. Defendants lack knowledge and information sufficient to form a belief as to the allegations of paragraphs 17, 18, and 19, and therefore they deny the same and demand strict proof thereof.

8. The Final Paragraph of the Complaint, which is unnumbered (beginning with "WHEREFORE,") constitutes a prayer for relief which requires no response from Defendants. To the extent any response may be required, Defendants deny the allegations of the Final Paragraph of the Complaint.

### As Further Defenses

9. Plaintiff, as used in the defenses and counterclaims, refers to the named Plaintiff, its employees, agents, assigns, predecessors, or successors.

10. The Complaint should be dismissed pursuant to Rule 12(b)(6), SCRCP, for failure to state facts sufficient to constitute a cause of action.

11. The Complaint should be dismissed pursuant to Rule 41(b), SCRCP, for Plaintiff's failure to prosecute and/or violation of court order(s) (*e.g.* Supreme Court Administrative Order 2011-05-02-01).

12. Plaintiff does not have the requisite standing to bring this action.

13. Plaintiff has failed to mitigate its damages.

14. Defendants are entitled to setoff/recoupment for:

    a. Plaintiff's violation of the South Carolina Attorney Preference Statute as to Mary Snyder;

b. Plaintiff's violation(s) of RESPA, particularly its failure to provide a "Servicing Disclosure Statement" under 12 U.S.C. § 2605(a);

c. Other acts and omissions to be determined after a reasonable period of discovery. Defendants reserve the right to assert these defenses as counterclaims.

15. The above inequitable acts and omissions, plus those set forth below and those that will be discovered in a reasonable amount of discovery, also constitute unclean hands on the part of the Plaintiff and thus bar its recovery, limit its recovery to the ½ interest of Kevin Snyder, and/or provide for such other relief as this Court deems just and proper.

16. The above acts and omissions, plus those set forth below and those that will be discovered in a reasonable amount of discovery, also constitute a mutual mistake in regards to facts upon which the alleged contract(s) are based and the Defendants are entitled to rescission of the contract(s) and do not owe the Plaintiff any amount whatsoever.

17. The above acts and omissions, plus those set forth below and those that will be discovered in a reasonable amount of discovery, also constitute a mutual mistake in regards to an omission or insertion of some material element affecting the subject matter or the terms and stipulations of the alleged contract(s) and the Defendants are entitled to rescission of the contract(s) and do not owe the Plaintiff any amount whatsoever.

18. The above acts and omissions, plus those set forth below and those that will be discovered in a reasonable amount of discovery, also constitute a unilateral mistake induced by the fraud, deceit, misrepresentation, concealment, or imposition of the Plaintiff, without the negligence on the part of the Defendants and the Defendants are entitled to rescission of the contract(s) and do not owe the Plaintiff any amount whatsoever.

19. The above acts and omissions, plus those set forth below and those that will be discovered in a reasonable amount of discovery, also constitute a unilateral mistake accompanied by very strong and extraordinary circumstances, it would be a great wrong to enforce the alleged contract(s) and the Defendants are entitled to rescission of the contract(s) and do not owe the Plaintiff any amount whatsoever.

20. The Plaintiff has engaged in unconscionable conduct, both under the common law standard and that of S.C. Code § 37-5-108, both described in this complaint and to be determined after a reasonable period of discovery; accordingly, Plaintiff's relief is barred.

### As a Further Defense
### and by way of First Counterclaim
(Civil Compensatory Contempt)

21. Plaintiff has failed to comply with Supreme Court Administrative Order 2011-05-02-01 in the following particulars:

    a. Failing to make a good faith effort to evaluate the Defendants for eligibility for foreclosure intervention;

    b. Failing to give the Defendants a full and fair opportunity to submit additional information to determine their eligibility for foreclosure intervention;

    c. Frustrating Defendants' ability to comply with foreclosure intervention or loss mitigation programs;

    d. Negotiating with the Defendants in bad faith;

    e. Generally failing to comply with the terms of this order in good faith; and

    f. Other particulars that shall be uncovered after a reasonable period of discovery.

22. As a direct, foreseeable, and proximate result of the above acts of omissions, the Defendants have suffered actual, direct, incidental, consequential, and special damages, including, but not limited to, attorneys' fees, costs, mental distress and anguish, and any other damages to be discovered after a reasonable period of discovery and determined by the trier of fact.

23. Defendants are entitled to a judgment against the Plaintiff in the amount of the above-referenced damages, attorneys' fees and costs, dismissal of the Plaintiff's complaint, and any other relief this Court deems just and proper.

### As a Further Defense
### and by way of Second Counterclaim
(Breach of Contract)

24. To the extent the mortgage referenced by the Plaintiff is an actionable contract between Plaintiff and the Defendants, the Plaintiff has breached this contract by:

    a.   failing to notify the borrower(s) of the assignment of the alleged mortgage;

    b.   violating the implied covenant of good faith and fair dealing as described in paragraph 21; and

    c.   other particulars as will be determined after a reasonable amount of discovery.

25. As a direct, foreseeable, and proximate result of the Plaintiff's breach, the Defendants have suffered actual, direct, incidental, consequential, and special damages and the aims of the contract have been frustrated beyond repair.

26. Defendants are entitled to a judgment against the Plaintiff in the amount of the above-referenced damages, dismissal of the Plaintiff's complaint, recission of the contract, attorneys' fees and costs, and any other relief this Court deems just and proper.

27. The Plaintiff has engaged in the following unfair, oppressive, and/or deceptive acts:

    a.   its violations of Administrative order 2011-05-02-01 detailed in paragraph 21;

    b.   its violations of RESPA and the Attorney Preference Statute detailed in paragraph 14; and

    c.   other acts and omissions to be determined after a reasonable period of discovery.

28. The Plaintiff has engaged in the aforementioned deceptive and unfair conduct in commerce in South Carolina and other states.

29. The Plaintiff's acts are capable of repetition and, upon information and belief, have been repeated.

30. The Plaintiff's conduct affects the public interest of the people of South Carolina.

31. The Plaintiff knew or should have reasonably known that its conduct violated the South Carolina Unfair Trade Practices Act, S.C. Code §§ 39-5-10 *et seq.*, and was therefore a willful violation of the Act.

32. As a direct, foreseeable, and proximate result of the Plaintiff's unfair and deceptive practices, the Defendants have suffered actual, direct, incidental, consequential, and special damages.

33. Defendants are entitled to a judgment against the Plaintiff in the amount of the above-referenced damages (including treble damages), dismissal of the Plaintiff's complaint, attorneys' fees and costs, and any other relief this Court deems just and proper.

34. The Defendants seek a judicial declaration that the title to the property at issue in this action is vested in Defendants alone and that any party claiming an interest or lien in this property (particularly the Plaintiff) be declared to have no interest, estate, right, title, or interest in this property and that the Plaintiff be forever enjoined from asserting any estate, right, title, or interest in this property, or any portion of it.

**Wherefore**, having answered the Complaint of Plaintiff, Defendants pray that the same be dismissed with costs and attorneys' fees, for the relief requested in their counterclaims, and for such other and further relief as the Court may deem just and proper.

Jason Scott Luck
jluck@seibelsfirm.com
SEIBELS LAW FIRM, P.A.
127 King Street, Suite 100
Charleston, SC 29401
843.722.6777 (phone)
843.722.6781 (telefax)

**Attorney for Defendants**

Charleston, South Carolina
3 June 2013

## CERTIFICATE OF SERVICE
№ 2010-CP-10-7838

I, Erin Magera, of Seibels Law Firm, P.A., do hereby certify that I mailed, postage prepaid, a true and accurate copy of *Defendants' Answer and Counterclaims, Interrogatories, and Requests to Produce* in the foregoing action to counsel of record as follows:

Peter D. Korn, Esquire, et al.          **Attorneys for Plaintiff**
P.O. Box 11264
Columbia, SC 2921
803-252-5817

June **3**, 2013

_____
Erin Magera

2013 JUN -3 PM 4: 21
JULIE J. ARMSTRONG
CLERK OF COURT
BY _____
FILED

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P.
a/k/a Countrywide Home Loans
Servicing, L.P.,

PLAINTIFF,

vs.

Keving G. Snyder and Mary S.
Snyder,

Defendants.

F10-06774

IN THE COURT OF COMMON PLEAS

C/A NO: 2010-CP-10-7,838

**REPLY TO ANSWER AND
COUNTERCLAIM OF DEFENDANTS**



Plaintiff would reply to the Answer and Counterclaim of Defendants as follows:

### For a First Reply

1.  That the allegations of the Complaint, to the extent such allegations are
    not inconsistent with the allegations contained herein, are realleged as if
    repeated verbatim herein.

2.  That any allegation of the Answer not expressly admitted or qualified is
    denied and strict proof demanded thereof.

3.  That the allegations contained in Paragraphs one (1) through eight (8)
    do not require a response.

### For a Second Reply

4.  That the allegations contained in the Complaint and the First Reply, to the
    extent such allegations are not inconsistent with the allegations contained
    herein, are realleged as if repeated verbatim herein.

5.  That the allegations contained in Paragraphs nine (9) through thirty-four
    (34), to the extent any such allegations deny or qualify the allegations of
    Plaintiff's complaint, are denied.

6.  That the allegations contained in the Complaint and the First and Second Defenses and Replies, to the extent such allegations are not inconsistent with the allegations contained herein, are realleged as if repeated verbatim herein.

7.  That the allegations of paragraph nine (9) do not require a response.

8.  That the allegations of paragraph ten (10) are denied.

9.  That the allegations of paragraph eleven (11) are denied. Plaintiff would show that the administrative order 2011-05-02-01 provides for a court to determine compliance with the administrative order but expressly denies that the administrative order provides for dismissal of a foreclosure action or creates a new cause of action.

10. That the allegations of paragraph twelve (12) are denied. Plaintiff would show it is the holder in due course of the subject note and mortgage and has physical possession of the original note

11. That the allegations of paragraph thirteen (13) are denied. Plaintiff expressly denies that any duty exists under South Carolina law to mitigate damages in a mortgage foreclosure action.

12. That the allegations of paragraph fourteen (14) are denied. Plaintiff expressly denies any violation of the South Carolina attorney preference statute as to Defendant Mary Snyder. Plaintiff would further show that said defendant is not an obligor to the loan contract and is therefore not a borrower entitled to attorney preference pursuant to §37-10-102(a). Plaintiff would further show that a servicing disclosure statement was provided at closing and the borrower acknowledged receipt of said disclosure by signing the disclosure.

13. That the allegations of paragraphs fifteen (15) through twenty (20) are denied.

**For a Fourth Defense and by way of Reply to the Counterclaims**

14. That the allegations contained in the Complaint and the First, Second and Third Defenses and Replies, to the extent such allegations are not

inconsistent with the allegations contained herein, are realleged as if repeated verbatim herein.

15. That the allegations of paragraphs twenty-one (21) through twenty-three (23) are denied. Plaintiff would show that said allegations are without merit are denied. Plaintiff would further deny that the administrative order creates a separate cause of action as alleged by Defendants and the allegations of paragraphs twenty-one (21) through twenty-three (23) should be dismissed pursuant to Rule 12(b)(6) SCRCP. Plaintiff further denies that Defendant Mary Snyder has standing to allege any cause of action that is only available to an obligor under the note, such as rescission.

### For a Fifth Reply

16. That the allegations contained in the Complaint and the First through Fourth Replies, to the extent such allegations are not inconsistent with the allegations contained herein, are realleged as if repeated verbatim herein.

17. By way of affirmative defense, Plaintiff is entitled to an equitable lien on the property as the proceeds from the note were used to pay off prior perfected mortgages encumbering the property.

### For a Sixth Reply

18. That the allegations contained in the Complaint and the First through Fifth Replies, to the extent such allegations are not inconsistent with the allegations contained herein, are realleged as if repeated verbatim herein.

19. That the Defendants' counterclaims are barred by their applicable statute of limitations.

WHEREFORE, having fully replied to the Answer of Defendants, Plaintiff prays as follows:

1. That Plaintiff be granted the relief requested in the Complaint;

2. That the Answer of Defendants

be dismissed pursuant to the defenses raised in this Reply;

3. For such other and further relief as the court deems just and proper.

[SIGNATURE PAGE TO FOLLOW]

Korn Law Firm, P.A.
P.O. Box 12369
Columbia, SC 29211-2369
(803) 252-5817

_____
H. Guyton Murrell, Esq.
Attorney for Plaintiff

July 3, 2013
Columbia, South Carolina

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. a/k/a
Countrywide Home Loans Servicing, L.P.,

PLAINTIFF,

vs.

Keving G. Snyder and Mary S. Snyder,

DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS

C/A NO: 2010-CP-10-7838

(NON-JURY FORECLOSURE ACTION)

**CERTIFICATE OF MAILING**

The undersigned hereby certifies that on ___July 3___, 2013, he served one copy of Plaintiff's Reply to Answer and Counterclaim of Defendants upon the following by depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

Jason Luck, Esquire
127 King Street, Suite 100
Charleston, SC 29401

Dustin Brayington, Paralegal

SWORN to before me this
3rd day of ___July___, 2013

___Elizabeth Kozlarek___,(SEAL)
Notary Public for South Carolina
My Commission Expires _4-7-18_

# KORN LAW FIRM, P.A.

ATTORNEYS AND COUNSELORS AT LAW
1300 PICKENS STREET
COLUMBIA, SOUTH CAROLINA 29201

MAILING ADDRESS
POST OFFICE BOX 12369
COLUMBIA, SOUTH CAROLINA 29211-2369
(803) 252-5817
FACSIMILE (803) 231-2060

July 3, 2013

Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

     RE:    BAC Home Loans Servicing, LP, et al. v. Kevin G. Snyder, et al.
              C/A No.: 2010-CP-10-7838
              Our File No.: F10-06774

Dear Sir/Madame:

Enclosed please find the original and one copy of the Plaintiff's Reply to Defendant's Answer and Counterclaim in the above-referenced matter. I would appreciate your filing the original and returning a clocked-in copy in the enclosed envelope.

By copy of this letter I am hereby serving the Defendant with a copy of the above documents.

With kindest regards, I am

                    Sincerely,

                    Dustin A. Brasington
                    Litigation Paralegal

/dab
Enc. (as stated)
Cc/enc.:     Charleston County Master-in-Equity
            100 Broad Street, Suite 266
            Charleston, SC 29401

**THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing, LP,

Plaintiff,

vs.

Kevin G. Snyder and Mary S. Snyder,

Defendant.

F10-06774

IN THE COURT OF COMMON PLEAS

C/A No.: 2010-CP-10-7838

**AFFIDAVIT OF DEFAULT**

2013 AUG 26 PM 2: 54
JULIE J. ARMSTRONG
CLERK OF COURT
BY ____
FILED

**PERSONALLY** appeared before me the undersigned attorney who, being first duly sworn, deposes and says that:

1. He is one of the attorneys for the above-named Plaintiff;

2. The Plaintiff's Request for Admissions was served on Defendants Kevin G. Snyder and Mary S. Snyder on June 14, 2013;

3. More than thirty (30) days have expired since such service;

4. Defendants Kevin G. Snyder and Mary S. Snyder have failed to respond; and

5. Defendants Kevin G. Snyder and Mary S. Snyder are now in default.

**FURTHER AFFIANT SAYETH NOT:**

Korn Law Firm, P.A.
P.O. Box 12369
Columbia, SC 29211-2369
(803) 252-5817

H. Guyton Murrell
Attorney for the Plaintiff

Sworn to and subscribed before me this
13 day of August, 2013.

Notary Public for the State of South Carolina
My Commission expires: 10/06/2020

# KORN LAW FIRM, P.A.

ATTORNEYS AND COUNSELORS AT LAW
1300 PICKENS STREET
COLUMBIA, SOUTH CAROLINA 29201

MAILING ADDRESS
POST OFFICE BOX 12369
COLUMBIA, SOUTH CAROLINA 29211-2369
(803) 252-5817
FACSIMILE (803) 231-2060

August 13, 2013

Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

RE:  **BAC Home Loans Servicing, LP, et al. v. Kevin G. Snyder, et al.**
     **C/A No.:  2010-CP-10-7838**
     **Our File No.:  F10-06774**

Dear Sir or Madam:

Enclosed, please find the original and a copy of the Affidavit of Default in connection with the above referenced action.  Please file these for record and return a copy to me in the self-addressed, stamped envelope provided.

Feel free to contact me with any questions or concerns.

Sincerely,

Dustin A. Brasington
Litigation Paralegal

/dab
Enc. (as stated)
Cc/enc.:     Charleston County Master-in-Equity
             100 Broad Street, Suite 266
             Charleston, SC 29401

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF CHARLESTON    )    NINTH JUDICIAL CIRCUIT
                        )

**Green Tree Servicing, LLC,**    )    № 2010-CP-10-7838
                        )
          Plaintiff,    )
                        )
    vs.    )    **Notice of Transfer**
                        )
**Kevin G. Snyder** and **Mary S. Snyder,**    )
                        )
         Defendants.    )
                        )

*[Stamp: FILED 2016 DEC 16 PM 12:55 BY JULIE J. ARMSTRONG CLERK OF COURT]*

**To: Clerk of Court of Charleston County and Vance Brabham, attorney for Plaintiff**

    **Notice** is hereby given that on December 16, 2016, Jason Scott Luck will be leaving the Seibels Law Firm, P.A. to join Garrett Law Offices. Mr. Luck, who will continue to represent the Defendants, would ask you update your records with his new firm and contact information, set forth below.

Dated: 12/16/16

                        _____
                        Jason Scott Luck
                        jluck@garrettlawsc.com
                        Garrett Law Offices
                        1075 E. Montague Ave.
                        North Charleston, SC 29405
                        843.554.5515 (phone)
                        843.747.3198 (telefax)
                        **Attorney for Defendants**

## CERTIFICATE OF SERVICE
№ 2010-CP-10-7838

    I, Jason Luck, do hereby certify that on December 16, 2016, I mailed, postage prepaid, a true and accurate copy of the ***Notice of Transfer*** in the foregoing action to Vance L. Brabham, III, Scott & Corley, P.A., 2712 Middleburg Drive, Suite 200, Columbia, SC 29204.

16 December 2016

                        _____
                        Jason Luck

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS

COUNTY OF **CHARLESTON** ) **9th** JUDICIAL CIRCUIT

) CASE NO.: 2010 -CP- 10 - 7838

Green Tree Servicing, LLC )
Plaintiff, ) **MOTION AND ORDER INFORMATION**
) **FORM AND COVERSHEET**
· vs. )
)
Kevin G. Snyder and Mary S. Snyder )
Defendant. )

| Plaintiff's Attorney:<br>Jason Scott Luck , Bar No. 73676 | Defendant's Attorney:<br>Michael Griffin , Bar No *72868* |
|---|---|
| Address:<br>1075 E. Montague Ave, North Charleston, SC 29405 | Address:<br>214 North Tryon St., Suite 3700, Charlotte, NC 28202 |
| Phone: 843.554.5515  Fax 843.747.3198 | Phone: 704.338.6023  Fax 704.332.8858 |
| E-mail: jluck@garrettlawsc.com  Other: | E-mail: mgriffin@bradley.com  Other: |

☑**MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐**FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐**PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

### SECTION I: Hearing Information

Nature of Motion: **Motion to Compel**

Estimated Time Needed: 15 min   Court Reporter Needed: ☑YES/☐ NO

### SECTION II: Motion/Order Type

☑Written motion attached
☐Form Motion/Order

    I hereby move for relief or action by the court as set forth in the attached proposed order.

_____ , 20____
Signature of Attorney for ☐ Plaintiff /☐ Defendant    Date submitted

### SECTION III: Motion Fee

☑ PAID – AMOUNT: $ 25.00
☐ EXEMPT:    ☐ Rule to Show Cause in Child or Spousal Support
  (check reason)    ☐ Domestic Abuse or Abuse and Neglect
       ☐ Indigent Status    ☐ State Agency v. Indigent Party
       ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
       ☐ Motion for Stay in Bankruptcy
       ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
       ☐ Proposed order submitted at request of the court;.or,
       reduced to writing from motion made in open court per judge's instructions
       Name of Court Reporter: _____
       ☐ Other:

### JUDGE'S SECTION

☐ Motion Fee to be paid upon filing of the attached    JUDGE CODE _____
order.
☐ Other: _____    Date: _____ , 20 ____

### CLERK'S VERIFICATION

Collected by: _____    Date Filed: _____ , 20 ____

☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

SCCA 233 (11/2003)

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| | ) | |
| COUNTY OF CHARLESTON | ) | NINTH JUDICIAL CIRCUIT |
| | ) | |
| **Green Tree Servicing, LLC,** | ) | № 2010-CP-10-7838 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Motion to Compel** |
| | ) | |
| **Kevin G. Snyder** and **Mary S. Snyder**, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Defendants move, pursuant to Rule 37, SCRCP, to compel responses to their discovery requests as set forth herein. Defendants would show the following in support of their motion:

1.     On or about March 26, 2018, Defendants served Plaintiff with their second interrogatories and second requests to produce. Plaintiff, under extension, served its responses to these discovery requests on July 23, 2018. (Exhibit A).

2.     On or about August 15, 2018, Defendants' counsel wrote to Plaintiff's counsel regarding his objections to certain requests. Specifically:

> a.  He clarified a typographical error in interrogatory 16, which should have read:
>
> *16.     Identify all manuals, practices, policies, protocols, procedures, and guidelines Green Tree has used or instructed its employees to use, between January 1, 2007 and the present, which relate to the evaluation, assessment, or determination of loss mitigation / foreclosure intervention applications of a borrower and which relate to the Snyders' loss mitigation / foreclosure intervention applications.*
>
> b.  He noted that Plaintiff's responses to requests 25, 26, 29, and 32 were not proper and requested amended responses.

3. Plaintiff's counsel responded to Defendants' counsel's concerns via a letter dated August 31, 2018, stating: "…[Plaintiff] is standing on its objections which I understand will likely lead to a motion to compel."

4. On or about October 25, 2018, Defendants' counsel sent a letter to Plaintiff's counsel stating, *inter alia*, that he would pursue a motion to compel at this case's December 10, 2018, status conference and would further seek reimbursement of his attorneys' fees and costs.

5. The scope of discovery in South Carolina is very broad, allowing inquiry into any matter that "relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party…" Rule 26(b)(1), SCRCP. Generally speaking, the Plaintiffs are alleging a wide variety of misconduct related to the foreclosure and collection of this loan. The personnel records of certain employees (request 25) will provide information on the persons who interacted with the Snyders and their counsel. Likewise, training materials (request 29) will determine how systemic the alleged misconduct is. Accounting records (request 26) are needed to establish damages. Because Plaintiff has denied the allegations of paragraph 21 of the Counterclaims (alleging failure to make good faith efforts, &c.), the materials requested in requests 25 & 29 will be necessary for impeachment. Impeachment evidence is relevant and discoverable. E.g. Newsome v. Penske Truck Leasing Corp., 437 F. Supp.2d 431 (D.Md. 2006). Finally, these are all records Green Tree is required to keep pursuant to the April 23, 2015 order in Federal Trade Comm'n v. Green Tree Servicing, LLC, 0:15-cv-02064-SRN-JSM (D. Minn.), so obtaining these documents should not be a burden.

6. Regarding request 32 (attorney fee agreement), Plaintiff has demanded attorneys' fees and costs as damages in this action, thus making this information relevant. Further, a fee

agreement is not a privileged document. See <u>In re Grand Jury Subpoena</u>, 204 F.3d 516 (4th Cir. 2000).

7. "Under Rule 37(a)(4), SCRCP, the court **shall** require the payment of reasonable expenses incurred in obtaining the order compelling discovery, including attorneys' fees." <u>Ball v. Canadian Am. Express Co.</u>, 314 S.C. 272, 442 S.E.2d 620 (Ct.App.1994) (emphasis added). Defendants' counsel will submit at hearing an affidavit of attorneys' fees and costs related to his efforts to obtain this discovery.

8. Plaintiff reserves the right to supplement and/or amend this motion.

**Wherefore**, Defendants request this Court issue an order compelling Plaintiff's responses to interrogatory 16 (as amended above) and requests to produce 25, 26, 29, and 32; awarding Defendants' attorneys' fees and costs; and for such other and further relief as the Court may deem just and proper.

Dated: 11/29/2018

Jason Scott Luck
jluck@garrettlawsc.com
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
843.554.5515 (phone)
843.747.3198 (telefax)
**Attorney for Plaintiff**

**Certificate of Service**

I certify that this pleading was placed in the U.S. Mail, first class, postage-prepaid on the date below to the following address(es):

Michael Griffin
Bradley Arant Boult Cummings, L.P.
214 N. Tryon St., Ste. 3700
Charlotte, NC 28202

Dated: 11/29/2018

Jason Scott Luck

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

GREEN TREE SERVICING, LLC

                  Plaintiff,

v.

KEVIN G. SNYDER and MARY S.
SNYDER,

                  Defendants

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
NO. 2010-CP-10-07838


PLAINTIFF'S OBJECTIONS AND
ANSWERS TO DEFENDANTS' SECOND
SET OF INTERROGATORIES

NOW COMES Green Tree Servicing, LLC ("Green Tree" or "Plaintiff") now known as Ditech Financial, LLC and through undersigned counsel, and serves its objections and answers to Defendants Kevin G. Snyder and Mary S. Snyder ("Defendants") Second Set of Interrogatories.

## PRELIMINARY STATEMENT

These responses are made specifically subject to the general objections stated below and any specific objection contained within an individual response.

As far as Plaintiff is aware, according to information available at the present time, these responses are complete and correct. Plaintiff reserves the right to object to future discovery on the same or related matters and do not waive any objection by providing the information in these responses.

Plaintiff hereby responds to Defendants' Second Set of Interrogatories as follows:

14.    Who are the person(s) that called Kevin and Mary Snyder in October and November of 2013 (Ex. A to responses to 02/13/18 Interrogatories p. 23)? Please identify their names, titles, contact information, roles and responsibilities, and all documents, communications, and information which relate to each persons' interaction with the Snyders.

**RESPONSE**: Plaintiff did not call to Plaintiffs in October and November of 2013. Please see documents produced herewith labeled Ditech-000548 – 000602.


EXHIBIT
A

15.  Identify all documents, communications, and information which Green Tree considered, in any way, prior to the issuance of its decision on each of the Snyders' loss mitigation/foreclosure intervention applications.

RESPONSE:  Pursuant to Rule 33(c) of the South Carolina Rules of Civil Procedure, please see documents produced herewith labeled Ditech 000001 - 000603

16.  Identify all manuals, practices, policies, protocols, procedures, and guidelines UNA has used or instructed its employees to use, between January 1, 2013 and the present, which relate to the evaluation, assessment, or determination of loss mitigation / foreclosure intervention applications claims for a homeowner and which relate to the Snyders' loss mitigation / foreclosure intervention applications.

RESPONSE:  Plaintiff objects to this interrogatory on grounds of relevance and vagueness.  Plaintiff is unaware of the entity "UNA" and therefore cannot respond.

*     *     *

Plaintiff hereby supplements its responses and objections to Defendants' First Set of

Interrogatories as follows:

9.  Except for those person employed by Plaintiff's counsel, identify all persons by name, address, and employer who participated in answering these questions:

RESPONSE:  The answers to these interrogatories were prepared by Plaintiff's counsel using the documents from the closing attorney or previously provided by the client.

SUPPLEMENTAL RESPONSE:  Plaintiff objects on grounds that this interrogatory seeks information protected by the Attorney-Client Privilege and Work Product Doctrine. Corporate representative name assisted undersigned counsel in responding to these requests.

10.  State the name and address of the person(s) at Plaintiff with the most knowledge of Defendants' mortgage account and set out with particularity the duties of this person as they relate to the Defendants' mortgage account.  Is any individual person assigned to Defendants' account?

RESPONSE:  Plaintiff's witnesses will be designated at a later time. If the Defendant wishes for Plaintiff to designate a witness for a specific purpose, Plaintiff will do so within ten (10) days of the Defendant making such a request.

SUPPLEMENTAL RESPONSE:
Plaintiff objects to this interrogatory on grounds of relevance and vagueness. There is no single person employed by Ditech assigned to the defendants' account, and depending on

2

the area of mortgage servicing, there may be multiple employees who are knowledgeable of the defendants' mortgage account.

11.     State with specificity the location(s) (physical address), and legal name of the entity who serviced the Plaintiff's mortgage loan and dates of such service.

**RESPONSE:** Gateway Funding Diversified Mortgage Services, LP originated the subject loan. Bank of America N.A. located at 100 North Tryon Street, Charlotte NC

**SUPPLEMENTAL RESPONSE:**
BAC Home Loans Servicing, LP origination to Jul 1, 2011
6400 Legacy Drive, Plano, TX 75024

Bank of America, N.A.        July 1, 2011 – June 1, 2013
100 North Tryon Street, Charlotte NC 28202

Green Tree Servicing, LLC June 1, 2013 to Present
Green Tree Servicing and Ditech Mortgage Corp have combined to form Ditech Financial, LLC, effective August 31, 2015.

Ditech Financial, LLC
1100 Virginia Drive
Suite 100A
Fort Washington, PA 19034

13.     What type of business entity is the Plaintiff, where is it domiciled, and where is its principal office.

**RESPONSE:** The currently listed Plaintiff is a limited partnership organized and existing under and by virtue of the law of the state of New York.

**SUPPLEMENTAL RESPONSE:** Ditech is a limited liability corporation formed pursuant to the laws of the State of Delaware with its principal place of business in Fort Washington, PA

3

Respectfully submitted this the _23rd_ day of July, 2018.

Mark Wierman (SC Bar No. 78537)
Michael C. Griffin (SC Bar No.72868)
G. Benjamin Milam (SC Bar No. 80311)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
(704) 338-6023 – Telephone
(704) 332-8858 – Facsimile
mwierman@bradley.com
mgriffin@bradley.com
bmilam@bradley.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS' SECOND SET OF INTERROGATORIES** was served via U.S. mail, postage pre-paid, on this _____ day of July, 2018, to the following:

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com

Mark S. Wierman

4

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

GREEN TREE SERVICING, LLC

Plaintiff,

v.

KEVIN G. SNYDER and MARY S. SNYDER,

Defendants.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
NO. 2010-CP-10-07838

PLAINTIFF'S OBJECTIONS AND
RESPONSES TO DEFENDANTS' SECOND
SET OF REQUESTS TO PRODUCE

NOW COMES Green Tree Servicing, LLC ("Green Tree" or "Plaintiff") now known as Ditech Financial, LLC and through undersigned counsel, and serves its objections and responses to Defendants Kevin G. Snyder and Mary S. Snyder's ("Defendants") Second Set of Requests to Produce.

## PRELIMINARY STATEMENT

These responses are made specifically subject to the general objections stated below and any specific objection contained within an individual response.

As far as Plaintiff is aware, according to information available at the present time, these responses are complete and correct. Plaintiff reserves the right to object to future discovery on the same or related matters and do not waive any objection by providing the information in these responses.

Plaintiff hereby responds to Defendants' Second Set of Requests to Produce as follows:

25. A copy of the records Green Tree is required to keep pursuant to Section XIX, paragraph A of Federal Trace Comm'n v. Green Tree Servicing, LLC, 0:15-cv-02064-SRN-JSM (D. Minn. Order dated April 23, 2015) (the "FTC Order"[1]).

**RESPONSE:** Plaintiff objects to this request on grounds that it is overly broad and seeks information that is not relevant to any cause of action or defense in this action.

---

[1] Relevant pages of the FTC Order are enclosed.

4830-0378-3273.1

26. A copy of the records Green Tree is required to keep pursuant to Section XIX, paragraph B of the FTC Order for the following:

    a. Cassandra Turner
    b. Michael Young
    c. Swarn [last name unknown]
    d. Xaiver A. (See Ex. A to Responses to 02/13/18 Interrogatories p. 22)
    e. All persons who interacted with Kevin Snyder, Mary Snyder, or their representatives (*e.g.* their attorney) regarding this loan or its collection
    f. All persons who reviewed the Snyders' loss mitigation applications

**RESPONSE:** Plaintiff objects to this request on grounds that it is overly broad and seeks information that is not relevant to any cause of action or defense in this action. Plaintiff objects further as it seeks personally identifiable information of its employees.

27. A copy of the records Green Tree is required to keep pursuant to Section XIX, paragraph C of the FTC Order regarding Kevin and Mary Snyder.

**RESPONSE:** Plaintiff will produce all responsive, non-privileged documents in its possession, custody or control maintained pursuant to the referenced order that relate to the Defendants. Ditech 000548 - 000602

28. A copy of the records Green Tree is required to keep pursuant to Section XIX, paragraph D of the FTC Order regarding complaints about the loan at issue in this action.

**RESPONSE:** Plaintiff will produce all responsive, non-privileged documents in its possession, custody or control maintained pursuant to the referenced order that relate to the Defendants. Ditech 000167 – 000200; Ditech 000212 – 000230; Ditech 000548 - 000603

29. A copy of the records Green Tree is required to keep pursuant to Section XIX, paragraph E of the FTC Order that would have been used in the collection of the loan at issue in this action.

**RESPONSE:** Plaintiff objects to this request on grounds that it is overly broad and seeks information that is not relevant to any cause of action or defense in this action.

30. A copy of the records Green Tree is required to keep pursuant to Section XIX, paragraph F of the FTC Order that would have been recorded in the collection of the loan at issue in this action.

2

**RESPONSE:** Plaintiff will produce all responsive, non-privileged documents in its possession, custody or control maintained pursuant to the referenced order that relate to the Defendants. Plaintiff is producing 33 phone call recordings as indexed on Ditech 000603.

31. A copy of the records Green Tree is required to keep pursuant to Section XIX, paragraph G of the FTC Order that would have been recorded in the collection of the loan at issue in this action.

**RESPONSE:** Plaintiff will produce all responsive, non-privileged documents in its possession, custody or control maintained pursuant to the referenced order that relate to the Defendants. Plaintiff is producing 33 phone call recordings as indexed on Ditech 000603.

32. A copy of your fee agreement(s) with all attorneys who were retained to handle this mortgage foreclosure action.

**RESPONSE:** Plaintiff objects to this request on grounds that this request seeks information protected by the Attorney-Client Privilege. Plaintiff objects to this request on grounds that it seeks information that is not relevant to any cause of action or defense in this action. Plaintiff objects to this request as it seeks business confidential and proprietary information.

Respectfully submitted this the 23 rd day of July, 2018.

Mark Wierman (SC Bar No. 78537)
Michael C. Griffin (SC Bar No. 72868)
G. Benjamin Milam (SC Bar No. 80311)
BRADLEY ARANT BOULT CUMMINGS LLP
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
(704) 338-6023 – Telephone
(704) 332-8858 – Facsimile
mwierman@bradley.com
mgriffin@bradley.com
bmilam@bradley.com

*Attorneys for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS' SECOND SET OF REQUESTS TO PRODUCE** was served via U.S. mail, postage pre-paid, on this 23ʳᵈ day of July, 2018, to the following:

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com

_____
Mark Wierman (SC Bar No. 78537)

4

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

GREEN TREE SERVICING LLC,

Plaintiff,

v.

Kevin G. Snyder and Mary S. Snyder

Defendants.

**Plaintiffs' Answer to Third set of Interrogatories**

NOW COMES Green Tree Servicing, LLC ("Green Tree" or "Plaintiff") now known as Ditech Financial, LLC and through undersigned counsel, and serves its objections and responses to Defendants Kevin G. Snyder and Mary S. Snyder's ("Defendants") Third Set of Interrogatories.

## PRELIMINARY STATEMENT

These responses are made specifically subject to the specific objection contained within an individual response.

As far as Plaintiff is aware, according to information available at the present time, these responses are complete and correct. Plaintiff reserves the right to object to future discovery on the same or related matters and do not waive any objection by providing the information in these responses.

Plaintiff hereby responds to Defendants' Third Set of Interrogatories as follows:

17.     For each response to Defendants' request to admit that is not an unqualified admission, please set forth the specific facts that form the basis of each response.

Response:

Request to Admit No. 3 – Upon reviewing its business records, and reviewing the documents received from prior counsel and from the prior servicer, Exhibit A, page 2 was not

1

included in the pleadings provided. Moreover, Korn Law is no longer in business, and, as a result, Plaintiff has no ability to inquire as to receipt of Exhibit A, page 2.

Request to Admit No. 4 - Upon reviewing its business records, and reviewing the documents received from prior counsel and from the prior servicer, Exhibit A, page 2 was not included in the pleadings provided. Moreover, Korn Law is no longer in business, and, as a result, Plaintiff has no ability to inquire as to receipt of Exhibit A, page 2.

Request to Admit No. 10 – Upon reviewing its business records, and reviewing the documents received from prior counsel and from the prior servicer, Exhibit A, pages 7-11 was not included in the pleadings provided. Moreover, Korn Law is no longer in business, and, as a result, Plaintiff has no ability to inquire as to receipt of Exhibit A, pages 7 -11.

Request to Admit No. 11 - Upon reviewing its business records, and reviewing the documents received from prior counsel and from the prior servicer, Exhibit A, pages 7-11 was not included. Moreover, Korn Law is no longer in business, and, as a result, Plaintiff has no ability to inquire as to receipt of Exhibit A, pages 7-11.

Request to Admit No. 14 - Upon reviewing its business records, and reviewing the documents received from prior counsel and from the prior servicer, Exhibit A, pages 7-11 was not included. Moreover, Korn Law is no longer in business, and, as a result, Plaintiff has no ability to inquire as to receipt of Exhibit A, pages 7-11.

Request to Admit No. 27 – Upon reviewing its business records, Plaintiff was unable to locate the fax depicted in Exhibit A, pages 26 and 30. Ditech received the correspondence included in the fax, but via regular mail. The fax telephone number relates to an office no longer utilized by Ditech.

Request to Admit No. 44 - Upon reviewing its business records, Plaintiff was unable to locate the fax depicted in Exhibit A, page 47. The address and fax telephone number relates to an office no longer utilized by Ditech. Ditech has no record of employing a "Turner" in that office.

Request to Admit No. 57 - Exhibit A, pages 59-61 appears to be signed by Maria Watts.

2

Dated: November 26, 2018

BRADLEY ARANT BOULT CUMMINGS LLP

By: _____
Michael C. Griffin, SC Bar # 72868
ATTORNEYS FOR PLAINTIFF
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
mgriffin@bradley.com
D: (704) 338-6015
F: (704) 332-8858

*Attorney for Plaintiff*

3

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS' THIRD SET OF INTERROGATORIES** was served U.S. mail, postage pre-paid, on this 26th day of November, 2018, to the following:

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com

_____
Michael C. Griffin (SC Bar No.72868)

4

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

GREEN TREE SERVICING LLC,

Plaintiff,

v.

Kevin G. Snyder and Mary S. Snyder

Defendants.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

**Plaintiffs' Responses to Defendants' First
Set of Requests to Admit**

NOW COMES Green Tree Servicing, LLC ("Green Tree" or "Plaintiff") now known as Ditech Financial, LLC and through undersigned counsel, and serves its objections and responses to Defendants Kevin G. Snyder and Mary S. Snyder's ("Defendants") First Set of Requests to Admit.

## PRELIMINARY STATEMENT

These responses are made specifically subject to the specific objection contained within an individual response.

As far as Plaintiff is aware, according to information available at the present time, these responses are complete and correct. Plaintiff reserves the right to object to future discovery on the same or related matters and do not waive any objection by providing the information in these responses.

Plaintiff hereby responds to Defendants' First Set of Requests to Admit as follows:

1

1.      Admit that Exhibit A p. 1 is a true, correct, and genuine copy of a letter dated May 3, 2013 sent from Erin Magera of Seibels Law Firm, P.A. to the Charleston County Clerk of Court, copying BAC Home Loans Servicing, LP's attorney Alan M. Stewart.

Response:      Admitted

*      *      *

2.      Admit that Exhibit A p. 2 is a true, correct, and genuine copy of Jason Luck's May 3, 2013, Notice of Appearance.

Response:      Admitted

*      *      *

3.      Admit BAC Home Loan Servicing, LP, received a copy of the Notice of Appearance found at Exhibit A p. 2 prior to September 30, 2013.

Response:      Plaintiff has conducted a reasonable inquiry, and the information known or readily obtainable is insufficient to enable it to admit or deny this request.

*      *      *

4.      Admit the attorney for BAC Home Loan Servicing, LP, received a copy of the Notice of Appearance found at Exhibit A p. 2 prior to September 30, 2013.

Response:      Plaintiff has conducted a reasonable inquiry, and the information known or readily obtainable is insufficient to enable it to admit or deny this request.

*      *      *

5.      Admit that Exhibit A p. 4 is a true, correct, and genuine copy of an email dated May 3, 2013, sent from Lynn Hudson of Korn Law Firm to Defendants' counsel.

Response:      Admitted.

*      *      *

6.      Admit that Exhibit A p. 5 is a true, correct, and genuine copy of a letter dated June 17, 2013, sent from Defendants' counsel to Green Tree Servicing, LLC.

Response:      Admitted.

*      *      *

2

7.     Admit BAC Home Loans Servicing, LP, received a copy of the June 17, 2013, letter found at Exhibit A p. 5 prior to September 30, 2013.

Response:     Admitted.

*          *          *

8.     Admit that Exhibit A p. 6 is a true, correct, and genuine copy of a letter dated July 15, 2013, sent from Erin Magera of Seibels Law Firm, P.A. to BAC Home Loans Servicing, LP's attorney Guyton Murrell.

Response:     Admitted.

*          *          *

9.     Admit that Exhibit A pp. 7-11 is a true, correct, ad genuine copy of Defendant's July 15, 2013 Response to Plaintiff's Request for Admission.

Response:     Admitted.

*          *          *

10.     Admit that BAC Home Loans Servicing, LP'S attorney received Defendant's July 15, 2013 Response to Plaintiff's Requests for Admission (Exhibit A pp. 7-11).

Response:     Plaintiff has conducted a reasonable inquiry, and the information known or readily obtainable is insufficient to enable it to admit or deny this request.

*          *          *

11.     Admit that BAC Home Loans Servicing, LP'S attorney received Defendant's July 15, 2013 Response to Plaintiff's Requests for Admission (Exhibit A pp. 7-11) before August 13, 2013.

Response:     Plaintiff has conducted a reasonable inquiry, and the information known or readily obtainable is insufficient to enable it to admit or deny this request.

*          *          *

3

12.     Admit that Exhibit A p. 12 is a true, correct, and genuine copy of an email dated August 9, 2013, sent from Defendants' counsel to BAC Home Loans Surviving, LP's attorney Guyton Murrell.

    Response:        Admitted

*    *    *

13.     Admit that Exhibit A p.14 is a true, correct, and genuine copy of BAC Home Loans Servicing, LP's attorney Guyton Murrell's August 13, 2013, Affidavit of Default.

    Response:        Admitted

*    *    *

14.     Admit that BAC Home Loans Servicing, LP's attorney Guyton Murrell's August 13, 2013 Affidavit of Default (Exhibit A p. 14) is false.

    Response:    Plaintiff has conducted a reasonable inquiry, and the information known or readily obtainable is insufficient to enable it to admit or deny this request.

*    *    *

15.     Admit that BAC Home Loans Servicing, LP's Attorney never served the August 13, 2013, Affidavit of Default (Exhibit A p. 14) on Defendants' attorney.

    Response: Admitted upon information and belief based on the absence of a certificate of service.

*    *    *

16.     Admit that Exhibit A pp. 15-16 is a true, correct, and genuine copy of a letter dated August 21, 2013, sent from Defendants' counsel to BAC Home Loans Servicing, LP's attorney Guyton Murrell.

    Response:        Admitted

*    *    *

4

17.     Admit that Exhibit A p. 17 is a true, correct, and genuine copy of a letter dated August 21, 2013, sent from BAC Home Loans servicing, LP's attorney Guyton Murrell to Defendants' counsel.

Response:     Admitted

\*     \*     \*

18.     Admit that Exhibit A p. 18 is a true, correct, and genuine copy of Judge Scarborough's September 30, 2013 Order.

Response:     Admitted

\*     \*     \*

19.     Admit that Exhibit A p. 19 is a true, correct, and genuine copy of the Charleston County Master-in-Equity Referral Form dated July 29, 2013.

Response:     Admitted

\*     \*     \*

20.     Admit that Exhibit A p. 20 is a true, correct, and genuine copy of a letter dated October 28, 2013, from Green Tree servicing, LLC to Kevin Snyder at his home address of 1752 Orange Grove Shore Drive, Charleston, SC 29407.

Response:     Admitted

\*     \*     \*

21.     Admit that Exhibit A p. 21 is a true, correct, and genuine copy of a letter dated October 30, 2013, sent from Defendants' counsel to Green Tree Servicing, LLC.

Response:     Admitted

\*     \*     \*

22.     Admit that Exhibit A p. 22 is a true, correct, and genuine copy of a letter date November 21, 2013, sent from Green Tree Servicing, LLC to Defendants' counsel.

Response:     Admitted

\*     \*     \*

5

23.     Admit that the letter dated November 21, 2013, sent from Green Tree Servicing, LLC to Defendants' counsel (Exhibit A p. 22) was addressed to the correct address for Defendants' counsel.

Response:     Admitted.

\*          \*          \*

24.     Admit Green Tree Servicing, LLC, received the message depicted in Exhibit A p. 23 on November 6, 2013.

Response:     Admitted

\*          \*          \*

25.     Admit that Exhibit A p. 25 is a true, correct, and genuine copy of an email dated November 6, 2013, from Green Tree Servicing, LLC to Defendants' counsel.

Response:     Admitted

\*          \*          \*

26.     Admit that Exhibit A pp. 26-30 is a true, correct, and genuine copy of a fax dated November 12, 2013 from Defendants' counsel to Green Tree Servicing, LLC.

Response:     Admitted

\*          \*          \*

27.     Admit Green Tree Servicing, LLC received the fax depicted in Exhibit A pp.26-30 on November 12, 2013.

Response:     Admitted as to Exhibit A, pp. 27, 28, 29.  Denied as to Exhibit A pp. 26 and 30.

\*          \*          \*

6

28.     Admit that Exhibit A pp. 33-34 is a true, correct, and genuine copy of the Order
Amending Caption, as signed by Judge Scarborough, submitted by Green Tree Servicing, LLC's
counsel.

Response: Admitted

*     *     *

29.     Admit that counsel for Green Tree Servicing, LLC never served Defendants' counsel
with the proposed Order Amending Caption.

Response: Admitted upon information and belief based on the absence of a certificate of
service.

*     *     *

30.     Admit that Exhibit A pp. 35-38 is a true, correct, and genuine copy of a letter dated
March 13, 2014, from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel.

Response:     Admitted

*     *     *

31.     Admit that the letter dated March 13, 2014, sent from Green Tree Servicing, LLC to
Kevin Snyder, care of Defendants' counsel (Exhibit A pp. 35-38) was addressed to the incorrect
address for Defendants' counsel.

Response:     Admitted

*     *     *

32.     Admit that Exhibit A p. 40 is a true, correct, and genuine copy of a letter dated March 27,
2014, from Defendants' counsel to counsel from Green Tree Servicing, LLC.

Response:     Admitted

*     *     *

7

33.    Admit that Exhibit A p. 41 is a true, correct, and genuine copy of a statement dated May 7, 2014, from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel.

Response:    Admitted

\*       \*       \*

34.    Admit that the statement dated May 7, 2014, sent from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel (Exhibit A p. 42) was addressed to the incorrect address for Defendants' counsel.

Response:    Admitted

\*       \*       \*

35.    Admit that Exhibit A p. 42 is a true, correct, and genuine copy of a letter dated August 1, 2014, from Defendants' counsel to Green Tree Servicing, LLC.

Response:    Admitted

\*       \*       \*

36.    Admit that Green Tree Servicing, LLC received the letter dated August 1, 2014, from Defendants' counsel to Green Tree Servicing, LLC via fax on August 1, 2014 (Exhibit A p. 42).

Response: Admitted

\*       \*       \*

37.    Admit that Exhibit A p. 44 is a true, correct, and genuine copy of a letter dated August 6, 2014, from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel.

Response:    Admitted

\*       \*       \*

38.    Admit that the letter statement dated August 6, 2014, sent from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel (Exhibit A p. 44) was addressed to the incorrect address for Defendants' counsel.

Response:    Admitted

8

*        *        *

39.     Admit that Exhibit A p. 45 is a true, correct, and genuine copy of a statement dated August 7, 2014, from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel.

     Response:       Admitted

*        *        *

40.     Admit that the statement dated August 7, 2014, sent from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel (Exhibit A p. 45) was addressed to the incorrect address for Defendants' counsel.

     Response:       Admitted

*        *        *

41.     Admit that Exhibit A p. 46 is a true, correct, and genuine copy of a statement dated September 7, 2014, from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel.

     Response:       Admitted

*        *        *

42.     Admit that the Statement dated September 7, 2014, sent from Green Tree Servicing, LLC to Kevin Snyder, care of Defendants' counsel (Exhibit A p. 46) was addressed to the incorrect address for Defendants' counsel.

     Response:       Admitted

*        *        *

43.     Admit that Exhibit A p. 47 is a true, correct, and genuine copy of a letter dated October 22, 2014, from Defendants' counsel to Green Tree Servicing, LLC.

     Response:       Admitted upon information and belief.

*        *        *

9

44.     Admit that Green Tree Servicing, LLC received the letter dated October 22, 2014, from Defendants' counsel to Green Tree Servicing, LLC via fax on October 22, 2014 (Exhibit A p. 47).

    Response:     Denied

                            *          *          *


45.     Admit that Exhibit A p. 48 is a true, correct, and genuine copy of a letter dated March 4, 2015, from Defendants' counsel to Green Tree Servicing, LLC.

    Response:     Admitted

                            *          *          *


46.     Admit that Green Tree Servicing, LLC received the letter dated March 4, 2015, from Defendants' counsel to Green Tree Servicing, LLC via fax on March 4, 2015 (exhibit A p. 48).

    Response: Admitted

                            *          *          *


47.     Admit that Exhibit A p. 50 is a true, correct, and genuine copy of a letter dated March 10, 2015, from Green Tree Servicing, LLC to Defendants' counsel.

    Response:     Admitted

                            *          *          *


48.     Admit that Exhibit A p. 51 is a true, correct, and genuine copy of a letter dated March 19, 2015, from Green Tree Servicing, LLC to Defendants' counsel.

    Response:     Admitted

                            *          *          *

49.     Admit that Exhibit A p. 52 is a true, correct, and genuine copy of an email dated March 26, 2015, from Defendants' counsel to attorney Vance Brabham.

        Response:        Admitted

                              *        *        *



50.     Admit that Exhibit A p. 52 is a true, correct, and genuine copy of an email dated March 26, 2015, from attorney Vance Brabham to Defendants' counsel.

        Response:        Admitted upon information and belief

                              *        *        *



51.     Admit that Exhibit A pp. 53-55 is a true, correct, and genuine copy of a portion of a letter dated April 13, 2016, from Ditech Financial, LLC to Kevin Snyder, care of Defendants' counsel.

        Response:        Admitted

                              *        *        *



52.     Admit that the statement dated April 13, 2016, sent from Ditech Financial, LLC to Kevin Snyder, care of Defendants' counsel (Exhibit A pp. 53-55) was addressed to the incorrect address for Defendants' counsel.

        Response:        Admitted

                              *        *        *



53.     Admit that Exhibit A p. 56 is a true, correct, and genuine copy of a letter dated April 28, 2015, from Defendants' counsel to attorney Vance Brabham.

        Response:        Admitted

                              *        *        *



54.     Admit that Exhibit A pp. 57-58 is a true, correct, and genuine copy of an email dated May 11, 2015, from attorney Vance Brabham to Defendants' counsel.

        Response:        Admitted upon information and belief

11

\*     \*     \*

55.     Admit that Exhibit A p. 58 is a true, correct, and genuine copy of an email dated March 26, 2015, from Defendants' Counsel to attorney Vance Brabham.

    Response:     Admitted upon information and belief

\*     \*     \*

56.     Admit that Exhibit A p. 59-61 is a true, correct, and genuine copy of a letter dated September 22, 2016, from paralegal Maria Watts of Scott & Corley, P.A. to Kevin Snyder, care of Defendants' counsel.

    Response:     Admitted

\*     \*     \*

57.     Admit that Exhibit A p. 59-61 is a true, correct, and genuine copy of a letter dated September 22, 2016, from attorney Jessica Corley to Defendants' counsel.

    Response:     Denied

\*     \*     \*

12

Dated: November 26, 2018

BRADLEY ARANT BOULT CUMMINGS LLP

By: _____
Michael C. Griffin, SC Bar # 72868
ATTORNEYS FOR PLAINTIFF
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
mgriffin@bradley.com
D: (704) 338-6015
F: (704) 332-8858
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S OBJECTIONS AND ANSWERS TO DEFENDANTS' FIRST SET OF REQUESTS FR ADMISSION** was served U.S. mail, postage pre-paid, on this 26 th day of November, 2018, to the following:

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com

2018 NOV 29 AM 9:54

_____
Michael C. Griffin (SC Bar No.72868)

14

# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

May 3, 2013

**VIA HAND DELIVERY**
The Honorable Julie J. Armstrong
Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, South Carolina 29401-2258

       RE:   *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
              Case No.: 2010-CP-7838
              Our File No.: 6349-1

Dear Ms. Armstrong:

      Enclosed for filing please find the original and one copy of the Notice of Appearance of Attorney Jason Luck of the Seibels Law Firm, PA in the above matter. Please file the original, and return the date-stamped copy of the Notice with the bearer of this letter.

      Should you have any questions or require additional information, please do not hesitate to contact me. With kind regards, I remain

                     Very truly yours,

                     **SEIBELS LAW FIRM, P.A.**

                     Erin Magera
                     Paralegal

/elm
Enclosures

  cc:    Alan M. Stewart, Esquire (w/encl)

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
)
COUNTY OF CHARLESTON ) NINTH JUDICIAL CIRCUIT
)
BAC Home Loans Servicing, L.P. f/k/a ) № 2010-CP-10-7838
Countrywide Home Loans Servicing, )
L.P., )
)
Plaintiff, ) Notice of Appearance
)
vs. )
)
Kevin G. Snyder and Mary S. Snyder, )
)
Defendants. )
)
_____ )

    **Notice** is hereby given of the entry of the undersigned as counsel for Defendants. You
are hereby requested to serve all further papers and proceedings in the above-captioned case
upon said attorneys at the addresses stated below. Furthermore, the Plaintiff in this matter has
granted an extension to June 2, 2013, to answer or otherwise respond to the Amended Complaint
(see Exhibit A).


                                  _____
                                    Jason Scott Luck
                                    jluck@seibelsfirm.com
                                    SEIBELS LAW FIRM, P.A.
                                    127 King Street, Suite 100
                                    Charleston, SC 29401
                                    843.722.6777 (phone)
                                    843.722.6781 (telefax)

                                    **Attorney for Defendants**

Charleston, South Carolina
3 May 2013

## CERTIFICATE OF SERVICE
№ 2010-CP-10-7838

I, Erin Magera, of Seibels Law Firm, P.A., do hereby certify that I mailed, postage prepaid, a true and accurate copy of the *Notice of Appearance of Jason S. Luck of the Seibels Law Firm, PA* in the foregoing action to counsel of record as follows:

Alan M. Stewart, Esquire          **Attorney for Plaintiff**
Korn Law Firm, PA
PO Box 12369
Columbia, SC 29211-2369
803-252-5817

May 3, 2013

Erin Magera

FILED
2013 MAY -3 PM 3:39
JULIE J. ARMSTRONG
CLERK OF COURT
BY

**Jason Scott Luck**

**From:** Lynn Hudson <Lynn.Hudson@KornLawFirm.com>
**Sent:** Friday, May 03, 2013 9:36 AM
**To:** jluck@seibelsfirm.com
**Subject:** BAC Home Loans Servicing... v Snyder / F10-06774

Mr. Luck,

An extension has been granted, by Alan Stewart, to you for Kevin and Mary Snyder. Please be advised your default date will be June 2, 2013. Please let me know if you have any other questions regarding this matter.

Thank you,

*Lynn Hudson*

Paralegal to Alan Stewart
Foreclosure Paralegal
KORN LAW FIRM
1300 Pickens Street
PO Box 11264
Columbia, SC 29211
(803) 252-5817 ext. 1023

PRIVILEGED AND CONFIDENTIAL INFORMATION: This electronic message, including any attachments, is intended solely for the use of the intended recipient(s) and may contain information that is attorney-client privileged, may be confidential work product, or may be proprietary. If you are not the intended recipient, please notify the sender, then delete and destroy all copies of this communication and any attachments. If you have received this e-mail in error, please note that any dissemination, distribution, or copying of this communication is strictly prohibited and may subject you to civil liability.

NOTICE REQUIRED BY FEDERAL FAIR DEBT COLLECTION PRACTICES ACT: This firm collects debts for mortgage lenders and other creditors, and any information obtained will be used for that purpose. However, If you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt but only as an attempt to enforce a lien.


EXHIBIT
*A*



6349-1

THE
SEIBELS
LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

June 17, 2013

Green Tree Servicing, LLC
PO Box 6172
Rapid City, SD 57709-6172

RE: *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
Case No.: 2010-CP-10-7838
Our File No.: 6349-1

To whom it may concern:

Please be advised that we represent Kevin and Mary Snyder in the above-captioned action. For your benefit, we are enclosing South Carolina Supreme Court Administrative Order No. 2011-05-02-01, which covers mortgage foreclosure actions and intervention in South Carolina. Please contact us at your first convenience so that we may discuss our clients' options for modification or intervention.

With kind personal regards, I remain

Sincerely yours,

SEIBELS LAW FIRM, P.A.

Jason S. Luck

JSL/elm
Enclosure

# THE SEIBELS LAW FIRM, P.A.

127 King Street, Suite 100
Charleston, South Carolina 29401

843.722.6777
fax 843.722.6781

July 15, 2013

H. Guyton Murrell, Esquire
Korn Law Firm, PA
PO Box 12369
Columbia, SC 29211-2369

RE:   *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
      Case No.: 2010-CP-10-7838
      Our File No.: 6349-1
      Korn Law Firm File No.: F10-06774

Dear Mr. Murrell:

Enclosed please find Defendants' Response to Plaintiff's Requests for Admission in the above referenced matter.

Should you have any questions or require additional information, please do not hesitate to contact me.

With kind personal regards, I remain

Sincerely yours,

SEIBELS LAW FIRM, P.A.

Erin Magera
Legal Assistant

/elm
Enclosure

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
　　　　　　　　　　　　　　　　　)
COUNTY OF CHARLESTON ) NINTH JUDICIAL CIRCUIT
　　　　　　　　　　　　　　　　　)
BAC Home Loans Servicing, L.P. f/k/a ) № 2010-CP-10-7838
Countrywide Home Loans Servicing, )
L.P., )
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff, ) **Defendants' Response to Plaintiff's**
　　　　　　　　　　　　　　　　　) **Requests for Admission**
　　vs. )
　　　　　　　　　　　　　　　　　)
Kevin G. Snyder and Mary S. Snyder, )
　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants. )
_____ )

TO:　　H. GUYTON MURRELL, ESQUIRE, ATTORNEY FOR PLAINTIFF:

Defendants Kevin G. Snyder and Mary S. Snyder respond to Plaintiff's Requests for Admission dated June 14, 2013, as follows:

1. Admit or deny that the Defendant Kevin Snyder applied for a loan by telephone on or about February 2, 2005 with Carolina Trust Mortgage Services.

**RESPONSE: Upon best recollection, admitted.**

2. Admit or deny that the primary purpose of the loan application was to refinance the mortgage encumbering the real property located at 1752 Orange Grove Shores Drive, Charleston, South Carolina.

**RESPONSE:** Admitted to the extent that some of the proceeds were used for **refinancing the loan, though some were not.**

3. Admit or deny that the Defendant Kevin Snyder subsequently signed a loan application on or about April 21, 2005.

**RESPONSE: Admitted.**

Exhibit A  p.7

**123**

4. Admit or deny that the document attached hereto as "Attachment A" is a true and correct copy of the loan application signed by Defendant Kevin G. Snyder on or about April 21, 2005.

**RESPONSE: Denied due to the quality of the copy.**

5. Admit or deny that the Defendant Kevin G Snyder was approved for a loan with Gateway Funding Diversified Mortgage Services in the amount of One Hundred Thirty Five Thousand and 00/100ths ($135,000.00) Dollars.

**RESPONSE: Admitted.**

6. Admit or deny that on or about April 21, 2005 the Defendant Kevin G. Snyder signed a Note to Gateway Funding Diversified Mortgage Services in the amount of One Hundred Thirty Five Thousand and 00/100ths ($135,000.00) Dollars.

**RESPONSE: Admitted.**

7. Admit or deny that the document attached hereto as "Attachment B" is a true and correct copy of the note signed by Defendant Kevin G. Snyder to Gateway Funding Diversified Mortgage Services in the amount of One Hundred Thirty Give Thousand and 00/100ths ($135,000.00) Dollars on or about April 21, 2005.

**RESPONSE: Admitted, subject to the qualification that Defendants did not keep a signed copy for their records and that they are not records custodians for the original document and thus cannot authenticate said document. Defendants do not waive the right to demand the original document be presented at trial. .**

8. Admit or deny that the Defendants Kevin G. Smith and Mary S. Snyder signed a mortgage on or about April 21, 2005 identifying real property to act as collateral for the loan from Gateway Funding Diversified Mortgage Services in the amount of One Hundred Thirty Give Thousand and 00/100ths ($135,000.00) Dollars.

**RESPONSE: Denied.**

9. Admit or deny that the document attached hereto as "Attachment C" is a true and correct copy of the mortgage signed by Defendants Kevin G. Smith and Mary S. Snyder on or about April 21, 2005.

**RESPONSE: Denied.**

10. Admit or deny that the Defendant Mary S. Snyder is not an obligor on the subject note.

**RESPONSE: Admitted, subject to the qualification that she is nonetheless entitled to assert the claims and defenses in the counterclaims and does not waive said defenses and counterclaims.**

11. Admit or deny that the Defendant Kevin G. Smith was provided a Servicing Disclosure Statement at the loan closing on or about April 21, 2005.

**RESPONSE: Denied.**

12. Admit or deny that the Defendant Kevin G. Smith signed the Servicing Disclosure Statement on or about April 21, 2005 acknowledging that he had received the document.

**RESPONSE: Denied.**

13. Admit or deny that the document attached hereto as "Attachment D" is a true and correct copy of the Servicing Disclosure Statement received and signed by Defendant Kevin G. Smith on or about April 21, 2005.

**RESPONSE: Denied.**

Jason Scott Luck
jluck@seibelsfirm.com
SEIBELS LAW FIRM, P.A.
127 King Street, Suite 100
Charleston, SC 29401
843.722.6777 (phone)
843.722.6781 (telefax)

**Attorney for Defendants**

Charleston, South Carolina
July 15, 2013

# CERTIFICATE OF SERVICE

№ 2010-CP-10-7838

I, Erin Magera, of Seibels Law Firm, P.A., do hereby certify that I mailed, postage prepaid, a true and accurate copy of *Defendants' Response to Plaintiffs' Requests for Admission* in the foregoing action to counsel of record as follows:

H. Guyton Murrell, Esquire                    **Attorneys for Plaintiff**
Korn Law Firm, PA
P.O. Box 12369
Columbia, SC 29211-2369

July 5, 2013                    *Erin Magera*
                               Erin Magera

| From: | Jason Scott Luck <jluck@seibelsfirm.com> |
| Sent: | Friday, August 09, 2013 10:30 AM |
| To: | Guyton.Murrell@kornlawfirm.com |
| Subject: | RE: BAC Home Loans Servicing... v Snyder / F10-06774 |

Guyton,

I just left a VM with Dustin. Can you give me a call about this case? I'd like to know who I can contact for loss mitigation/intervention.

Jason Scott Luck
Seibels Law Firm, P.A.
127 King Street, Suite 100
Charleston, SC 29401
Office: 843.722.6777
Fax: 843.722.6781
http://www.seibelsfirm.com/

**KORN LAW FIRM, P.A.**
ATTORNEYS AND COUNSELORS AT LAW
1300 PICKENS STREET
COLUMBIA, SOUTH CAROLINA 29201

MAILING ADDRESS
POST OFFICE BOX 12369
COLUMBIA, SOUTH CAROLINA 29211-2369
(803) 252-5817
FACSIMILE (803) 231-2060

August 13, 2013

Charleston County Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

     RE:   **BAC Home Loans Servicing, LP, et al. v. Kevin G. Snyder, et al.**
           **C/A No.: 2010-CP-10-7838**
           **Our File No.: F10-06774**

Dear Sir or Madam:

    Enclosed, please find the original and a copy of the Affidavit of Default in connection with the above referenced action. Please file these for record and return a copy to me in the self-addressed, stamped envelope provided.

    Feel free to contact me with any questions or concerns.

                 Sincerely,

                 Dustin A. Brasington
                 Litigation Paralegal

/dab
Enc. (as stated)
Cc/enc.:     Charleston County Master-in-Equity
           100 Broad Street, Suite 266
           Charleston, SC 29401

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

Exhibit A  p.13
**129**

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing, LP,

Plaintiff,

vs.

Kevin G. Snyder and Mary S. Snyder,

Defendant.

F10-06774

IN THE COURT OF COMMON PLEAS

C/A No.:  2010-CP-10-7838

**AFFIDAVIT OF DEFAULT**

2013 AUG 26  PM 2: 54
JULIE J. ARMSTRONG
CLERK OF COURT
BY
FILED

**PERSONALLY** appeared before me the undersigned attorney who, being first duly sworn, deposes and says that:

1. He is one of the attorneys for the above-named Plaintiff;

2. The Plaintiff's Request for Admissions was served on Defendants Kevin G. Snyder and Mary S. Snyder on June 14, 2013;

3. More than thirty (30) days have expired since such service;

4. Defendants Kevin G. Snyder and Mary S. Snyder have failed to respond; and

5. Defendants Kevin G. Snyder and Mary S. Snyder are now in default.

**FURTHER AFFIANT SAYETH NOT:**

Korn Law Firm, P.A.
P.O. Box 12369
Columbia, SC 29211-2369
(803) 252-5817

H. Guyton Murrell
Attorney for the Plaintiff

Sworn to and subscribed before me this
13 day of August, 2013.

Notary Public for the State of South Carolina
My Commission expires: 10/06/2020

# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

August 21, 2013

H. Guyton Murrell, Esquire
Korn Law Firm, PA
PO Box 12369
Columbia, SC 29211-2369

RE: *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
Case No.: 2010-CP-10-7838
Our File No.: 6349-1
Korn Law Firm File No.: F10-06774

Dear Guyton:

We are in receipt of your responses to our discovery requests, and we have a number of issues we would like to discuss with you:

Interrogatory No. 10: We would request that you provide a witness who is capable of responding to this Interrogatory, and more generally one that can testify as to the policies and procedures used by your client in the modification/intervention process. This testimony is necessary for our Cross-Claims.

Requests for Production No. 5, 8, 9, 10, and 11: The attached documents do not include any correspondence or any information whatsoever regarding the servicing of this loan and the modification/intervention process[1]. As these documents are critical to our Counter-Claims, we need your client to produce them.

Requests for Production No. 18, 19, and 20: Section 20 of the mortgage clearly states "if there is a change of the Loan Servicer, Borrower will be given written notice of the change". We are entitled to copies of this notice each time the loan servicer changed.

We ask that you provide these documents within 10 days of the date of this letter, or we will be forced to pursue a Motion to Compel. We continue to review your responses and this letter should not be construed as a waiver of our right to argue that other discovery responses are inadequate.

As I mentioned in our August 13, 2013 telephone conversation with you and our June 17, 2013 letter to Green Tree Servicing, LLC, my clients remain interested in pursuing modification or intervention in this account.

Thank you in advance for your assistance.

---

[1] Please note that Request for Production No. 8 also requests the telephone call logs for all collections activity.

H. Guyton Murrell, Esquire
August 21, 2013
Page 2


With kind personal regards, I remain

                              Sincerely yours,

                              **SEIBELS LAW FIRM, P.A.**

                              Jason S. Luck

JSL/elm

**KORN LAW FIRM, P.A.**
ATTORNEYS AND COUNSELORS AT LAW
1300 PICKENS STREET
COLUMBIA, SOUTH CAROLINA 29201

6349-1




MAILING ADDRESS
POST OFFICE BOX 12369
COLUMBIA, SOUTH CAROLINA 29211-2369
(803) 252-5817
FACSIMILE (803) 252-9501

August 21, 2013

Jason Scott Luck, Esq.
Seibels Law Firm, P.A.
127 King Street, Suite 100
Charleston, SC 29401

RE:  **BAC Home Loans Servicing, LP, et al. v. Kevin G. Snyder, et al.**
**C/A No.:  2010-CP-10-07838**
**Our File No.:  F10-06774**

Dear Mr. Luck:

Pursuant to your request, I have enclosed a loss mitigation package for the above referenced matter.  If your clients would like to be considered for any of the loss mitigation options available, please complete the enclosed forms and return them to my office along with the required documents within thirty (30) days of the date of this letter.

Sincerely,

H. Guyton Murrell
Attorney for Plaintiff

HGM/dab
Enclosures

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

STATE OF SOUTH CAROLINA      JUDGMENT IN A CIVIL CASE
COUNTY OF CHARLESTON
IN THE COURT OF COMMON PLEAS     CASE NO. 2010CP-10 - 7838

BAC Home Loan            Kevin Snyder, et AL

_____     _____
PLAINTIFF(S)            DEFENDANT(S)

| Submitted by: | Attorney for : ☐ Plaintiff   ☐ Defendant |
| | or |
| | ☐ Self-Represented Litigant |

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☐ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered. ☐ See Page 2 for additional information.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankrupt; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other
NOTE: ATTORNEYS ARE RESPONSIBLE FOR NOTIFYING LOWER COURT, TRIBUNAL, OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☐ Statement of Judgment by the Court:

## ORDER INFORMATION

This order ☐ ends ☐ does not end the case.
Additional Information for the Clerk : The Court hereby stays the case and Pending orders Plaintiff to ___ ___ for foreclosure intervention.

| INFORMATION FOR THE JUDGMENT INDEX | | |
|---|---|---|
| Complete this section below when the judgment affects title to real or personal property or if any amount should be enrolled. If there is no judgment information, indicate "N/A" in one of the boxes below. | | |
| Judgment in Favor of (List name(s) below) | Judgment Against (List name(s) below) | Judgment Amount To be Enrolled (List amount(s) below) |
| | | $ |
| | | $ |
| | | $ |
| If applicable, describe the property, including tax map information and address, referenced in the order: | | |

The judgment information above has been provided by the submitting party. Disputes concerning the amounts contained in this form may be addressed by way of motion pursuant to the SC Rules of Civil Procedure. Amounts to be computed such as interest or additional taxable costs not available at the time the form and final order are submitted to the judge may be provided to the clerk. Note: Title abstractors and researchers should refer to the official court order for judgment details.

_____    3062      9/30/2013
**Circuit Court Judge**        **Judge Code**     **Date**

SCRCP Form 4C (03/2013)            Page 1

Case Name:

**BAC HOME LOANS SERVICING**

v.

**KEVIN G. SNYDER**

Case No: **2010** -CP-10- **7838**

**KELLER C. FOSTER, ESQUIRE**
Attorney for Plaintiff

_____
Attorney for Defendant

Type of Case: **FORECLOSURE**

I. Uncontested (Default Damages, Supplemental Proceeding, Foreclosure): _____

II. Contested (Breach of Contract, Quiet Title, Partition, Tort, Real Estate): _____
    a. Status Conference to be held within 30 days of referral.
    b. Status Conference date set by court for **SEPTEMBER 30, 2013 AT 11:30 AM**

        i. Attorneys shall appear at status conference with their calendar to prepare
        scheduling order. (See draft Scheduling Order online at
        www.charlestoncounty.org)

III. Verify reference fee paid. Yes ____ or No ____

IV. Does Plaintiff anticipate case ready for trial 180 days from referral? Yes ____ or No ____

V. Verify Attorneys' email addresses: **KellerCFoster@gmail.com**
                        Plaintiff

_____
                        Defendant

Form prepared by: **MASTER'S OFFICE**

Plaintiff _____ or Defendant _____

Date: **7/29/13**

*Upon entry of the status conference date set by the court, this form will be sent to attorney(s) of record. This completed form shall serve as notice of your status conference pursuant to II(b) above. Failure to attend the status conference may result in dismissal of your case under Rule 41(a), SCRCP.

relationships that work
# green tree®





Green Tree Servicing
Attention: Loss Mitigation, T214
7630 S. Kyrene Road
Tempe, AZ 85283
GTServicing.com

10/28/2013

KEVIN G SNYDER
1752 ORANGE GROVE SHORES DR
CHARLESTON SC 29407

Re:   **Account Number:** ███████
      **Past Due Amount:** $ 80,329.48

Dear Borrower:

As your home loan servicer, Green Tree Servicing LLC* ("Green Tree"), wants to work with you to determine the options that may be available to help you stay in your home and/or avoid foreclosure.

Green Tree is sending a Field Representative to meet with you at your home to collect documents that will help us review and evaluate your account for possible workout options. During the Field Representative visit with you, you may expect the following:

∞   You will be shown the Field Representative's identification and, to protect your privacy, the Field Representative will verify your identity by asking to see photo identification such as a driver's license.

∞   The Field Representative will identify the required documentation needed from you to complete our review.

∞   It is important that you have all the documentation ready when the Field Representative comes to your home and that your account number is listed on all documents that you provide us.

∞   Once we have all the necessary documentation to complete your review, Green Tree will evaluate your options and we will contact you to explain those options.

If you do not want our Field Representative to visit your home, please contact us by telephone Monday through Friday from 7 a.m. to 7 p.m. PST at 1-877-338-6030. Kindly note, if we do not hear from you, the Field Representative will attempt to visit your home over the next 7 to 10 days.

You may also submit your request in writing to:

> **Green Tree Servicing, LLC**
> **5505 N. Cumberland Avenue, Suite 307**
> **Chicago, IL 60656**
> **Fax No.:480-383-0539**

If you have any questions about this program or the documentation that we need, please contact us by telephone Monday through Friday from 7 a.m. - 7 p.m. PST at **1-877-338-6030**.

Sincerely,

Green Tree
**1-877-338-6030**
Monday – Friday 7:00am PST – 7:00pm PST

* Green Tree Servicing LLC and related entities, including, for certain accounts, in Pennsylvania, Green Tree Consumer Discount Company.

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

Door Knock, 08/21/2012                                              LTR-1710

# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

30 October 2013

Green Tree Servicing, LLC
5505 N. Cumberland Avenue, Suite 307
Chicago, IL 60656

RE:    *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
Case No.: 2010-CP-10-7838
Our File No.: 6349-1
Your Account Number ███████████

To whom it may concern:

I represent Kevin and Mary Snyder in the above-captioned action and am also your point of contact under <u>In re Mortgage Foreclosure Actions</u>, 720 S.E.2d 908 (S.C. 2011) and via the Snyders' express written permission (provided on or about July 18, 2013). My clients have provided me with a letter from you dated October 28, 2013, stating that you intend on sending a "Field Representative" to their home. The Synders are represented by counsel in this matter, and I would ask that you and your "Field Representative" contact them only through their attorneys, as is contemplated by the South Carolina Supreme Court's order. Any contact with the Snyders without their attorney present could lead to sanctions under <u>In re Mortgage Foreclosure Actions</u>.

This being said, I and the Snyders are ready, willing, and able to discuss the modification of the Snyders' loan. Please contact me at your first convenience so that I can set up a convenient time for us to meet at my office in Charleston, and in order for me to have all the documents you require available.

I am thankful that you are giving the Snyders this opportunity, and I look forward to working with you. Please do not hesitate to contact me if you have any questions.

With kind personal regards, I remain

Sincerely yours,

**SEIBELS LAW FIRM, P.A.**

Jason S. Luck

JSL/elm
cc:   H. Guyton Murrell, Esquire

# green tree

C0340-1

P.O. Box 6172
Rapid City, SD 57709-6172
1-800-643-0202
Fax 1-866-870-9919
GTServicing.com

November 21, 2013

The Seibels Law Firm, P.A.
Jason S Luck
127 King Street, Suite 100
Charleston SC 29401

RE: Green Tree Servicing LLC ("Green Tree") Account No. ███████

Dear Jason S Luck,

This letter is in response to your correspondence received by Green Tree regarding the above referenced account number.

Your request for a Loan Modification has been forwarded to the appropriate department for review. Please contact Michael Y. at 1-800-643-0202 extension 62508 or Xavier A. at extension 62584 for further information. Additional documents regarding the loan modification request can be faxed to (877) 612-2422.

Thank you for your correspondence. If you have any further questions or concerns, please contact Green Tree at (800) 643-0202, Monday - Friday, 7:00 a.m. to 8:00 p.m. CST, and Saturday 7:00 a.m. to 1:00 p.m. CST.

Sincerely,

Green Tree
Customer Service Correspondence

pb/51/*pb*

Customer Service Contact Us Form - Account Inquiry

Close this window

**Call 800 643 0202**

A Customer Service Representative can answer questions about your account.

Enter Your Email Address
jluck@seibelsfirm.com

Telephone Number
8437226777

First Name
Jason

Last Name
Luck

Street Address
127 King Street, Suite 100

City
Charleston

State
So

Zip Code
29401

Are you a current GT customer?

Yes: ◉   No: ◉

Green Tree Account Number
████████

Subject
Phone calls to my client

Purpose of Your Email
Other

Message

I am the attorney of record for the Snyders. There have been a number of phone calls to my client from a company that refuses to identify itself. Please call me at once regarding this issue.

SEND    RESET

Required information is indicated in color.

Exhibit A  p.23

The message has been successfully sent.

Close Window

# Jason Scott Luck

**From:** Customer.Service@greentreecreditsolutions.com
**Sent:** Wednesday, November 06, 2013 4:33 PM
**To:** jluck@seibelsfirm.com
**Subject:** Phone calls to my client

Thank you for your recent inquiry. Your information has been forwarded to the appropriate department for review and account noted accordingly.

Please contact our Customer Service Department for additional assistance at (800) 643-0202, Monday - Friday 7 a.m. to 8 p.m., and Saturday 7 a.m. to 1 p.m. CST.

Thank you,

Green Tree Servicing LLC
Customer Service

The information contained in this email transmission is privileged and confidential, and for the sole use of the intended recipient. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of the accompanying communication is prohibited. If you have received this communication in error, immediately notify Customer Service at 1-800-643-0202.

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received this message in error, please advise the sender by reply email, and delete or destroy the message.

This communication, including any attachments, may contain information that is proprietary, privileged, confidential or legally exempt from disclosure. If you are not a named addressee, you are hereby notified that you are not authorized to read, print, retain a copy of or disseminate any portion of this communication without the consent of the sender and that doing so may be unlawful. If you have received this communication in error, please immediately notify the sender via return e-mail and delete it from your system.



# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

## FACSIMILE MEMORANDUM

| | |
|---|---|
| **TO:** | Green Tree Servicing, LLC |
| **FAX NO.:** | 1-866-673-3022 |
| **DATE:** | November 12, 2013 |
| **FROM:** | Attorney Jason Luck/elm |
| **RE:** | BAC Home Loans Servicing v. Kevin and Mary Snyder |
| **Case No.:** | 2010-CP-10-7838 |
| **Our File No.:** | 6349-1 |
| **Account No.:** | ███████ |
| **Note:** | Please see the attached correspondence from Attorney Luck regarding the above referenced matter. |

There are **5** pages including this one to be faxed. If there is an error in transmission, please contact our office at (843) 722-6777.

Thank you.

*THIS FACSIMILE MESSAGE MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*



# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

30 October 2013

Green Tree Servicing, LLC
5505 N. Cumberland Avenue, Suite 307
Chicago, IL 60656

RE:     *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
        Case No.: 2010-CP-10-7838
        Our File No.: 6349-1
        Your Account Number ███████████

To whom it may concern:

I represent Kevin and Mary Snyder in the above-captioned action and am also your point of contact under In re Mortgage Foreclosure Actions, 720 S.E.2d 908 (S.C. 2011) and via the Snyders' express written permission (provided on or about July 18, 2013). My clients have provided me with a letter from you dated October 28, 2013, stating that you intend on sending a "Field Representative" to their home. The Synders are represented by counsel in this matter, and I would ask that you and your "Field Representative" contact them only through their attorneys, as is contemplated by the South Carolina Supreme Court's order. Any contact with the Snyders without their attorney present could lead to sanctions under In re Mortgage Foreclosure Actions.

This being said, I and the Snyders are ready, willing, and able to discuss the modification of the Snyders' loan. Please contact me at your first convenience so that I can set up a convenient time for us to meet at my office in Charleston, and in order for me to have all the documents you require available.

I am thankful that you are giving the Snyders this opportunity, and I look forward to working with you. Please do not hesitate to contact me if you have any questions.

With kind personal regards, I remain

Sincerely yours,

SEIBELS LAW FIRM, P.A.

Jason S. Luck

JSL/elm
cc:     H. Guyton Murrell, Esquire

127 King Street, Suite 100
Charleston, South Carolina 29401

843.722.6777
fax 843.722.6781

July 18, 2013

Green Tree Servicing, LLC
PO Box 6172
Rapid City, SD 57709-6172

RE: *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
Case No.: 2010-CP-10-7838
Our File No.: 6349-1

To whom it may concern:

Per your request, please find attached our client's authorization for account number 68874808-6. We would also ask that you please familiarize yourself with the provisions of In re Mortgage Foreclosure Actions, 720 S.E.2d 908 (S.C. 2011).

Please do not hesitate to contact me if you have any questions.

With kind personal regards, I remain

Sincerely yours,

**SEIBELS LAW FIRM, P.A.**

Jason S. Luck

JSL/elm
Enclosure

cc:   H. Guyton Murrell, Esquire (w/ encl)

July 9, 2013

Green Tree Servicing, LLC
PO Box 6172
Rapid City, SD 57709-6172

RE:      Account No.: █████████

To whom it may concern:

Please be advised that our attorney, Jason Luck at The Seibels Law Firm, PA, has our full authority to represent us in the modification/intervention process.  If you have any questions please do not hesitate to contact us or Mr. Luck

_____
Kevin Snyder

Dated: 7/16/13

_____
Mary Snyder

Dated: 7/16/13



# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

**CONFIDENTIAL**

August 21, 2013

H. Guyton Murrell, Esquire
Korn Law Firm, PA
PO Box 12369
Columbia, SC 29211-2369

RE:  *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
Case No.: 2010-CP-10-7838
Our File No.: 6349-1
Korn Law Firm File No.: F10-06774

Dear Mr. Murrell:

Enclosed please find Required Documents for Home Loan Assistance in the above referenced matter, which I am sending to you at Attorney Jason Luck's request.

Should you have any questions or require anything further, please do not hesitate to contact me.

With kind regards, I remain

Sincerely yours,

**SEIBELS LAW FIRM, P.A.**

Katharina Garvin
Paralegal

/kfg
Enclosure

# Transmission Log

Seibels Law Firm      Tuesday, 2013-11-12   13:54      8437226781

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|------|------|------|-------|--------|-------|---------------------|-----|--------|
| 2013-11-12 | 13:51 | SCAN | 00176 | 2:04 | 9600 | GreenTree Serv T2 | 5 | OK -- V.29 AR30 |

THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
FAX 843.722.6781

## FACSIMILE MEMORANDUM

TO:        Green Tree Servicing, LLC

FAX NO.:        1-866-673-3022

DATE:        November 12, 2013

FROM:        Attorney Jason Luck/elm

RE:        BAC Home Loans Servicing v. Kevin and Mary Snyder

Case No.:        2010-CP-10-7838

Our File No.:        6349-1

Account No.:        ████████

Note:        Please see the attached correspondence from Attorney Luck regarding the above referenced matter.

There are 5 pages including this one to be faxed. If there is an error in transmission, please contact our office at (843) 722-6777.

Thank you.

*THIS FACSIMILE MESSAGE MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.*

Exhibit A  p.31

February 20, 2014

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

> Re: BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP -vs-
> Kevin G. Snyder, and Mary S. Snyder
> Docket No. 2010-CP-10-7838
> Our file # F10-06774

Dear Clerk of Court:

Enclosed please find the original and one copy of the Order Amending Caption on the above referenced case, along with our check in the amount of $25.00. Please file for record, returning the clocked copy in the envelope provided within.

Thank you in advance for your cooperation in this matter.

Very truly yours,

KORN LAW FIRM, P.A.
Foreclosure Department

Enclosures

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing LP

☒ Plaintiff

v.

Kevin G. Snyder, and Mary S. Snyder, et al

☐ Defendant.

IN THE COURT OF COMMON PLEAS

CASE NO: 2010-CP-10-7838

MOTION AND ORDER INFORMATION

FORM AND COVER SHEET

| **Plaintiff's Attorney:** <br> John S. Kay #7914; John B. Kelchner #13589; <br> Suzannah Hayes #66404; Ashley Zarrett #74854; <br> Michal Kalwajtys #100950; Kevin T. Hardy #76015; | Address: <br> **Korn Law Firm, PA** <br> PO Box 12369, Columbia, SC 29211-2369 <br> Phone: 803.252.5817 x2052   Fax: 803.231.2105 <br> e-mail: |
|---|---|

☐ MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)
☒ FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)
☐ PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)

**SECTION I: Hearing Information**

Nature of Motion: Order Amending Caption
Estimated Time Needed:    Court Reporter Needed: ☐ YES / ☐ NO

**SECTION II: Motion/Order Type**

☐ Written motion attached
☒ Form Motion/Order
    I hereby move for relief or action by the court as set forth in the attached proposed order.

_Ashley Zarrett_                         _2/9/14_
Signature of Attorney for ☒ Plaintiff        Date submitted

**SECTION III: Motion Fee**

☒ PAID – AMOUNT: $25.00
☐ EXEMPT:   ☐ Rule to Show Cause in Child or Spousal Support
(check reason) ☐ Domestic Abuse or Abuse and Neglect
☐ Indigent Status             ☐ State Agency v. Indigent Party
☐ Sexually Violent Predator Act   ☐ Post-Conviction Relief
☐ Motion for Stay in Bankruptcy
☐ Motion for Publication       ☐ Motion for Execution (Rule 69, SCRCP)
☐ Proposed order submitted at request of the court; or, reduced to writing from motion made in open court per
   judge's instructions
            Name of Court Reporter:
            ☐ Other:

| **JUDGE'S SECTION** | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. <br> ☐ Other: | JUDGE <br> CODE: _____ Date: _____ |

**CLERK'S VERIFICATION**
Collected by: _____        Date Filed: _____
☐ MOTION FEE COLLECTED: _____   ☐ CONTESTED – AMOUNT DUE: _____

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, LP f/k/a
Countrywide Home Loans Servicing LP

        PLAINTIFF,

        vs.

Kevin G. Snyder, and Mary S. Snyder,

        DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

ORDER AMENDING CAPTION

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED

---

F10-06774

    It appearing to the Court that this action was brought in the name of BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP in anticipation that an assignment into that entity would be placed of record, and it appearing that no such assignment has been placed of record, but by virtue of an assignment recorded September 9, 2013, in Book 0359 at Page 558, the loan was transferred from Countrywide Home Loans, Inc. to Green Tree Servicing, LLC. The proper plaintiff in this case is Green Tree Servicing, LLC, and on motion of the plaintiff's attorney that the caption be amended to show Green Tree Servicing, LLC, as the proper plaintiff.

    IT IS HEREBY ORDERED that the caption be amended to show Green Tree Servicing, LLC as plaintiff.

                        Master in Equity for Charleston County

_____, 2014

Charleston, South Carolina

I SO MOVE:

_____

PETER D. KORN / JOHN S. KAY / DEAN HAYES
JOHN B. KELCHNER / SUZANNAH HAYES
ASHLEY ZARRETT / KEVIN T. HARDY
CHRIS S. TRULUCK / MICHAL KALWAJTYS
Attorneys for Plaintiff

Green Tree Servicing LLC
P.O. Box 6172
Rapid City, SD 57709-6172

RECEIVED

+ 0472699 000036039 096C30 - 0926010
KEVIN G. SNYDER
C/O JASON LUCK
12 KING ST STE 100
CHARLESTON SC 29401-2714

# green tree®

Green Tree Servicing LLC
P.O. Box 6172
Rapid City, SD 57709-6172
Tel: 1-800-643-0202
Fax: 1-877-612-2422
GTServicing.com

March 13, 2014

KEVIN G. SNYDER
C/O JASON LUCK
12 KING ST STE 100
CHARLESTON SC 29401-2714

**Account #:** 

Dear KEVIN G. SNYDER:

Green Tree Servicing LLC ("Green Tree") recently received your application for a loss mitigation option for your above-referenced account. At this time Green Tree has determined that your application is incomplete.

We will complete an initial evaluation for a loss mitigation option once all required information has been received and will then respond to your request within 30 days.

**If you were approved for a repayment plan, deferral or forbearance during a conversation with your account representative, please be advised that submitting the additional information below is voluntary and will be used to review your account for other loss mitigation options. You may, without submitting any additional information, continue with the agreed upon terms, as discussed.**

Please read these instructions carefully and complete the following application in its entirety so that Green Tree may evaluate your eligibility for a loss mitigation option that may help you avoid foreclosure. Providing all requested documents will ensure that your application is processed in a timely manner.

Please understand that you may not qualify for a loss mitigation option. Qualification varies depending upon your financial situation, account type, the protocols of the owner of your account, if any, and previous loss mitigation assistance you may have already received.

Once we receive the complete loss mitigation application, we will review its eligibility for a loss mitigation option, which may include the following:
- Loan Modification
- Home Affordable Modification Program (HAMP)
- Deferral
- Extension
- Forbearance
- Home Affordable Unemployment Program (HAUP/UP).

Please note that the following loss mitigation options are also available to you to avoid actual foreclosure, but you will not retain your home:
- Short Sale
- Deed in Lieu of Foreclosure (DIL).

**Please submit the following missing items, where applicable, within thirty (30) days:**

**For each borrower who receives a salary or hourly wage:**
- Copy of your two most recent pay stubs that show year-to-date earnings (not more than 90 days old at the time of submission).

**For each borrower who is self-employed:**
- Most recent quarterly or year-to-date profit/loss statement.

Exhibit A  p.36

**152**

**For each borrower who has income such as Social Security, disability, or death benefits, pension, adoption assistance, public assistance or unemployment:**
- Copy of benefits statement or a letter from the provider that states the amount, frequency and duration of the benefit, and
- Two most recent bank statements showing receipt of such payment.

**For each borrower who is relying on alimony, child support or separation maintenance as qualifying income[1]:**
- Copy of divorce decree, separation agreement, other written agreement filed with the court, or decree that states the amount and period of time over which it will be received, and
- Two most recent bank statements showing receipt of such payment.

**For each borrower who has rental income or if you are current on your mortgage payments:**
- Copies of the most recently filed signed federal tax return with all schedules, including the Schedule E – Supplemental Income and Loss.

**For each borrower who has non-wage income (part time employment, bonuses, tips and investment income):**
- Copy of documentation describing the nature of the income (e.g., an employment contract or printouts documenting tip income).

**Most recent or current information as it relates to the property:**
- Tax bill(s), including each tax agency that is paid
- Declaration page for your homeowner's hazard insurance policy, including your agent's name and telephone number
- Declaration page for your homeowner's flood insurance policy, including your agent's name and telephone number (if applicable)
- Homeowner's Association statement or bill, including the payment remittance information (if applicable).

**Additional documents needed:**
- Two most recent bank statements.
- Signed copy of form 4506-T or 4506T-EZ.

**Completed financial form (Uniform Borrower Assistance Form or Request for Modification Assistance):**
- Attached.

**Please submit the missing items to the following address or fax number:**

Green Tree Servicing LLC
Attn: Loss Mitigation, T214
7360 South Kyrene Road
Tempe, AZ 85283
Fax: (877) 612-2422

Once all documentation has been received, you may contact your account representative at any time while your request is under review. If your application is approved, your account representative will notify you to discuss the loss mitigation option(s) for which you are eligible. If your application is denied, you will receive a letter stating the denial reason.

If your account was previously referred to foreclosure, we will continue the foreclosure process while we evaluate your account for a loss mitigation option, if allowed by state law. However, no foreclosure sale will be conducted and you will not lose your home if Green Tree is reviewing a completed borrower response package or has extended an offer and the time frame for acceptance has not expired.

**If the documentation was received less than 37 days prior to a scheduled foreclosure sale, we will evaluate the account for a loss mitigation option and suspend the foreclosure sale, if appropriate.**

Green Tree will not be in violation if the foreclosure sale is not suspended when:

- A court (if any), or a bankruptcy court in a bankruptcy case, or a public official charged with carrying out the foreclosure, fails or refuses to halt some or all activities in the matter, after Green Tree has made reasonable efforts to move the court or request the public official to stop the foreclosure.

- Action is taken to protect the interests of the owner, investor or guarantor of the account in response to action taken by you or other parties in the foreclosure process.

---

[1] You are not required to disclose child support, alimony or separation maintenance income unless you choose to have it considered by Green Tree.

Exhibit A  p.37



0472694 0000361039 0916C3D 3 of 3

Please be advised that any loss mitigation option that Green Tree is able to provide on this account will not be applicable to any other mortgage accounts or liens that you may have on this property. Please contact the servicer(s) of any other mortgage account or lien that is secured by this property in order to discuss loss mitigation options that may be available for you.

For all first lien mortgage accounts: You have the right to receive a copy of all written appraisals or valuations developed in connection with a loan modification application.

If you wish to discuss your account or have any other questions, please contact your account representative. Your assigned account representative is Michael Y. at 1-800-643-0202 extension 62508.

Green Tree has designated the following address where mortgage loan customers must send any Qualified Written Request, Notice of Error, or Request for Information: PO Box 6176 Rapid City SD 57709-6176.

Respectfully,

Green Tree
1-800-643-0202
Monday - Friday 7 a.m. to 8 p.m., and Saturday 7 a.m. to 1 p.m. CST

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

CFPB Loss Mitigation Acknowledgment Letter, 10/04/2013        YAAKN291 1.0        LTR-176

JULIE J. ARMSTRONG
CLERK OF COURT, C.P. & G.S.
100 BROAD STREET, SUITE 106
CHARLESTON, SC 29401-2258

RETURN SERVICE REQUESTED





www3.charlestoncounty.org

CHARLESTON
COUNTY
SOUTH CAROLINA

18

JASON SCOTT LUCK
127 KING ST STE 100
CHARLESTON SC  29401-2279

## NOTICE OF ENTRY OF JUDGMENT/ORDER PURSUANT TO RULE 77 SCRCP

### Master Order amending caption

**CASE NO: 2010CP1007838**
**Bac Home Loans Servicing L P Etc  , plaintiff, et al VS Kevin G Snyder  , defendant, et al**

This judgment was entered on the 20th day of March, 2014, and a copy mailed first class on Monday, March 24, 2014, to all counsel of record and/or all parties entitled to receive notice.

You may view and download this document at www3.charlestoncounty.org.



# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

27 March 2014

Ashley Zarrett
Korn Law Firm, PA
P.O. Box 12369
Columbia, SC 29211-2369

RE: *Green Tree Servicing, LLC v. Kevin and Mary Snyder*
Case No.: 2010-CP-10-7838
Our File No.: 6349-1
Korn Law Firm File No.: F10-06774

Dear Ashley:

A recent notice from the Charleston County Clerk of Court alerted us to a Master's Order amending the caption. Upon reviewing the record on-line we discovered:

(1) We were not copied on the February 20, 2014, correspondence to the court providing the proposed order to the Master.

(2) We were not informed of the September 30, 2013, status conference, where the Master issued an order staying this case (dated September 30, 2013).

(3) We were not copied on the August 13, 2013, correspondence to the court providing Guyton Murrell's Affidavit of Default. This affidavit is in error, as we served our responses to your Requests to Admit on July 15, 2013 (see attached).

We would ask that you verify your records reflect that we are the attorneys of record for the Defendants in this action. Further, we would ask that you have the Affidavit of Default stricken from the record and provide proof this has been accomplished within twenty (20) days of this letter.

Please do not hesitate to contact me with any questions.

With kind regards, I remain

Sincerely yours,

**SEIBELS LAW FIRM, P.A.**

Jason Scott Luck

/JSL
Enclosure

**green tree®**
relationships that work

PO Box 6172
Rapid City, SD 57709-6172

Statement Date: 05/07/2014

#BWNKDVR
#GMJMGODP6#

• 0481406 000061592 09GT11-055801-P6
KEVIN G SNYDER
C/O JASON LUCK
12 KING ST STE 100
CHARLESTON SC 29401-2714
IlIlIlIIIlIlIlIIlIlIlIlIlIlIIIIIlIlIl

| Account Number | ▇▇▇▇▇▇ |
|---|---|
| Next Payment Due | 06/01/2014 |
| Amount Due | $91,751.24 |

*If payment is received after 06/01/2014, a $0 late fee will be charged.*

Phone: 1-800-643-0202
Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST
Email: customer.service@gtservicing.com
Property Address:
1752 ORANGE GROVE SHORES DR
CHARLESTONE, SC 29407

## Account Information

| | |
|---|---|
| Principal Balance (Not a Payoff Amount): | $137,020.25 |
| Escrow Balance*: | $-20,059.31 |
| Corporate Advance Balance**: | $3,125.00 |
| Interest Rate: | 7.50000% |
| Interest Type: | Actuarial |
| Prepayment Penalty: | No |

*Escrow represents monies collected and held by servicer for the future payment of taxes and insurance.

**Corporate Advances represents monies advanced by servicer to pay taxes, insurance, and any other amount currently due that are not part of an escrow account.

## Explanation of Amount Due

| | |
|---|---|
| Principal: | $206.02 |
| Interest: | $784.39 |
| Escrow: | $321.81 |
| **Regular Monthly Payment:** | **$1,312.22** |
| Total Fees & Charges Due: | $115.50 |
| Optional Insurance/Other Products: | $0.00 |
| Past Due Amount: | $90,323.52 |
| ¹ Total Amount Due: | $91,751.24 |

## Past Payments Breakdown

| | Last Month | Year To Date |
|---|---|---|
| Principal: | $0.00 | $0.00 |
| Interest: | $0.00 | $0.00 |
| Escrow: | $0.00 | $0.00 |
| Fees and Charges: | $0.00 | $0.00 |
| Optional Insurance/Other Products: | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |
| Unapplied Amount | $0.00 | $0.00 |

## Transaction Activity

| Date | Description | Charges | Payments |
|---|---|---|---|
| 04/10/2014 | Escrow Disbursement | $-63.00 | |
| 04/08/2014 | Escrow Disbursement | $-2,302.00 | |

¹This amount may not be sufficient to reinstate your account. Contact Green Tree for the exact amount required for reinstatement.

**Your account is now severely delinquent and your immediate action is required. Contact your account representative, CASSANDRA T. at 1-800-643-0202, extension 62508, to make immediate payment arrangements.**

**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**

### ** Delinquency Notice **

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure-the loss of your home. As of 05/07/2014, you are 2074 days delinquent on your mortgage loan. Your account first became delinquent on 09/02/2008.

You are currently in the following loss mitigation program: FNMA Home Affordable Modification Program.

A first notice or filing to initiate foreclosure on your account has occured.

*Recent Account History*
·Payment Due: 01/01/2014: Unpaid balance of $1,427.72
·Payment Due: 02/01/2014: Unpaid balance of $1,427.72
·Payment Due: 03/01/2014: Unpaid balance of $1,427.72
·Payment Due: 04/01/2014: Unpaid balance of $1,427.72
·Payment Due: 05/01/2014: Unpaid balance of $1,427.72
·Payment Due: 06/01/2014: Unpaid balance of $1,427.72
·Total: $91,751.24 due. You must pay this amount to bring your loan current.

If You Are Experiencing Financial Difficulty: See back for information about mortgage counseling or assistance.

relationships that work

 Detach and return bottom portion with remittance

**Exhibit A-App. 4**

-Please make checks payable to Green Tree-

157





# THE SEIBELS LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

`1 August 2014

Green Tree Servicing, LLC
Attn: Loss Mitigation, T214
7360 South Kyrene Road
Tempe, AX 85283
877-612-2422

RE:   *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
      Case No.: 2010-CP-10-7838
      Our File No.: 6349-1
      Your Account Number ██████████

To whom it may concern:

In May of 2014, we received a "Monthly Billing Statement" for this account, which we understand is still in the intervention process. We left a voicemail with Cassandra Turner regarding this document on June 4, 2014. We have had no response to date, and would appreciate clarification of this matter.

We look forward to your response.

With kind personal regards, I remain

Sincerely yours,

**SEIBELS LAW FIRM, P.A.**

Jason Scott Luck

/JSL
cc: Kevin and Mary Snyder

# Transmission Log

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
|------|------|------|-------|--------|-------|---------------------|-----|--------|
| 2014-08-01 | 11:35 | SCAN | 00382 | 5:25 | 9600 | +1 (651) 293-5500 | 2 | OK -- V.29 AR30 |

## THE SEIBELS LAW FIRM, P.A.

127 King Street, Suite 100
Charleston, South Carolina 29401

843.722.6777
fax 843.722.6781

### FACSIMILE MEMORANDUM

TO:       Green Tree Servicing, LLC

FAX NO.:       877-612-2422

DATE:       August 1, 2014

FROM:       Attorney Jason Luck/elm

RE:       BAC Home Loans Servicing, LP v. Kevin and Mary Snyder

Case No.:       2010-CP-10-7838

Our File No.:       6349-1

Note:       Please see the attached correspondence from Attorney Jason Luck in the above referenced matter.

There are 2 pages including this one to be faxed. If there is an error in transmission, please contact our office at (843) 722-6777.

Thank you.

THIS FACSIMILE MESSAGE MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.
THANK YOU.

Exhibit A  p.43

**green tree** 

Green Tree
PO Box 6172
Rapid City, SD 57709-6172
Tel. 800-643-0202
Fax. 866-870-9919
GTServicing.com

August 6, 2014

KEVIN G. SNYDER
C/O JASON LUCK
12 KING ST STE 100
CHARLESTON, SC 29401

**RE: Account No.** ▮▮▮▮▮▮▮▮

Dear KEVIN G. SNYDER :

Green Tree Servicing LLC or its Affiliates ("Green Tree") received your correspondence regarding the above referenced loan on 08/01/14.  Your inquiry is currently under review.

We are in the process of retrieving and reviewing the loan and servicing files and other information on the subject matter in order to fully investigate your inquiry.  Once all the relevant documentation has been reviewed and the matter has been discussed with any relevant Green Tree personnel involved, we will provide you with a written response.  You can expect to receive the written response within thirty (30) business days from the date we received your correspondence.

If you have any questions or comments, please contact Customer Service at the above address.

Sincerely,

Green Tree Customer Service
Correspondence Dept.

/8LA

# green tree®
relationships that work

PO Box 6172
Rapid City, SD 57709-6172

| Account Number | ▮▮▮▮▮▮ |
|---|---|
| Next Payment Due | 09/01/2014 |
| Amount Due | $94,773.77 |

If payment is received after 09/01/2014, a $0 late fee will be charged.

#BWNKDVR
#GMJMGODP6#
+ 050L237 000064350 09GT11-055801-P8
KEVIN G SNYDER
C/O JASON LUCK
12 KING ST STE 100
CHARLESTON SC 29401-2714

Phone: 1-800-643-0202
Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST
Email: customer.service@gtservicing.com
Property Address:
1752 ORANGE GROVE SHORES DR
CHARLESTONE, SC 29407

## Account Information

| | |
|---|---|
| Principal Balance (Not a Payoff Amount): | $137,020.25 |
| Escrow Balance*: | $-20,248.31 |
| Corporate Advance Balance**: | $3,198.75 |
| Interest Rate: | 7.50000% |
| Interest Type: | Actuarial |
| Prepayment Penalty: | No |

*Escrow represents monies collected and held by servicer for the future payment of taxes and insurance.

**Corporate Advances represents monies advanced by servicer to pay taxes, insurance, and any other amount currently due that are not part of an escrow account.

## Explanation of Amount Due

| | |
|---|---|
| Principal: | $209.91 |
| Interest: | $780.50 |
| Escrow: | $321.81 |
| **Regular Monthly Payment:** | **$1,312.22** |
| Total Fees & Charges Due: | $7.37 |
| Optional Insurance/Other Products: | $0.00 |
| Past Due Amount: | $93,454.18 |
| ¹ Total Amount Due: | $94,773.77 |

## Payment Breakdown

| | Last Month | Year To Date |
|---|---|---|
| Principal: | $0.00 | $0.00 |
| Interest: | $0.00 | $0.00 |
| Escrow: | $0.00 | $0.00 |
| Fees and Charges: | $0.00 | $0.00 |
| Optional Insurance/Other Products: | $0.00 | $0.00 |
| **Total** | **$0.00** | **$0.00** |
| Unapplied Amount | $0.00 | $0.00 |

## Transaction Activity

| Date | Description | Charges | Payments |
|---|---|---|---|
| 07/22/2014 | Insurance Advance Di | $-18.75 | |
| 07/22/2014 | Insurance Advance Di | $-7.50 | |
| 07/22/2014 | Insurance Advance Di | $-7.50 | |
| & Prior | Insurance Advance Di | $-7.50 | |

Your account may have more transactions than are displayed. Contact Green Tree for additional transaction history.

¹This amount may not be sufficient to reinstate your account. Contact Green Tree for the exact amount required for reinstatement.

**Your account is now severely delinquent and your immediate action is required. Contact your account representative, CASSANDRA T. at 1-800-643-0202, extension 62508, to make immediate payment arrangements.**

**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**

### ** Delinquency Notice **

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure-the loss of your home. As of 08/07/2014, you are 2166 days delinquent on your mortgage loan. Your account first became delinquent on 09/02/2008.

A first notice or filing to initiate foreclosure on your account has occured.

Recent Account History
-Payment Due: 04/01/2014: Unpaid balance of $1,312.22
-Payment Due: 05/01/2014: Unpaid balance of $1,312.22
-Payment Due: 06/01/2014: Unpaid balance of $1,312.22
-Payment Due: 07/01/2014: Unpaid balance of $1,312.22
-Payment Due: 08/01/2014: Unpaid balance of $1,314.72
-Payment Due: 09/01/2014: Unpaid balance of $1,319.59
-Total: $94,773.77 due. You must pay this amount to bring your loan current.

If You Are Experiencing Financial Difficulty: See back for information about mortgage counseling or assistance.

relationships that work

Detach and return this portion with remittance

·Please make checks payable to Green Tree·

# green tree®

PO Box 6172
Rapid City, SD 57709-6172

## MONTHLY BILLING STATEMENT
### Statement Date: 09/07/2014

| Account Number | ██████████ |
|---|---|
| **Next Payment Due** | **10/01/2014** |
| **Amount Due** | **$96,093.36** |

*If payment is received after 10/01/2014, a $0 late fee will be charged.*

#BWNKDVR
#GMJMGODP6#

+ 0510848 000063567 096T11-055801-P8
KEVIN G SNYDER
C/O JASON LUCK
12 KING ST STE 100
CHARLESTON SC 29401-2714

Phone: 1-800-643-0202
Mon - Fri 7AM - 8PM CST
Saturday 7AM - 1PM CST
Email: customer.service@gtservicing.com
Property Address:
1752 ORANGE GROVE SHORES DR
CHARLESTONE, SC 29407

## Account Information

| | |
|---|---|
| Principal Balance (Not a Payoff Amount): | $137,020.25 |
| Escrow Balance**: | $-20,311.31 |
| Corporate Advance Balance***: | $3,198.75 |
| Interest Rate: | 7.50000% |
| Interest Type: | Actuarial |
| Prepayment Penalty: | No |

**Escrow represents monies collected and held by servicer for the future payment of taxes and insurance.

***Corporate Advances represents monies advanced by servicer to pay taxes, insurance, and any other amount currently due that are not part of an escrow account.

## Explanation of Amount Due

| | |
|---|---|
| Principal: | $211.22 |
| Interest: | $779.19 |
| Escrow: | $321.81 |
| **Regular Monthly Payment:** | **$1,312.22** |
| Total Fees & Charges Due: | $7.37 |
| Optional Insurance/Other Products: | $0.00 |
| Past Due Amount: | $94,773.77 |
| 1 Total Amount Due: | $96,093.36 |

## Past Payments Breakdown

| | Last Month | Year To Date |
|---|---|---|
| Principal: | $0.00 | $0.00 |
| Interest: | $0.00 | $0.00 |
| Escrow: | $0.00 | $0.00 |
| Fees and Charges: | $0.00 | $0.00 |
| Optional Insurance/Other Products: | $0.00 | $0.00 |
| **Total:** | **$0.00** | **$0.00** |
| Unapplied Amount | $0.00 | $0.00 |

## Transaction Activity

| Date | Description | Charges | Payments |
|---|---|---|---|
| 08/13/2014 | Escrow Disbursement | $-63.00 | |

1This amount may not be sufficient to reinstate your account. Contact Green Tree for the exact amount required for reinstatement.

**Your account is now severely delinquent and your immediate action is required.  Contact your account representative, CASSANDRA T. at 1-800-643-0202, extension 62508, to make immediate payment arrangements.**

**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**

## ** Delinquency Notice **

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure the loss of your home. As of 09/07/2014, you are 2198 days delinquent on your mortgage loan. Your account first became delinquent on 09/01/2008.

A first notice or filing to initiate foreclosure on your account has occured.

*Recent Account History*
·Payment Due: 05/01/2014: Unpaid balance of $1,312.22
·Payment Due: 06/01/2014: Unpaid balance of $1,312.22
·Payment Due: 07/01/2014: Unpaid balance of $1,312.22
·Payment Due: 08/01/2014: Unpaid balance of $1,314.72
·Payment Due: 09/01/2014: Unpaid balance of $1,319.59
·Payment Due: 10/01/2014: Unpaid balance of $1,319.59
·Total: $96,093.36 due. You must pay this amount to bring your loan current.

If You Are Experiencing Financial Difficulty: See back for information about mortgage counseling or assistance.

Detach Exhibit As part6 with remittance
-Please make check payable to Green Tree-
162



# THE
# SEIBELS
## LAW FIRM, P.A.

127 KING STREET, SUITE 100
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

22 October 2014

**Via U.S. Mail and Fax**
Green Tree Servicing, LLC
Attn: Ms. Turner
3550 George Busbee Pkwy, Suite 200
Kennesaw, GA 30144
866.673.3022

RE: *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
Case No.: 2010-CP-10-7838
Our File No.: 6349-1
Your Account Number 68874808-6

Dear Ms. Turner:

It was a pleasure to speak with you on October 15, 2014; I must say that I was most impressed by your demeanor and professionalism in our conversation. We represent the Snyders in this matter (see attached authorization and cover letter).

Based on our conversation, it is my understanding that you are my single point of contact on this account, and the address and fax number above are the correct means to contact you. In this conversation you also informed me that the Snyders were approved for a modification of the mortgage in question, but it was subsequently denied because of a missed trial payment. After examining your records, you told me that Green Tree had the wrong address for my office (presumably where these documents were sent): you said Green Tree's records listed my office address as 12 King Street, Suite 100, when the correct address is *127* King Street, Suite 100. I trust that this information has been updated in your system.

Considering that the denial of modification was due solely to the mistake of Green Tree, I would ask that this agreement be reinstated after I have had an opportunity to review its terms. I would also request that any interest and finance charges that have been incurred since your mistake be reversed. I would also request that Green Tree take the appropriate action to address any negative credit reports that have occurred to its mistake.

I look forward to your prompt response.

Sincerely yours,

**SEIBELS LAW FIRM, P.A.**

Jason Scott Luck

/JSL
Enclosure
cc: Kevin and Mary Snyder

# THE SEIBELS LAW FIRM, P.A.



38 BROAD STREET, SUITE 200
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

4 March 2015

**Via Facsimile and U.S. Mail**
Green Tree Servicing, LLC
Mail Stop R299
P.O. Box 6172
Rapid City, SD 57709
855.895.4481

**Via U.S. Mail**
Green Tree Servicing, LLC
P.O. Box 6176
Rapid City, SD 57709-6176

**Via Facsimile and U.S. Mail**
Green Tree Servicing, LLC
Attn: Loss Mitigation, T214
7360 South Kyrene Road
Tempe, AZ 85283
877.612.2422

RE:    Your Account Number ████████
         Our File No.: 6349-1

To Whom It May Concern:

We have reviewed your proposed terms of modification. The proposed monthly payment for the trial period is virtually unchanged from prior monthly payments on this mortgage, and will likely go up after the trial period. Further, the mortgage rate of 7.5% is substantially higher than the current market rate. We do not believe the terms of the proposed modification, which are substantially similar to those of the original mortgage, are a good faith offer to resolve this dispute.

We would request that you provide us with the methodology by which you have "verified" my clients' monthly income (which appears high), determined their property's value, and determined the offered interest rate. In addition, please consider this a written appeal of your decision on modification due to error on your part.

We would also ask you preserve any documents related to this loan for discovery purposes, whether prepared or generated by your or one of your predecessors-in-interest.

**Please note that our office moved in late December 2014, and the move may have disrupted normal mail service. Our new address is: 38 Broad Street, Suite 200, Charleston, SC 29401. Please update your records.**

With kind personal regards, I remain

Sincerely yours,

SEIBELS LAW FIRM, P.A.

Jason S. Luck

/JSL

# Transmission Log

| Date | Time | Type | Job # | Length | Speed | Station Name/Number | Pgs | Status |
| ---- | ---- | ---- | ----- | ------ | ----- | ------------------- | --- | ------ |
| 2015-03-04 | 14:43 | SCAN | 00006 | 2:05 | 9600 | +1 (651) 293-5500 | 2 | OK -- V.29 AR30 |

## THE SEIBELS LAW FIRM, P.A.

38 Broad Street, Suite 200
Charleston, South Carolina 29401

843.722.6777
fax 843.722.6781

### FACSIMILE MEMORANDUM

| | |
| --- | --- |
| TO: | Green Tree Servicing, LLC |
| FAX NO.: | 855-895-4481 |
| DATE: | March 4, 2015 |
| FROM: | Attorney Jason Luck/elm |
| RE: | Account # ▮▮▮▮ |
| Our File No.: | 6349-1 |
| Note: | Please see the attached correspondence from Attorney Luck regarding the above referenced matter. |

There are **2** pages including this one to be faxed. If there is an error in transmission, please contact our office at (843) 722-6777.

Thank you.

THIS FACSIMILE MESSAGE MAY CONTAIN PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY FOR THE USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT RESPONSIBLE TO DELIVER IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE.
THANK YOU.

Exhibit A p.49

6349-1
3/16/15

# green tree

March 10, 2015

THE SEIBELS LAW FIRM
ATTN: JASON LUCK
38 BROAD ST
STE 200
CHARLESTON SC 29401

Green Tree Servicing LLC
PO Box 6172
Mailstop R299
Rapid City, SD 57709-6172
1-855-858-3873
Fax 1-855-895-4481
HAMPDisputes@GreenTreeCreditSolutions.com

RE: Green Tree Servicing LLC ("Green Tree")
    Account Number: ██████████ Kevin G Snyder

Dear Jason Luck:

Green Tree recently received your inquiry or dispute regarding the Foreclosure Prevention Alternatives.

We will research the account and resolve your inquiry or dispute by 3/19/15. The case reference number for your inquiry or dispute is CASEMGMT- 6044.

If you have any additional questions, please call us toll-free at 1-855-858-3873, Monday – Friday 8 a.m. to 4 p.m. MST.

Respectfully,


Green Tree
/kas/34

# green tree

Green Tree Servicing LLC
PO Box 6172
Mailstop R299
Rapid City, SD 57709-6172
1-855-858-3873
Fax: 1-855-895-4491

March 19, 2015

THE SEIBELS LAW FIRM, ATTN JASON LUCK
38 BROAD STREET STE 200
CHARLESTON SC 29401

Account #: ████████
Case Reference #: CASEMGMT-6044

Dear THE SEIBELS LAW FIRM, ATTN JASON LUCK:

Green Tree Servicing LLC ("Green Tree") is in the process of completing the review of KEVIN G SNYDER inquiry or dispute on the above-referenced account. Unfortunately, we have not concluded the investigation required to respond to the case but should provide a response to the case to you by 4/3/2015.

If you have any additional questions, please call us toll-free at 1-855-858-3873, Monday – Friday 8 a.m. to 4 p.m. MST.

Respectfully,

Green Tree

Cc: KEVIN G SNYDER
    JASON LUCK 127 KING ST STE 100
    CHARLESTON, SC 29401

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dispute Status Update Third Party, 08/23/2012
(TP)

LTR-182

0577-1
ER

**Jason Scott Luck**

| | |
|---|---|
| **From:** | Jason Scott Luck <jluck@seibelsfirm.com> |
| **Sent:** | Thursday, March 26, 2015 1:23 PM |
| **To:** | 'Vance Brabham' |
| **Subject:** | RE: Green Tree Servicing, LLC v. Kevin and Mary Snyder: 2010-CP-10-0838 |
| **Attachments:** | Ltr.Zarrett 27 March 2014.pdf; GT correspondence March 2015.pdf |

Vance,

Glad to have you on board. We remain the Snyders' counsel of record. Please serve us at the address below.

I've attached the recent correspondence from Green Tree to give you an idea of where we are. Has the stay been lifted?

I've also attached a letter I sent to your predecessor that I never got a response to.


***Our address has changed (see below). Please update your records accordingly.***

Jason Scott Luck
Seibels Law Firm, P.A.
38 Broad Street, Suite 200
Charleston, SC 29401
Office: 843.722.6777
Fax: 843.722.6781
http://www.seibelsfirm.com/




**From:** Vance Brabham [mailto:vanceb@scottandcorley.com]
**Sent:** Thursday, March 26, 2015 1:07 PM
**To:** jluck@seibelsfirm.com
**Subject:** Green Tree Servicing, LLC v. Kevin and Mary Snyder: 2010-CP-10-0838

Jason,

Our firm is in the process of taking this case over from Korn Law Firm and I noticed that you had filed an Answer and CC in this matter. When I look the public index, the borrowers are listed as if they were pro se, but I do not see an Order relieving you as counsel. Have you been relieved as counsel of record for the Snyders?

I want to be sure that we serve all necessary documents correctly.


**Vance Brabham**

Supervising Attorney
vanceb@scottandcorley.com

430098    5

Exhibit A  p.53
169

DITECH FINANCIAL LLC
P.O. BOX 6172
RAPID CITY SD 57709

US POSTAGE AND FEES PAID
**FIRST-CLASS**
Apr 14 2016
Mailed from ZIP 56303
4 oz First-Class Mail Flats Rate

071V00922396

endicia.com

KEVIN SNYDER
JASON LUCK
CHARLESTON SC 29401

Envelope: 912LTR
Total Pages: 16
DitechBRE(44022)



Ditech Financial LLC
P.O. Box 6172
Rapid City, SD 57709-6172
Phone: 1-800-643-0202
www.ditech.com

April 13, 2016

KEVIN SNYDER
JASON LUCK
127 KING ST STE 100
CHARLESTON, SC 29401

Re:  Ditech Financial LLC, ("Ditech")
     Account Number: ███████████
     Property Address: 1752 ORANGE GROVE SHORES
                       CHARLESTONE, SC 29407

Dear KEVIN SNYDER:

**Avoid Foreclosure-Act Now**

Your mortgage is seriously delinquent. We've tried to contact you to discuss the foreclosure prevention options available to you, but your time is running out. To avoid foreclosure, you must contact us.

**Option 1: Stay in Your Home**

Based on our estimate of your home's value, **you're approved for a Trial Period Plan to modify your mortgage payment (see attached).** During this Trial Period Plan, you will be required to make three monthly payments.

Please call us at 800-643-0202 by **April 27, 2016** to confirm your participation and for directions on how to mail your first Trial Period Plan payment. If you follow the terms of the Trial Period Plan, your account will be permanently modified. To stay in your home and avoid foreclosure, you must contact us right away or send us your first Trial Period Plan payment.

> **AVOID FORECLOSURE- ACT BY: April 27, 2016**
>
> Contact a member of our customer support team at 800-643-0202 to ask questions and discuss these foreclosure prevention options

0038204715
STMOD/CAP Extend Solicitation

5/14/2015
LTR-1097

2016041316.1.0.3454-N20150825N



Exhibit A  p.54

**170**

**Option 2: Leave Your Home and Avoid Foreclosure**

If you are unable or unwilling to pay the monthly payment listed above, you have two options to avoid foreclosure - a short sale or deed-in-lieu of foreclosure. You can still avoid the financial and emotional impacts of foreclosure, but you must contact us now.

**Contact Us**

We want to help you. Call us today if you would like to discuss any of these options. If you do not respond by **April 27, 2016**, foreclosure actions on your home will continue.

Sincerely,

Ditech
800-643-0202
Monday - Friday 7 a.m. to 8 p.m., Saturday 7 a.m. to 1 p.m. CST

**Remember, you must respond by April 27, 2016.**

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

0038204715
STMOD/CAP Extend Solicitation

2016041316.1.0.3454-N20150825N

5/14/2015
LTR-1097





**THE**
**SEIBELS**
**LAW FIRM, P.A.**

38 BROAD STREET, SUITE 200
CHARLESTON, SOUTH CAROLINA 29401

843.722.6777
fax 843.722.6781

April 28, 2015

Vance Brabham, Esquire
Scott & Corley, PA
PO Box 2065
Columbia, SC 29202

RE:   *BAC Home Loans Servicing, LP v. Kevin and Mary Snyder*
      *Case No.: 2010-CP-10-7838*
      *Our File No.: 6349-1*

Dear Vance,

   We have not received a response to our email of March 26, 2015. Further, we would like to take this opportunity to dispute the alleged debt, and would request your client's written proof of the same.

   With kind personal regards, I remain

                    Sincerely yours,

                    **SEIBELS LAW FIRM, P.A.**

                    Jason S. Luck

/JSL

**From:** **Jason Scott Luck** jluck@seibelsfirm.com 
**Subject:** Fwd: Green Tree Servicing, LLC v. Kevin and Mary Snyder: 2010-CP-10-0838
**Date:** February 27, 2018 at 1:08 PM
**To:** Jason Luck jluck@garrettlawsc.com

---------- Forwarded message ----------
From: Vance Brabham <vanceb@scottandcorley.com>
Date: Mon, May 11, 2015 at 6:32 PM
Subject: RE: Green Tree Servicing, LLC v. Kevin and Mary Snyder: 2010-CP-10-0838
To: Jason Scott Luck <jluck@seibelsfirm.com>

Jason,

I just received your letter inquiring about the questions you raised in this email. I am sorry for the delay in a response, but our file was placed on hold shortly after I sent out the initial paperwork.

At the moment, Green Tree does not wish for my firm to move this forward, though that may change at any time. If it should change, my firm would need to respond to your dispute of the debt before proceeding.

Regarding the Affidavit of Default entered, it appears that Korn Law Firm served notice on your clients (before you had appeared) that their application for loan modification in this matter was denied on April 4, 2013.

This was Korn's certification of compliance with the Administrative Order. There would have been 30 days following that denial notice for your clients to file a response following denial under the Administrative Order.

I'm not confident that I have every document in Korn's file, but it appears that the Snyder's Answer was not served until June 3, 2013, which was more than 30 days after the foreclosure intervention denial was served.

I'm not certain why the Affidavit of Default from that time refers to Requests to Admit in its body, but it does appear that the Answer you filed in June was not timely and a default affidavit would have been appropriate unless you had obtained an extension from Korn or leave of court. If you did have an agreement for additional time with Korn please let me know and if you can provide evidence so I can have it for my file.

As far as the case being stayed, it appears that the stay should have been lifted by Korn's certification. But, it looks like that has never been communicated to the Court. Regardless, it appears that the case has effectively been on hold since that point.

Couple of questions: 1) Did you ever get a further response from Green Tree as referenced in their March 19, 2015 letter? 2) Do you believe your clients to currently be in a loss mitigation review?

Vance Brabham

Supervising Attorney

vanceb@scottandcorley.com



Main: 803.252.3340 / Direct: 803.753.4626 Fax: 855.236.4081
2712 Middleburg Dr., Suite 200, Columbia, SC 29204
PO Box 2065, Columbia, SC 29202

www.scottandcorley.com

**PRIVILEGED AND CONFIDENTIAL:** This electronic message (including any attachments) is intended only for the use of the individual or entity to which it is addressed and may contain information that is attorney-client privileged, may be confidential work product, or may be exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is wrongful, is strictly prohibited, and may subject you to civil liability. If you have received this communication in error, please immediately notify us by telephone at 803-252-3340 or by return e-mail, and destroy any copies (electronic, paper, or otherwise) that you may have of this communication.

**DEBT COLLECTOR:** This firm collects debts for mortgage lenders and other creditors. Any information obtained will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien.

**IRS CIRCULAR 230 DISCLOSURE:** To ensure compliance with certain U.S. Treasury regulations, we inform you that, unless expressly stated otherwise, any tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of avoiding tax-related penalties that may be imposed by the IRS or to promote, market or recommend to any party any tax-related matter addressed herein. In addition, if any such tax advice is used or referred to by other parties in promoting, marketing or recommending any partnership or other entity, investment plan or arrangement, then (i) the advice should be construed as written in connection with the promotion or marketing by others of the transaction(s) or matter(s) addresses in this communication and (ii) the taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

**From:** Jason Scott Luck [mailto:jluck@seibelsfirm.com]
**Sent:** Thursday, March 26, 2015 1:23 PM
**To:** Vance Brabham
**Subject:** RE: Green Tree Servicing, LLC v. Kevin and Mary Snyder: 2010-CP-10-0838

Vance,

Glad to have you on board. We remain the Snyders' counsel of record. Please serve us at the address below.

I've attached the recent correspondence from Green Tree to give you an idea of where we are. Has the stay been lifted?

I've also attached a letter I sent to your predecessor that I never got a response to.

**_*** Our address has changed (see below). Please update your records accordingly.***_**

Jason Scott Luck
Seibels Law Firm, P.A.
38 Broad Street, Suite 200

Charleston, SC 29401
Office: 843.722.6777

Exhibit A p.58

**174**

**SCOTT AND CORLEY, P.A.**
Attorneys and Counselors at Law

Street Address:
2712 Middleburg Drive, Suite 200
Columbia, SC 29204

Telephone: (803) 252-3340
Facsimile: (855) 601-4921

Mailing Address:
P.O. Box 2065
Columbia, SC 29202

September 22, 2016

**PERSONAL & CONFIDENTIAL**
**FOR ADDRESSEE ONLY**

Kevin G. Snyder
c/o Jason S. Luck, Esquire
Seibels Law Firm, P.A.
38 Broad Street, Suite 200
Charleston, SC 29401

WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

HOWEVER, IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.

Re: Payoff Quote

Loan Number: ███████████
Mortgagor(s): Kevin G. Snyder, Mary S. Snyder
Property Address: 1752 Orange Grove Shores Dr, Charleston, SC 29407
Attorney File No. 141093.00243K

Dear Jason S. Luck, Esquire:

This letter responds to your request for a payoff of the above-referenced loan.

<u>As of the date of this letter</u>, the amount required to pay off the above-referenced loan is $253,678.78.

**PER YOUR REQUEST**, the payoff amount, which includes per diem interest through the "Good Through Date" of October 7, 2016, has been calculated by the mortgage servicer as follows:

| Description | Amount |
|---|---|
| | |
| Principal Balance | $137,020.25 |
| Accrued Interest from 08/01/2008 to 09/22/2016 | $83,671.92 |
| Escrow Advance | $27,445.36 |
| Pro Rata MIP/PMI | $45.00 |
| Recording Fee | $5.00 |
| Corp Advance – Property Inspections | $380.00 |
| Corp Advance – Paid Foreclosure Fees/Costs | $4,211.25 |
| Incurred Foreclosure Fees | $900.00 |
| Payoff Amount as of the Date of this Letter | $253,678.78 |
| Anticipated Interest from 09/23/2016 to 10/07/2016 | $422.25 |
| Payoff Amount Per Your Request including per diem interest through the "Good Through Date" of October 7, 2016 | $254,101.03 |

Again and to be very clear, this payoff amount is good **ONLY** through October 7, 2016, the "Good Through Date." **If the Good Through Date falls on a holiday or non-working day, payments will be treated as timely if made on the next working day.**

If you want to pay off the loan after October 7, 2016, then you must contact Scott and Corley, P.A. at (803) 252-3340 or (877) 254-5827 for a new payoff amount.

**Please understand that the payoff figures listed above are expressly SUBJECT TO final verification upon receipt of the payoff funds by your mortgage servicer as you will be responsible per your mortgage contract, for the reimbursement to the mortgage servicer of escrow advances for taxes and insurance paid by the mortgage servicer prior to the pay off of this loan.**

**PAYMENT INSTRUCTIONS:** Payment must be submitted in the form of a certified cashier's check(s) and/or money order(s) and must be made payable to "Ditech". Payment by personal check will not be accepted and will be returned. Funds must be sent to Scott and Corley, P.A. at the address listed above. The payoff funds will be returned if any portion of the funds is in the form of a personal check. After payoff funds are received, you may be required to sign appropriate documents and take other requested action to assist in obtaining a withdrawal of the foreclosure action.

**IMPORTANT NOTE:** If your payoff amount tendered is less than the total amount due on the date of your payment, the mortgage servicer reserves the right to reject your payment and continue with the legal process.

PLEASE CAREFULLY READ THE FOLLOWING INFORMATION CONCERNING THE FORECLOSURE.

PLEASE BE ADVISED that the foreclosure action will **NOT** stop until the total payoff funds are received in compliance with the terms in this letter.

PLEASE NOTE that if there is a foreclosure sale date scheduled for your property, this letter DOES NOT extend or change that foreclosure sale date. Therefore, the foreclosure sale will nonetheless occur unless the loan is reinstated or paid off **PRIOR TO** the foreclosure sale as required by applicable law.

Should you have any questions regarding the above, please do not hesitate to contact Scott and Corley, P.A. at (803) 252-3340 or (877) 254-5827.

Very truly yours,

**Scott and Corley, P.A.**


Maria S. Watts
Paralegal

# SCOTT AND CORLEY, P.A.

### Attorneys and Counselors at Law

Street Address:
2712 Middleburg Drive, Suite 200
Columbia, SC 29204

Telephone: (803) 252-3340
Facsimile: (855) 601-4921

Mailing Address:
P.O. Box 2065
Columbia, SC 29202

*THIS IS A COMMUNICATION FROM A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE, EXCEPT AS STATED BELOW IN THE INSTANCE OF BANKRUPTCY PROTECTION.*

*IF YOU ARE UNDER THE PROTECTION OF THE BANKRUPTCY COURT OR HAVE BEEN DISCHARGED AS A RESULT OF A BANKRUPTCY PROCEEDING, THIS NOTICE IS GIVEN TO YOU PURSUANT TO STATUTORY REQUIREMENT AND FOR INFORMATIONAL PURPOSES AND IS NOT INTENDED AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY..*

February 16, 2018

Jason S. Luck
Attorney for Kevin G. Snyder
And Mary S. Snyder
1075 E. Montague Ave.
North Charleston, SC 29405

> Re: Green Tree Servicing LLC v. Kevin G. Snyder and Mary S. Snyder
> Property Address: 1752 Orange Grove Shores Dr, Charleston, SC 29407
> SLF No. 141093.00243K Case No. 2010-CP-10-07838

Dear Mr. Luck:

My firm is in receipt of your correspondence disputing the debt in the above-referenced matter. Pursuant to the dispute, please find enclosed a copy of the following documents which serve as validation of the debt:

(1) Note;
(2) Mortgage;
(3) Assignments of mortgage; and
(4) Loan payment history

The original creditor of your mortgage loan was Gateway Funding Diversified Mortgage Services L.P. 300 Welsh Road, Building 5, Horsham, Pennsylvania, 19044 Columbia, SC 29212 which originated on April 21, 2005, Loan Number 1043014843. The current servicer of the loan is Green Tree Servicing LLC.

Should you have any questions, do not hesitate to contact me.

Very truly yours,
SCOTT AND CORLEY, P.A.

Jessica Corley, Esq

Exhibit A  p.62

**178**

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

GREEN TREE SERVICING LLC,

Plaintiff,

v.

Kevin G. Snyder and Mary S. Snyder

Defendants.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

**Plaintiffs' Response in Opposition to
Defendants' Motion to Compel**

NOW COMES Green Tree Servicing, LLC ("Green Tree" or "Plaintiff") now known as

Ditech Financial, LLC and through undersigned counsel, and serves its Response in Opposition to

the Defendants Kevin G. Snyder and Mary S. Snyder's ("Defendants") Motion to Compel.

## PROCEDURAL HISTORY OF THE CASE

This is a foreclosure action filed by the Plaintiff against Defendant borrowers on October

27, 2010. (See, Amended Complaint.) Plaintiff's predecessor in interest Bank of America filed an

initial foreclosure action in 2009, in which this Court granted a foreclosure judgment. The

judgment was subsequently vacated owing to the first South Carolina Supreme Court

Administrative Order. The basis for the foreclosure action is the Defendants default of the

obligations under the mortgage and note, as they have not made a payment since September of

2008, approximately 123 missed payments, which amounts to roughly $115,000.

During the time period Bank of America serviced the loan, it solicited Defendant Kevin

Snyder for loss mitigation multiple times from 2009 to 2011 with no response from Mr. Snyder.

Following the filing of the Complaint, prior counsel for Plaintiff served Defendants with a notice

of foreclosure intervention on December 17, 2012. Prior counsel also served and filed a certificate

of compliance with the South Carolina Supreme Court Administrative Order 2011-05-02-01 (the

"Foreclosure Intervention Order" or "the 2011 Administrative Order") on April 8, 2013, as Defendants Snyder failed to respond to the notice of foreclosure intervention.

In May 2013, prior counsel granted counsel for defendants an extension of time to respond to the Complaint as the defendants were in default for failing to respond to the Complaint. In June 2013, Defendants filed the answer and counterclaim alleging Civil Compensatory Contempt for violation of the S.C. Consumer Protection Code, breach of contract for failing to notify the borrowers of the assignment of the mortgage and failing to offer loss mitigation in good faith, violation of the South Carolina Unfair Trade Practices Act, and Quiet Title. In September 2013, the Court entered an order staying the litigation pending foreclosure intervention. Upon information and belief, prior counsel failed to serve counsel for defendants with the request for stay or the notice of hearing on the request for stay.

Defendants served certain requests for production and interrogatories seeking *inter alia* documents and information related to a Consent Order entered the United States Federal Court for the District of Minnesota in a suit brought by the Federal Trade Commission in April 2015, plaintiff's policies and procedures related to loss mitigation evaluation, and the fee agreement between plaintiff and the law firms engaged to handle this action. Plaintiff objected to the production of the documents on grounds that the request was overly broad, that the requests sought information not relevant to any cause of action or defense raised in the action, attorney-client privilege, and on grounds that certain of the information is treated by plaintiff as business confidential and proprietary.

Defendants filed the present motion to compel seeking an order compelling plaintiff to provide documents related to a Consent Order entered the United States Federal Court for the District of Minnesota in a suit brought by the Federal Trade Commission in April, its policies and

procedures related to loss mitigation evaluation, and the fee agreement between plaintiff and the law firms engaged to handle this action. Defendants also seek sanctions in the form of attorneys' fees and costs.

## ARGUMENT

**A.** **The Documents Sought are Unrelated to Any Valid Cause of Action or Defense Raised in this Action, and are not Reasonably Calculated to Lead to the Discovery of Admissible Evidence.**

Rule 26 of the S.C. Rules of Civil Procedure governs the permissible scope of discovery. It allows a court to limit discovery where the discovery sought is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; . . ." Id. Discovery must be "relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, . . .." Id. Moreover, discovery can be denied in order to protect a party from "annoyance, embarrassment, oppression, or undue burden by expense, . . .." Id. "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. S.C. R. Evid. 401. Evidence which is not relevant is not admissible. S.C. R. Evid. 402.

1. The Requests Seeking Policies and Procedures are Wholly Unrelated to the Counterclaims and are Therefore not Relevant.

As an initial matter, in each of the counterclaims, Defendants allege in support that there are "other acts and omissions to be determined after a reasonable period of discovery." Answer, ¶¶ 14(c) – 20; 22; 24(c); and 27(c). This is akin to pleading that I don't know what plaintiff did wrong, but give me time and I will find it. Moreover, any documents related to the Consent

Order entered the United States Federal Court for the District of Minnesota in a suit brought by the Federal Trade Commission in April 2015, or plaintiff's policies and procedures related to loss mitigation evaluation are not relevant and not reasonably calculation to lead to the discovery of admissible evidence.

### a. Loss Mitigation/Foreclosure Intervention/Breach of Contract

As to the stated First Counterclaim, prior counsel served Mr. Snyder with a notice of foreclosure intervention on December 17, 2012. Prior counsel also served and filed a certificate of compliance with the South Carolina Supreme Court Administrative Order 2011-05-02-01 (the "Foreclosure Intervention Order" or "the 2011 Administrative Order") on April 8, 2013, as Mr. Snyder failed to respond to the notice of foreclosure intervention. These events occurred prior to the appearance of defendant's counsel and prior to the filing of the counterclaims. This makes clear that the prior servicer complied with the requirements of the 2011 Administrative Order and any cause of action alleged pursuant to the 2011 Administrative Order fails.

Assuming plaintiff or its predecessor failed to comply with the 2011 Administrative Order, the Order provides, "[n]o foreclosure hearing may be held in the foreclosure action until the Mortgagee's attorney certifies that the Mortgagee has complied with the requirements..." set forth in the Order. By its terms, compliance with the 2011 Administrative Order is a condition precedent to a foreclosure action. It does not, however, create a private right of action or form the basis for a counterclaim. *Weber v. Bank of Am. NA,* No. 0:13-CV-01999-JFA, 2013 WL 4820446, at *3 (D.S.C. Sept. 10, 2013) ("The [2011] Administrative Order, on its face, does not create a private cause of action."). It should also be noted that plaintiff provided a loan modification offer to defendant in 2015 which was rejected.

Finally, the Defendants filed the Counterclaim filed in June 2013, two years prior to the Consent Order referenced in the Request for Production. There is no reference to the Consent Order in the Counterclaims at all. This fact combined with the language in the complaint, "other acts and omissions to be determined after a reasonable period of discovery," suggest that the discovery sought relates a future act or omission by plaintiff. Answer, ¶¶ 14(c) – 20; 22; 24(c); and 27(c). This is indicative of a fishing expedition which is an impermissible use of the discovery process.

        *b.*    *Unfair Trade Practices*

As to the unfair trade claim, under S.C. Code § 39-5-150, the statute of limitations for such a claim is 3-years. As a result, any allegation related to the loan closing is barred. To the extent it relates to any loss mitigation by the prior servicer, the cause of action fails. There is no liability for conduct in which Plaintiff is not alleged to have performed. *Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 106 (D.S.C. 2009) (upholding dismissal of SCUTPA claim against servicer of loan who did not become involved with loan until 2 years after the closing of the loan). To the extent the unfair trade claim relates to Ditech's actions in loss mitigation, as argued above, prior counsel complied with the 2011 Administrative Order. Moreover, there is no right to a loan modification, nor is there an obligation under the note, mortgage, or statute to modify an existing obligation. In this case, however, plaintiff provided a loan modification offer to defendant in 2015 which was rejected.

Finally, in order to recover under the South Carolina Unfair Trade Practices Act ("SCUTPA"), a party client must show: (1) plaintiff engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) defendant suffered monetary or property loss as a result of Ditech's unfair or deceptive act(s). S.C.

Code Ann. §§ 39-5-10 to -560; *see also Wright v. Craft*, 372 S.C. 1, 23, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006). However, "SCUTPA is unavailable to redress private wrongs if the public interest is unaffected." *Ardis v. Cox*, 431 S.E.2d 267, 271 (S.C. Ct. App. 1994) ("Otherwise, every intentional breach of contract within a commercial setting would constitute an unfair trade practice and thereby subject the breaching party to treble damages."). The "adverse effect" on the public must be proved by *specific* facts. *Jefferies v. Phillips*, 451 S.E.2d 21, 23 (S.C. Ct. App. 1994) (emphasis added). "If Plaintiffs cannot prove 'specific facts,' then 'all we are left with is a speculative claim of adverse public impact and that will not suffice for a recovery under the UTPA.'" *Id.* Plaintiff is not in the business of loan modifications or loss mitigation. It conducted foreclosure intervention in this case, which includes cash for keys, deed in lieu, etc., because it is required to do so by the 2011 Administrative Order. The foreclosure intervention process does not involve trade or commerce, nor does it affect the public interest as it solely relates to a transaction between this plaintiff and this defendant. Ultimately, the cause of action fails as there is no private right of action under the 2011 Administrative Order which render discovery requests into this issue irrelevant and not reasonably calculated to lead to the discovery of relevant evidence.

2. Attorney Fee Agreement

In In re Grand Jury Subpoena cited by Defendants, the U.S. Attorney served a grand jury subpoena on an attorney commanding him to testify and produce documents concerning the *identity* of a client. It was not related to a fee agreement or retainer agreement. Moreover, the justification for the request is the demand for attorneys' fees including with the demand for a judgment of foreclosure. Foreclosure counsel will file an affidavit of fees with the foreclosure judgment which will detail the amount of the fees. Moreover, foreclosure counsel will file an affidavit to establish that the amount of time spent and the rate of the fee are reasonable and

commensurate with local practice. Plaintiff's objection is substantially justified in that it treats its fee agreement as proprietary, and assumes that firms in South Carolina prefer to keep its legal fee rates confidential and protected from competitors.

**B.      Sanctions in this Instance are Unwarranted as Plaintiff's Objections are Substantially Justified.**

Rule 37(a)(4) provides that if the motion to compel is granted, "the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, *unless the court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust.*" In response to the meet and confer letter submitted by counsel, Plaintiff explained in detail the justification for the objections, all of which evidence Plaintiff's objections are substantially justified. (See Letter to Counsel dated August 31, 2018, attached hereto as Exhibit A). Moreover, Defendants' reliance on the Canadian Am. Express Co. decision is inapposite as in that matter, the sanctioned party failed to respond to Court-ordered discovery, which is not the circumstances in this case:

> The court found that Can–Am's *failure to comply with court ordered discovery* added to the Balls' costs in bringing this action and awarded attorneys' fees. Under Rule 37(a)(4), SCRCP, the court shall require the payment of reasonable expenses incurred in obtaining the order compelling discovery, including attorneys' fees. Thornton v. Thornton, 294 S.C. 512, 366 S.E.2d 37 (Ct. App. 1988). The court did not abuse its discretion in awarding attorneys' fees in this case.

Id. 314 S.C. at 277 (emphasis added).

The decisions in South Carolina approving sanctions all relate to the sanctioned party's violation of the Court's order to respond to some form of discovery request or deposition notice. See, e.g., Ball v. Canadian American Express Co., 314 S.C. 272, 442 S.E.2d 620 (Ct. App. 1994) (affirming sanction where counsel for the defendant "freely admitted his clients had refused to

comply with discovery orders before a certain take and had still not complied with certain discovery requests by the time of trial."); Karppi v. Greenville Terrazzo Co., Inc. 327 S.C. 538, 541-42, 489 S.E.2d 679, 681 (Ct. App. 1997) (affirming sanction following second motion to compel discovery filed after a party refused to attend a deposition as ordered by the court); Ralphs v. Trexler, No. 2005-UP-219, 2005 WL 7083860 ("When Trexler failed to attend a third deposition, Ralphs moved for sanctions under Rule 37(b), SCRCP."). None of the facts of these decisions are present in this case. As a result, even if the Court were to disagree with Plaintiff's substantially justified position regarding the objections to discovery, sanctions are unwarranted.

## CONCLUSION

The requests at issue are not relevant to any cause of action in the litigation, and as a result, cannot possibly lead to the discovery of admissible, relevant evidence. They are beyond the scope of discovery, which must be "relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, . . .." which must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." S.C. R. Civ. P. 26; S.C. R. Evid. 401; see also S.C. R. Evid. 402. The discovery relates to foreclosure intervention efforts which occurred after the filing of the Certification of Compliance with the Supreme Court Administrative Order and after the filing of the Counterclaims. Plaintiff respectfully requests that the Court deny the motion to compel. If the court decides to grant the motion, Plaintiff respectfully requests that the Court deny the request for sanctions.

Dated: December 5, 2018

BRADLEY ARANT BOULT CUMMINGS LLP

By: _____
Michael C. Griffin, SC Bar # 72868
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
mgriffin@bradley.com
D: (704) 338-6015
F: (704) 332-8858
*Attorney for Plaintiff*

statement. I also note that in response to the request for admissions, Mr. Snyder stated that he has very little recollection of the transaction. As a result, I don't see how this allegation can be sustained.

As to the allegations and discovery related to loss mitigation/foreclosure intervention efforts, prior counsel served Mr. Snyder with a notice of foreclosure intervention on December 17, 2012. Prior counsel also served and filed a certificate of compliance with the South Carolina Supreme Court Administrative Order 2011-05-02-01 (the "2011 Admin Order") on April 8, 2013, as Mr. Snyder failed to respond to the notice of foreclosure intervention. These events occurred prior to your appearance and prior to the filing of the counterclaims. I think this makes clear, however, that the prior servicer complied with the requirements of the 2011 Admin Order and any cause of action alleged pursuant to the 2011 Admin Order fails.

Assuming Ditech or its predecessor failed to comply with the 2011 Admin Order, the Order provides, "[n]o foreclosure hearing may be held in the foreclosure action until the Mortgagee's attorney certifies that the Mortgagee has complied with the requirements..." set forth in the Order. By its terms, compliance with the 2011 Administrative Order is a condition precedent to a foreclosure action. It does not, however, create a private right of action or form the basis for a counterclaim. *Weber v. Bank of Am. NA,* No. 0:13-CV-01999-JFA, 2013 WL 4820446, at *3 (D.S.C. Sept. 10, 2013) ("The [2011] Administrative Order, on its face, does not create a private cause of action.").

As to the unfair trade claim, under S.C. Code § 39-5-150, the statute of limitations for such a claim is 3-years. As a result, any allegation related to the loan closing is barred. Moreover, there is no liability for conduct in which Plaintiff is not alleged to have performed. *Harris v. Option One Mortg. Corp.,* 261 F.R.D. 98, 106 (D.S.C. 2009) (upholding dismissal of SCUTPA claim against servicer of loan who did not become involved with loan until 2 years after the closing of the loan). To the extent it relates to any loss mitigation by the prior servicer, the cause of action fails. Ditech's prior counsel complied with the 2011 Admin Order. Moreover, there is no right to a loan modification, nor is there an obligation under the note, mortgage, or statute to modify an existing obligation. In any event, Ditech provided a loan modification offer to your clients in 2015 which your clients rejected.

Finally, in order to recover under the South Carolina Unfair Trade Practices Act ("SCUTPA"), your client must show: (1) Ditech engaged in an unfair or deceptive act in the conduct of trade or commerce; (2) the unfair or deceptive act affected public interest; and (3) your clients suffered monetary or property loss as a result of Ditech's unfair or deceptive act(s). S.C. Code Ann. §§ 39-5-10 to -560; *see also Wright v. Craft,* 372 S.C. 1, 23, 640 S.E.2d 486, 498 (S.C. Ct. App. 2006). "SCUTPA is unavailable to redress private wrongs if the public interest is unaffected." *Ardis v. Cox,* 431 S.E.2d 267, 271 (S.C. Ct. App. 1994) ("Otherwise, every intentional breach of contract within a commercial setting would constitute an unfair trade practice and thereby subject the breaching party to treble damages."). Ditech is not in the business of loan modifications or loss mitigation. It conducted foreclosure intervention in this case, which includes cash for keys, deed in lieu, etc., because it is required to do so by the 2011 Admin Order. I fail to see how the foreclosure intervention process involves trade or commerce, or affects the public

interest as it solely relates to a transaction between Ditech and your clients. Ultimately, we think the cause of action fails as there is no private right of action under the 2011 Admin Order.

I understand that Mr. Snyder has endured severe hardships. However, I completely disagree with the assertion that Ditech's actions in the foreclosure intervention process resulted in any additional fees or costs, or that Ditech committed any act of misconduct. Mr. Snyder has not made a payment since September of 2008, approximately 120 missed payments, which amounts to in excess of $120,000. In fact, in 2009, Judge Scarborough entered an order of foreclosure and sale against Mr. Snyder on this note and mortgage, which was only vacated owing to 2011 Admin Order. During the time period Bank of America serviced the loan, it solicited Mr. Snyder for loss mitigation multiple times from 2009 to 2011 with no response from Mr. Snyder that I can see. Finally, as I state above, prior counsel served Mr. Snyder with a notice of foreclosure intervention on December 17, 2012, and served and filed a certificate of compliance with the 2011 Admin Order on April 8, 2013, as Mr. Snyder failed to respond to the notice of foreclosure intervention. Ditech even provided a loan modification offer to Mr. Snyder in 2015 which was rejected.

As I stated earlier, Ditech is standing on its objections which I understand will likely lead to a motion to compel. Along those lines, I propose if we cannot resolve this matter via some mutual agreement, we request a status conference with Judge Scarborough to lift the stay and enter an appropriate scheduling order so that this action may proceed.

Very truly yours,

Michael C. Griffin

MCG/njc

189



Michael C. Griffin
Direct Dial: 704-338-6015
Direct Fax: 704-332-8858
mgriffin@bradley.com

August 31, 2018

Jason Scott Luck, Esq.
Garrett Law Offices
1075 East Montague Ave
North Charleston, SC 29405

**Re:** ***Green Tree Servicing, LLC v. Kevin Snyder and Mary Snyder***
**Case No. 2010-CP-10-07838 (Charleston County, SC)**

Dear Jason,

I am writing in response to your letter to me dated August 15, 2018, regarding Ditech Financial, LLC's ("Ditech") responses and objections to the First and Second Interrogatories and Requests for Production served in the referenced action. Ditech objected to the requests on grounds of relevance to requests seeking information regarding Ditech employees involved in loss mitigation, and Ditech policies regarding loss mitigation. Ditech stands by its objections based on the causes of action alleged in the Answer and Counterclaim.

The answer and counterclaim refer to alleged violations of the S.C. Consumer Protection Code, specifically failing to ascertain the attorney preference for Mrs. Snyder. As an initial matter, Mrs. Snyder was not a signatory to the promissory note. S.C. Code § 37-10-102 (a) requires the creditor to ascertain "the preference of the *borrower* as to the legal counsel..." (emphasis added). As noted above, Mrs. Snyder is not a borrower as she borrowed nothing from Ditech or its predecessor in interest, and therefore does not owe any money to Plaintiff. Moreover, § 37-1-301(14) defines 'debtor' as "any person who is an obligor in a credit transaction, including any cosigner, comaker, guarantor, endorsee or surety, and the assignee of any obligor, and also includes any person who agrees to assume the payment of a credit obligation." Mrs. Snyder was not an obligor, cosigner, comaker, guarantor, assignee, surety, or endorsee of the subject Note. I do not believe the statute applies to Mrs. Snyder, and therefore she is not covered by the protections of the statute. Assuming the statute does apply, the statute of limitations bars the action. S.C. Code § 37-10-105 imposes a 3-year statute of limitations. This mortgage originated in 2005, and Mr. Snyder ceased making payments in 2008. As a result, the statute of limitations bars any counterclaim under this statute.

As to the alleged violation of RESPA for failing to provide the servicing disclosure statement, William Stork from Scott and Corley, P.A., provided you with the servicing disclosure

**190**

EXHIBIT
A
tabbies

2010-CP-10-7838

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO COMPEL** was served U.S. mail, postage pre-paid, on this _5_ th day of December, 2018, to the following:

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com

_____
Michael C. Griffin (SC Bar No.72868)

2018 DEC 10 PM 2: 22

**Nicole Collins**
ncollins@bradley.com
704.338.6126 Direct



December 5, 2018

<u>VIA US MAIL</u>
**Charleston County Clerk of Court**
**100 Broad Street**
**Suite 106**
**Charleston, South Carolina 29401-2258**

     Re:    *Green Tree Servicing, LLC. V. Kevin G. Snyder and Mary S. Snyder*
            File No.: 2010-CP-10-07838

Dear Clerk,

    Enclosed please find the Plaintiff's Response in Opposition to Defendants' Motion to Compel for the matter listed above. Please file-stamp the pleading and return the file stamped copy in the enclosed pre-stamped envelope addressed to the Bradley firm.

    If you have any questions or concerns, please do not hesitate to contact our office.

                       Sincerely,

                       Nicole C. Collins

Enclosures

Bradley Arant Boult Cummings LLP | 214 North Tryon Street | Suite 3700 | Charlotte, NC 28202-1078 | 704.338.6000 | bradley.com

**Green Tree Servicing, LLC,** )

       № 2010-CP-10-7838

      Plaintiff, )

vs. )    **Affidavit of Jason Luck**

**Kevin G. Snyder** and **Mary S. Snyder,** )

      Defendants. )

Personally appeared before me Jason Scott Luck, who after first being duly sworn, states as follows:

1. My name is Jason Scott Luck. I am over the age of 18 years old and competent to make this affidavit.

2. I am a partner at Garrett Law Offices, LLC, and the attorney for the Plaintiff this matter.

3. I am a graduate of the University of North Carolina, where I graduated in 2000 with a bachelor of science in mathematical sciences (computer science concentration) and anthropology. I graduated from the University of South Carolina School of Law in 2005.

4. I was admitted to the South Carolina bar in 2005, the United States Patent and Trademark Office in 2005, and the United States Virgin Islands bar in 2008.

5. I am also admitted to the United States District Court for the District of South Carolina (2006), the United States Court of Appeals for the Fourth Circuit (2006), the United States Court of Appeals for the Federal Circuit (2006), and the United States Supreme Court (2013).

6. I have personally appeared multiple times before South Carolina's Magistrate Courts, Family Courts, Circuit Courts, Court of Appeals, and Supreme Court. I have personally appeared multiple times before South Carolina's Federal District Court and the Fourth Circuit Court of

Appeals. I have appeared via pleading before the United States Supreme Court.

7. My most significant reported cases include:

   a. State v. Perez, 423 S.C. 491, 816 S.E.2d 550 (2018).

   b. Yates v. Terry, 817 F.3d 877 (4th Cir. 2016).

   c. Ashley II of Charleston, LLC v. PCS Nitrogen, Inc., 791 F.Supp.2d 431 (D.S.C. 2011) aff'd 714 F.3d 161 (4th Cir. 2013), cert. denied, 134 S.Ct. 514 (U.S. 2013).

   d. Poch v. Bayshore Concrete Prod./South Carolina, Inc., 405 S.C. 359, 747 S.E.2d 757 (2013).

   e. Charleston County Dep't of Soc. Servs. v. Marccuci, 396 S.C. 218, 721 S.E.2d 768 (2011).

   f. Too Tacky P'ship v. S.C. Dep't of Health and Envtl Control, 386 S.C. 326, 86 S.E.2d 194 (Ct.App. 2009) cert. dismissed as improvidently granted, Op. No. 27198 (S.C.Sup.Ct. filed Dec. 5, 2012).

8. I have held an AV Preeminent rating from Martindale-Hubbell since 2015.

9. I operate a general practice, but I put a special emphasis on civil rights and appellate advocacy.

10. My agreed-to hourly rate in this matter is $250/hour.

11. An itemized statement of attorneys' fees and costs in this matter related to my November 29, 2018, Motion to Compel is attached as Exhibit A. The attorneys' fees and costs to date for all activities in this action total **$1,600.00 (fees) and $25.00 (costs)**.

12. None of the figures above include the cost of travel to and from Charleston and the cost of attending the December 10, 2018, hearing.

13. The allegations of paragraphs 1, 2, 3, & 4 of the November 29, 2018, Motion to Compel

represent counsels' efforts to resolve this matter without motions practice.

14. I believe I am entitled to the full amount of attorneys' fees and costs as set forth in this affidavit and that these fees and costs are reasonable, especially when the factors of <u>Jackson v. Speed</u>, 326 S.C. 289, 486 S.E.2d 750 (1997) are considered. The withholding of these documents, which are both easily obtained by the Plaintiff and relevant to Defendants' claims and defenses, has prevented me from working on other files. Further, my fees are consistent with fees charged by other attorneys in this area for similar work.

Jason Scott Luck

**SWORN TO AND SUBSCRIBED BEFORE ME**
this 10th Day of December, 2018

_(SEAL)_
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: 03-20-2025

## Exhibit A

| Date | Description | Hours | | Amount |
|------|-------------|-------|---|--------|
| 5/11/18 | Exchange emails with Atty Stork re: extension for discovery response. | 0.3 | $ | 75.00 |
| 6/8/18 | Preparation of email to Atty Stork re: timeliness of discovery responses. | 0.1 | $ | 25.00 |
| 6/12/18 | Preparation of letter to Atty Griffin re: discovery and possible extension | 0.2 | $ | 50.00 |
| 6/13/18 | Telephone conference with Atty Griffin to discuss background of case, discovery, and possible settlement. | 0.5 | $ | 125.00 |
| 7/30/18 | Initial review of Green Tree's responses to our interrogatories and requests to produce, including the 600+ pages of documents produced | 3.1 | $ | 775.00 |
| 8/15/18 | Preparation of Rule 11 letter for Green Tree's responses, detailing how the requests are relevant and discoverable | 0.8 | $ | 200.00 |
| 9/3/18 | Review of letter from Atty Griffin detailing Green Tree / Ditech's position on discovery. | 0.3 | $ | 75.00 |
| 11/29/18 | Review of Green Tree / Ditech's responses to our requests to admit and second interrogatories to determine how to draft the motion to compel for our original requests | 0.5 | $ | 125.00 |
| 11/29/18 | Preparation of motion to compel | 0.6 | $ | 150.00 |
| 11/29/18 | Motion to Compel filing fee | | $ | 25.00 |
| | Total fees and costs related to motion to compel | | $ | 1,625.00 |

# Garrett Law Offices

Ltd. Co.

Gordon H. Garrett (Ret.)
Gordon H. Garrett
Jason Scott Luck
Ryan A. Love

1075 East Montague Avenue
North Charleston, SC 29405
843.554.5515 (O) 843.747.3198 (F)
office@garrettlawsc.com

December 10, 2018

<u>**VIA US POSTAL SERVICE**</u>

Charleston County Clerk of Court
100 Broad Street
Charleston, SC 29401

    RE:    Green Tree Servicing, LLC v. Kevin G. Snyder and Mary S. Snyder
           Case No.: 2010-CP-10-7838

Dear Sir or Madame:

    Please find enclosed the original copy of the Affidavit of Jason Luck for filing with the court in reference to the above matter.

    Should you need additional information, please do not hesitate to contact our office.

        Sincerely,

        Marilyn Hunt
        Legal Assistant

Enclosures

/meh

cc: Mike Griffin

Pages 198 to 289 intentionally omitted.

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | NINTH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |
| | ) | CASE NO.: 2010-CP-10-07838 |
| | ) | |
| Ditech Financial LLC | ) | **MOTION AND ORDER INFORMATION** |
| Plaintiff, | ) | **FORM AND COVERSHEET** |
| vs. | ) | |
| | ) | |
| Kevin G. Snyder, et al. | ) | |
| Defendant. | ) | |

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| G. Benjamin Milam, Bar No. 80311 | Jason Scott Luck, Bar No. _____ |
| Address: | Address: |
| Bradley Arant Boult Cummings LLP | Garrett Law Offices, LLC |
| 214 N. Tryon Street, Ste. 3700 | 1075 E. Montague Avenue |
| Charlotte, NC 28202 | North Charleston, SC 29405 |
| Phone: 704-338-6043Fax 704-332-8858 | Phone: _____ Fax_____ |
| E-mail: bmilam@bradley.comOther: _____ | E-mail: jluck@garrettlawsc.comOther: _____ |

☒**MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐**FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐**PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

### SECTION I: Hearing Information
Nature of Motion: Plaintiff's Motion for Partial Summary Judgment
Estimated Time Needed: 30      Court Reporter Needed: ☒YES/☐ NO

### SECTION II: Motion/Order Type
☑Written motion attached
☐Form Motion/Order
I hereby move for relief or action by the court as set forth in the attached proposed order.

_D. Benjamin Milam_ _____    _03/08/19_

Signature of Attorney for ☑Plaintiff /☐ Defendant    Date submitted

### SECTION III: Motion Fee
☒ PAID – AMOUNT: $ _25.00_
☐ EXEMPT:    ☐ Rule to Show Cause in Child or Spousal Support
  (check reason)    ☐ Domestic Abuse or Abuse and Neglect
     ☐ Indigent Status    ☐ State Agency v. Indigent Party
     ☐ Sexually Violent Predator Act    ☐ Post-Conviction Relief
     ☐ Motion for Stay in Bankruptcy
     ☐ Motion for Publication    ☐ Motion for Execution (Rule 69, SCRCP)
     ☐ Proposed order submitted at request of the court; or,
     reduced to writing from motion made in open court per judge's instructions
     Name of Court Reporter: _____
     ☐ Other: _____

| JUDGE'S SECTION | |
|---|---|
| ☐ Motion Fee to be paid upon filing of the attached order. | JUDGE CODE _____ |
| ☐ Other: _____ | Date: _____ |

### CLERK'S VERIFICATION

Collected by:_____    Date Filed: _____
☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

Ditech Financial LLC,

Plaintiff,

v.

Kevin G. Snyder and Kevin G. Snyder,
individually and as Personal Representative of
the Estate of Mary Snyder,

Defendants.

**PLAINTIFF'S MOTION FOR SUMMARY
JUDGMENT AND NOTICE OF HEARING**

Plaintiff Ditech Financial, LLC ("Plaintiff" or "Ditech"), by and through its undersigned

counsel, pursuant to Rule 56 of the South Carolina Rules of Civil Procedure, moves for summary

judgment in its favor on each of the claims set forth in the Complaint and Defendant's Answer and

Counterclaims, on the grounds that there are no material issues of disputed material fact and that

Plaintiff is entitled to judgment as a matter of law, and as grounds therefore states as follows. The

grounds for Ditech's summary judgment motion are more particularly set forth in Ditech's

Memorandum of Law, the Affidavit of Bradford Hardwick, and the other exhibits submitted

contemporaneously with this motion.

Ditech's Motion for Summary Judgment will be heard on March 18, 2019 at 10:00 am

Eastern at the Charleston County Judicial Center before the Honorable Mikell Scarborough, or at

such time thereafter as permitted by the Court.

Dated: March ___ , 2019

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: _____
Michael C. Griffin, (SC Bar No. 72868)
G. Benjamin Milam (SC Bar No. 80311)
214 North Tryon Street, Suite 3700

1

Charlotte, NC 28202
Tel: (704) 338-6049
Fax: (704) 338-6094
mgriffin@bradley.com
bmilam@bradley.com

*Attorney for Plaintiff*

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND NOTICE OF HEARING** was served **U.S. Mail,** postage pre-paid, and via **Electronic Mail** on this ___8___ th day of March, 2019, to the following:

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com

_____
G. Benjamin Milam (SC Bar No.72868)

3



**Coren Burton**
*Legal Assistant*
Direct: (704) 338-6102
Fax: (704) 338-8858
cburton@babc.com

March 8, 2019

**FEDERAL EXPRESS**

Charleston County Clerk of Court
100 Broad Street
Charleston, SC 29401

     RE:   Ditech Financial LLC v. Kevin G. Snyder
            Case No.: 2010-CP-10-07838

Dear Clerk:

    Enclosed please find an original and one copy of the following regarding the above referenced matter.

1. Plaintiff's Motion for Summary Judgment and Notice of Hearing;

2. Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment

    Please file accordingly and return the file-stamped copy to our office in the self-addressed, stamped envelope enclosed for your convenience.

    If you have any questions or concerns, please do not hesitate to contact our office.

                    Sincerely,

                    Coren Burton
                    *Assistant to G. Benjamin Milam*

Enclosures
cc:   Jason Scott Luck

Bradley Arant Boult Cummings LLP | 214 North Tryon Street | Suite 3700 | Charlotte, NC 28202-1078 | 704.338.6000 | bradley.com

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

Ditech Financial LLC,

                    Plaintiff,

v.

Kevin G. Snyder and Kevin G. Snyder,
individually and as Personal Representative of
the Estate of Mary Snyder,

                    Defendants.

IN THE COURT OF COMMON PLEAS

NINTH JUDICIAL CIRCUIT

CASE NO.: 2010-CP-10-07838

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION FOR
SUMMARY JUDGMENT**

Plaintiff Ditech Financial, LLC ("Plaintiff" or "Ditech"), by and through its undersigned

counsel, pursuant to Rule 56 of the South Carolina Rules of Civil Procedure, respectfully submits

this Memorandum of Law in Support of its Motion for Partial Summary Judgment on the grounds

that there are no material issues of fact in dispute and Ditech Financial LLC is entitled to judgment

as a matter of law on each of the non-stayed claims in the above-captioned matter. In support of

its Motion, Ditech would show unto the Court as follows:

### INTRODUCTION

Due to Ditech's bankruptcy, each of Defendant's counterclaims seeking monetary relief is

stayed, including Defendant's counterclaims for breach of contract, unfair trade practices, and (to

the extent it seeks monetary relief) for civil compensatory contempt. Ditech's foreclosure action

and Defendant's counterclaims for quiet title and for civil compensatory contempt, to the extent

they seek only to suspend or stop the foreclosure or seek determination of the validity of Ditech's

lien, are not stayed and may proceed to judgment. Based on the undisputed facts before the court,

Ditech is entitled to summary judgment on the non-stayed claims:

1

Ditech is entitled to summary judgment in its foreclosure action because Ditech has shown it is the holder of the Note and Mortgage encumbering Defendant's property, that the debt is in default, and that Ditech has fulfilled all conditions precedent to the foreclosure action.

Ditech is entitled to summary judgment as to Defendant's claim for quiet title because there is no material fact in dispute as to the validity of the Mortgage encumbering Defendant's property. To the extent that Defendant's challenge to the validity of the Mortgage is based on his allegation that Mary S. Snyder did not sign an Attorney Preference form, this claim fails as a matter of law because Mrs. Snyder did not sign the Note and the lender was not required to ascertain her attorney preference as a non-borrower under S.C. Code 37-10-102. Ditech has submitted documentation showing that the Lender obtained *Defendant's* preference for closing attorney, which was all that the statute required.

Finally, Ditech is entitled to summary judgment for Defendant's claim for civil compensatory contempt for alleged violations of South Carolina Supreme Court Administrative Order 2011-05-02-01 on foreclosure intervention. Ditech's predecessor in interest properly certified compliance with the Administrative Order in 2013. Since Defendant obtained counsel in this proceeding, Ditech has nevertheless reviewed Defendant for a loan modification, but all options for a modification have either been exhausted or have been rejected by Defendant. Defendant explicitly rejected terms for a trial payment plan for a modification offered to him in 2015. For each of these reasons, and as more particularly set forth below, Ditech is entitled to judgment as a matter of law on each of the non-stayed claims in this action.

## PROCEDURAL HISTORY OF THE CASE

This is a foreclosure action filed by the Plaintiff against Defendant and Mary S. Snyder on October 27, 2010. Plaintiff's predecessor in interest, Bank of America, N.A., filed an initial

foreclosure action in 2009, in which this Court granted a foreclosure judgment. The judgment was subsequently vacated owing to the first South Carolina Supreme Court Administrative Order regarding foreclosure intervention. The basis for the foreclosure action is the Defendant's default of the obligations under the Mortgage and Note, as they have not made a payment since September of 2008.

Prior counsel also served and filed a certificate of compliance with the South Carolina Supreme Court Administrative Order 2011-05-02-01 (the "Administrative Order") on April 8, 2013 due to Defendant's failure to submit a complete loss mitigation application in response to the Notice of Foreclosure Intervention served December 20, 2012.

In May 2013, prior counsel granted counsel for defendants an extension of time to respond to the Complaint as the defendants were in default for failing to respond to the Complaint. In June 2013, Defendants filed the answer and counterclaim alleging (1) civil compensatory contempt, (2) breach of contract, (3) violation of the South Carolina Unfair Trade Practices Act, and (4) quiet title. In September 2013, the Court entered an order staying the litigation pending foreclosure intervention. This Court lifted the stay on December 10, 2018.

Due to the November 23, 2015 death of Mary S. Snyder, "Kevin G. Snyder, individually and as Personal Representative of the Estate of Mary Snyder" was substituted for the defendants in this action pursuant to the Consent Order Amending Caption filed December 18, 2018.

Plaintiff has filed a Notice of Bankruptcy as a result of the Chapter 11 petitions filed by Plaintiff and its affiliates in the United States Bankruptcy Court for the Southern District of New York under Case No. 19-10412 (JLG), as well as the February 13, 2019 order of the Bankruptcy Court modifying the scope of the automatic stay ("Limited Stay Modification Order"). As a result of the bankruptcy action and Limited Stay Modification Order, Defendant's claims under

3

SCUTPA and for breach of contract are stayed, and Plaintiff's claim for civil compensatory contempt is stayed to the extent it seeks a monetary award. However, the foreclosure action and Defendant's claims for quiet title and civil compensatory contempt (to the extent it seeks to prevent foreclosure and does not seek monetary relief) are not stayed and may proceed.

## STATEMENT OF FACTS

On or about April 21, 2005, Defendant executed and delivered a promissory note ("Note") in the principal sum of $135,000.00 in favor of Gateway Funding Diversified Mortgage Services L.P. Mary S. Snyder was not a signatory to the Note. *See* Exhibit 1, Affidavit of Bradford Hardwick ("Affidavit") at ¶ 6. In order to secure payment of the Note, Defendant and Mary S. Snyder made, executed, and delivered a real estate mortgage ("Mortgage") encumbering real property located at 1752 Orange Grove Shores Drive (the "Property"). *See* Affidavit at ¶ 7. Defendant signed additional documents in connection with the Loan, including without limitation an Attorney/Insurance Preference Form and Attorney/Insurance Preference Check List designating Roy Reynolds as the attorney to handle the closing of the Loan, and Servicing Disclosure Statements providing notice that the right to collect mortgage loan payments could be transferred. *See* Affidavit at ¶ 8.

Ditech, which was formerly known as Green Tree Servicing, LLC, began servicing the Loan effective June 1, 2013. On June 10, 2013 and June 11, 2013, Ditech sent letters to Defendant notifying him of the servicing transfer and providing him with information regarding the loan balance and the identity of the creditor. *See* Affidavit at ¶ 9. The Mortgage was assigned to Ditech on June 17, 2013, following assignments from the original beneficiary to Countrywide Home Loans Inc. on September 25, 2007 and Countrywide Home Loans Servicing, LP on January 26,

4

2009. *See* Affidavit at ¶ 10. The Note is endorsed in blank and is in Ditech's possession, and Ditech is presently entitled to enforce the Note. See Affidavit at ¶ 11.

The Note is in default for failure of the Defendant to make payments on the Note, including failure to make the payment due for September 1, 2008 and all subsequent payments. *See* Affidavit at ¶ 12. Ditech has elected to declare the entire balance of the indebtedness due and payable. Ditech and its predecessors in interest have properly given notice to the mortgagors of their default and opportunity to cure the default, including the written notice sent by BAC Home Loans Servicing, LP on April 27, 2010. See Affidavit at ¶ 14. As of March 18, 2019, the total amount due on the Note and Mortgage is $292,015.44, including the principal sum of $137,020.25, interest in the amount of $109,238.89, escrow advances in the amount of $39,793.89, and corporate advances, late fees, and other charges in the amount of $5,962.41. Additional interest, advances, charges, and fees may accrue from that date. *See* Affidavit at ¶ 13.

Ditech and its predecessors in interest have reviewed Defendant for alternatives to foreclosure and have attempted to resolve Defendant's delinquency through loss mitigation. On December 23, 2014, Ditech approved Defendant for a trial period plan for a modification with trial payments in the amount of $1,131.37. However, on March 4, 2015, Defendant's counsel sent a letter rejecting the terms of the proposed trial period plan on the grounds that the terms were not sufficiently favorable. On March 10, 2015, following Defendant's rejection, Ditech notified Defendant that a permanent modification would be denied due to failure to complete the trial period plan. *See* Affidavit at ¶ 15.

Ditech subsequently reviewed Defendant for a modification notwithstanding Defendant's rejection of the offered trial payment plan. On May 11, 2017, Ditech sent a letter to Defendant's counsel notifying him that Defendant was determined ineligible for a modification. Following an

5

appeal by Defendant's counsel, Ditech confirmed Defendant's ineligibility by letter dated June 8, 2017. *See* Affidavit at ¶ 16.

## STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Baughman v. Am. Tel & Tel. Co.*, 306 S.C. 101, 114-15 (1991). The moving party may establish the absence of a genuine issue of material fact by pointing out the absence of evidence to support the nonmoving party's case. *Lanham v. Blue Cross and Blue Shield of S.C., Inc.*, 349 S.C. 356, 361 (2002).

Although the evidence and inferences must be viewed in the light most favorable to the non-moving party, "it is not sufficient for a party to create an inference that is not reasonable or an issue of fact that is not genuine." *Bennett v. Carter*, 421 S.C. 374, 380, 807 S.E.2d 197, 200 (2017). Furthermore, the non-movant "may not rest on the mere allegations or denials of his pleading, but must set forth or point to specific facts showing that there is a genuine issue of material fact." *Dickert v. Metro. Life Ins. Co.*, 306 S.C. 311, 313 (Ct. App. 1991) *aff'd in part, rev'd in part on other grounds*, 311 S.C. 218 (1993).

## ARGUMENT

**I.  Ditech is entitled to summary judgment on its foreclosure claim.**

A plaintiff in a foreclosure action has the burden to establish the existence of a debt secured by a mortgage and the mortgagor's default on that debt. *Bank of Am., N.A. v. Draper*, 405 S.C. 214, 221, 746 S.E.2d 478, 481 (Ct. App. 2013). Here, Ditech has established the existence of the debt and its status as holder by introducing a copy of the promissory note signed by Defendant and endorsed in blank, for which the original is in Ditech's possession. *See* Affidavit ¶¶ 6, 11 and Exhibit 1-A. Plaintiff has additionally introduced a copy of the recorded mortgage signed by

6

Defendant and Mary S. Snyder and encumbering Defendant's property. *See* Affidavit ¶ 7 and Exhibit 1-B. Finally, Ditech has shown that the Note is in default due to Defendant's failure to make the payment due September 1, 2008 and all subsequent payments. *See* Affidavit ¶ 12 and Exhibit 1-F. Defendants have complied with all conditions precedent to foreclosure, including by giving Defendants notice of their default and an opportunity to cure the default. *See* Affidavit ¶ 14, Exhibit 1-H. By virtue of Defendant's default under the terms of the Note and Mortgage, Plaintiff is entitled to foreclose the interests of each of the named defendants and is entitled to a judicial sale of the Property.

**II.     Ditech is entitled to summary judgment on Defendant's quiet title claim because the Mortgage is a valid encumbrance on the Property.**

As set forth in the Affidavit filed in support of this motion, Defendant and Mary S. Snyder executed the Mortgage instrument as security for payment of the Note. *See* Affidavit at ¶ 7. Defendant has not alleged any defect in the execution of the mortgage, nor have they alleged that the mortgage has been satisfied. There is no genuine issue of disputed material fact as to whether Ditech holds a lien on the Property by virtue of the Mortgage, and Defendant is therefore entitled to summary judgment on the quiet title claim.

To the extent that Defendant's quiet title claim is based on his allegation that the loan originator failed to obtain the closing attorney preference for Mary S. Snyder, this claim fails as a matter of law because Mrs. Snyder is not a signatory to the Note. S.C. Code § 37-10-102 (a) requires the creditor to ascertain "the preference of the *borrower* as to the legal counsel . . . ." (emphasis added). As noted above, Mrs. Snyder is not a borrower as she borrowed nothing from Ditech or its predecessor in interest, and therefore does not owe any money to Plaintiff. Section 37-1-301(14) does not define "borrower," but defines "debtor" as "any person who is an obligor in a credit transaction, including any cosigner, comaker, guarantor, endorsee or surety, and

7

the assignee of any obligor, and also includes any person who agrees to assume the payment of a credit obligation." Black's Law Dictionary defines "borrower" as "[a] person or thing to whom money or something else is lent." Black's Law Dictionary 179 (7th ed. 1999).

Mrs. Snyder is not an obligor, cosigner, comaker, guarantor, assignee, surety, or endorsee of the subject Note, and no money was lent to her under the Note. As a result, the statute did not require the lender to ascertain Mrs. Snyder's attorney preference as a mere signatory to the Mortgage. The loan originator obtained *Defendant's* preference of closing attorney, as shown by the Attorney Preference forms attached as an exhibit to Ditech's Affidavit. This is all the statute required. Even if Mrs. Snyder's signature had been required, there are no facts alleged that would support the extraordinary remedy of extinguishing the lender's lien. Accordingly there is no issue of material fact as to Defendant's quiet title claim, and Ditech is entitled to summary judgment.

**III.** **Ditech has complied with South Carolina Supreme Court Administrative Order 2011-05-02-01 and is entitled to summary judgment on the non-stayed portion of Plaintiff's claim for civil compensatory contempt.**

Prior counsel for the original plaintiff in this action served Mr. Snyder with a notice of foreclosure intervention on December 17, 2012. *See* Exhibit 2, Notice of Foreclosure Intervention. Prior counsel also served and filed a certificate of compliance with the 2011 Administrative Order on April 8, 2013, as Mr. Snyder failed to provide a complete loss mitigation application in response to the notice of foreclosure intervention. *See* Exhibit 3, Certificate of Compliance. These events occurred prior to the retention of counsel by Defendant and prior to the filing of the counterclaims.

Subsequent to the appearance of counsel for Defendant, Ditech has reviewed Defendant for a loan modification. Ditech, in fact, offered Defendant a trial period plan for a permanent modification in 2015, but Defendant rejected the trial period plan on the grounds that the modification terms envisioned by the plan were not sufficiently favorable, even though the plan

8

contemplated a reduction in Defendant's monthly payments. *See* Affidavit at ¶ 15. Ditech again reviewed Defendant for a modification in 2017 and determined that Defendant was no longer eligible for a loan modification. *See* Affidavit at ¶ 16.

The 2011 Administrative Order provides that "[n]o foreclosure hearing may be held in the foreclosure action until the Mortgagee's attorney certifies that the Mortgagee has complied with the requirements" set forth in the Order. Those requirements include that the mortgagor has been served with the notice of right to foreclosure intervention, that the lender has received and examined all documents submitted by the borrower, and that the borrower has been afforded a full and fair opportunity to submit documents and information, but that either the mortgagor does not qualify for loss mitigation and has been so informed, or the mortgagor has failed to participate in foreclosure intervention.

As set forth above, both the prior servicer and Ditech complied with the requirements of the 2011 Administrative Order and any cause of action alleged pursuant to the 2011 Administrative Order fails. Furthermore, although compliance with the 2011 Administrative Order is a condition precedent to a foreclosure action, it does not create a private right of action or form the basis for a counterclaim. *Weber v. Bank of Am. NA,* No. 0:13-CV-01999-JFA, 2013 WL 4820446, at *3 (D.S.C. Sept. 10, 2013) ("The [2011] Administrative Order, on its face, does not create a private cause of action."). Accordingly, Ditech is entitled to judgment as a matter of law on this claim.

## CONCLUSION

For the reasons set forth above, Plaintiff Ditech Financial, LLC requests that the Court grant judgment as a matter of law in its favor and against Defendants as to the non-stayed claims.

9

Dated: March 8, 2019.

**BRADLEY ARANT BOULT CUMMINGS LLP**

By: *D. Benja Mila*

Michael C. Griffin, (SC Bar No. 72868)
G. Benjamin Milam (SC Bar No. 80311)
214 North Tryon Street, Suite 3700
Charlotte, NC 28202
Tel: (704) 338-6049
Fax: (704) 338-6094
mgriffin@bradley.com
bmilam@bradley.com

*Attorney for Plaintiff*

10

2010·CP·10·7838

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was served via **U.S. Mail** and **Electronic Mail**, postage pre-paid, on this ___8___ th day of March, 2019, to the following:

Jason Scott Luck
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
jluck@garrettlawsc.com

_G. Benjamin Milam (SC Bar No.72868)_

2019 MAR 11 AM 9:31
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

11

305

# EXHIBIT 1

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

Ditech Financial, LLC,

                                    Plaintiff,

v.

Kevin G. Snyder and Kevin G. Snyder,
individually and as Personal Representative of
the Estate of Mary Snyder,

                                    Defendants.

**AFFIDAVIT IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT**

The undersigned, being first duly sworn, deposes and says:

1.      I am employed by Ditech Financial LLC ("Ditech") as a Corporate Litigation

Representative, and I am authorized to make the representations contained in this affidavit. I am

of the age of majority and under no disability. The statements made in this affidavit are based on

my personal knowledge.

2.      Ditech was formerly known as Green Tree Servicing, LLC prior to changing its

name to Ditech Financial LLC on or around August 31, 2015.

3.      Ditech services the loan at issue in this lawsuit (the "Loan"). The information in

this affidavit is taken from Ditech's business records.

4.      In my capacity as a Corporate Litigation Representative, I have access to the

business records for and relating to the Loan. I make this affidavit based upon my review of

those records relating to the Loan and from my own personal knowledge of how these records

are kept and maintained. The loan records for the Loan are (a) made at or near the time of the

occurrence of the matters and recorded by persons with personal knowledge of the information in

the business record, or from information transmitted by persons with personal knowledge; (b)

kept in the course of Ditech's regularly conducted business activities; and (c) created by Ditech as a regular practice.

5.     To the extent that the business records were created by prior servicers, holders, investors, owners, and/or lenders, those business records have been integrated into Ditech's business records, consistent with regular business practices and Ditech's policies and procedures. The business records are kept and relied upon as a regular practice and in the ordinary course of business conducted by Ditech.

6.     On or about April 21, 2005, Kevin G. Snyder ("Borrower") executed and delivered a promissory note ("Note") in the principal sum of $135,000.00 in favor of Gateway Funding Diversified Mortgage Services L.P. Mary S. Snyder was not a signatory to the Note. A true and correct copy of the Note is attached as Exhibit A.

7.     In order to secure payment of the Note, Borrower and Mary S. Snyder made, executed, and delivered a real estate mortgage ("Mortgage") encumbering real property located at 1752 Orange Grove Shores Drive (the "Property"). A true and correct copy of the Mortgage is attached as Exhibit B.

8.     Borrower signed additional documents in connection with the Loan, including without limitation an Attorney/Insurance Preference Form and Attorney/Insurance Preference Check List designating Roy Reynolds as the attorney to handle the closing of the Loan, and Servicing Disclosure Statements providing notice that the right to collect mortgage loan payments could be transferred. True and correct copies of the Attorney/Insurance Preference Form, Attorney/Insurance Preference Check List, and Servicing Disclosure Statements are attached as composite Exhibit C.

9.     Ditech began servicing the Loan effective June 1, 2013. On June 10, 2013 and June 11, 2013, Ditech sent letters to Borrower notifying him of the servicing transfer and providing him with information regarding the loan balance and the identity of the creditor. True and correct copies of the June 10, 2013 and June 11, 2013 letters are attached hereto as composite Exhibit D.

10.     The Mortgage was assigned to Green Tree on June 17, 2013, following assignments from the original beneficiary to Countrywide Home Loans Inc. on September 25, 2007 and Countrywide Home Loans Servicing, LP on January 26, 2009. True and correct copies of the foregoing assignments as recorded in the Charleston County, South Carolina Register of Deeds are attached as composite Exhibit E.

11.     The Note is endorsed in blank and is in Ditech's possession, and Ditech is presently entitled to enforce the Note.

12.     The Note is in default for failure of the mortgagors to make payments on the Note, including failure to make the payment due for September 1, 2008 and all subsequent payments. A true and correct copy of the Loan Payment History is attached as Exhibit F.

13.     Ditech has elected to declare the entire balance of the indebtedness due and payable. As of March 18, 2019, there is due on the Note and Mortgage the sum of $292,015.44, including the principal sum of $137,020.25, interest in the amount of $109,238.89, escrow advances in the amount of $39,793.89, and corporate advances, late fees, and other charges in the amount of $5,962.41. Additional interest, advances, charges, and fees may accrue from that date. A true and correct copy of a payoff statement good through March 18, 2019 is attached hereto as Exhibit G.

14.     Ditech and its predecessors in interest have properly given notice to the mortgagors of their default and opportunity to cure the default, including the written notice sent by BAC Home

Loans Servicing, LP on April 27, 2010. A true and correct copy of the April 27, 2010 default notice is attached as Exhibit H.

15.    Ditech and its predecessors in interest have reviewed Borrower for alternatives to foreclosure and have attempted to resolve Borrower's delinquency through loss mitigation, including without limitation the efforts described herein. On December 23, 2014, Ditech approved Borrower for a trial period plan with trial payments in the amount of $1,131.37. On March 4, 2015, Borrower's counsel sent correspondence to Ditech rejecting the terms of the proposed trial period plan. On March 10, 2015 Ditech sent notice to Borrower's counsel that modification was denied due to failure to complete the trial period plan. On March 25, 2015, Ditech sent a letter to Borrower's counsel responding to inquiries regarding the methodology used to generate the trial period plan. True and correct copies of the foregoing correspondence related to the December 23, 2014 trial period plan are attached as composite Exhibit I.

16.    On May 11, 2017, Ditech sent a letter to Borrower's counsel notifying Borrower that he had been reviewed and was determined to be ineligible for a modification. Following an appeal by Borrower's counsel, Ditech sent a letter to Borrower's counsel on June 8, 2017 regarding Ditech's review and confirmation that its earlier determination of borrower's ineligibility for a modification was accurate. True and correct copies of the May 11, 2017 letter and June 8, 2017 letter are attached as composite Exhibit J.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: March 8, 2019                    Affiant Signature: _____

                                        Name: Bradford Hardwick

                                        Title:  Corporate Litigation Representative
                                                Ditech Financial LLC

STATE OF _Texas_

COUNTY OF _Bexar_

The foregoing instrument was acknowledged and sworn before me this _8_ day of _Active_
_March_, 2019, by _Bradford Hardwick_, as _Corp. Litigation Rep/Or_ of Ditech
Financial LLC, who is personally known to me or has produced _Texas Drivers License_ as
identification.



NOTARY PUBLIC for State of _Texas_ – Signature

My Commission Expires: _3-12-22_

JAMES DELAROSA
Notary Public, State of Texas
Comm. Expires 03-12-2022
Notary ID 131486051

# EXHIBIT A

# NOTE

April 21, 2005          **Mount Pleasant**          **SOUTH CAROLINA**
[Date]                        [City]                        [State]

**1752 ORANGE GROVE SHORES DRIVE
CHARLESTON, SOUTH CAROLINA  29407**

[Property Address]

## 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. **$ 135,000.00**                    (this amount is called
"Principal"), plus interest, to the order of the Lender. The Lender is **Gateway Funding Diversified Mortgage Services L.P.**
I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of     **7.5000%.**

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3.  PAYMENTS

**(A)  Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the     **1st**    day of each month beginning on     **June 01, 2005**
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 01, 2035**                        , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **300 Welsh Road, Building 5, Horsham, PENNSYLVANIA  19044**

or at a different place if required by the Note Holder.

**(B)  Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ **943.94**

## 4.  BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3200 1/01
GREATLAND ■
(page 1 of 3 pages)          To Order Call: 1-800-530-9393 □ Fax 616-791-1131

EXHIBIT
" A "

313

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

### (A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.0000%** of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

### (B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

### (D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in

this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

Borrower has executed and acknowledges receipt of pages 1 through 3 of this Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)    _____ (Seal)
KEVIN G. SNYDER                -Borrower                                    -Borrower

_____ (Seal)    _____ (Seal)
                              -Borrower                                    -Borrower

_____ (Seal)    _____ (Seal)
                              -Borrower                                    -Borrower

Countrywide Document Custody Service *[Sign Original Only]*
Pay to the order of       A Division of Treasury Bank, N.A.
without recourse
Gateway Funding Diversified Mortgage
Services, L.P.
By its General Partner: Gateway Funding, Inc.

*William McGoey*
William McGoey
VP Wholesale Director

PAY TO THE ORDER OF                         PAY TO THE ORDER OF

COUNTRYWIDE HOME LOANS INC.

WITHOUT RECOURSE                            WITHOUT RECOURSE
                                            COUNTRYWIDE HOME LOANS, INC.
COUNTRYWIDE DOCUMENT CUSTODY SERVICES,
A DIVISION OF TREASURY BANK, NA             BY _____
                                               David A. Spector
BY _____                             Managing Director
   LAURIE MEDER
   VICE PRESIDENT

MULTISTATE FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT         Form 3200 1/01

ITEM 1846L3 (0011)                    *(Page 3 of 3 pages)*         GREATLAND ■
                                                                   To Order Call: 1-800-530-9393 □ Fax 616-791-1131

315

# EXHIBIT B

After Recording Return To: **Gateway Funding Diversified Mortgage Services L.P.**
**300 Welsh Road, Building 5**
**Horsham, PENNSYLVANIA 19044**

America's Choice Title Agency
Mike A. Abel, Attorney at Law
300 West Coleman Blvd., Suite 203
Mt. Pleasant, SC 29464
(843)388-2570

**610 · · · D2 001 002**

[Space Above This Line For Recording Data]

# MORTGAGE

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A)** "**Security Instrument**" means this document, which is dated **April 21, 2005**                , together with all Riders to this document.

**(B)** "**Borrower**" is **KEVIN G. SNYDER and MARY S. SNYDER, husband and wife**

Borrower is the mortgagor under this Security Instrument.

**(C)** "**MERS**" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the mortgagee under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

**(D)** "**Lender**" is **Gateway Funding Diversified Mortgage Services L.P.**
Lender is a **Limited Partnership**                                         organized and existing under
the laws of **PENNSYLVANIA**                                                 . Lender's address is
**300 Welsh Road, Building 5, Horsham, PENNSYLVANIA 19044**

**(E)** "**Note**" means the promissory note signed by Borrower and dated **April 21, 2005**                . The Note states that Borrower owes Lender **One Hundred Thirty Five Thousand and no/100**
Dollars (U.S. $ **135,000.00**                ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **May 01, 2035**

**(F)** "**Property**" means the property that is described below under the heading "Transfer of Rights in the Property."

**(G)** "**Loan**" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

**SOUTH CAROLINA**—Single Family—**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

ITEM 9892L1 (0011)—MERS                              *(Page 1 of 12 pages)*

Form 3041 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131



**317**

EXHIBIT
"B"

(H) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider

☐ Balloon Rider ☐ Planned Unit Development Rider ☐ Other(s) [specify]

☐ 1-4 Family Rider ☐ Biweekly Payment Rider

(I) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) **"Escrow Items"** means those items that are described in Section 3.

(M) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) **"RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) **"Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

SOUTH CAROLINA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 9892L2 (0011)—MERS

*(Page 2 of 12 pages)*

Form 3041 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

318

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the **County** of **Charleston** :
[Type of Recording Jurisdiction]                  [Name of Recording Jurisdiction]

**See Legal Description attached hereto and made a part hereof.**

which currently has the address of        **1752 ORANGE GROVE SHORES DRIVE**
[Street]

**CHARLESTON**     , South Carolina     **29407**     ("Property Address"):
[City]                               [Zip Code]

TO HAVE AND TO HOLD this property unto MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, forever, together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or

partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

    **2.  Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

    If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

    Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

    **3.  Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

    Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

    The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest

or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration

**SOUTH CAROLINA**—Single Family—**Fannie Mae/Freddie Mac UNIFORM INSTRUMENT**

ITEM 9892L5 (0011)

*(Page 5 of 12 pages)*

Form 3041 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

321

period. Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

8. **Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

9. **Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

10. **Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) **Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

(b) **Any such agreements will not affect the rights Borrower has—if any—with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the

SOUTH CAROLINA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 9692L7 (0011)—MERS

*(Page 7 of 12 pages)*

Form 3041 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

323

restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

SOUTH CAROLINA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 9892L8 (0011)—MERS

*(Page 8 of 12 pages)*

Form 3041 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

324

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to Section 22 of this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note

SOUTH CAROLINA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 9892L9 (0011)—MERS

*(Page 9 of 12 pages)*

Form 3041 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

325

as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

SOUTH CAROLINA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

ITEM 9892L10 (0011)—MERS

*(Page 10 of 12 pages)*

Form 3041 1/01
GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax 616-791-1131

326

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence, all of which shall be additional sums secured by this Security Instrument.

**23. Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Homestead Waiver.** Borrower waives all rights of homestead exemption in the Property to the extent allowed by Applicable Law.

**25. Waiver of Appraisal Rights.** The laws of South Carolina provide that in any real estate foreclosure proceeding a defendant against whom a personal judgment is taken or asked may within 30 days after the sale of the mortgaged property apply to the court for an order of appraisal. The statutory appraisal value as approved by the court would be substituted for the high bid and may decrease the amount of any deficiency owing in connection with the transaction. TO THE EXTENT PERMITTED BY LAW, THE UNDERSIGNED HEREBY WAIVES AND RELINQUISHES THE STATUTORY APPRAISAL RIGHTS WHICH MEANS THE HIGH BID AT THE JUDICIAL FORECLOSURE SALE WILL BE APPLIED TO THE DEBT REGARDLESS OF ANY APPRAISED VALUE OF THE MORTGAGED PROPERTY. This waiver shall not apply so long as the Property is used as a dwelling place as defined in §12-37-250 of the South Carolina Code of Laws.

**26. Future Advances.** The lien of this Security Instrument shall secure the existing indebtedness under the Note and any future advances made under this Security Instrument up to 150% of the original principal amount of the Note plus interest thereon, attorneys' fees and court costs.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 12 of this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ (Seal)
KEVIN G. SNYDER          -Borrower

_____ (Seal)
MARY B. SNYDER           -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

_____ (Seal)
                         -Borrower

Signed, sealed and delivered in the presence of:

_____

State of South Carolina
County of Charleston

I Roy Reynolds, Notary (name and title), do hereby certify that
KEVIN G. SNYDER and Mary B. Snyder

, personally appeared

before me this day and acknowledged the due execution of the foregoing instrument.

Witness my hand and official seal (where required by law) this the 21st day of April 2005

_____
Notary Public for South Carolina

ROY B. REYNOLDS, JR.
NOTARY PUBLIC
SOUTH CAROLINA
My Commission Expires
December 11, 2012

SOUTH CAROLINA—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3041 1/01
ITEM 9892L12 (0011)—MERS          *(Page 12 of 12 pages)*          GREATLAND ■
To Order Call: 1-800-530-9393 □ Fax: 616-791-1131

328

**SCHEDULE A**
**LEGAL DESCRIPTION**

File Number ███████

ALL THAT CERTAIN PIECE, PARCEL OR LOT OF LAND, TOGETHER WITH THE BUILDINGS AND IMPROVEMENTS THEREON, WITHIN, LYING AND BEING IN THE CITY AND COUNTY OF CHARLESTON, STATE OF SOUTH CAROLINA, KNOWN AND DESIGNATED AS LOT NO. 22 ORANGE GROVE SHORES, AS SHOWN ON A PLAT MADE BY GEORGE A. Z. JOHNSON, INC., DATED JUNE 15, 1988 AND RECORDED IN THE RMC OFFICE FOR CHARLESTON COUNTY IN PLAT BOOK BT, PAGE 14, SAID LOT HAVING SUCH SIZE, SHAPE, DIMENSIONS, BUTTINGS AND BOUNDINGS AS WILL BY REFERENCE TO SAID PLAT MORE FULLY APPEAR.

BEING THE SAME PROPERTY CONVEYED TO KEVIN G. SNYDER AND MARY S. SNYDER BY DEED OF H.A. ROOKE COMPANY, INCORPORATED DATED 04/28/1989 AND FILED 04/28/1989 IN VOLUME X183, PAGE 681 IN THE RMC OFFICE, CHARLESTON COUNTY.

AKA: 1752 ORANGE GROVE SHORES DRIVE, CHARLESTON, SOUTH CAROLINA, 29407

PARCEL 352-13-00-218

END OF LEGAL DESCRIPTION
329

# EXHIBIT C

# Attorney/Insurance Preference Form

Date _2/8/05_

1. I (we) have been informed by the lender that I (we) have a right to select legal counsel to represent me (us) in all matters of this transaction relating to the closing of the loan.

   (a) I select _Roy Reynolds_
   Attorney's Name
   _____
   Borrower's Signature

   _____
   Borrower's Signature

   (b) Having been informed of this right, and having no preference, I asked for assistance from (the lender/mortgage broker) and was referred to a list of acceptable attorneys. From that list I select

   _____
   Attorney's Name

   _____
   Borrower's Signature

   _____
   Borrower's Signature

2. I (we) have been informed by (the lender/mortgage broker) that I (we) have a right to select an insurance agent to furnish required _hazard_ insurance in connection with this mortgage transaction.

   (a) I select _Basil Lampasas_
   Agent's Name
   _____
   Borrower's Signature

   _____
   Borrower's Signature

   (b) Having been informed of this right, and having no preference, I asked for assistance from (the lender/mortgage broker) and was referred to a list of qualified agents. From that list I select

   _____
   Agent's Name

   _____
   Borrower's Signature

   _____
   Borrower's Signature

Attorney/Insurance Preference Form
(Revised 03/03)
Page 1 of 1

## ATTORNEY / INSURANCE PREFERENCE CHECK LIST

| FINANCIAL INSTITUTION/BROKER NAME AND ADDRESS | BORROWER(S) NAME AND ADDRESS |
|---|---|
| Gateway Funding Diversified Mortgage Services L.P.<br>300 Welsh Road, Building 5<br>Horsham, PENNSYLVANIA 19044 | KEVIN G. SNYDER<br>1752 ORANGE GROVE SHORES DRIVE<br>CHARLESTON, SOUTH CAROLINA 29407 |

LOAN NO.: ▮▮▮▮

1. I (We) have been informed by the lender / broker that I (we) have a right to select legal counsel to represent me (us) in all matters of this transaction relating to the closing of the loan.

☑ (a) I select _____ *Roy Reynolds* _____
Attorney's Name

☐ (b) Having been informed of this right, and having no preference, I asked for assistance from (the lender/broker) and was referred to a list of acceptable attorneys. From that list I select _____
Attorney's Name

| BORROWER KEVIN G. SNYDER | DATE 4-21-05 | BORROWER | DATE |
|---|---|---|---|
| BORROWER | DATE | BORROWER | DATE |
| BORROWER | DATE | BORROWER | DATE |

2. I(We) have been informed by (the lender/broker) that I (we) have a right to select an insurance agent to furnish required _____ insurance in connection with this mortgage transaction.

☑ (a) I select ~~A J Harrison Ins. Agency~~ *State Farm* _____
Agent's Name

☐ (b) Having been informed of this right, and having no preference, I asked for assistance from (the lender/broker) and was referred to a list of qualified agents. From that list I select _____
Agent's Name

| BORROWER KEVIN G. SNYDER | DATE 4-21-05 | BORROWER | DATE |
|---|---|---|---|
| BORROWER | DATE | BORROWER | DATE |
| BORROWER | DATE | BORROWER | DATE |

F. GREATLAND 1994
ITEM 3574L0 (9610) SOUTH CAROLINA

GREATLAND
To Order Call: 1-800-530-9393  Fax 616-791-1131



# SERVICING DISCLOSURE STATEMENT

Lender:  Carolina Trust Mortgage Services
1942 Sam Rittenberg Blvd.
Charleston , SC 29407

Date:  02/02/2005

NOTICE TO MORTGAGE LOAN APPLICANTS:  THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS. IF YOUR LOAN IS MADE,  SAVE THIS STATEMENT WITH YOUR LOAN DOCUMENTS. SIGN THE ACKNOWLEDGMENT AT THE END OF THIS STATEMENT ONLY IF YOU UNDERSTAND ITS CONTENTS.

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. Section 2601 et seq.) you have certain rights under that Federal law.

This statement tells you about those rights.  It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer.  "Servicing" refers to collecting your principal, interest and escrow account payments, if any.  If your loan servicer changes, there are certain procedures that must be followed.  This statement generally explains those procedures.

### Transfer practices and requirements

If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer.  The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer.  The new loan servicer must also send you notice within 15 days after the effective date of the transfer.  The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of transfer.  The 15 day period is not applicable if a notice of prospective transfer is provided to you at settlement.  The law allows a delay in the time (not more than 30 days after a transfer) for servicers to notify you, upon the occurrence of certain business emergencies.

Notices must contain certain information.  They must contain the effective date of the transfer of the servicing of your loan to the new servicer, and the name, address, and toll-free or collect call telephone number of the new servicer, and toll-free or collect call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions.  During the 60 day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

### Complaint Resolution

Section 6 of RESPA (12 U.S.C. Section 2605) gives you certain consumer rights, whether or not your loan servicing is transferred.  If you send a "qualified written request" to your servicer, then your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request.  A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and the information regarding your request.  Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, or must provide you with a written clarification regarding any dispute.  During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

### Damages and Costs

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

CALYX Form Sds.hp 6/99

Page 1 of 2

EXHIBIT
" G "

**Servicing Transfer Estimates**

1. The following is the best estimate of what will happen to the servicing of your mortgage loan:

   A. ☐ We may assign, sell or transfer the servicing of your loan while the loan is outstanding.

      We are able to service your loan, and we
      ☐ will service your loan.
      ☐ will not service your loan.
      ☐ haven't decided whether to service your loan.

   B. ☑ We do not service mortgage loans    ☑ and we have not serviced mortgage loans in the past three years.
      We presently intend to assign, sell or transfer the servicing of your mortgage loan. You will be informed about your servicer.

2. For all mortgage loans that we make in the 12 month period after your mortgage loan is funded, we estimate that the percentage of such loans for which we will transfer servicing is between:

   _____ 0 to 25%    _____ 26 to 50%    _____ 51 to 75%    ✓ 76 to 100%

   This estimate ☑ does ☐ does not    include assignments, sales or transfers to affiliates or subsidiaries.

   This is only our best estimate and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

3. A. ☑ We have previously assigned, sold, or transferred the servicing of mortgage loans.

   B. ☑ This is our record of transferring the servicing of mortgage loans we have made in:

   | Year | Percentage of Loans Transferred |
   |------|-------------------------------|
   | 2004 | 100 % |
   | 2003 | 100 % |
   | 2002 | 100 % |

   This information ☑ does ☐ does not    include assignments, sales or transfers to affiliates or subsidiaries.

**Acknowledgment of Mortgage Loan Applicant(s)**

I/We have read and understood the disclosure; and understand that the disclosure is a required part of the mortgage application as evidenced by my/our signature(s) below:

Applicant   Kevin G. Snyder          Date  2/8/05

Applicant _____   Date _____

Applicant _____   Date _____

Applicant _____   Date _____

LENDER NAME AND ADDRESS
**Gateway Funding Diversified Mortgage Services L.P.**
**800 Concourse Parkway South, Suite 125**
**Maitland, FL 32751**

# SERVICING DISCLOSURE STATEMENT

NOTICE TO FIRST LIEN MORTGAGE LOAN APPLICANTS: THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS. IF YOUR LOAN IS MADE, SAVE THIS STATEMENT WITH YOUR LOAN DOCUMENTS. SIGN THE ACKNOWLEDGMENT AT THE END OF THIS STATEMENT ONLY IF YOU UNDERSTAND ITS CONTENTS.

Because you are applying for a mortgage loan covered by the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C.§2601 *et seq.*) you have certain rights under that Federal law. This statement tells you about those rights. It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer. "Servicing" refers to collecting your principal, interest and escrow account payments, if any. If your loan servicer changes, there are certain procedures that must be followed. This statement generally explains those procedures.

**Transfer Practices and Requirements**
If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer. The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer. The new loan servicer must also send you notice within 15 days after the effective date of the transfer. The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of transfer. The 15 day periods not applicable if a notice of prospective transfer is provided to you at settlement. The law allows a delay in the time (not more than 30 days after a transfer) for servicers to notify you, upon the occurrence of certain business emergencies.

Notices must contain certain information. They must contain the effective date of the transfer of the servicing of your loan to the new servicer, the name, address, and toll-free or collect call telephone number of the new servicer, and toll-free or collect call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions. During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**
Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights, whether or not your loan servicing is transferred. If you send a "qualified written request" to your servicer, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and the information regarding your request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, or must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

**Damages and Costs**
Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

**Servicing Transfer Estimates**
1. The following is the best estimate of what will happen to the servicing of your mortgage loan:

A. | | | We may assign, sell or transfer the servicing of your loan sometime while the loan is outstanding.
We are able to service your loan, and we | | will | | will not | | haven't decided whether to | service your loan.

B. | X | We do not service mortgage loans, and | X | We have not serviced mortgage loans in the past three (3) years. | X | We presently intend to assign, sell or transfer the servicing of your mortgage loan. You will be informed about your servicer.

C. | | We assign, sell or transfer the servicing of some of our loans while the loan is outstanding depending on the type of loan and other factors. For the program you have applied for, we expect to:
sell all of the mortgage servicing;
retain all of the mortgage servicing; or
assign, sell or transfer _____ % of the mortgage servicing.

2. For all the first lien mortgage loans that we make in the 12 month period after your mortgage loan is funded, we estimate that the percentage of such loans for which we will transfer servicing is between:
| | None | | 0 to 25% | | 26 to 50% | | 51 to 75% | X | 76 to 100% | | All

This estimate | X | does | | does not | include assignments, sales or transfers to affiliates or subsidiaries. This is only our best estimate and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

3. A. | | We have previously assigned, sold or transferred the servicing of first lien mortgage loans.
B. | X | This is our record of transferring the servicing of the first lien mortgage loans we have made in the past:

| YEAR | PERCENTAGE OF LOANS TRANSFERRED (Rounded to Nearest Quantile - 0%, 25%, 50%, 75%, or 100%) |
|------|--------------------------------------------------------------------------------------------|
| 2002 | 100 % |
| 2003 | 100 % |
| 2004 | 100 % |

This information | X | does | | does not | include assignments, sales or transfers to affiliates or subsidiaries.

LENDER (Signature not Mandatory)      DATE

## ACKNOWLEDGMENT OF MORTGAGE LOAN APPLICANT

I/We have read this disclosure form, and understand its contents, as evidenced by my/our signature(s) below. I/We understand that this acknowledgment is a required part of the mortgage loan application.

_____    4-21-05
APPLICANT KEVIN G. SNYDER    DATE     APPLICANT       DATE

APPLICANT      DATE     APPLICANT       DATE

**INSTRUCTIONS TO PREPARER:** Select either Item 3(A) or Item 3(B), except if you chose the provision in 1(B) stating: "We do not service mortgage loans, and we have not serviced loans in the past three (3) years", all of Item 3 should be omitted. The information in Item 3(B) is for the previous three (3) calendar years. The information does not have to include the previous calendar year if the statement is prepared before March 31 of the next calendar year. If the percentage of servicing transferred is less than 12.50%, the word "nominal" or the actual percentage amount of servicing transfers may be used.

# EXHIBIT D

# green tree

PO Box 6172
Rapid City, SD 57709-6172

Tel 1-855-675-1030
GTServicing.com

---

**KEVIN G SNYDER**
1752 ORANGE GROVE SHORES DR
CHARLESTON SC 29407-3665

ⁱⁱₗₗⁱₗⁱ·ⁱ·ⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱ·ⁱⁱ·ⁱ·ⁱⁱⁱⁱ·ⁱⁱⁱⁱⁱⁱ

June 10, 2013

Bank of America N.A. ("Bank of America") Account Number: 
Green Tree Servicing LLC ("Green Tree") New Account Number:

Dear Kevin G Snyder:

**Welcome to Green Tree.** The servicing of your mortgage loan – that is, the right to collect loan payments from you - is being transferred from Bank of America to Green Tree effective June 1, 2013. The servicing transfer does not affect any terms or condition of your current mortgage loan, other than the terms directly related to the servicing of your loan. You can mail your payments directly to Green Tree at the following address: **Green Tree Servicing LLC, PO Box 7169, Pasadena, CA 91109-7169.**

Green Tree will begin posting payments to your account on or about June 10, 2013. If your payment was received by Green Tree or Bank of America prior to the posting date, we will apply your payment as of the day hat it was received and no late fee will be assessed to your account.*

You should be receiving your first statement from Green Tree by mail the week of June 17, 2013. If you have any questions about the transfer of your mortgage loan servicing to Green Tree, we encourage you to visit:

### www.gtservicing.com/welcome

There you can register to securely access your account online, make a payment, establish a recurring electronic mortgage loan payment and obtain answers to frequently asked questions.

We are pleased to have you as a new customer. The following pages include more detailed information about our services, including details about payoff requests, and insurance loss payee information. Please keep this documentation for future reference. Should you ever need additional account information, please visit our website at GTServicing.com, or contact customer service toll-free at 1-855-675-1030, or write to Green Tree Customer Service, PO Box 6172, Rapid City, SD 57709-6172.

At Green Tree, we build rela ionships that work and we look forward to providing you with quality service for years to come.

Respectfully,

Green Tree

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

* Please note: If you had an automatic payment(s) set up through Bank of America, your transaction was cancelled as part of the transfer of servicing to Green Tree. You can easily make an electronic payment or reestablish a recurring automatic loan payment on our website: GTServicing.com.

---

relationships that work
## green tree

**INITIAL PAYMENT COUPON**
-Please make checks payable to Green Tree-
**ACCOUNT NUMBER** ▮▮▮

This payment coupon is furnished to the borrower and co-borrower as a convenience. Only one coupon should be used.

| | |
|---|---|
| **TOTAL DUE** | **$1,269.38** |
| **TOTAL ENCLOSED** $ ☐☐,☐☐☐.☐☐ | |

Enter total amount of payment enclosed

Kevin G Snyder
1752 Orange Grove Shores Dr
Charleston SC 29407-3665

GREEN TREE SERVICING LLC
PO BOX 7169
PASADENA, CA 91109-7169

ⁱₗⁱⁱⁱⁱⁱⁱₗⁱⁱ·ⁱⁱ·ⁱⁱⁱⁱⁱⁱⁱⁱₗₗⁱ·ⁱⁱⁱⁱⁱⁱⁱⁱⁱⁱ·ⁱⁱⁱⁱⁱⁱⁱ·ⁱⁱⁱ

You are hereby notified that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold or transferred from Bank of America N.A. ("Bank of America") to Green Tree Servicing LLC ("Green Tree") effective June 1, 2013.

The assignment, sale, or transfer of he servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than the terms directly related to the servicing of your loan.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before he effective date of transfer, or at closing. Your new servicer must also send you this notice no later than 15 days after this effective date or at closing.

Your present servicer is Bank of America. If you have any questions relating to the transfer of servicing from your present servicer, call Customer Service toll-free at 1-800-669-6607 between 7:00 a.m. and 7:00 p.m., Monday through Friday, all US time zones.

Your new servicer will be Green Tree. The business address for your new servicer is: PO Box 6172, Rapid City, SD 57709-6172. To ensure imely posting of your payments, please send payments to he address indicated below.

If you have any questions relating to the transfer of servicing to your new servicer, call Customer Service toll free at 1-855-675-1030 between 7:00 a.m. and 8:00 p.m. CST, Monday through Friday or between 7:00 a.m. and 1:00 p.m. CST, on Saturday.

The date hat your present servicer will stop accepting payments from you is May 31, 2013. The date hat your new servicer will start accep ing payments from you is June 1, 2013. SEND ALL PAYMENTS DUE ON OR AFTER JUNE 1, 2013 TO YOUR NEW SERVICER:

Green Tree Servicing LLC
PO Box 7169
Pasadena, CA 91109 - 7169

The transfer of servicing will affect the terms of or the continued availability of any optional insurance (i.e.,mortgage life, disability insurance etc.) or optional products that you may have on the loan. You will need to contact the company providing the insurance or other product directly for continued coverage or enrollment.

---

### NOTICE ABOUT YOUR RIGHTS

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act ("RESPA") (12 U.S.C. §2605):

During he 60 day period following he effective date of the transfer of the loan servicing, a loan payment received by your present servicer before its due date may not be treated by your new servicer as late, and a late fee may not be imposed on you.

Section 6 of RESPA (12 U.S.C. §2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgement within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or o her payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. If you want to send a "qualified written request" regarding the servicing of your loan to your new servicer, it must be sent to this address: Green Tree, PO Box 6176, Rapid City, SD 57709-6176.

Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent he servicer from initia ing foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of he business entity are open to he public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

---

As your future servicer, we at Green Tree look forward to serving you.

Defaulted Account Notice: If your account was in default at the time servicing rights were transferred to Green Tree, please note that this is an attempt to collect a debt and any information obtained may be used for that purpose.

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

**Payment Processing:**
You will be receiving your monthly statement from Green Tree within the next twenty-five days. If your payment is due prior to receiving a statement please send your payment to the address below with your new Green Tree account number noted on the memo line. After receiving your first Green Tree statement, please destroy any Bank of America payment coupons and begin using the coupon attached to the bottom of the monthly statement. Please be sure to include your new Green Tree account number and send any future payments made after May 31, 2013 to the following address:

Green Tree Servicing LLC
PO Box 7169
Pasadena, CA 91109 - 7169

Your loan file will be transferred from Bank of America with the following information relating to your payments and escrow account:

| Monthly Payment Information: | |
| --- | --- |
| Principal Payment Amount: | $134.03 |
| Interest Payment Amount: | $856.38 |
| Escrow Payment Amount: | $278.97 |
| Monthly Payment Amount 1: | $1,269.38 |
| Payment Due: | 09/01/2008 |
| Current Loan Information: | |
| Current Interest Rate: | 7.50000% |
| Principal Balance: | $137,020.25 |
| Escrow Balance: | $16,101.85- |

Interest Calculation method is Scheduled Interest Calculation. 1Please refer to your billing statement for any future possible changes to his payment amount.

## AUTO PAY & BILL PAYMENT SERVICES

**Automatic Payments Deductions:** If your prior servicer had permission to draw your payment from your bank account, hat service will not transfer to Green Tree. You can set up a new automatic payment plan wi h Green Tree by visi ing gtservicing.com or by contacting customer service with your request.

**Bill Payment Services** : If your payments currently are made through a military allotment process, or a third-party bill payment service (including online banking services), please inform your vendor or financial institution of the following:

- The above-referenced Green Tree account number.
- Change of payee to Green Tree Servicing LLC.
- The new payment mailing address is:

Green Tree Servicing LLC
PO Box 7169
Pasadena, CA 91109 - 7169

If you currently have future dated Pay By Phone payment(s) set up with Bank of America, these transactions were canceled upon transfer of servicing to Green Tree. If you would like to set up future Pay by Phone payments with Green Tree, please contact our Customer Service Department at 1-855-675-1030.

**Loan Modifications** : If you are currently in an active trial modification or have a modification review underway, this information will be forwarded to Green Tree so they can continue the process with you. Please call 1-800-643-0202 if you have questions about your modification.

**Payoffs**
Payoff checks sent via regular mail , or via United States Postal Service overnight delivery, sent after May 31, 2013, should be sent to the following address:

Green Tree Servicing LLC
Dept CH 9052
Palatine, IL 60055 - 9052

Payoff checks sent via UPS/FedEx/Airborne Priority Mail , sent after May 31, 2013, should be sent to the following address:

Green Tree Servicing LLC
Attn: Payoff 9052
5505 N Cumberland Ave. Suite 307
Chicago, IL 60656

**Insurance Loss Payee Information**

The mortgagee clause of your homeowners insurance policy, and if applicable your flood insurance policy, needs to be updated to reflect Green Tree Servicing LLC as a loss payee. Please have your insurance agent update your policy with the information listed below. If your loan or line of credit is in a second lien position, in addition to the mortgagee clause below, your policy should also still have a separate mortgagee clause for the lender in the first lien position. Proof of insurance can be faxed to 1-866-263-8962 or mailed to Green Tree Servicing LLC at the following address:

Green Tree Servicing LLC
Its affiliates and/or assigns
PO Box 979282
Miami FL 33197-9282

**Customer Service:**

Any questions, complaints or inquiries you have regarding your loan may always be directed in wri ing to our Customer Service Department at the below-referenced address or by calling the toll-free phone number at 1-855-675-1030, between 7:00 a.m. and 8:00 p.m. CST, Monday through Friday and between 7:00 a.m. and 1:00 p.m. CST, on Saturday. You can also access our website at GTServicing.com 24 hours a day. The website allows convenient, secure access to your basic account information, and allows you to make payments on your account, obtain payoff quotes and insurance information. The website will be available to you shortly after the servicing transfer day. You may also contact Green Tree by writing to us at the following address:

Green Tree Servicing LLC
PO Box 6172
Rapid City, SD 57709-6172

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

**Fair and Accurate Credit Transactions Act Notice - We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

# green tree

PO Box 6172
Rapid City, SD 57709-6172

Tel 1-855-675-1030
GTServicing.com

June 11, 2013

KEVIN G SNYDER
1752 ORANGE GROVE SHORES DR
CHARLESTON SC 29407-3665
|·||·||··|||·||||||·||··||||·||||·|||||·||·||·||||·|||||

**Re: Green Tree Servicing LLC ("Green Tree") Account No.:** ▮▮▮▮▮▮
**Creditor: Federal National Mortgage Association (Fannie Mae)**

Dear Valued Customer:

The servicing of your account was transferred from Bank of America N.A. to Green Tree on June 1, 2013. We are pleased to welcome you to Green Tree.

As your new servicer for the referenced account, Green Tree is required to inform you of the following important notice regarding your rights under federal law:

> **AS OF MAY 31, 2013, YOU OWE $204,798.56. BECAUSE OF INTEREST, LATE CHARGES, AND OTHER CHARGES THAT MAY VARY FROM DAY TO DAY, THE AMOUNT DUE ON THE DAY YOU PAY MAY BE GREATER. HENCE, IF YOU PAY THE AMOUNT SHOWN ABOVE, AN ADJUSTMENT MAY BE NECESSARY AFTER WE RECEIVE YOUR CHECK, IN WHICH EVENT WE WILL INFORM YOU BEFORE DEPOSITING THE CHECK FOR COLLECTION. FOR FURTHER INFORMATION, CONTACT CUSTOMER SERVICE AT THE ADDRESS OR TOLL-FREE NUMBER LISTED ABOVE.**

> **UNLESS YOU NOTIFY US WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THIS DEBT, OR ANY PORTION OF THE DEBT, WE WILL ASSUME THAT THE DEBT IS VALID. IF YOU NOTIFY US IN WRITING WITHIN THIRTY (30) DAYS OF RECEIVING THIS NOTICE, WE WILL OBTAIN VERIFICATION OF THE DEBT (OR OBTAIN A COPY OF A JUDGMENT, IF THE DEBT HAS BEEN REDUCED TO JUDGMENT) AND MAIL THE VERIFICATION TO YOU. IN ADDITION, UPON YOUR WRITTEN REQUEST WITHIN THIRTY (30) DAYS AFTER RECEIVING THIS NOTICE, WE WILL ALSO PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.**

To ensure timely posting of your payments, please send all payments to your new servicer at the address indicated below:

**Green Tree Servicing LLC**
**PO Box 7169**
**Pasadena, CA 91109 - 7169**

We at Green Tree are honored to serve you. If you need to contact us or have any questions, please call Customer Service toll-free at 1-855-675-1030, from 7:00 a.m. to 8:00 p.m. Central, Monday through Friday, or 7:00 a.m. to 1:00 p.m. Central on Saturdays, or write to us at PO Box 6172, Rapid City, South Dakota 57709-6172.

Respectfully,

Green Tree

**This communication is from a debt collector. It is an attempt to collect a debt and any information obtained will be used for that purpose.**

Ditech Financial LLC
P.O. Box 6172
Rapid City, SD 57709-6172

KEVIN G. SNYDER
GARRETT LAW OFFICES
1075 E MONTAGUE AVE
NORTH CHARLESTON SC 29405-4825

# EXHIBIT E

Recording Requested By:
Bank of America
When recorded mail to:
CoreLogic
Mail Stop: ASGN
1 CoreLogic Drive
Westlake, TX 76262-9823

DocID# 2029315794811867
Tax ID: 352-13-00-218
Property Address:
1752 ORANGE GROVE SHORES
DRIVE
CHARLESTONE, SC 29407



# PGS:
2

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **GREEN TREE SERVICING LLC** whose address is **7360 S. KYRENE ROAD, TEMPE, AZ 85283** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender:        MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE
                        FOR GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES L.P.
Original Borrower(s):    KEVIN G. SNYDER AND MARY S. SNYDER, HUSBAND AND WIFE.
Date of Mortgage:       4/21/2005
Original Loan Amount:   $135,000.00

Recorded in Charleston County, SC on: 5/6/2005, book W535, page 645 and instrument number N/A

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
Dated: _06/17/2013_

COUNTRYWIDE HOME LOANS, INC.

By: _Manuel D. Elizondo_
    Manuel D. Elizondo
    Assistant Vice President

Witness: _Willie C. Shaw_          Witness: _Kai C. Zheng_

State of TX, County of DALLAS
On 6-17-13, before me, Rochelle A. Martin, a Notary Public, personally
appeared Manuel D. Elizondo, Assistant Vice President of
COUNTRYWIDE HOME LOANS, INC. personally known to me to be the person(s) whose name(s) is/are
subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon
behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

Notary Public: _Rochelle A. Martin_
My Commission Expires: 7-18-16

ROCHELLE A. MARTIN
Notary Public, State of Texas
My Commission Expires
07/18/2016

# RECORDER'S PAGE



*NOTE*: This page MUST remain
with the original document

**Filed By:**

KORN LAW FIRM

PO BOX 12369
COLUMBIA SC 29211-2369

**MAKER:**

COUNTRYWIDE HOME ETC

**RECIPIENT:**

GREEN TREE SERV LLC

**Original Book:**          **Original Page:**

W535                         645



| **RECORDED** | |
|---|---|
| Date: | September 9, 2013 |
| Time: | 3:31:45 PM |

| Book | Page | DocType |
|---|---|---|
| 0359 | 558 | Asgt |

**Charlie Lybrand, Register**
**Charleston County, SC**

| | |
|---|---|
| # of Pages: | 2 |
| # of Sats: | |
| # of References: | |
| Note: | |

| | | |
|---|---|---|
| Recording Fee | $ | 6.00 |
| Extra Reference Cost | $ | - |
| Extra Pages | $ | - |
| Postage | $ | - |
| Chattel | $ | - |
| **TOTAL** | **$** | **6.00** |

| DRAWER | Drawer 1 |
|---|---|
| CLERK | KLH |

  

| | | | |
|---|---|---|---|
| 0359 | 558 | 09/09/2013 | 2 |
| Book | Page | Recorded Date | # Pgs |

   

| | | | |
|---|---|---|---|
| W535 | 645 | M | 15:31:45 |
| Original Book | Original Page | Doc Type | Recorded Time |

[WHEN RECORDED RETURN TO:]
**KORN LAW FIRM**
**1300 PICKENS STREET**
**P.O. BOX 11264**
[COLUMBIA, SC 29211-1264]


BP0032991

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

ASSIGNMENT OF MORTGAGE
BOOK W-535 PAGE 645

FOR VALUE RECEIVED, the undersigned, Countrywide Home Loans, Inc., does hereby transfer, assign, set over and convey to Countrywide Home Loans Servicing, LP 7105 Corporate Drive, PTX-C2-35, Plano, TX 75024, their successors and assigns, all beneficial interest under that certain mortgage executed by Kevin G. Snyder and Mary S. Snyder, to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Gateway Funding Diversified Mortgage Services, LP which mortgage is recorded on May 6, 2005, in the Office of the RMC for Charleston County, South Carolina, in Mortgage Book W-535 page 645, together with all the notes and indebtedness secured by said mortgage, the money due and to become due thereon with interest, and all rights accrued or to accrue; and the undersigned does hereby remise, release, quit claim and convey to Countrywide Home Loans Servicing, LP its rights in and to the property described in and conveyed by said mortgage.

PROPERTY ADDRESS: 1752 Orange Grove Shores Drive, Charleston, SC 29407

IN WITNESS WHEREOF, the undersigned, Countrywide Home Loans, Inc., on January 26, 2009 has hereunto set its hand and seal.

Countrywide Home Loans, Inc.

BY: _____

JOHN S. KAY, JOHN B. KELCHNER,
ALAN M. STEWART
Its Assistant Secretary

_____
Witness #1

_____
Witness #2

348

# CORPORATE ACKNOWLEDGEMENT

State of South Carolina
County of Richland

On January 26, 2009, _____John B. Helchner_____ personally came before me and, being duly sworn, did

state that he/she is the Assistant Secretary of the corporation described in the above document; that he/she

acknowledged the execution of the above document in my presence on behalf of this corporation; and that he/she

had full authority to do so.

_____Mu Watson_____
Notary Public for the County of Richland
State of South Carolina
My Commission expires: 8|3|2010

**349**

# RECORDER'S PAGE

*NOTE*: This page MUST remain
with the original document



**Filed By:**

KORN LAW FIRM

PO BOX 12369
COLUMBIA SC 29211-2369

| RECORDED | | |
|---|---|---|
| **Date:** | February 3, 2009 | |
| **Time:** | 9:35:43 AM | |
| **Book** | **Page** | **DocType** |
| 0032 | 991 | Asgt |

Charlie Lybrand, Register
Charleston County, SC

**MAKER:**

COUNTRYWIDE HOME LNS

**RECIPIENT:**

COUNTRYWIDE HOME LNS SERV

**Original Book:** W535

**Original Page:** 645



| | |
|---|---|
| # of Pages: | 3 |
| # of Sats: | |
| # of References: | |
| Note: | |
| Recording Fee | $ 6.00 |
| Extra Reference Cost | $ - |
| Extra Pages | $ - |
| Postage | $ - |
| Chattel | $ - |
| TOTAL | $ 6.00 |

| DRAWER | Drawer 2 |
|---|---|
| CLERK | BOZ |


0032
Book


991
Page


02/03/2009
Recorded Date


3
# Pgs


W535
Original Book



645
Original Page


M
Doc Type


09:35:43
Recorded Time

[WHEN RECORDED RETURN TO:]
KORN LAW FIRM
1300 PICKENS STREET
P.O. BOX 11264
[COLUMBIA, SC 29211-1264]

| STATE OF SOUTH CAROLINA | ASSIGNMENT OF MORTGAGE |
|---|---|
| COUNTY OF CHARLESTON | BOOK W-535 PAGE 645 |

FOR VALUE RECEIVED, the undersigned, Mortgage Electronic Registration Systems, Inc. solely as nominee for Gateway Funding Diversified Mortgage Services, L.P., does hereby transfer, assign, set over and convey to Countrywide Home Loans, Inc. 7105 Corporate Drive, PTX-B-35, Plano, TX 75024, their successors and assigns, all beneficial interest under that certain mortgage executed by Kevin G. Snyder and Mary S. Snyder, to Mortgage Electronic Registration Systems, Inc. solely as nominee for Gateway Funding Diversified Mortgage Services, L.P. which mortgage is recorded on May 6, 2005, in the Office of the RMC for Charleston County, South Carolina, in Mortgage Book W-535 page 645, together with all the notes and indebtedness secured by said mortgage, the money due and to become due thereon with interest, and all rights accrued or to accrue; and the undersigned does hereby remise, release, quit claim and convey to Countrywide Home Loans, Inc. in and to the property described in and conveyed bye said mortgage.

PROPERTY ADDRESS: 1752 Orange Grove Shores Drive, Charleston, SC 29407

IN WITNESS WHEREOF, the undersigned Mortgage Electronic Registration Systems, Inc. solely as nominee for Gateway Funding Diversified Mortgage Services, L.P., on _____SEP 2 5 2007_____, 2007 has hereunto set its hand and seal.

Mortgage Electronic Registration Systems, Inc.
solely as nominee for Gateway Funding Diversified
Mortgage Services, L.P.

BY: _____

ITS: AMANDA FARRAR, VICE PRESIDENT

Witness #1    MARY CHAVARRIA

Witness #2    Regina McAninch

## CORPORATE ACKNOWLEDGEMENT

State of ____TEXAS____

County of ____COLLIN____

On SEP 2 5 2007, AMANDA FARRAR, VICE PRESIDENT personally came before me and, being duly sworn, did state that he/she is the VICE PRESIDENT of the corporation described in the above document; that he/she acknowledged the execution of the above document in my presence on behalf of this corporation; and that he/she had full authority to do so.

_____
Notary Public for the County of DENTON

State of TEXAS

My Commission expires: 11-14-2010

KATHY REPKA
My Commission Expires
November 14, 2010

BK T640PG747

# RECORDER'S PAGE
***NOTE*:** This page MUST remain
with the original document



**FILED**

October 5, 2007

1:15:18 PM

BK T640PG746

Charlie Lybrand, Register
Charleston County, SC

Filed By:

| Korn Law Firm | | Number of Pages: |
| PO Box 12369 | | 2 |
| Columbia | SC 29211-2369 | |
| env | | |

| DESCRIPTION | | AMOUNT |
|---|---|---|
| ASSIGNMENT | $ | 6.00 |
| | | |
| | | |
| | | |
| Postage | | |

| TOTAL | $ | 6.00 |

| DRAWER: | |
|---|---|
| | A - BJA |

DO NOT STAMP BELOW THIS LINE

# EXHIBIT F

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CONV | 05/24/05 | | 712.78 | 140 | Payment:Escrow Only-Cash | 06/01/05 | .00 | .00 | 712.78 | | | | | | 134,899.81 | |
| CONV | 06/13/05 | | -63.00 | 210 | Disbursement:Escrow Only | 06/01/05 | .00 | .00 | -63.00 | | | | | | 134,899.81 | |
| CONV | 07/12/05 | | -63.00 | 210 | Disbursement:Escrow Only | 06/01/05 | .00 | .00 | -63.00 | | | | | | 134,899.81 | |
| CONV | 07/12/05 | | 1,169.39 | 100 | Payment:Cash | 07/01/05 | 100.82 | 843.12 | 225.45 | | | | | | 134,798.99 | |
| CONV | 08/12/05 | | 1,169.39 | 100 | Payment:Cash | 08/01/05 | 101.45 | 842.49 | 225.45 | | | | | | 134,697.54 | |
| CONV | 08/12/05 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/05 | .00 | .00 | -63.00 | | | | | | 134,697.54 | |
| CONV | 09/14/05 | | 1,169.39 | 100 | Payment:Cash | 09/01/05 | 102.08 | 841.86 | 225.45 | | | | | | 134,595.46 | |
| CONV | 09/14/05 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/05 | .00 | .00 | -63.00 | | | | | | 134,595.46 | |
| CONV | 10/13/05 | | -63.00 | 210 | Disbursement:Escrow Only | 09/01/05 | .00 | .00 | -63.00 | | | | | | 134,595.46 | |
| CONV | 10/13/05 | | 1,169.39 | 100 | Payment:Cash | 10/01/05 | 102.72 | 841.22 | 225.45 | | | | | | 134,492.74 | |
| CONV | 11/11/05 | | -63.00 | 210 | Disbursement:Escrow Only | 10/01/05 | .00 | .00 | -63.00 | | | | | | 134,492.74 | |
| CONV | 11/18/05 | | 1,169.39 | 100 | Payment:Cash | 11/01/05 | 103.36 | 840.58 | 225.45 | | | | | | 134,389.38 | |
| CONV | 12/01/05 | | -807.86 | 210 | Disbursement:Escrow Only | 11/01/05 | .00 | .00 | -807.86 | | | | | | 134,389.38 | |
| CONV | 12/13/05 | | -63.00 | 210 | Disbursement:Escrow Only | 11/01/05 | .00 | .00 | -63.00 | | | | | | 134,389.38 | |
| CONV | 12/19/05 | | 1,169.39 | 100 | Payment:Cash | 12/01/05 | 104.01 | 839.93 | 225.45 | | | | | | 134,285.37 | |
| CONV | 01/12/06 | | -63.00 | 210 | Disbursement:Escrow Only | 12/01/05 | .00 | .00 | -63.00 | | | | | | 134,285.37 | |
| CONV | 01/20/06 | | 1,169.39 | 100 | Payment:Cash | 01/01/06 | 104.66 | 839.28 | 225.45 | | | | | | 134,180.71 | |
| CONV | 02/14/06 | | -63.00 | 210 | Disbursement:Escrow Only | 01/01/06 | .00 | .00 | -63.00 | | | | | | 134,180.71 | |
| CONV | 02/24/06 | | 1,310.99 | 100 | Payment:Cash | 02/01/06 | 105.31 | 838.63 | 225.45 | 141.60 | | | | | 134,075.40 | |
| CONV | 03/14/06 | | -63.00 | 210 | Disbursement:Escrow Only | 02/01/06 | .00 | .00 | -63.00 | | | | | | 134,075.40 | |
| CONV | 03/24/06 | | 1,216.59 | 100 | Payment:Cash | 03/01/06 | 105.97 | 837.97 | 225.45 | 47.20 | | | | | 133,969.43 | |
| CONV | 04/12/06 | | -63.00 | 210 | Disbursement:Escrow Only | 03/01/06 | .00 | .00 | -63.00 | | | | | | 133,969.43 | |
| CONV | 04/17/06 | | -1,318.00 | 210 | Disbursement:Escrow Only | 03/01/06 | .00 | .00 | -1,318.00 | | | | | | 133,969.43 | |
| CONV | 04/28/06 | | 1,263.79 | 100 | Payment:Cash | 04/01/06 | 106.63 | 837.31 | 225.45 | 94.40 | | | | | 133,862.80 | |
| CONV | 05/12/06 | | -63.00 | 210 | Disbursement:Escrow Only | 04/01/06 | .00 | .00 | -63.00 | | | | | | 133,862.80 | |
| CONV | 05/26/06 | | 1,169.39 | 100 | Payment:Cash | 05/01/06 | 107.30 | 836.64 | 225.45 | | | | | | 133,755.50 | |
| CONV | 06/12/06 | | -63.00 | 210 | Disbursement:Escrow Only | 05/01/06 | .00 | .00 | -63.00 | | | | | | 133,755.50 | |
| CONV | 06/23/06 | | 1,207.61 | 100 | Payment:Cash | 06/01/06 | 107.97 | 835.97 | 263.67 | | | | | | 133,647.53 | |
| CONV | 07/13/06 | | -63.00 | 210 | Disbursement:Escrow Only | 06/01/06 | .00 | .00 | -63.00 | | | | | | 133,647.53 | |
| CONV | 07/28/06 | | 1,207.61 | 100 | Payment:Cash | 07/01/06 | 108.64 | 835.30 | 263.67 | | | | | | 133,538.89 | |
| CONV | 08/15/06 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/06 | .00 | .00 | -63.00 | | | | | | 133,538.89 | |

354

Account: ███████  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CONV | 08/28/06 | | 1,207.61 | 100 | Payment:Cash | 08/01/06 | 109.32 | 834.62 | 263.67 | | | | | | 133,429.57 | |
| CONV | 09/13/06 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/06 | .00 | .00 | -63.00 | | | | | | 133,429.57 | |
| CONV | 09/29/06 | | 1,443.61 | 100 | Payment:Cash | 09/01/06 | 110.01 | 833.93 | 263.67 | 236.00 | | | | | 133,319.56 | |
| CONV | 10/12/06 | | -63.00 | 210 | Disbursement:Escrow Only | 09/01/06 | .00 | .00 | -63.00 | | | | | | 133,319.56 | |
| CONV | 10/27/06 | | 1,207.61 | 100 | Payment:Cash | 10/01/06 | 110.69 | 833.25 | 263.67 | | | | | | 133,208.87 | |
| CONV | 11/14/06 | | -63.00 | 210 | Disbursement:Escrow Only | 10/01/06 | .00 | .00 | -63.00 | | | | | | 133,208.87 | |
| CONV | 12/08/06 | | 1,207.61 | 100 | Payment:Cash | 11/01/06 | 111.38 | 832.56 | 263.67 | | | | | | 133,097.49 | |
| CONV | 12/13/06 | | -63.00 | 210 | Disbursement:Escrow Only | 11/01/06 | .00 | .00 | -63.00 | | | | | | 133,097.49 | |
| CONV | 12/13/06 | | -799.97 | 210 | Disbursement:Escrow Only | 11/01/06 | .00 | .00 | -799.97 | | | | | | 133,097.49 | |
| CONV | 12/29/06 | | 1,349.21 | 100 | Payment:Cash | 12/01/06 | 112.08 | 831.86 | 263.67 | 141.60 | | | | | 132,985.41 | |
| CONV | 01/10/07 | | -63.00 | 210 | Disbursement:Escrow Only | 12/01/06 | .00 | .00 | -63.00 | | | | | | 132,985.41 | |
| CONV | 01/26/07 | | 1,207.61 | 100 | Payment:Cash | 01/01/07 | 112.78 | 831.16 | 263.67 | | | | | | 132,872.63 | |
| CONV | 02/12/07 | | -63.00 | 210 | Disbursement:Escrow Only | 01/01/07 | .00 | .00 | -63.00 | | | | | | 132,872.63 | |
| CONV | 03/09/07 | | 1,207.61 | 100 | Payment:Cash | 02/01/07 | 113.49 | 830.45 | 263.67 | | | | | | 132,759.14 | |
| CONV | 03/13/07 | | -63.00 | 210 | Disbursement:Escrow Only | 02/01/07 | .00 | .00 | -63.00 | | | | | | 132,759.14 | |
| CONV | 04/12/07 | | -63.00 | 210 | Disbursement:Escrow Only | 02/01/07 | .00 | .00 | -63.00 | | | | | | 132,759.14 | |
| CONV | 04/17/07 | | -1,531.00 | 210 | Disbursement:Escrow Only | 02/01/07 | .00 | .00 | -1,531.00 | | | | | | 132,759.14 | |
| CONV | 04/27/07 | | 1,250.00 | 100 | Payment:Cash | 03/01/07 | 114.20 | 829.74 | 263.67 | 42.39 | | | | | 132,644.94 | |
| CONV | 05/11/07 | | -63.00 | 210 | Disbursement:Escrow Only | 03/01/07 | .00 | .00 | -63.00 | | | | | | 132,644.94 | |
| CONV | 05/31/07 | | 1,250.00 | 100 | Payment:Cash | 04/01/07 | 114.91 | 829.03 | 263.67 | 42.39 | | | | | 132,530.03 | |
| CONV | 06/11/07 | | -1,250.00 | 500 | Reversal:Pymt-Cash | 03/01/07 | -114.91 | -829.03 | -263.67 | -42.39 | | | | | 132,644.94 | |
| CONV | 06/13/07 | | -63.00 | 210 | Disbursement:Escrow Only | 03/01/07 | .00 | .00 | -63.00 | | | | | | 132,644.94 | |
| CONV | 07/09/07 | | 1,592.39 | 100 | Payment:Cash | 05/01/07 | 115.63 | 828.31 | 263.67 | 193.61 | | 191.17 | | | 132,529.31 | |
| CONV | 07/09/07 | | 1,207.61 | 100 | Payment:Cash | 04/01/07 | 114.91 | 829.03 | 263.67 | | | | | | 132,414.40 | |
| CONV | 07/12/07 | | -63.00 | 210 | Disbursement:Escrow Only | 05/01/07 | .00 | .00 | -63.00 | | | | | | 132,414.40 | |
| CONV | 07/27/07 | | 1,300.00 | 100 | Payment:Cash | 06/01/07 | 116.35 | 827.59 | 278.60 | 47.20 | | 30.26 | | | 132,298.05 | |
| CONV | 08/13/07 | | -63.00 | 210 | Disbursement:Escrow Only | 06/01/07 | .00 | .00 | -63.00 | | | | | | 132,298.05 | |
| CONV | 09/13/07 | | -63.00 | 210 | Disbursement:Escrow Only | 06/01/07 | .00 | .00 | -63.00 | | | | | | 132,298.05 | |
| CONV | 10/11/07 | | -63.00 | 210 | Disbursement:Escrow Only | 06/01/07 | .00 | .00 | -63.00 | | | | | | 132,298.05 | |
| CONV | 10/31/07 | | 1,000.00 | QSP | Acq Payment to Unapplied Funds/Susp | 06/01/07 | .00 | .00 | | | | 1,000.00 | | | 132,298.05 | |

355

Account: ▮▮▮▮▮   *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CONV | 11/14/07 | | -63.00 | 210 | Disbursement:Escrow Only | 06/01/07 | .00 | .00 | -63.00 | | | | | | 132,298.05 | |
| CONV | 11/30/07 | | -5,891.64 | OAJ | Acq Adj to Prin and/or Int | 11/01/07 | -5,891.64 | .00 | | | | | | | 138,189.69 | |
| CONV | 12/10/07 | | -1,221.43 | QUD | Acq Disbr from Unapplied Funds/Susp | 11/01/07 | .00 | .00 | | | | -1,221.43 | | | 138,189.69 | |
| CONV | 12/13/07 | | -63.00 | 210 | Disbursement:Escrow Only | 11/01/07 | .00 | .00 | -63.00 | | | | | | 138,189.69 | |
| CONV | 12/13/07 | | -644.20 | 210 | Disbursement:Escrow Only | 11/01/07 | .00 | .00 | -644.20 | | | | | | 138,189.69 | |
| CONV | 12/17/07 | | 1,521.12 | 140 | Payment:Escrow Only-Cash | 11/01/07 | .00 | .00 | 1,521.12 | | | | | | 138,189.69 | |
| CONV | 12/17/07 | | 1,269.01 | 100 | Payment:Cash | 12/01/07 | 126.72 | 863.69 | 278.60 | | | | | | 138,062.97 | |
| CONV | 01/08/08 | | 80.00 | 140 | Payment:Escrow Only-Cash | 12/01/07 | .00 | .00 | 80.00 | | | | | | 138,062.97 | |
| CONV | 01/10/08 | | -231.06 | 210 | Disbursement:Escrow Only | 12/01/07 | .00 | .00 | -231.06 | | | | | | 138,062.97 | |
| CONV | 01/11/08 | | -63.00 | 210 | Disbursement:Escrow Only | 12/01/07 | .00 | .00 | -63.00 | | | | | | 138,062.97 | |
| CONV | 02/14/08 | | -63.00 | 210 | Disbursement:Escrow Only | 12/01/07 | .00 | .00 | -63.00 | | | | | | 138,062.97 | |
| CONV | 03/12/08 | | -63.00 | 210 | Disbursement:Escrow Only | 12/01/07 | .00 | .00 | -63.00 | | | | | | 138,062.97 | |
| CONV | 03/14/08 | | 1,234.68 | 100 | Payment:Cash | 01/01/08 | 127.52 | 862.89 | 244.27 | | | | | | 137,935.45 | |
| CONV | 03/14/08 | | 1,765.32 | 100 | Payment:Cash | 02/01/08 | 128.31 | 862.10 | 244.27 | 99.04 | | 431.60 | | | 137,807.14 | |
| CONV | 04/11/08 | | -63.00 | 210 | Disbursement:Escrow Only | 02/01/08 | .00 | .00 | -63.00 | | | | | | 137,807.14 | |
| CONV | 04/21/08 | | -1,908.00 | 210 | Disbursement:Escrow Only | 02/01/08 | .00 | .00 | -1,908.00 | | | | | | 137,807.14 | |
| CONV | 04/23/08 | | .00 | 140 | Payment:Escrow Only-Cash | 02/01/08 | .00 | .00 | 431.60 | | | -431.60 | | | 137,807.14 | |
| CONV | 05/14/08 | | -63.00 | 210 | Disbursement:Escrow Only | 02/01/08 | .00 | .00 | -63.00 | | | | | | 137,807.14 | |
| CONV | 05/16/08 | | 1,500.00 | 100 | Payment:Cash | 03/01/08 | 129.12 | 861.29 | 244.27 | 49.52 | | 215.80 | | | 137,678.02 | |
| CONV | 05/22/08 | | -1,500.00 | 500 | Reversal:Pymt-Cash | 02/01/08 | -129.12 | -861.29 | -244.27 | -49.52 | | -215.80 | | | 137,807.14 | |
| CONV | 06/11/08 | | -63.00 | 210 | Disbursement:Escrow Only | 02/01/08 | .00 | .00 | -63.00 | | | | | | 137,807.14 | |
| CONV | 06/19/08 | | 1,234.68 | 100 | Payment:Cash | 04/01/08 | 129.92 | 860.49 | 244.27 | | | | | | 137,677.22 | |
| CONV | 06/19/08 | | 1,234.68 | 100 | Payment:Cash | 03/01/08 | 129.12 | 861.29 | 244.27 | | | | | | 137,548.10 | |
| CONV | 06/19/08 | | 1,234.68 | 100 | Payment:Cash | 05/01/08 | 130.73 | 859.68 | 244.27 | | | | | | 137,417.37 | |
| CONV | 06/25/08 | | 99.04 | 140 | Payment:Escrow Only-Cash | 05/01/08 | .00 | .00 | 99.04 | | | | | | 137,417.37 | |
| CONV | 07/14/08 | | -63.00 | 210 | Disbursement:Escrow Only | 05/01/08 | .00 | .00 | -63.00 | | | | | | 137,417.37 | |
| CONV | 08/13/08 | | -63.00 | 210 | Disbursement:Escrow Only | 05/01/08 | .00 | .00 | -63.00 | | | | | | 137,417.37 | |
| CONV | 08/15/08 | | 1,269.38 | 100 | Payment:Cash | 07/01/08 | 132.37 | 858.04 | 278.97 | | | | | | 137,285.00 | |

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CONV | 08/15/08 | | 1,269.38 | 100 | Payment:Cash | 06/01/08 | 131.55 | 858.86 | 278.97 | | | | | | 137,153.45 | |
| CONV | 09/11/08 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 09/22/08 | | -99.04 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -99.04 | | | | | | 137,153.45 | |
| CONV | 10/14/08 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 11/12/08 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 11/24/08 | | -20.50 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -20.50 | | 137,153.45 | |
| CONV | 12/11/08 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 12/11/08 | | -708.64 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -708.64 | | | | | | 137,153.45 | |
| CONV | 01/14/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 02/06/09 | | -750.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -750.00 | | 137,153.45 | |
| CONV | 02/06/09 | | -150.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -150.00 | | 137,153.45 | |
| CONV | 02/06/09 | | -200.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -200.00 | | 137,153.45 | |
| CONV | 02/06/09 | | -135.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -135.00 | | 137,153.45 | |
| CONV | 02/11/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 03/11/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 04/13/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 04/24/09 | | -1,982.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -1,982.00 | | | | | | 137,153.45 | |
| CONV | 05/13/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 06/01/09 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,153.45 | |
| CONV | 06/10/09 | | -50.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -50.00 | | 137,153.45 | |

357

Account: ███████  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|------|---------|---------|----------|-----|-------------------------|----------|---------------|--------------|-------------|-----------|----------|---------|-----------|-----------|-----------|-----------|
| CONV | 06/10/09 | | -300.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -300.00 | | 137,153.45 | |
| CONV | 06/10/09 | | -125.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -125.00 | | 137,153.45 | |
| CONV | 06/11/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 07/14/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 07/31/09 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,153.45 | |
| CONV | 08/12/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 08/26/09 | | 638.82 | QSP | Acq Payment to Unapplied Funds/Susp | 07/01/08 | .00 | .00 | | | | 638.82 | | | 137,153.45 | |
| CONV | 09/14/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 10/01/09 | | 638.82 | QSP | Acq Payment to Unapplied Funds/Susp | 07/01/08 | .00 | .00 | | | | 638.82 | | | 137,153.45 | |
| CONV | 10/19/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 11/06/09 | | 638.82 | QSP | Acq Payment to Unapplied Funds/Susp | 07/01/08 | .00 | .00 | | | | 638.82 | | | 137,153.45 | |
| CONV | 11/12/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 12/15/09 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 12/16/09 | | -761.22 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -761.22 | | | | | | 137,153.45 | |
| CONV | 01/15/10 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 02/11/10 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 03/12/10 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 03/31/10 | | 69.04 | QSP | Acq Payment to Unapplied Funds/Susp | 07/01/08 | .00 | .00 | | | | 69.04 | | | 137,153.45 | |
| CONV | 04/13/10 | | -63.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -63.00 | | | | | | 137,153.45 | |
| CONV | 04/15/10 | | -2,042.00 | 210 | Disbursement:Escrow Only | 07/01/08 | .00 | .00 | -2,042.00 | | | | | | 137,153.45 | |
| CONV | 04/23/10 | | 1,269.38 | 100 | Payment:Cash | 08/01/08 | 133.20 | 857.21 | 278.97 | | | | | | 137,020.25 | |

358

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CONV | 04/23/10 | | -1,269.38 | QUD | Acq Disbr from Unapplied Funds/Susp | 07/01/08 | .00 | .00 | | | | -1,269.38 | | | 137,020.25 | |
| CONV | 05/13/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 06/15/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 07/15/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 08/12/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 09/13/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 10/14/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 11/10/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 12/13/10 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 12/21/10 | | -736.22 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -736.22 | | | | | | 137,020.25 | |
| CONV | 01/12/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 02/11/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 03/11/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 04/13/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 04/14/11 | | -2,069.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -2,069.00 | | | | | | 137,020.25 | |
| CONV | 05/10/11 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 05/11/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 06/13/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 07/12/11 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 07/13/11 | | .00 | 140 | Payment:Escrow Only-Cash | 08/01/08 | .00 | .00 | 419.00 | | | -419.00 | | | 137,020.25 | |
| CONV | 07/13/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 07/18/11 | | .00 | QUD | Acq Disbr from Unapplied Funds/Susp | 08/01/08 | .00 | .00 | | 263.45 | | -263.45 | | | 137,020.25 | |

359

Account: ▮▮▮▮  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CONV | 07/20/11 | | .00 | QUD | Acq Disbr from Unapplied Funds/Susp | 08/01/08 | .00 | .00 | | 33.67 | | -33.67 | | | 137,020.25 | |
| CONV | 08/06/11 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 08/10/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 09/01/11 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 09/13/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 10/12/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 11/09/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 12/09/11 | | -852.02 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -852.02 | | | | | | 137,020.25 | |
| CONV | 12/12/11 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 01/11/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 02/09/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 03/13/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 04/02/12 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 04/17/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 04/19/12 | | -2,122.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -2,122.00 | | | | | | 137,020.25 | |
| CONV | 05/16/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 06/14/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 06/22/12 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 06/24/12 | | .50 | 165 | Fee Only - Cash | | .00 | .00 | | | | | .50 | | 137,020.25 | |
| CONV | 07/16/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 07/19/12 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |

360

Account: ▒▒▒▒▒▒   *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| CONV | 08/14/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 08/20/12 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 09/13/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 10/04/12 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 10/10/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 11/14/12 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 11/16/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 12/05/12 | | -825.61 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -825.61 | | | | | | 137,020.25 | |
| CONV | 12/11/12 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 01/11/13 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 02/04/13 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 02/08/13 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 03/06/13 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 03/11/13 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 04/10/13 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 04/18/13 | | -2,202.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -2,202.00 | | | | | | 137,020.25 | |
| CONV | 04/26/13 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| CONV | 05/14/13 | | -63.00 | 210 | Disbursement:Escrow Only | 08/01/08 | .00 | .00 | -63.00 | | | | | | 137,020.25 | |
| CONV | 05/23/13 | | -15.00 | QFA | Acq Fee Assessed (W/Lates) | | .00 | .00 | | | | | -15.00 | | 137,020.25 | |
| GTA | 05/31/13 | | -16,164.85 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |

361

Account: ▅▅▅▅▅  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 05/31/13 | | | ESC | ESC 80 | | .00 | .00 | -16,164.85 | | | | | -16,164.85 | | Escrow-Tax & Ins XLS |
| GTA | 06/17/13 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 06/17/13 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -16,227.85 | | Escrow-Tax & Ins XLS |
| GTA | 06/17/13 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 06/17/13 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -16,290.85 | | Escrow-Tax & Ins XLS |
| GTA | 07/10/13 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/10/13 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -16,353.85 | | Escrow-Tax & Ins XLS |
| GTA | 08/13/13 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 08/13/13 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -16,416.85 | | Escrow-Tax & Ins XLS |
| GTA | 09/16/13 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/16/13 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -16,479.85 | | Escrow-Tax & Ins XLS |
| GTA | 09/17/13 | | -22.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 324 | | .00 | .00 | | | -22.50 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -22.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 325 | | .00 | .00 | | | -22.50 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -75.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 326 | | .00 | .00 | | | -75.00 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -75.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 327 | | .00 | .00 | | | -75.00 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -22.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 328 | | .00 | .00 | | | -22.50 | | | | | 206 Legal costs |

362

Account: ▮▮▮▮  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GTA | 09/17/13 | | -210.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 329 | | .00 | .00 | | | -210.00 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -240.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 330 | | .00 | .00 | | | -240.00 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -52.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 331 | | .00 | .00 | | | -52.50 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -22.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 332 | | .00 | .00 | | | -22.50 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -22.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 333 | | .00 | .00 | | | -22.50 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -150.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 334 | | .00 | .00 | | | -150.00 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -150.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 335 | | .00 | .00 | | | -150.00 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -75.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 336 | | .00 | .00 | | | -75.00 | | | | | 206 Legal costs |
| GTA | 09/17/13 | | -15.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/17/13 | | | INS | INS 337 | | .00 | .00 | | | -15.00 | | | | | 206 Legal costs |
| GTA | 10/16/13 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 10/16/13 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -16,542.85 | | Escrow-Tax & Ins XLS |
| GTA | 11/18/13 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 11/18/13 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -16,605.85 | | Escrow-Tax & Ins XLS |
| GTA | 11/30/13 | | -836.46 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |

363

Account: ▮▮▮▮▮   *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

364

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 11/30/13 |  |  | ESC | ESC 80 |  | .00 | .00 | -836.46 |  |  |  |  | -17,442.31 |  | Escrow-Tax & Ins XLS |
| GTA | 12/23/13 |  | -63.00 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 12/23/13 |  |  | ESC | ESC 80 |  | .00 | .00 | -63.00 |  |  |  |  | -17,505.31 |  | Escrow-Tax & Ins XLS |
| GTA | 12/26/13 |  | -125.00 | 211 | Disbursement:Insurance Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 12/26/13 |  |  | INS | INS 338 |  | .00 | .00 |  |  | -125.00 |  |  |  |  | 206 Legal costs |
| GTA | 12/26/13 |  | 125.00 | 711 | Reversal:Disb Insurance Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 12/26/13 |  |  | INS | INS 320 |  | .00 | .00 |  |  | 125.00 |  |  |  |  | 209 Miscellaneous charges |
| GTA | 01/23/14 |  | -63.00 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 01/23/14 |  |  | ESC | ESC 80 |  | .00 | .00 | -63.00 |  |  |  |  | -17,568.31 |  | Escrow-Tax & Ins XLS |
| GTA | 02/11/14 |  | -63.00 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 02/11/14 |  |  | ESC | ESC 80 |  | .00 | .00 | -63.00 |  |  |  |  | -17,631.31 |  | Escrow-Tax & Ins XLS |
| GTA | 03/11/14 |  | -63.00 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 03/11/14 |  |  | ESC | ESC 80 |  | .00 | .00 | -63.00 |  |  |  |  | -17,694.31 |  | Escrow-Tax & Ins XLS |
| GTA | 04/08/14 |  | -2,302.00 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 04/08/14 |  |  | ESC | ESC 80 |  | .00 | .00 | -2,302.00 |  |  |  |  | -19,996.31 |  | Escrow-Tax & Ins XLS |
| GTA | 04/10/14 |  | -63.00 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 04/10/14 |  |  | ESC | ESC 80 |  | .00 | .00 | -63.00 |  |  |  |  | -20,059.31 |  | Escrow-Tax & Ins XLS |
| GTA | 05/09/14 |  | -63.00 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 05/09/14 |  |  | ESC | ESC 80 |  | .00 | .00 | -63.00 |  |  |  |  | -20,122.31 |  | Escrow-Tax & Ins XLS |

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GTA | 06/11/14 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 06/11/14 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -20,185.31 | | Escrow-Tax & Ins XLS |
| GTA | 06/30/14 | | -25.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 06/30/14 | | | INS | INS 339 | | .00 | .00 | | | -25.00 | | | | | 206 Legal costs |
| GTA | 07/09/14 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/09/14 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -20,248.31 | | Escrow-Tax & Ins XLS |
| GTA | 07/22/14 | | -7.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/22/14 | | | INS | INS 340 | | .00 | .00 | | | -7.50 | | | | | 206 Legal costs |
| GTA | 07/22/14 | | -7.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/22/14 | | | INS | INS 341 | | .00 | .00 | | | -7.50 | | | | | 206 Legal costs |
| GTA | 07/22/14 | | -7.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/22/14 | | | INS | INS 342 | | .00 | .00 | | | -7.50 | | | | | 206 Legal costs |
| GTA | 07/22/14 | | -7.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/22/14 | | | INS | INS 343 | | .00 | .00 | | | -7.50 | | | | | 206 Legal costs |
| GTA | 07/22/14 | | -18.75 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/22/14 | | | INS | INS 344 | | .00 | .00 | | | -18.75 | | | | | 206 Legal costs |
| GTA | 08/13/14 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 08/13/14 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -20,311.31 | | Escrow-Tax & Ins XLS |
| GTA | 09/18/14 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/18/14 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -20,374.31 | | Escrow-Tax & Ins XLS |
| GTA | 10/10/14 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |

365

Account: ███████  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 10/10/14 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -20,437.31 | | Escrow-Tax & Ins XLS |
| GTA | 10/28/14 | | -7.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 10/28/14 | | | INS | INS 345 | | .00 | .00 | | | -7.50 | | | | | 206 Legal costs |
| GTA | 10/28/14 | | -15.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 10/28/14 | | | INS | INS 346 | | .00 | .00 | | | -15.00 | | | | | 206 Legal costs |
| GTA | 10/28/14 | | -52.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 10/28/14 | | | INS | INS 347 | | .00 | .00 | | | -52.50 | | | | | 206 Legal costs |
| GTA | 11/14/14 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 11/14/14 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -20,500.31 | | Escrow-Tax & Ins XLS |
| GTA | 12/02/14 | | -830.40 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/02/14 | | | ESC | ESC 80 | | .00 | .00 | -830.40 | | | | | -21,330.71 | | Escrow-Tax & Ins XLS |
| GTA | 12/02/14 | | -52.50 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/02/14 | | | INS | INS 348 | | .00 | .00 | | | -52.50 | | | | | 206 Legal costs |
| GTA | 12/08/14 | | -945.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/08/14 | | | INS | INS 349 | | .00 | .00 | | | -945.00 | | | | | 206 Legal costs |
| GTA | 12/11/14 | | -200.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/11/14 | | | INS | INS 350 | | .00 | .00 | | | -200.00 | | | | | 206 Legal costs |
| GTA | 12/19/14 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/19/14 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -21,393.71 | | Escrow-Tax & Ins XLS |
| GTA | 01/16/15 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 01/16/15 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -21,456.71 | | Escrow-Tax & Ins XLS |

Account: ▮▮▮▮▮   *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| GTA | 02/16/15 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 02/16/15 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -21,519.71 | | Escrow-Tax & Ins XLS |
| GTA | 03/13/15 | | -63.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 03/13/15 | | | ESC | ESC 80 | | .00 | .00 | -63.00 | | | | | -21,582.71 | | Escrow-Tax & Ins XLS |
| GTA | 04/08/15 | | -2,338.00 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 04/08/15 | | | ESC | ESC 80 | | .00 | .00 | -2,338.00 | | | | | -23,920.71 | | Escrow-Tax & Ins XLS |
| GTA | 04/17/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 04/17/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -23,943.21 | | Escrow-Tax & Ins XLS |
| GTA | 05/12/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 05/12/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -23,965.71 | | Escrow-Tax & Ins XLS |
| GTA | 06/10/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 06/10/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -23,988.21 | | Escrow-Tax & Ins XLS |
| GTA | 07/16/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 07/16/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -24,010.71 | | Escrow-Tax & Ins XLS |
| GTA | 08/22/15 | 08/21/15 | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 08/22/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -24,033.21 | | Escrow-Tax & Ins XLS |
| GTA | 09/28/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 09/28/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -24,055.71 | | Escrow-Tax & Ins XLS |
| GTA | 09/30/15 | | -15.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |

367

Account: ██████  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | 09/30/15 | | | INS | INS 351 | | .00 | .00 | | | -15.00 | | | | | 201 Appraisal - inspection fees |
| GTA | 10/14/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 10/14/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -24,078.21 | | Escrow-Tax & Ins XLS |
| GTA | 11/12/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 11/12/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -24,100.71 | | Escrow-Tax & Ins XLS |
| GTA | 12/04/15 | | -15.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/04/15 | | | INS | INS 352 | | .00 | .00 | | | -15.00 | | | | | 201 Appraisal - inspection fees |
| GTA | 12/09/15 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/09/15 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -24,123.21 | | Escrow-Tax & Ins XLS |
| GTA | 12/16/15 | | -856.15 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/16/15 | | | ESC | ESC 80 | | .00 | .00 | -856.15 | | | | | -24,979.36 | | Escrow-Tax & Ins XLS |
| GTA | 12/31/15 | | -15.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 12/31/15 | | | INS | INS 353 | | .00 | .00 | | | -15.00 | | | | | 201 Appraisal - inspection fees |
| GTA | 01/14/16 | 01/13/16 | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 01/14/16 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -25,001.86 | | Escrow-Tax & Ins XLS |
| GTA | 02/09/16 | | -22.50 | 210 | Disbursement:Escrow Only | | .00 | .00 | | | | | | | 137,020.25 | |
| | 02/09/16 | | | ESC | ESC 80 | | .00 | .00 | -22.50 | | | | | -25,024.36 | | Escrow-Tax & Ins XLS |
| GTA | 02/11/16 | | -15.00 | 211 | Disbursement:Insurance Only | | .00 | .00 | | | | | | | 137,020.25 | |

368

Account: ███  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
|  | 02/11/16 |  |  | INS | INS 354 |  | .00 | .00 |  |  | -15.00 |  |  |  |  | 201 Appraisal - inspection fees |
| GTA | 03/04/16 |  | -15.00 | 211 | Disbursement:Insurance Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 03/04/16 |  |  | INS | INS 355 |  | .00 | .00 |  |  | -15.00 |  |  |  |  | 201 Appraisal - inspection fees |
| GTA | 03/15/16 |  | -22.50 | 210 | Disbursement:Escrow Only |  | .00 | .00 |  |  |  |  |  |  | 137,020.25 |  |
|  | 03/15/16 |  |  | ESC | ESC 80 |  | .00 | .00 | -22.50 |  |  |  |  | -25,046.86 |  | Escrow-Tax & ins XLS |
| MSP | 04/16/16 |  | 15.00 | 633 | Corp Adv Disb |  | .00 | .00 |  |  |  |  | 15.00 |  | 137,020.25 |  |
| MSP | 04/18/16 |  | -2,286.00 | 351 | Hazard Ins Disb | 04/01/16 | .00 | .00 | -2,286.00 |  |  |  |  | -27,332.86 | 137,020.25 | HLB |
| MSP. | 04/26/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 04/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,355.36 | 137,020.25 | MJ1 |
| MSP | 05/23/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 05/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,377.86 | 137,020.25 | MJ1 |
| MSP | 06/27/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 06/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,400.36 | 137,020.25 | JV2 |
| MSP | 06/30/16 |  | 15.00 | 633 | Corp Adv Disb |  | .00 | .00 |  |  |  |  | 15.00 |  | 137,020.25 |  |
| MSP | 07/25/16 |  | -225.00 | 310 | MIP/PMI Premium Disb | 07/01/16 | .00 | .00 | -225.00 |  |  |  |  | -27,625.36 | 137,020.25 | MJN |
| MSP | 07/26/16 |  | 225.00 | 162 | MIP/PMI Ref | 09/01/08 | .00 | .00 | 225.00 |  |  |  |  | -27,400.36 | 137,020.25 | JV2 |
| MSP | 07/26/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 07/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,422.86 | 137,020.25 | JV2 |
| MSP | 08/23/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 08/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,445.36 | 137,020.25 | JV2 |
| MSP | 09/14/16 |  | 15.00 | 633 | Corp Adv Disb |  | .00 | .00 |  |  |  |  | 15.00 |  | 137,020.25 |  |
| MSP | 09/26/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 09/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,467.86 | 137,020.25 | MJN |
| MSP | 10/26/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 10/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,490.36 | 137,020.25 | RI1 |
| MSP | 11/21/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 11/01/16 | .00 | .00 | -22.50 |  |  |  |  | -27,512.86 | 137,020.25 | RI1 |
| MSP | 11/22/16 |  | 15.00 | 633 | Corp Adv Disb |  | .00 | .00 |  |  |  |  | 15.00 |  | 137,020.25 |  |
| MSP | 12/10/16 |  | -2,395.54 | 312 | County Tax Disb | 12/01/16 | .00 | .00 | -2,395.54 |  |  |  |  | -29,908.40 | 137,020.25 | EGL |
| MSP | 12/20/16 |  | -22.50 | 310 | MIP/PMI Premium Disb | 01/01/17 | .00 | .00 | -22.50 |  |  |  |  | -29,930.90 | 137,020.25 | RI1 |
| MSP | 12/20/16 |  | 15.00 | 633 | Corp Adv Disb |  | .00 | .00 |  |  |  |  | 15.00 |  | 137,020.25 |  |
| MSP | 01/19/17 |  | -22.50 | 310 | MIP/PMI Premium Disb | 01/01/17 | .00 | .00 | -22.50 |  |  |  |  | -29,953.40 | 137,020.25 | RI1 |
| MSP | 02/16/17 |  | -22.50 | 310 | MIP/PMI Premium Disb | 02/01/17 | .00 | .00 | -22.50 |  |  |  |  | -29,975.90 | 137,020.25 | 4CC |

Account: ▇▇▇▇  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| MSP | 03/17/17 | ~ | -22.50 | 310 | MIP/PMI Premium Disb | 03/01/17 | .00 | .00 | -22.50 | | | | | -29,998.40 | 137,020.25 | RI1 |
| MSP | 04/10/17 | | -2,225.00 | 351 | Hazard Ins Disb | 04/01/17 | .00 | .00 | -2,225.00 | | | | | -32,223.40 | 137,020.25 | H98 |
| MSP | 04/19/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 04/01/17 | .00 | .00 | -22.50 | | | | | -32,245.90 | 137,020.25 | 4CC |
| MSP | 05/18/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 05/01/17 | .00 | .00 | -22.50 | | | | | -32,268.40 | 137,020.25 | RI1 |
| MSP | 06/16/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 06/01/17 | .00 | .00 | -22.50 | | | | | -32,290.90 | 137,020.25 | RI1 |
| MSP | 07/14/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 07/01/17 | .00 | .00 | -22.50 | | | | | -32,313.40 | 137,020.25 | 4CC |
| MSP | 08/14/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 08/01/17 | .00 | .00 | -22.50 | | | | | -32,335.90 | 137,020.25 | RI1 |
| MSP | 08/25/17 | | 900.00 | 633 | Corp Adv Disb | | .00 | .00 | | | | | 900.00 | | 137,020.25 | |
| MSP | 10/17/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 09/01/17 | .00 | .00 | -22.50 | | | | | -32,358.40 | 137,020.25 | RI1 |
| MSP | 11/20/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 10/01/17 | .00 | .00 | -22.50 | | | | | -32,380.90 | 137,020.25 | RI1 |
| MSP | 12/13/17 | | -2,474.00 | 312 | County Tax Disb | 12/01/17 | .00 | .00 | -2,474.00 | | | | | -34,854.90 | 137,020.25 | EGL |
| MSP | 12/14/17 | | -22.50 | 310 | MIP/PMI Premium Disb | 11/01/17 | .00 | .00 | -22.50 | | | | | -34,877.40 | 137,020.25 | RI1 |
| MSP | 01/16/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 12/01/18 | .00 | .00 | -22.50 | | | | | -34,899.90 | 137,020.25 | 4CC |
| MSP | 02/14/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 01/01/18 | .00 | .00 | -22.50 | | | | | -34,922.40 | 137,020.25 | 4CC |
| MSP | 03/16/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 02/01/18 | .00 | .00 | -22.50 | | | | | -34,944.90 | 137,020.25 | OSH |
| MSP | 04/11/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 03/01/18 | .00 | .00 | -22.50 | | | | | -34,967.40 | 137,020.25 | OSH |
| MSP | 04/11/18 | | -2,071.00 | 351 | Hazard Ins Disb | 04/01/18 | .00 | .00 | -2,071.00 | | | | | -37,038.40 | 137,020.25 | H98 |
| MSP | 05/11/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 04/01/18 | .00 | .00 | -22.50 | | | | | -37,060.90 | 137,020.25 | IW1 |
| MSP | 06/11/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 05/01/18 | .00 | .00 | -22.50 | | | | | -37,083.40 | 137,020.25 | IW1 |
| MSP | 07/12/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 06/01/18 | .00 | .00 | -22.50 | | | | | -37,105.90 | 137,020.25 | IW1 |
| MSP | 08/13/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 07/01/18 | .00 | .00 | -22.50 | | | | | -37,128.40 | 137,020.25 | IW1 |
| MSP | 09/13/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 08/01/18 | .00 | .00 | -22.50 | | | | | -37,150.90 | 137,020.25 | IW1 |
| MSP | 10/15/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 09/01/18 | .00 | .00 | -22.50 | | | | | -37,173.40 | 137,020.25 | IW1 |
| MSP | 11/12/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 10/01/18 | .00 | .00 | -22.50 | | | | | -37,195.90 | 137,020.25 | IW1 |
| MSP | 12/11/18 | | -22.50 | 310 | MIP/PMI Premium Disb | 11/01/18 | .00 | .00 | -22.50 | | | | | -37,218.40 | 137,020.25 | IW1 |
| MSP | 12/12/18 | | -2,530.49 | 312 | County Tax Disb | 12/01/18 | .00 | .00 | -2,530.49 | | | | | -39,748.89 | 137,020.25 | EGL |

370

Account: ███████  *The Displayed Prin Bal is an estimate based on history trans.  THIS IS NOT A PAYOFF BALANCE.

| Src | Tran Dt | Back Dt | Tran Amt | Tran Cd | Transaction Desc | Due Pd | Principal Paid | Interest Paid | Escrow Paid | Late Paid | Ins Paid | UAF Paid | Other Paid | Escrow Bal | Prin Bal* | Type Desc |
|-----|---------|---------|----------|---------|------------------|--------|----------------|---------------|-------------|-----------|----------|----------|------------|------------|-----------|-----------|
| MSP | 01/11/19 | | -22.50 | 310 | MIP/PMI Premium Disb | 12/01/18 | .00 | .00 | -22.50 | | | | | -39,771.39 | 137,020.25 | G67 |
| MSP | 02/18/19 | | -22.50 | 310 | MIP/PMI Premium Disb | 01/01/19 | .00 | .00 | -22.50 | | | | | -39,793.89 | 137,020.25 | G67 |

371

# EXHIBIT G



**ditech.**
HOME LOANS

Ditech Financial LLC
P.O. Box 6172
Rapid City, SD 57709-6172
Phone Number: (800) 643-0202
Fax Number: (866) 870-9919
ditech.com

March 8, 2019

KEVIN G SNYDER
1075 E MONTAGUE AVE
NORTH CHARLESTON SC 29405

Re:    Ditech Financial LLC ("Ditech")
Account Number: ▮▮▮▮
Property Address:  1752 ORANGE GROVE SH
                    CHARLESTONE SC 29407

Dear KEVIN G SNYDER:

Ditech Financial LLC ("Ditech") received your request to provide you with a payoff statement for the above-referenced mortgage account. Credits or debits to the account after the date of this letter may change the amount required to pay the account in full. Payoff figures will change if any payment previously received is rejected by the institution upon which it is drawn.

Receipt of certified funds or a wire transfer as indicated below on or before good through date will constitute satisfaction of the mortgage in full.

**THE PAYOFF AMOUNT ON THE ABOVE–REFERENCED ACCOUNT IS:**      **$292,020.44**

This amount is good through: 03/18/2019. **Any transactions that occur on or after 03/08/2019 may change the payoff amount.**

**Per State Requirements: per diem interest $28.15**

The PAYOFF AMOUNT referenced above consists of the following:

| | |
|---|---|
| **Principal Balance:** the unpaid principal balance | $137,020.25 |
| **Interest through 03/18/2019 at 7.500%:** | $109,238.89 |
| **Prepayment Penalty Interest:** | $ |
| **Prepayment Penalty Flat Fee:** | $ |
| **Buydown Subsidy/Replacement Reserve Balance:** | $ |
| **HUD Subsidy Balance:** | $ |
| **Final Monthly Mortgage Insurance Premium:** | $ |
| **Final Monthly Private Mortgage Insurance Premium:** | $45.00 |
| **Pro-Rated Rural Housing Service Fees:** | $ |
| **Paid Ahead Interest:** interest collected but not earned | $ |
| **Hazard/Flood Insurance*:** insurance to protect the property against loss from fire and other hazards | $ |
| **Total Corporate Advances:** | $5,521.25 |
| **Late Fees:** fees charged to the customer by the servicer for payments received past due | $396.16 |
| **Returned Payment Fees: servicer's** fee for payments returned to the servicer because a payment could not be processed | $ |
| **Property Inspection Fees:** fees charge to the customer for inspection performed | $ |
| **Total Other Fees:** | $ |

**This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.**


EQUAL HOUSING
**LENDER**

Itemized Payoff Quote, ▮▮▮▮

LTR-543

**Deferred Interest:** $

**Escrow Advances: amounts paid by servicer for escrow items through pay off good through date**
$39,793.89

**Unapplied Funds:** partial payment received by servicer $

**Recording Fee:** amount county and/or state charges to record the lien release satisfaction$5.00

**Payoff Quote Fee:** fee charged by servicer for generating payoff quote $

**Total Other Credits:** $

If the funds received are not sufficient to pay off the account in full, the funds may not be posted until the remaining amount is received to pay off the account in full.

All payoffs should be mailed to:

| Wiring Instructions – Fees Apply | Overnight Address – Fees Apply | Standard Mail – No Fees |
|---|---|---|
| ABA: ███ <br> Account: █ <br> Account Name: Ditech Financial LLC <br> Bank Name: Citibank, N.A. <br><br> Please add account holder's name and number | Ditech <br> 5505 N. Cumberland Avenue <br> Suite 307 <br> Attention: 9052-PAYOFFS <br> Chicago, IL 60656 | Ditech <br> DEPT. CH 9052 <br> Palatine, IL 60055-9052 |

MEMO SECTION: The memo section (also referred to as Advice, Instructions to Beneficiary, or OBI) of the payoff wire must include the account name and 9-digit Ditech account number. If this information is not included or misplaced, the payoff cannot be applied and will be rejected. The result of rejection will require a new payoff quote and likely a larger amount due.

Subject to applicable law, Ditech Financial LLC ("Ditech") reserves the right to demand additional funds to account for transactions occurring on or after the date of this payoff quote or to correct any error or omission in the above payoff figure that was calculated in good faith, whether the error or omission is mathematical, clerical, typographical.

If you are currently in an active bankruptcy, the amounts reflected above are contractual and may not be the amounts owed pursuant to the bankruptcy plan.

Payoff funds must be remitted using a money order, cashier's check or other certified instrument unless a Title Company remits funds. Any refund (if applicable) will be mailed to the address of record for the account unless otherwise instructed.

If you currently have your monthly payment set up on automatic withdrawal, or have any pending payments setup, we advise you to contact Customer Service at the below phone number to cancel your activation/payments prior to payoff.

For Home Equity Line of Credit accounts, the customer must send a request in writing to close the account.
For release of documents, please refer to the following for your account type:

- Title for manufactured homes or personal property: With the exception of a few states that require the titles to be mailed to the Department of Motor Vehicles, titles will be mailed to the customer unless instructed otherwise. Instructions should be included with the payoff check.
- Uniform Commercial Code (UCC) for manufactured homes or personal property: These will be mailed to the county/state for recording, and will not be mailed to the party remitting the payoff check.
- Mortgage Releases, satisfactions or reconveyances: These will be mailed to the county for recording and will not be mailed to the party remitting the payoff check.

If you have any other questions, please call Customer Service at (800) 643-0202.

Sincerely,

Itemized Payoff Quote, ███                                    LTR-543

Ditech
(800) 643-0202
Monday – Friday, 7:00 a.m. to 8:00 p.m. CT, and Saturday 7:00 a.m. to 1:00 p.m. CT

*Any existing lender-placed property insurance previously purchased by Ditech on the account will be canceled upon account payoff and any related unearned premiums will be refunded.

# EXHIBIT H



**Bank of America**

**Home Loans**
P.O. Box 660694
Dallas, TX 75366-0694

Business Address:
7105 Corporate Drive
Plano TX 75024

Send Payments to:
P.O. Box 15222
Wilmington, DE 19886-5222

April 27, 2010

Kevin G Snyder
1752 ORANGE GROVE SHORES DR
CHARLESTON, SC 29407-3665

Account No.: ▇▇▇▇▇▇
Property Address:
1752 Orange Grove Shores Drive
Charleston, SC 29407-3665

### NOTICE OF INTENT TO ACCELERATE

Dear Kevin G Snyder:

BAC Home Loans Servicing, LP (hereinafter "BAC Home Loans Servicing, LP") services the home loan described above on behalf of the holder of the promissory note (the "Noteholder"). The loan is in serious default because the required payments have not been made. The total amount now required to reinstate the loan as of the date of this notice is as follows:

| | | |
|---|---|---:|
| Monthly Charges: | 09/01/2008 | $25,387.60 |
| Late Charges: | 09/01/2008 | $247.60 |
| | 08/01/2009 | $445.69 |
| Other Charges: | Total Late Charges: | $297.12 |
| | Uncollected Costs: | $1,760.50 |
| | Partial Payment Balance: | ($716.12) |
| | **TOTAL DUE:** | **$27,422.38** |

You have the right to cure the default. To cure the default, on or before May 27, 2010, BAC Home Loans Servicing, LP must receive the amount of $27,422.38 plus any additional regular monthly payment or payments, late charges, fees and charges which become due on or before May 27, 2010.

The default will not be considered cured unless BAC Home Loans Servicing, LP receives "good funds" in the amount of $27,422.38 on or before May 27, 2010. If any check (or other payment) is returned to us for insufficient funds or for any other reason, "good funds" will not have been received and the default will not have been cured. No extension of time to cure will be granted due to a returned payment. BAC Home Loans Servicing, LP reserves the right to accept or reject a partial payment of the total amount due without waiving any of its rights herein or otherwise. For example, if less than the full amount that is due is sent to us, we can keep the payment and apply it to the debt but still proceed to foreclosure since the default would not have been cured.

If the default is not cured on or before May 27, 2010, the mortgage payments **will be accelerated** with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings may be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property. If your property is foreclosed upon, the Noteholder may pursue a deficiency judgment against you to collect the balance of your loan, if permitted by law.

You may, if required by law or your loan documents, have the right to cure the default after the acceleration of the mortgage payments and prior to the foreclosure sale of your property if all amounts past due are paid within the time permitted by law. However, BAC Home Loans Servicing, LP and the Noteholder shall be entitled to collect all fees and costs incurred by BAC Home Loans Servicing, LP and the Noteholder in pursuing any of their remedies, including but not limited to reasonable attorney's fees, to the full extent permitted by law. Further, you may have the right to bring a court action to assert the non-existence of a default or any other defense you may have to acceleration and foreclosure.

Your loan is in default. Pursuant to your loan documents, BAC Home Loans Servicing, LP may, enter upon and conduct an inspection of your property. The purposes of such an inspection are to (i) observe the physical condition of your property, (ii) verify that the property is occupied and/or (iii) determine the identity of the occupant. If you do not cure the default prior to the inspection, other actions to protect the mortgagee's interest in the property (including, but not limited to, winterization, securing the property, and valuation services) may be taken. **The costs of the above-described inspections and property preservation efforts will be charged to your account as provided in your security instrument and as permitted by law.**

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

Please write your account number on all checks and correspondence.
We may charge you a fee for any payment returned or rejected by your financial institution, subject to applicable law.

**Payment Instructions:**
- Make your check payable to BAC Home Loans Servicing, LP
- Don't send cash
- Please include coupon with your payment

For all full invoice payment periods, interest is calculated on a monthly basis. Accordingly, except for all full months, including February, is calculated on 30/360 of annual interest, irrespective of the actual number of days in the month. For partial months, interest is calculated daily on the basis of a 365 day year.



Account Number: ▇▇▇▇▇
Kevin G Snyder
1752 Orange Grove Shores Drive
Charlestone, SC 29407-3665

BLQASENV

Balance Due for charges listed above: $27,422.38 as of April 27, 2010.
Please update e-mail information on the reverse side of this coupon.

| | |
|---|---|
| Additional Principal | |
| Additional Escrow | |
| Check Total | |

ԸլՈ...Ո...Ըլ...Ը.Ըլ...Ո..Ո.Ը...Ը...Ո.Ո.Ո...Ը.Ո.Ը...Ո..
BAC Home Loans Servicing, LP
PO BOX 15222
Wilmington, DE 19886-5222

If you are unable to cure the default on or before May 27, 2010, BAC Home Loans Servicing, LP wants you to be aware of various options that may be available to you through BAC Home Loans Servicing, LP to prevent a foreclosure sale of your property. For example:

- Repayment Plan: It is possible that you may be eligible for some form of payment assistance through BAC Home Loans Servicing, LP. Our basic plan requires that BAC Home Loans Servicing, LP receive, up front, at least ½ of the amount necessary to bring the account current, and that the balance of the overdue amount be paid, along with the regular monthly payment, over a defined period of time. Other repayment plans also are available.

- Loan Modification: Or, it is possible that the regular monthly payments can be lowered through a modification of the loan by reducing the interest rate and then adding the delinquent payments to the current loan balance. This foreclosure alternative, however, is limited to certain loan types.

- Sale of Your Property: Or, if you are willing to sell your home in order to avoid foreclosure, it is possible that the sale of your home can be approved through BAC Home Loans Servicing, LP even if your home is worth less than what is owed on it.

- Deed-in-Lieu: Or, if your property is free from other liens or encumbrances, and if the default is due to a serious financial hardship which is beyond your control, you may be eligible to deed your property directly to the Noteholder and avoid the foreclosure sale.

If you are interested in discussing any of these foreclosure alternatives with BAC Home Loans Servicing, LP, you must contact us immediately. If you request assistance, BAC Home Loans Servicing, LP will need to evaluate whether that assistance will be extended to you. In the meantime, BAC Home Loans Servicing, LP will pursue all of its rights and remedies under the loan documents and as permitted by law, unless it agrees otherwise in writing. Failure to bring your loan current or to enter into a written agreement by May 27, 2010 as outlined above will result in the acceleration of your debt.

Additionally, the U.S. Department of Housing and Urban Development (HUD) funds free or very low cost housing counseling across the nation. Housing counselors can help you understand the law and your options. They can also help you to organize your finances and represent you in negotiations with your lender if you need this assistance. You may find a HUD-approved housing counselor near you by calling 1-800-569-4287. For the hearing impaired, HUD Counseling Agency (TDD) numbers are available at 1-800-877-8339.

Time is of the essence. Should you have any questions concerning this notice, please contact Loan Counseling Center immediately at 1-800-669-6654. Our office hours are between Mon - Fri, 8am to 9pm Eastern Time.

Sincerely,

Loan Counseling Center

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.

E-mail use: Provide your e-mail address below will allow us to send you information on your account.
Account Number:
Kevin G Snyder E-mail address:

How we post your payments: All accepted payments of principal and interest will be applied to the longest outstanding installment due, unless otherwise expressly prohibited or limited by law. If you submit an amount in addition to your scheduled monthly amount, we will apply your payments as follows: (i) to outstanding monthly payments of principal and interest, (ii) escrow deficiencies, (iii) late charges and other amounts you owe in connection with your loan and (iv) to reduce the outstanding principal balance of your loan. Please specify if you want an additional amount applied to future payments, rather than principal reduction.

Postdated checks: Postdated checks will be processed on the date received unless a loan counselor agrees to honor the date written on the check as a condition of a repayment plan.

# EXHIBIT I

Green Tree Servicing LLC
P.O. Box 6172
Rapid City, SD 57709-6172

KEVIN G. SNYDER
JASON LUCK
127 KING ST STE 100
CHARLESTON SC 29401-2279

Ditech-000481

# green tree

**You may be able to make your payments more affordable!**
**Call 1-800-643-0202 for Immediate Assistance.**

December 23, 2014

KEVIN G. SNYDER
JASON LUCK
127 KING ST STE 100
CHARLESTON SC 29401-2279

Green Tree Servicing LLC
P.O. Box 6172
Rapid City, SD 57709-6172

Re: Green Tree Servicing LLC ("Green Tree")
Account Number: ███████
Property Address: 1752 ORANGE GROVE SHORES DR
CHARLESTONE, SC 29407

Dear KEVIN G. SNYDER:

We want to continue to work with you to modify your mortgage and help make your payments more affordable.

**Fannie Mae Modification**
The good news – you may be eligible for a modification offered by Fannie Mae (the owner of your account). This modification is designed for customers, like you, who for some reason did not meet all of the eligibility criteria for a permanent modification under the government's Home Affordable Modification Program (HAMP), or were unable to successfully make payments under a HAMP modification or another modification.

With this modification, you will be required to make new affordable payments during a trial period. This is the first step toward qualifying for more affordable mortgage payments. Please read this letter so that you understand all the steps you need to take to modify your mortgage payments.

**What you need to do...**
To accept this offer, you must make your first monthly "trial period payment" under your Trial Period Plan (described below). To qualify for a permanent modification, you must make the trial period payments in a timely manner as specified below – instead of your normal monthly mortgage payments.

To qualify for a permanent modification with an amortization term of **480** months, you must make the following trial period payments by the due dates indicated:

**Trial Period Plan for 480 Month Term**

1st payment: $1,131.37 by 02/01/2015
2nd payment: $1,131.37 by 03/01/2015
3rd payment: $1,131.37 by 04/01/2015

Please note that you have the ability to prepay your mortgage account. There are no restrictions or penalties associated with paying more than the amount due.

After all trial period payments are timely made, and you have met any other applicable qualification requirements, your mortgage will be permanently modified. (Your existing account and account requirements remain in effect and unchanged during the trial period.) If your last trial period payment is made in the last half of the month it is due, we may elect to extend your Trial Period Plan by an extra month.

**If each payment is not received by Green Tree in the month in which it is due, you will no longer be eligible for a modification and your account will not be modified.** Furthermore, if you fail to comply with the requirements of your

Trial Period Plan or if the account becomes delinquent after it is permanently modified, you may not be eligible for another mortgage account modification.

If you have any questions or if you cannot afford the trial period payments shown above but want to remain in your home, or if you have decided to leave your home but still want to avoid foreclosure, please call us at **1-800-643-0202** as we may be able to help you. (Also, please review the attached "Frequently Asked Questions.")

Green Tree has designated the following address where mortgage loan customers must send any Qualified Written Request, Notice of Error, or Request for Information: PO Box 6176 Rapid City SD 57709-6176.

Sincerely,

Green Tree
1-800-643-0202
Monday - Friday 7 a.m. to 8 p.m., and Saturday 7 a.m. to 1 p.m. CST

Attachments: (1) Frequently Asked Questions and (2) Additional Trial Period Information and Legal Notices

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

**Q. What is a Fannie Mae Modification?**
A Fannie Mae Modification offers you the ability to *permanently* modify your account—helping to make your mortgage more affordable for the life of the account. This modification was created as an additional modification option, and is available to certain customers who either did not qualify for a modification under the Home Affordable Modification Program (HAMP), or were unable to successfully make payments under a HAMP modification or other modification. With a Fannie Mae Modification, you still have an opportunity to modify your account provided you successfully complete a trial period.

**Q. Why are you offering me this option?**
Because you were unable to qualify for a HAMP modification or were unable to successfully make payments under HAMP, we want to continue to work with you to determine a long-term solution. We know many homeowners are struggling with their mortgage payments and need assistance. That's why we are offering you the opportunity to qualify for a Fannie Mae Modification. Our goal is to help make your mortgage more affordable, and most importantly, help you keep your property and avoid foreclosure.

**Q. What are the benefits of a Fannie Mae Modification?**
A Fannie Mae Modification offers you a permanent long-term solution to make your mortgage more affordable.

**Q. If I didn't qualify for a permanent modification under HAMP, will I qualify for a Fannie Mae Modification?**
The requirements for a Fannie Mae Modification have been designed specifically to assist customers like you, who were unable to qualify for a permanent modification through HAMP or who were not able to successfully make payments on a prior modification.

**Q. Will I still receive incentive compensation like the HAMP program provides?**
No. A Fannie Mae Modification does not offer incentive compensation for customers. The customer incentive compensation is only available to customers who were eligible/qualified for a permanent modification under HAMP.

**Q. Is there a trial period I have to complete?**
Yes. There is a trial period for the Fannie Mae Modification. You will be required to complete a trial period prior to entering into a permanent Modification Agreement. Your account will not be permanently modified until you successfully complete the Trial Period Plan and you enter into a Modification Agreement.

**Q. Why is there a trial period?**
The trial period offers you immediate payment relief (and could prevent a foreclosure sale) and gives you time to make sure you can manage your new monthly mortgage payment. Note: This is only a temporary Trial Period Plan. Your existing account and account requirements remain in effect and unchanged during the trial period.

**Q. When are my trial period payments due?**
Your payment amount and the day each month that your payment is due during the trial period is on page 1 and/or page 2 of this package under the heading "Trial Period Plan."

**Q. What happens if I can't afford the new payments?**
If you do not make the specified trial period payments in full in the month when due, you will not qualify for a permanent modification and will not be allowed to enter into a permanent Modification Agreement. If you successfully complete the trial period and enter into a Modification Agreement, you will no longer be eligible for the modified payment terms if you are 60 days late within the first 12 months of the permanent modification. If that occurs, we will look at other options to resolve your mortgage delinquency (a short sale, deed-in-lieu of foreclosure). If an alternative solution cannot be found, we will need to commence or continue foreclosure proceedings.

 

**Q. What happens if I misstate or misrepresent my information/documentation?**
If you have intentionally misrepresented any fact(s) in connection with any of the documentation you have submitted to demonstrate your status, financial information or hardship, the Trial Period Plan and any Modification Agreement may be cancelled (and we may pursue foreclosure proceedings). Additionally, knowingly submitting false information may violate federal law.

**Q. What else should I know about this offer?**
- If you make your new payments timely, **we will not conduct a foreclosure sale.**
- You will not be charged any fees for this Trial Period Plan or final modification.
- If your account is modified, we will waive all unpaid late charges.
- Your credit score may be affected by accepting a Trial Period Plan or modification. The impact of a modification on a credit score depends on the overall composition of the consumer's credit profile as well as how the new modification credit obligation is reported. The credit score could remain unchanged, increase or decrease. For more information about your credit score, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.

**Q. How was my new payment in the trial period determined?**
Your trial period payment is based upon a variety of factors including your verified income, current value of your property, unpaid account balance and amounts past due. In addition, if your existing payment includes mortgage insurance premiums, this amount will also be added to your payment during the trial period and after your account is modified. If you currently pay condominium or homeowner's association fees, you must continue to pay those fees during the trial period and after your account is modified. The modified payment should be sufficient to pay the principal and interest as well as property taxes, insurance premiums, and other permissible escrow fees based on our recent analysis of these costs. Your modified monthly payment may change, if your property taxes and insurance premiums change, as permitted by law. If you did not have an escrow account before, you will be required to establish an escrow account for the payment of such escrow amounts. The timing of your tax and insurance bills may require that you make a payment to cover any such bills when they come due. This is known as an escrow shortage. Your account has an escrow shortage of $; this can either be paid in a lump sum when the account is modified or over the next ___ years (or ___ months). If you wish to pay the total shortage as a lump sum, please contact us at 1-800-643-0202.

**Q. When will I know if my account can be modified permanently and how will the modified account balance be determined?**
As long as you have met all the applicable qualification requirements, once you make all of your trial period payments on time, we will send you a Modification Agreement detailing the terms of the modified account. The Modification Agreement will become effective once you and we have signed it. Any difference between the amount of the trial period payments and your regular mortgage payments will be added to the balance of your account along with any other past due amounts as permitted by your account documents. While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment.

**Q. Will my interest rate and principal and interest payment be fixed after my account is permanently modified?**
Once your account is modified, your interest rate and monthly principal and interest payment will be fixed for the life of your mortgage. Your new monthly payment will also include an escrow for property taxes, hazard insurance and other escrowed expenses, but Green Tree will separately notify you of the escrow amount to include with your monthly payment. If the cost of your homeowners insurance, property tax assessment or other escrowed expenses increases, your monthly payment will increase as well.

## Additional Trial Period Plan Information and Legal Notices

The terms of this offer are accepted and the terms of your Trial Period Plan are effective on the day you make your first trial period payment, provided you have paid it on or before February 1, 2015. By accepting this offer, you and we agree that:

**We will not proceed to foreclosure sale during the trial period, provided you are complying with the terms of the Trial Period Plan.**
- Any pending foreclosure action or proceeding may be immediately resumed if you fail to comply with the terms of the Trial Period Plan or do not qualify for a modification. No new notice of default, intent to accelerate, acceleration or similar notice will be necessary to continue the foreclosure action, and all these notices are waived to the extent permitted by applicable law.

**During the trial period, we may accept and post your trial period payments to your account and it will not affect foreclosure proceedings that have already been started.**
- You agree that we may hold the trial period payments in an account until sufficient funds are in the account to apply a full monthly payment to your mortgage account , beginning with your oldest delinquent monthly payment. You also agree that we will not pay you interest on the amounts held in the account. Any amounts remaining at the end of the trial period will be applied to any outstanding amounts that you owe at the end of the trial period reducing the amount that will otherwise be added to the principal balance of your modified account.

- Our acceptance and posting of your new payment during the trial period will not be deemed a waiver of the acceleration of your account or foreclosure action and related activities, and shall not constitute a cure of your default under your account unless the payments are sufficient to completely cure your entire default under your account.

**If your monthly payment did not include escrows for taxes and insurance, you are now required to establish an escrow account for these items.**
- You agree that any prior waiver that allowed you to pay directly for taxes and insurance is revoked. You agree to establish an escrow account and to pay required escrows into that account.

**Your current account documents remain in effect; however, you may make the trial period payment instead of the payments required under your account documents.**
- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the Trial Period Plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the account documents.

**The Trial Period Plan notice will be rescinded if an error is detected.**
- You agree that if an error in the terms of the Trial Period Plan or your eligibility is detected after issuance of the Trial Period Plan notice, the Trial Period Plan will be void and of no legal effect upon notice to you of such error. You understand that a corrected Trial Period Plan will be provided to you if it is determined that you remain eligible for an account modification after correction of the error.

FNMA Mod TPP Notice, 06/06/2014  LTR-1038

Ditech-000486

11:21 03/13/2015

**THE**
**SEIBELS**
LAW FIRM, P.A.

38 BROAD STREET, SUITE 200
CHARLESTON, SOUTH CAROLINA 29401



$0.480
US POSTAGE
FIRST-CLASS
FROM 29401
MAR 04 2015
stamps

6349-1
Green Tree Servicing, LLC
Mail Stop R299
P.O. Box 6172
Rapid City SD 57709-6172

Ditech-000180

# THE
# SEIBELS
## LAW FIRM, P.A.

38 Broad Street, Suite 200
Charleston, South Carolina 29401

843.722.6777
fax 843.722.6781

4 March 2015

**Via Facsimile and U.S. Mail**
Green Tree Servicing, LLC
Mail Stop R299
P.O. Box 6172
Rapid City, SD 57709
855.895.4481

**Via U.S. Mail**
Green Tree Servicing, LLC
P.O. Box 6176
Rapid City, SD 57709-6176

**Via Facsimile and U.S. Mail**
Green Tree Servicing, LLC
Attn: Loss Mitigation, T214
7360 South Kyrene Road
Tempe, AZ 85283
877.612.2422

RE:   Your Account Number 
Our File No.: 6349-1

To Whom It May Concern:

We have reviewed your proposed terms of modification. The proposed monthly payment for the trial period is virtually unchanged from prior monthly payments on this mortgage, and will likely go up after the trial period. Further, the mortgage rate of 7.5% is substantially higher than the current market rate. We do not believe the terms of the proposed modification, which are substantially similar to those of the original mortgage, are a good faith offer to resolve this dispute.

We would request that you provide us with the methodology by which you have "verified" my clients' monthly income (which appears high), determined their property's value, and determined the offered interest rate. In addition, please consider this a written appeal of your decision on modification due to error on your part.

We would also ask you preserve any documents related to this loan for discovery purposes, whether prepared or generated by your or one of your predecessors-in-interest.

**Please note that our office moved in late December 2014, and the move may have disrupted normal mail service. Our new address is: <u>38 Broad Street, Suite 200, Charleston, SC 29401</u>. Please update your records.**

With kind personal regards, I remain

Sincerely yours,

**SEIBELS LAW FIRM, P.A.**

Jason S. Luck

/JSL

Ditech-000181

Green Tree Servicing LLC
P.O. Box 6172
Rapid City, SD 57709-6172

KEVIN G. SNYDER
JASON LUCK
127 KING ST STE 100
CHARLESTON SC 29401-2279

**388**

relationships that work

# green tree®

Green Tree Servicing LLC
P.O. Box 6172
Rapid City, SD 57709-6172

March 10, 2015

KEVIN G. SNYDER
JASON LUCK
127 KING ST STE 100
CHARLESTON SC 29401-2279

Re: Green Tree Servicing LLC ("Green Tree")
    Account Number: ▮▮▮▮▮▮▮▮
    Property Address: 1752 ORANGE GROVE SHORES DR
                 CHARLESTONE, SC 29407

Dear KEVIN G. SNYDER:

Thank you for contacting us about your mortgage. You were evaluated for mortgage payment assistance based upon the eligibility requirements of Fannie Mae, the owner of your mortgage account. Based on a careful review of the information you provided to us, you are not eligible for mortgage modification assistance due to the following reason(s):

- You failed to make trial payments timely.

We recognize that this may be disappointing news for you. However, in order to avoid the negative impacts to your credit rating resulting from late payments and to avoid foreclosure, it is important that you make the full payment, if any payment is currently due, as soon as possible and continue to make your mortgage payment by the scheduled due date.

To bring your mortgage current, you must pay the total past due amount, if any. Please call us if you wish to receive a reinstatement amount for your account. If you are unable to pay your mortgage or bring it current, Green Tree will consider pursuing all available legal remedies up to and including the commencement of foreclosure proceedings. If your mortgage loan is reinstated and you subsequently experience a financial hardship, you may contact us to request reconsideration for mortgage payment assistance or other alternatives to foreclosure.

Please send your payment in the full amount due to:

Green Tree
PO Box 94710
Palatine, IL 60094-4710

You may be eligible for other workout options offered by Green Tree. Some of the programs that may be available include:

- Short-Sale – A short sale allows you to avoid foreclosure by selling your property and pay off your account. If you sell your property for less than the total amount owed on the account, Green Tree may accept that amount as full satisfaction of your account. Taking this action will not save your home, but Green Tree may pay you cash upon completion of the sale of your home.

- Deed-In-Lieu of Foreclosure – A deed in lieu of foreclosure would allow you to voluntarily deed your property to Green Tree in order to satisfy the account. Taking this action will not save your home, but Green Tree may pay you cash upon completion of the Program.

It is your responsibility to contact Green Tree to discuss your above-referenced account. If you wish to explore your options or have any other questions, please contact your account representative. Your assigned account representative is CASSANDRA T. at 1-800-643-0202, extension 62508.

Our credit decision may have been based in part upon information obtained in a report from the below-referenced consumer reporting agency listed. You have the right under the Fair Credit Reporting Act to obtain a free copy of your

credit report. You must request your free copy within 60 days of the date of this letter. You also have the right to dispute the information contained in your credit report with the credit reporting agency. The credit reporting agency did not make the decision regarding your ineligibility and is not able to provide you with specific reasons as to why you are not eligible for a Loan Modification.

Credit Reporting Agency:           Trans Union Consumer Solutions

Reporting Agency Address:          P.O. Box 2000
                                   Chester, PA 19022-2000

Toll Free Number:                  1-800-916-8800

Web Address:                       http://annualcreditreport.transunion.com/entry/disputeonline

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score: 596

Date: 10/15/2014

Scores range from a low of 300 to a high of 850

Key factors that adversely affected your credit score:

- Serious delinquency

- Too few accounts currently paid as agreed

- Lack of recent bank revolving information

- Lack of recent revolving account information

If you have any questions regarding your credit score, you should contact Trans Union Consumer Solutions at:

Address: P.O. Box 2000, Chester, PA 19022-2000                Telephone number: 1-800-916-8800

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, which can be contacted at:

Federal Trade Commission
Equal Credit Opportunity
Washington, DC 20580

Counseling is available at no charge from HUD-approved counselors through the HOPE Hotline: 1-888-995-HOPE. This housing counseling on-demand service is available 24-hours a day/7-days a week in Spanish and English (other languages available on request). You may also visit http://www.hud.gov/offices/hsg/sfh/hcc/fc/.

If you have concerns about the evaluation of your mortgage for foreclosure alternatives, then please contact the Loss Mitigation Response Unit at 1-855-840-8213; Green Tree has designated the following address where mortgage loan customers must send any Qualified Written Request, Notice of Error, or Request for Information: PO Box 6176 Rapid City SD 57709-6176.

Sincerely,

Green Tree
1-800-643-0202
Monday - Friday 7 a.m. to 8 p.m., and Saturday 7 a.m. to 1 p.m. CST

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.



# green tree

March 25, 2015

Green Tree Servicing LLC
PO Box 6172
Mailstop R299
Rapid City, SD 57709-6172
1-855-858-3873
Fax 1-855-895-4481
HAMPDisputes@GreenTreeCreditSolutions.com

THE SEIBELS LAW FIRM
ATTN: JASON LUCK
38 BROAD STREET STE 200
CHARLESTON SC 29401

Account #: ████████, Kevin Snyder
Case Reference #: CASEMGMT-6044

Dear Jason Luck:

Green Tree Servicing LLC* ("Green Tree") has completed a review of the above-referenced inquiry or dispute case number. Green Tree has determined the following:

On 12/18/2014, the homeowner's gross monthly income was calculated at $5,525.00. This amount was calculated using the weekly pay stubs dated 10/31/2014, 11/07/2014, 11/14/2014 and 11/21/2014 that reflected a gross amount of $1,275.00. Therefore, $1,275.00 times 52 weeks divided by 12 months equals an average gross monthly income of $5,525.00. Green Tree reviewed the income calculation again and determined that it is correct. The homeowner was then reviewed for all modification options that are available. On 12/23/2014, the homeowner was declined from the following programs for the following reasons:

- Home Affordable Modification Program (HAMP) - Current monthly housing expense is already less than or equal to 31% of their gross monthly income.
- Fannie Mae MOD 24 - Current monthly housing expense is already less than or equal to 24% of the gross monthly income.
- Fannie Mae Cap & Extend - Accounts cannot be more than six months delinquent to be eligible.

Green Tree has reviewed these decline reasons and determined that they are correct. Although the homeowner was declined from the above mentioned programs, the homeowner was offered a Fannie Mae Standard Trial Period Plan on 12/23/2014. According to the document that was sent, the homeowner was to make payments in the amount of $1,131.37 due 02/01/2015, 03/01/2015 and 04/01/2015. Per Fannie Mae Standard guidelines, trial payments must be between 10% and 55% of the homeowner's gross monthly income. The trial payment that was offered is approximately 20.5% of the gross monthly income. The offer did not include an interest rate reduction as the payment amount was within program guidelines before the interest rate reduction step was reached in the modification review process.

Our records show that the homeowner failed to make the first required trial period plan payment within the month of February 2015. Because of this, the homeowner was declined on 03/10/2015 and a decline letter was sent. If the homeowner wants to explore any additional loss mitigation options including liquidation options, please contact the assigned single point of contact, Cassandra T., at 1-800-643-0202 extension 62508.

Ditech-000169

If you have any additional questions, please call us toll-free at 1-855-858-3873, Monday – Friday 8 a.m. to 4 p.m. MST.

Respectfully,

Green Tree

/kas/49

# EXHIBIT J

DITECH FINANCIAL LLC
P.O. BOX 6172
RAPID CITY SD 57709

US POSTAGE AND FEES PAID
**FIRST-CLASS**
May 11 2017
Mailed from ZIP 56303
1 oz First-Class Mail Letter



endicia.com

KEVIN SNYDER
JASON LUCK
1075 EAST MONTAGUE AVE
NORTH CHARLESTON SC 29405

Envelope: USPS_6x9_FULL_WINDOW
Total Pages: 4




**HOME LOANS**

Ditech Financial LLC
P.O. Box 6172
Rapid City, SD 57709-6172
Phone: 1-800-643-0202
www.ditech.com

May 11, 2017

KEVIN SNYDER
JASON LUCK
1075 EAST MONTAGUE AVE
NORTH CHARLESTON, SC 29405

Re:   Ditech Financial LLC, ("Ditech")
      Account Number: ▆▆▆▆▆▆
      Property Address: 1752 ORANGE GROVE SHORES
                        CHARLESTONE, SC 29407

Dear KEVIN SNYDER:

Thank you for contacting us about your mortgage. You were evaluated for mortgage payment assistance based upon the eligibility requirements of Fannie Mae, the owner of your mortgage account. Based on a careful review of the information you provided to us, Ditech (and in limited circumstances, Fannie Mae) has determined you are not eligible for Fannie Mae Capitalize and Extend (Term) Modification Trial Workout Plan due to the following reason(s):

Ineligible for Fannie Mae Capitalize and Extend (Term) Modification Trial Workout Plan; accounts cannot be more than 6 months delinquent to be eligible.

The hardship is not temporary or has not been resolved.

You were also found to be ineligible for Fannie Mae Modification Trial Workout Plan due to the following reason(s):

Ineligible for Fannie Mae Modification Trial Workout Plan; the modified P&I payment amount is greater than the pre-modification P&I payment amount.

You were also found to be ineligible for Fannie Mae Streamlined Modification Trial Workout Plan due to the following reason(s):

Ineligible for Fannie Mae Streamlined Modification Trial Workout Plan; the modified P&I payment amount is greater than the pre-modification P&I payment amount.

You have the right to appeal the determination not to offer you loss mitigation assistance. If you would like to appeal, you must contact us within 14 calendar days from the date of this notice and state you are requesting an appeal of this decision. For appeals requested in writing, you must include your name, property address and mortgage account number. You may also specify the reasons for your appeal and provide any supporting documentation. Your right to appeal expires 14 calendar days from the date of this notice. Any appeal requests or documentation received after that date may not

---

GSE Waterfall Mod Denial Letter

12/4/2015
LTR-1066


Ditech-000270

be considered. Please contact us Monday - Friday 8 a.m. to 4 p.m. MST at 1-855-858-3873, or at the below-referenced mailing address and fax number.

Ditech Financial LLC
P.O. Box 6172
Mail Stop R299
Rapid City, SD 57709
Fax: 1-855-895-4481

If you elect to appeal, we will provide you a written notice of our appeal decision within 30 calendar days of receiving your appeal. Our appeal decision is final and not subject to further appeal.

It is your responsibility to contact Ditech to discuss your above-referenced account. If you wish to explore your options or have any other questions, please contact your account representative. Your assigned account representative is ERICA W at 1-800-643-0202, extension 23658.

Our credit decision may have been based in part upon information obtained in a report from the below-referenced consumer reporting agency listed. You have the right under the Fair Credit Reporting Act to obtain a free copy of your credit report. You must request your free copy within 60 days of the date of this letter. You also have the right to dispute the information contained in your credit report with the credit reporting agency. The credit reporting agency did not make the decision regarding your ineligibility and is not able to provide you with specific reasons as to why you are not eligible for a modification.

Credit Reporting Agency:          Trans Union Consumer Solutions

Reporting Agency Address:        P.O. Box 2000, Chester, PA 19022-2000

Toll Free Number:                       1-800-916-8800

Web Address:                             http://annualcreditreport.transunion.com/entry/disputeonline

We also obtained your credit score from this consumer reporting agency and used it in making our credit decision. Your credit score is a number that reflects the information in your consumer report. Your credit score can change, depending on how the information in your consumer report changes.

Your credit score: 628

Date: 05/10/2017

Scores range from a low of 300 to a high of 850.

Key factors that adversely affected your credit score:

SERIOUS DELINQUENCY
TOO FEW ACCOUNTS CURRENTLY PAID AS AGREED
LACK OF RECENT REVOLVING ACCOUNT INFORMATION
LACK OF RECENT BANK REVOLVING INFORMATION

If you have any questions regarding your credit score, you should contact Trans Union Consumer Solutions at:

Address:             P.O. Box 2000, Chester, PA 19022-2000

GSE Waterfall Mod Denial Letter

12/4/2015
LTR-1066



Ditech-000271

Telephone number:   1-800-916-8800

Fannie Mae does not service your account. It is important that your monthly payments and all correspondence and inquiries concerning your mortgage be sent directly to Ditech and not to Fannie Mae. In the event you find it necessary to contact Fannie Mae, you may write to Fannie Mae at the following address:

Fannie Mae
3900 Wisconsin Avenue, NW
Washington, DC 20016-2892

The Federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the Federal Trade Commission, which can be contacted at:

Federal Trade Commission
Equal Credit Opportunity
Washington, DC 20580

Counseling is available at no charge from HUD-approved counselors through the HOPE Hotline: 1-888-995-HOPE. This housing counseling on-demand service is available 24-hours a day/7-days a week in Spanish and English (other languages available on request). You may also visit http://www.hud.gov/offices/hsg/sfh/hcc/fc/.

If you have concerns about the evaluation of your mortgage for foreclosure alternatives, then please contact ERICA W at 1-800-643-0202, extension 23658. Ditech has designated the following address where mortgage loan customers must send any Qualified Written Request, Notice of Error or Request for Information: PO Box 6176, Rapid City, SD 57709-6176.

Sincerely,

Ditech
1-800-643-0202
Monday - Friday 7 a.m. to 8 p.m., Saturday 7 a.m. to 1 p.m. CST

This communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose.

GSE Waterfall Mod Denial Letter

12/4/2015
LTR-1066



Ditech-000272

GARRETT LAW OFFICES
1075 E MONTAGUE AVE
NORTH CHARLESTON SC  29405

Ditech-000166



Ditech Financial LLC
P.O. Box 6172
Rapid City, SD 57709-6172
(800) 643-0202
Fax: (866) 870-9919

June 8, 2017

GARRETT LAW OFFICES
1075 E MONTAGUE AVE
NORTH CHARLESTON SC 29405

RE: Ditech Financial LLC ("Ditech")
     Account Number: ██████, Kevin Snyder
     Case Reference #: 15427

Dear Jason Scott Luck:

Ditech Financial LLC ("Ditech") has completed a review of the above-referenced inquiry or dispute case number. Ditech has determined the following:

In response to the appeal request associated with the decline letter dated May 11, 2017, it has been determined that the loan was accurately reviewed based on the information submitted. Please keep in mind, the investor does not consider housing, living, or medical expenses for a modification review; the review is based on verified gross monthly income only.

Upon modification review, it was determined that eligibility was not met because of the following reasons:

- Fannie Mae Cap and Extend: Eligibility was not met because the loan exceeds six (6) months delinquency. The loan is contractually due for the September 01, 2008 mortgage payment.

- Fannie Mae Standard and Streamline Modification: Eligibility was not met because the modified principal and interest payment amount is greater than the pre-modification principal and interest payment amount. The mortgage payment will increase because of the capitalized arrearages owed since the last contractual mortgage payment.

Please note the calculated gross monthly income amount did not ultimately contribute to the investor's determination of ineligibility. Based on the findings, your client did not meet eligibility requirements for modification assistance, at the time of the evaluation. We understand that this comes at a difficult time; however, the decline reasons are based on investor and program guidelines.

In the correspondence, it was stated that the reasoning for the account being more than six (6) months delinquent is due to the delaying of the process since it began in 2013. Please note that a review of the May 16, 2017 monthly billing statement confirms that the account first became delinquent on September 01, 2008. Therefore, the account was delinquent prior to beginning the modification process in 2013.

It was also stated that the account occurred late fees due to the delay in processing the modification paperwork. Our records confirm that your client's payment date is the first (1st) of each month. A review of the payment history shows that multiple payments were received after the 16th of each month, which has resulted in a late fee amount of $49.52 each month.



EQUAL HOUSING
LENDER

According to the Promissory Note originated on April 21, 2005, under Paragraph 6 (a) Late Charges for Overdue Payments: "If the Note Holder has not received the full amount of any monthly payment by the end of fifteen (15) calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00% of the overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment." This information is also stated on the monthly billing statement. Therefore, it remains your client's responsibility to pay any late fees that have occurred on the account thus far. As the date of this correspondence, this is a late fee balance of $396.16, which will remain on the loan until satisfied.

Since the loan has remained in a delinquent status and the mortgage payment is contractually due for the September 01, 2008 monthly payment, Ditech has moved forward with normal servicing and has initiated foreclosure action. Since the account is currently in foreclosure, any payments received that are less than the reinstatement amount will not be accepted and will be returned.

If your client can no longer afford the subject property, he may be eligible for the following liquidation programs:

- Short Sale: A real estate short sale is any sale of real estate that generates proceeds that are less than the amount owed on the property. If your client determine that he can no longer afford the property this may be considered.

- Deed-in-Lieu of Foreclosure: A deed in lieu of foreclosure is a deed instrument in which a mortgagor (i.e. the borrower) conveys all interest in a real property to the mortgagee (i.e. the lender) to satisfy a loan that is in default and avoid foreclosure proceedings. If your client determine that he can no longer afford the property this may be considered.

If you have any additional questions, please contact the assigned Single Point of Contact Alejandra V. at (800) 643-0202, extension 85751.

If you have any additional questions, please call us toll-free at (800) 643-0202, Monday - Friday, 7:00 a.m. to 8:00 p.m. CT, and Saturday 7:00 a.m. to 1:00 p.m. CT; Ditech has designated the following address where mortgage loan customers must send any Qualified Written Request, Notice of Error or Request for Information: P.O. Box 6176, Rapid City, SD 57709-6176.

Respectfully,

Ditech
(800) 643-0202
Monday - Friday, 7:00 a.m. to 8:00 p.m. CT, and Saturday 7:00 a.m. to 1:00 p.m. CT

/jmp/36/*jmp*

# EXHIBIT 2

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide
Home Loans Servicing, L.P..

      PLAINTIFF,

      vs.

Kevin G. Snyder, and Mary S. Snyder,

      DEFENDANT(S).

IN THE COURT OF COMMON PLEAS

NOTICE OF FORECLOSURE
INTERVENTION

(NON-JURY MORTGAGE FORECLOSURE)

C/A NO: 2010-CP-10-7838

DEFICIENCY REQUESTED



F10-06774

**TO: Kevin G. Snyder, and Mary S. Snyder:**

    PLEASE TAKE NOTICE THAT pursuant to the South Carolina Supreme Court Administrative Order 2011-05-02-01, (hereinafter "Order"), you may have a right to Foreclosure Intervention.

    To be considered for any available Foreclosure Intervention, you may communicate with and otherwise deal with the Plaintiff through its law firm, KORN LAW FIRM, P.A., P. O. Box 11264, 1300 Pickens Street, Columbia, SC 29201 or call (803) 252-5817. KORN LAW FIRM, P.A., represents the Plaintiff in this action and does **not** represent you. Under our ethical rules, we are prohibited from giving you any legal advice.

    You must submit any requests for Foreclosure Intervention consideration within 30 days from the date of this Notice. Attached is a request form for your use. **IF YOU FAIL, REFUSE, OR VOLUNTARILY ELECT NOT TO PARTICIPATE IN FORECLOSURE INTERVENTION, YOUR MORTGAGE COMPANY/AGENT MAY PROCEED WITH A FORECLOSURE ACTION.** If you have already pursued loss mitigation with the Plaintiff, this Notice does not guarantee the availability of loss mitigation options or further review of your qualifications.

BY: _____

PETER D. KORN / JOHN S. KAY / DEAN HAYES
ALAN M. STEWART / JOHN B. KELCHNER
H. GUYTON MURRELL / SUZANNAH HAYES
KEVIN T. HARDY / ASHLEY ZARRETT
TERESA D. VAN VLAKE / CHRIS S. TRULUCK
Attorneys for Plaintiff

KORN LAW FIRM, P.A.
P. O. Box 11264
1300 Pickens Street
Columbia, SC 29211
(803) 252-5817

Dated ___12/17___, 2012

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

Request for Foreclosure Intervention
File No.: F10-06774
      This document is exchanged exclusively for the purpose of foreclosure intervention pursuant to S.C. Supreme Court Administrative Order 2011-05-02-01.

**Property Address: 1752 Orange Grove Shores, Charleston, SC 29407**

_____ I am the owner but do not occupy the property.

_____ I am the owner of and occupy the property.

Is this street address correct? ☐ Yes   ☐ No

If Yes, please include proof of occupancy such as a utility bill, military orders, voter registration card, etc.

If No, what is the correct street address: _____

_____ I am actively working with the mortgage company to resolve my mortgage account's delinquency and last spoke with the mortgage company on _____.

_____ I submitted a complete loss mitigation package to the mortgage company on _____.

I am interested in the following type(s) of loss mitigation (**please note that you may not qualify for any or all of these foreclosure intervention options**):

| | |
|---|---|
| _____Reinstatement | _____Loan Modification |
| _____Payoff | _____Deed in Lieu |
| _____Payment Plan | _____Short Sale |
| _____Forbearance Agreement | _____Other:_____ |

PLEASE NOTE THAT YOU MAY NOT QUALIFY FOR ALL THE OPTIONS LISTED ABOVE. NO REPRESENTATION OF ANY KIND IS BEING MADE REGARDING THE AVAILABILITY OF ANY LOSS MITIGATION OPTION OR YOUR QUALIFICATION FOR ANY OPTION.

_____ I elect not to participate in any Foreclosure Intervention.

☐ I am represented by counsel in this foreclosure action.

My attorney's name, address, and phone number is: _____

_____

_____

Contact #'s:

Home: _____    Work: _____

Cellular: _____    Other: _____

May we leave a phone message?   At home ☐ Yes    ☐ No

On your cellular phone: ☐ Yes    ☐ No     At work ☐ Yes    ☐ No

May we call your cell phone? ☐ Yes    ☐ No

May we send you an e-mail message? ☐ Yes    ☐ No

Email: _____    PRINT NAME: _____

_____ (Signature)    Date: _____

Please note, if you are represented by counsel in the foreclosure action KORN LAW FIRM, P.A., will only communicate with you through your counsel.
THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a
Countrywide Home Loans Servicing, L.P..

PLAINTIFF,

vs.

Kevin G. Snyder, and Mary S. Snyder,

DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS

C/A NO: 2010-CP-10-7838

CERTIFICATION OF SERVICE

DEFICIENCY REQUESTED

2012 DEC 20 PH 3:35
JULIE J. ARMSTRONG
CLERK OF COURT
FILED

The undersigned states that on 12 | 19 , 2012, he/she caused a true and correct copy of the *Plaintiff's Notice of Foreclosure Intervention* to be served upon the party identified below by depositing in the United States mail, proper postage affixed and addressed as follows:

Defendant(s) or counsel of records' address:

Kevin G. Snyder
1752 Orange Grove Shores Dr
Charleston, SC 29407

Mary S. Snyder
1752 Orange Grove Shores Dr
Charleston, SC 29407

KORN LAW FIRM, P.A.

Cindy Robbins
Foreclosure Paralegal

**KORN LAW FIRM, P.A.**
**POST OFFICE BOX 11264**
**1300 PICKENS STREET**
**COLUMBIA, SOUTH CAROLINA 29201**
**(803) 252-5817**

December 15, 2012

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

      Re:    BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. -vs-
              Kevin G. Snyder, and Mary S. Snyder
              Docket No. 2010-CP-10-7838
              Our file # F10-06774

Dear Clerk of Court:

    Enclosed please find the original and one copy of the Notice of Foreclosure Intervention on the above referenced case. Please file for record, returning the clocked copy in the envelope provided within.

    Thank you in advance for your cooperation in this matter.

              Very truly yours,

              KORN LAW FIRM, P.A.
              Foreclosure Department

Enclosures

# EXHIBIT 3

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide Home
Loans Servicing, L.P.,

                    PLAINTIFF,

                         vs.

Kevin G. Snyder, and Mary S. Snyder,

                    DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS
C/A NO: 2010-CP-10-7838

NOTICE OF DENIAL OF LOAN MODIFICATION OR
OTHER MEANS OF LOSS MITIGATION
2011-05-02-01

DEFICIENCY REQUESTED

TO: Kevin G. Snyder and Mary S. Snyder:

PLEASE TAKE NOTICE THAT this is an action for the foreclosure of owner occupied real property.  Pursuant to the
Supreme Court of South Carolina Administrative Order 2011-05-02-01, that

1.      the Mortgagor has been served with a notice of the Mortgagor's right to foreclosure intervention for the purpose of
seeking a resolution of the foreclosure action by loan modification or other means of loss mitigation;

2.      the Mortgagee, or its designated agent, has received and examined all documents and records required to be
submitted by the Mortgagor to evaluate eligibility for foreclosure intervention;

3.      the Mortgagor has been afforded a full and fair opportunity to submit any other information or data pertaining to the
Mortgagor's loan or personal circumstances for consideration by the Mortgagee; and

4.      after completion of the foreclosure intervention process, the Mortgagor does not qualify for loan modification or
other means of loss mitigation, in accordance with any standards, rules or guidelines of the Mortgagee applicable to the mortgage loan,
and the parties have been unable to reach any other agreement concerning the foreclosure process.

5.      the Notice of Foreclosure Intervention letter was sent to the Mortgagor on 12/17/2012. The Mortgagee advised the
Mortgagor of the documents that were required. The Mortgagor did not submit the required documents. After completion of the
foreclosure intervention process the Mortgagee determined that the Mortgagor does not qualify for a modification under the HAMP or
under any other modification programs. The Mortgagee provided sufficient time for Mortgagor to provide all requested documents. The
Mortgagee has been unable to review the Mortgagor's eligibility for loss mitigation due to Mortgagor's failure to provide requested
documentation; therefore, the Mortgagor's request for loss mitigation was denied.

You have thirty (30) days from the date of the mailing of this Notice to file and serve an answer or other response to
the Summons and Complaint.

                                        BY: _____
                                        PETER D. KORN / JOHN S. KAY / DEAN HAYES
                                        ALAN M. STEWART / JOHN B. KELCHNER
                                        H. GUYTON MURRELL / SUZANNAH HAYES
                                        KEVIN T. HARDY / ASHLEY ZARRETT
                                        CHRIS S. TRULUCK
                                        Attorneys for Plaintiff

                                        KORN LAW FIRM, P.A.
                                        P. O. Box 11264
                                        1300 Pickens Street
                                        Columbia, SC 29211
                                        (803) 252-5817

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS
COMMUNICATION IS FROM A DEBT COLLECTOR.

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

BAC Home Loans Servicing, L.P. f/k/a Countrywide
Home Loans Servicing, L.P.,

        PLAINTIFF,

        vs.

Kevin G. Snyder, and Mary S. Snyder,

        DEFENDANT(S).

F10-06774

IN THE COURT OF COMMON PLEAS
C/A NO: 2010-CP-10-7838

NOTICE OF DENIAL OF LOAN
MODIFICATION OR OTHER MEANS OF LOSS
MITIGATION
2011-05-02-01

DEFICIENCY REQUESTED

*2013 APR -8 PH 12: 17*
*JULIE J. ARMSTRONG*
*CLERK OF COURT*
*BY*

        The undersigned states that on ___April 4___, 2013, she caused a true and correct copy of the
*Plaintiff's Notice of Denial of Loan Modification or Other Means of Loss Mitigation* to be served upon the party
identified below by depositing in the United States mail, proper postage affixed and addressed as follows:

Defendant(s) or counsel of records' address:

**Kevin G. Snyder**
**1752 Orange Grove Shores Dr**
**Charleston, SC 29407**

**Mary S. Snyder**
**1752 Orange Grove Shores Dr**
**Charleston, SC 29407**

        KORN LAW FIRM, P.A.

        *Elizabeth Williams*

        Elizabeth Williams
        Foreclosure Paralegal

**409**

**KORN LAW FIRM, P.A.**
**POST OFFICE BOX 11264**
**1300 PICKENS STREET**
**COLUMBIA, SOUTH CAROLINA 29201**
**(803) 252-5817**

March 21, 2013

Clerk of Court
100 Broad Street, Suite 106
Charleston, SC 29401

Re:     BAC Home Loans Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P. -vs-
        Kevin G. Snyder, and Mary S. Snyder
        Docket No. 2010-CP-10-7838
        Our file # F10-06774

Dear Clerk of Court:

Enclosed please find the original and one copy of the Notice of Denial of Loan Modification or Other
Means of Loss Mitigation and the Certificate of Service of the Notice of Denial of Loan Modification or
Other Means of Loss Mitigation on the above referenced case. Please file for record, returning the
clocked copy in the envelope provided within.

Thank you in advance for your cooperation in this matter.

Very truly yours,

Elizabeth Williams
Paralegal
KORN LAW FIRM, P.A.
Foreclosure Department

Enclosures

**410**

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

)
)
)
)
)
)
)
)
)
)
)
)
)

IN THE COURT OF COMMON PLEAS
9th   JUDICIAL CIRCUIT

CASE NO.:2010   -CP-10   -7838

Ditech Financial, LLC
Plaintiff,

vs.

Kevin G. Snyder, et al.
Defendant.

**MOTION AND ORDER INFORMATION
FORM AND COVERSHEET**

| Plaintiff's Attorney: | Defendant's Attorney: |
|---|---|
| Michael C. Griffin   , Bar No. 72868 | Jason Scott Luck   , Bar No 73676 |
| Address: | Address: |
| 214 North Tryon St, Suite 3700 | 1075 E. Montague Ave, N. Chas, SC 29406 |
| Phone: 704.338.6015   Fax 704.332.8858 | Phone: 843.554.5515   Fax 843.747.3198 |
| E-mail: mgriffin@bradley.com Other: | E-mail: jluck@garrettlawsc.com Other: |

☑**MOTION HEARING REQUESTED (attach written motion and complete SECTIONS I and III)**
☐**FORM MOTION, NO HEARING REQUESTED (complete SECTIONS II and III)**
☐**PROPOSED ORDER/CONSENT ORDER (complete SECTIONS II and III)**

**SECTION I: Hearing Information**

Nature of Motion: Motion for Partial Summary Judgment

Estimated Time Needed:     30 min         Court Reporter Needed:   ☑YES/☐ NO

**SECTION II: Motion/Order Type**

☑Written motion attached
☐Form Motion/Order
    I hereby move for relief or action by the court as set forth in the attached proposed order.

_____, 20_____
    Signature of Attorney for ☐ Plaintiff /☐ Defendant    Date submitted

**SECTION III: Motion Fee**

☑ PAID – AMOUNT: $   25.00
☐ EXEMPT:    ☐ Rule to Show Cause in Child or Spousal Support
   (check reason)  ☐ Domestic Abuse or Abuse and Neglect
            ☐ Indigent Status  ☐ State Agency v. Indigent Party
            ☐ Sexually Violent Predator Act  ☐ Post-Conviction Relief
            ☐ Motion for Stay in Bankruptcy
            ☐ Motion for Publication  ☐ Motion for Execution (Rule 69, SCRCP)
            ☐ Proposed order submitted at request of the court; or,
            reduced to writing from motion made in open court per judge's instructions
            Name of Court Reporter: _____
            ☐ Other:

**JUDGE'S SECTION**

☐ Motion Fee to be paid upon filing of the attached order.
☐ Other:

JUDGE CODE _____

Date: _____, 20_____

**CLERK'S VERIFICATION**

Collected by:_____    Date Filed: _____, 20_____

☐ MOTION FEE COLLECTED: $ _____
☐ CONTESTED – AMOUNT DUE: $ _____

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
| COUNTY OF CHARLESTON | ) | NINTH JUDICIAL CIRCUIT |
| **Ditech Financial, LLC,** | ) | № 2010-CP-10-7838 |
| Plaintiff, | ) | |
| vs. | ) | **Defendants' Motion for Partial Summary Judgment** |
| **Kevin G. Snyder, individually and as Personal Representative of the Estate of Mary Snyder,** | ) | (Rule 56, SCRCP) |
| Defendants. | ) | |

Defendants move, pursuant to Rule 56, SCRCP, for partial summary judgment on their counterclaims for civil compensatory contempt[1] and quiet title, subject to the restrictions set by the Bankruptcy Court of the Southern District of New York. Defendants would show the following in support of their motion:

### Introduction / Nature of the Case

This is a contested residential mortgage foreclosure action. Defendants have asserted counterclaims for various misconduct on the part of the Plaintiff (primarily through its predecessors-in-law). This misconduct has, *inter alia*, delayed the process of foreclosure intervention to the point where the principal, interest, fees, and other costs are greater than the potential sale price of the property at issue.

### Argument

On May 2, 2011, the South Carolina Supreme Court issued administrative order 2011-05-02-01, which states in relevant part:

---

[1] If this Court dismisses civil compensatory contempt as a cause of action, Defendants ask this motion be treated as a motion for sanctions under In re Mortgage Foreclosure Actions.

The Court having jurisdiction over the foreclosure action shall hear and determine any dispute concerning any party's compliance with this order, including without limitation, the failure of any party to act in good faith in complying with the terms of this order. In the event the Court determines that any party to the foreclosure action, or their acting agent, has failed to comply with the terms of this order, or has not attempted to reach an agreement for foreclosure intervention in good faith, the Court may, in its discretion, impose such sanctions as it determines to be reasonable and just under the circumstances, including without limitation, the assessment of reasonable attorneys' fees and costs against the culpable party.

In re Mortgage Foreclosure Actions, 396 S.C. 209, 213, 720 S.E.2d 908, 910 (2011) (the "Supreme Court Order"). "Good faith" is defined as: "honesty in fact and the observance of reasonable commercial standards of fair dealing." S.C. Code § 36-1-201(20).[2] Documents authenticated by Plaintiff's Responses to Defendants' Requests to Admit establish multiple instances where Plaintiff[3] did not act in good faith:

1.    Failure to send correspondence to the correct address.

Throughout the foreclosure intervention process, Ditech and its predecessors repeatedly mailed critical correspondence and documents to the wrong mailing address. Defendants are aware of the following documents mailed to the wrong address:

> A.    the March 13, 2014, application deficiency letter (Ex. A p. 36)[4] used an
>
> incorrect address;

---

[2] As the note and mortgage in this case are subject to articles 3 & 9 of the Uniform Commercial Code, this definition is appropriately used here.

[3] Plaintiff in this matter was originally BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP. By order dated March 12, 2014, the caption was amended to change the Plaintiff to Green Tree Servicing, LLC. By order dated December 13, 2018, the caption was amended again to change the Plaintiff to Ditech Financial, LLC and revise the Defendants to reflect the death of Mary S. Snyder.

[4] When this motion references "Exhibit A", it refers to Exhibit A that was filed on November 29, 2018, attached to Plaintiff's Responses to Defendants' First Set of Requests to Admit (incorporated herein by reference).

B.  the May 7, 2014, August 7, 2014, and September 7, 2014, billing statements (Ex A pp. 41, 45, 46) used an incorrect address;

C.  the August 6, 2014 acknowledgement letter (Ex. A p. 44) used an incorrect address;

D.  an October 2014 foreclosure intervention application (Ex. A p. 47) was set to an incorrect address, resulting in denial of a proposed modification; and

E.  the April 13, 2016 foreclosure intervention application (Ex. A pp. 52-54 is addressed to Defendants' counsel's prior address, despite being informed of the new address a year prior (Ex. A. p. 48).

It is unknown how many other documents were lost due to being mis-addressed. Defendants' counsel placed Ditech and its predecessors on notice of changes of address and/or incorrect addressing on October 22, 2014, March 4, 2015, and March 26, 2015. (Ex. A pp. 47-48, 52). These failures, at a minimum, contributed to the excessive delays in processing the Snyders' multiple applications for foreclosure intervention/mitigation.[5]

2.  Failure to respond to foreclosure intervention request.

Green Tree ignored the Snyders' June 17, 2013, request for foreclosure intervention until Snyders' counsel repeatedly contacted Plaintiff's prior counsel in August of 2013. (Ex. A pp. 5,

---

[5] Though more of a technical than substantive violation of the Supreme Court's order, Ditech's predecessors also required Defendants' counsel to repeatedly submit needless written authorizations. Undersigned counsel appeared of record in this action on May 3, 2013. (Ex. A p. 2). Ditech's predecessor's attorneys were served with this notice of appearance the same day. (Ex. A p. 3). Undersigned counsel informed Ditech's predecessor of his retention by letter dated June 17, 2013. (Ex. A p. 5). Ditech's predecessor, however, demanded that the Snyders execute a separate authorization form (Ex. A p. 29) before it would discuss this matter with the Snyders' counsel. While the Snyders did execute an authorization on July 9, 2013 (provided July 18, 2013) (Ex. A pp. 27-29), Ditech's predecessor repeatedly demanded it be re-submitted. (Ex. A pp. 26, 31).

12, 15). Plaintiff's prior counsel provided the foreclosure intervention application on August 21, 2013. (Ex. A p. 17). This also contributed to delays in foreclosure intervention.

3.     Repeated contacts with represented mortgagors.

Plaintiff and its predecessors consistently, repeatedly, and flagrantly continued to contact the Snyders via telephone and/or mail until approximately 2017, when Ditech began mailing all correspondence, including billing statements, to Snyders' counsel. In re Mortgage Foreclosure Actions mandates that foreclosure communications shall flow through the Mortgagor's attorney: "...the Mortgagee *shall* communicate with and otherwise deal with the Mortgagor through the Mortgagor's attorney" 396 S.C. 209, 213, 720 S.E.2d 908, 909 (2011) (emphasis added). On June 17, 2013, Snyders' counsel contacted Ditech's predecessor directly to inform it of the Snyders' representation, though Plaintiff's attorney had been notified on May 3, 2013. (Ex. A pp. 2-5). Included in the June 17, 2013, letter was a copy of In re Mortgage Foreclosure Actions. The Snyders, through counsel, notified Ditech and its predecessors on June 17, 2013, October 30, 2013, November, 6, 2013, November 12, 2013, June 4, 2014, and August 1, 2014, that they were represented by counsel and/or to cease communications with the Snyders. (Ex. A pp. 5, 21, 23-31, 42). Ditech and its predecessors repeatedly ignored the clear language of the Supreme Court's order and the repeated requests of the Snyders by attempting contact directly with the Snyders.[6] (e.g. Ex. A pp. 20, 23-24).

4.     Inappropriate conduct in litigation.

On June 14, 2013, Ditech's predecessor served requests to admit on the Defendants. (Ex. A p. 7). Defendants timely served answers to these requests on July 15, 2013 (July 14, 2013 fell

---

[6] Because this debt was in dispute, Ditech's predecessors' acts also violated the Fair Debt Collection Practices Act. See 15 U.S.C. § 1692c(c). Because the Bankruptcy Court's order stays any action for damages, any potential action under this statute is stayed.

on a Sunday). (Ex. A. pp. 6-11). On August 13, 2013, Defendants' counsel spoke with Plaintiff's prior counsel via telephone about the potential for settlement of this matter. (Ex. A p. 12). On the same day, Plaintiff's prior counsel executed an Affidavit of Default, stating that the Defendants had failed to respond to its Requests to Admit. (Ex. A pp. 13-14). Not only was this affidavit false, it was never served on Defendants' counsel when it was filed with the court.[7] (Ex A pp. 13-14, 40). Defendants' counsel did not learn of this affidavit until March 27, 2014, when Defendants' counsel received a notice of the entry of a heretofore-unknown order amending the caption. (Ex. A p. 39). Upon review of the docket online, Defendants' counsel discovered that he had not been informed of: (1) Plaintiff's prior counsel's filing of the August 13, 2013, affidavit; (2) a September 30, 2013, status conference that Plaintiff's prior counsel allowed to go forward without notice to Defendants' counsel; (3) a September 30, 2013 order staying this case pending foreclosure intervention; and (4) Plaintiff's prior counsel's filing of a motion and proposed order to amend on February 20, 2014, which was granted without hearing. (Ex. A 13-14, 18-19, 32-34, 40).

Defendants' counsel immediately wrote Plaintiff's prior counsel and demanded that Plaintiff's prior counsel request the court strike the August 13, 2013 affidavit. (Ex. A p. 40). Defendants' counsel referenced this request again on March 26, 2015 and April 28, 2015, but to date the affidavit remains part of the record. (Ex. A pp. 40, 52, 56-57).

The abovementioned acts are not technical violations of the Supreme Court's order. Plaintiff's Requests to Admit, if deemed admitted, would support a motion for summary judgment in Plaintiff's favor, severely prejudicing the Defendants. Further, the Plaintiff's motion

---

[7] Plaintiff is unable to deny that the affidavit is false, though it does admit it was never served on Defendants' counsel. (Responses to Request to Admit # 14 & 15).

to amend (which incorporated the proposed order attached to it) appears to admit this action was not brought in the name of the correct entity:

> ... this action was brought in the name of BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing LP in anticipation that an assignment into that entity would be placed of record, and it appearing that no such assignment has been placed of record, but by virtue of an assignment recorded September 9, 2013, in Book 0359 at Page 558, the loan was transferred from Countrywide Home Loans, Inc. to Green Tree Servicing, LLC...

(February 19, 2014 Motion / March 12, 2014 Order). The Plaintiff's Amended Complaint and the public record indicate that on January 26, 2009, Countrywide Home Loans, Inc. assigned this mortgage to Countrywide Home Loans Servicing, LP. (Exhibit B). This would mean the June 17, 2013 assignment from Countrywide Home Loans, Inc. to Green Tree Servicing, LLC (who the current Plaintiff later merged with) had no effect. (Exhibit C). Because Plaintiff's motion was made without notice, in violation of Rule 6, SCRCP, and it was granted without a hearing,[8] Defendants never had an opportunity[9] to contest this motion or otherwise object.[10] See Rule 17(a), SCRCP.

5.  Spoliation of evidence.

On March 4, 2015, Defendants' counsel requested that Ditech's predecessor preserve documents related to this action. (Ex. A p. 48). Plaintiff, in its responses to Defendants' Third Set of Interrogatories, explains that it could not admit or deny several requests due to a lack of

---

[8] Defendants believe that a hearing for this motion was necessary. Cf. In re Civil Motions Pilot Program, 414 S.C. 162, 777 S.E.2d 546 (2015) (implying that prior to this pilot program, courts were not authorized to resolve motions without a hearing, except for Rule 59).

[9] Further complicating matters, at this time the case was also subject to a September 30, 2013, order staying the action pending foreclosure intervention.

[10] The Defendants have specifically contested Plaintiff's standing to pursue claims in this action. (Ans. & CC ¶ 12). As an alternative ground for relief, Defendants ask that this Court grant summary judgment to Defendants on the grounds of Plaintiff's lack of standing and dismiss its Amended Complaint with prejudice.

records from its predecessor. (Plaintiff's Responses to Defendants' Third Set of Interrogatories, filed Nov. 30, 2018). The loss or destruction of these records have thus frustrated factfinding in this matter.

### Relief Requested

While this action is subject to the automatic stay of 11 U.S.C. § 362(a), the Southern District of New York Bankruptcy Court has modified the stay to exempt claims that "have the sole purpose of defending, unwinding, or otherwise enjoining or precluding any foreclosure or eviction, and do not have an adverse effect on any of the Debtors' assets." In re Ditech Holding Co., No. 19-10412-jlg (Bankr.S.D.N.Y. Order dated February 13, 2019). Plaintiff has specifically stated that Defendants' counterclaims for civil compensatory contempt and quiet title, and the affirmative defense of rescission, may proceed, provided they only "seek a stay or dismissal of Ditech's foreclosure action or a determination of the validity of Ditech's lien and do not seek [an] award of money damages..." (Notice of Bankruptcy Filing and Imposition of Automatic Stay dated February 28, 2019).

While the Supreme Court's order in In re Mortgage Foreclosure Actions explicitly allows for awards of attorneys' fees, this relief is prohibited by the automatic stay. With no reported decisions detailing the exact types of other relief available under the Supreme Court's order, this Court must look to analogous law. Defendants believe that case law interpreting violations of discovery orders can provide guidance on how to craft a remedy under In re Mortgage Foreclosure Actions. When issuing discovery sanctions under Rule 37, SCRCP, a circuit court has the ability to strike the pleadings of a litigant for "bad faith, willfulness, or gross indifference to the rights of other litigants." Karppi v. Greenville Terrazo, Inc., 327 S.C. 538, 489 S.E.2d 679, 682 (Ct. App. 1997). As set forth above, the Plaintiff has repeatedly violated the terms of In re

Mortgage Foreclosures, despite being notified of these violations and of the applicable order. It is fair to assume that the Plaintiff was aware of the consequences of its years-long pattern of conduct, thus making its conduct willful or intentional.[11] See Restatement (Second) of Torts § 8A (1965) (Acts are intentional when the actor "desires to cause consequences of his act, or…he believes that the consequences are substantially certain to result from it."). Plaintiff's spoliation of evidence further supports sanctions. E.g. Kershaw County Board of Education v. U.S. Gypsum Co., 302 S.C. 390, 394, 396 S.E.2d 369, 372 (1990). Accordingly, Defendants request that this Court strike Plaintiff's Amended Complaint and Plaintiff's Reply to Defendant's counterclaims. Defendants would further request that this Court enter default against the Plaintiff and issue a default judgment on Defendants' counterclaims for civil compensatory contempt and quiet title ordering either (1) dissolution of Plaintiff's lien on 1752 Orange Grove Shores Drive or (2) rescission of the note and mortgage at issue in this action.

In the alternative, Defendants would ask that Plaintiff's demand for damages of accrued interest, fees (including attorneys' fees), costs, advances, and a deficiency judgment be struck from Plaintiff's Amended Complaint and it be barred from offering any evidence of the same. Cf. Rule 37(b)(2)(B), SCRCP. The chief injury Plaintiff has caused is the unnecessary delay, for approximately ten years, of the fair consideration of Kevin Snyder's application for modification. From 2008 until 2016, this loan has accumulated nearly $85,000.00 in accrued interest and nearly $33,000.00 in advances and fees. (Ex. A p. 60). In 2016, this loan had a principal balance of slightly over $137,000.00. (Ex. A p. 60). The property at issue in this action has a 2018 tax

---

[11] If not willful or intentional, Plaintiff's conduct evidences gross indifference to Defendants' rights and manifests disregard for Plaintiff's duties under the Supreme Court's order. Cf. Richardson v. Hambright, 296 S.C. 504, 506, 374 S.E.2d 296, 298 (1988) ("Gross negligence is the intentional, conscious failure to do something which is incumbent upon one to do or the doing of a thing intentionally that one ought not to do.").

value of $152,600.00, but its value ("Zestimate") on the Zillow website is $249,883.00. (Ex. D & E). The accrued interest and fees, caused by the acts of the Plaintiff, have resulted in additional costs that will prevent the Defendants from realizing any equity in the property. Accordingly, they are not properly any part of Plaintiff's damages if this foreclosure goes forward.

Dated: 3/8/19

Jason Scott Luck
jluck@garrettlawsc.com
Garrett Law Offices, LLC
1075 E. Montague Ave.
North Charleston, SC 29405
843.554.5515 (phone)
843.747.3198 (telefax)
**Attorney for Defendants**

### Certificate of Service

I certify that this pleading was placed in the U.S. Mail, first class, postage-prepaid on the date below to the following address(es):

Michael Griffin
Bradley Arant Boult Cummings, L.P.
214 N. Tryon St., Ste. 3700
Charlotte, NC 28202

Dated: 3/8/19

Jason Scott Luck

Plaintiff's Responses to Defendants' First Set of Requests to Admit and Exhibit A to the same

were filed of record with this Court on November 29, 2018.

EXHIBIT
A

RMC Bk 0032 Pg 991 : Pg 1 *

[WHEN RECORDED RETURN TO:]
**KORN LAW FIRM**
**1300 PICKENS STREET**
**P.O. BOX 11264**
[COLUMBIA, SC 29211-1264]



BP0032991

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

ASSIGNMENT OF MORTGAGE
BOOK W-535 PAGE 645

F29-01303

FOR VALUE RECEIVED, the undersigned, Countrywide Home Loans, Inc., does hereby transfer, assign, set over and convey to Countrywide Home Loans Servicing, LP 7105 Corporate Drive, PTX-C2-35, Plano, TX 75024, their successors and assigns, all beneficial interest under that certain mortgage executed by Kevin G. Snyder and Mary S. Snyder, to Mortgage Electronic Registration Systems, Inc., acting solely as nominee for Gateway Funding Diversified Mortgage Services, LP which mortgage is recorded on May 6, 2005, in the Office of the RMC for Charleston County, South Carolina, in Mortgage Book W-535 page 645, together with all the notes and indebtedness secured by said mortgage, the money due and to become due thereon with interest, and all rights accrued or to accrue; and the undersigned does hereby remise, release, quit claim and convey to Countrywide Home Loans Servicing, LP its rights in and to the property described in and conveyed by said mortgage.

PROPERTY ADDRESS: 1752 Orange Grove Shores Drive, Charleston, SC 29407

IN WITNESS WHEREOF, the undersigned, Countrywide Home Loans, Inc., on January 26, 2009 has hereunto set its hand and seal.

Countrywide Home Loans, Inc.

BY:

JOHN S. KAY, JOHN B. KELCHNER,
ALAN M. STEWART
Its Assistant Secretary

Witness #1

Witness #2

**EXHIBIT**
**β**

422

# CORPORATE ACKNOWLEDGEMENT

State of South Carolina
County of Richland

On January 26, 2009, _John B. Melchner_ personally came before me and, being duly sworn, did

state that he/she is the Assistant Secretary of the corporation described in the above document; that he/she

acknowledged the execution of the above document in my presence on behalf of this corporation; and that he/she

had full authority to do so.

_Mu Watson_

Notary Public for the County of Richland
State of South Carolina
My Commission expires: 8/3/2010

# RECORDER'S PAGE

*NOTE*: This page MUST remain
with the original document



RMC BK 0032 Pg 991 : pg 3 *

**Filed By:**

KORN LAW FIRM

PO BOX 12369
COLUMBIA SC 29211-2369

| RECORDED | | |
|---|---|---|
| Date: | February 3, 2009 | |
| Time: | 9:35:43 AM | |
| **Book** | **Page** | **DocType** |
| 0032 | 991 | Asgt |

Charlie Lybrand, Register
Charleston County, SC

**MAKER:**

COUNTRYWIDE HOME LNS

**RECIPIENT:**

COUNTRYWIDE HOME LNS SERV

Original Book: **W535**    Original Page: **645**

| | |
|---|---|
| # of Pages: | 3 |
| # of Sats: | |
| # of References: | |

Note:

| | | |
|---|---|---|
| Recording Fee | $ | 6.00 |
| Extra Reference Cost | $ | - |
| Extra Pages | $ | - |
| Postage | $ | - |
| Chattel | $ | - |
| **TOTAL** | $ | 6.00 |

| DRAWER | Drawer 2 |
|---|---|
| CLERK | BOZ |




0032
Book


991
Page


02/03/2009
Recorded Date


3
# Pgs


W535
Original Book

645
Original Page


M
Doc Type


09:35:43
Recorded Time

F10- 6774

Recording Requested By:
**Bank of America**
When recorded mail to:
**CoreLogic**
**Mail Stop: ASGN**
**1 CoreLogic Drive**
**Westlake, TX 76262-9823**

DocID# 2029315794811867

Tax ID: 352-13-00-218

Property Address:
**1752 ORANGE GROVE SHORES**
**DRIVE**
**CHARLESTONE, SC 29407**
SCO-AM 23499894 6/17/2013 GTO531A

# PGS:
2

BP0359558

This space for Recorder's use

## ASSIGNMENT OF MORTGAGE

For Value Received, the undersigned holder of a Mortgage (herein "Assignor") whose address is **1800 TAPO CANYON ROAD, SIMI VALLEY, CA 93063** does hereby grant, sell, assign, transfer and convey unto **GREEN TREE SERVICING LLC** whose address is **7360 S. KYRENE ROAD, TEMPE, AZ 85283** all beneficial interest under that certain Mortgage described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Mortgage.

Original Lender: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GATEWAY FUNDING DIVERSIFIED MORTGAGE SERVICES L.P.

Original Borrower(s): KEVIN G. SNYDER AND MARY S. SNYDER, HUSBAND AND WIFE

Date of Mortgage: 4/21/2005

Original Loan Amount: $135,000.00

Recorded in Charleston County, SC on: 5/6/2005, book W535, page 645 and instrument number N/A

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Mortgage to be executed on
Dated: _06/17/2013_

COUNTRYWIDE HOME LOANS, INC.

By: _Manuel D. Elzon_
Manuel D. Elizondo
Assistant Vice President

_Willie C. Shaw_
Witness: Willie C. Shaw

_K. L Zheng_
Witness: Kai L. Zheng

State of TX, County of DALLAS

On _6-17-13_, before me, ROCHELLE A. MARTIN a Notary Public, personally
appeared Manuel D. Elizondo Assistant Vice President of
**COUNTRYWIDE HOME LOANS, INC.** personally known to me to be the person(s) whose name(s) is/are
subscribed to the within document and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the document the person(s) or the entity upon
behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_Rochelle A Martin_
Notary Public: ROCHELLE A. MARTIN
My Commission Expires: 7-18-16

ROCHELLE A. MARTIN
Notary Public, State of Texas
My Commission Expires
07/18/2016

**EXHIBIT**
C

425

# RECORDER'S PAGE

*NOTE:* This page MUST remain with the original document



## Filed By:

KORN LAW FIRM

PO BOX 12369
COLUMBIA SC 29211-2369

## MAKER:
COUNTRYWIDE HOME ETC

## RECIPIENT:
GREEN TREE SERV LLC

| Original Book: | Original Page: |
|---|---|
| W535 | 645 |



## RECORDED

| Date: | September 9, 2013 |
|---|---|
| Time: | 3:31:45 PM |

| Book | Page | DocType |
|---|---|---|
| 0359 | 558 | Asgt |

**Charlie Lybrand, Register**
**Charleston County, SC**

| | | # of Pages: | 2 |
|---|---|---|---|
| # of Sats: | | # of References: | |

Note:

| Recording Fee | $ | 6.00 |
|---|---|---|
| Extra Reference Cost | $ | . |
| Extra Pages | $ | . |
| Postage | $ | . |
| Chattel | $ | . |
| **TOTAL** | **$** | **6.00** |

| DRAWER | Drawer 1 |
|---|---|
| CLERK | KLH |


**0359**
Book


**558**
Page


**09/09/2013**
Recorded Date

2
# Pgs


**W535**
Original Book


**645**
Original Page


**M**
Doc Type


**15:31:45**
Recorded Time

843-958-4800   101 MEETING STREET   CHARLESTON, SC 29401   www.charlestoncounty.org

# Charleston County, South Carolina

generated on 3/8/2019 12:11:24 PM EST

| Property ID (PIN) | Alternate ID (AIN) | Parcel Address | Data refreshed as of | Assess Year | Pay Year |
|---|---|---|---|---|---|
| 3521300218 | | 1752 ORANGE GROVE SHORES DR, CHARLESTON | 2/26/2019 | 2018 | 2018 |

## Current Parcel Information

| | | | |
|---|---|---|---|
| Owner | SNYDER KEVIN G SNYDER MARY S | Property Class Code | 101 - RESID-SFR |
| Owner Address | 1714 ASHLEY HALL RD CHARLESTON SC 29407 | Acreage | .0000 |
| Legal Description | Subdivision Name -ORANGE GROVE SHORES Description -LOT 22 PlatSuffix BT-14 PolTwp 007 | | |

## Historic Information

| Tax Year | Land | Improvements | Market | Taxes | Payment |
|---|---|---|---|---|---|
| 2018 | $35,000 | $117,600 | $152,600 | $2,530.49 | $2,530.49 |
| 2017 | $35,000 | $117,600 | $152,600 | $2,474.00 | $2,474.00 |
| 2016 | $35,000 | $117,600 | $152,600 | $2,395.54 | $2,395.54 |
| 2015 | $35,000 | $117,600 | $152,600 | $856.15 | $856.15 |

## Sales Disclosure

| Grantor | Book & Page | Date | Deed | Vacant | Sale Price |
|---|---|---|---|---|---|
| ROOKE COMPANY INCORPORATED HA | X183 681 | 4/29/1989 | Ge | | $71,260 |
| | X183 525 | 4/28/1989 | Ge | | $71,260 |
| | X183 525 | 4/28/1989 | Ge | | $71,260 |

## Improvements

| Building | Type | Use Code Description | Constructed Year | Stories | Bedrooms | Finished Sq. Ft. | Improvement Size |
|---|---|---|---|---|---|---|---|
| R01 | DWELL | Dwelling | 1989 | 1.0 | 03 | 1,338 | |
| R01 | ATTGAR | Attached Garage | 0000 | 0 | 0 | | 196 |

**EXHIBIT**

D


Public View    Landlord View



⬇ Street View



## 1752 Orange Grove Shores Dr
**Charleston, SC 29407**

3 beds · 2 baths · 1,338 sqft

---

### Is this your rental?

Get a monthly local market report with comparable rentals in your area.

● I own and manage this rental

○ I manage this rental for the owner

Enter email

**Subscribe**

Claim this home as your residence

---

1752 Orange Grove Shores Dr, Charleston, SC is a single family home that contains 1,338 sq ft and was built in 1989. It contains 3 bedrooms and 2 bathrooms. This home last sold for $71,260 in April 1989.

The Zestimate for this house is $249,883, which has decreased by $5,883 in the last 30 days. The Rent Zestimate for this home is $1,650/mo, which has increased by $50/mo in the last 30 days.

Facts and Features

⊘ OFF MARKET
Zestimate<sup>®</sup>:
**$249,883**
Rent Zestimate<sup>®</sup>: $1,650 /mo

EST. REFI PAYMENT
**$998/mo** 

$ See current rates

---

## Home Shoppers are Waiting


129 shoppers are looking in your neighborhood and price range.

👤 Your name

📞 Phone

✉ Email

I own this home and would like to ask an agent about selling 1752 Orange Grove Shores Dr.

**Contact Agent**

Or call 843-375-6010 for more info

### Nearby Similar Sales

**SOLD: $250,507**
Sold on 09/16/18
3 bds, 2 ba, 1,143 sqft
1513 Joan St, Charleston, SC 29407

**SOLD: $255,000**
Sold on 05/21/18
3 bds, 2 ba, 1,305 sqft
1513 Birthright St, Charleston, SC 29407

EXHIBIT
E



## Facts and Features

♡ SAVE   ⊠ SHARE   MORE ·

| | | |
|---|---|---|
| **Type**<br>Single Family | **Year Built**<br>1989 | **Heating**<br>Heat pump |
| **Cooling**<br>No Data | **Parking**<br>Attached Garage | **Lot**<br>4,792 sqft |

**INTERIOR FEATURES**

**Bedrooms**
Beds: 3

**Flooring**
Floor size: 1,338 sqft

**Heating and Cooling**
Heating: Heat pump

**SPACES AND AMENITIES**

**Size**

3 bds, 2 ba, 1,308 sqft
1513 Birthright St, Charleston, SC 29407

**SOLD: $240,000**
Sold on 12/20/18
3 bds, 2 ba, 1,426 sqft
1450 Joy Ave, Charleston, SC 29407

**SOLD: $250,000**
Sold on 05/29/18
3 bds, 1.5 ba, 1,284 sqft
1510 Downing St, Charleston, SC 29407

**SOLD: $280,000**
Sold on 05/15/18
3 bds, 2 ba, 1,470 sqft
1449 Joy Ave, Charleston, SC 29407

See sales similar to 1752 Orange Grove Shores
Dr

See More Facts and Features ⌄

# Home Value

Zestimate ⚙

## $249,883







| ZESTIMATE RANGE ⚙ | LAST 30 DAY CHANGE | ONE YEAR FORECAST ⚙ |
|---|---|---|
| $230,000 - $262,000 | -$5,883 (-2.3%) | $256,905 (+2.8%) |

## Inside the Zestimate

The Zestimate is Zillow's best estimate of a home's value. It is based on a blend of valuation methods, each of which may produce a different estimate depending on the available data.

**ESTIMATE BASED ON**

Comparable homes                    $244,031 ∧

 **LIST FOR RENT** ♡ SAVE ✉ SHARE MORE ·

**Comparable homes** $244,031 ︿

This estimate looks at for-sale or recently sold homes with similar features to this home, like its location, square footage and beds/baths. We then adjust the price of each comparable home based on its "similarity score" and local appreciation rate and use that set of adjusted values to calculate this estimate. What affects the accuracy of this estimate?

**Top comparables in this estimate**                                    **$/sqft**


  Sold
**$280,000**                                                              $190
**3 bds • 2 ba • 1,470 sqft**
1449 Joy Ave


  Pending
**$169,900**                                                              $164
**2 bds • 1 ba • 1,033 sqft**
1725 River Front Dr


  Sold
**$290,000**                                                              $190
**4 bds • 2 ba • 1,525 sqft**
1487 Village Rd


  For Sale
**$285,000**                                                              $187
**4 bds • 2 ba • 1,525 sqft**
1486 Village Rd


  Sold
**$205,000**                                                              $127
**3 bds • 2 ba • 1,620 sqft**
1441 Village Rd


  Sold
**$185,000**                                                              $134
**3 bds • 1 ba • 1,380 sqft**
1748 Jersey Ave


LIST FOR RENT    ♡ SAVE    ⇄ SHARE    MORE ⌄
1748 Jervey Ave


**◔ Pending**
# $250,000                                          $154
3 bds • 2 ba • 1,625 sqft
1751 Jervey Ave


Sold
# $240,000                                          $168
3 bds • 2 ba • 1,426 sqft
1450 Joy Ave


Sold
# $250,507                                          $219
3 bds • 2 ba • 1,143 sqft
1513 Joan St


**◔ For Sale**
# $199,900                                          $145
3 bds • 1 ba • 1,377 sqft
1402 Joy Ave

---

**Local tax assessments**                    $199,422  ⌃

This estimate looks at the regional average amount that homes sell for above or below
their tax assessed value. We then use that number to determine the value of this home,
based on its latest tax assessment. What affects the accuracy of this estimate?

**How it's calculated:**

| $152,231 | + | 31.0% | = | $199,422 |
|---|---|---|---|---|
| 2017 tax-assessed value | | average amount homes are selling for above their 2017 tax-assessed value | | tax-based estimate |

**Top sales in this estimate**                Sale-to-tax ❷

☰⸱⸱    ⸻⸱⸱⸱    Sold


**Top sales in this estimate**   Sale-to-tax ⊕



Sold
## $280,000
**3 bds · 2 ba · 1,470 sqft**
Tax Assessment: $168,600
1449 Joy Ave

166.07%



Sold
## $290,000
**4 bds · 2 ba · 1,525 sqft** ·
Tax Assessment: $168,100
1487 Village Rd

172.52%



Sold
## $185,000
**3 bds · 1 ba · 1,380 sqft**
Tax Assessment: $161,100
1748 Jervey Ave

114.84%



Sold
## $240,000
**3 bds · 2 ba · 1,426 sqft**
Tax Assessment: $195,000
1450 Joy Ave

123.08%



Sold
## $250,507
**3 bds · 2 ba · 1,143 sqft**
Tax Assessment: $140,000
1513 Joan St

178.93%



⊕Pre-Foreclosure
## $142,554
**3 bds · 1.5 ba · 1,132 sqft**
Tax Assessment: $117,700
1549 N Avalon Cir

152.93%



⊘ Off Market
## $271,336
**3 bds · 2.5 ba · 1,700 sqft**
Tax Assessment: $158,900

64.82%

 **LIST FOR RENT** ♡ SAVE ⊠ SHARE MORE ˅



**⊕Pre-Foreclosure**
## $167,056
**4 bds • 2 ba • 1,380 sqft**
Tax Assessment: $153,000
2160 Catterton Dr

137.25%



Sold
## $335,000
**3 bds • 2 ba • 1,629 sqft**
Tax Assessment: $182,000
1445 River Front Dr

184.07%

Local Home Values ˅

1 year  5 years  10 years



— This home  --
–·– 29407  --
----- Charleston  --

Forecast

• RENTAL ZESTIMATE 🄯 : $1,650/mo

Close ^

# Price / Tax History                    ^

Price History    Tax History

| DATE | EVENT | PRICE | $/SQFT | SOURCE |
|------|-------|-------|--------|--------|
| 4/28/1989 | Sold | $71,260 | -- $53 | Public Record |

ELECTRONICALLY FILED - 2020 Jan 02 3:45 PM - CHARLESTON - COMMON PLEAS - CASE#2010CP1007838

STATE OF SOUTH CAROLINA

COUNTY OF CHARLESTON

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL CIRCUIT
CASE NO.: 2010-CP-10-07838

Ditech Financial LLC,

        Plaintiff,

v.

Kevin G. Snyder, individually and as Personal
Representative of the Estate of Mary Snyder,

        Defendants.

---

## STIPULATION OF DISMISSAL WITH PREJUDICE AS TO COUNTERCLAIMS FOR BREACH OF CONTRACT, UNFAIR TRADE PRACTICES, AND CIVIL COMPENSATORY CONTEMPT SEEKING MONETARY DAMAGES

Plaintiff, Ditech Financial LLC ("Plaintiff") and Defendant Kevin G. Snyder, individually and as Personal Representative of the Estate of Mary Snyder ("Defendant") pursuant to Rule 41(a)(1) of the South Carolina Rules of Civil Procedure, stipulate to the following: (a) dismissal, with prejudice, of all of Defendants' claims under the South Carolina Unfair Trade Practices Act, (b) dismissal, with prejudice, of all claims for monetary recovery (including attorneys' fees) for Defendants' claims for breach of contract, and (c) dismissal, with prejudice, for all claims for monetary recovery (including attorneys' fees) for Defendants' claims for civil compensatory contempt.

This stipulation of dismissal is made pursuant to the permanent injunction entered by the United States Bankruptcy Court for the Southern District of New York in the cases indexed at case number 19-10412 (JLG), as more particularly set forth in the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF 1404) approving the terms of the *Third Amended Joint Chapter 11 Plan of Ditech Holding*

*Corporation and Its Affiliated Debtors* (ECF No. 1326) (the "Plan"). The Plan contains a permanent injunction (the "Injunction") that specifically prohibits parties from prosecuting against Plaintiff any claim for monetary recovery (including attorney's fees) on account of any claim arising prior to September 30, 2019 (the Plan Effective Date and closing date for the transactions under the Plan).

This stipulation is made without prejudice to, and specifically preserving, Defendant's claim in the pending bankruptcy (Number 0000020042, amended by Number 0000020043) and Defendant's appeal of non-monetary claims that are pending before the South Carolina Court of Appeals (Number 2019-000575).

WE SO STIPULATE:

**BRADLEY ARANT BOULT CUMMINGS LLP**          **GARRETT LAW OFFICES, LLC**

/s/ Jonathan E. Schulz                    /s/ Jason Scott Luck
Jonathan E. Schulz (SC Bar No. 79850)     Jason Scott Luck
214 North Tryon Street, Suite 3700        1075 E. Montague Ave.
Charlotte, NC 28202                       North Charleston, SC 29405
(704) 338-6000 (phone)                    (843) 554-5515 (phone)
(704) 332-8858 (fax)                      (843) 747-3198 (fax)
jschulz@bradley.com                       jluck@garrettlawsc.com

*Attorney for Ditech Financial LLC*       *Attorney for Kevin G. Snyder, individually and
                                          as Personal Representative of the Estate of
                                          Mary Snyder*

ELECTRONICALLY FILED - 2020 Jan 02 3:45 PM - CHARLESTON - COMMON PLEAS - CASE#2010CP1007838

 **Shellpoint**
Mortgage Servicing

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063

9-811-11698-0008652-001-1-000-010-000-000

 KEVIN G SNYDER
1075 E MONTAGUE AVE
NORTH CHARLESTON SC 29405-4825

# MORTGAGE STATEMENT
Statement Date: 09/18/2020

| | |
|---|---|
| Account Number | |
| Next Due Date | **10/01/2020** |
| Reinstatement Amount | **$202,837.81** |

Phone:   800-365-7107
Website:   www.shellpointmtg.com

## Explanation of Amount Due

| | |
|---|---|
| **Accelerated Amount** | **$304,467.23** |

The loan is in default for failure to pay amounts due, and the sums evidenced by the Note and security instruments are now due and payable in full. As of this date of this letter, this is the amount that is now due in full. Please note that this is not a payoff statement and the amounts due may change due to outstanding or unrealized costs or fees. Contact Shellpoint Mortgage Servicing for a payoff due or reinstatement amount.

| | |
|---|---|
| **Reinstatement Amount** | **$202,837.81** |

As of the date of this letter, Shellpoint Mortgage Servicing is willing to accept this amount to reinstate your loan. Please note that the amounts due may change due to outstanding or unrealized costs or fees. Contact Shellpoint Mortgage Servicing for an accurate reinstatement amount.

## Account Information

| | |
|---|---|
| Outstanding Principal | $137,020.25 |
| Interest Rate | 7.5000% |
| Prepayment Penalty | None |
| Property Address: | 1752 ORANGE GROVE SHORES |
| | CHARLESTON SC 29407 |
| Contractual Due Date: | September 1, 2008 |
| Current Escrow Balance: | -$46,979.37 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year to Date |
|---|---|---|
| Principal | $0.00 | $0.00 |
| Interest | $0.00 | $0.00 |
| Escrow | $0.00 | $0.00 |
| Fees/Late Charges | $0.00 | $15.00 |
| **Total** | **$0.00** | **$15.00** |

## Transaction Activity (08/18/2020 - 09/17/2020)

| Date | Description | Charges | Payments |
|---|---|---|---|
| 08/18/2020 | Property Inspection Disbursement | $15.00 | $0.00 |
| 08/25/2020 | PMI Disbursement | $22.50 | $0.00 |
| 09/16/2020 | PMI Disbursement | $22.50 | $0.00 |

## Important Messages

*Partial Payments: Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

## Additional Messages

Affected by COVID-19? Assistance may be available. We offer relief options, such as a forbearance - a temporary suspension of payments and payment deferment. Visit our website www.shellpointmtg.com or call us at 866-825-2174 to see if you qualify.

Your Loan is currently on a Loan Modification Trial Period Plan. Your trial period payment is $1,261.79. The payment due on this statement reflects your Contractual payment. You must make all trial payments in the month in which they are due in order to qualify for a Modification. Your next trial payment is due on 09/01/2020. If we do not receive a payment due during the trial period before the end of the month in which it is due, your loan may not be modified. Call Shellpoint at 800-365-7107 with any questions or concerns.

**For questions regarding the servicing of your loan, please contact us at 800-365-7107 Monday-Friday 8:00AM-10:00PM, and Saturday 8:00AM-3:00PM.**

Repayment options may be available to you. Call 800-365-7107 to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

**For information about your payments, total amount due, and any additional payment history, see reverse side.**

## **Delinquency Notice**

You are late on your loan payments and the foreclosure process has been initiated. Failure to bring your loan current may result in fees and foreclosure – the loss of your home. As of 09/18/2020, you are 4,400 days delinquent on your mortgage loan.

**Recent Account History**
o Payment due 04/01/20:   unpaid balance of $194,419.87
o Payment due 05/01/20:   unpaid balance of $1,402.99
o Payment due 06/01/20:   unpaid balance of $1,402.99
o Payment due 07/01/20:   unpaid balance of $1,402.99
o Payment due 08/01/20:   unpaid balance of $1,402.99
o Payment due 09/01/20:   unpaid balance of $1,402.99
o Payment due 10/01/20:   current payment due

o Total: $202,837.81 due.  You must pay this amount to bring your loan current.

If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.

---

Detach and return with payment.

 **Shellpoint**
Mortgage Servicing

Loan Number:   ▮▮▮▮▮▮
KEVIN G SNYDER

Property Address:
1752 ORANGE GROVE SHORES
CHARLESTON SC 29407

SHELLPOINT MORTGAGE SERVICING
PO BOX 740039
CINCINNATI OH 45274-0039

## Amount Due

| | |
|---|---|
| Payment Due Date | 10/01/2020 |
| Reinstatement Amount | $202,837.81 |
| *$0.00 late fee may be charged after 10/16/2020* | |

Please write clearly inside space provided

| | |
|---|---|
| Payment Amount | $ |
| Additional Principal | $ |
| Late / Other Charges | $ |
| Additional Escrow | $ |
| **Total Amount Enclosed**<br>(Please do not send cash) | $ |

0100054808100000420897001402990014029905793954170100120101 6202

**436**