# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| **In re Ditech Holding Corporation,** *et al.*, <br><br> Debtor. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 19-10412 (JLG) <br> ) <br> ) |

## DECLARATION OF ATTORNEY'S FEES AND COSTS

1. My name is Jason Scott Luck. I am over the age of 18 years old and competent to make this declaration.

2. I am the attorney of record for the claimants/creditors Kevin G. Snyder and the Estate of Mary Synder; my office address and contact information can be found beneath my signature.

3. I am a 2000 graduate of the University of North Carolina at Chapel Hill, where I graduated with a B.S. with a double major in mathematical sciences (computer science concentration) and anthropology. I obtained my J.D. from the University of South Carolina in 2005.

4. I was admitted to the South Carolina bar in 2005, the United States Patent and Trademark Office in 2005, and the United States Virgin Islands bar in 2008 (currently inactive).

5. I am also admitted to the United States District Court for the District of South Carolina (2006), the United States Court of Appeals for the Fourth Circuit (2006), the United States Court of Appeals for the Federal Circuit (2006), and the United States Supreme Court (2013).

6. I have personally appeared a considerable number of times before all of South Carolina's courts, from Municipal/Magistrate courts to the South Carolina Supreme Court. I have personally appeared multiple times before South Carolina's Federal District Court and the Fourth Circuit Court of Appeals. I have appeared via pleadings before the United States Supreme Court in two cases.

7. My significant reported decisions include:
    a. *Seay v. Cannon*, 927 F.3d 776 (4th Cir. 2019) *cert. denied*, 589 U.S. __ (2020).
    b. *State v. Perez*, 816 S.E.2d 550 (S.C. 2018).
    c. *Yates v. Terry*, 817 F.3d 877 (4th Cir. 2016).

d. *Ashley II of Charleston, LLC v. PCS Nitrogen, Inc.*, 791 F.Supp.2d 431 (D.S.C. 2011) aff'd 714 F.3d 161 (4th Cir. 2013), *cert. denied*, 134 S. Ct. 514 (U.S. 2013).

e. *Poch v. Bayshore Concrete Prod./South Carolina, Inc.*, 747 S.E.2d 757 (S.C. 2013).

f. *Charleston County Dep't of Soc. Servs. v. Marccuci*, 721 S.E.2d 768 (S.C. 2011).

g. *Too Tacky P'ship v. S.C. Dep't of Health and Envtl Control*, 86 S.E.2d 194 (S.C. Ct.App. 2009) *cert. dismissed as improvidently granted*, Op. No. 27198 (S.C.Sup.Ct. filed Dec. 5, 2012).

8. I have held an AV Preeminent rating from Martindale-Hubbell since 2015.

9. I operate a general practice, but I am frequently sought after for appellate advocacy.

10. My agreed-to hourly rate in this matter is $250/hour, $100/hour for paralegals. This rate has remained unchanged since May 2, 2013, when I was retained by Kevin Snyder and the late Mary Snyder. This hourly rate represents my absolute minimum hourly rate, outside of the rare "friends and family" case where I would charge less. My standard fee agreement requests $300/hour for my time and $175/hour for paralegal time.

11. My best estimate (per my February 28, 2019 affidavit filed with this claim) of my fees and costs from May 2, 2013 to December 31, 2016 is $5,828.51.

12. I have attached itemized statements of attorney's fees and costs in this matter from January 1, 2017 until October 13, 2020 as Exhibits A & B, totaling $35,825.00 in fees and $2,167.51 in costs.

13. I believe I am entitled to the full amount of attorneys' fees and costs as set forth in this document **($43,821.02)** and that these fees and costs are reasonable, especially when the factors of *Jackson v. Speed*, 486 S.E.2d 750 (S.C. 1997) are considered:

    a. <u>(1) the nature, extent, and difficulty of the case</u> – this case has required practice before South Carolina state and appellate courts, a petition for an extraordinary writ, probate practice, and practice before the Southern District of New York Bankruptcy Court. It has been the most procedurally complex foreclosure case of my career – even more so than *Chase Bank USA, N.A. v. Ramsey*, 2010 WL 9520762 (S.C.Ct.Com.Pl. July 6, 2010).

    b. <u>(2) the time necessarily devoted to the case</u> – I have billed well over 140 hours defending the Snyders, which only represents part of the time I have devoted to this

case.

   c. (3) the professional standing of counsel – this is discussed in prior paragraphs.
   d. (4) the contingency of compensation – I am charging an hourly rate, though not all of my invoices have been satisfied to date.
   e. (5) the beneficial results obtained – should the Snyders prevail, they will be vindicated for the over a decade of suffering caused by their loan servicer. Further, based on analogous cases, I believe the requested relief is appropriate. *E.g. In re Weatherford*, 413 B.R. 273 (Bankr. D.S.C. 2009); *In re Houck*, 2020 WL 5941415 (Bankr. W.D.N.C. October 6, 2020).
   f. (6) the customary legal fees for similar services – my $250/hour rate is less than the reasonable rate determined in *Houck*, which was decided in a nearby, similar market. It is also almost half the $480/hour the Fourth Circuit found reasonable in South Carolina in 2016 for nationally-known counsel in a complex civil case. *See Doe v. Kidd*, 656 Fed.Appx. 643 (4th Cir. 2016). While I am not nationally-known, this case was extremely complex (see factor 1).

14. To the extent *Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*, 522 F.3d 182 (2nd Cir. 2008), governs the reasonableness of my fee, it is also reasonable under that decision's factors:
    a. (1) the time and labor required – see *Jackson* factors 1 & 2.
    b. (2) the novelty and difficulty of the questions – see *Jackson* factors 1 & 2.
    c. (3) the skill required to perform the legal service properly – see *Jackson* factors 1 & 2.
    d. (4) the preclusion of employment by the attorney due to acceptance of the case – the complex motion/petition practice, combined with the unfamiliarity of practice before the Southern District of New York Bankruptcy Court, has prevented me from focusing on my other, more profitable cases.
    e. (5) the customary fee – see *Jackson* factors 2, 4, & 6.
    f. (6) whether the fee is fixed or contingent – see *Jackson* factors 2, 4, & 6.
    g. (7) the time limitations imposed by the client or the circumstances – the claims agent, Epiq Corporate Restructuring, LLC, did not properly process my change in address, giving me far less time to respond to the Consumer Claims Trustee's

3

h. (8) the amount involved and the results obtained – see *Jackson* factor 5. Further, the Snyders claim monetary damages in the hundreds of thousands of dollars (see response to objection).

i. (9) the experience, reputation, and ability of the attorneys – this is set forth in earlier paragraphs.

j. (10) the "undesirability" of the case – it is difficult to successfully defend a residential foreclosure in South Carolina (based on my experience representing both plaintiffs and defendants), making such cases undesirable.

k. (11) the nature and length of the professional relationship with the client – I have represented the Kevin G. Snyder since May 3, 2013. I represented Mary Snyder from May 3, 2013 until her untimely death on November 23, 2015, and now I represent her estate in these proceedings.

l. (12) awards in similar cases – see *Jackson* factors 5 & 6.

m. (13) the complexity and difficulty of the case – see *Jackson* factors 1 & 2.

n. (14) the available expertise and capacity of the client's other counsel (if any) – while I had the use of a law clerk for a short period of time, I have exclusively handled this matter for the Snyders.

o. (15) the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics) – though Ditech, and its predecessors, changed counsel several times, the firms opposing me were either specialized foreclosure practices (Korn Law Firm, Brock & Scott) or national law firms (Bradley Arant Boult Cummings). In either circumstance, my opponents had access to considerable resources and staffing, necessitating my additional time in research and drafting.

[remainder of page intentionally blank]

I declare under the penalty of perjury the foregoing is true.

Dated: 10/13/2020

Jason Scott Luck
P.O. Box 47 (107 S. Parsonage St.)
Bennettsville, SC 29512
843.479.6863 (o)
843.479.7222 (f)
jason@luck.law

**EXHIBIT A**

| Date | Description | Time | Fee |
|---|---|---|---|
| 12/20/16 | Preparation of email to Attorney Brabham providing new contact information. | 0.2 | $ 50.00 |
| 12/21/16 | Review and drafting of response to Loss Mitigation package. | 0.7 | $ 175.00 |
| 12/29/16 | Meeting with client to discuss case strategy, probate, and potential medical malpractice action. | 1.0 | $ 250.00 |
| 1/2/17 | Review of all correspondence to date to prepare a timeline of contact with Ditech or Green Tree | 2.3 | $ 575.00 |
| 1/9/17 | Meeting with client to discuss Loss Mitigation package and final preparation of the same. | 1.9 | $ 475.00 |
| 2/2/17 | Telephone conference with Erica at Ditech to discuss pay stubs. | 0.4 | $ 100.00 |
| 3/8/17 | Review of Mary Snyder autopsy file for issues of relevance to foreclosure action | 2.0 | $ 500.00 |
| 3/10/17 | Meeting with attorney Garrett to discuss long-term strategy for case | 1.9 | $ 475.00 |
| 4/10/17 | Review of email from Ditech attorney's paralegal instructing us to send 60 days of pay records | 0.2 | $ 50.00 |
| 4/10/17 | Telephone conference with client to request 60 days of pay records | 0.1 | $ 25.00 |
| 5/15/17 | Review of letter from Ditech discussing Snyder's rejection for modification and setting forth appeal options | 0.3 | $ 75.00 |
| 5/15/17 | Preparation of email to Ditech attorney discussing the estate's interaction with the foreclosure action | 0.1 | $ 25.00 |
| 5/25/17 | Review of denial letter from Ditech | 0.3 | $ 75.00 |
| 5/25/17 | Preparation of appeal letter to Ditech. | 0.7 | $ 175.00 |
| 10/3/17 | Review of Ditech loss mitigation letter | 0.2 | $ 50.00 |
| 10/3/17 | Preparation of letter to Ditech re: loss mitigation | 0.3 | $ 75.00 |
| 10/16/17 | Telephone conference with client to discuss progress in foreclosure | 0.3 | $ 75.00 |
| 1/31/18 | Preparation of timeline of contacts with Green Tree dating from beginning of suit until 2018 | 3.0 | $ 750.00 |
| 2/13/18 | Review of new interrogatories, requests to produce, and requests to admit from Plaintiff to formulate a response. | 0.5 | $ 125.00 |

| Date | Description | Time | Fee |
|---|---|---|---|
| 2/14/18 | Preparation of responses to interrogatories, requests to produce, and requests to admit. | 2.5 | $ 625.00 |
| 2/16/18 | Research into potential new causes of action based on re-review of correspondence and timeline of contacts | 6.0 | $ 1,500.00 |
| 2/17/18 | Further preparation of responses to interrogatories, requests to produce, and requests to admit. | 4.5 | $ 1,125.00 |
| 2/19/18 | Further preparation of responses to interrogatories, requests to produce, and requests to admit. | 4.0 | $ 1,000.00 |
| 2/20/18 | Further preparation of responses to interrogatories, requests to produce, and requests to admit, and particularly exhibit A to the same. | 4.0 | $ 1,000.00 |
| 2/21/18 | Further preparation of timeline of contacts from beginning of litigation | 3.1 | $ 775.00 |
| 3/12/18 | Complete responses to interrogatories, requests to produce, and requests to admit, and particularly exhibit A to the same. | 3.5 | $ 875.00 |
| 3/13/18 | Telephone conference with Plaintiff's attorney to discuss potential settlement of matter. | 0.4 | $ 100.00 |
| 3/15/18 | Meeting with client to discuss litigation progress and potential settlement | 0.4 | $ 100.00 |
| 3/25/18 | Preparation of 2nd interrogatories, 2nd requests to produce, and requests to admit to Green Tree | 2.4 | $ 600.00 |
| 3/26/18 | Further preparation of 2nd interrogatories, 2nd requests to produce, and requests to admit. | 2.0 | $ 500.00 |
| 3/25/18 | Preparation of amended counterclaims | 0.9 | $ 225.00 |
| 3/29/18 | Telephone conference with Plaintiff's attorney to discuss potential settlement of matter. | 0.4 | $ 100.00 |
| 3/30/18 | Preparation of letter to Plaintiff's attorney to set forth potential terms of settlement | 0.7 | $ 175.00 |
| 5/11/18 | Exchange emails with Atty Stork re: extension for discovery response. | 0.3 | $ 75.00 |
| 6/8/18 | Preparation of email to Atty Stork re: timeliness of discovery responses. | 0.1 | $ 25.00 |
| 6/12/18 | Preparation of letter to Atty Griffin re: discovery and possible extension | 0.2 | $ 50.00 |
| 6/13/18 | Telephone conference with Atty Griffin to discuss background of case, discovery, and possible settlement. | 0.5 | $ 125.00 |
| 6/13/18 | Preparation of email to Atty Griffin to provide our current position on liability and settlement demand. | 0.4 | $ 100.00 |
| 6/13/18 | Preparation of letter to client providing an update on litigation matters | 0.3 | $ 75.00 |

| Date | Description | Time | Fee |
|---|---|---|---|
| 7/30/18 | Initial review of Green Tree's responses to our interrogatories and requests to produce, including the 600+ pages of documents produced | 3.1 | $ 775.00 |
| 8/15/18 | Preparation of Rule 11 letter for Green Tree's responses, detailing how the requests are relevant and discoverable | 0.8 | $ 200.00 |
| 8/15/18 | Exchange emails with Ditech counsel regarding a Rule 11 letter. | 0.2 | $ 50.00 |
| 9/1/18 | Review of letter of Ditech counsel discussing our demand for full discovery requests. | 0.5 | $ 125.00 |
| 9/3/18 | Review of letter from Atty Griffin detailing Green Tree / Ditech's position on discovery. | 0.3 | $ 75.00 |
| 10/19/18 | Exchange emails with Ditech counsel to establish status conference date. | 0.2 | $ 50.00 |
| 10/24/18 | Preparation of Requests to Admit tied to the Exhibit A to Defendants' interrogatory responses | 3.0 | $ 750.00 |
| 10/24/18 | Preparation of Third Set of Interrogatories | 0.3 | $ 75.00 |
| 10/24/18 | Preparation of letter to Ditech counsel explaining our intention to make a Rule 37 motion. | 0.4 | $ 100.00 |
| 11/8/18 | Review of master in equity roster to formulate motion strategy if Ditech fails to fully answer discovery. | 0.4 | $ 100.00 |
| 11/29/18 | Review of Green Tree / Ditech's responses to our requests to admit and second interrogatories to determine how to draft the motion to compel | 0.5 | $ 125.00 |
| 11/29/18 | Preparation of motion to compel | 0.6 | $ 150.00 |
| 12/10/18 | Attending status conference before Master-in-Equity (including travel time) | 2.0 | $ 500.00 |
| 12/17/18 | Preparation of Rule 12(d) motion to force the resolution of issues of law | 1.4 | $ 350.00 |
| 12/17/18 | Preparation of email to atty Griffin to discuss his predecessor's reply | 0.1 | $ 25.00 |
| 2/19/19 | Further preparation of Rule 12(d) motion | 0.9 | $ 225.00 |
| 2/19/19 | Preparation of motion for partial summary judgment | 3.5 | $ 875.00 |
| 2/19/19 | Review of Ditech's response to our Rule 11 letter. | 0.5 | $ 125.00 |
| 2/20/19 | Further preparation of Rule 12(d) motion | 0.3 | $ 75.00 |
| 2/20/19 | Further preparation of motion for partial summary judgment | 4.0 | $ 1,000.00 |
| 2/20/19 | Research: contempt powers (AYF) | 0.5 | $ 125.00 |
| 2/26/19 | Review of notice of bankruptcy; preparation of notice of filing to circuit court; telephone conference with Ditech counsel's office | 1.0 | $ 250.00 |

| Date | Description | Time | Fee |
|---|---|---|---|
| 2/27/19 | Preparing proof of claim | 2.4 | $ 600.00 |
| 2/27/19 | Further preparation of proof of claim; overnighting the same to clerk of court | 3.2 | $ 800.00 |
| 3/8/19 | Review of Ditech's motion for summary judgment | 0.9 | $ 225.00 |
| 3/17/19 | Preparation for pretrial hearing / motion hearing | 0.5 | $ 125.00 |
| 3/18/19 | Attending pretrial hearing / motion hearing | 2.2 | $ 550.00 |
| 3/21/19 | Preparation of letter to client providing an update on litigation matters | 0.5 | $ 125.00 |
| 3/22/19 | Review of Ditech's witness and exhibit list | 0.3 | $ 75.00 |
| 3/26/19 | Preparation of witness and exhibit list | 0.5 | $ 125.00 |
| 3/27/19 | Exchange emails with Ditech counsel to discuss settlement, witnesses, and exhibits. | 0.4 | $ 100.00 |
| 3/28/19 | Review of Judge Scarborough's order regarding summary judgment motions | 0.5 | $ 125.00 |
| 3/29/19 | Preparation of notice of appeal, filing said notice with Charleston and Court of Appeals | 0.7 | $ 175.00 |
| 3/29/19 | Exchange emails with Judge Scarborough's clerk and opposing counsel regarding the need for tomorrow's hearing. | 0.4 | $ 100.00 |
| 3/31/19 | Preparation for final hearing | 1.4 | $ 350.00 |
| 3/31/19 | Attending final hearing | 2.5 | $ 625.00 |
| 4/12/19 | Review of proposed final order from Ditech's attorney | 0.5 | $ 125.00 |
| 4/17/19 | Preparation of motion to relax copy requirements and service of same | 0.5 | $ 125.00 |
| 4/17/19 | Correspondence with Ditech counsel regarding motion to relax copy requirements | 0.1 | $ 25.00 |
| 4/29/19 | Preparation of motion for supersedeas | 4.0 | $ 1,000.00 |
| 4/30/19 | Further preparation of motion for supersedeas | 4.0 | $ 1,000.00 |
| 5/1/19 | Final preparation of motion for supersedeas | 4.1 | $ 1,025.00 |
| 5/7/19 | Review of email from Ditech counsel regarding amended notice of bankruptcy. | 0.1 | $ 25.00 |
| 5/9/19 | Review of deficiency letter from SC Court of Appeals | 0.2 | $ 50.00 |
| 5/9/19 | Preparation of memorandum on appealability, per request of CoA | 4.0 | $ 1,000.00 |
| 5/10/19 | Review of amended notice of bankruptcy for its effect on case | 0.4 | $ 100.00 |
| 5/30/19 | Review of Ditech memorandum on appealability | 0.7 | $ 175.00 |
| 5/30/19 | Review of Ditech's response to motion to supersedeas. | 0.5 | $ 125.00 |
| 6/18/19 | Review of bankruptcy court stalking horse bid filings | 0.5 | $ 125.00 |
| 6/26/19 | Preparation of letter to client providing update on litigation efforts. | 0.4 | $ 100.00 |

| Date | Description | Time | Fee |
|---|---|---|---|
| 9/10/19 | Review of notice of hearing for motion for supersedeas | 0.1 | $ 25.00 |
| 9/26/19 | Preparation for motion for supersdeas hearing, primarily focusing on reasonability of bond | 0.9 | $ 225.00 |
| 9/27/19 | Attending motion for supersedeas motion in Charleston, where circuit court judge incorrectly ruled she did not have jurisdiction; visit to master-in-equity's office to discuss hearing motion. | 3.5 | $ 875.00 |
| 9/30/19 | Exchange emails with Judge Scarborough's clerk to discuss deciding motion on briefs and explaining events of 9/27/19 hearing | 0.5 | $ 125.00 |
| 10/12/19 | Review of letter from deputy clerk of court of court of appeals regarding alleged missing pleadings from file. | 0.1 | $ 25.00 |
| 10/12/19 | Preparation of letter to deputy clerk of court of court of appeals explaining where missing pleadings were in file. | 0.4 | $ 100.00 |
| 10/12/19 | Review of email from Atty Schulz discussing Scarborough's order on motion for supersedeas. | 0.1 | $ 25.00 |
| 10/14/19 | Exchange emails with Judge Scarborough's clerk to discuss deciding motion on briefs | 0.5 | $ 125.00 |
| 10/18/19 | Review of email from Judge Scarborough's law clerk explaining the master-in-equity has signed a form 4 order granting the motion for supersedeas. | 0.1 | $ 25.00 |
| 12/17/19 | Review of email from Atty Schulz proposing stipulation of dismissal of non-stayed claims | 0.2 | $ 50.00 |
| 12/18/19 | Exchange emails with Atty Schulz negotiating the preservation of claims on appeal and claims before the bankruptcy court. | 0.5 | $ 125.00 |
| 12/18/19 | Review of order denying review of order denying petition for supersedeas. | 0.1 | $ 25.00 |
| 12/18/19 | Telephone conference with Atty Schulz to discuss sale of property going forward in light of court of appeals order. | 0.4 | $ 100.00 |
| 1/2/20 | Review of emails and proposed stipulation of dismissal that specifically preserved claims on appeal and claims before bankruptcy court, approving the same. | 0.3 | $ 75.00 |
| 3/2/20 | Review of notice of sale of property | 0.3 | $ 75.00 |
| 3/2/20 | Preparation of letter to Atty Scott disputing the need to proceed with sale of property on multiple grounds | 0.5 | $ 125.00 |
| 3/3/20 | Review of email from Atty Corley announcing the sale will be postponed. | 0.1 | $ 25.00 |
| 3/3/20 | Preparation of letter to client explaining sale was postponed. | 0.2 | $ 50.00 |
| 7/16/20 | Preparation of letter to client explaining change in firm, providing election | 0.2 | $ 50.00 |

| Date | Description | Time | Fee |
|---|---|---|---|
| 9/10/20 | Navigating Epiq's clumsy and cumbersome website to request attorney contact information be changed. | 0.8 | $ 200.00 |
| 9/10/20 | Review of email from Epiq claiming attorney contact information was updated. | 0.1 | $ 25.00 |
| 9/20/20 | Happenstance discovery that Consumer Claims Trustee had objected to claim (sent to wrong email, never notified by Epiq) | 0.3 | $ 75.00 |
| 9/20/20 | Review of Consumer Claims Trustee's objection, begin preparation of response. | 3.3 | $ 825.00 |
| 9/21/20 | Further preparation of response to objection and research of S.D.N.Y. -specific legal issues for inclusion. | 3.0 | $ 750.00 |
| 9/21/20 | Preparation of appendix to response. | 1.0 | $ 250.00 |
| 10/5/20 | Further preparation of response to objection, modifying language for approriateness for S.D.N.Y. and adding new research | 2.0 | $ 500.00 |
| 10/5/20 | Further preparation of appendix to response, adding recent filings and correspondence | 0.7 | $ 175.00 |
| 10/6/20 | Further preparation of response to objection, modifying language for approriateness for S.D.N.Y. and adding new research | 3.7 | $ 925.00 |
| 10/6/20 | Preparation of and filing of pro hac vice motion. | 0.5 | $ 125.00 |
| 10/8/20 | Review of email from judge's chambers requesting proposed order in MS Word format. | 0.1 | $ 25.00 |
| 10/8/20 | Preparation of proposed order in MS Word format, providing it to judge. | 0.3 | $ 75.00 |
| 10/8/20 | Further preparation of response to objection, adding new research, argument, and revised citations. | 0.8 | $ 200.00 |
| 10/12/20 | Preparation of attorneys fees affidavit, including research of relevant attorneys' fee law | 2.9 | $ 725.00 |
| 10/13/20 | Final preparation of response to objection, particularly attorneys' fees provisions. | 0.5 | $ 125.00 |
| 10/13/20 | Final preparation of attorneys' fees affidavit. | 0.4 | $ 100.00 |
| | Total attorney's fees | | $ 35,825.00 |

**EXHIBIT B**

| Date | Description | | Cost |
|---|---|---|---|
| 11/29/18 | Filing fee - motion to compel (circuit court) | $ | 25.00 |
| 3/8/19 | Filing fee - motion for summary judgment (circuit court) | $ | 25.00 |
| 4/11/19 | Filing fee - notice of appeal (SC Court of Appeals) | $ | 250.00 |
| 5/2/19 | Filing fee - motion for supersedeas (circuit court) | $ | 25.00 |
| 5/23/19 | transcript fee - motion for summary judgment and final hearing transcripts | $ | 464.10 |
| 10/15/19 | Copy costs and binding costs for briefs at court of appeals | $ | 1,078.41 |
| 10/29/19 | Filing fee - petition for supersedeas (court of appeals) | $ | 50.00 |
| 11/18/19 | Filing fee - petition for rehearing of petition for supersedeas (court of appeals) | $ | 50.00 |
| 10/6/20 | Filing fee - *pro hac vice* application for Bankr. S.D.N.Y. | $ | 200.00 |
| | | | |
| | Total costs | $ | 2,167.51 |