UNITED STATES BANKRUPTCY COURT                    NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

In re:                                              :

                                                    :    Case No. 19-10412 (JLG)
                                                    :    Chapter 11
Ditech Holding Corporation, *et al.*,               :

                                                    :
                                                    :    (Jointly Administered)
                             Debtors.[1]            :

------------------------------------------------------- x

## MEMORANDUM DECISION AND ORDER SUSTAINING THE FORTY-THIRD OMNIBUS OBJECTION (NO BASIS CONSUMER CREDITOR CLAIMS) WITH RESPECT TO CLAIMS OF SONYA DAVIS

**A P P E A R A N C E S :**

JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
By:     Richard Levin, Esq.


Ms. Sonya Davis
*Appearing Pro Se*
926 W. 174th Street
Hazel Crest, IL 60429

---

[1]     The confirmation of the Debtors' Third Amended Plan (as defined below) created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## Introduction[2]

Sonya Davis (the "Claimant") filed five Proofs of Claim (Claim Nos. 155, 874, 1028,

1207 and 2526) in these Chapter 11 Cases against Green Tree Financial Corporation a/k/a Ditech

Financial LLC ("Ditech"), and on behalf of a purported class of plaintiffs (the "Davis Claims").

Four of the Claims (Claim Nos. 155, 874, 1028 and 1207) (the "Davis Unsecured Claims") are

unsecured claims seeking damages in either "undetermined" amounts or in the sum of $700,000.

The fifth claim (Claim No. 2526) (the "Davis Administrative Expense Claim") is styled as "First

Interim Application for Allowance of Compensation and Reimbursement of Expenses by Class

Members Representative," in which the Claimant seeks payment of $3,550 for research and

travel expenses that she has incurred in preparing various filings in these Chapter 11 Cases.

In their Forty-Third Omnibus Claims Objection (the "Objection"),[3] the Plan

Administrator and the Consumer Claims Representative (collectively, the "Estate

Representatives") seek to disallow and expunge the Davis Claims. The Claimant is acting pro se

in this matter.  She responded to the Objection (the "Response")[4] and the Estate Representatives

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third
Amended Plan.

[3]    *See* Forty-Third Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) [ECF No.  1976].
References to "ECF No. __" are to documents filed in the electronic docket in these jointly administered cases under
Case No. 19-10412 (the "Chapter 11 Cases").

[4]    *See* Creditor Davis, et. al,, v. Bank of America N.A., et al. c/o Sonya Davis Response to Forty-Third Omnibus
Claims Objection to Proof of Claim (No Basis Consumer Creditor Claims) and Demand Merits Hearing [ECF No.
2408].

submitted a joint reply to the Response (the "Reply"),[5] together with a Request for Judicial

Notice (the "Request") in support of the Reply.[6]

The Estate Representatives contend that the Court should disallow and expunge the Davis

Claims because they fail to state claims for relief against Ditech. In accordance with the Court's

Claims Procedures Order,[7] the Court conducted a Sufficiency Hearing on the Davis Claims. The

legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a

motion to dismiss for failure to state a claim upon which relief may be granted under Rule

12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[8] *See* Claims Procedures

Order ¶ 3(iv)(a).

As explained below, the Davis Administrative Expense Claim fails to state a claim for

relief against Ditech because, as a matter of law, it does not qualify as an administrative expense

under section 503 of the Bankruptcy Code. As to the Davis Unsecured Claims, it is settled that

under Rule 12(b)(6), dismissal of a claim on *res judicata* grounds is appropriate when the

elements of *res judicata* are apparent on the face of the claim. It is also settled that pro se

claimants are subject to application of the principles of *res judicata* and claim preclusion. In the

Davis Unsecured Claims, the Claimant seeks relief from Ditech that is identical to the relief that

the Claimant and her co-plaintiffs (collectively, the "Illinois Plaintiffs") unsuccessfully sought

---

[5]   *See* Joint Reply of Consumer Representative and Plan Administrator in Support of the Forty-Third Omnibus Objection to Proof of Claim (No Basis Consumer Creditor Claims) with Respect to Claims of Sonya Davis (Claim Nos. 155, 874, 1028, 1207, 2526) [ECF No. 3318].

[6]   *See* Request for Judicial Notice in Support of the Joint Reply of the Consumer Representative and Plan Administrator in Support of the Forty-Third Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) with Respect to Claims of Sonya Davis (155, 874, 1028, 1207, 2526) [ECF No. 3320].

[7]   *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures. [ECF No. 1632].

[8]   Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

against Ditech, and others, (the "Illinois Defendants") in two pre-petition lawsuits brought against the defendants in the United States District Court for the Northern District of Illinois. The Illinois District Court dismissed both lawsuits, the second with prejudice. The Illinois Plaintiffs did not appeal dismissal of the first action. However, they appealed the dismissal of the second action, and the Seventh Circuit Court of Appeals affirmed the Illinois District Court's judgment. The Illinois Plaintiffs filed a petition for a *writ of certiorari* to the United States Supreme Court, which was denied. The order dismissing the second action is final. As explained below, the Davis Unsecured Claims essentially restate the claims/matters at issue in the Illinois District Court litigation. Accordingly, construing the Davis Unsecured Claims in the light most favorable to the pro se Claimant, and drawing all inferences in her favor, it is plain from the face of the Davis Unsecured Claims that application of the doctrine of *res judicata* bars the Claimant from recovery on those claims.

Accordingly, for those reasons, and as discussed below, the Court sustains the Objection and disallows and expunges the Davis Claims.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background[9]

On June 8, 2016, the Illinois Plaintiffs commenced an action in the Illinois District Court

against eighteen mortgage loan originators and loan servicers, including Ditech.[10] In the Third

Amended Complaint filed therein, Plaintiffs asserted six different causes of action under various

legal theories and statutes: the Stored Communications Act ("SCA"); the Gramm-Leach-Bliley

Act; the Fair Credit Reporting Act; the Declaratory Judgment Act ("DJA"); the Real Estate

Settlement Procedures Act ("RESPA"); and for unjust enrichment.[11] In support of those claims,

the Illinois Plaintiffs alleged that Ditech and the other Illinois Defendants improperly

disseminated their private and confidential information, which they allegedly obtained while

servicing the plaintiffs' mortgages.[12] The Illinois Plaintiffs, including the Claimant, abandoned

---

[9]     As discussed below, in applying Rule 12(b)(6) to the Davis Claims, the Court tests the legal sufficiency of the Claims. Accordingly, in resolving the Objection, the Court assumes the truth of the well plead facts in support of the Davis Claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). In support of the Davis Claims and the Objection, both the Claimant and Estate Representatives rely on documents of record in the Illinois District Court litigation including Claimant's appeals. The Estate Representatives request the Court to take judicial notice of certain of those documents. *See Request* at 1-3. It is well settled that in resolving a Rule 12(b)(6) motion, the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964) (where parties had history of litigation in state court, court took "judicial notice of . . . officially reported decisions and refers to them for a better understanding of the complicated factual situation here existing."); *Wingate v. Gives*, 05 Civ. 1872 (LAK), 2016 WL 519634, at *1 (S.D.N.Y. Feb. 5, 2016) (court took judicial notice of facts in reported state court decisions); *Church of Scientology Int'l v. Time Warner, Inc.*, 806 F.Supp. 1157, 1159 n.2 (S.D.N.Y.1992) (court took judicial notice of reported decisions dealing with Scientology organizations). *See also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (stating that on a motion to dismiss for failure to state a claim a court may consider materials extrinsic to the pleadings, if the materials are integral to the complaint or matters subject to judicial notice). The matters at issue in the Davis Unsecured Claims mirror those at issue and finally resolved against the Claimant in the Illinois District Court litigation. The documents cited by the Claimant and Estate Representatives directly bear on the matters at issue in the Objection. Thus, subject to the standards applicable to Rule 12(b)(6) motions, the Court takes judicial notice of the documents that the Claimant and Estate Representatives rely on in support of their respective positions in this matter. As necessary, the Court cites those documents herein.

[10]    *See Glover, et al. v. Bank of Am. Corp., et al.*, Case No. 1:16-cv-05993 (N.D. Ill. June 8, 2016) ("*Davis I*").

[11]    *See Davis I*, Docket No. 189, Third Amended Complaint (the "Third Amended Complaint").

[12]    *See id.*, Docket No. 213, Order at 2 ("*Davis I* Dismissal Order").

the claims under SCA, RESPA, and DJA. On September 25, 2017, the Illinois District Court

granted the defendants' motion to dismiss the remaining claims in the Third Amended Complaint

on the grounds that the Illinois Plaintiffs failed to state claims upon which relief could be

granted.[13] The Illinois District Court entered a judgment in favor of defendants. No party

appealed the *Davis I* Dismissal Order, although the Claimant filed a motion for reconsideration

which the Illinois District Court denied after a hearing.[14] Thereafter, the case was closed.

On October 25, 2017, the Claimant and most of the other Illinois Plaintiffs in *Davis I*

sued most of Illinois Defendants (including Ditech) in the Illinois District Court in *Davis II*.[15] On

November 20, 2017, Ditech was served with the *Davis II* complaint.[16] On December 5, 2017,

before the time could expire for Ditech to file an answer as set forth in the Federal Rules of Civil

Procedure, the Illinois District Court conducted a status conference in *Davis II*. At that

conference, the Claimant conceded that the relief sought in the *Davis II* complaint was similar to

the relief sought by the Illinois Plaintiffs in the *Davis I* complaint, and that *Davis II* was based on

the original facts in *Davis I*.[17] After hearing from the parties and admonishing the plaintiffs for

"filing the same thing over and over again,"[18] the Illinois District Court *sua sponte* dismissed the

*Davis II* complaint, with prejudice.[19]

---

[13]  *Id.* at 4-6.

[14]  *Davis I*, Docket No. 219, Minute Entry.

[15]  *See Davis, et al. v. Bank of Am. Corp., et al.,* Case No. 1:17-cv-07714 (N.D. Ill. Oct. 25, 2017) ("*Davis II*").

[16]  *See id.,* Docket No. 73, Return of Service.

[17]  *See id.,* Docket No. 83, Transcript of Proceeding from Hearing held December 5, 2017, at 7:23-8:4 ("*Davis II* Tr.").

[18]  *Id.* at 12:11-12.

[19]  *Id.* at 28:2-12; *see also Davis II,* Docket No. 69, Judgment.

5

On December 27, 2017, Claimant, acting pro se filed a Notice of Appeal on behalf of herself and the Illinois Plaintiffs party to *Davis II*.[20] On June 25, 2018, the Seventh Circuit Court of Appeals dismissed the case holding that Claimant, a non-lawyer, could not litigate on behalf of the Illinois Plaintiffs in federal court.[21] As to Claimant's own appeal, the circuit court found that the "appellate submissions do not contain any coherent argument for our review."[22] On July 17, 2018, the circuit denied the Claimant's motion for rehearing on *Davis III*.[23] On August 8, 2018, Claimant and eighteen of her co-plaintiffs again appealed the *Davis III* dismissal.[24] On March 5, 2019, the Seventh Circuit dismissed the appeal as untimely.[25] On March 14, 2019, the Seventh Circuit denied a subsequent motion for rehearing.[26] On June 10, 2019, the Claimant and others filed a petition for *writ of certiorari* at the United States Supreme Court.[27] On November 18, 2019, *certiorari* was denied.[28] On January 13, 2020, a subsequent motion for rehearing on the denial was also denied.[29]

---

[20] *See Davis v. Bank of America Corp., et al.,* No 17-3656 (7th Cir. 2017) ("*Davis III*").

[21] *Davis v. Bank of Am. Corp.*, 727 F. App'x 880, 881 (7th Cir. 2018).

[22] *See id.* at 881.

[23] *Davis v. Bank of Am. Corp.*, No. 17-3656, 2018 U.S. App. LEXIS 19798, at *2 (7th Cir. July 17, 2018).

[24] *Steven Davis v. Bank of Am. Corp., et al.,* Case No. 18-2702, Docket No. 1 (7th Cir. Aug. 8, 2018) ("*Davis IV*").

[25] *See id.* at Docket No. 35.

[26] *Id.* at Docket No. 39.

[27] *See Steven E. Davis, et al., Petitioners v. Bank of America Corporation, et al.*, Case No. 19-332 ("*Davis V*").

[28] *Id.*

[29] *Id.*

**Debtors Bankruptcy Cases**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment

Management Corp.) and certain of its affiliates ("Debtors") filed petitions for relief under

Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The

Debtors remained in possession of their business and assets as debtors and debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court

entered an order fixing April 1, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for

each person or entity, not including governmental units (as defined in section 101(27) of the

Bankruptcy Code) to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[30]

Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, and

ultimately to June 3, 2019 at 5:00 p.m. (prevailing Eastern Time).[31]

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[32] and on

September 30, 2019, that plan became effective.[33] The Plan Administrator is a fiduciary

appointed under the Third Amended Plan who is charged with the duty of winding down,

dissolving and liquidating the Wind Down Estates.[34] The Consumer Claims Representative is a

fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and

---

[30]   *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 90].

[31]   *See* Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers *Nunc Pro Tunc* [ECF No. 496].

[32]   *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[33]   Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

[34]   *See* Third Amended Plan, Art. I, ¶¶ 1.130, 1.184, 1.186.

resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed

Consumer Creditor Claims in accordance with the Third Amended Plan.[35]

Pursuant to the Confirmation Order, the Court set the deadline for asserting

Administrative Expense Claims to thirty-five (35) days from the date of service of the

Confirmation Order. Under the Third Amended Plan, the Plan Administrator, on behalf of each

of the Wind Down Estates, is authorized to object to all Administrative Expense Claims, Priority

Tax Claims, Priority Non-Tax Claims, and Intercompany Claims; and the Consumer Claims

Representative has the exclusive authority to object to all Consumer Creditor Claims. *See* Third

Amended Plan, Art. VII, § 7.1.

**The Proofs of Claims**

The Claimant timely filed the Davis Claims. In short, the substance of those claims is as

follows:

> Claims Nos. 155 and 874 are general unsecured claims filed on March 11, 2019
> and April 8, 2019, respectively, by Claimant as the "representative" of the Illinois
> Plaintiffs. Both claims state the basis of the claim as "civil matter" and neither
> claim quantifies the amount of the claim. Claim No. 155 attaches a motion for
> summary judgment filed by the Claimant in the Seventh Circuit related to the
> *Davis IV* set of appeals. Claim No. 874 did not attach any supporting
> documentation.
>
> Claims Nos. 1028 and 1207 are general unsecured claims filed on April 17, 2019
> and April 23, 2019, respectively, by Claimant as the "representative" of the
> Illinois Plaintiffs. Both claims state that the basis of the claim as "civil matter"
> and both claims quantify the amount of the claim at $700,000. The Claimant did
> not attach supporting documentation to either claim.
>
> Claim No. 2526 is an administrative expense claim filed on October 21,
> 2019, by Claimant as the "pro se representative" for the class. This claim, in the
> amount of $3,550, seeks reimbursement for "traveling and preparation expenses"
> related to the above four proofs of claim. This amount consists of $1,800 as
> compensation for 72 hours of researching and preparing motions, as well as
> $1,750 in traveling expenses (including airfare, hotels, taxi fares, and meals)
> apparently related to the proofs of claim.

---

[35]    *Id.,* Art. I, ¶ 1.41.

**Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that order, the Estate Representatives are authorized to file Omnibus Objections seeking reduction, reclassification, or disallowance of Claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶ 2(i)(a)-(h). A properly filed and served response to an Objection gives rise to a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Estate Representatives have the option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a),(b). A "Merits Hearing" is an evidentiary hearing on the merits of a Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. The legal standard of review that will be applied by the Court at a Sufficiency Hearing is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* ¶ 3(iv)(a).

**The Objection**

In the Objection, the Estate Representatives challenge the sufficiency of the Davis Claims and contend that they fail to state claims for relief, and, accordingly, by application of Rule 12(b)(6), the Court must disallow and expunge those claims. They assert that the Davis Administrative Expense Claim fails to state a claim for relief against Ditech because, as a matter of law, it does not qualify as an administrative expense under section 503 of the Bankruptcy Code. The Estate Representatives contend that the Court must disallow and expunge the Davis Unsecured Claims because they are barred by application of the doctrine of *res judicata* because on the face of those claims, it is clear that they are merely a rehash of the claims dismissed with

prejudice by the Illinois District Court in *Davis I* and *Davis II*, and finally disallowed by the

Seventh Circuit Court of Appeals in *Davis III* and *Davis IV* and the Supreme Court in *Davis V.*

In her Response, the Claimant does not address the Estate Representative's objection to

the Davis Administrative Expense Claim. She contends that the Davis Unsecured Claims are

valid and that Ditech defaulted under the Federal Rules of Civil Procedure when it failed to

respond to the complaint filed in *Davis II* and instead commenced its bankruptcy case. *See*

Response at 2. She also asserts that she was directed by the Court to file the Davis Claims and

having done so, the Estate Representatives now seek to deprive her and her constituents of their

due process merely because they are pro se parties. *Id.* at 3. Finally, she states that the Davis

Unsecured Claims constitute prima facie evidence of the validity and amount of the claim and

asserts that she has provided sufficient evidence to support the Davis Unsecured Claims. *Id.* at 3.

The Court considers those matters below.

### Applicable Legal Standards

Under section 502(a) of the Bankruptcy Code, "a claim ... proof of which is filed under

section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. §

502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and

amount of a claim." Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's

essential allegations is asserted, the claimant has the burden to demonstrate the validity of the

claim. *See, e.g., Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ.

3248(KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation

Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12,

2012); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J.

Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010).

Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11

U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.,* 549

U.S. 443, 449 (2007) ("But even where a party in interest objects [to a claim], the court 'shall

allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions

enumerated in § 502(b)").

In filing the Objection to the Davis Claims, the Estate Representatives initiated a

contested matter.  *See* Fed. R. Bankr. P. 3007 advisory committee's note ("[t]he contested matter

initiated by an objection to a claim is governed by Rule 9014."). *See also In re Tender Loving*

*Care Health Servs., Inc.*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an

objection to a claim, the objection has initiated a contested matter.") Bankruptcy Rule 9014

governs contested matters. The rule does not explicitly provide for the application of Rule

7012.[36] However, Bankruptcy Rule 9014 provides that a bankruptcy court "may at any stage in a

particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R.

Bankr. P. 9014. The Court did so here. Under the Claims Procedures Order, the legal standard of

review the Court applies at a Sufficiency Hearing is equivalent to the standard applied by the

Court under Rule 12(b)(6) on a motion to dismiss for failure to state a claim upon which relief

could be granted. *See* Claims Procedure Order ¶ 3(iv)(a).  *See also In re 20/20 Sport, Inc.*, 200

B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally

analogized a creditor's claim to a civil complaint [and] a trustee's objection to an answer. . . ").

In applying Rule 12(b)(6) to the Davis Claims, the Court assesses the sufficiency of the

facts alleged in support of the claims in light of the pleading requirements under Rule 8(a) of the

---

[36]    As noted, Bankruptcy Rule 7012 incorporates Rule 12.

Federal Rules of Civil Procedure.[37]  Rule 8(a)(2) states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To meet that standard, the Davis Claims "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*") (citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule 12(b)(6), the "pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). In considering whether that standard is met for a particular claim, the court must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F.Supp.2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted). Where, as here, the Claimant is proceeding pro se, the Court will liberally construe the Davis Claims, although those claims must nonetheless be supported by specific and detailed factual

---

[37]    Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005)).

*Res judicata* and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.,* 607 F.3d 905, 919 (2d Cir.2010). The doctrine of *res judicata* is applicable to motions under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the pleadings." *Murry v. Gen. Servs. Admin.,* 553 Fed. Appx. 362, 364 (5th Cir.2014) (citation omitted). *See also Freeman v. Sikorsky Aircraft Corp.*, 151 Fed. App'x 91, 92 (2d Cir. 2005) (noting that the affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion "when all of the relevant facts are shown by the court's own records." (quoting *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992)).

## Discussion

**The Davis Unsecured Claims**

In the *Davis I* and *Davis II* complaints, the Claimant and Illinois Plaintiffs asserted that Ditech and the Illinois Defendants violated various federal statutes when they disseminated their customers' private information that they obtained in their capacity as servicers of their loans.[38] The Illinois District Court rejected those contentions. In dismissing the *Davis I* Third Amended Complaint, pursuant to Rule 12(b)(6), it found that the complaint contained "page after page of

---

[38]   *See* Third Amended Complaint at ¶¶ 1-3; *see also Davis II*, Docket No. 1, Complaint at ¶1; Reply ¶¶ 1, 4, 5.

generalized recriminations, but no allegations tethered to any Plaintiff [or] Defendant."[39] In *sua sponte* dismissing the *Davis II* complaint, with prejudice, pursuant to Rule 12(b)(6), the court admonished the plaintiffs for "filing the same thing over and over again,"[40] after the Claimant conceded that the relief she sought in the *Davis II* complaint, was similar to the relief sought by the Illinois Plaintiffs in the *Davis I* complaint, and that *Davis II* was based on the original facts in *Davis I*.[41] The Seventh Circuit Court of Appeals affirmed the district court's dismissal of all claims against Ditech under Rule 12(b)(6) in *Davis II,* finding the claims insufficient as a matter of law.[42]  The Supreme Court denied Claimant's petition for a *writ of certiorari* in *Davis V*.[43]

Federal law determines the preclusive effect of a federal judgment. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 n.1 (2d Cir. 1983). *Res judicata* "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir.2007) (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir.1985)). The Court considers whether the doctrine of *res judicata* is applicable to this case.

Although the Court construes the Davis Unsecured Claims liberally, the pro se Claimant is not exempt from the rules of *res judicata. See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of self-representation does not exempt a party from compliance with

---

[39]    *See Davis I* Dismissal Order at 2.

[40]    *See Davis II* Tr. at 12:11-12.

[41]    *Id.* at 7:23-8:4.

[42]    *See Davis v. Bank of Am. Corp., et al.*, 727 F. App'x 880, 881 (7th Cir. 2018); *Davis IV*, Docket No. 35.

[43]    *See Davis V,* Docket at 1.

relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge
and understanding of the risks involved acquires no greater rights than a litigant represented by a
lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced
right.") (internal citations omitted). *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)
("Petitioner [appearing pro se] is not, however, excused 'from compliance with relevant rules of
procedural and substantive law.'").

Dismissal of an action under Rule 12(b)(6) is a judgment on the merits. *See Berrios v.
N.Y.C. Hous. Auth.,* 564 F.3d 130, 134 (2d Cir. 2009) ("As the sufficiency of a complaint to state
a claim on which relief may be granted is a question of law, the dismissal for failure to state a
claim is a final judgment on the merits and thus has res judicata effects."). The first element of
*res judicata* is satisfied because the Illinois District Court dismissed the Third Amended
Complaint in *Davis I,* pursuant to Rule 12(b)(6), and *sua sponte* dismissed the complaint in
Davis II, (which was virtually identical to the Third Amended Complaint) with prejudice,
pursuant to Rule 12(b)(6). In *Davis III* and *Davis IV,* the Seventh Circuit upheld the dismissal in
*Davis II,* and in *Davis V,* the Supreme Court denied review of *Davis IV.*

The second element of *res judicata* is also satisfied because the Illinois District Court had
subject matter jurisdiction to adjudicate the claims in *Davis I* and *Davis II*, *see* 11 U.S.C. § 1331
(federal question) and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims), and
the Seventh Circuit Court of Appeals had jurisdiction to adjudicate the appeal of *Davis II.  See*
28 U.S.C. § 1291.

Finally, the third and fourth elements of *res judicata* are satisfied because Ditech is a
named defendant in *Davis I* and *Davis II*, and the claims at issue in *Davis I* and *Davis II* are
identical to one another, and identical to the claims that the Claimant asserts in support of the

15

Davis Unsecured Claims. In the Davis Unsecured Claims, the Claimant asserts "civil litigation" as the basis of her claims and annexes papers that she filed in *Davis IV* in support of her appeal from *Davis II*. Moreover, in her Response, the Claimant cites to the Illinois District Court actions, as the basis for the Davis Unsecured Claims. Response at 2. Accordingly, the requirements of *res judicata* are satisfied herein.

Even if the Davis Unsecured Claims could be construed as asserting claims that are different from the claims at issue in *Davis I* and *Davis II*, application of the doctrine *of res judicata* nonetheless would bar the Claimant from asserting those claims herein. That is because the Davis Unsecured Claims arise out of the facts underlying *Davis I* and *Davis II,* and the doctrine of *res judicata* bars the Claimant from asserting new claims based on those facts. *See Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 918 (2d Cir. 2010) ("Otherwise known as res judicata, claim preclusion bars a subsequent action—involving either the same plaintiffs or parties in privity with those plaintiffs— from asserting claims that were, or could have been, raised in a prior action that resulted in an adjudication on the merits."); *Acosta-Pelle v. New Century Fin. Servs. Inc.,* No. 09 CIV. 2631(SAS), 2009 WL 4927634, at *2 (S.D.N.Y. Dec. 17, 2009) ("When a claim has been fully litigated, the doctrine of claim preclusion generally bars the future litigation both of that claim and of any closely related claims.").

**The Davis Administrative Expense Claim**

The Bankruptcy Code accords priority to "administrative expenses" including "the actual, necessary costs and expenses of preserving the estate, including . . . wages, salaries and commissions for services rendered after the commencement of the case." 11 U.S.C. §§ 503(b)(1)(A). "[A]n expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession, . . . and only to the extent that the

consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.,* 789 F.2d 98, 101 (2d Cir. 1986) (citations and quotations omitted). *See also In re Hostess Brand, Inc.*, 499 B.R. 406, 411-12 (S.D.N.Y. 2013). The Claimant has the burden to demonstrate her right to administrative priority. *See, e.g*., *In re Bethlehem Steel Corp.,* 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment as an administrative expense . . . rests with the party requesting it." (citing *Woburn Assocs. V. Kahn (In re Hemingway Transp., Inc.)*, 954 F.2d 1, 5 (1st Cir. 1992)); *In re Drexel Burnham Lambert Grp. Inc.,* 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances . . . when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate.")

Claimant contends that she incurred expenses totaling $3,550 in preparing various filings in connection with these Chapter 11 Cases, including $1,750 in expenses to travel to appear at hearings. *See* Davis Administrative Expense Claim at 1. The Claimant's Administrative Expense Claim is simply not an allowable administrative expense claim under sections 503 and 507 of the Bankruptcy Code. The asserted administrative expenses were clearly not costs incurred to preserve the Debtors' estates but rather they were costs expended by Claimant (individually) to participate in these Chapter 11 Cases. Claimant has not demonstrated any grounds for according this claim administrative priority status so the Court expunges this claim. *See In re Ditech Holding Corp.,* No. 19-10412 (JLG), 2020 WL 3635547, at *9 (Bankr. S.D.N.Y. July 3, 2020) (disallowing the administrative expense claim on the basis that it is not for costs incurred to preserve the Debtors' estates but rather costs expended by the Claimants to participate in these

Chapter 11 Cases); *In re Grubb & Ellis Co.,* 478 B.R. 622, 625 (Bankr. S.D.N.Y. 2012) (denying administrative expense claims of real estate agents for commissions received by debtor realtor post-petition for sales that agents procured prepetition); *In re Sound Radio, Inc.,* 145 B.R. 193 (Bankr. D.N.J. 1992) (finding that the Chapter 11 debtor's shareholders conferred no "significant and demonstrable benefit" upon estate and creditors due to their participation in bankruptcy proceeding and the "shareholders' participation was for their own 'aggrandizement.'"); *Matter of D'Lites of Am., Inc.,* 108 B.R. 352 (Bankr. N.D. Ga. 1989) (finding that the expenses incurred by creditor's employees, for laundry bills, express mail, phone bills, meals, drinks, and petty cash, were not "actual and necessary" expenses of preserving estate and the actual, necessary expenses incurred by creditor in making substantial contribution to estate.).

## Conclusion

Based on the foregoing, the Court sustains the Objection and disallows and expunges the Davis Claims.

IT IS SO ORDERED.

Dated:  New York, New York
        May 12, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge

18