| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | | **NOT FOR PUBLICATION** |
| ------------------------------------------------------ x | | |
| In re: | : | |
| | : | Case No. 19-10412 (JLG) |
| Ditech Holding Corporation, *et al.*, | : | Chapter 11 |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |
| ------------------------------------------------------ x | | |

**MEMORANDUM DECISION AND ORDER SUSTAINING THE FORTY-FIRST OMNIBUS OBJECTION (INSUFFICIENT LEGAL BASIS UNSECURED CONSUMER CREDITOR CLAIMS) WITH RESPECT TO CLAIM OF DESSIE BRUMFIELD**

A P P E A R A N C E S :

JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
By:   Richard Levin, Esq.

Ms. Dessie Brumfield
*Appearing Pro Se*
5067 North 37th Street
Milwaukee, WI 53209

---

[1]   The confirmation of the Debtors' Third Amened Plan (as defined below) created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

**Introduction**[2]

Dessie Brumfield (the "Claimant") filed two Proofs of Claim against Ditech Financial LLC f/k/a Green Tree Servicing, LLC ("Ditech") in these Chapter 11 Cases: Claim Nos. 816 and 1156. The claims seek damages in the sums of $127,329.84, and $224,876, respectively, to redress Ditech's alleged mortgage fraud. In her Eighth Omnibus Claims Objection,[3] the Consumer Claims Representative sought to expunge Claim No. 816 as duplicative of Claim No. 1156. The Court sustained the objection and disallowed and expunged Claim No. 816, without prejudice to the Consumer Claims Representative's right to object to Claim No. 1156 (the "Claim").[4] In her Forty-First Omnibus Claims Objection (the "Objection"),[5] the Consumer Claims Representative seeks to disallow and expunge the Claim. The Claimant is acting pro se in this matter. She failed to respond to the Objection. However, she appeared at the Sufficiency Hearing on April 29, 2021, and was heard in opposition to the Objection. The Consumer Claims

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Plan.

[3]    *See* Consumer Claim Trustee's Eighth Omnibus Objection to Proofs of Claim (Duplicate Unsecured Consumer Creditor Claims) [ECF No. 1969]. References to "ECF No. __" are to documents filed in the electronic docket in these jointly administered cases under Case No. 19-10412 (the "Chapter 11 Cases").

[4]    *See* Order Granting Consumer Claims Trustee's Eighth Omnibus Objection to Proofs of Claim (Duplicate Unsecured Consumer Creditor Claims) [ECF No. 2279].

[5]    *See* Consumer Claims Trustee's Forty-First Omnibus Objection to Proofs of Claim (Insufficient Legal Basis Unsecured Consumer Creditor Claims) [ECF No. 3227].

1

Representative filed a reply (the "Reply")[6] in further support of the Objection, as well as a Request for Judicial Notice in Support of the Reply.[7]

The Consumer Claims Representative contends that the Court should disallow and expunge the Claim because it fails to state a claim for relief. In accordance with the Court's Claims Procedures Order,[8] the Court conducted a Sufficiency Hearing on the Claim. The legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[9] *See* Claims Procedures Order ¶ 3(iv)(a). In the Claim, Claimant seeks relief that is identical to the relief she sought against Ditech through affirmative defenses and counterclaims in a pre-petition lawsuit that Ditech commenced against her in the Wisconsin state courts. The state court dismissed the action, with prejudice. The dismissal order is a final, non-appealable order.

It is settled that under Rule 12(b)(6), dismissal of a claim on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the claim. It is also settled that pro se claimants are subject to principles of *res judicata* and claim preclusion. As explained below, construing the Claim in the light most favorable to the Claimant, and drawing all inferences in her favor, the Claimant fails to state a claim for relief against Ditech. The Court sustains the Objection and disallows and expunges the Claim on the grounds that the doctrine of

---

[6]   *See* Reply of Consumer Claims Trustee in Support of the Forty-First Omnibus Objection with Respect to Claim of Dessie Brumfield (Claim No. 1156) [ECF No. 3337].

[7]   *See* Request for Judicial Notice in Support of the Reply of the Consumer Claims Trustee in Support of the Forty-First Omnibus Objection With Respect to Claim of Dessie Brumfield [ECF No. 3338] (the "Request").

[8]   *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632].

[9]   Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

claim preclusion, as applied under Wisconsin state law, bars the Claimant from obtaining any recovery under the Claim.

### Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Background[10]

On January 19, 2018, Ditech commenced a foreclosure action ("State Court Action") against the Claimant with respect to property located at 3936 North 18th Street, Milwaukee, Wisconsin (the "Property").[11] On June 19, 2018, the Claimant filed an Amended Answer to the

---

[10] As discussed below, in applying Rule 12(b)(6) to the Claim, the Court tests the legal sufficiency of the Claim. Accordingly, in resolving the Objection, the Court assumes the truth of the well plead facts in support of the Claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). In support of the Claim and the Objection, both the Claimant and Consumer Claims Representative rely on documents of record in the State Court Action. The Consumer Claims Representative requests the Court to take judicial notice of certain documents filed in the State Court Action, including the judgment entered against the Claimant in that action. *See* Request at 1-2. The Claimant has attached miscellaneous documents to the Claim. It is well settled that in resolving a Rule 12(b)(6) motion, the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir.1979); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964) (where parties had history of litigation in state court, court took "judicial notice of . . . officially reported decisions and refers to them for a better understanding of the complicated factual situation here existing."); *Wingate v. Gives*, 05 Civ. 1872 (LAK), 2016 WL 519634, at *1 (S.D.N.Y. Feb. 5, 2016) (court took judicial notice of facts in reported state court decisions); *Church of Scientology Int'l v. Time Warner, Inc.,* 806 F.Supp. 1157, 1159 n.2 (S.D.N.Y.1992) (court took judicial notice of reported decisions dealing with Scientology organizations). *See also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (stating that on a motion to dismiss for failure to state a claim a court may consider materials extrinsic to the pleadings, if the materials are integral to the complaint or matters subject to judicial notice). The matters at issue in the Claim mirror those at issue and finally resolved against the Claimant in the State Court Action. The documents cited by the Claimant and Consumer Claims Representative directly bear on the matters at issue in the Objection. Thus, subject to the standards applicable to Rule 12(b)(6) motions, the Court takes judicial notice of the documents that the Claimant and Consumer Claims Representative rely on in support of their respective positions in this matter. As necessary, the Court cites those documents herein.

[11] *See Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield,* Case No. 2018CV000549, Docket at 1 (Wis. Cir. Ct. Milwaukee Co. Jan. 19, 2018).

complaint which included affirmative defenses and counterclaims.[12] In support thereof, she asserts, among other things, that: (i) she never took out a note, mortgage, or any type of loan from Ditech with respect to the Property;[13] Ditech's agents refused to communicate with her regarding the debt;[14] (iii) Ditech intentionally failed to act in good faith or deal fairly by failing to maintain complete and accurate books and records;[15] (iv) Ditech committed multiple instances of foreclosure fraud;[16] and (v) that she paid her line of credit in full.[17]

On October 26, 2018, Ditech filed a motion for summary judgment in the State Court Action, and on January 17, 2019, the state trial court entered a Notice of Entry of Judgment. It attaches an Order for Summary Judgment in favor of Ditech,[18] which, among other things, determines that Debtor is indebted to Ditech in the sum of approximately $107,000 under her mortgage, and directs the sale of the Property at a public auction.[19] That order also dismissed all the Claimant's counterclaims with prejudice.[20] On June 20, 2019, Claimant filed a motion asking the court for a rehearing on the summary judgment motion.[21] On August 29, 2019 the state court

---

[12] *See Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield*, Case No. 2018CV000549, Defendant Amended Answer, Affirmative Defense and Counter Claim (Wis. Cir. Ct. Milwaukee Co. June 19, 2018) (the "Answer, Defenses, and Counterclaims").

[13] *Id.* at 1, ¶ 1.

[14] *Id.* at 2, ¶ 1.

[15] *Id.* at 2, ¶ 2.

[16] *Id.* at 3-4.

[17] *Id.* at 10.

[18] *See Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield*, Case No. 2018CV000549, Notice of Entry of Judgment, (Wis. Cir. Ct. Milwaukee Co. Jan. 17, 2019).

[19] *Id.* at 3.

[20] *Id.* at 4.

[21] *See* State Court Action Docket at 5.

held a hearing on the motion for rehearing and denied the motion.[22] No additional appeal was sought, and the judgment remains final.[23]

**Debtor's Bankruptcy Case**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates ("Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[24] Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, and ultimately to June 3, 2019 at 5:00 p.m. (prevailing Eastern Time).[25]

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[26] and on September 30, 2019, that plan became effective.[27] The Consumer Claims Representative is a

---

[22] *See id*. at 3.

[23] *See id.* at 1.

[24] *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 90].

[25] *See* Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers *Nunc Pro Tunc* [ECF No. 496].

[26] *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[27] Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan.[28] Under the Third Amended Plan, the Consumer Claims Representative has the exclusive authority to object to all Consumer Creditor Claims. *See* Third Amended Plan, Art. VII, § 7.1.

**The Proof of Claim**

On April 22, 2019, Claimant timely filed the Claim against Ditech in the sum of $224,876, as an unsecured claim that is not entitled to priority and is not an administrative expense.[29] She contends that for six years she made loan payments to Ditech on account of a loan she did not take out. She maintains that Ditech and the company that transferred the "loan" to Ditech have committed mortgage fraud.[30] She also maintains that the "basis" of her claim is that she is the "victim of [a] chain of mortgage transfers due to creditor lack of understanding line of credit," and that the "debtor failed to refund amount paid by [line of credit] and monthly payments."[31] Thus, she is asking for a "refund" of funds that she paid but did not owe. In short, in support of the Claim, the Claimant relies on the allegations underlying the State Court Action. She annexed various news articles, a copy of the 2006 deed (which Claimant alleges was forged) and a copy of the satisfaction of mortgage filed regarding the Property, a monthly mortgage statement dated January 11, 2007, and a report of the Property Recording Information for the Property dated May 15, 2009, which shows the Claimant as the owner.[32]

---

[28]     *See* Third Amended Plan, Art. I, ¶ 1.41.

[29]     *See* Claim at 1-2. References herein to pages of the Claim are cited to the particular PDF page of the Claim.

[30]     *See* Claim No. 816 at 4.

[31]     *See* Claim, Part 2, ¶ 8.

[32]     *See id.* at 4-16.

**Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that order, the Consumer Claims Representative is authorized to file Omnibus Objections seeking reduction, reclassification, or disallowance of Claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶ 2(i)(a)-(h). A properly filed and served response to an Objection gives rise to a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Consumer Claims Representative has the option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a),(b). A "Merits Hearing" is an evidentiary hearing on the merits of a Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. The legal standard of review that will be applied by the Court at a Sufficiency Hearing is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* ¶ 3(iv)(a).

**The Objection**

In the Objection, the Consumer Claims Representative challenges the sufficiency of the Claim and contends that it fails to state grounds for relief. She seeks to disallow and expunge the Claim on the grounds that it is based on the same claims that the Claimant asserted in the State Court Action, and which the state court dismissed with prejudice. The Consumer Claims Representative maintains that since these issues have been litigated and found not to have merit, the doctrine of claim preclusion bars recovery on the Claim herein.

**Applicable Legal Standards**

Under section 502(a) of the Bankruptcy Code, "a claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See, e.g., Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248(KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010). Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11 U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 449 (2007) ("But even where a party in interest objects [to a claim], the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)").

In filing the Objection to the Claim, the Consumer Claims Representative initiated a contested matter. *See* Fed. R. Bankr. P. 3007 advisory committee's note ("[t]he contested matter initiated by an objection to a claim is governed by Rule 9014. . ."). *See also In re Tender Loving Care Health Servs., Inc.*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the objection has initiated a contested matter"). Bankruptcy Rule 9014 governs contested matters. The rule does not explicitly provide for the application of Bankruptcy

8

Rule 7012.[33] However, Bankruptcy Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014. The Court did so here. Under the Claims Procedures Order, the legal standard of review the Court applies at a Sufficiency Hearing is equivalent to the standard applied by the Court under Rule 12(b)(6) on a motion to dismiss for failure to state a claim upon which relief could be granted. *See* Claims Procedure Order ¶ 3(iv)(a). *See also In re 20/20 Sport, Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint [and] a trustee's objection to an answer. . . ").

In applying Rule 12(b)(6) to the Claim, the Court assesses the sufficiency of the facts alleged in support of the Claim in light of the pleading requirements under Rule 8(a) of the Federal Rules of Civil Procedure.[34] Rule 8(a)(2) states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To meet that standard, the Claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*") (citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule 12(b)(6), the "pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). In considering whether that standard is met for a particular claim, the court

---

[33] As noted, Bankruptcy Rule 7012 incorporates Rule 12.

[34] Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F.Supp.2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted). Where, as here, the Claimant is proceeding pro se, the Court will liberally construe the Claim, although the claim must nonetheless be supported by specific and detailed factual allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005)).

*Res judicata* and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir.2010). The doctrine of *res judicata* is applicable to motions under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata [sic] are apparent on the face of the pleadings." *Murry v. Gen. Servs. Admin.*, 553 Fed. Appx. 362, 364 (5th Cir.2014) (citation omitted). *See also Freeman v. Sikorsky Aircraft Corp.*, 151 Fed. App'x 91, 92 (2d Cir. 2005) (noting that the affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion

10

"when all of the relevant facts are shown by the court's own records." (quoting *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992)).

## Discussion

In the State Court Action, Ditech sued to foreclose on the Property. In her Answer, Defenses and Counterclaims, the Claimant challenged Ditech's right to foreclose and asserted counterclaims against Ditech alleging that the note was invalid as she did not execute any note or mortgage in favor of Ditech.[35] The Claimant also argued that Ditech owes her a refund for payments on her line of credit which she alleges was paid in full and that Ditech failed to maintain complete and accurate records of her payments.[36] The Wisconsin state court granted summary judgment in favor of Ditech, awarded fees to Ditech and dismissed Claimant's counterclaims, with prejudice.[37] It found that the note and mortgage were valid and ordered the Property sold at auction.[38] On June 20, 2019, the Claimant filed a motion for rehearing.[39] The state court held a hearing on the motion and on August 29, 2019, denied the motion.[40] The judgment is final.

Although the Court construes this Claim liberally, the pro se Claimant is not exempt from the rules of claim preclusion. *See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of

---

[35]  *See* Answer, Defenses and Counterclaims at 1-2.

[36]  *See id.* at 9-10.

[37]  *See Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield*, Case No. 2018CV000549, Order for Summary Judgment ¶¶ 3, 6, 18, 19 (Wis. Cir. Ct. Milwaukee Co. Jan. 8, 2019); *see also See Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield*, Case No. 2018CV000549, Judgment of Foreclosure at 1 (Wis. Cir. Ct. Milwaukee Co. Jan. 14, 2019).

[38]  *Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield*, Case No. 2018CV000549, Order for Summary Judgment ¶¶ 5, 6, 10 (Wis. Cir. Ct. Milwaukee Co. Jan. 8, 2019)

[39]  *See* State Court Action Docket at 5.

[40]  *See id.* at 3.

self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right.") (internal citations omitted); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Petitioner [appearing pro se] is not, however, excused 'from compliance with relevant rules of procedural and substantive law.'").

"[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred. . . ." *In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997). *See also Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). In Wisconsin, "[t]he term claim preclusion replaces *res judicata*; the term issue preclusion replaces collateral estoppel." *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550, 525 N.W.2d 723, 727 (1995) (citation omitted). The doctrine of claim preclusion, as applied in Wisconsin, has three elements: "(1) identity between the parties or their privies in the prior and present suits; (2) prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) identity of the causes of action in the two suits." *Kruckenberg v. Harvey*, 2005 WI 43, ¶ 21, 279 Wis. 2d 520, 531, 694 N.W.2d 879, 885.

The first element of claim preclusion is satisfied here, as there is identity of parties in the State Court Action, where Ditech was the plaintiff, and Claimant was the defendant.

In the State Court Action, the court entered judgment on January 8, 2019, granting the Ditech's motion for summary judgment.[41] In paragraph 18 of the order, the court provides: "this

---

[41] *See Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield*, Case No. 2018CV000549, Notice of Entry of Judgment, (Wis. Cir. Ct. Milwaukee Co. Jan. 17, 2019).

12

order for judgment and judgment is a final order for purposes of appeal," and in paragraph 19, the court dismissed with prejudice the Claimant's counterclaims in their entirety.[42] The order satisfies the second requirement for claim preclusion. *See Lisse v. Select Portfolio Servicing, Inc.*, No. 17-CV-206-JDP, 2017 WL 6021316, at *6 (W.D. Wis. Dec. 5, 2017) (An issue decided on summary judgment "is sufficient to meet the requirement of a conclusive and final judgment."); *In re Est. of Rille ex rel. Rille*, 2007 WI 36, ¶ 48, 300 Wis. 2d 1, 24, 728 N.W.2d 693, 704 (noting that Wisconsin courts have recognized that summary judgment is sufficient to meet the requirement of a "conclusive and final judgment.") (citations omitted); *DePratt v. W. Bend Mut. Ins. Co.*, 113 Wis. 2d 306, 310-11, 334 N.W.2d 883, 885 (1983) (stating same). Claimant's motion for rehearing was denied, and no further appeal was taken.[43]

The Claimant raised the allegations that are central to the Claim in the Answer, Defenses and Counterclaims. The Claimant specifically argued in the Claim and State Court Action that she did not take out a loan with the Debtor or any other named bank, that the Debtor failed to act in good faith and deal fairly, and that the Debtor committed multiple instances of fraud. In addition, the Claimant attaches much of the same documentation to support her allegations in both her Claim in this Court and in her Answer, Defenses and Counterclaims filed in the State Court Action. Thus, the third element of claim preclusion is satisfied because there is an identity of claims in the State Court Action and the Claim.

The final element of claim preclusion is satisfied even if the Claim could be construed to raise issues that are not identical to those raised in the State Court Action. Wisconsin has adopted the "transactional approach" in determining whether there is an identity of the claims between

---

[42] *Ditech Financial, LLC, f/k/a Green Tree Servicing, LLC v. Dessie Brumfield*, Case No. 2018CV000549, Order of Summary Judgment ¶¶ 18-19 (Wis. Cir. Ct. Milwaukee Co. Jan. 8, 2019).

[43] *See* State Court Action Docket at 3.

13

two suits. *See Kruckenberg*, 279 Wis. 2d at 532-533. Under this approach, the doctrine of claim preclusion holds that a valid and final judgment in an action extinguishes all rights to remedies against a defendant with respect to all or any part of the transaction, or series of transactions, out of which the action arose. *Id.* The factual basis of the Claim and the State Court Action are the same as they both involve the Claimant's debt on her line of credit which was being serviced by Ditech at the time of the judgment. Thus, even if the causes of action are not identical, they arise out of the same transaction, and the third element for claim preclusion is met.

## Conclusion

Based on the foregoing, the Court sustains the Objection and disallows and expunges the Claim, as recovery on the Claim is barred by application of the doctrine of claim preclusion, as applied under Wisconsin law.

IT IS SO ORDERED.

Dated:  New York, New York
       May 12, 2021

                                      /s/ *James L. Garrity, Jr.*
                                        Hon. James L. Garrity, Jr.
                                        U.S. Bankruptcy Judge