UNITED STATES BANKRUPTCY COURT           NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x

In re:                                :     Case No. 19-10412 (JLG)

                                      :     Chapter 11
Ditech Holding Corporation, *et al.*,         :

                                      :

                      Debtors.[1]    :     (Jointly Administered)

-------------------------------------------------------- x

## MEMORANDUM DECISION AND ORDER SUSTAINING THE TWENTY-NINTH OMNIBUS OBJECTION (INSUFFICIENT LEGAL BASIS UNSECURED CONSUMER CREDITOR CLAIMS) WITH RESPECT TO CLAIM OF MYRON HALE

<u>**A P P E A R A N C E S**</u> :

JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
<u>By:</u>     Richard Levin, Esq.

Mr. Myron Hale
*Appearing Pro Se*
P. O. Box 180456
Los Angeles, CA 90018

---

[1]     The confirmation of the Debtors' Third Amended Plan (as defined below) created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## Introduction[2]

Myron Hale (the "Claimant") filed four Proofs of Claim against Ditech Financial LLC

("Ditech") in these Chapter 11 Cases. In her Twenty-Seventh Omnibus Claims Objection,[3] the

Consumer Representative sought to expunge Claim Nos. 350, 364, 754 as amended and

superseded, without prejudice to her right to object to Claim No. 934 (the "Claim") as the

surviving claim. The Court sustained the objection and disallowed and expunged those claims.[4]

In her Twenty-Ninth Omnibus Claims Objection (the "Objection"),[5] the Consumer Claims

Representative seeks to disallow and expunge the Claim. The Claimant is acting pro se in this

matter. He responded in opposition to the Objection[6] and the Consumer Claims Representative

submitted a reply to the response (the "Reply"),[7] together with a Request for Judicial Notice (the

"Request")[8] in support of the Reply.

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Plan.

[3]    *See* Consumer Claim Trustee's Twenty-Seventh Omnibus Objection to Proofs of Claim (Duplicate or Amended Unsecured Consumer Creditor Claims) [ECF No. 2545]. References to "ECF No. __" are to documents filed in the electronic docket in these jointly administered cases under Case No. 19-10412 (the "Chapter 11 Cases").

[4]    *See* Order Granting Consumer Claims Trustee's Twenty-Seventh Omnibus Objection to Proofs of Claim (Duplicate or Amended Unsecured Consumer Creditor Claims) [ECF No. 2808].

[5]    *See* Consumer Claim Trustee's Twenty-Ninth Omnibus Objection to Proofs of Claim (Insufficient Legal Basis Unsecured Consumer Creditor Claims) [ECF No. 2837].

[6]    *See* Claimant Myron Hale Opposition to Consumer Claims Trustee Disallowance of Claimant's Claim No. 934 [ECF No. 2869].

[7]    *See* Reply of the Consumer Claims Trustee in Support of the Twenty-Ninth Omnibus Objection with Respect to Claim of Myron Hale (934) [ECF No. 3335].

[8]    *See* Request for Judicial Notice in Support of the Reply of the Consumer Claims Trustee in Support of the Twenty-Ninth Omnibus Objection with Respect to Claim of Myron Hale (Claim No. 934) [ECF No. 3336].

The Consumer Claims Representative contends that the Court should disallow and expunge the Claim because it fails to state a claim for relief. In accordance with the Claims Procedures Order,[9] the Court conducted a Sufficiency Hearing on the Claim. The legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[10] *See* Claims Procedures Order ¶ 3(iv)(a). In the Claim, Claimant seeks relief that is identical to the relief he sought against Ditech in a pre-petition lawsuit that he unsuccessfully prosecuted in the Superior Court of California, County of Los Angeles (the "State Court Action").[11] The trial court sustained Ditech's demurrer to Claimant's Third Amended Complaint[12] and entered a judgment dismissing the State Court Action, with prejudice (the "Judgment").[13] The state appellate court dismissed Claimant's three appeals of the Judgment.

It is settled that principles of *res judicata* apply to motions for relief under Rule 12(b)(6) and that, dismissal of a claim on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the claim. It is also settled that pro se claimants are subject to application of the principles of *res judicata* and claim preclusion. As explained below, construing the Claim in the light most favorable to the Claimant, and drawing all inferences in his favor, the Claimant fails to state a claim for relief against Ditech. The Court sustains the

---

[9]    *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632].

[10]    Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[11]    *See Hale v. Mortgage Electronic Reg. Sys, Inc., et. al.*, Case No. BC677288, Complaint (Cal. Super. Ct. L.A. Co., Sept. 27, 2017) ("*Hale*").

[12]    *See id.,* Third Amended Complaint (Cal. Super. Ct. L.A. Co., June 21, 2018).

[13]    *See id.,* Judgment Sustaining Demurrer (Cal. Super. Ct. L.A. Co., Nov. 8, 2018).

Objection and disallows and expunges the Claim on the grounds that the doctrine of *res judicata*, as applied under California state law, bars the Claimant from obtaining any recovery under the Claim.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background[14]

On September 27, 2017, the Claimant commenced the State Court Action against Ditech, Mortgage Electronic Registration Systems, Inc., Caliber Home Loans, Inc., and others (the "Defendants") regarding real property located at 6035 3rd Avenue, Los Angeles, California

---

[14]    As discussed below, in applying Rule 12(b)(6) to the Claim, the Court tests the legal sufficiency of the Claim. Accordingly, in resolving the Objection, the Court assumes the truth of the well plead facts in support of the Claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). In support of the Claim and the Objection, both the Claimant and Consumer Claims Representative rely on documents of record in the State Court Action. The Consumer Claims Representative requests the Court to take judicial notice of the documents filed in the State Court Action, including the Judgment and the state court's decision issued in that action. *See* Request at 1-3. It is well settled that in resolving a Rule 12(b)(6) motion, the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964) (where parties had history of litigation in state court, court took "judicial notice of . . . officially reported decisions and refers to them for a better understanding of the complicated factual situation here existing."); *Wingate v. Gives*, 05 Civ. 1872 (LAK), 2016 WL 519634, at *1 (S.D.N.Y. Feb. 5, 2016) (court took judicial notice of facts in reported state court decisions); *Church of Scientology Int'l v. Time Warner, Inc.*, 806 F.Supp. 1157, 1159 n.2 (S.D.N.Y.1992) (court took judicial notice of reported decisions dealing with Scientology organizations). *See also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (stating that on a motion to dismiss for failure to state a claim a court may consider materials extrinsic to the pleadings, if the materials are integral to the complaint or matters subject to judicial notice). The matters at issue in the Claim mirror those at issue and finally resolved against the Claimant in the State Court Action. The documents cited by the Claimant and Consumer Claims Representative directly bear on the matters at issue in the Objection. Thus, subject to the standards applicable to Rule 12(b)(6) motions, the Court takes judicial notice of the documents that the Claimant and Consumer Claims Representative rely on in support of their respective positions in this matter. As necessary, the Court cites to those documents herein.

90043 (the "Property").[15] In his Third Amended Complaint, the Claimant asserted two causes of action against the Defendants: (1) "Unfair Debt Collection Practices," including violations of the Fair Debt Collection Practices Act, California's Rosenthal Fair Debt Collection Practices Act, and the Real Estate Settlement Procedures Act; and (2) "Predatory Lending Practices," including violations of the Home Ownership and Equity Protection Act, the Truth in Lending Act, the Federal Trade Commission Act and unspecified provisions of the Unfair and Deceptive Acts and Practices Law.[16] The Claimant asked for $2 million in punitive damages.[17] In support of his complaint, Claimant submitted copies of letters he sent to Ditech, the Real Estate Fraud and Information Program, the California Attorney General, the Los Angeles District Attorney and the Consumer Services Office, alleging that Ditech foreclosed on the Property using fraudulent documentation and fraudulent notices, including the Notice of Default, and alleging that he never received copies of the Corporate Assignments of Deed on his Property.[18]

In response to the Third Amended Complaint, the Defendants, including Ditech, filed a demurrer to the Third Amended Complaint and on November 8, 2018, the trial court sustained the demurrer without leave to amend,[19] and entered the Judgment dismissing the case. In entering the Judgment, the trial court labeled the Claimant a "vexatious litigant" finding that the evidence failed to prove the allegations in the Third Amended Complaint.[20] In so ruling, the trial court

---

[15]    *See Hale,* Case No. BC677286, Complaint (Cal. Super. Ct. L.A. Co., Sept. 27, 2017).

[16]    *See id,* Third Amended Complaint at 4-5 (Cal. Super. Ct. L.A. Co., June 21, 2018).

[17]    *See id.* at 3.

[18]    *See id.* at 8-17.

[19]    *See id.,* Order Sustaining Demurrer (Cal. Super. Ct. L.A. Co., Nov. 8, 2018).

[20]    *See id.,* Trial Court Prefiling Vexatious Litigant Order (Cal. Super. Ct. L.A. Co., July 20, 2018).

barred the Claimant from filing new actions in the California state courts without first receiving approval from the presiding judge or justice of the court in which he seeks to file.[21]

On November 9, 13 and 15, 2018, the Claimant filed appeals of the Judgment in the Court of Appeals of the State of California, Second Appellate District.[22] On January 16, 2019, the state appellate court dismissed the appeals.[23] On February 13, 2019, the court vacated its order dismissing the November 9 appeal and reinstated the appeal.[24] The court granted the Claimant twenty days in which to cure any defaults in the appeal and to demonstrate that the litigation has merit and was not filed to harass or delay the Defendants.[25] The court further directed that the failure to comply with the order would result in dismissal of the newly reinstated appeal.[26]  The Claimant timely responded.[27]  On April 16, 2020, the appellate court dismissed the November 9, 2018 appeal, finding that Claimant did not meet his burden of demonstrating that the litigation had merit or was not filed for purposes of harassment.[28] No appeal on the merits of Claimant's case remains pending.

---

[21]    *Id.*

[22]    *See Hale v. Mortgage Electronic Reg. Sys., Inc., et al*, Case No. B293956, Appellate Court Order of Dismissal (Cal. App. 2d., Jan. 16, 2019) (the "*Hale II*").

[23]    *Id.*

[24]    *See Hale II,* No. B293956, Appellate Court Order Vacating Partial Dismissal (Cal. App. 2d., Feb. 13, 2019).

[25]    *Id.*

[26]    *See id.*

[27]    On March 21, 2019, the Clerk of the Court of Appeals filed a remittitur making the January 16, 2019 order final with respect to the November 13 and 15, 2018 appeals. *See Hale II*, No. B293956, Remittitur (Cal. App. 2d., Mar. 21, 2019).

[28]    *See Hale II*, Case No. B293956, Appellate Order Dismissing Appeal (Cal. App. 2d., Apr. 16, 2020).

On July 14, 2020, Claimant filed a motion to vacate the pre-filing order declaring him a vexatious litigant.[29] The trial court denied that motion and Claimant appealed the order.[30] That appeal remains pending.

**The Chapter 11 Cases**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates ("Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[31] Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, and ultimately to June 3, 2019 at 5:00 p.m. (prevailing Eastern Time).[32]

---

[29]    *See Hale*, Case No. BC677288, Motion to Vacate Pre-Filing Order (Cal. Super. Ct. L.A. Co., Jul. 14, 2020).

[30]    *See Hale*, Case No. BC677288, Minute Order (Cal. Super. Ct. L.A. Co., Nov. 6, 2020).

[31]    *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 90].

[32]    *See* Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers *Nunc Pro Tunc* [ECF No. 496].

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[33] and on

September 30, 2019, that plan became effective.[34] The Consumer Claims Representative is a

fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and

resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed

Consumer Creditor Claims in accordance with the Third Amended Plan.[35] Under the plan, the

Consumer Claims Representative has the exclusive authority to object to all Consumer Creditor

Claims. *See* Third Amended Plan, Art. VII, § 7.1.

**The Proof of Claim**

On April 12, 2019, Claimant timely filed the Claim against Ditech in the sum of

$2,000,000 as an unsecured claim that is not entitled to priority and is not an administrative

expense.[36] He contends that Ditech violated California state and federal law when it engaged in

unfair debt collection practices and predatory lending towards him. Claimant notes that the

Claim arises from actions by Ditech that occurred on or about October 20, 2016.[37] Specifically,

Claimant states that the "basis" of his claim as "Money owed. See attached civil action case

---

[33]    *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[34]    Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

[35]    *See* Third Amended Plan, Art. I, ¶ 1.41.

[36]    *See* Claim at 1. References herein to pages of the Claim are cited to the particular PDF page of the Claim.

[37]    *See id.* at 6.

#BC677288. LA Superior court."[38]   In support of the Claim, Claimant annexed a copy of the

Third Amended Complaint with exhibits filed on June 21, 2018 in the State Court Action.[39]

**Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that

order, the Consumer Claims Representative is authorized to file Omnibus Objections seeking

reduction, reclassification, or disallowance of Claims on the grounds set forth in Bankruptcy

Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims

Procedures Order ¶ 2(i)(a)-(h). A properly filed and served response to an Objection gives rise to

a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Consumer Claims

Representative has the option of scheduling the Claim Hearing as either a "Merits Hearing" or a

"Sufficiency Hearing." *Id.* ¶ 3(iv)(a),(b).  A "Merits Hearing" is an evidentiary hearing on the

merits of a Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address

whether the Contested Claim states a claim for relief against the Debtors. The legal standard of

review that will be applied by the Court at a Sufficiency Hearing is equivalent to the standard

applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can

be granted. *Id.* ¶ 3(iv)(a).

**The Objection**

In the Objection, the Consumer Claims Representative challenges the sufficiency of the

Claim and contends that it fails to state grounds for relief. She seeks to disallow and expunge the

Claim on the grounds that it is based on the same causes of action that the Claimant asserted in

the State Court Action, which the state court dismissed with prejudice, and which the state

---

[38]   *See id.* at 1, Part 2, ¶ 8.

[39]   *See id.* at 3-19.

appellate court affirmed on appeal. The Consumer Claims Representative maintains that since

these issues have been litigated and found not to have merit, the doctrine of *res judicata* bars

recovery on the Claim herein.

### Applicable Legal Standards

Under section 502(a) of the Bankruptcy Code, "a claim ... proof of which is filed under

section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. §

502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and

amount of a claim." Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's

essential allegations is asserted, the claimant has the burden to demonstrate the validity of the

claim. *See, e.g., Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ.

3248(KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation*

*Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12,

2012); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J.*

*Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010).

Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11

U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549

U.S. 443, 449 (2007) ("But even where a party in interest objects [to a claim], the court 'shall

allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions

enumerated in § 502(b)").

In filing the Objection to the Claim, the Consumer Claims Representative initiated a

contested matter.  *See* Fed. R. Bankr. P. 3007 advisory committee's note ("[t]he contested matter

initiated by an objection to a claim is governed by rule 9014. . .").  *See also In re Tender Loving*

*Care Health Servs., Inc.*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an

objection to a claim, the objection has initiated a contested matter").   Bankruptcy Rule 9014

governs contested matters. The rule does not explicitly provide for the application of Bankruptcy

Rule 7012.[40] However, Bankruptcy Rule 9014 provides that a bankruptcy court "may at any

stage in a particular matter direct that one or more of the other Rules in Part VII shall apply."

Fed. R. Bankr. P. 9014. The Court did so here. Under the Claims Procedures Order, the legal

standard of review the Court applies at a Sufficiency Hearing is equivalent to the standard

applied by the Court under Rule 12(b)(6) on a motion to dismiss for failure to state a claim upon

which relief could be granted. *See* Claims Procedure Order ¶ 3(iv)(a).  *See also In re 20/20 Sport,

Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally

analogized a creditor's claim to a civil complaint [and] a trustee's objection to an answer. . .").

 In applying Rule 12(b)(6) to the Claim, the Court assesses the sufficiency of the facts

alleged in support of the Claim in light of the pleading requirements under Rule 8(a) of the

Federal Rules of Civil Procedure.[41] Rule 8(a)(2) states that a claim for relief must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R.

Civ. P. 8(a)(2). To meet that standard, the Claim "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S.

662, 678 (2009) ("*Iqbal*") (citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule

12(b)(6), the "pleadings must create the possibility of a right to relief that is more than

---

[40]    As noted, Bankruptcy Rule 7012 incorporates Rule 12.

[41]    Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). In considering whether that standard is met for a particular claim, the court must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F.Supp.2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted). Where, as here, the Claimant is proceeding pro se, the Court will liberally construe the Claim, although the claim must nonetheless be supported by specific and detailed factual allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005)).

Res judicata bars the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir.2010). The doctrine of *res judicata* is applicable to motions under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata [sic] are apparent on the face of the pleadings." *Murry v. Gen. Servs. Admin.*, 553 Fed. Appx. 362, 364 (5th Cir.2014) (citation omitted). *See also Freeman v. Sikorsky*

*Aircraft Corp.*, 151 Fed. App'x  91,  92 (2d Cir. 2005) (noting that the affirmative defense of

*res judicata* may be raised in a Rule 12(b)(6) motion "when all of the relevant facts are shown by

the court's own records." (quoting *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992)).

## Discussion

Although the Court construes this Claim liberally, the pro se Claimant is not exempt from

the rules of *res judicata. See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of self-

representation does not exempt a party from compliance with relevant rules of procedural and

substantive law. One who proceeds pro se with full knowledge and understanding of the risks

involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal

construction of properly filed pleadings be considered an enhanced right.") (internal citations

omitted); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Petitioner [appearing pro se] is not,

however, excused 'from compliance with relevant rules of procedural and substantive law.'").

"[T]he preclusive effect of a state court determination in a subsequent federal action is

determined by the rules of the state where the prior action occurred. . . ."  *In re Sokol*, 113 F.3d

303, 306 (2d Cir. 1997). *See also Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75,

81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as

would be given that judgment under the law of the State in which the judgment was rendered.").

In California state, *res judicata* bars a cause of action that was or could have been

litigated in a prior proceeding if: "(1) the present action is on the same cause of action as the

prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the

parties in the present action or parties in privity with them were parties to the prior proceeding."

*Fed. Home Loan Bank of San Francisco v. Countrywide Fin. Corp.,* 214 Cal. App. 4th 1520,

1527 (2013) (citing *Bullock v. Philip Morris USA, Inc.,* 198 Cal. App. 4th 543, 557 (2011)).

The first element of *res judicata* is satisfied because the claims for relief and subject matter at issue in the Claim are identical to those at issue in *Hale*. Specifically, in support of the Claim, the Claimant relies solely on the Third Amended Complaint. *See* Claim at 3-19. Claimant makes no new arguments to distinguish the Claim from the Third Amended Complaint. In *Hale,* the court entered the Judgment on November 8, 2018 and attached a copy of the order sustaining the demurrer and dismissing the Third Amended Complaint, with prejudice. The Judgment is a final judgment on the merits. *See Gutkin v. Univ. of S. California*, 101 Cal. App. 4th 967, 974 (2002) (holding that "the court's order sustaining the demurrers without leave to amend, combined with the dismissal of the action, had the legal effect of a final, appealable judgment."); *Valson v. Cates*, No. 114CV01420DADEPG, 2018 WL 6620341, at *5 (E.D. Cal. Dec. 18, 2018), *subsequently aff'd sub nom. Valson v. Kelso*, 812 F. App'x 511 (9th Cir. 2020) ("The state court judgment sustaining the general demurrer without leave to amend is a final judgment on the merits.") (citations omitted); *Yee v. Select Portfolio, Inc*., No. 18-CV-02704-LHK, 2018 WL 4772341, at *5 (N.D. Cal. Oct. 1, 2018) (order sustaining defendant's general demurrer without leave to amend is a final judgment on the merits). Claimant has exhausted all appeals of the Judgment. Accordingly, the second element of *res judicata* is satisfied. Finally, the Claimant and Ditech are parties to the State Court Action and are the same parties to the Claim. Therefore, the third element of *res judicata* is satisfied.

### Conclusion

Based on the foregoing, and by application of the rules of the doctrine of *res judicata,* as applied under California law, the Court sustains the Objection and disallows and expunges the Claim.

IT IS SO ORDERED.

Dated: New York, New York
      May 13, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge