|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

------------------------------------------------------- x
In re:                                                  :
                                                        :   Case No. 19-10412 (JLG)
Ditech Holding Corporation, *et al.*,                   :   Chapter 11
                                                        :
                                            Debtors.¹   :   (Jointly Administered)
------------------------------------------------------- x

**MEMORANDUM DECISION AND ORDER SUSTAINING THE FOURTEENTH
OMNIBUS OBJECTION (NO BASIS CONSUMER CREDITOR CLAIMS) WITH
RESPECT TO CLAIM OF PAUL MALLOY**


**A P P E A R A N C E S :**

WEIL, GOTSHAL & MANGES, LLP
*Attorneys for Plan Administrator*
767 Fifth Avenue
New York, New York 10153
<u>By:</u>   Sunny Singh, Esq.
        Richard W. Slack, Esq.


JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
<u>By:</u>   Richard Levin, Esq.


Mr. Paul Malloy
*Appearing Pro Se*
12637 Moss Park Ridge Drive
Orlando, FL 32832

---

¹ The confirmation of the Debtors' Third Amended Plan (as defined below) created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 1100 Virginia Drive, Suite 100, Fort Washington, Pennsylvania 19034.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[2]

Paul Malloy (the "Claimant") filed Proof of Claim No. 1238 (the "Claim") against Ditech Financial LLC f/k/a Green Tree Servicing LLC ("Ditech") in these Chapter 11 Cases. As explained below, although the Claim recites that it is an unsecured claim of $350,000, it also provides that it is secured in the amount of $550,000. In support of the Claim and in substance, the Claimant contends that in 2016, Ditech conducted an illegal foreclosure sale of his Property (defined below); in the Claim he seeks damages occasioned by that allegedly illegal conduct.

In their Fourteenth Omnibus Claims Objection (the "Objection"),[3] the Plan Administrator and the Consumer Claims Representative (collectively, the "Estate Representatives") seek to disallow and expunge the Claim. The Claimant, through counsel, responded to the Objection (the "Response"),[4] although he acted pro se at the April 29, 2021 Sufficiency Hearing. The Estate Representatives submitted a joint reply to the Response (the Reply").[5]

The Estate Representatives contend that the Court should expunge the Claim because it fails to state a claim for relief against Ditech. Pursuant to the Claims Procedures Order,[6] the Court conducted a Sufficiency Hearing on the Claim. The legal standard of review at a

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Plan.

[3]   *See* Fourteen Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) [ECF No. 1746]. References to "ECF No. __" are to documents filed in the electronic docket in these jointly administered cases under Case No. 19-10412 (the "Chapter 11 Cases").

[4]   *See* Claimant's Motion in Opposition to Objection to Claimant's Proof of Claim [ECF No. 2150].

[5]   *See* Joint Reply of Administrator and Consumer Representative in Support of the Fourteenth Omnibus Objection with Respect to Claim of Paul Malloy (Claim No. 1238) [ECF No. 3339].

[6]   *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632].

Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[7] *See* Claims Procedures Order ¶ 3(iv)(a). In the Claim, Claimant seeks relief that is identical to the relief he sought against Ditech in a pre-petition lawsuit that he unsuccessfully prosecuted in the Washington state courts (the "State Court Action"). The state court dismissed the State Court Action, with prejudice, and the state appellate court affirmed the dismissal on appeal.

It is settled that under Rule 12(b)(6), dismissal of a claim on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the claim. It is also settled that pro se claimants are subject to application of the principles of *res judicata* and claim preclusion. As explained below, construing the Claim in the light most favorable to the Claimant, and drawing all inferences in his favor, the Claimant fails to state a claim for relief against Ditech. The Court sustains the Objection and disallows and expunges the Claim on the grounds that the doctrine of *res judicata*, as applied under Washington state law, bars the Claimant from obtaining any recovery under the Claim.

**Jurisdiction**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

---

[7] Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2

**Background[8]**

On March 30, 2006, Claimant executed a promissory note (the "Note") in the sum of $325,000 secured by a deed of trust (the "Deed of Trust") in favor of Quicken Loans, Inc. ("Quicken") on the real property located at 12604 52nd Place West, Mukilteo, Washington (the "Property").[9] The Deed of Trust named Orange Coast Title Co. as trustee and Mortgage Electronic Registration Systems Inc. ("MERS") as nominee for Quicken, as the beneficiary. The Deed of Trust provides that MERS was "acting solely as a nominee for Lender and Lender's successors and assigns."[10] In June 2011, MERS assigned its interest to BAC Home Loans Servicing LP ("BAC").[11] In January 2013, Bank of America, N.A., successor-in-interest by merger to BAC, assigned its interest in the Note and Deed of Trust to Ditech.[12] In June 2013,

---

[8] As discussed below, in applying Rule 12(b)(6) to the Claim, the Court tests the legal sufficiency of the Claim. Accordingly, in resolving the Objection, the Court assumes the truth of the well plead facts in support of the Claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). In support of the Claim and the Objection, both the Claimant and Estate Representatives rely on pleadings filed and decisions rendered in the State Court Action. It is well settled that in resolving a Rule 12(b)(6) motion, the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir.1979); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964) (where parties had history of litigation in state court, court took "judicial notice of . . . officially reported decisions and refers to them for a better understanding of the complicated factual situation here existing."); *Wingate v. Gives*, 05 Civ. 1872 (LAK), 2016 WL 519634, at *1 (S.D.N.Y. Feb. 5, 2016) (court took judicial notice of facts in reported state court decisions); *Church of Scientology Int'l v. Time Warner, Inc.,* 806 F.Supp. 1157, 1159 n.2 (S.D.N.Y.1992) (court took judicial notice of reported decisions dealing with Scientology organizations). *See also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (stating that on a motion to dismiss for failure to state a claim a court may consider materials extrinsic to the pleadings, if the materials are integral to the complaint or matters subject to judicial notice). The matters at issue in the Claim mirror those at issue and finally resolved against the Claimant in the State Court Action. The documents cited by the Claimant and Estate Representatives directly bear on the merits of those claims. Thus, subject to the standards applicable to Rule 12(b)(6) motions, the Court takes judicial notice of the documents that the Claimant and Estate Representatives rely on in support of their respective positions in this matter. As necessary, the Court cites to those documents herein.

[9] *See* Claim at 11. References herein to pages of the Claim and Response are cited to the particular PDF page of the Claim and Response.

[10] *Id.*; *see also Malloy v. Quality Loan Serv. of Washington*, 1 Wash. App. 2d 1038 (2017) ("State Appellate Decision").

[11] State Appellate Decision at *1.

[12] *Id.*

3

Ditech recorded an "Appointment of Successor Trustee," appointing Quality Loan Service Corporation of Washington ("Quality") as the new trustee.[13]

In September 2013, following Claimant's failure to make the requisite mortgage payments, Quality mailed Claimant a "Notice of Default," stating that no loan payments had been made since November 2012 and Claimant was in default under the terms of the mortgage.[14] Before mailing the notice, Ditech filed a "Declaration of Beneficiary," stating it was "the actual holder" of the Promissory Note.[15] On February 9, 2015, Quality recorded a "Notice of Trustee's Sale," scheduling a sale for June 12, 2015.[16] Later, Quality discontinued the sale by recording a "Notice of Discontinuance of Trustee's Sale."[17] In August 2015, Quality recorded a second notice of sale scheduling a sale for December 11, 2015.[18] On or about December 5, 2015, Quality issued a Notice of Continuance of Trustee's Sale notifying Claimant that the sale was postponed to January 15, 2016.[19]

On January 7, 2016, the Claimant filed suit in the Superior Court of the State of Washington, Snohomish County against Quality, MERS, Ditech, Federal National Mortgage Association, Bank of America, and other unnamed defendants, alleging violations of the Washington Consumer Protection Act ("CPA") and the Deed of Trust Act and seeking to enjoin

---

[13]   *Id.*

[14]   *Id.; see also* Claim at 12.

[15]   *See* State Appellate Decision at *1

[16]   *See* Claim at 11.

[17]   *Id.*; *see also* State Appellate Decision at *1.

[18]   *See* Claim at 12.

[19]   *Id.* at 12, 21.

4

the Trustee's Sale.[20] After the court denied the injunction, the Property sold to a third party at the Trustee's Sale.[21] Ditech filed a motion to dismiss the complaint and on December 14, 2016, after hearing argument, the state court dismissed all claims against Ditech, with prejudice, finding that Claimant failed to state a claim, upon which relief may be granted.[22] The Claimant appealed and on December 11, 2017, the state appellate court affirmed the lower court's decision.[23]

**The Chapter 11 Cases**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates ("Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' Chapter 11 Cases (the "General Bar

---

[20] See Malloy v. Quality, et al., No. 16-2-01774-4, Plaintiff Malloy's Complaint Against Foreclosure in Violation of Washington Deed of Trust Act and Violation of RCW Chapter 19.86 (Wash. Superior Ct. Jan. 7, 2016).

[21] See State Appellate Decision at *1.

[22] See Malloy v. Quality et. al., No. 16-2-01774-4, Order Granting Mortgage Electronic Registration System Inc., Federal National Mortgage Association, and Green Tree Servicing, LLC's Motion to Dismiss (Wash. Superior Ct. Dec. 14, 2016).

[23] See State Appellate Decision at *8.

5

Date").[24] Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, and ultimately to June 3, 2019 at 5:00 p.m. (prevailing Eastern Time).[25]

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[26] and on September 30, 2019, that plan became effective.[27] The Plan Administrator is a fiduciary appointed under the Third Amended Plan who is charged with the duty of winding down, dissolving and liquidating the Wind Down Estates.[28] The Consumer Claims Representative is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan.[29] Under the plan, the Plan Administrator, on behalf of each of the Wind Down Estates, is authorized to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Intercompany Claims; and the Consumer Claims Representative has the exclusive authority to object to all Consumer Creditor Claims. *See* Third Amended Plan, Art. VII, § 7.1.

---

[24] *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 90].

[25] *See* Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers *Nunc Pro Tunc* [ECF No. 496].

[26] *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[27] Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

[28] *See* Third Amended Plan, Art. I, ¶¶ 1.130, 1.184, 1.186.

[29] *Id.,* Art. I, ¶ 1.41.

6

**The Proof of Claim**

On April 23, 2019, Claimant timely filed the Claim against Ditech, as a secured claim in the amount of $550,000, based on the value of the Property.[30] The Claim includes $350,000 as the amount of the Claim but asserts that the Claim is secured in the amount of $550,000 and unsecured in the amount of $0.[31] In support of the Claim, the Claimant relies on a declaration that he submitted in the State Court Action.[32] Without limitation, and in summary, in support of the Claim, he alleges that he did not authorize the transfers of the Note and Deed of Trust to BAC or a subsequent transfer from BAC to Ditech and did not authorize or ratify the appointment by Ditech of Quality as successor trustee for his Note and Deed of Trust.[33] He maintains that Ditech was not the owner of the Note or assignee of the Deed of Trust and therefore had no authority to substitute the trustee, who in turn conducted a non-judicial foreclosure sale.[34]

**Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that order, the Estate Representatives are authorized to file Omnibus Objections seeking reduction, reclassification, or disallowance of Claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶ 2(i)(a)-(h). A properly filed and served response to an Objection gives rise to a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Estate Representatives have the

---

[30] *See* Claim at 2.

[31] *Id.*

[32] *See id.* at 10-16.

[33] *Id.* at 11.

[34] *See id.* at 14. *See also* Response at 1, ¶¶ 2-4.

7

option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a),(b). A "Merits Hearing" is an evidentiary hearing on the merits of a Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. The legal standard of review that will be applied by the Court at a Sufficiency Hearing is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* ¶ 3(iv)(a).

**The Objection**

In the Objection, the Estate Representatives challenge the sufficiency of the Claim and contend that it fails to state a claim for relief, and that by application of Rule 12(b)(6), the Court must disallow and expunge the Claim. They contend that the Claim is barred by application of the doctrine of *res judicata* because it is based upon the same claims that were dismissed, with prejudice, in the State Court Action. They maintain that since these issues have already been litigated and found to have no merit, the doctrine of *res judicata* bars the Claimant from asserting the Claim herein. Reply ¶¶ 20-24. Alternatively, they contend that the Court should expunge the Claim because it fails to state a claim for relief under Washington state law (*id.* ¶¶ 25-32) or, at a minimum, reclassify the secured claim to an unsecured Consumer Creditor Claim, subject to further determination of its status as a section 363(o) or non-section 363(o) claim. *Id.* ¶¶ 33-41.

<u>**Applicable Legal Standards**</u>

Under section 502(a) of the Bankruptcy Code, "a claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the

8

claim. *See, e.g., Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248(KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010). Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11 U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 449 (2007) ("But even where a party in interest objects [to a claim], the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)").

In filing the Objection to the Claim, the Estate Representatives initiated a contested matter. *See* Fed. R. Bankr. P. 3007 advisory committee's note ("[t]he contested matter initiated by an objection to a claim is governed by Rule 9014. . ."). *See also In re Tender Loving Care Health Servs., Inc.*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the objection has initiated a contested matter"). Bankruptcy Rule 9014 governs contested matters. The rule does not explicitly provide for the application of Bankruptcy Rule 7012.[35] However, Bankruptcy Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014. The Court did so here. Under the Claims Procedures Order, the legal standard of review the Court applies at a Sufficiency Hearing is equivalent to the standard applied by the Court under Rule 12(b)(6) on a motion to dismiss for failure to state a claim upon which relief could be granted. *See* Claims Procedure Order ¶ 3(iv)(a).  *See also In re 20/20 Sport,*

---

[35]    As noted, Bankruptcy Rule 7012 incorporates Rule 12.

*Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint [and] a trustee's objection to an answer. . . ").

In applying Rule 12(b)(6) to the Claim, the Court assesses the sufficiency of the facts alleged in support of the Claim in light of the pleading requirements under Rule 8(a) of the Federal Rules of Civil Procedure.[36] Rule 8(a)(2) states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To meet that standard, the Claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*") (citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule 12(b)(6), the "pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). In considering whether that standard is met for a particular claim, the court must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F.Supp.2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to

---

[36] Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted). Where, as here, the Claimant is proceeding pro se, the Court will liberally construe the Claim, although the claims must nonetheless be supported by specific and detailed factual allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005)).

*Res judicata* and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.,* 607 F.3d 905, 919 (2d Cir.2010). The doctrine of *res judicata* is applicable to motions under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata [sic] are apparent on the face of the pleadings." *Murry v. Gen. Servs. Admin.,* 553 Fed. Appx. 362, 364 (5th Cir.2014) (citation omitted). See also *Freeman v. Sikorsky Aircraft Corp.*, 151 Fed. App'x 91, 92 (2d Cir. 2005) (noting that the affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion "when all of the relevant facts are shown by the court's own records." (quoting *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992)).

## Discussion

In the State Court Action, the Claimant asserted that the foreclosure sale of his Property was illegal and ineffective because Ditech lacked authority to appoint Quality as trustee and to direct the foreclosure because it was not the holder and owner of the Note and because of earlier

ineffective assignments.[37] The Claimant also argued that the allegedly invalid assignments and violations of foreclosure procedures violated the CPA.[38] The Washington state court rejected the Claimant's contentions. It found that Ditech possessed the Note and that the Declaration of Beneficiary definitively declared Ditech as the actual holder of the Note.[39] In so ruling, it found that "[t]he validity of any prior assignments had no effect on [Ditech's] authority to foreclose."[40] Moreover, it found that the "but for" cause of the foreclosure was the fact that the Malloys defaulted on the loan and failed to cure their defaults, despite receiving notice of foreclosure.[41] The state appellate court affirmed the lower court's dismissal of all claims against Ditech under Washington Superior Court Civil Rule 12(b)(6) ("CR 12(b)(6)"), finding the claims insufficient as a matter of law.[42]

       Although the Court construes this Claim liberally, the pro se Claimant is not exempt from the rules of *res judicata. See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right.") (internal citations

---

[37]   *See* State Appellate Decision at *3,*4.

[38]   *Id.* at *5.

[39]   *Id.* at *4.

[40]   *Id.*

[41]   *Id.* at *5.

[42]   *See id.* at *3, *4, *6, *8. *See also J.S. v. Vill. Voice Media Holdings, L.L.C.,* 184 Wash. 2d 95, 146, 359 P.3d 714, 739 (2015) ("[F]ederal and state law do not differ about crediting legal conclusions in a plaintiff's complaint on a CR [12(b)(6)] or Fed. R. Civ. P. 12(b)(6) motion. . . . [t]he court need not accept legal conclusions as correct") (citation omitted).

omitted). *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Petitioner [appearing pro se] is not, however, excused 'from compliance with relevant rules of procedural and substantive law.'").

"[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred. . . ." *In re Sokol*, 113 F.3d 303, 306 (2d Cir. 1997). *See also Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81 (1984) ("a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). In Washington state, "dismissal on *res judicata* grounds is appropriate where the subsequent action is identical with a prior action in four respects: '(1) persons and parties; (2) causes of action; (3) subject matter; and (4) the quality of the persons for or against whom the claim is made.'" *Ensley v. Pitcher*, 152 Wash. App. 891, 902, 222 P.3d 99, 104 (2009) (citation omitted). *Accord Loveridge v. Fred Meyer, Inc.,* 125 Wash. 2d 759, 763, 887 P.2d 898, 900 (1995) (For [*res judicata*] to apply, "a prior judgment must have a concurrence of identity with a subsequent action in (1) subject matter, (2) cause of action, *and* (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.") (citation omitted). Washington courts follow federal law and treat a CR 12(b)(6) dismissal as a final judgment on the merits and with prejudice, unless otherwise specified. *Moseid v. U.S. Bank, N.A.,* 186 Wash. App.1008, *5 (Mar. 2, 2015); *In re Pers. Restraint of Metcalf,* 92 Wn.App. 165, 175 n.6, 963 P.2d 911 (1998). The Court considers the effect of the State Appellate Decision below.

The first element of *res judicata* is satisfied, as the Claimant and Ditech are parties to the State Court Action and are the parties to the Claim. The fourth element is satisfied as well. "[R]es judicata requires identity in the quality of persons for or against whom the claim is made." *Pederson v. Potter*, 103 Wash. App. 62, 73, 11 P.3d 833, 838 (2000). "Because the parties are identical, the quality of the persons is also identical." *Id.*; *see also Ensley v. Pitcher*,

13

152 Wash. App. at 905 (noting that "the 'identity and quality of parties' requirement is better understood as a determination of who is bound by the first judgment—all parties to the litigation plus all persons in privity with such parties.") Finally, the second and third elements are satisfied because the claims for relief and subject matter at issue in the Claim are identical to those at issue in the State Court Action. The Claimant makes the same arguments in support of the Claim as he made in the State Court Action. *See* Claim at 14-15; Response at 1. Indeed, both the Claim and Response rely predominantly on briefing materials from the state trial and appellate courts. *See* Claim at 8 (attaching "CR 56 Declaration of Plaintiff Paul A. Malloy in Support of Plaintiff's Reply to Defendant Quality Loan Service of Washington Motion for Summary Judgment"); Response at 4-5 (attaching "Appellants Malloy's Reply Brief to Respondents Opening Briefs of Quality Loan Service Corp. of Washington, Inc. (QLS), Mortgage Electronic Registration Systems (MERS), Green Tree Services, LLC (GT), and Federal National Mortgage Association (FNMA)").

## Conclusion

Based on the foregoing, the Court sustains the Objection and disallows and expunges the Claim, as recovery on the Claim is barred by application of the doctrine of *res judicata*, as applied under Washington state law. In so ruling, the Court does not consider the Estate Representatives' alternative arguments in support of the Objection.

IT IS SO ORDERED.

Dated: New York, New York
       May 13, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge