| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

---------------------------------------------------------- x
In re:                                                     :
                                                           :   Case No. 19-10412 (JLG)
Ditech Holding Corporation, *et al.*,                      :   Chapter 11
                                                           :
                                       Debtors.[1]         :   (Jointly Administered)
                                                           :
---------------------------------------------------------- x

# MEMORANDUM DECISION AND ORDER SUSTAINING THE SIXTY-SEVENTH OMNIBUS OBJECTION (NO BASIS CONSUMER CREDITOR CLAIMS) WITH RESPECT TO CLAIM OF KENNETH ELLISON AND ANGELA ELLISON

**A P P E A R A N C E S :**

WEIL, GOTSHAL & MANGES, LLP
*Attorneys for Plan Administrator*
767 Fifth Avenue
New York, New York 10153
By:    Sunny Singh, Esq.
       Richard W. Slack, Esq.


JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
By:    Richard Levin, Esq.


Ms. Angela Ellison
*Appearing Pro Se*
4800 Hideout Trial
Arlington, TX 76016

---

[1] The confirmation of the Debtors' Third Amended Plan (as defined below) created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

1

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## Introduction[2]

Angela Ellison (the "Claimant") filed Proof of Claim No. 1357 (the "Claim") in these Chapter 11 Cases asserting a secured claim in the sum of $386,000 against Ditech Financial LLC ("Ditech").[3] In the Claim, she seeks damages based upon the allegedly illegal foreclosure of her Property. In their Sixty-Seventh Omnibus Claims Objection (the "Objection")[4] the Plan Administrator and the Consumer Claims Representative (collectively, the "Estate Representatives") seek to disallow and expunge the Claim. The Claimant responded to the Objection (the "Response")[5] and the Estate Representatives submitted a joint reply to the Response (the "Reply").[6]

The Estate Representatives contend that that the Court should expunge the Claim because it fails to state a claim for relief against Ditech. Pursuant to the Claims Procedures Order,[7] the Court conducted a Sufficiency Hearing on the Claim. The legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil

---

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Plan.

[3]  The Claimant is acting on behalf of herself and Kenneth Ellison, who is now deceased.

[4]  *See* Sixty-Seventh Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) [ECF No. 3121]. References to "ECF No. ___" are references to documents filed in these Chapter 11 Cases jointly administered under Case No. 19-10412.

[5]  *See* Plaintiff/Co-Owner's Opposition to Omnibus Sixty-Seventh Claim Objection – Doc. 3121 [ECF No. 3253].

[6]  *See* Joint Reply of Plan Administrator and Consumer Representative in Support of the Sixty-Seventh Omnibus Objection with Respect to Claim of Kenneth Ellison & Angela Ellison (Claim No. 1357) [ECF No. 3340].

[7]  *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632].

2

Procedure ("Rule 12(b)(6)").[8] In the Claim, Claimant seeks relief that is identical to the relief she sought against Aames Funding, its successors by merger, and assignees, in a pre-petition lawsuit (the "Texas Action") that she unsuccessfully prosecuted in the United States Bankruptcy Court for the Northern District of Texas (the "Texas Bankruptcy Court"). In that action, Claimant contended that he was the victim of an illegal foreclosure sale and sought damages under Texas state law from the holder of the Mortgage Loan, the assignee of the Deed of Trust and servicer of the Mortgage Loan, among others. Ditech was not party to the Texas Action. The Texas Bankruptcy Court dismissed the Texas Action, with prejudice, and the United States District Court for the Northern District of Texas (the "Texas District Court") affirmed the dismissal on appeal.

It is settled that under Rule 12(b)(6), dismissal of a claim on *res judicata* grounds is appropriate when the elements of *res judicata* are apparent on the face of the claim. It is also settled that pro se claimants are subject to application of the principles of *res judicata* and claim preclusion. As explained below, construing the Claim in the light most favorable to the pro se Claimant, and drawing all inferences in her favor, the Claimant fails to state a claim for relief against Ditech. The Court sustains the Objection and disallows and expunges the Claim on the grounds that the doctrine of *res judicata* as applied under Texas law bars the Claimant from obtaining any recovery under the Claim.

---

[8] *See* Claims Procedures Order ¶ 3(iv)(a). Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Jurisdiction**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background[9]**

On or about March 25, 2005, Claimant executed a promissory note (the "Note") in the sum of $163,000, secured by a Deed of Trust (the "Deed of Trust") on the property located at 4800 Hideout Trail, Arlington, TX 76016 (the "Property"), in favor of Aames Funding Corporation D/B/A Aames Home Loan ("Aames Funding"), as lender and beneficiary under the security instrument (the "Mortgage Loan").[10] On August 3, 2015, Accredited Home Lenders, Inc., successor by merger to Aames Funding assigned the Deed of Trust to Deutsche Bank

---

[9] As explained below, in applying Rule 12(b)(6) to the Claim, the Court tests the legal sufficiency of the Claim. Accordingly, in resolving the Objection, the Court assumes the truth of the well plead facts in support of the Claim. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). In support of the Claim and the Objection, both the Claimant and Estate Representatives rely on pleadings filed and decisions rendered in the Texas Action. It is well settled that in resolving a Rule 12(b)(6) motion, the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir.1979); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964) (where parties had history of litigation in state court, court took "judicial notice of . . . officially reported decisions and refers to them for a better understanding of the complicated factual situation here existing."); *Wingate v. Gives*, 05 Civ. 1872 (LAK), 2016 WL 519634, at *1 (S.D.N.Y. Feb. 5, 2016) (court took judicial notice of facts in reported state court decisions); *Church of Scientology Int'l v. Time Warner, Inc.,* 806 F.Supp. 1157, 1159 n.2 (S.D.N.Y.1992) (court took judicial notice of reported decisions dealing with Scientology organizations). *See also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (stating that on a motion to dismiss for failure to state a claim a court may consider materials extrinsic to the pleadings, if the materials are integral to the complaint or matters subject to judicial notice). The claims for relief underlying the Claim mirror the claims at issue and finally resolved against the Claimant in the Texas Action. The documents cited by the Claimant and Estate Representatives directly bear on the merits of those claims. Thus, subject to the standards applicable to Rule 12(b)(6) motions, the Court takes judicial notice of the documents that the Claimant and Estate Representatives rely on in support of their respective positions in this matter.

[10] *See* Reply, Ex. A Deed of Trust.

National Trust Company ("Deutsche") in its capacity as indenture trustee for noteholders of Aames Mortgage Investment Trust 2005-2, a Delaware statutory trust (the "Assignment").[11] On March 1, 2016, Residential Credit Solutions, Inc. transferred the servicing of the Mortgage Loan to Ditech.[12] On August 1, 2019, Ditech transferred servicing of the Mortgage Loan to Shellpoint Mortgage Servicing.[13]

In May 2015, the Claimant was in default under the Note and to stay a scheduled foreclosure sale of the Property, the Claimant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the Texas Bankruptcy Court.[14] On March 14, 2016, the court closed the Claimant's chapter 7 case and discharged the chapter 7 trustee of the Claimant's estate. On May 23, 2017, the court granted Claimant's motion to reopen the case.

On June 6, 2017, in an effort to stop a scheduled foreclosure sale of the Property, the Claimant filed the Texas Action in Texas state court against Aames Funding, Aames Investment Corporation, CWABS, Inc., Deutsche in its capacity as indenture trustee for noteholders of Aames Mortgage Investment Trust 2005-2 Trust, Wells Fargo Bank, NA, Mortgage Electronic Registration System and other unnamed defendants, alleging invalid foreclosure sale due to defective chain of title, specifically, an invalid Assignment of Deed of Trust. Ditech was not a named party in the Texas Action.[15] On July 10, 2017, the action was removed to the Texas District Court, and on September 7, 2017, the District Court referred the case to the Texas

---

[11]  See Claim at 18-20. References herein to pages of the Claim are cited to the particular PDF page of the Claim.

[12]  *Id.* at 5, 11, and 17.

[13]  See Reply ¶ 2.

[14]  See Voluntary Petition, *In re Ellison*, Case No. 15−42046−rfn7 (Bankr. N.D. Tex. May 27, 2015) (Doc. No. 1).

[15]  See Amended Complaint, *Ellison v. Aames Funding Corp. et. al.*, Case No. 4:17-CV-560-A (N.D. Tex. Aug. 23, 2017) (Doc. No. 8) ¶ 2.

Bankruptcy Court. On April 19, 2018, the Texas Bankruptcy Court granted defendant's motion to dismiss the Texas Action, with prejudice (the "Judgment"). In doing so, it dismissed "all claims Plaintiffs asserted, or could have asserted, against Defendants in the above-captioned proceeding."[16] Claimant appealed the Judgment and on August 17, 2018, the Texas District Court affirmed the Judgment. In part, the Texas District Court labeled Claimant's appeal "as frivolous."[17]

**The Chapter 11 Cases**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates ("Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' Chapter 11 Cases (the "General Bar Date").[18] Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, and ultimately to June 3, 2019 at 5:00 p.m. (prevailing Eastern Time).[19]

---

[16]  See Order of Dismissal, *Ellison v. Aames Funding Corp. et. al.*, Adv. No. 17-4114-mxm (Bankr. N.D. Tex. Apr. 19, 2018) (Doc. No. 33) (the "Judgment").

[17]  See Order, *Ellison v. Aames Funding Corp. et. al.*, Case No. 4:18-cv-00329-A (N.D. Tex. Aug. 17, 2018) (Doc. No. 13) (the "Texas Federal Decision") at 10.

[18]  See Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 90].

[19]  See Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers *Nunc Pro Tunc* [ECF No. 496].

6

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[20] and on September 30, 2019, that plan became effective.[21] The Plan Administrator is a fiduciary appointed under the Third Amended Plan who is charged with the duty of winding down, dissolving and liquidating the Wind Down Estates.[22] The Consumer Claims Representative is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan.[23] Under the plan, the Plan Administrator, on behalf of each of the Wind Down Estates, is authorized to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Intercompany Claims; and the Consumer Claims Representative has the exclusive authority to object to all Consumer Creditor Claims.[24]

**The Proof of Claim**

On April 25, 2019, Claimant timely filed the Claim against Ditech, as a secured claim in the amount of $386,000 based on damages of $261,000 and injuries of $125,000.[25] In support of the Claim, the Claimant relies on a self-prepared "Court Document Cross-Reference" sheet, documents from this Court regarding filing a claim in these Chapter 11 Cases, and a document

---

[20] *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[21] Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

[22] *See* Third Amended Plan, Art. I, ¶¶ 1.130, 1.184, 1.186.

[23] *Id.*, Art. I, ¶ 1.41.

[24] *Id.*, Art. VII, § 7.1.

[25] *See* Claim, Part 2, ¶ 7.

7

filed in the Texas Action titled "Plaintiff's Objection to Designation of Ditech Financial LLC Expert Witness Testimony" with exhibits. Without limitation, and in summary, in support of the Claim, the Claimant alleges, as she did in the Texas Action, that the Assignment executed in 2015 between Accredited Home Loans on behalf of Aames Funding to Deutsche is void as it occurred ten years late, and, as such, the entities lacked standing to foreclose on the Property.[26]

**Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that order, the Estate Representatives are authorized to file Omnibus Objections seeking reduction, reclassification, or disallowance of Claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶ 2(i)(a)-(h). A properly filed and served response to an Objection gives rise to a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Estate Representatives have the option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a),(b). A "Merits Hearing" is an evidentiary hearing on the merits of a Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. The legal standard of review that will be applied by the Court at a Sufficiency Hearing is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* ¶ 3(iv)(a).

---

[26] *See id.* ¶ 9; Response at 2.

**The Objection**

In the Objection, the Estate Representatives challenge the sufficiency of the Claim and contend that it fails to state a claim for relief, and, accordingly, by application of Rule 12(b)(6), the Court must disallow and expunge the Claim. The Estate Representatives contend that the Claim is barred by application of the doctrine of *res judicata* since it asserts the same claims for relief that the Texas Bankruptcy Court and Texas District Court rejected in dismissing the Texas Action, with prejudice. Alternatively, they contend that the Court should expunge the Claim because it fails to state a claim for relief under Texas state law (Reply ¶¶ 25-33) or, at a minimum, it should be reclassified from a secured claim to an unsecured Consumer Creditor Claim, subject to further determination of its status as a section 363(o) or non-section 363(o) claim. *See id.* ¶¶ 35-41.

## Applicable Legal Standards

Under section 502(a) of the Bankruptcy Code, "a claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim. Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See, e.g., Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248(KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010).

Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11 U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 549 U.S. 443, 449 (2007) ("But even where a party in interest objects [to a claim], the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)").

In filing the Objection to the Claim, the Estate Representatives created a contested matter. *See* Fed. R. Bankr. P. 3007 advisory committee's note. *See also In re Tender Loving Care Health Servs., Inc.*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the objection has initiated a contested matter"). Bankruptcy Rule 9014 governs contested matters. The rule does not explicitly provide for the application of Bankruptcy Rule 7012. However, Bankruptcy Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014. The Court did so here. Under the Claims Procedures Order, the legal standard of review the Court applies at a Sufficiency Hearing is equivalent to the standard applied by the Court under Rule 12(b)(6) on a motion to dismiss for failure to state a claim upon which relief could be granted. *See* Claims Procedures Order ¶ 3(iv)(a). *See also In re 20/20 Sport, Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint [and] a trustee's objection to an answer. . . ").

In applying Rule 12(b)(6) to the Claim, the Court assesses the sufficiency of the facts alleged in support of the Claim in light of the pleading requirements under Rule 8(a) of the Federal Rules of Civil Procedure.[27] Rule 8(a)(2) states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R.

---

[27] Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

Civ. P. 8(a)(2). To meet that standard, the Claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*") (citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule 12(b)(6), the "pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). In considering whether that standard is met for a particular claim, the court must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F.Supp.2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted). Where, as here, the Claimant is proceeding pro se, the Court will liberally construe the Claim, although the claims must nonetheless be supported by specific and detailed factual allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R.

11

489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005)).

*Res judicata* and claim preclusion bar the "relitigation ... of claims that were, or could have been, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.,* 607 F.3d 905, 919 (2d Cir.2010). The doctrine of *res judicata* is applicable to motions under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) on *res judicata* grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings." *Murry v. Gen. Servs. Admin.,* 553 Fed. Appx. 362, 364 (5th Cir.2014) (citation omitted). *See also Freeman v. Sikorsky Aircraft Corp.*, 151 Fed. App'x 91, 92 (2d Cir. 2005) (noting that the affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion "when all of the relevant facts are shown by the court's own records." (quoting *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992)).

## Discussion

Federal law determines the preclusive effect of a federal judgment. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002); *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 896 n.1 (2d Cir. 1983). *Res judicata* "bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir.2007) (quoting *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir.1985)). Although the Court construes the Claim liberally, the pro se Claimant is not exempt from the rules of *res judicata. See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge

12

and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right.") (internal citations omitted); *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Petitioner [appearing pro se] is not, however, excused 'from compliance with relevant rules of procedural and substantive law.'"). The Court considers whether the doctrine of *res judicata* is applicable to this case.

The claims at issue in the Texas Action are Texas state law claims. Accordingly, the claim preclusive effect of the Texas Federal Decision, is based upon "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). *See also Howard Carr Companies, Inc. v. Cumberland Farms, Inc.*, 833 F. App'x 922, 923 (2d Cir. 2021) ("Because the federal court that issued the first judgment sat in diversity in New York, we apply the preclusion law of that state"). "*Res judicata*, also known as claim preclusion, prevents relitigation of a claim or cause of action that has been finally adjudicated in a prior suit, as well as related matters that, with the use of diligence, could have been litigated in that suit." *Pease v. Principal Residential Mortg., Inc.*, No. 03-02-00491-CV, 2004 WL 1065639, at *3 (Tex. App. May 13, 2004) (citing *Barr v. Resolution Trust Corp.*, 837 S.W.2d 627, 628 (Tex. 1992)). In Texas, the elements of *res judicata* are "(1) a prior final determination on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were or could have been raised in the first action." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). Texas courts have embraced the "transactional approach to *res judicata*," where "a subsequent suit is barred if it arises out of the same subject matter as a previous suit, and the matter could have been litigated in the prior suit." *Citizens Ins. Co. of Am.*

13

*v. Daccach*, 217 S.W.3d 430, 449 (Tex. 2007). Stated differently, "a final judgment on an action extinguishes the right to bring suit on the transaction, or series of connected transactions, out of which the action arose." *Koncak v. Deutsche Bank,* No. 3:14-CV-3289-B, 2015 WL 11120868, at *2 (N.D. Tex. Nov. 13, 2015) (internal citations omitted).

The Texas Bankruptcy Court issued the Judgment against Claimant on the merits of the Claim,[28] and, on appeal, the Texas District Court affirmed the Judgment.[29] Thus, the first element of *res judicata* is satisfied.

So is the second element – even though Ditech was not a party to the Texas Action. A judgment entered in a litigation generally does not impact the rights or liabilities of a nonparty to the litigation. *See Rothstein v. American International Group, Inc.,* 873 F.3d 195, 204 (2d Cir. 2016) ("It is a 'principle of general application in Anglo-American jurisprudence that one is not bound by a judgment ... in litigation in which he is not designated as a party or to which he has not been made a party by service of process.'") (quoting *Hansberry v. Lee*, 311 U.S. 32, 40 (1940)). *Accord Maxwell v. U.S. Bank Nat. Ass'n*, 544 F. App'x 470, 473 (5th Cir. 2012) ("Generally, there will not be preclusion against nonparties.") (citing *Hansberry,* 311 U.S. at 40). However, application of the doctrine of *res judicata* will bar claims against those in privity with the original defendant in the prior litigation. *Russell v. SunAmerica Sec., Inc.*, 962 F.2d 1169, 1173 (5th Cir. 1992). "Privity connotes those who are so connected with a party to the judgment in the law such that the party to the judgment represented the same legal right." *Koncak,* 2015 WL 11120868, at *4. *See also Waller v. Waller,* No. 12-19-00326-CV, 2020 WL 5406246, at *2

---

[28] *See* Judgment, *Ellison v. Aames Funding Corp. et. al. (In re Ellison)*, Adv. No. 17-4114-mxm (Bankr. N.D. Tex. Apr. 19, 2018) (Doc. No. 33).

[29] *See* Texas Federal Decision, *Ellison v. Aames Funding Corp. et. al. (In re Ellison)*, Case No. 4: 18-CV-329 (N.D. Tex. Aug. 17, 2018) (Doc. No. 13) at 10.

(Tex. App. Sept. 9, 2020) (noting that "[p]rivity may exist if the parties share an identity of interests in the basic legal right that is the subject of the litigation."). Under Texas law, there are three ways in which subsequent litigants can be in privity with a party to an earlier action: "(1) they can control an action even if they are not parties to it; (2) their interests can be represented by a party to the action; or (3) they can be successors in interest, deriving their claims through a party to the prior action." *Koncak,* 2015 WL 11120868, at *4.

As to the latter, and as relevant herein, "[t]he preexisting relationship between a mortgage holder, a mortgage servicer, and a mortgage lender usually is sufficient to establish privity for res judicata purposes." *Murphy v. HSBC Bank USA,* No. H-12-3278, 2017 WL 393595, at *5 (S.D. Tex. Jan. 30, 2017). The *Koncak* case is instructive. In that case, Deutsche acquired the note in its capacity as trustee, the plaintiffs defaulted on the loan, and subsequently sued Deutsche for wrongful foreclosure. *Koncak,* 2015 WL 11120868, at *1. The bankruptcy court granted summary judgment against the plaintiffs, who later filed a second action against multiple defendants, including Deutsche, and Ocwen, their current loan servicer. *Id.* Those defendants sought summary judgment dismissing the case, on the grounds that the plaintiffs' claims were barred by *res judicata* and collateral estoppel. *Id.* In granting the motion, the *Koncak* court noted that "res judicata is meant . . . to achieve judicial economy by precluding those who have had a fair trial from relitigating claims. In other words, res judicata exists both to protect defendants from repetitive litigation and to limit plaintiffs to one bite at the apple." *Id.* at *3 (citation omitted). The court reasoned that any interest Ocwen, as loan servicer, had in foreclosing on the property was "entirely derivative of Deutsche's" and thus it "has no interest in the Second Action independent of Deutsche's own authority to foreclose on the Property." *Id.* at *4. Since "Deutsche already defended this precise interest in the First Action, [] the Court concludes that

15

Ocwen is also in privity with Deutsche for the purpose of this analysis." *Id.* The same is true here. Any interest of Ditech, as loan servicer, in the Property's foreclosure is "entirely derivative of Deutsche's," and was "already defended" in the Texas Action. *Id.* There is plainly an identity of parties or those in privity with them in the Texas Action and the Claim.

In considering whether the Claim is based on the same claims as were or could have been raised in the Texas Action, the "key inquiry . . . is whether the two actions are based on the same nucleus of operative facts. Thus, the court examines the facts in each complaint to decide if they are part of the same transaction or series of transactions that arise from the same nucleus of operative facts." *Murphy,* 2017 WL 393595, at *5 (internal citations and quotations omitted). Claimant attempted and failed to assert identical claims in the Texas Bankruptcy Court as here. *Compare, e.g.,* Claim at 4-6, *with* Amended Complaint ¶¶ 5, 7, 9 (both discussing the Assignment as "late" and "void"). Both actions have the "same nucleus": the allegedly late Assignment and foreclosure of the Property. The Amended Complaint was "the operative pleading" in the action. *See* Texas Federal Decision at 4. There, like here, Claimant made allegations that (i) the Assignment was void because it was late based on "the terms of the Trust"; (ii) the foreclosing entities lacked standing to foreclose; (iii) a "lack of endorsement" renders the Assignment void; and (iv) a suit for quiet title was appropriate. *Compare* Amended Complaint ¶¶ 5-8, *with* Claim at 6, 16, 21 and Response at 2-3. Thus, the Claim is "based on the same claims as were or could have been raised in the first action." *Joachim,* 315 S.W.3d at 862.

16

## **Conclusion**

Based on the foregoing, the Court sustains the Objection and disallows and expunges the Claim on the grounds that it is barred by the doctrine of *res judicata* as applicable under Texas state law. In so ruling the Court does not consider the Estate Representatives' alternative arguments in support of the Objection.

IT IS SO ORDERED.

Dated:  New York, New York
May 21, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge