UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
In re:                                                       :
                                                             :   Case No. 19-10412 (JLG)
                                                             :   Chapter 11
Ditech Holding Corporation, *et al.*,                        :
                                                             :
                                        Debtors.             :   (Jointly Administered)
                                                             :
------------------------------------------------------------ x

# ERRATA ORDER REGARDING MEMORANDUM DECISION AND ORDER SUSTAINING THE SIXTY-SEVENTH OMNIBUS OBJECTION (NO BASIS CONSUMER CREDITOR CLAIMS) WITH RESPECT TO CLAIM OF <u>KENNETH ELLISON AND ANGELA ELLISON</u>

This matter having come up on the Court's own motion, it is hereby ORDERED:

1. The Court's Memorandum Decision and Order Sustaining the Sixty-Seventh Omnibus Objection (No Basis Consumer Creditor Claims) with Respect to Claim of Kenneth Ellison and Angela Ellison, dated May 21, 2021 [Case No. 19-10412, ECF No. 3400] (the "Memorandum Decision"), is corrected in the manner described below:

   a. The following appearance on page 1 of the Memorandum Decision:

   > Ms. Angela Ellison
   > *Appearing Pro Se*
   > 4800 Hideout Trial
   > Arlington, TX 76016

shall be corrected to read as follows:

   > Ms. Angela Ellison[1]
   > *Appearing Pro Se*
   > 4800 Hideout Trail
   > Arlington, TX 76016

   b. The following sentences beginning on page 2 and ending on page 3 of the Memorandum Decision:

   > The Estate Representatives contend that that the Court should expunge the Claim because it fails to state a claim for relief against Ditech. Pursuant to the Claims Procedures Order,[2] the Court conducted a Sufficiency Hearing

---

[1] As set forth herein, Claimant filed papers in support of the Claim (defined below) and in opposition to the Objection (defined below). However, she did not appear at the Sufficiency Hearing on the Objection.

[2] *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632].

1

>   on the Claim. The legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[3]

shall be corrected to read as follows:

>   The Estate Representatives contend that the Court should expunge the Claim because it fails to state a claim for relief against Ditech. Pursuant to the Claims Procedures Order,[4] the Court conducted a Sufficiency Hearing on the Claim. The Plan Administrator and Consumer Claims Representative were represented by their respective counsel. The Claimant did not appear at the hearing. The legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[5]

2. Future references to the Memorandum Decision shall be to the Memorandum Decision as corrected hereby, a copy of which is attached hereto as Exhibit A.

Dated: New York, New York
       May 27, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge

---

[3] *See* Claims Procedures Order ¶ 3(iv)(a). Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[4] *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632].

[5] *See* Claims Procedures Order ¶ 3(iv)(a). Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").