UNITED STATES BANKRUPTCY COURT                    NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
In re:                                              :
                                                    :    Case No. 19-10412 (JLG)
Ditech Holding Corporation, *et al.*,               :    Chapter 11
                                                    :
                                                    :    (Jointly Administered)
                                   Debtors.[1]      :
------------------------------------------------------- x

## MEMORANDUM DECISION AND ORDER DENYING THE
## MOTION FOR REHEARING

**A P P E A R A N C E S :**

**WEIL, GOTSHAL & MANGES, LLP**
*Attorneys for Plan Administrator*
767 Fifth Avenue
New York, New York 10153
By:    Sunny Singh, Esq.
       Richard W. Slack, Esq.

**JENNER & BLOCK LLP**
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
By:    Richard Levin, Esq.

Mr. James Beekman[2]
*Appearing Pro Se*
427 9th Street
West Palm Beach, FL 33401

---

[1]    On September 26, 2019, the Court confirmed the Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors (ECF No. 1326) which created the Wind Down Estates of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "Wind Down Estates").  The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

[2]    As discussed below, Mr. Beekman filed the Motion and papers in support of the Motion. The Court did not conduct an argument on the Motion.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[3]

James Beekman (the "Claimant") filed Proof of Claim No. 24609 (the "Claim") against

Ditech Financial LLC ("Ditech") in these chapter 11 cases. The Claim seeks $9 million in

damages and asserts priority status under the sections 507(a)(7) and (a)(10) of the Bankruptcy

Code. On February 9, 2021, the Court sustained the Claim Objection jointly filed by the Plan

Administrator and Consumer Claims Representative (collectively, the "Estate Representatives")

and disallowed and expunged the Claim (the "Decision").[4] The matter before the Court is the pro

se Claimant's Motion for Rehearing (the "Motion").[5] In the Motion, the Claimant asks the Court

to strike the Decision "for numerous errors," and grant him a rehearing on the Claim Objection.

The Estate Representatives oppose the Motion.[6] Claimant filed a reply in support of the Motion.[7]

Section 502(j) of the Bankruptcy Code governs the Courts "reconsideration" of

disallowed claims, like the Claim. In assessing the merits of a request for relief under that

section, the Court applies the same analysis as it would under Rules 9023 or 9024 of the Federal

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). Those rules incorporate, respectively,

Rules 59 and 60 of the Federal Rules of Civil Procedure (the "Federal Rules"). As explained

---

[3]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Decision.

[4]    *See* Memorandum Decision and Order Sustaining the Ninth Omnibus Objection (No Basis Consumer Creditor Claims) With Respect to Claim of James Beekman [ECF No. 3218]. References to page numbers are to the page numbers of the Decision and not to the PDF. References to "ECF No. __" are to documents filed in the electronic docket in these jointly administered cases under Case No. 19-10412.

[5]    Motion for Rehearing [ECF No. 3261].

[6]    *See* Joint Opposition of Plan Administrator and Consumer Representative to Motion for Rehearing [ECF No. 3341].

[7]    *See* Reply in Support of Motion for Rehearing [ECF No. 3377].

below, construing the Motion in the light most favorable to the pro se Claimant to state the

strongest argument that it suggests, the Court finds that the Claimant has failed to state grounds

for relief under either Federal Rule 59 or 60. Accordingly, the Court denies the Motion.[8]

### **Background**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment

Management Corp.) and certain of its affiliates ("Debtors") filed petitions for relief under chapter

11 of the Bankruptcy Code in this Court. The Debtors remained in possession of their business

and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the

Bankruptcy Code. On September 26, 2019, the Debtors confirmed their Third Amended Plan,[9]

and on September 30, 2019, that plan became effective.[10]

On November 8, 2019, Claimant filed the Claim seeking $9 million in damages

occasioned by Ditech's alleged fraud, fraudulent misrepresentation, and intentional infliction of

emotional distress, in connection with its efforts to foreclose on the Claimant's property and its

alleged reneging on a HAMP mortgage loan modification. The Claimant characterizes the claim

as administrative in the amount of $3 million and priority in the amount of $6 million. As to the

latter, he maintains that an amount of $3 million is entitled to priority under section 507(a)(7) of

---

[8]    Bankruptcy Rule 3008 governs the Reconsideration of Claims. *See* Fed. R. Bankr. P. 3008. Local Bankruptcy Rule 3008–1 states that "[n]o oral argument shall be heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants the motion and specifically orders that the matter be reconsidered upon oral argument. If a motion to reconsider is granted, notice and a hearing shall be afforded to parties in interest before the previous action taken with respect to the claim may be vacated or modified." Bankr. S.D.N.Y. R. 3008–1. The Court decides the Motion based on the papers before it and concludes that oral argument is not appropriate.

[9]    *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[10]    Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

the Bankruptcy Code and another $3 million is entitled to priority under section 507(a)(10) of the

Bankruptcy Code.

The Plan Administrator and Consumer Representative filed a joint objection to the Claim

(the "Claim Objection")[11] seeking to expunge it as a "No Basis Consumer Creditor Claim." The

Claimant filed two responses to the Claim Objection.[12]   The Estate Administrators filed a joint

reply[13] in support of their Claim Objection. In accordance with the Claims Procedures Order, the

Court conducted a Sufficiency Hearing on the Claim.

On February 9, 2021, the Court entered its Decision in which it sustained the Claim

Objection and disallowed and expunged the Claim. That day, the Claimant was served with a

copy of the Decision by overnight mail.[14] Under Local Bankruptcy Rule 9023-1(a), a motion for

rehearing must be filed within 14 days after entry of the Court's order that is the subject of the

request for rehearing. On February 22, 2021, Claimant filed the Motion, seeking to strike the

Decision for numerous alleged errors and to grant him a rehearing on the Claim Objection.[15] On

March 5, 2021, Claimant filed a motion for extension of time to file his motion for rehearing (the

"Time Extension Motion").[16] In support of that motion, Claimant did not cite to Local

Bankruptcy Rule 9023-1, however, he explained that he "believes he [m]ailed the Motion for

---

[11]    Ninth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) [ECF No. 1741].

[12]    *See* James Beekmans [sic] Objection to Proof of Claim and Request for Classification Claim Number: 24609 [ECF No. 1902]. On September 8, 2020, after the Sufficiency Hearing, Beekman filed, without Court authorization, an affidavit in support of the Beekman Claim. *See* Affidavit of Claimant James Beekman in Support of Claim No. 24609 [ECF No. 2833]. In resolving the Objection, the Court accounts for Claimant's pro se status, considered the matters raised in, and documents annexed to, both responses.

[13]    *See* Joint Reply of Plan Administrator and Consumer Representative in Support of the Ninth Omnibus Objection with Respect to Claim of James Beekman (Claim No. 24609) [ECF No. 2032].

[14]    Affidavit of Service [ECF No. 3225].

[15]    *See* Motion *Id.* ¶¶ 1-4.

[16]    *See* Claimant James Beekman Request and Motion for Extension of Time to File Rehearing [ECF No. 3305].

rehearing timely," that "[his] request is not for a delay or a stall tactic and purely precautional,"

and that he was making the motion because he had learned that although "opposition attorneys"

timely received the Motion, it had been "lost by the clerks and delayed in being docketed."[17]

The Estate Representatives did not respond to the Time Extension Motion. The last day to timely

file the Motion under Local Bankruptcy Rule 9023-1(a) was Tuesday, February 23, 2021. *See*

Fed. R. Bankr. P. 9006 (a)(1)(A) (applicable to time periods under the Federal Rules and well as

time periods prescribed under the Court's local rules. In computing time periods measured by

days, the day of the triggering event is excluded). Accordingly, Claimant timely filed the Motion

and, as such, the Court denies the Time Extension Motion as moot. The Court will consider the

Motion as a timely request for rehearing under Local Bankruptcy Rule 9023-1.

## Discussion

Because Claimant seeks reconsideration of the allowance of the Claim, section 502(j) of

the Bankruptcy Code, Bankruptcy Rule 3008 and Local Bankruptcy Rule 3008-1 govern the

Motion. *See In re Best Payphones, Inc.,* No. 01-15472(SMB), 2008 WL 2705472, at *2 (Bankr.

S.D.N.Y. July 3, 2008). Under section 502(j) of the Bankruptcy Code, "[a] claim that has been

allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). The Bankruptcy Code

does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr.P. 9023
> (incorporating Fed.R.Civ.P. 59) or Fed. R. Bankr.P.9024 (incorporating
> Fed.R.Civ.P. 60), depending on whether the movant ... sought reconsideration
> within [fourteen] days after the entry of the order disallowing the claim, or did so
> only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Bankr. S.D.N.Y.

Feb. 28, 2013) (collecting cases).

---

[17]  *Id.* ¶¶ 4, 5.

Whether the Motion States Grounds
For Relief Under Bankruptcy Rule 9023

Bankruptcy Rule 9023 provides that "[a] motion. . . to alter or amend a judgment shall be

filed. . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023. Local Bankruptcy

Rule 9023–1(a) states:

> A motion for reargument of a court order determining a motion shall be served
> within 14 days after the entry of the Court's order determining the original
> motion, or in the case of a court order resulting in a judgment, within 14 days
> after the entry of the judgment, and, unless the Court orders otherwise, shall be
> made returnable within the same amount of time as required for the original
> motion. The motion shall set forth concisely the matters or controlling decisions
> which counsel believes the Court has not considered. No oral argument shall be
> heard unless the Court grants the motion and specifically orders that the matter be
> re-argued orally.

Bankr. S.D.N.Y. R. 9023–1(a).

The rule derives from former Local Bankruptcy Rule 13(j) and is an adaptation of Civil

Local Rule 6.3 of the district court. *See* comment to Bankr. S.D.N.Y. R. 9023–1(a). The standard

applicable to motions for reargument is the same as that applicable to motions to alter or amend a

judgment under Federal Rule 59(e). *In re CCT Commc'ns, Inc.*, No. 07–10210 (SMB), 2011 WL

239658, at *2 (Bankr. S.D.N.Y. Jan. 22, 2011) (citations omitted). It is settled that "[t]he major

grounds justifying reconsideration are an intervening change of controlling law, the availability

of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl.*

*Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.1992) (internal quotations and

citation omitted). Under the "clear error" standard, relief is "appropriate only when a court

overlooks 'controlling decisions or factual matters that were put before it on the underlying

motion' and which, if examined, might reasonably have led to a different result." *In re Hassan*,

527 B.R. 97, 100 (Bankr. E.D.N.Y. 2015) (citing *Corines v. Am. Physicians Ins. Trust*, 769

F.Supp.2d 584, 593–94 (S.D.N.Y.2011)). "In the context of a motion for reconsideration,

'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Corpac v. Rubin & Rothman*, LLC, 10 F. Supp. 3d 349, 354 (E.D.N.Y. 2013) (citing *Idowu v. Middleton*, 12 CIV. 1238(BSJ)(KNF), 2013 WL 371657, at *1 n.1 (S.D.N.Y. Jan. 31, 2013) (quoting *In re Oak Park Calabasas Condo. Ass'n*, 302 B.R. 682, 683 (Bankr.C.D.Cal.2003)) (internal citation omitted). The standard for granting a motion for reconsideration is strict, and reconsideration is generally denied unless "the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citing *Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990); *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y.1988)). "Regardless of what the basis for reconsideration is, while acknowledging a court's power to revisit its own decision, the Supreme Court has cautioned that 'as a rule courts should be loathe to do so in the absence of extraordinary circumstances.'" *Corpac*, 10 F. Supp. 3d at 354 (citing *OGI Oceangate Transp. Co. Ltd. v. RP Logistics Pvt. Ltd.*, 06 CIV. 9441(RWS), 2007 WL 2900225, at *1 n.1 (S.D.N.Y. Oct. 4, 2007) (quoting *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988))).

In support of the Motion, Claimant contends: (i) the Decision is rife with inaccuracies (Motion ¶¶ 1, 2, 4, 38-43); (ii) the Court failed to account for the fact that he is a pro se litigant and must take judicial notice of case law which he maintains supports the proposition that pleadings filed by pro se parties must be construed liberally (*id.* ¶¶ 6-36); and (iii) the Court should grant him leave to amend the Claim to assert damage claims, including claims of fraud and breach of contract against Ditech and all the Wind Down Estates (*id.* ¶¶ 37, 44-57). In considering the merits of those contentions, the Court notes that because Claimant is pro se, the

Motion is held "to less stringent standards than formal pleadings drafted by lawyers. . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, the Court will "read the pleadings of [the pro se Claimant] liberally and interpret them 'to raise the strongest arguments that they suggest.' " *McPherson v. Coombe,* 174 F.3d 276, 280 (2nd Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2nd Cir.1994)). However, there are limits to a court's indulgence, as Claimant's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2nd Cir.1983) (quoting *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981)).

Turning first to Claimant's last contention, on April 29, 2021, Claimant filed a Request For Leave To Amend, formally requesting leave to amend the Claim to assert counterclaims of fraud and breach of contract against Ditech.[18] Since the Claimant has filed that standalone motion for relief, the Court will consider the request to amend the Claim in the context of that motion. Accordingly, in resolving the Motion, the Court will not address Claimant's arguments in support of his request to amend the Claim.

Next, the Court finds no merit to Claimant's assertion that the Court failed to consider his status as a pro se party in assessing the sufficiency of his Claim. *See* Motion ¶¶ 6-38. He asserts that papers filed by pro se parties are viewed more liberally and construed to do substantial justice, which here would result in the Court overruling the Claim Objection and allowing his Claim to be paid in full. *Id.* ¶¶ 3, 10-36. Claimant requests this Court to take "mandatory" judicial notice of case law which supports the proposition that pleadings filed by pro se parties are construed liberally. *Id.* (citations omitted). However, the Court fully accounted for

---

[18]    *See* Request For Leave To Amend [ECF No. 3361].

Claimant's pro se status, as it liberally construed the Claim and papers filed in support of the Claim. *See* Decision at 2, 8, 9, 21. There is no merit to this aspect of the Motion.

Finally, reading the Motion in a light most favorable to the pro se Claimant, he contends that the Decision contains the following factual errors: (i) contrary to the finding in the Decision, Claimant did not default on any of his loans (*e.g.,* Motion ¶¶ 2, 4, 38); (ii) the Court did not account for the fact that Ditech and the other lenders and failed to approve Claimant for a permanent mortgage modification and the denial was without justification (*id.* ¶¶ 5, 39); and (iii) the Court failed to account for the fact that One West lacked standing to foreclose on Claimant's property (*id.* ¶ 38). Assuming, *arguendo*, that the Court erred in the Decision as Claimant contends, Claimant nonetheless fails to state grounds for relief under Federal Rule 59(e). In the Decision, the Court found that Claimant failed to state claims for fraud, fraudulent misrepresentation, and intentional infliction of emotional distress against Ditech under Florida law. Decision at 12-20. That determination turned on the undisputed fact that the wrongdoing alleged in support of the Claim arose prior to Ditech's involvement with the Claimant. *Id.* at 18. None of the Court's alleged factual errors in the Decision bear on that issue. A request for reconsideration of the disallowance of a claim "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *In re Garcia*, 507 B.R. 434, 438 (Bankr. E.D.N.Y. 2014). Claimant has failed to meet the steep burden of demonstrating that the Court's alleged factual errors in the Decision provide grounds for relief under Federal Rule 59(e). Accordingly, the Court denies Claimant's request for relief under Federal Rule 9023. *See Yelle v. Mount St. Mary Coll.,* No. 18-CV-10927 (PMH), 2021 WL 311213, at *5 (S.D.N.Y. Jan. 29, 2021) (denying the motion for reconsideration and noting that

movant was afforded a full and fair opportunity to present any arguments and facts relevant to the issues before the court and "failed to point to intervening controlling case law, previously unavailable evidence, or the existence of manifest injustice. . . [p]laintiff has failed to carry the heavy burden required to prevail on a Rule 59(e) motion."); *Levitant v. Workers Comp. Bd. of New York*, No. 16 CIV. 6990 (ER), 2019 WL 5853438, at *3-4 (S.D.N.Y. Nov. 8, 2019) (denying the motion for reconsideration under Federal Rule 59(e) for failure to satisfy movant's heavy burden for reconsideration by raising new arguments by the motion and rehashing previously-raised arguments); *Cordero v. Astrue*, 574 F. Supp. 2d 373, 381 (S.D.N.Y. 2008) (denying motion for reconsideration under Federal Rule 59(e) and noting that movant attempts "to advance different theories not previously raised before this [c]ourt and has failed to identify any controlling law or factual matters put to the [c]ourt on the underlying motion that the [c]ourt demonstrably did not consider. . .").

Whether the Motion States Grounds
For Relief Under Bankruptcy Rule 9024

As noted, Bankruptcy Rule 9024 makes Federal Rule 60 applicable in bankruptcy cases. The six grounds under Federal Rule 60 for which a court may grant relief from an order or judgment are: "(1) mistake, inadvertence, surprise, excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is no longer equitable; or (6) any other reason that justifies relief." *In re Residential Capital, LLC*, 2015 WL 1636440, at *4 (Bankr. S.D.N.Y. Apr. 10, 2015) (internal quotations omitted) (citing Fed. R. Civ. P. 60(b)). "[A]ll orders of the bankruptcy court are subject to Rule 60 F.R.CIV.P." *In re K.G. IM, LLC*, 620 B.R. 469, 477 (Bankr. S.D.N.Y. 2020) (quoting Fed. R. Bankr. P. 9024, advisory committee note.) Given

Claimant's status as a pro se claimant, the Court will consider whether the Motion states grounds for relief under Federal Rule 60(b).

Federal Rule 60(b)(1) "is 'available for a district court to correct legal errors by the court.'" *United Airlines v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *In re 310 Assocs.*, 346 F.3d 31, 35 (2d Cir. 2003)). "Rule 60(b)(1) motions premised upon 'mistake' are intended to provide relief to a party when 'the judge has made a substantive mistake of law or fact in the final judgment or order.'" *Howard v. MTA Metro-North Commuter R.R.*, 866 F. Supp. 2d 196, 210 (S.D.N.Y. 2011) (quoting *Cashner v. Freedom Stores*, 98 F.3d 572, 576 (10th Cir. 1996)). This provision is plainly applicable to the Motion, as Claimant complains that the Decision contains factual errors. However, assuming, *arguendo*, that the Decision contains the factual errors cited by Claimant, those errors do not provide Claimant with grounds for relief under Federal Rule 60(b)(1). To prevail on a Federal Rule 60(b)(1) motion based on mistake, the moving party must establish the court made a "material mistake that changed the outcome of the [C]ourt's judgment." *Thatcher v. Lamanna*, No. 1:17-CV-04540 (ALC), 2020 WL 1047087, at *2 (S.D.N.Y. Mar. 4, 2020), *certificate of appealability denied*, No. 20-1297, 2020 WL 6127931 (2d Cir. July 30, 2020) citing *Samuels v. United States*, No. 12 Civ. 7362, 2017 WL 6624849, at *1 (S.D.N.Y. Oct. 11, 2017).  As discussed previously, the Court's determination in the Decision that Claimant failed to state claims for fraud, fraudulent misrepresentation, and intentional infliction of emotional distress against Ditech under Florida law turned on the undisputed fact that the wrongdoing alleged in support of the Claim arose prior to Ditech's involvement with the Claimant. The factual errors (if any) that Claimant cites are not substantive factual errors. Accordingly, Claimant has failed to demonstrate grounds for relief under Federal Rule 60(b)(1). *See Weiming Chen v. Ying-Jeou Ma*, 595 F. App'x 79, 80 (2d Cir. 2015) (affirming the district

court's denial of the motion under Federal Rule 60(b) because a review of the Court's record

revealed no substantive mistake requiring correction and claimant sough to relitigate issues

already decided); *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (denying reconsideration

under Federal Rule 60(b) noting that while counsel in the original action erred, the court declines

to relieve a client under subsection (b)(1) of the "burdens of a final judgment entered against him

due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or

other rules of the court, or his inability to efficiently manage his caseload."); *Thatcher*, 2020 WL

1047087 at *2 (holding that the Court's failure to mail the Report and Recommendation did not

constitute a mistake sufficient to invoke relief under Federal Rule 60(b)(1)).

Federal Rule 60(b)(2) "provides relief when the movant presents newly discovered

evidence that could not have been discovered earlier and that is relevant to the merits of the

litigation." *Victorinox AG v. B&F Sys., Inc.*, No. 15-CV-4032, 2017 WL 4149288, at *5 (2d Cir.

Sept. 19, 2017) (summary order) (internal quotation marks omitted).  To succeed under Federal

Rule 60(b)(2), a movant must demonstrate that "(1) the newly discovered evidence was of facts

that existed at the time of trial or other dispositive proceeding, (2) the movant must have been

justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of

such importance that it probably would have changed the outcome, and (4) the evidence must not

be merely cumulative or impeaching." *United States v. Int'l Bhd. Of Teamsters*, 247 F.3d 370,

391 (2d Cir. 2001) (quoting *United States v. IBT*, 179 F.R.D. 444, 447 (S.D.N.Y.

1998) (alteration in original)). This rule has no application in this case, as Claimant does not, and

cannot point to new evidence in support of his Claim.

A movant seeking relief under Federal Rule 60(b)(3) "must demonstrate by clear and

convincing evidence that the adverse party engaged in fraud, misrepresentation, or other

misconduct," and that "this conduct prevented [the movant] from fully and fairly presenting [its] case." *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) (internal quotation marks omitted) (quoting *Walther v. Maricopa Int'l Inv. Corp.*, No. 97-cv-4816 (HB), 2002 WL 31521078, at *3 (S.D.N.Y. Nov. 12, 2002)). That rule is inapposite. Claimant does not, and cannot, complain that he was denied an opportunity to assert his Claim fully and fairly, for any reason, let alone alleged fraud by the Plan Administrators.

Federal Rule 60(b)(4) applies when a judgment is void, such as when there is no "'jurisdiction of the subject matter, or of the parties, or if [the Court] acted in a manner inconsistent with due process of law.'" *City of New York v. Mickalis Pawn Shop, L.L.C*, 645 F.3d 114, 138 (2d Cir.2011), quoting, *Grace v. Bank Leumi Trust Co. of NY,* 443 F.3d 180, 193 (2d Cir.2006) (citations omitted). *See also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 261 (2010) ("Rule 60(b)(4) allows a party to seek relief from a final judgment that 'is void,' but only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.") Claimant makes no such allegation in support of the Motion. Federal Rule 60(b)(5) governs when a judgment has been satisfied, released, or discharged. Neither section is applicable herein.

Federal Rule 60(b)(6) provides relief for from a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) is a broadly drafted 'umbrella provision,' which must be read in conjunction with the other sections of that Rule, and is applicable only where the more specific provisions do not apply." *PRC Harris, Inc. v. Boeing Co.,* 700 F.2d 894, 898 (2d Cir.1983). Thus, relief under Federal Rule 60(b)(6) cannot be predicated "on one of the grounds for relief enumerated in clauses (b)(1) through

(b)(5)." *Williams v. 563–569 Cauldwell Assoc. LLC,* No. 10 Civ. 09, 2013 WL 1344672 at *2

(S.D.N.Y. Mar. 28, 2013) (quoting *Liljeberg v. Health Serv. Acquisition Corp.,* 486 U.S. 847,

863 (1988)). "Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive, such that any conduct

which generally falls under the former cannot stand as a ground for relief under the latter. . .

.Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake,

inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Stevens v. Miller*, 676 F.3d 62,

67-68 (2d Cir. 2012) (quotations and citations omitted)). That is the case here.  As discussed

above, the Motion is fairly construed as seeking relief under Federal Rule 60(b)(1) from the

Court's alleged factual errors in the Decision.  Accordingly, Claimant has no claim to relief

under Federal Rule 60(b)(6). *See, e.g. Genger v. Genger*, 663 F. App'x 44, 51 (2d Cir. Sept. 29,

2016) (summary order).

## Conclusion

Based on the foregoing, the Court denies the Motion.

IT IS SO ORDERED.

Dated:  New York, New York
        June 1, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge

13