UNITED STATES BANKRUPTCY COURT                    NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
In re:                                            :
                                                  :    Case No. 19-10412 (JLG)
                                                  :    Chapter 11
Ditech Holding Corporation, *et al.*,             :
                                                  :
                                                  :    (Jointly Administered)
                                  Debtors.[1]     :
------------------------------------------------------- x

**MEMORANDUM DECISION AND ORDER SUSTAINING THE FORTY-EIGHTH
OMNIBUS OBJECTION (NO BASIS CONSUMER CREDITOR LITIGATION CLAIMS)
WITH RESPECT TO CLAIM OF LUCILLE WILLS AND EDWARD BAILEY**


**A P P E A R A N C E S :**

WEIL, GOTSHAL & MANGES LLP
*Attorneys for the Plan Administrator*
767 Fifth Avenue
New York, New York 10153
<u>By:</u>    Ray C. Schrock, P.C.
        Richard W. Slack, Esq.
        Sunny Singh, Esq.


JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
<u>By:</u>    Richard Levin, Esq.


Mr. Edward Bailey
Ms. Lucille Wills
*Appearing Pro Se*
c/o Law Office of Richard L. Antognini
2036 Nevada City Hwy, Ste 636
Grass Valley, CA 95945

---

[1]    The confirmation of the Debtors' Third Amended Plan (as defined below) created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

1

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## Introduction[2]

Lucille Wills (the "Borrower") and Edward Bailey[3] (together, the "Claimants") filed

amended Proof of Claim No. 2861 (the "Claim") against Ditech Financial LLC f/k/a Green Tree

Servicing LLC ("Ditech") in these Chapter 11 Cases.[4]  As explained below, the Claim recites

that it is both a secured and unsecured claim in the sum of $220,692. It seeks damages from

Ditech for its failure to acknowledge that Borrower paid off her loan in full via an International

Promissory Note which Claimants assert is legal tender under the United Nations Convention on

International Bills of Exchange and International Promissory Notes (the "UNCITRAL

Convention.").

In their Forty-Eighth Omnibus Claims Objection (the "Objection"),[5] the Plan

Administrator and the Consumer Claims Representative (collectively, the "Estate

Representatives") seek to disallow and expunge the Claim. The Claimants, appearing pro se,

---

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Forty-Eighth Omnibus Claims Objection and the Third Amended Plan. References to "ECF No. __" herein are to documents filed in the electronic docket in these jointly administered cases under Case No. 19-10412 (the "Chapter 11 Cases").

[3]   The WPO-International Trust owns the Property (as defined below). Edward Bailey is the trustee under the trust. *See Bailey v. Ditech Fin., LLC,* No. 3:16-CV-0274-SI, 2018 WL 1547352, at *1 (D. Or. Mar. 29, 2018) (the "Oregon Federal Decision").

[4]   Claimants previously filed proofs of claim on April 25, 2019 (Claim No. 21507), January 13, 2020 (Claim No. 2853), and January 17, 2020 (Claim No. 2854). On February 21, 2020, the Plan Administrator and Consumer Representative filed the Thirty-Sixth Omnibus Objection to Proofs of Claim (Amended/Duplicative Consumer Creditor Claims) [ECF No. 1882], which included Claim Nos. 2853, 2854, and 21507, on the basis that such claims were either duplicative of, or had been amended or superseded by a subsequent filing of a proof of claim. On May 15, 2020, this Court granted the Thirty-Sixth Omnibus Objection to Proofs of Claim Amended/Duplicative Consumer Creditor Claims), expunging Claim Nos. 2853, 2854, and 21507. See Order Granting Thirty-Sixth Omnibus Objection to Proofs of Claim (Amended/Duplicative Consumer Creditor Claims) [ECF No. 2366].

[5]   *See* Forty-Eighth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Litigation Claims) [ECF No. 2148].

responded to the Objection (the "Response").[6] The Estate Representatives submitted a joint reply

to the Response (the Reply").[7]

    The Estate Representatives contend that the Court should expunge the Claim because it

fails to state a claim for relief against Ditech. Pursuant to the Claims Procedures Order,[8] the

Court conducted a Sufficiency Hearing on the Claim, at which time counsel for the Estate

Representatives and Claimants appeared and was heard by the Court.[9]  The legal standard of

review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for

failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal

Rules of Civil Procedure ("Rule 12(b)(6)").[10] *See* Claims Procedures Order ¶ 3(iv)(a). In the

Claim, Claimants seek relief that is identical to the relief they sought against Ditech in a pre-

petition lawsuit (the "Oregon Federal Action") that they unsuccessfully prosecuted in the United

States District Court for the District of Oregon, Portland Division. Pursuant to the Oregon

Federal Decision,[11] the Oregon District Court granted summary judgment in favor of Ditech and

dismissed the Oregon Federal Action. The Claimants appealed that ruling to the Ninth Circuit

Court of Appeals. The appeal was stayed upon the commencement of these Chapter 11 Cases.

    It is settled that under Rule 12(b)(6), dismissal of a claim on *res judicata* grounds is

appropriate when the elements of *res judicata* are apparent on the face of the claim.  It is also

settled that pro se claimants are subject to application of the principles of *res judicata* and claim

---

[6]   *See* Response to the Objection on Claim Number 2861 of Lucille Wills and Edward Bailey [ECF No. 2514].

[7]   *See* Joint Reply of Plan Administrator and Consumer Representative in Support of the Forty-Eighth Omnibus Objection with Respect to Claim of Lucille Wills and Edward Bailey (Claim No. 2861) [ECF No. 3392].

[8]   *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632].

[9]   *See* May 27, 2021 Hr'g. Tr. [ECF No. 3423].

[10]   Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[11]   *See supra* note 3.

preclusion.  As explained below, the Court sustains the Objection and disallows and expunges the Claim on the grounds that the doctrine of *res judicata*, as applied under Oregon state law, bars the Claimants from obtaining any recovery under the Claim. Moreover, and in any event, construing the Claim in the light most favorable to the Claimants, and drawing all inferences in their favor, the Claimants fail to state a claim for relief against Ditech. For that additional reason, the Court disallows and expunges the Claim.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.).  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background[12]

On March 27, 2007, Borrower executed a promissory note in the sum of $211,500 secured by a deed of trust  (the "Deed of Trust") in favor of Decision One Mortgage Company,

---

[12]    As discussed herein, in applying Rule 12(b)(6) to the Claim, the Court tests the legal sufficiency of the Claim. Accordingly, in resolving the Objection, the Court assumes the truth of the well plead facts in support of the Claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) ("In any event, a ruling on a motion for dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact."). In support of the Claim and the Objection, both the Claimants and Estate Representatives rely on pleadings filed and decisions rendered in the Oregon Federal Action. It is well settled that in resolving a Rule 12(b)(6) motion, the court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  *St. Louis Baptist Temple, Inc. v. FDIC,* 605 F.2d 1169, 1172 (10th Cir.1979); *Kasey v. Molybdenum Corp. of America*, 336 F.2d 560, 563 (9th Cir. 1964) (where parties had history of litigation in state court, court took "judicial notice of . . . officially reported decisions and refers to them for a better understanding of the complicated factual situation here existing."); *Wingate v. Gives*, 05 Civ. 1872 (LAK), 2016 WL 519634, at *1 (S.D.N.Y. Feb. 5, 2016) (court took judicial notice of facts in reported state court decisions; *Church of Scientology Int'l v. Time Warner, Inc.,* 806 F.Supp. 1157, 1159 n.2 (S.D.N.Y.1992) (court took judicial notice of reported decisions dealing with Scientology organizations). *See also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (stating that on a motion to dismiss for failure to state a claim a court may consider materials extrinsic to the pleadings, if the materials are integral to the complaint or matters subject to judicial notice). The matters at issue in the Claim mirror those at issue and finally resolved against the Claimants in the Oregon Federal Action. The documents cited by the Claimants and Estate Representatives directly bear on the merits of those claims. Thus, subject to the standards applicable to Rule 12(b)(6) motions, the Court takes judicial notice of the documents that the Claimants and Estate Representatives rely on in support of their respective positions in this matter. As necessary, the Court cites to those documents herein.

4

LLC on the real property located at 13049 NE Broadway Street, Portland, Oregon (the "Property"). *See* Claim at 35.[13] The Deed of Trust named Fidelity National Title as trustee and Mortgage Electronic Registration Systems Inc. ("MERS") as nominee for Decision One Mortgage Company, LLC, as the beneficiary. *Id.* at 45. The Deed of Trust provides that MERS was "acting solely as a nominee for Lender and Lender's successors and assigns." *See* Reply Ex. A, Deed of Trust at 1. On November 1, 2013, Specialized Loan Servicing, LLC ("SLS") transferred servicing of the loan to Ditech. *See* Oregon Federal Decision at *2. At that time, Borrower was two payments delinquent on the loan and more than 180 days past due. *Id.* SLS had initiated foreclosure proceedings against Claimants. *Id.* Ditech began accepting payments from the Borrower and applied them to the oldest balances due. *Id.* The payments did not correct the delinquent status of the loan, and in March 2014, Ditech informed Borrower that it would no longer accept payments on the loan and requested that the account be brought current. *Id.* Borrower wrote a letter to Ditech detailing her hardship and explaining why she became delinquent. *See* Reply Ex. C, Letter to Ditech dated April 14, 2014.  In response, Ditech agreed to waive her late fees of $1,054.11. *See id.* Ex. D, Letter to Borrower dated June 17, 2014.

In a letter dated November 4, 2014, Ditech sent payoff instructions to the Borrower. *See* Claim at 19-21. That letter specifically provides that "[p]ayoff funds must be remitted using a money order, cashier's check, or other certified instrument unless a Title Company remits funds." *Id.* at 20. On November 24, 2014, Claimants purported to file a UCC Financing Statement (the "Financing Statement") pursuant to the Uniform Commercial Code in the sum of $220,642 "payable on demand/at sight" to Ditech for the "discharge of debt" via the International Promissory Note. *Id.* at 29-36. The International Promissory Note is dated November 15, 2014. *See* Reply at 47. It provides that it is "certified government funds currency"

---

[13]    References herein to pages of the Claim and Response are cited to the particular PDF page of the Claim and Response.

a "Negotiable Instrument" "an obligation (debt) of the United States (12 U.S.C. §411; 18 U.S.C.

§ 826; and USC § 108(e)(10)(A))" "THE EQUIVALENT OF MONEY" and "UCC1

CERTIFIED and REGISTERED" by the "MASSECHUTTES [sic] Secretary of State." *Id.* By

letter dated February 3, 2015, Borrower advised that she tendered payment in full to Ditech via

the International Promissory Note. *See* Oregon Federal Decision at *3. *See also* Reply Ex. E,

Letter to Ditech dated Feb. 3, 2015. Ditech rejected the International Promissory Note on the

grounds that it is not legal tender and "will not be accepted now or in the future as payment on

the note or mortgage." *See* Reply Ex. E at 2. By letter dated March 16, 2015, Ditech notified

Borrower that it completed an investigation of payments on the account, found that there were no

errors and confirmed that the information it reported to the credit bureau was correct. *See* Oregon

Federal Decision at *3.

On February 16, 2016, Claimants commenced the Oregon Federal Action against various

entities alleging causes of action based "upon the facts and circumstances surrounding Plaintiffs'

original loan transactions and subsequent securitization." Claim No. 21507 at 4, 7. On June 23,

2016, Claimants filed their First Amended Complaint which added Ditech as a defendant. In the

complaint, Claimants sought damages for violations of 12 U.S.C. § 2605 (the Real Estate

Settlement Procedures ("RESPA")), unlawful foreclosure and breach of contract. *See* First

Amended Complaint, *Edward Bailey, Trustee of the WPO-International Trust, et. al., v. Ditech

Financial, LLC, et. al.,* Case No. 3:16-cv-274-SI, (D. Or. June 23, 2016) (Doc. 32). The First

Amended Complaint raises the same issues as the Claim—failure by Ditech to account for

payment on the loan and breach of contract for Ditech's failure to accept the International

Promissory Note as payment in 2014. *Compare* First Amended Complaint ¶¶10-12, 15-16 *with*

Response *and* Claim at 13-47.

Ditech filed a motion for summary judgment in the Oregon Federal Action and Claimants did not file a response, despite receiving an extension of time in which to do so. *See* Oregon Federal Decision at *2.[14]  On March 29, 2018, the Oregon District Court reviewed the undisputed material facts and granted summary judgment in favor of Ditech and dismissed the case. *Id.* at *2-3. In granting summary judgment, the Oregon District Court found that "Ditech refused to accept payments in an amount less than would make Ms. Wills' account current, but that is allowable under the express terms of the Deed of Trust. Ditech also refused to accept the 'Unconditional International Promissory Note,' but acceptance of that form of payment is not required under RESPA." *Id.* at *3. On April 26, 2016, Borrower executed a Deed of Revocation on the Property revoking the January 25, 2005 Deed of Trust in favor of Fidelity National Title as Trustee and MERS and the beneficiary. *See* Claim at 45.  On April 30, 2018, Claimants appealed the Oregon Federal Decision to the United States Court of Appeals for the Ninth Circuit.  *See Lucille Wills, Beneficiary, Edward Bailey, Trustee for and on behalf of the WPO-International Trust v. Ditech Financial, LLC*, Case No. 18-35345 (9th Cir. April 30, 2018). On Ditech's Notice of Bankruptcy and Imposition of Automatic Stay, the circuit stayed the appeal. *See* Order, *Lucille Wills, Beneficiary, Edward Bailey, Trustee for and on behalf of the WPO-International Trust v. Ditech Financial, LLC*, Case No. 18-35345 (9th Cir. April 15, 2019) (Doc. 27).

---

[14]    The Oregon District Court appointed pro bono counsel to represent Claimants, but the Claimants did not respond to their court appointed counsel. After the court encouraged Claimants to meet with counsel, Borrower indicated that she was not able to work with her court appointed counsel. Thereafter, the Oregon District Court terminated that appointment and provided Claimants three additional weeks, until March 2, 2018, to respond to Ditech's motion for summary judgment. Claimants did not file a response.  *See* Oregon Federal Decision at *2.

**The Chapter 11 Cases**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates ("Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.  The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' Chapter 11 Cases (the "General Bar Date").[15] Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, and ultimately to June 3, 2019 at 5:00 p.m. (prevailing Eastern Time).[16]

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[17] and on September 30, 2019, that plan became effective.[18] The Plan Administrator is a fiduciary appointed under the Third Amended Plan who is charged with the duty of winding down, dissolving and liquidating the Wind Down Estates. *See* Third Amended Plan, Art. I, ¶¶ 1.130, 1.184, 1.186. The Consumer Claims Representative is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed Consumer Creditor Claims in accordance

---

[15]    *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 90].

[16]    *See* Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers *Nunc Pro Tunc* [ECF No. 496].

[17]    *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[18]    Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

with the Third Amended Plan. *Id.,* Art. I, ¶ 1.41. Under the plan, the Plan Administrator, on

behalf of each of the Wind Down Estates, is authorized to object to all Administrative Expense

Claims, Priority Tax Claims, Priority Non-Tax Claims, and Intercompany Claims; and the

Consumer Claims Representative has the exclusive authority to object to all Consumer Creditor

Claims. *See id.*, Art. VII, § 7.1.

**The Proof of Claim**

On April 25, 2019, Claimants, by their counsel, filed their initial claim (Claim 21507) as

a general unsecured claim in an undetermined amount. *See* Claim No. 21507. On February 7,

2020, Claimants, acting pro se, amended that claim, to assert the Claim in the sum of $220,642

that they labeled as both a secured and unsecured claim. *See* Claim at 2.  As support for the

Claim, the Claimants rely on a certificate of service filed in the appeal, a document titled

"Amending Proof of Claim #21507, For Lucille Wills and Edward Bailey filed on April 25, 2019

for the Order Confirming the Third Amended Joint Chapter 11 Plan of Ditech Holding

Corporation and its Affiliated Debtors," as well as various documents including the Financing

Statement, International Promissory Note and letters from Ditech. *See id.* at 4-47. In substance,

the Claimants maintain that the loan on their Property was paid in full via the International

Promissory Note and as such, Ditech's failure to accept and apply the note to their account

results in a breach of contract on account of which they are entitled to receive damages. *Id.* at 6,

8-10.

**Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that

order, the Estate Representatives are authorized to file Omnibus Objections seeking reduction,

reclassification, or disallowance of Claims on the grounds set forth in Bankruptcy Rule 3007(d)

and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶

2(i)(a)-(h). A properly filed and served response to an Objection gives rise to a "Contested

Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Estate Representatives have the

option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing."

*Id.* ¶ 3(iv)(a),(b).  A "Merits Hearing" is an evidentiary hearing on the merits of a Contested

Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested

Claim states a claim for relief against the Debtors. The legal standard of review that will be

applied by the Court at a Sufficiency Hearing is equivalent to the standard applied by the Court

upon a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* ¶

3(iv)(a).

**The Objection**

In the Objection, the Estate Representatives challenge the sufficiency of the Claim and

contend that it fails to state a claim for relief, and that by application of Rule 12(b)(6), the Court

must disallow and expunge the Claim. They contend that the Claim is barred by application of

the doctrine of *res judicata* because it is based upon the same claims that were dismissed in the

Oregon Federal Action. They maintain that since these issues have already been litigated and

found to have no merit in the Oregon Federal Action, the doctrine of *res judicata* bars the

Claimants from relitigating those claims herein through the claim allowance process.  Reply ¶¶

24-29.  Alternatively, they contend that the Court should expunge the Claim because it fails to

state a claim for relief under Oregon state law (*id.* ¶¶ 31-35) or, at a minimum, reclassify the

secured claim to an unsecured Consumer Creditor Claim, subject to further determination of its

status as a section 363(o) or non-section 363(o) claim. *Id.* ¶¶ 36-45.

## **Applicable Legal Standards**

Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law. . . ." 11 U.S.C. 502(b)(1). Whether a claim is allowable "generally is determined by applicable nonbankruptcy law*." In re W.R. Grace & Co*., 346 B.R. 672, 674 (Bankr. D. Del. 2006). "What claims of creditors are valid and subsisting obligations against the bankrupt at the time a petition is filed, is a question which, in the absence of overruling federal law, is to be determined by reference to state law." *In re Hess,* 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009) (quoting *Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156, 161 (1946)). The Property is located in Oregon, so the laws of that state are applicable. "Property interests are created and defined by state law." *Canney v. Merchants Bank (In re Canney)*, 284 F.3d 362, 370 (2d Cir. 2002) (citing *Butner v. United States*, 440 U.S. 48, 55 (1979)).

Under section 502(a) of the Bankruptcy Code, "a claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See, e.g., Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248(KPF), 2016 WL 796860, at \*9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at \*3 (S.D.N.Y. May 12, 2012); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010).

In filing the Objection, the Estate Representatives initiated a contested matter.  *See* Fed.

R. Bankr. P. 3007 advisory committee's note ("[t]he contested matter initiated by an objection to

a claim is governed by Rule 9014. . ."). *See also In re Tender Loving Care Health Servs., Inc.*,

562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the

objection has initiated a contested matter").  Bankruptcy Rule 9014 governs contested matters.

The rule does not explicitly provide for the application of Bankruptcy Rule 7012.  However,

Bankruptcy Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter

direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014. The

Court did so here. Under the Claims Procedures Order, the legal standard of review the Court

applies at a Sufficiency Hearing is equivalent to the standard applied by the Court under Rule

12(b)(6) on a motion to dismiss for failure to state a claim upon which relief could be granted.

*See* Claims Procedure Order ¶ 3(iv)(a).  *See also In re 20/20 Sport, Inc.*, 200 B.R. 972, 978

(Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's

claim to a civil complaint [and] a trustee's objection to an answer. . . ").

In applying Rule 12(b)(6) to the Claim, the Court assesses the sufficiency of the facts

alleged in support of the Claim in light of the pleading requirements under Rule 8(a) of the

Federal Rules of Civil Procedure.[19]  Rule 8(a)(2) states that a claim for relief must contain "a

short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R.

Civ. P. 8(a)(2). To meet that standard, the Claim "must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S.

662, 678 (2009) ("*Iqbal*") (citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S.

544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[19]    Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule

12(b)(6), the "pleadings must create the possibility of a right to relief that is more than

speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008)

(citation omitted). In considering whether that standard is met for a particular claim, the court

must assume the truth of all material facts alleged in support of the claim and draw all reasonable

inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98

(2d Cir. 2007). However, the court "need not accord 'legal conclusions, deductions or opinions

that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo

Biochem, Inc.*, 530 F.Supp.2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec.

Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ.

P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to

assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC

Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted).

Where, as here, the Claimants are proceeding pro se, the Court will liberally construe the Claim,

although the Claim must nonetheless be supported by specific and detailed factual allegations

that provide a fair understanding for the basis of the claim and the legal grounds for recovery

against Ditech. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489,

494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx.

27, 29 (2d Cir. 2005)).

    *Res judicata* and claim preclusion bar the "relitigation ... of claims that were, or could

have been, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y.

v. First Millennium, Inc.,* 607 F.3d 905, 919 (2d Cir.2010). The doctrine of *res judicata* is

applicable to motions under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) on *res

judicata* grounds is appropriate when the elements of res judicata [sic] are apparent on the face of

the pleadings." *Murry v. Gen. Servs. Admin.,* 553 Fed. Appx. 362, 364 (5th Cir.2014) (citation

omitted). *See also Freeman v. Sikorsky Aircraft Corp*., 151 Fed. App'x  91,  92 (2d Cir. 2005)

(noting that the affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion

"when all of the relevant facts are shown by the court's own records." (quoting *Day v.

Moscow,* 955 F.2d 807, 811 (2d Cir.1992)).

## Discussion

In the First Amended Complaint, the Claimants assert that Ditech, among others, violated

RESPA by failing to timely act in response to their requests to correct errors in accounting for

mortgage payments in 2013 and 2014. *See* First Amended Complaint ¶10. They claim that

Ditech also violated RESPA when it "refused to respon[d] to plaintiff's attempts to correct the

delinquent status of their loan and by refusing to accept plaintiff's loan payments in 2014 and

2015." *Id.* ¶ 11. Claimants also assert that Ditech and other servicers breached the terms of the

loan documents by failing to properly account for, accept payments and apply payments made on

account of the loan (*id.* ¶¶ 15-16), and further breached the contract when it failed to correct its

error. *Id.* ¶ 15.

The Oregon District Court rejected the Claimants' contentions. It found that Claimants'

claims under RESPA were without merit. *See* Oregon Federal Decision at *3. Based on the

undisputed facts, the court ruled that Ditech did respond to Claimants' requests by investigating

the account to reconcile payments made, notifying Claimants that the account was delinquent

and even waiving the late fees as a courtesy. *See id.* The court found that under the terms of the

Deed of Trust, Ditech was empowered to refuse to accept any further payments in amounts less

than would make the account current, and that Ditech was not required to accept the International

Promissory Note as payment. *Id.* Moreover, the Oregon District Court held that Ditech did not

breach the terms of the Deed of Trust when it failed to account for, and applied payments made

14

by check numbers 4508 and 4578 to Bank of America when Specialized Loan Servicing, LLC was the loan servicer. *Id.* In any event, the court found that Ditech provided evidence that those two payments were received and applied to the loan by Bank of America. The Oregon District Court ruled that the undisputed facts showed that Ditech did not breach the Deed of Trust. *Id.*

Although the Court construes this Claim liberally, the pro se Claimants are not exempt from the rules of *res judicata. See Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right.") (internal citations omitted). *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Petitioner [appearing pro se] is not, however, excused 'from compliance with relevant rules of procedural and substantive law.'").

The claims at issue in the Claim are Oregon state law claims. Accordingly, the claim preclusive effect of the Oregon Federal Decision, is based upon "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). *See also Howard Carr Companies, Inc. v. Cumberland Farms, Inc.,* 833 F. App'x 922, 923 (2d Cir. 2021) ("Because the federal court that issued the first judgment sat in diversity in New York, we apply the preclusion law of that state").

In Oregon, "a plaintiff who has prosecuted one action against a defendant through to a final judgment ... is barred [i.e. precluded] ... from prosecuting another action against the same defendant where the claim in the second action is one which [1] is based on the same factual transaction that was at issue in the first, [2] seeks a remedy additional or alternative to the one sought earlier, and [3] is of such a nature as could have been joined in the first action." *Dauven v. U.S. Bancorp,* 390 F. Supp. 3d 1262, 1277 (D. Or. 2019) (citing *Drews v. EBI Companies*, 310

15

Or. 134, 140, 795 P.2d 531, 535 (1990) (quoting *Rennie v. Freeway Transport*, 294 Or. 319, 323,

656 P.2d 919 (1982)). *See also W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir.

1997) ("In order for res judicata to apply there must be: 1) an identity of claims, 2) a final

judgment on the merits, and 3) identity or privity between parties.") (citing *Blonder–Tongue Lab.*

*v. University of Ill. Found.*, 402 U.S. 313, 323–24 (1971)). "Oregon has adopted the transactional

approach of the Restatement (Second) of Judgments, which requires that all claims arising out of

a particular set of factual circumstances be brought in a single action." *Haines v. Oliver*, No.

CIV. 10-3027-CL, 2011 WL 886206, at *4 (D. Or. Feb. 4, 2011), *report and recommendation*

*adopted*, No. CIV. 10-3027-CL, 2011 WL 884454 (D. Or. Mar. 14, 2011). The application of *res*

*judicata* under Oregon law "forecloses a party that has litigated a claim against another from

further litigation on that same claim on any ground or theory of relief that the party could have

litigated in the first instance." *Bloomfield v. Weakland*, 339 Or. 504, 511, 123 P.3d 275 (2005).

In Oregon, "the pendency of an appeal does not prevent a judgment from operating as res

judicata or collateral estoppel." *Icon Groupe, LLC v. Washington Cty.*, No. 3:12-CV-1114-AC,

2015 WL 3397170, at *4 (D. Or. May 26, 2015) (citing *Ron Tonkin Gran Turismo, Inc. v.*

*Wakehouse Motors, Inc.*, 46 Or. App. 199, 207 (Or. Ct. App. 1980)). "Consequently, the mere

fact [that] the [Oregon Federal Decision] is currently on appeal does not prevent it from

operating as res judicata or collateral estoppel." *Id. See also Haines v. Oliver*, No. CIV. 10-3027-

CL, 2011 WL 886206, at *4 (D. Or. Feb. 4, 2011), *report and recommendation adopted*, No.

CIV. 10-3027-CL, 2011 WL 884454 (D. Or. Mar. 14, 2011) (determining claim was barred by

res judicata based on summary judgment ruling that was pending on appeal).

Before considering whether application of the doctrine of claim preclusion bars the

Claim, the Court must determine whether the Claimants had a "full and fair opportunity" to

participate in the Oregon Federal Action. *See Haines v. Oliver*, 2011 WL 886206, at *4 ("A

16

limitation on application of preclusion is that the litigant must have had a 'full and fair opportunity' to litigate the issue in the earlier case.") (citation omitted).

The Oregon District Court provided Claimants with pro bono counsel, which they rejected. The court also afforded them additional time to respond to the summary judgment motion – to no avail since they failed to respond to the motion. It is clear that Claimants had a full and fair opportunity to litigate their claims in the Oregon Federal Action. The first element of res judicata is satisfied because the same transaction is at issue in the Claim as in the Oregon Federal Action. The undisputed facts in the Oregon Federal Decision indicate Borrower was delinquent in her payments and attempted "to pay off her loan with an 'Unconditional International Promissory Note.'" *See* Oregon Federal Decision at \*3. That is what Claimants assert in support of the Claim. The second element of res judicata also is satisfied.  In granting summary judgment to Ditech, the Oregon District Court found that Ditech had not "[f]ailed properly to account for and apply payments made" by Borrower and Ditech was not required to accept the International Promissory Note under RESPA. *See id*. In support of the Claim, Claimants make similar allegations. They assert that Ditech failed to discharge the mortgage based on the alleged satisfaction pursuant to the International Promissory Note.  *See* Claim at 8-9, 28-29. Thus, the factual allegations asserted in support of the Claim were already litigated in the Oregon Federal Action. Finally, to the extent that Claimants are asserting additional or other claims or causes of action, they are doing so based "upon the facts and circumstances surrounding Plaintiff's original loan transaction and subsequent securitization." *See* Claim 21507 at 7. Those events pre-date the Oregon Federal Decision and could have been alleged and adjudicated in the Oregon Federal Action.  Thus, any such causes of action based on the same

transactions or set of facts are barred by res judicata. For that reason, the Court disallows and expunges the Claim.[20]

Even if the application of the principles of *res judicata* do not bar the Claim, it nonetheless should be disallowed and expunged as a matter of law. In substance, Claimants assert that Ditech failed to discharge the mortgage based on the alleged satisfaction of the International Promissory Note. *See* Claim at 8-9, 28-29. They seem to contend that Ditech failed to discharge the Deed of Trust as required "after full performance of the condition of the mortgage." OR. REV. STAT. § 86.140 (1993); *see* Claim at 8-9; Response at 1. "Under Oregon law, a mortgage or trust deed is satisfied when the debt is discharged. . . . Payment of secured debt extinguishes the lien of the mortgage or deed of trust by itself and instantaneously." *Matter of Estate of Casebeer*, 443 P.3d 718, 723 (Or. Ct. App. 2019) (internal citations and quotations omitted).

The Claimants assert that they paid off their secured debt in full by tendering the International Promissory Note. There is no merit in that contention. A promissory note is merely an "unconditional written promise" to pay. *See Promissory Note*, <u>Black's Law Dictionary</u> (11th ed. 2019). It does not constitute actual payment, much less one made in U.S. currency as required by the Deed of Trust. *See* Deed of Trust at 3. The Claimants never paid the debt, so the statutory requirements for discharge do not apply. Moreover, while the  Claimants tendered the International Promissory Note, the Deed of Trust does not allow for such form of payment and Ditech informed Claimants that such form of payment was not acceptable. *See* Deed of Trust at 3; Response at 3. Under Oregon law, "payment means the discharge of a debt or obligation in money." *Nw. Foundry & Furnace Co. v. Willamette Mfg. & Supply Co.,* 521 P.2d 545, 549 (Or. 1974) (citing *Smith v. Mills*, 230 P. 350, 352 (Or. 1924)). "But anything of value delivered by the

---

[20]    Because the Court concludes that the Claim should be disallowed and expunged, it does not consider the Estate Representatives alternative claims for relief.

debtor and accepted by the creditor in discharge of the debt will constitute payment . . . . In such

case it is the distinct agreement of the creditor to accept the thing in discharge of the debt that

gives it the character of payment." *Id.*

Courts routinely reject attempts by borrowers to pay off debts with a promissory note.

The case of *Marvin v. Capital One,* No. 1:15-CV-1310, 2016 WL 4548382 (W.D. Mich. Aug.

16, 2016), *report and recommendation adopted*, No. 1:15-CV-1310, 2016 WL 4541997 (W.D.

Mich. Aug. 31, 2016), *aff'd,* No. 16-2307, 2017 WL 4317143 (6th Cir. June 6, 2017), is

instructive. There, a creditor purported to pay off "credit card debt with a 'negotiable

international promissory note.'" 2016 WL 4548382, at *1. The plaintiff sought to hold Capital

One liable for its refusal to accept this international promissory note – allegedly based on the

"UNCITRAL CONVENTION" – to pay off the credit card debt. *Id.* at *4. The Claimants seek

the same relief from Ditech. *See* Claim at 17 ("This International promissory note (UNCITRAL

Convention) is 'THE EQUIVALENT' OF MONEY as per 12 USC 1813 (L)."). Capital One

moved to dismiss the complaint, which the court granted, holding that:

> The gist of plaintiff's argument is that there is no lawful money in circulation, that
> his personal international promissory note was authorized under the "UNCITRAL
> CONVENTION," and that Capital One violated federal and state law by refusing
> to accept it. This is nonsense. "UNCITRAL is the United Nations Commission on
> International Trade Law. Established by the United Nations General Assembly in
> 1966, UNCITRAL plays an important role in developing and improving a legal
> framework to facilitate international trade and investment." *BP Exploration Libya
> Limited v. ExxonMobil Libya Limited*, 689 F.3d 481, 485, n. 1 (5th Cir. 2012).
> Plaintiff cannot pay his debt owed to Capital One by use of a purported
> "international promissory note" authorized under the UNCITRAL convention
> because such a note is not legal tender. . .

2016 WL 4548382, at *4 (citations omitted). *See also In re Walters*, No. 14-10119 (SMB), 2015

WL 3935237, at *3 (Bankr. S.D.N.Y. June 25, 2015) (holding that International Promissory Note

did not "discharge the underlying indebtedness because the Notes were not legal tender. . . . The

mortgagees bargained for cash, and they are entitled to cash."); *Blocker v. U.S. Bank, N.A.,* 993

N.E.2d 1154, 1157-58 (Ind. Ct. App. 2013) (rejecting mortgagors' effort to discharge mortgage through delivery of an International Promissory Note drawn on the U.S. Treasury).

The Claimants also raise causes of action for fraud, intentional infliction of emotional distress, rescission, as well as violations of the Truth in Lending Act, RESPA, and the Home Ownership and Equity Protection Act based "upon the facts and circumstances surrounding Plaintiff's original loan transaction and subsequent securitization." Claim No. 21507 at 7. None of Claimants' allegations in support of these causes of action allege any conduct by Ditech. *See* Claim No. 21507 (attaching Claimants' complaint in the Federal Court Action, which neither includes Ditech as a defendant, nor discusses any actions taken by Ditech). The Claimants also have failed to plead fraud "with particularity" and thus do not meet the heightened pleading requirements for allegations based on fraud. *See* Fed. R. Civ. P. 9(b).[21]

Consequently, even if the Court accepts Claimants' allegations of fact as true and construes them in the light most favorable to Claimants, the allegations presented in the Claim and Response fail to demonstrate any conduct by Ditech that would entitle Claimants to recovery. The Claim sets forth conclusory assertions and fails to articulate a cognizable legal claim. There is no reading of the Claim or the Response that suggests a plausible claim for recovery exists against Ditech.  For that additional reason, the Court disallows and expunges the Claim.

---

[21]    Rule 9(b) is made applicable herein by Bankruptcy Rule 7009.

**<u>Conclusion</u>**

Based on the foregoing, the Court sustains the Objection and disallows and expunges the

Claim.

IT IS SO ORDERED.

Dated: New York, New York
        July 6, 2021

/s/ *James L. Garrity, Jr.*

Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge