|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

```
---------------------------------------------------------- x
In re:                                                     :
                                                           :   Case No. 19-10412 (JLG)
                                                           :
Ditech Holding Corporation, et al.,                        :   Chapter 11
                                                           :
                                                           :   (Jointly Administered)
                                       Debtors.¹           :
---------------------------------------------------------- x
```

### MEMORANDUM DECISION AND ORDER SUSTAINING THE NINTH OMNIBUS OBJECTION (NO BASIS CONSUMER CREDITOR CLAIMS) WITH RESPECT TO <u>CLAIM OF RADMILA BARICAK</u>

**A P P E A R A N C E S :**

WEIL, GOTSHAL & MANGES LLP
*Attorneys for the Plan Administrator*
767 Fifth Avenue
New York, New York 10153
<u>By:</u>   Ray C. Schrock, P.C.
        Richard W. Slack, Esq.
        Sunny Singh, Esq.


JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
<u>By:</u>   Richard Levin, Esq.


Ms. Radmila Baricak
*Appearing Pro Se*
92 Portwine Drive
Roselle, IL 60172

---

¹ The confirmation of the Debtors' Third Amended Plan (as defined below) created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

**Introduction**[2]

Radmila Baricak (the "Claimant") filed Proof of Claim No. 1916 (the "Claim") against Ditech Holding Corporation (f/k/a Walter Management Corp.) in these Chapter 11 Cases.[3] As explained below, the Claim is based on "Services Performed" and is filed as a general unsecured claim in the sum of $257,500. In support of the Claim, the Claimant contends that the Debtors improperly sold and/or assigned an interest in her Mortgage Loan under the Third Amended Plan without Fannie Mae's consent.

In their Ninth Omnibus Claims Objection (the "Objection"),[4] the Plan Administrator and the Consumer Claims Representative (collectively, the "Estate Representatives") seek to disallow and expunge the Claim. The Claimant, appearing pro se, responded to the Objection (the "Response").[5] The Estate Representatives submitted a joint reply to the Response (the "Reply").[6] The Estate Representatives contend, and the Claimant denies, that the Court should disallow and expunge the Claim because it fails to state a claim for relief against the Debtors. Pursuant to the Claims Procedures Order,[7] the Court conducted a Sufficiency Hearing on the

---

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Ninth Omnibus Claims Objection and the Third Amended Plan, as applicable.  References hereinafter to "ECF No. __" are to documents filed in the electronic docket in these jointly administered cases under Case No. 19-10412 (the "Chapter 11 Cases").

[3]    *See* Proof of Claim No. 1916.

[4]    *See* Ninth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) [ECF No. 1741].

[5]    *See* Objection to Proposed Objection Notice Included in the Debtor's Ninth Omnibus Objection to Proofs of Claims [ECF No. 1832].

[6]    *See* Joint Reply of Consumer Representative and Plan Administrator in Support of the Ninth Omnibus Objection with Respect to Claim of Radmila Baricak (Claim No. 1916) [ECF No. 3550].

[7]    *See* Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures [ECF No. 1632] (the "Claims Procedures Order").

2

Claim. The Claimant and Estate Representatives participated at the hearing and were heard in support of their respective positions. The legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[8] *See* Claims Procedures Order ¶ 3(iv)(a).

As explained below, the Claim is disallowed and expunged because accepting all factual allegations asserted by the pro se Claimant in support of the Claim as true, drawing all reasonable inferences in the Claimant's favor, and interpreting the Claim and the Claimant's Response to the Objection to raise the strongest arguments that they suggest, the Claim fails to state a plausible claim for relief against the Debtors. Accordingly, the Court sustains the Objection and disallows and expunges the Claim.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

On June 13, 2008, Claimant executed a note and mortgage in favor of Countrywide Bank, FSB (the "Mortgage Loan"). The Mortgage Loan was secured by the real property located at 92 Portwine Road, Roselle, IL 60172 (the "Property"). *See* Response ¶ 4; Reply ¶ 1.[9] As of May 1, 2013, servicing of the loan was transferred from Bank of America, N.A. to Green Tree Servicing

---

[8] Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

[9] References herein to particular pages of the Claim and Response are cited to the particular PDF page of the Claim and Response.

3

LLC ("Green Tree"). In August 2015, Green Tree merged with DT Holdings LLC and Ditech Mortgage Corp. and was renamed Ditech Financial LLC ("Ditech"). At the beginning of 2019, Ditech was subservicing approximately 555,000, mortgage loans for New Residential Mortgage LLC ("New Residential"). On January 17, 2019, Ditech received notice from New Residential terminating the relevant subservicing agreement.[10] As a result of the termination, Ditech was obligated to transfer the subservicing of the loans–including the Mortgage Loan– to a successor sub-servicer.[11] On March 20, 2019, this Court entered an order permitting the Debtors to, among other things, continue to implement the servicing transfer of the New Residential mortgage loans to a successor servicer.[12] On April 8, 2019, Ditech assigned the Mortgage Loan pursuant to the Assignment of Mortgage from Ditech Financial LLC f/k/a Green Tree Servicing LLC to New Residential (the "Assignment"). Response ¶ 5. In doing so, Ditech ceased acting as the subservicer of the New Residential loans. Effective June 1, 2019, LoanCare LLC ("Loan Care") was the new subservicer on the Mortgage Loan. *Id.* at 9.

**The Chapter 11 Cases**

On February 11, 2019 (the "Petition Date"), Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court. The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered

---

[10] *See* Motion of Debtors for Interim and Final Orders (I) Authorizing Debtors to Continue Origination and Servicing of Forward Mortgage Loans in the Ordinary Court and Granting Related Relief, (II) Modifying the Automatic Stay on a Limited Basis to Facilitate Debtors' Ongoing Operations, and (III) Scheduling a Final Hearing [ECF No. 9] ¶ 40.

[11] *Id.*

[12] *See* Final Order (I) Authorizing Debtors to Continue Origination and Servicing of Forward mortgage Loans in Ordinary Course and Granting Relief and (II) Modifying Automatic Stay on a Limited Basis to Facilitate Debtors' Ongoing Operations [ECF No. 224] at 3-4.

4

an order fixing April 1, 2019 at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' Chapter 11 Cases (the "General Bar Date").[13] Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, and ultimately to June 3, 2019 at 5:00 p.m. (prevailing Eastern Time).[14]

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[15] which provided for the consummation of sales of the Debtors' servicing rights to certain mortgage loans followed by the "Wind Down" of the Estates. *See* Third Amended Plan, Article V (Means for Implementation). On September 30, 2019, the Third Amended Plan became effective.[16] The Plan Administrator is a fiduciary appointed under the Third Amended Plan who is charged with the duty of winding down, dissolving and liquidating the Wind Down Estates. *See* Third Amended Plan, Art. I, ¶¶ 1.130, 1.184, 1.186. The Consumer Claims Representative is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan. *Id.,* Art. I, ¶ 1.41. Under the Third Amended Plan, the Plan Administrator, on behalf of each of the Wind Down Estates, is authorized to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-

---

[13]    *See* Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof [ECF No. 90].

[14]    *See* Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers *Nunc Pro Tunc* [ECF No. 496].

[15]    *See* Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1326] (the "Third Amended Plan"); Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors [ECF No. 1404].

[16]    Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims [ECF No. 1449].

Tax Claims, and Intercompany Claims; and the Consumer Claims Representative has the exclusive authority to object to all Consumer Creditor Claims. *See id.*, Art. VII, § 7.1.

**The Proof of Claim**

On May 28, 2019, Claimant timely filed the Claim. The Claim asserts an unsecured claim in the amount of $ 257,000. Claim at 1. The basis of the Claim is "Services Performed." *Id.* Claimant attached a copy of the Warranty Deed for the Property in support of her Claim. *Id.* at 3-4. Although the Claim is filed as an unsecured claim, in the claim form space for identifying collateral, if the Claim is secured, the Claimant identified the Property which she valued at $257,000. *Id.* at 2. The Claimant asserts that the Property is not her residence and that the Claim is not subject to a right of setoff against the Property. *Id.* In support of the Claim, Claimant contends broadly that Debtors improperly sold and/or assigned an interest in the Mortgage Loan under the Third Amended Plan without Fannie Mae's consent. Response ¶¶ 7-8. She cites the Fannie Mae Servicing Guide in support of her contention that "no interest in any mortgage loan or pool of mortgage loans shall be deemed an asset of the servicer's successor or assigns, nor shall any interest pass by operation of law without Fannie Mae's consent." *Id.* ¶ 8. The Claimant also asserts that Fannie Mae "has not consented to the Debtor's assumption or assignment of any Fannie Mae related mortgage servicing contracts and/or rights." *Id.* ¶ 9. As part of her Response she included correspondence from Loan Care, a copy of the Assignment, and her January 2020 billing statement. *Id.* at 5-10.

**Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that order, the Estate Representatives are authorized to file Omnibus Objections seeking reduction, reclassification, or disallowance of Claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶

6

2(i)(a)-(h). A properly filed and served response to an Objection gives rise to a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Estate Representatives have the option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a),(b). A "Merits Hearing" is an evidentiary hearing on the merits of a Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. The legal standard of review that will be applied by the Court at a Sufficiency Hearing is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted. *Id.* ¶ 3(iv)(a).

**The Objection**

In their Objection, the Estate Representatives contend that the Court should disallow and expunge the Claim because it fails to state a cognizable claim against the Debtors (Reply ¶¶ 14-17) and Claimant lacks standing to assert the Claim. *Id.* ¶¶ 18-22. Alternatively, they assert that at a minimum, the Court should reclassify the secured claim to an unsecured Consumer Creditor Claim, subject to further determination of its status as a section 363(o) or non-section 363(o) claim. *Id.* ¶¶ 23-27.

Applicable Legal Standards

Under section 502(a) of the Bankruptcy Code, "a claim ... proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects." 11 U.S.C. § 502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bank. P. 3001(f). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See, e.g., Rozier v. Rescap Borrower Claims Tr. (In re Residential Capital, LLC)*, 15 Civ. 3248(KPF), 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation*

*Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012); *In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), *aff'd sub nom. Peter J. Solomon Co., L.P. v. Oneida, Ltd.*, No. 09-cv-2229, 2010 WL 234827 (S.D.N.Y. Jan. 22, 2010). Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11 U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 449 (2007) ("But even where a party in interest objects [to a claim], the court 'shall allow' the claim 'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)").

In filing the Objection to the Claim, the Estate Representatives initiated a contested matter. *See* Fed. R. Bankr. P. 3007 advisory committee's note ("[t]he contested matter initiated by an objection to a claim is governed by Rule 9014. . ."). *See also In re Tender Loving Care Health Servs., Inc.*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the objection has initiated a contested matter"). Bankruptcy Rule 9014 governs contested matters. The rule does not explicitly provide for the application of Bankruptcy Rule 7012. However, Bankruptcy Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014. The Court did so here. Under the Claims Procedures Order, the legal standard of review the Court applies at a Sufficiency Hearing is equivalent to the standard applied by the Court under Rule 12(b)(6) on a motion to dismiss for failure to state a claim upon which relief could be granted. *See* Claims Procedure Order ¶ 3(iv)(a). *See also In re 20/20 Sport, Inc.*, 200 B.R. 972, 978 (Bankr. S.D.N.Y. 1996) ("In bankruptcy cases, courts have traditionally analogized a creditor's claim to a civil complaint [and] a trustee's objection to an answer. . . ").

In applying Rule 12(b)(6) to the Claim, the Court assesses the sufficiency of the facts alleged in support of the Claim in light of the pleading requirements under Rule 8(a) of the Federal Rules of Civil Procedure.[17] Rule 8(a)(2) states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To meet that standard, the Claim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("*Iqbal*") (citations omitted); *accord Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007) ("*Twombly*"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule 12(b)(6), the "pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted). In considering whether that standard is met for a particular claim, the court must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F.Supp.2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (citation and internal quotation marks omitted).

---

[17] Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

Where, as here, the Claimant is proceeding pro se, the Court will liberally construe the Claim. Nonetheless, the claims must be supported by specific and detailed factual allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005)).

### Discussion

Claimant does not identify specific legal grounds in support of her Claim. She argues that she is entitled to recover damages from Ditech because under the Third Amended Plan, it sold or assigned an interest in her Mortgage Loan without Fannie Mae's consent and in contravention of the Fannie Mae Servicing Guide. In assessing whether those contentions support a claim for relief against Ditech, the Court does not accept them as true, because they are directly contradicted by the documents that Claimant provides in support of the Claim. *See ESI, Inc. v. Coastal Power Prod. Co.*, 13 F. Supp. 2d 496, 497 (S.D.N.Y. 1998) ("[i]f the allegations of a complaint are contradicted by documents made a part thereof, the document controls and the court need not accept as true the allegations of the complaint.") (citations omitted). As factual support for the Claim, Claimant relies on the Assignment and a letter from Loan Care dated July 19, 2019, that states that Loan Care began subservicing the Claimant's loan on June 1, 2019. As noted previously, the Assignment is evidence that Ditech no longer acted as subservicer on the Mortgage Loan on behalf of New Residential. It does not reflect the improper sale or transfer of an interest in her Mortgage Loan.[18] Moreover, the July 19 letter demonstrates that Loan Care

---

[18] *See, e.g.,* Fannie Mae Servicing Guide, Subpart A2, Getting Started with Fannie Mae: A2-1-02: Servicer's Duties and Responsibilities Related to MBS Mortgage Loans (12/09/2020), https://servicing-guide.fanniemae.com/THE-SERVICING-GUIDE/Part-A-Doing-Business-with-Fannie-Mae/Subpart-A2-Getting-Started-with-Fannie-Mae/.

10

began subservicing Claimant's loan three months prior to Plan confirmation. Reply ¶¶ 15-16. Those documents demonstrate that the Mortgage Loan was not sold and transferred under the Plan. The Mortgage Loan was assigned to New Residential and Loan Care took over the servicing of the loan transferred prior to confirmation of the Plan. Apart from the incorrect allegation that the Mortgage Loan was improperly sold under the Third Amended Plan, Claimant makes no other factual allegations that would support a cognizable claim at law against Ditech. The Claimant plainly fails to meet her burden under Rule 12(b)(6) and has not stated grounds for relief against Ditech. For that reason, the Court disallows and expunges the Claim.

Even if the Court accepted the Claimant's allegations as true that the Mortgage Loan was sold or transferred under the Third Amended Plan without Fannie Mae's consent, the Court would nonetheless disallow and expunge the Claim because Claimant lacks standing to bring the Claim since she is not a party to, or third-party beneficiary of, the alleged agreement between Ditech and Fannie Mae. Every party must demonstrate proper standing to assert a claim. *See* Fed. R. Bankr. P. 3001.  To do so, the Claimant must demonstrate that she has both constitutional and prudential standing to sue. *See Sullivan v. Syracuse Hous. Auth.*, 962 F.2d 1101, 1106 (2d Cir. 1992); s*ee also Warth v. Seldin*, 422 U.S. at 498 ("[T]he question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise."); *Wight v. BankAmerica Corp.,* 219 F.3d 79, 86 (2d Cir.2000) (quoting *Lamont v. Woods,* 948 F.2d 825, 829 (2d Cir.1991) ("The doctrine of standing incorporates both constitutional and prudential limitations on federal court jurisdiction.")).

11

To establish constitutional standing, a plaintiff must demonstrate three elements: (i) an "injury in fact"; (ii) a causal connection between the injury and defendant's conduct; and (iii) likelihood that a federal court decision will redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Once a plaintiff satisfies those elements, the action "presents a case or controversy that is properly within federal courts' Article III jurisdiction." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 125 (2014). "[P]rudential standing encompasses 'the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked.'" *Elk Grove Unified Sch. Dist. v. Newdow,* 542 U.S. 1, 12 (2004) (citation omitted); *Devlin v. Scardelletti,* 536 U.S. 1, 7 (2002).

Claimant bears the burden of demonstrating her standing to assert the Claim. *See Keepers, Inc. v. City of Milford,* 807 F.3d 24, 39 (2d Cir. 2015) ("The party invoking federal jurisdiction bears the burden of establishing prudential and constitutional standing. . .") (internal quotation marks omitted). Claimant does not, and cannot, do so here. In support of the Claim, Claimant cites to section "A1-4" of the Fannie Mae Servicing Guide which provides that insolvency or bankruptcy of the servicer "materially and adversely affects its ability to provide satisfactory servicing of the mortgage loans (if any of these events should occur, no interest in any mortgage loan or pool of mortgage loans shall be deemed an asset or liability of the servicer's successors or assigns, nor shall any interest pass by operation of law without Fannie Mae's consent)." Fannie Mae Servicing Guide, A1-4.1-01: Defining a Breach of Contract (06/21/2017), https://servicingguide.fanniemae.com/THE-SERVICING-GUIDE/Part-A-Doing-Business-with-Fannie-Mae/. Additionally, this guide specifically relates to remedies available to

Fannie Mae in the event of the seller/servicer's breach of contract and nonperformance. *See id.* § A1-4.1-02: Fannie Mae's Remedies (09/09/2020).

In the Claim, Claimant is asserting the rights of Fannie Mae against Ditech. To have standing to do so, she must demonstrate that she is a party to, or a third party beneficiary of, any servicing contract between Fannie Mae and Ditech. Claimant does not and cannot assert any such rights and therefore she lacks standing to enforce the alleged agreement. *See In re Motors Liquidation Company*, 580 B.R. 319, 340 (Bankr. S.D.N.Y 2018) (citing *Premium Mortg. Corp. v. Equifax, Inc.*, 583 F.3d 103, 108 (2d Cir. 2009) ("In the context of a contract dispute, only parties to the contract and intended third-party beneficiaries of the contract have prudential standing to appear and enforce agreements."); *see also Hillside Metro Assoc., LLC v. JPMorgan Chase Bank*, N.A., 747 F.3d 44, 48-49 (2d Cir. 2014) (plaintiff who is neither a party to nor third-party beneficiary of a contract does not have prudential standing); *In re Old Carco, LLC*, 500 B.R. 683, 692 (Bankr. S.D.N.Y 2013) (noting that under general contract rules, a non-party to a contract who is not an intended beneficiary cannot enforce the contract or recover for its breach) (citations omitted).

Moreover, even assuming that Claimant could establish prudential standing, she has not alleged any facts to show a concrete and particularized injury that would sustain a claim to constitutional standing. Reading the Claim and Response in the light most favorable to the Claimant, she has failed to establish constitutional standing because she has alleged no facts evidencing any harm or damage to her as a result of Ditech's alleged breach of its servicing obligations to Fannie Mae. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016), *as revised* (May 24, 2016) ("A 'concrete' injury must be '*de facto*'; that is, it must actually exist.").

13

**Conclusion**

Based on the foregoing, the Court sustains the Objection and disallows and expunges the Claim.[19]

IT IS SO ORDERED.

Dated: New York, New York
August 4, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge

---

[19] In so ruling the Court does not consider the Estate Representatives' alternative arguments in support of the Objection.