UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
                                                :
In re                                           :    Chapter 11
                                                :
DITECH HOLDING CORPORATION, *et al.*,           :    Case No. 19-10412 (JLG)
                                                :
        Debtors.[1]                             :    (Jointly Administered)
                                                :    Related Docket No. 3565
-----------------------------------------------------------------X

### ORDER GRANTING MOTION OF PLAN ADMINISTRATOR FOR ENTRY OF ORDER IN AID OF EXECUTION OF THIRD AMENDED JOINT CHAPTER 11 PLAN OF DITECH HOLDING CORPORATION AND ITS AFFILIATED DEBTORS (I) RELEASING WIND DOWN ESTATE LIENS ON PROPERTY OWNED BY BORROWERS, (II) CLARIFYING THAT THIRD PARTIES ARE PERMITTED TO COMMENCE AND CONTINUE NON-MONETARY QUIET TITLE ACTIONS, (III) FINDING WIND DOWN ESTATES AND PLAN ADMINISTRATOR NEED TAKE NO FURTHER ACTION TO RESPOND TO TITLE/LIEN INQUIRIES, AND (IV) GRANTING RELATED RELIEF

Upon the Motion dated July 27, 2021 (the "**Motion**") by the Plan Administrator,[2] on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**"),[3] pursuant to the Confirmation Order, the Plan, sections 105(a) and 1142(b) of the Bankruptcy Code for entry of an order in aid of execution of the Plan:  (i) finding that the Wind Down

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1326) (the "**Plan**"), which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837).  The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Motion, the Plan, or the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Confirmation Order**"), as applicable.

[3] The Wind Down Estates include the Estate for Ditech Financial LLC, which was formerly known as Green Tree Servicing LLC, Conseco Finance Servicing Corp., and Green Tree Financial Servicing Corp.

Estates abandon any and all remaining interests, if any, in and release any liens of the Wind Down Estates on the properties of Borrowers as they relate to any Title/Lien Inquiry submitted or remaining unanswered following the entry of the Proposed Order; (ii) clarifying that Inquiry Parties are permitted by the Plan and Confirmation Order to commence and continue Title Disputes, including specifically Quiet Title Actions; and (iii) finding that, by the release of all liens in connection with any Title/Lien Inquiry, the Wind Down Estates and the Plan Administrator need take no further action to respond to Title/Lien Inquiries following the entry of the Proposed Order, all as more fully described in the Motion; and the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given, and it appearing that no other or future notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Wind Down Estates, their creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY FOUND AND DETERMINED THAT:**

1. The Court has jurisdiction over the Chapter 11 Cases pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b), and venue is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases of the relief requested in the Motion are sections 105(a) and 1142(b) of the Bankruptcy Code.

3. The Plan provides that, except for property of the Debtors' Estates that was acquired by the Forward Stalking Horse Purchaser or the Reverse Stalking Horse Purchaser, all remaining property of the Debtors' Estates vests in the Wind Down Estates, and on or after

the Effective Date, the Wind Down Estates may take any action including the "use, acquisition, sale, lease and disposition of property" and "the entry into transactions, agreements, understandings, or arrangements, whether in or other than in the ordinary course of business. . . ." *See* Plan § 10.1.

4. The Plan provides that, after the Effective Date, the Plan Administrator shall wind down, sell, liquidate, and may operate, use, acquire, or dispose of property and compromise or settle any Claims, Interests, or Causes of Action remaining with the Wind Down Estates. *See* Plan § 5.6(e)(iii).

5. By entry of this Order, the Wind Down Estates shall be deemed to have satisfied any obligations relative to Title/Lien Inquiries. No further response by the Plan Administrator and Wind Down Estates to any Title/Lien Inquiry is required.

**FURTHER, IT IS HEREBY ORDERED THAT:**

6. The relief requested in the Motion is granted.

7. The Wind Down Estates shall be deemed to hereby abandon any and all interests, to the extent any, in and release all liens of the Wind Down Estates on the property of any Borrower as it relates to any Title/Lien Inquiry submitted or remaining unanswered after entry of this Order, including any future Title/Lien Inquiries. Future Inquiry Parties are permitted to present this Order to serve as evidence of such release.

8. Pursuant to the OCB Orders and the Confirmation Order, the Automatic Stay remains modified to permit Inquiry Parties to commence and continue disputes, including Title Disputes and non-monetary Quiet Title Actions or other non-monetary relief against the Wind Down Estates.

9. The Plan Administrator shall publish this Order at the website established by the Wind Down Estates' court-approved claims and noticing agent, Epiq Corporate Restructuring, LLC, at http://dm.epiq11.com/Ditech.

10. Following the wind down of the Wind Down Estates and the closing of these Chapter 11 Cases, the Plan Administrator, the Wind Down Estates, and any current or former employee of the Plan Administrator, the Wind Down Estates, or the Debtors shall have no obligation to accept any service of process on behalf of the Wind Down Estates, and no such service shall be deemed effective upon the Wind Down Estates.

11. The Plan, the Confirmation Order, and the OCB Orders shall remain in full force and effect.

12. Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any claims asserted against the Wind Down Estates in these Chapter 11 Cases.

13. The Plan Administrator is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

14. Entry of this Order is without prejudice to the rights of the Plan Administrator, on behalf of the Wind Down Estates, to seek authorization to modify or supplement the relief granted herein.

15. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: September 7, 2021
      New York, New York

/s/ *James L. Garrity, Jr.*
THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE