```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                          :
In re                                     :    Chapter 11
                                          :
DITECH HOLDING CORPORATION, et al.,       :    Case No. 19-10412 (JLG)
                                          :
          Debtors.¹                       :    (Jointly Administered)
                                          :    Related Docket No. 3529
------------------------------------------------------------X
```

# ORDER GRANTING THE JOINT MOTION OF PLAN ADMINISTRATOR AND CONSUMER REPRESENTATIVE TO ENFORCE THE PLAN INJUNCTIONS AND CONFIRMATION ORDER AGAINST DARRYL K. BROWDER, HOLD HIM IN CONTEMPT, AND IMPOSE SANCTIONS

Upon the July 15, 2021 *Joint Motion of Plan Administrator and Consumer Representative to Enforce the Plan Injunctions and Confirmation Order against Darryl K. Browder, Hold Him in Contempt, and Impose Sanctions* (the "**Motion**") pursuant to sections 105(d), 524, and 1141 of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 3020(d) and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Sections 4.6 and 10.5 of the Plan and Paragraph 3 of Schedule 2 to the Confirmation Order (collectively, the "**Plan Injunctions**"), for entry of an order enforcing the injunctive provisions of the Plan and Confirmation Order against Darryl K. Browder, holding him in contempt, and seeking sanctions against him as more fully described in the Motion; and

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1326) (the "**Plan**"), which created the Wind Down Estates. *See Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Confirmation Order**"). The Wind Down Estates, along with the last four digits of their federal tax identification number, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837).

upon the *Declaration of Richard W. Slack in Support of Joint Motion of Plan Administrator and Consumer Representative to Enforce the Plan Injunctions and Confirmation Order against Darryl K. Browder, Hold Him in Contempt, and Impose Sanctions* (the "**Slack Declaration**"); and with this Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M 431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Case Management Order; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and considering the Court's *Order Denying Motion of Darryl K. Browder* (ECF No. 3051) and *Memorandum Decision and Order Sustaining the Thirty-Second Omnibus Objection to Proof of Claims (No Basis Consumer Creditor Litigation Claims) against Darryl Keith Browder* (ECF No. 3208); and considering the objection filed by Mr. Browder in connection with the Motion, styled *The Consumer Creditor As a Darryl Keith Browder, Motion to Vacate or Set Aside the Defendant Notice of Hearing on Joint Motion of Plan Administrator and Consumer Representative to Enforce the Injunctions and Confirmation Order Against Darryl K. Browder, Hold him in Contempt, and Impose Sanctions on the Grounds of Fraud, by Judge James L. Garrity, Jr. and his Assistance [sic] Willie, on the Grounds of Fraud, and Breach, and a Violation of my 4th and 14th Amendment to the United States Constitution* (ECF No. 3551) (the "**Objection**"); and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having held a hearing to consider the relief requested in the Motion on July 29, 2021 (the "**Hearing**"); and upon the record of the Hearing; and this Court having determined that the relief sought in the

Motion is in the best interests of the Wind Down Estates, their creditors, and all parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, and for the reasons set forth in this Court's August 20, 2021 *Memorandum Decision and Order Granting the Joint Motion of Plan Administrator and Consumer Representative to Enforce the Plan Injunctions and Confirmation Order Against Darryl K. Browder, Hold Him in Contempt, and Impose Sanctions* (ECF 3627) (the "**Decision**"),

**IT IS HEREBY ORDERED THAT**

1. The relief requested in the Motion is granted.

2. The Objection of Mr. Browder is overruled.

3. For the reasons set forth in the Decision, Mr. Browder's request for recusal, filed at ECF NO. 3604, is denied.

4. Mr. Browder is enjoined from continuing to prosecute, in any manner, including attempting service of process or the filing of any papers, *Browder v. Wind Down Estates,* 21-cv-198 (S.D. Iowa) (the "**New Iowa Action**") against all defendants as set forth in the Motion.

5. Mr. Browder is found in civil contempt of the Bankruptcy Court for his intentional and willful violation of the Plan Injunctions.

6. No later than 7 days after entry of this Order, Mr. Browder shall take all appropriate actions to dismiss the New Iowa Action in its entirety against all defendants.

7. Should Mr. Browder fail to dismiss the New Iowa Action within such 7-day period, Mr. Browder will be sanctioned $100 for each business day that he fails to dismiss the New Iowa Action, up to 10 business days. If, after the 7-day grace period and 10 business days, Mr.

Browder still has not dismissed the New Iowa Action, the daily sanction will increase to $200 per business day, continuing until Mr. Browder dismisses the New Iowa Action or the sanction reaches a cap of $10,000, subject to further review and adjustment by the Bankruptcy Court.

8. In connection with the sanction, the Plan Administrator and Consumer Representative shall submit their reasonable fees and expenses incurred in connection with making this Motion to enforce the Plan Injunctions and, if Mr. Browder has not dismissed the New Iowa Action in response to this Order, any action required to dismiss the New Iowa Action to the Bankruptcy Court, which retains the discretion to approve the amount of sanction to be shared by the Plan Administrator and Consumer Representative proportionally to cost and expenses, including legal fees, each expended.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation, interpretation, and/or enforcement of this Order.

Dated: September 9, 2021
      New York, New York

/s/ *James L. Garrity, Jr.*
_____
THE HONORABLE JAMES L. GARRITY JR.
UNITED STATES BANKRUPTCY JUDGE

WEIL:\98050820\7\41703.0011