| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
| In re:<br><br>Ditech Holding Corporation, *et al.*,<br><br>Debtors[1] | Case No. 19-10412 (JLG)<br>Chapter 11<br><br>(Jointly Administered) |

# MEMORANDUM DECISION AND ORDER DENYING THE RENEWED MOTIONS FOR REHEARING AND FOR LEAVE TO AMEND

A P P E A R A N C E S :

WEIL, GOTSHAL & MANGES, LLP
*Attorneys for Plan Administrator*
767 Fifth Avenue
New York, New York 10153
By:   Ray C. Schrock, P.C.
      Sunny Singh, Esq.
      Richard W. Slack, Esq.

JENNER & BLOCK LLP
*Attorneys for the Consumer Claims Representative*
919 Third Avenue
New York, NY 10022
By:   Richard Levin, Esq.

Mr. James Beekman
*Appearing Pro Se*
427 9th Street
West Palm Beach, FL 33401

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* [ECF No. 1404] (the "Third Amended Plan"), which created the Wind Down Estates. The Wind Down Estates are Ditech Holding Corporation; DF Insurance Agency LLC; Ditech Financial LLC; Green Tree Credit LLC; Green Tree Credit Solutions LLC; Green Tree Insurance Agency of Nevada, Inc.; Green Tree Investment Holdings III LLC; Green Tree Servicing Corp.; Marix Servicing LLC; Walter Management Holding Company LLC; and Walter Reverse Acquisition LLC. References to "ECF No. __" are to documents filed in the electronic docket in these jointly administered cases under Case No. 19-10412.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[2]

James Beekman (the "Claimant") filed Proof of Claim No. 24609 (the "Claim") against Ditech in these jointly administered Chapter 11 Cases. On February 9, 2021, the Court sustained the objection to the Claim jointly filed by Estate Representatives and expunged and disallowed the Claim. *See Memorandum Decision and Order Sustaining the Ninth Omnibus Objection (No Basis Consumer Creditor Claims) With Respect to Claim of James Beekman* (the "Claim Disallowance Decision") [ECF No. 3218]. In response to that decision, Claimant filed a *Request for Leave to Amend the Claim* [ECF No. 3361] (the "Request for Leave to Amend") and a *Motion for Rehearing of the Beekman Decision and Order* [ECF No. 3261] (the "Motion for Rehearing"). The Court denied both requests for relief. *See Memorandum Decision and Order Denying the Motion for Rehearing* (the "Rehearing Decision") [ECF No. 3424]; *Memorandum Decision and Order Denying Claimant James Beekman's Request for Leave to Amend* (the "Leave to Amend Claim Decision") [ECF No. 3488].

On July 7, 2021, the Claimant filed (i) *Claimant's Corrected Supplemental Request for Leave to Amend Nunc Pro Tunc to the April 29, 2021 Request for Leave to Amend* (the "Renewed Request to Amend") [ECF No. 3533]; and (ii) the *Renewed Motion for Rehearing* (the "Renewed Motion for Rehearing") [ECF No. 3528], together with the Renewed Request to Amend, (the "Renewed Motions"). In the Renewed Motions, the Claimant again seeks leave to

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Rehearing Decision and Leave to Amend Claim Decision, as applicable.

1

amend his disallowed and expunged Claim[3] – and to obtain a rehearing on the Claim Disallowance Decision. The Estate Representatives jointly filed their opposition to the Renewed Motions. *See Joint Opposition of Plan Administrator and Consumer Representative to 1) Claimant's Corrected Supplemental Request for Leave to Amend Nunc Pro Tunc to the April 29, 2021 Request for Leave to Amend and 2) Renewed Motion for Rehearing Filed by James Beekman* ("Opposition to Renewed Motions") [ECF No. 3617]. In response to that opposition, the Claimant filed his (i) *Reply in Support of Claimant's Corrected, Supplemental Request for Leave to Amend Nunc Pro Tunc* [ECF No. 3671] and (ii) *Reply in Support of Claimant's Corrected, Supplemental Request for Leave to Amend Nunc Pro Tunc* [ECF No. 3672] (collectively the "Beekman Reply").

On August 24, 2021, the Court conducted a hearing on the Renewed Motions, which the Claimant did not attend. At the hearing, the Court ruled that it would not hear argument on the Renewed Motion for Rehearing[4] and closed the record of that motion, pending its issuance of a ruling on the motion. The Court heard argument from the Estate Representatives on the Renewed Request to Amend. At the conclusion of the argument, the Court closed the record of the motion, and advised that it would issue a ruling on the motion. On August 25, 2021, the Claimant contacted chambers to request another opportunity to be heard on the Renewed Motions. In support of that request, he explained that he failed to appear at the August 24 hearing because he

---

[3] On page 1 of the Renewed Request to Amend, Claimant states that he is seeking to amend Proof of Claim No. 24909. This is a typographical error. There is no Proof of Claim No. 24909. The Court will consider the pro se Claimant's Renewed Motions as seeking relief with respect to Proof of Claim No. 24609.

[4] Local Bankruptcy Rule 3008-1 states, as follows:

> No oral argument shall be heard on a motion to reconsider an order of allowance or disallowance of a claim unless the Court grants the motion and specifically orders that the matter be reconsidered upon oral argument. If a motion to reconsider is granted, notice and a hearing shall be afforded to parties in interest before the previous action taken with respect to the claim may be vacated or modified.

mistakenly calendared the hearing for August 25, 2021. The Court credited the Claimant's explanation and in recognition of his status as a pro se claimant, the Court scheduled an additional hearing on the Renewed Request to Amend for September 30, 2021. *See Order Adjourning Hearing* [ECF No. 3679]. In so ruling, the Court adhered to its earlier ruling and denied Claimant's request to argue the Renewed Motion for Rehearing.

On September 30, 2021, the Court concluded a second hearing on the Renewed Request to Amend. The Estate Representatives, by their counsel, and the Claimant, acting pro se, appeared and were heard on the Renewed Request to Amend. The Court has considered the matters raised by the parties at the hearing and in their submissions in support of, and in opposition to, the Renewed Motions. For the reasons stated herein, the Court denies the Renewed Motions.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

On February 11, 2019, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court. The Debtors remained in possession and control of their business and assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Court fixed June 3, 2019 (the "Bar Date") as the bar date for filing consumer creditor claims. On September 26, 2019, the Debtors confirmed their Third Amended Plan, and on September 30, 2019, that plan became effective. On November 8, 2019, Claimant filed amended Proof of Claim No. 24609. In the Claim, Claimant sought a total of $9 million: $3 million as an

administrative expense and $6 million as a priority claim. The Claim did not include documentary support and identified "Litigation" as the "basis of the claim." On January 17, 2020, the Estate Representatives jointly objected to the Claim. *See Ninth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims)* [ECF No. 1741] (the "Objection"). On February 20, 2020, Claimant filed his response to the Objection. *See Objection to Proof of Claim and Request for Classification Claim Number: 24609* [ECF No. 1902] (the "Response"). In it, Claimant generally asserted that various entities involved with Claimant's mortgage, including "IndyMac Federal Bank, FSB" and "OneWest Bank FSB," among others, had committed various torts, including misrepresentation, fraud, and intentional infliction of emotional distress against him. *Id.* at 5-21. The Court conducted a Sufficiency Hearing on the Claim and on February 9, 2021, the Court issued the Claim Disallowance Decision sustaining the Objection and expunging the Claim. In that decision, the Court found that Claimant failed to state a claim against Ditech because, among other things, the allegations of potential wrongdoing occurred several years prior to Ditech's appointment as servicer of Claimant's mortgage. *See* Claim Disallowance Decision at 12-14, 18.

**The Motion for Rehearing and Request to Amend**

On February 22, 2021, Claimant timely filed a motion asking the Court to reconsider the Claim Disallowance Decision. *See* Motion for Rehearing. In support of that motion, Claimant asserted that the decision "is riddled with errors," "is not consistant [sic] with the facts," and "full of lies." *Id.* at 2. On April 26, 2021, the Estate Representatives filed their *Joint Opposition of Plan Administrator and Consumer Representative to Motion for Rehearing* [ECF No. 3341] (the "Opposition to Motion for Rehearing"). Among other things, they argued that the Court should deny the motion because it was "merely an attempt to relitigate previously decided issues

and is wholly unnecessary." *See id.* at 3. On June 2, 2021, the Court entered the Rehearing Decision denying the Motion for Rehearing. In so ruling, the Court treated the motion as one seeking rehearing on the disallowed Claim under section 502(j) of the Bankruptcy Code (Rehearing Decision at 4) and applied the same analysis as it would under Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). These rules incorporate, respectively Rules 59 and 60 of the Federal Rules of Civil Procedure (the "Federal Rules"). *Id.* at 5-9 (Bankruptcy Rule 9023); 9-13 (Bankruptcy Rule 9024).

On April 29, 2021, while the Motion for Rehearing was pending, Claimant sought leave to amend his Claim. *See* Request for Leave to Amend. In support of that request, he asserted that Ditech violated Fla. Stat. Ann. § 817.535(8) (West 2013) (the "Florida Statute") either by ratifying the allegedly fraudulent actions of prior servicers or by entering into a conspiracy with them, as supposedly evidenced by an affidavit submitted by Stewart Derrick, a former Ditech employee, in connection with Claimant's state court foreclosure proceedings. *See* Request for Leave to Amend ¶¶ 3-4, 7, 15-17. On May 20, 2021, the Estate Representatives filed their *Joint Opposition of Plan Administrator and Consumer Representative to Request for Leave to Amend* [ECF No. 3394] (the "Opposition to Request for Leave to Amend"). They argued that it would be futile to permit the Debtor to file an amended claim because the Claim was time-barred under Florida law, and the proposed amendments failed to state a legally cognizable claim under Florida law. *See id.* at 7-14. They contended that the Court should deny the Request for Leave to Amend. On May 24, 2021, Claimant filed supplemental papers in support of the Request for Leave to Amend and in response to the Opposition to Request for Leave to Amend. *See Claimant James Beekman's Notice of Filing Affidavit in Support of Motion to Amend* [ECF No. 3401].

5

On May 27, 2021, the Court held a hearing on the Request for Leave to Amend, which Claimant attended. During the hearing, the Court granted Claimant leave to further supplement the record with filings made by Ditech in the State of Florida (which Claimant contended supported his assertion that he holds a viable claim against Ditech) and also allowed the Estate Representatives to respond to any such submission. On June 3, 2021, Claimant submitted a *Notice of Filing* [ECF No. 3437] that attached two assignments of mortgage, one recorded on August 2, 2016 from Residential Credit Solutions, Inc. ("RCS") to Ditech Financial, LLC when Ditech began servicing Claimant's loan and mortgage, and the other dated December 9, 2019 from Ditech Financial, LLC to Specialized Loan Servicing, LLC ("SLS") (collectively, the "2016 and 2019 Assignments of Mortgage") when Ditech transferred servicing to SLS. On June 18, 2021, the Estate Representatives filed a response to Claimant's supplemental filing. *See Joint Supplemental Memorandum of Plan Administrator and Consumer Representative in Opposition to Request for Leave to Amend* [ECF No. 3463] (the "Supplemental Memorandum"). The Estate Representatives argued that even with Claimant's submission of the 2016 and 2019 Assignments of Mortgage, the Claim did not allege fraud with particularity and Claimant was collaterally estopped from re-litigating his Claims. *Id.* at 6-9. On June 24, 2021, the Court held a second hearing on the Request for Leave to Amend, which Claimant attended and argued in further support of the request.[5] On June 30, 2021, the Court denied the Request for Leave to Amend. *See* Leave to Amend Claim Decision. The Court determined that any amendment to assert claims under the Florida Statute would be futile. *See id.* 6-13. The Court also specifically considered the 2016 and 2019 Assignments of Mortgage and determined that Claimant still failed to plead fraud

---

[5]    During the hearing, the Court requested that the Plan Administrator submit certain excerpts of Fannie Mae and Freddie Mac guidelines referenced at the hearing. The Plan Administrator did so on June 28, 2021, in their Supplemental Memorandum.

with particularity under Federal Rule 9(b) and that he was collaterally estopped from bringing his claims. *Id.* at 14-20.

**The Renewed Motion for Rehearing and Request to Amend**

The Renewed Request to Amend and Renewed Motion for Rehearing are nearly identical copies of the Request for Leave to Amend and Motion for Rehearing, respectively. *See Joint Notice of Filing of Certain Redlines in Connection With August 24, 2021 Omnibus Hearing (Joint Notice of Redlines)* [ECF No. 3644]. The principal difference in the documents is that in the Renewed Request to Amend, the Claimant cites to a "Scribner's [sic] error" in support of the request. *See* Renewed Request to Amend at ¶ 8. *See also* Renewed Motion for Rehearing at ¶ 9 (noting alleged "Scribner [sic] error" in Request for Leave to Amend).

## Discussion

In the Renewed Motions, Claimant complains that in resolving the Request for Leave to Amend and Motion for Rehearing, the Court failed to account for his status as a pro se litigant. *See* Renewed Request to Amend ¶ 8; Renewed Motion for Rehearing ¶ 10. There is no merit to that contention. The Court expressly considered Claimant's status as a pro se litigant when it disallowed the Claim, denied the Motion for Rehearing, and denied the Request for Leave to Amend. *See* Claim Disallowance Decision at 2 ("For the reasons stated herein, the Court finds that accepting all factual allegations asserted by the pro se Claimant in support of his claim as true, drawing all reasonable inferences in the Claimant's favor, and interpreting the Beekman Claim and the Claimant's responses to the Objection to raise the strongest arguments that they suggest, the Beekman Claim fails to state a plausible claim against the Wind Down Estates or the Consumer Creditor Reserve, as a matter of law."); Rehearing Decision at 2 ("[C]onstruing the Motion in the light most favorable to the pro se Claimant to state the strongest argument that it

suggests, the Court finds that the Claimant has failed to state grounds for relief under either Federal Rule 59 or 60"); Leave to Amend Claim Decision at 13 ("The Claimant is acting pro se, and the Court credits his assertion that he mistakenly cited to the wrong affidavit in his papers.")

In bringing the Renewed Motions, Claimant continues to act pro se. In resolving them, the Court further accommodated the Claimant's pro se status by excusing his failure to attend the August 24 hearing. Moreover, given the Claimant's pro se status, the Court interprets the Renewed Motion in the light most favorable to Claimant to state the strongest arguments that they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is 'to be liberally construed. . . .'"); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (noting that "a pro se complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'").

However, although the Court construes the Renewed Motions liberally, and in a light most favorable to the pro se Claimant, the Claimant is not exempt from the pleading requirements under the Federal Rules. The Claim must be supported by specific and detailed factual allegations that provide a fair explanation for the basis of the allegations underlying the Claim and the legal grounds for recovery against the Debtors. *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. New York City Bd. of Elections*, 126 Fed. Appx. 27, 29 (2d Cir. 2005)). *See also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("Petitioner [appearing pro se] is not, however, excused 'from compliance with relevant rules of procedural and substantive law.'"); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir.1981) ("The right of self-representation does not exempt a party from

compliance with relevant rules of procedural and substantive law. One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer, unless a liberal construction of properly filed pleadings be considered an enhanced right.") (internal citations omitted). As set forth below, the Claimant has failed to meet that standard in support of his Renewed Motions.

**Renewed Request to Amend Claim**

In assessing the merits of a request for leave to file an amended claim, courts apply the standards applicable under Federal Rule 15 to motions to amend a complaint.[6] *See* Leave to Amend Claim Decision at 4-6. At bottom, leave to amend a claim generally is freely given, except in cases in which it would be futile to do so. *Id.* "A proposed amendment is considered to be 'futile' if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact." *Id.* at 5 (internal quotation marks omitted) (quoting *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.,* 626 F.3d 699, 726 (2d Cir. 2010) (citing *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110-11(2d Cir. 2010)).

In his Request for Leave to Amend, Claimant sought leave of this Court to assert a claim against Ditech pursuant to the Florida Statute. *See* Request for Leave to Amend at 7. In relevant part, the Florida Statute states that

> Any person adversely affected by an instrument filed in the official record which contains a materially false, fictitious, or fraudulent statement or representation has a civil cause of action under this section without regard to whether criminal charges are pursued under [§ 817.535(2)].

Fla. Stat. Ann. § 817.535(8)(a) (West 2013). In support of the Request for Leave to Amend, Claimant did not complain that Ditech filed any instrument in Florida's official record. Rather, Claimant sought to hold Ditech accountable for the alleged wrongdoing of prior servicers of his

---

[6] Federal Rule 15 is made applicable herein by Bankruptcy Rule 7015.

9

mortgage. He contended that that Ditech conspired with prior mortgage servicers in advancing fraudulent assignments of mortgage, and that Ditech knowingly ratified and approved the fraudulent loan records generated by prior servicers. *See* Request for Leave to Amend at 6.

In that light, the Court found that on its face, the Request for Leave to Amend failed to state a cognizable claim under the Florida Statute because Claimant does not contend that Ditech is a "filer" or that it "filed" an instrument in the Florida official record. *See* Leave to Amend Claim Decision at 7-8. The Court also found that it would be futile to authorize Claimant to amend the Claim to assert a claim under the Florida Statute because, as amended, the Claim could not survive a motion to dismiss. *Id.* (citing *Brooklands, Inc. v. Sweeney*, No. 14-81298-CIV, 2015 WL 1930239, at *3 n.5 (S.D. Fla. Apr. 28, 2015) (finding claims for violation of § 817.535(8)(a) were appropriately dismissed because the instrument, a UCC lien, was not filed within the "official record" of the State of Florida).

In reaching that decision, the Court found that the Claimant failed to allege facts to support his contentions that Ditech is liable under the Florida Statute because Ditech conspired with prior mortgage servicers in advancing fraudulent assignments of mortgage (*id*. at 8-10), or that Ditech knowingly ratified and approved the fraudulent loan records generated by prior servicers. *Id*. at 10-13. The Court also found that Claimant was collaterally estopped from challenging the validity of the 2016 and 2019 Assignments of Mortgage (*id*. at 14-19) and that Claimant had not demonstrated that he could plead a fraud claim against Ditech with particularity. *Id*. at 19-20.

In the Renewed Request to Amend, Claimant still seeks leave of this Court to amend the Claim to assert a claim against Ditech under the Florida Statute. Renewed Request to Amend ¶¶ 1, 3. In support of that request, he says that Ditech must be held accountable for its own (not a

10

prior servicer's) allegedly fraudulent misrepresentation which are allegedly contained in affidavits and recorded assignments of mortgage filed by Ditech in the Florida official record. *See id.* ¶¶ 3, 4. He says he should be granted leave to do so, because his failure to assert a claim against Ditech based on Ditech's alleged wrongdoing – as opposed to that of a prior servicer, was scrivener's error. However, the Claimant misconstrues the import of that doctrine.

A scrivener's error is "a 'clerical error,' which is 'a[n] error resulting from a minor mistake or inadvertence, especially in writing or copying something.' Examples of scrivener's errors include omitting an appendix, typing an incorrect number, and mis-transcribing a word." *MSP Recovery Claims, Series LLC v. AIG Property Casualty Co.*, 2021 WL 3371621, at *8 (S.D.N.Y. Aug. 2, 2021) (citing Black's Law Dictionary (8th ed. 2004)). Courts do not consider substantive changes or failure to properly plead a claim under the relevant statutes a "scrivener's error." *See In re Michael Stapleton Assocs. Ltd.*, 2018 WL 3962931, at *4 (S.D.N.Y. Aug. 17, 2018) ("However, adding in a whole paragraph would amount to 'a significant substantive change rather than a simple fix to an inadvertent scrivener's error,' such as correcting spelling errors or adding stray words."); *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.,* 2015 WL 1499657, at *8 (S.D.N.Y. Mar. 27, 2015) (holding that an addition of three substantive paragraphs in an attempt to salvage a deficient pleading "constitute a significant substantive change rather than a simple fix to an 'inadvertent scrivener's error.'"). There is no merit to Claimant's characterization of his pleading failure as a scrivener's error.

Moreover, even construing the Claim as asserting that Ditech must be held accountable for its own wrongdoing, the Claimant has not stated grounds for relief. That is because in support of the Renewed Request to Amend, Claimant essentially relies on the same contentions that he made in support of the Request for Leave to Amend. Claimant has not addressed any of the

11

grounds that the Court cited in rejecting the Request for Leave to Amend. *See* Leave to Amend Claim Decision at 15-20.  The Court finds that construing the facts alleged by Claimant in the light most favorable to him, it would be futile to permit him to amend the Claim to assert a claim for relief under the Florida Statute. As such, the Court denies the Renewed Request to Amend.

**Renewed Motion for Rehearing**

Section 502(j) of the Bankruptcy Code governs the "reconsideration" of disallowed claims. *See* 11 U.S.C. § 502(j). The Court applied that section to the Claimant's Motion for Rehearing. *See* Rehearing Decision at 4. In assessing the merits of a claim for relief under section 502(j), courts apply the same analysis as they would under Bankruptcy Rules 9023 and 9024. *Id*. at 5-13. As support for the motion, Claimant asserts that he is entitled to a rehearing on the Claim Objection, as follows:

> (i) Based manifest injustice occasioned by the Court's error in its review of the evidence submitted by the Claimant in support of his contention that Ditech filed fraudulent instruments in the Official Records book in Palm Beach County, Florida in violation of the Florida Statute. Renewed Motion for Rehearing ¶ 1.
>
> (ii) The Claim Disallowance Decision is riddled with errors and is not consistent with the facts based on the evidence submitted and accepted by the Court. *Id.*
>
> (iii) In the Renewed Request to Amend, the Claimant has properly stated a cause of action under the Florida Statute and for fraud. *Id.* ¶ 2.

As set forth below, applying the well-settled standards governing claims for relief under Bankruptcy Rules 9023 and 9024, the Court finds that the Claimant has failed to demonstrate that he is entitled to relief under either provision of the Bankruptcy Rules.

12

Bankruptcy Rule 9023

Bankruptcy Rule 9023 provides that "[a] motion. . . to alter or amend a judgment shall be filed. . . no later than 14 days after entry of judgment." Fed. R. Bankr. P. 9023.[7] On February 9, 2021, the Court expunged the Claim, and on June 2, 2021, it denied the Motion for Rehearing. On July 7, 2021, 35 days later, Claimant filed his Renewed Motion for Rehearing. To the extent Claimant seeks relief under Bankruptcy Rule 9023, the Renewed Motion for Rehearing is time-barred, as the Claimant filed it more than 14 days after the Court denied the Motion for Rehearing. *See In re AMR Corp.*, 567 B.R. 247, 257 n.6 (Bankr. S.D.N.Y. 2017), *aff'd sub nom. Krakowski v. Am. Airlines, Inc.,* 610 B.R. 714 (S.D.N.Y. 2019), *aff'd sub nom. In re AMR Corp.,* 834 F. App'x 660 (2d Cir. 2021) ("Plaintiffs have not filed a motion for this Court to reconsider its decision, and even if such a request were to be made, it would be untimely. *See* Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023; Local [Bankruptcy] Rule 9023-1 (14-day time limit).").

Moreover, and in any event, there is no merit to the request for relief. The standard applicable to a motion to alter or amend a judgment under Federal Rule 59(e) is applicable to a motion for reargument under Bankruptcy Rule 9023. *See In re CCT Commc'ns, Inc.*, No. 07–10210 (SMB), 2011 WL 239658, at *2 (Bankr. S.D.N.Y. Jan. 22, 2011) (citations omitted). "The standard for granting a motion for reconsideration is strict, and reconsideration is generally denied unless the moving party can point to controlling decisions or data that the court

---

[7]    Local Bankruptcy Rule 9023–1(a) states:

A motion for reargument of a court order determining a motion shall be served within 14 days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within 14 days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

13

overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Rehearing Decision at 6 (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). *See also Schonberger v. Serchuk*, 742 F.Supp. 108, 119 (S.D.N.Y.1990); *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y.1988).

The Renewed Motion for Rehearing is based on the same facts alleged in support of the Motion for Rehearing. The Claimant has not demonstrated that the Court overlooked controlling decisions or data that might reasonably be expected to alter its conclusion that the Claim should be disallowed and expunged. The facts he alleges do not state claims against Ditech under the Florida Statute. He has not demonstrated grounds for relief under Bankruptcy Rule 7023.

<u>Bankruptcy Rule 9024</u>

Federal Rule 60 states:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "[A]ll orders of the bankruptcy court are subject to Rule 60 F.R.CIV.P." *In re K.G. IM, LLC*, 620 B.R. 469, 477 (Bankr. S.D.N.Y. 2020) (quoting Fed. R. Bankr. P. 9024, advisory committee note).

In denying the Claimant's prior request for relief under Federal Rule 60, the Court found that he failed to state grounds for relief under Federal Rule 60(b)(1) because the Claimant failed

to demonstrate that the Court committed substantive factual errors in disallowing and expunging the claim. Rehearing Decision at 10-11. The Court denied the Claimant relief under Federal Rules 60(b)(2) and (3) because, respectively, Claimant (i) failed to produce newly discovered evidence that is relevant to the Claim, and (ii) failed to demonstrate that Ditech engaged in fraud or other misconduct that prevented the Claimant from fully and fairly presenting the Claim. *Id.* 11-12. Finally, the Court found that, on their terms and the facts alleged in support of the Motion for Rehearing, Federal Rule 60(b)(4), (5) and (6) were not applicable in this case. That analysis is equally applicable herein, as the Claimant, in support of his Renewed Motion for Rehearing, relies on the same facts asserted in support of the Motion for Rehearing. He has failed to state grounds for relief under any provision of Federal Rule 60(b).

## Conclusion

Based on the foregoing, the Court denies the Renewed Motions.

IT IS SO ORDERED.

Dated: New York, New York
October 4, 2021

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge

15