UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
:
In re : Chapter 11
:
DITECH HOLDING CORPORATION, *et al.*, : Case No. 19-10412 (JLG)
:
Debtors.[1] : (Jointly Administered)
: Related Docket Nos. 4541, 3741, 3754,
: 4548
---------------------------------------------------------------X

# STIPULATION REGARDING PROOF OF ADMINISTRATIVE EXPENSE CLAIM NO. 60182 FILED BY FINANCE OF AMERICA REVERSE LLC

This stipulation (this "**Stipulation**") is made and entered into by and between the Plan Administrator[2] and Finance of America Reverse LLC ("**Claimant**" and together with the Plan Administrator, the "**Parties**").

## *RECITALS*

A. On February 11, 2019 (the "**Petition Date**"), Reverse Mortgage Solutions, Inc. ("**RMS**") and certain of its affiliates (collectively with RMS, the "**Debtors**") each commenced with the Bankruptcy Court a voluntary case under chapter 11 of title 11 of the United States Code.

---

[1] On September 26, 2019, the Bankruptcy Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. On February 22, 2022, the Bankruptcy Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief* (ECF No. 3903) (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

[2] The Plan Administrator acts on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**").

B. On September 26, 2019, the Bankruptcy Court confirmed the Third Amended Plan. Under the Third Amended Plan, (i) the Plan Administrator, on behalf of each of the Wind Down Estates, has exclusive authority to object to all Administrative Expense Claims,[3] Priority Tax Claims, Priority Non-Tax Claims, and Other Secured Claims, (ii) the GUC Recovery Trustee, on behalf of the GUC Recovery Trust, has the exclusive authority to object to all General Unsecured Claims, and (iii) the Consumer Representative has the exclusive authority to object to all Consumer Creditor Claims.

C. On November 11, 2019, Claimant filed Proof of Administrative Expense Claim No. 60182 (the "**FAR Administrative Claim**"), asserting an Administrative Expense Claim in the amount of $375,832.07 plus amounts to be determined.

D. On April 17, 2020, the Plan Administrator filed an omnibus objection (ECF No. 2186) (the "**Omnibus Objection**") to certain Administrative Expense Claims, including the FAR Administrative Claim, seeking to have those claims reclassified as General Unsecured Claims.

E. On May 8, 2020, FAR filed its response (ECF No. 2315), through which FAR opposed reclassification of the FAR Administrative Claim, and stated that FAR had "quantified its realized and unrealized losses resulting from RMS' post-petition subservicing errors and other material post-petition breaches in the approximate amount of $14 million, plus other amounts to be determined." On December 11, 2020, the Plan Administrator filed its reply (ECF No. 3076).

F. On January 28, 2021, the Bankruptcy Court held a Sufficiency Hearing[4] with respect to the FAR Administrative Claim and the Omnibus Objection.

---

[3] Terms with an initial capital not required by standard capitalization rules, and not parenthetically or otherwise defined herein, shall have the meanings ascribed to such terms in the Third Amended Plan.

[4] On November 19, 2019, the Bankruptcy Court entered an order (ECF No. 1632) (the "**Claims Procedures Order**") establishing that an objection to a properly filed Administrative Expense Claim gives rise to a "Contested Claim" that will be resolved at a "Claim Hearing." Pursuant to the Claims Procedures Order, the Plan Administrator had the option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* at ¶ 3(iv)(a), (b). A "Sufficiency Hearing," is a non-evidentiary hearing to address whether a Contested Claim states a claim for relief. A "Merits Hearing" is an evidentiary hearing on the merits of a Contested Claim. *Id.* at ¶ 3(iv)(b).

G. On October 21, 2021, the Bankruptcy Court entered a memorandum decision and order (ECF No. 3741) (the "**Memorandum Decision**") which sustained the Omnibus Objection, thereby reclassifying the FAR Administrative Claim as a General Unsecured Claim.

H. On November 3, 2021, FAR filed a notice of appeal of the Memorandum Decision (ECF No. 3754), which was docketed with the United States District Court for the Southern District of New York (the "**District Court**"), Case No. 21-10038-LAK (the "**Appeal**"). FAR's opening brief in the Appeal (ECF No. 7) stated that the FAR Administrative Claim "seeks allowance of an administrative expense priority claim… in the amount of approximately $14 million."

I. On September 23, 2022, the District Court entered a Memorandum Opinion in the Appeal, vacating the Memorandum Decision and remanding the matter back to the Bankruptcy Court for further proceedings consistent with the District Court's opinion.

J. The Plan Administrator has been reserving $14 million for the FAR Administrative Claim in the Disputed Claims Reserve, based upon the claim amount asserted by FAR (the "**$14 Million Reserve**").

K. The Plan Administrator requested that FAR serve an amended Proof of Claim that accurately and adequately discloses the nature and basis of the $14 million administrative claim FAR had indicated it was seeking.

L. The Parties have met and conferred regarding next steps in addressing the FAR Administrative Claim on remand, and have agreed as follows, subject to Bankruptcy Court approval.

## STIPULATION

**NOW, THEREFORE,** in consideration of the foregoing, the Parties hereby stipulate as follows:

1. FAR's amended proof of Administrative Expense Claim, annexed hereto as **Exhibit A** (the "**Amended FAR Administrative Claim**"), shall be deemed filed subject to the

Plan Administrator's right to object to the Amended FAR Administrative Claim on any basis other than timeliness of the filing of the Amended FAR Administrative Claim (a "**Timeliness Objection**").[5] For the avoidance of doubt, an objection on the basis that a claim does not relate back to the original Proof of Claim is not a Timeliness Objection.

2. The Plan Administrator shall file and serve any objection to the sufficiency of the Amended FAR Administrative Claim and/or on the basis that a claim does not relate back to the original Proof of Claim (an "**Objection**") on or before February 7, 2023, and shall notice a Sufficiency Hearing on such Objection for the March 30, 2023 at 11:00 a.m. omnibus hearing date (subject to the Bankruptcy Court's availability).

3. FAR shall have until March 10, 2023 to file and serve a response to any Objection.

4. The Plan Administrator shall have until March 24, 2023 to file and serve a reply.

5. After the Bankruptcy Court resolves the Objection, if any part of the Amended FAR Administrative Claim remains unresolved, the Parties shall meet and confer, and shall file a joint stipulation and proposed order setting forth a proposed discovery and hearing schedule or, if the Parties cannot reach agreement, shall file competing proposed orders for the Bankruptcy Court's consideration.

6. FAR agrees that the $14 Million Reserve is a sufficient reserve on account of the Amended FAR Administrative Claim for purposes of section 7.6 of the Third Amended Plan.

7. FAR agrees that the GUC Trust need not assert any objections to the Amended FAR Administrative Claim to preserve any objections that the GUC Trust may have with respect to the previously-filed general unsecured claim of FAR (Claim No. 21347) (the "**FAR GUC**

---

[5] Certain exhibits to the Amended FAR Administrative Claim have been designated as "Confidential" by FAR pursuant to the *Confidentiality and Protective Order* (ECF No. 810), or contain personally identifiable information, and have not been included with this filing. However a full set of exhibits has been provided to Plan Administrator's counsel.

**Claim**") to the extent that any portion of the Amended FAR Administrative Claim overlaps with the FAR GUC Claim. In addition, FAR agrees that the rights of the GUC Trust to object to any general unsecured claim of FAR are preserved, including the FAR GUC Claim and any portions of the Amended FAR Administrative Claim that may be reclassified as general unsecured claims.

8. This Stipulation constitutes the entire agreement between the Parties regarding the matters addressed herein, and may not be amended or modified in any manner except by a writing signed by each of the Parties.

9. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

[*Signature page to follow.*]

Dated: January 25, 2023
      New York, New York

| QUINN EMANUEL URQUHART & SULLIVAN, LLP | HUNTON ANDREWS KURTH LLP |
|---|---|
| */s/ Isaac Nesser* | */s/ Robert A. Rich* |
| Isaac Nesser | Peter S. Partee, Sr. |
| 51 Madison Avenue, 22nd Floor | Robert A. Rich |
| New York, New York 10010 | 200 Park Avenue |
| Telephone: (212) 849-7000 | New York, New York 10166 |
| Email: isaacnesser@quinnemanual.com | Telephone: (212) 309-1132 |
| | Email: ppartee@huntonak.com |
| | Email: rrich@huntonak.com |
| *Counsel for the Plan Administrator* | *Counsel for Finance of America Reverse LLC* |

SO ORDERED:

Dated: January 31, 2023
      New York, New York

                                             /s/ *James L. Garrity, Jr.*
                                             THE HONORABLE JAMES L. GARRITY, JR.
                                             UNITED STATES BANKRUPTCY JUDGE