UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  

NOT FOR PUBLICATION

------------------------------------------------------- x  
In re:                                                                           :  
                                                                                     :   Case No. 19-10412 (JLG)  
Ditech Holding Corporation, *et al.*,                             :   Chapter 11  
                                                                                     :  
                                                         Debtors.[1]           :   (Jointly Administered)  
                                                                                     :  
------------------------------------------------------- x  

**MEMORANDUM DECISION AND ORDER DENYING HILDA HUTCHINSON'S MOTION FOR STAY PENDING APPEAL**

<u>**A P P E A R A N C E S**</u> **:**

JENNER & BLOCK, LLP  
*Attorneys for the Consumer Claims Trustee*  
1155 Avenue of the Americas  
New York, New York 10036  
<u>By:</u>    Richard Levin, Esq.

Hilda Hutchinson  
*Appearing Pro Se*  
377 East 98th Street  
Brooklyn, NY 11212

---

[1] The Debtors' *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1326 (the "Third Amended Plan"), was confirmed, which created the Wind Down Estates. References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412 (the "Chapter 11 Cases"). The Wind Down Estates, along with the last four digits of each of their federal tax identification numbers, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[2]

The matter before the Court is the motion (the "Motion")[3] of Hilda Hutchinson (the "Claimant") acting pro se, for a stay of this Court's previous order disallowing her claim (the "Claim Order")[4] pending her Appeal[5] of that order to the United States District Court for the Southern District of New York. On March 22, 2023, this Court entered an Order To Show Cause To Stay Pending Appeal scheduling a hearing on the Motion for March 30, 2023.[6] On March 23, 2023, the Consumer Claims Trustee filed her objection to the Motion (the "Objection").[7] On March 30, 2023, the Court heard argument on the Motion.

For the reasons set forth below, the Court denies the Motion.[8]

### Background

On March 13, 2019, the Claimant filed proof of claim 20125 (the "First Claim") as an unsecured claim herein in an undetermined amount against Green Tree Servicing Corp ("Green Tree"), one of the Debtors herein. First Claim at 1-2. On the proof of claim form, the Claimant

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Third Amended Plan or the Claim Objection.

[3] *Order to Show Cause to Stay Pending Appeal*, ECF No. 4646.

[4] *Order Granting the Consumer Claims Trustee's Twelfth Omnibus Objection to Proofs of Claim (Insufficient Documentation Unsecured Consumer Creditor Claims) with Respect to the Claims of Hilda Hutchinson (Claim Nos. 20125 and 868)*, ECF No. 4634.

[5] *Notice of Appeal and Statement of Election*, ECF No. 4639.

[6] *Order Granting Order to Show Cause to Stay Pending Appeal,* ECF No. 4647.

[7] *Consumer Claims Trustee's Response to Claimant Hilda Hutchinson's Request for a Stay Pending Appeal,* ECF No. 4649.

[8] At the Hearing on the Motion, the Court summarized the grounds for denying the Motion, but advised the parties that it would file an appropriate order. This is the Court's Order.

designates the basis of her First Claim as "Other Basis" and "Omissions made." *Id.* at 2. She attached no documentation in support of the claim.

On April 8, 2019, the Claimant filed proof of claim 868 (the "Second Claim") as an unsecured claim in an undetermined amount against Green Tree. Second Claim at 1-2. The Second Claim amends and supersedes the First Claim. *Id.* at 1. On this form, the Claimant lists "Omissions made by Debtor" as the basis for her claim. *Id.* In support of the claim, she attached a two-page letter from Green Tree (apparently responding to an earlier Qualified Written Request from the Claimant), in which Green Tree explains that Hutchinson is ineligible for reimbursement of $199,405.94 in previous payments. *Id.* at 3-4.

The Claim Order addressed both the First Claim and the Second Claim. As the Second Claim amends and supersedes the First Claim, the Court will refer to those claims collectively as the "Hutchinson Claim."

The Hutchinson Claim is based on identical claims the Claimant asserted against Green Tree in 2015 in New York State Supreme Court, Kings County, New York (the "State Court"). *See Hilda Hutchinson vs Green Tree Servicing, LLC*, Index No. 504743/2015 (Supreme Court, Kings County, New York, April 21, 2015) (the "State Court Action"). In that action, the State Court rejected all of the Claimant's theories of liability. It found that Green Tree did not impose any obligations upon the Claimant beyond those required by the Note and Mortgage that the Claimant had assumed (the "Assumption Agreement"). The State Court also found that the Claimant did not suffer any actual damages.

On March 13, 2020, the Consumer Claims Trustee filed her Twelfth Omnibus Objection (the "Claim Objection"),[9] objecting to the Hutchinson Claim on the basis that it lacks "sufficient information or documentation to substantiate the claim." Claim Objection at 9, 14.

On March 16, 2020, the Claimant responded to the Claim Objection (the "Response").[10] In her Response, the Claimant includes a nine-page[11] narrative in which she contends that the Hutchinson Claim is based on the complaint underlying the State Court Action. The Response also purported to assert damage claims against Green Tree based on:

(1) Violations of the Consumer Protection Act,

(2) Fraud,

(3) Misrepresentation,

(4) Emotional distress,

(5) Violations of the Fair Debt Collection Practices Act,

(6) Violations of section 349 of the New York General Business Law,

(7) Violations of section 5 of the Federal Trade Commission Act,

(8) Violations of sections 1031 and 1036 (A)(1)(B) of the Consumer Financial Protection Act,

(9) Violations of the Fair Credit Reporting Act, and

(10) Violations of the Real Estate Settlement and Procedures Act ("RESPA").

---

[9] *Consumer Claims Trustee's Twelfth Omnibus Objection to Proofs of Claim (Insufficient Documentation Unsecured Consumer Creditor Claims)*, ECF No. 1973.

[10] *Affidavit in Opposition to Docket No. 1973 Consumer Claims Trustee's Twelfth Omnibus Objection to Proofs of Claim # 868 & 20125*, ECF No. 2344.

[11] In addition to the nine pages of narrative, the Claimant attached the following to the Response: (i) Note and Mortgage; (ii) Assumption Agreement; (iii) responses to Qualified Written Requests; (iv) debt dispute letters; (v) an identity theft report; (vi) letters from Green Tree to the New York Department of Financial Services; (vii) the Complaint; (viii) the Debtors' answer to the Complaint; (ix) a May 5, 2015 Title Report; (x) Deed showing transfer of property from City of New York to NHS Community Development; (xi) payoff letters, billing statements, and homeownership counseling letters from 2015; (xii) Assignment of Mortgage, dated October 2, 2015; and (xiii) various pleadings from state court action.

Response at 1. In addition, the Claimant requested a declaratory judgment as to her rights and title to certain property that is central to the State Court Action. *Id.*

On September 23, 2022, prior to the scheduling of the hearing on the Claim Objection (the "Sufficiency Hearing"), the Consumer Claims Trustee filed a motion to estimate the Hutchinson Claim (the "Estimation Motion"),[12] solely for purpose of establishing a $250,000 reserve in the Consumer Claims Trust, without prejudice to the resolution of the Claim Objection or to Claimant's right to seek allowance of the Hutchinson Claim in a greater amount. In support of the Estimation Motion, the trustee demonstrated that there were nearly 200 claims awaiting adjudication, and the Consumer Claims Trustee advised that it would take several years to resolve the remaining disputed claims. Estimation Motion ¶ 8. The Court granted the Estimation Motion and directed the trustee to submit a form of order, which she did on January 20, 2023.[13] The Claimant filed an objection to the form of order.[14] The objection was not resolved before the Sufficiency Hearing.

On February 10, 2023, the Consumer Claims Trustee filed a reply (the "Reply")[15] in support of the Claim Objection. In the Reply, the trustee argued that the Court should deny and expunge the Hutchinson Claim under two theories – (i) the claim is barred by issue preclusion (Reply ¶¶ 25-36); and (ii) the claim fails to state facts sufficient to state a claim for relief (*id*. ¶¶ 37-61).

---

[12]   *Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim*, ECF No. 4266.

[13]   *Notice of Proposed Order Regarding Estimation for Purposes of Distribution Reserves and Classification for Proof of Claim Nos. 868, 20125*, ECF No. 4534.

[14]   *Objections to Trustee Order ECF # 4534*, ECF No. 4547.

[15]   *Reply of the Consumer Claims Trustee in Support of the Twelfth Omnibus Objection with Respect to Claims of Hilda Hutchinson (Nos 20125 and 868)*, ECF No. 4588.

On February 14, 2023, the Claimant filed a sur-reply,[16] which she subsequently amended (the "Sur-Reply").[17]  The Claimant argued that the Reply was untimely and that the exhibits annexed to the Reply were inadmissible because they were not certified.  Thereafter, the Consumer Claims Trustee filed certified copies of all those exhibits.[18]

On February 23, 2023, the Court held a Sufficiency Hearing on the Hutchinson Claim. Ms. Hutchinson appeared pro se. The Court heard argument on the Claim Objection. Thereafter, based upon its review of the papers submitted by the parties and after due consideration of the arguments made by the parties, the Court announced its ruling disallowing and expunging the Hutchinson Claim.  This Court held that the Hutchinson Claim was barred by application of the doctrine of collateral estoppel and, in any event, the claim failed to state a legal claim against the Green Tree upon which relief could be granted.  On March 14, 2023, the Court entered the Claim Order. In disallowing the Hutchinson Claim, the Court mooted the Estimation Motion.

On March 16, 2023, the Claimant filed the Appeal of the Claim Order. On March 20, 2023, the Claimant asked the Court to stay the Claim Order pending the Appeal. On March 22, 2023, the Court entered an order scheduling a hearing on the Motion for March 30, 2023.  The Court set March 29, 2023, as the date any responsive papers would be due.  On March 23, 2023, the Consumer Claims Trustee filed the Objection to the Motion.  On March 30, 2023, the Court heard argument on the Motion.

---

[16]   *Objection Untimely Trustee Reply*, ECF No. 4596.

[17]   *Amended Objection Untimely Trustee Reply*, ECF No. 4603.

[18]   *Request for Judicial Notice in Support of the Reply of the Consumer Claims Trustee In Support of the Twelfth Omnibus Objection with Respect to Claims of Hilda Hutchinson (Nos 20125 and 868)*, ECF No. 4599.

**Discussion**

Rule 8007 of the Federal Rules of Bankruptcy Procedure governs stays pending appeals in bankruptcy cases. It is settled that stays under Bankruptcy Rule 8007 "are the exception, not the rule, and are granted only in limited circumstances." *In re Brown*, No. 18-10617, 2020 WL 3264057, at *5 (Bankr. S.D.N.Y. June 10, 2020) (internal citation omitted). Accordingly, the party seeking a stay pending appeal under Rule 8007 "carries a heavy burden." *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005).

Bankruptcy Rule 8007(a)(1) provides that "[o]rdinarily, a party must move first in the bankruptcy court for the following relief: (A) a stay of a judgment, order, or decree of the bankruptcy court pending appeal[.]" Fed. R. Bankr. P. 8007(a)(1). The decision to grant a stay of an order pending appeal lies within the sound discretion of the court. *In re General Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009). In exercising that discretion, the Court will weigh the following four factors: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal, and (4) the public interests that may be affected." *ACC Bondholder Grp. v. Adelphia Commc'ns. Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 346 (S.D.N.Y. 2007) ("*Adelphia II*").

Some courts have held that to prevail on a Rule 8007(a)(1) motion, the moving party must show "'satisfactory' evidence on all four criteria." *See, e.g.*, *Turner v. Citizens Nat'l Bank (In re Turner)*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997) (quoting *Bijan-Sara Corp. v. Fed. Deposit Ins. Corp. (In re Bijan-Sara Corp.)*, 203 B.R. 358, 360 (B.A.P. 2d Cir. 1996)). Other courts have held that the inquiry involves a balancing of the four factors and the lack of any one

7

factor is not dispositive to the success of the motion. *See In re General Motors Corp.*, 409 B.R. at 30; *Adelphia II*, 361 B.R. at 347.

The Court adopts the latter approach and will balance the four factors. In doing so, the Court will apply the factors "somewhat like a sliding scale . . . 'more of one [factor] excuses less of the other.'" *Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006) (quoting *Mohammed v. Reno*, 309 F.3d 95, 101 (2d Cir. 2002)). Still, in analyzing the factors, the Court finds that "irreparable injury and likelihood of success on the merits 'are the most critical.'" *Church & Dwight Co. v SPD Swiss Precision Diagnostics, GmbH*, No. 14-CV-585, 2015 WL 5051769, at *2 (S.D.N.Y. Aug. 26, 2015) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)).

The Court considers these factors below.

**<u>Whether the Claimant Will Suffer Irreparable Harm Absent a Stay Pending Appeal</u>**

Irreparable harm is the "principal prerequisite" for a stay under Bankruptcy Rule 8007; such harm "must be 'neither remote nor speculative, but actual and imminent.'" *Adelphia II*, 361 B.R. at 347 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969 975 (2d Cir. 1989)); *see also In re Calpine Corp*, No. 05-60200, 2008 WL 207841, at *4 (Bankr. S.D.N.Y. Jan. 24, 2008); *Fox v. Mandiri (In re Perry H. Koplik & Sons, Inc.)*, No. 02–40648, 2007 WL 781905, at *1 (Bankr. S.D.N.Y. Mar. 13, 2007).

The Claimant asserts that she "will suffer irreparable injury if no stay is granted." Motion ¶ 37. In essence, she maintains that is so because the Consumer Claims Trustee may distribute the funds in the Consumer Creditor Claims Trust without accounting for the Hutchinson Claim. The Court finds no merit to that contention. By the terms of the Third Amended Plan, the distribution from the Consumer Creditor Claims Trust is to be *pro rata* among allowed Consumer Creditor Claims. The Trustee cannot make a distribution until the

8

total allowable amount of the Consumer Creditor Claims is determined. Thus, the order disallowing the Hutchinson Claim will not have any practical effect until such time as the Trustee commences distributions to Consumer Creditors under the Plan. It is undisputed that over 100 claims await adjudication. Because the Plan requires *pro rata* distribution of a fixed sum of money among all allowed claims, until the claims are allowed (or estimated in maximum amounts), the Trustee cannot make a distribution and does not expect to make a distribution for a substantial period of time.

The Claimant has not demonstrated that she will suffer irreparable harm absent a stay pending appeal.

### Whether the Claimant Has a Likelihood of Success on Appeal

To satisfy this factor, the Claimant must demonstrate that "there is more than a mere possibility of a successful appeal." *See In re Country Squire Assocs. of Carle Place, L.P.*, 203 B.R. 182, 184 (B.A.P. 2d Cir. 1996). The requisite showing of substantial possibility of success is "inversely proportional to the amount of irreparable injury the Claimant will suffer absent the stay." *Mohammed*, 309 F.3d at 101. "Simply stated, more of one excuses less of the other." *Id.* As noted, the Claimant has not demonstrated that she is likely that she will suffer any harm, let alone irreparable harm, if the Court denies the Motion. Nor has she demonstrated that there is more than a mere possibility of success on appeal.

In granting the Claim Order, the Court found that the Hutchinson Claim is barred by application of the doctrine of collateral estoppel and does not state claims for relief against the Debtors. The Court disallowed the claim based on a complete record and after full consideration of the matters raised in support of, and in opposition to, the Claim Objection. In her request for a stay, Claimant does not purport to highlight arguments that she advanced in her papers or at the

9

hearing in support of her claim. She does not suggest that the Court erred in its ruling, that she has a likelihood of success on appeal, or even that this Court's ruling was a close call that should be stayed pending review by an appellate court.

At the hearing on the Motion, the Claimant raised legal issues in support of the Claim that she conceded she did not raise in the State Court Action. Moreover, most of Claimant's arguments in support of her request for a stay pending appeal appear to relate to issues of notice, service, and timing of the Consumer Claims Trustee's filings herein. The trustee maintains that she complied with all notice requirements in this case. However, she acknowledges a dating error in the Affidavit of Service relating to service of the Trustee's February 13, 2023 Reply. Significantly, the Claimant does not assert that she did not actually receive the electronically served Reply or any of the other papers that the Trustee filed and served regarding her claim, and she appeared and argued at length at both the hearing on the objection to her claims and an earlier hearing on a motion to estimate her claims. Court considers any errors in the affidavits of service as harmless. They do not appear to provide a basis for reversing this Court's order disallowing her claim.

The Claimant has not demonstrated a likelihood of success on the appeal.

**Whether the Issuance of the Stay Will Substantially Injure the Other Parties Interested in the Proceeding**

In considering this factor, the Court must balance the harm to the Consumer Claims Creditors if it does not grant the stay against the harm to the Claimant if it grants it. *See In re Country Squire Assocs.*, 203 B.R. at 184 ("In measuring whether any such injury [to the non-moving parties] would be 'substantial,' it is appropriate to compare it with the irreparable harm [the movant] will suffer if the foreclosure sale is not stayed."). In other words, the moving party must show that the balance of harms tips in favor of granting the stay. *Adelphia II*, 361 B.R. at

10

349. Although the Claimant has failed to establish that she will suffer irreparable harm without a stay pending appeal, it is not at all clear that the Consumer Claims Creditors will be prejudiced if the Court grants Motion.

Application of this factor is neutral.

**Where the Public Interest Lies**

The public interest disfavors the issuance of stays pending appeal because "the public interest favors the expedient administration of the bankruptcy proceedings." *See In re Savage & Assocs., P.C.*, No. 05 CIV.2072, 2005 WL 488643, at *2 (S.D.N.Y. Feb. 28, 2005); *see also In re Health Diagnostic Lab'y, Inc.*, No. 15-3219, 2015 WL 4915621, at *5 (Bankr. E.D. Va. Aug. 17, 2015) (finding that "third parties and the public interest in general will be harmed by imposition of the stay").

The public interest plainly is not served by granting a stay of an order in cases like this one, where the Claimant will not suffer any harm without the stay and cannot demonstrate that it is likely that she will prevail on the Appeal.

**Conclusion**

In balancing the relevant factors, the Court finds that the Claimant has not demonstrated grounds for a stay pending her Appeal of the Claim Order. The Court denies the Motion.

IT IS SO ORDERED.

Dated: New York, New York
March 31, 2023

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge