| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |

------------------------------------------------------x

In re:

Ditech Holding Corporation, *et al.*,

                                Debtors.[1]

------------------------------------------------------x

Case No. 19-10412 (JLG)

Chapter 11

(Jointly Administered)

## MEMORANDUM DECISION AND ORDER SUSTAINING THE PLAN ADMINISTRATOR'S AND CONSUMER CLAIMS TRUSTEE'S SEVENTY-SECOND OMNIBUS OBJECTIONS TO PROOFS OF CLAIM (NO BASIS CONSUMER CREDITOR CLAIMS) AGAINST HANAN LANCASTER

**A P P E A R A N C E S :**

JENNER & BLOCK, LLP
*Attorneys for the Consumer Representative*
1155 Avenue of the Americas
New York, New York 10022
<u>By:</u>   Richard Levin

WEIL, GOTSHAL & MANGES LLP
*Attorneys for the Plan Administrator*
767 Fifth Avenue
New York, New York 10153
<u>By:</u>   Ray C. Schrock, P.C.
       Richard W. Slack
       Natasha S. Hwangpo
       David F. Hill, IV

Ms. Hanan Lancaster
*Appearing Pro Se*
14625 Magnolia Blvd, Unit 24
Sherman Oaks, California 91403

---

[1] The Debtors' *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1326, was confirmed, which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of each of their federal tax identification numbers, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

**Introduction**[2]

On April 25, 2019, Hanan Mujahid Lancaster (the "Claimant") filed Proof of Claim No. 21392 (the "Claim") as a secured claim in the amount of $139,163.89 against Ditech Financial LLC. ("Ditech"). Claim at 1-2. The Claim arises out of Ditech's alleged wrongdoing in connection with a foreclosure action (the "State Foreclosure Action"), against certain real property located at 19 Post Office Avenue, Apartment 202, Laurel, Maryland 20707 (the "Property"), in the Circuit Court of Maryland for Prince George's County (the "Maryland Court"). On February 25, 2020, the trustee under the Deed of Trust (the "Trustee") sold the Property pursuant to the Third Foreclosure Sale.

In their Seventy-Second Omnibus Objection (the "Objection"),[3] the Plan Administrator and the Consumer Claims Trustee assert that the Claim has "no merit based on Company review." Objection, Ex. A (List of Claims) at 3. They maintain that the arguments in support of the Claim essentially repeat, word-for-word, the arguments the Claimant made in defense of the State Foreclosure Action in the Maryland Court. That action resulted in a final judgment on the merits against the Claimant and the foreclosure sale of the Property. They contend that application of the doctrine of res judicata bars the Claimant from relitigating the matters resolved in the State Foreclosure Action. Accordingly, they ask the Court to expunge the Claim. They also argue that even if the Court does not bar the Claim in its entirety, the Court should reclassify the Claim as a

---

[2] Capitalized terms shall have the meanings ascribed to them herein and in the Objection, Claims Procedures Order and Third Amended Plan, as applicable. References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412.

[3] *Seventy-Second Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims)*, ECF No. 3280.

2

Consumer Creditor Claim, as defined by the Third Amended Plan, subject to further determination and objection by the Consumer Claims Trustee. The Claimant, acting pro se, responded to the Objection (the "Response"),[4] and the Plan Administrator and Consumer Claims Trustee jointly replied to the Response (the "Reply").[5]

Pursuant to the Claims Procedures Order,[6] the filing of the Response caused an adjournment of the Objection so that the Court could conduct a Sufficiency Hearing on the Claim. Under that order, the legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[7] Claims Procedures Order ¶ 3(iv)(a). On May 25, 2023, the Court conducted a telephonic Sufficiency Hearing on the Claim. The Consumer Claims Trustee and Plan Administrator appeared at the hearing through counsel. The Claimant, acting pro se, appeared at the hearing. The Court heard argument on the Objection.

The Court has reviewed the Claim, Objection, Response, and Reply, including all documents submitted in support thereof, and it has considered the arguments made by the parties

---

[4] *Opposition to Claims Objection*, ECF No. 3398.

[5] *Joint Reply of the Plan Administrator and Consumer Claims Trustee in Support of the Seventy-Second Omnibus Objection (No Basis Consumer Creditor Claims) with Respect to the Claim of Hanan Lancaster (Claim No. 21392)*, ECF No. 4527.

[6] *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, ECF No. 1632.

[7] Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In filing the Objection, the Consumer Claims Trustee and Plan Administrator initiated a contested matter. *See Pleasant v. TLC Liquidation Tr. (In re Tender Loving Care Health Servs., Inc.)*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the objection has initiated a contested matter"). Bankruptcy Rule 9014 governs contested matters. The rule does not explicitly provide for the application of Bankruptcy Rule 7012. However, Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014. The Court has done so here in the Claims Procedure Order.

in support of their respective positions. As explained below, accepting all the well-pleaded factual allegations asserted by the Claimant in support of the Claim as true, drawing all reasonable inferences in the Claimant's favor, and liberally construing the Claim and the Response to the Objection to raise the strongest arguments that they suggest, the Claim fails to state plausible claims for relief against Ditech because it is barred by application of the doctrine of res judicata. Accordingly, the Court sustains the Objection and disallows and expunges the Claim. The Court denies, as moot, the Plan Administrator's and Consumer Claims Trustee's alternative request for relief.

## Jurisdiction

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## Background

### The Chapter 11 Cases

On February 11, 2019 (the "Petition Date"), Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates (the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019, at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy

4

Code), to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[8] Thereafter, the Court extended the General Bar Date for consumer borrowers like the Claimant twice, ultimately setting the date as June 3, 2019, at 5:00 p.m. (prevailing Eastern Time).[9]

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[10] and on September 30, 2019, that plan became effective.[11] The Plan Administrator is a fiduciary appointed under the Third Amended Plan who is charged with the duty of winding down, dissolving, and liquidating the Wind Down Estates. Third Amended Plan, art. I, §§ 1.130, 1.184, 1.186. Under the Third Amended Plan, "[a]ny claim asserted by a Borrower against the Debtors" is a Consumer Creditor Claim. *Id.* art. I, § 1.36. The Third Amended Plan provides that each holder of an Allowed Consumer Creditor Claim "shall receive such holder's Pro Rata share of the Consumer Creditor Net Proceeds" in accordance with the plan. *Id.* art. IV, § 4.6. The Consumer Claims Trustee is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of funds to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan. *Id.* art. I, § 1.41. The Consumer Claims Trustee has the exclusive authority to object to all Consumer Creditor Claims. *Id.* art. VII, § 7.1. The Third Amended Plan also provides that the Plan Administrator,

---

[8] *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, ECF No. 90.

[9] *Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers Nunc Pro Tunc*, ECF No. 496.

[10] *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1326.

[11] *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

on behalf of each of the Wind Down Estates, is authorized to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Intercompany Claims. *Id.*

**The Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order. Under that order, the Plan Administrator and the Consumer Claims Trustee are authorized to file Omnibus Objections seeking reduction, reclassification, or disallowance of claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶ 2(i)(a)–(h). A properly filed and served response to an objection gives rise to a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Plan Administrator and/or the Consumer Claims Trustee, as appropriate, has the option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a), (b). A "Merits Hearing" is an evidentiary hearing on the merits of the Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. The legal standard of review that the Court will apply at a Sufficiency Hearing is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Id.* ¶ 3(iv)(a).

**The Claim**[12]

On or about August 17, 2007, the Claimant purchased the Property with the proceeds of a loan secured by a deed of trust (the "Deed of Trust") on the Property. Statement ¶¶ 2, 6. At some

---

[12] The State Foreclosure Action was styled *O'Sullivan v. Mujahid*, No. CAEF17-15609. The Claimant and the Plan Administrator and Consumer Claims Trustee rely on documents filed of record in that action in support of their respective contentions in this matter.

The Claim consists of a three-page Proof of Claim (Official Form 410), a four-page statement in support of the Claim (the "Statement"), the First Foreclosure Exceptions with exhibits that she filed in response to the First Foreclosure Sale in the State Foreclosure Action, the Claimant's April 25, 2018 declaration filed in the State Foreclosure Action, and the Motion to Vacate the First Foreclosure Sale. The Plan Administrator and Consumer Claims Trustee annex the following documents to the Reply: (i) docket for the State Foreclosure Action (the "Docket

point thereafter, Ditech began servicing the loan. Reply ¶ 2. On June 30, 2017, the Trustee filed the State Foreclosure Action against the Property in the Maryland Court. Statement ¶¶ 3, 8. Over the course of the State Foreclosure Action, the Trustee conducted three foreclosure sales of the Property.

 First Foreclosure Sale

 On March 20, 2018, the Trustee sold the Property (the "First Foreclosure Sale"). On April 25, 2018, Claimant, through counsel, filed an exception report to dispute the First Foreclosure Sale (the "First Foreclosure Exceptions").[13] On May 7, 2018, Ditech's foreclosure counsel ("Foreclosure Counsel") filed a motion to vacate the First Foreclosure Sale and strike the report of sale (the "Motion to Vacate the First Foreclosure Sale").[14] The Maryland Court vacated the First Foreclosure Sale, struck the report of sale from the record, and dismissed the case without prejudice. Reply, Ex A. (Docket Sheet, Order of Court, dated May 30, 2018). On June 18, 2018, Foreclosure Counsel moved to reopen the proceeding. *Id.*, Ex. A. (Docket Sheet, Motion to Strike, dated June 18, 2018). On October 3, 2018, the Maryland Court reopened the State Foreclosure Action. *Id.*, Ex. A. (Docket Sheet, Reopen: Order of Court, dated October 3, 2018).

---

Sheet") (Ex. A); (ii) Third Foreclosure Exceptions, with exhibits; (Ex. B); (iii) Third Exceptions Order (Ex. C); (iv) Ratification Order (Ex. D); and (v) Auditor Order (Ex. E).

 The Court can properly take judicial notice of matters of public record. *See Sutton ex rel. Rose v Wachovia Sec., LLC*, 208 F. App'x 27, 30 (2d Cir. 2006) (summary order) (holding that filings and orders in other courts "are undisputably matters of public record"). "In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*." *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011); *see also Kaplan v Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (noting that courts "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007))); *Leon v. Shmukler*, 992 F. Supp. 2d 179, 184 (E.D.N.Y. 2014) ("It is well-settled that, in considering a motion to dismiss, courts may take judicial notice of documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records."). The documents cited by the Claimant, the Plan Administrator and Consumer Claims Trustee directly bear on the legal sufficiency of the Claim and the merits of the Objection. Subject to the standards applicable to Rule 12(b)(6) motions, the Court takes judicial notice of those documents.

[13] The First Foreclosure Exceptions, with annexed exhibits, is made part of the Claim at pages 8-37.

[14] The Motion to Vacate the First Foreclosure Sale is annexed to the Claim at pages 38-40.

7

Second Foreclosure Sale

On November 27, 2018, the Trustee conducted the second foreclosure sale of the Property (the "Second Foreclosure Sale"). Statement ¶ 23. In February 2019, Foreclosure Counsel informed Claimant's counsel that Ditech would reverse the Second Foreclosure Sale. *Id.* ¶ 26.

Third Foreclosure Sale

On February 25, 2020, the Trustee conducted the third foreclosure sale of the Property (the "Third Foreclosure Sale") and sold it. On April 15, 2020, the Claimant filed an exception report to the sale (the "Third Foreclosure Exceptions")[15] with the Maryland Court, seeking to avoid the Third Foreclosure Sale on the basis that Ditech failed to comply with the terms of a mediation agreement with the Claimant and engaged in "dual tracking." Third Foreclosure Exceptions at 1. On July 27, 2020, the Maryland Court overruled the Claimant's Third Foreclosure Exceptions (the "Third Exceptions Order").[16] In doing so, the Maryland Court found that the Claimant's argument "fails to raise any irregularity with particularity as to the procedure of the foreclosure sale" and that it fails "to state a meritorious factual or legal basis for this Court to vacate the foreclosure sale." Third Exceptions Order. On July 6, 2021, the Maryland Court ratified the Third Foreclosure Sale and referred the sale to an auditor (the "Ratification Order").[17] On September 16, 2021, the Maryland Court ratified the auditor's report of the proceeds and expenses of the foreclosure sale (the "Auditor Order")[18] and closed the State Foreclosure Action.

On April 25, 2019, the Claimant filed her Claim against Ditech. Claim at 1. She contends that the Claim is secured by the Property, and that the basis of perfection is "Right of Set Off." *Id.* at 2. In substance, she alleges that:

> DiTech [sic] continues to operate fraudulently and without good faith throughout the [loan] modification process. Ditech has sold my homes multiple times while perpetrating [sic] to participate in the modification process. This has created extensive legal fees and financial hardship for my family and I [sic] in order to save my home.

---

[15] The Third Foreclosure Exceptions is annexed to the Reply as Exhibit B.

[16] The Third Exceptions Order is annexed to the Reply as Exhibit C.

[17] The Ratification Order is annexed to the Reply as Exhibit D.

[18] The Auditor Order is annexed to the Reply as Exhibit E.

8

Claim at 6. In her Response to the Objection, she clarifies that the amount she is asserting in the Claim is based upon the IRS Form 1099C that either Ditech or Fannie Mae sent to her, which identifies the value of the Property as $139,163.85. Response at 1.

The Claimant contends that Ditech has unclean hands and has "engaged in multiple acts of fraudulent, illegal or inequitable conduct as evidenced during repeated illegal activities and wrongful foreclosures beginning on February 10, 2016." Response at 2. She asserts that

> the Debtors in this case are up to their elbows in "unclean hands" during foreclosure proceedings by failing to comply with the [Consumer Financial Protection Bureau's] loss mitigation requirements in March 2018, filing an improper notice of sale, failing to adhere to the Mediation Agreement, [f]ailing to review the timely submitted loss mitigation package, failing to issue any correspondence to Claimant relating to a potential appeal, failing to provide Claimant with alternative loss mitigation opportunities as well as failure to communicate any of [the] information related to the loss mitigation review to the Claimant.

Response at 3. She also asserts that Foreclosure Counsel engaged in false negotiations prior to and during the Second Foreclosure Sale by informing her that Ditech was reviewing the modification offer and failing to communicate that her offer was denied until after the Second Foreclosure Sale had taken place. *See* Response at 4.

**The Objection**

On March 19, 2021, the Plan Administrator and Consumer Claims Trustee jointly objected to the Claim on the ground that it has "no merit based on Company review." Objection, Ex. A (List of Claims) at 3. On January 19, 2023, the Plan Administrator and the Consumer Claims Trustee jointly filed the Reply, in which they argue that in her Response, the Claimant makes the same arguments that she made in support of the Third Foreclosure Exceptions, in her unsuccessful attempt to avoid the Third Foreclosure Sale. Reply ¶ 6. They assert that application of the doctrine of res judicata bars the Claimant from relitigating the matters resolved in the State Foreclosure Action. They ask the Court to disallow and expunge the Claim on the grounds that it is barred by

9

application of the doctrine of res judicata. They also assert that, should the Court allow the Claim, the Claim should be reclassified from a secured claim to an unsecured consumer creditor claim.

## Applicable Legal Standards

Under section 502(a) of the Bankruptcy Code, "a claim . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The filing of a proof of claim constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bankr. P. 3001(f). Section 502(b) prescribes nine categories of claims that will be disallowed, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See, e.g.*, *Rozier v. Rescap Borrower Claims Tr. (In re Residential Cap., LLC)*, No. 15-3248, 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 09-50026, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012).

Under Rule 12(b)(6), a claim may be dismissed due to a "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In applying Rule 12(b)(6) to the Claim, the Court assesses the sufficiency of the facts alleged in support of the Claim in light of the pleading requirements under Rule 8(a) of the Federal Rules of Civil Procedure.[19] Rule 8(a)(2) states that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To meet that standard, the Claim "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

---

[19] Rule 8 is incorporated herein pursuant to Bankruptcy Rule 7008.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *accord Twombly*, 550 U.S. at 570. To satisfy Rule 12(b)(6), the "pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). In considering whether that standard is met for a particular claim, the Court must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the Court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 591 (S.D.N.Y. 2008) (quoting *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). Where a claimant is proceeding pro se, the Court will construe the claim liberally, although the claim must nonetheless be supported by specific and detailed factual allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortg., LLC (In re Residential Cap., LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005) (summary order)); *see also McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (discussing the policy considerations undergirding liberal construction of pro se litigants' filings). However, a court may not "invent

11

factual allegations" that were not pleaded by the pro se litigant. *Mirarchi v. Nofer (In re Nofer)*, 514 B.R. 346, 353 (Bankr. E.D.N.Y. 2014) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

## Analysis

In support of the Claim, the Claimant relies on the First Foreclosure Exceptions and the Motion to Vacate the First Foreclosure Sale. The Maryland Court vacated the First Foreclosure Sale. Thereafter, Ditech successfully petitioned the Maryland Court to reopen the State Foreclosure Action, and Ditech ultimately foreclosed on and sold the Property pursuant to the Third Foreclosure Sale after the Maryland Court rejected the Claimant's Third Foreclosure Exceptions. The First and Third Foreclosure Exceptions overlap. For example, the headings in both documents are identical, and the text of their arguments are virtually identical. *Compare* First Foreclosure Exceptions at 7-9 ("Plaintiffs Have Unclean Hands"), *with* Third Foreclosure Exceptions at 6-7 ("Plaintiffs Have Unclean Hands"). The Claimant cites to the same case law in both documents. The primary difference between the documents appears to be that the Third Foreclosure Exceptions address facts that arose after the First Foreclosure Exceptions were filed. *See, e.g.*, Third Foreclosure Exceptions at 1 ("Fannie Mae (FNMA), Ditech, New Rez LLC, and [Foreclosure] Counsel . . . have sold my property three times in the past two years.").

Res judicata bars the "relitigation . . . of claims that were, or *could have been*, brought in an earlier litigation between the same parties or their privies." *Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 919 (2d Cir. 2010); *see also In re Residential Cap., LLC*, No. 12-12020, 2015 WL 1567131, at *2 (S.D.N.Y. Apr. 3, 2015) ("The doctrine of res judicata precludes the same parties from litigating claims in a subsequent suit based on the same cause of action if there has been a final judgment on those claims." (citing *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008))).

The doctrine of res judicata is applicable to motions under Rule 12(b)(6). *Linden Airport Mgmt. Corp. v. N.Y.C. Econ. Dev. Corp.*, No. 08-cv-3810, 2011 WL 2226625, at *3 (S.D.N.Y. June 1, 2011). "Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion . . . and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the claims are barred as a matter of law." *In re AMR Corp.*, 491 B.R. 372, 376 (Bankr. S.D.N.Y. 2013) (quoting *Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 86 (2d Cir. 2000)).[20]

"To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state." *Conopco*, 231 F.3d at 87; *see also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984) ("It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). The State Foreclosure Action was adjudicated in Maryland; therefore, the court will apply the Maryland rules of res judicata. Under Maryland law, the doctrine of res judicata

> precludes the relitigation of a suit if (1) the parties in the present litigation are the same or in privity with the parties to the earlier action; (2) the claim in the current action is identical to the one determined in the prior adjudication; and (3) there was a final judgment on the merits in the previous action.

*Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 749–50 (Md. 2017). A foreclosure judgment may serve as a final judgment on the merits in a previous action. *Proctor v. Wells Fargo Bank, N.A.*, 289 F. Supp.3d 676, 683–85 (D. Md. 2018).

---

[20] This Court has previously dismissed claims filed in these Chapter 11 Cases as barred by res judicata. *See, e.g.*, *Memorandum Decision and Order on the Thirty-Second Omnibus Objection to Proofs of Claims with Respect to the Claims of Viatcheslav Strekalov and Elena Evglevskaya (Claims Nos. 156 and 2627)*, ECF No. 2639 at 19–21 (holding that res judicata barred claims previously litigated during a foreclosure action in New Jersey state court); *Memorandum Decision and Order Sustaining the Sixty-Third and Fiftieth Omnibus Objections with Respect to the Claims of Roy J. Dixon Jr. (Claim Nos. 2896 and 2906) and Denying the Various Related Motions Filed by Roy J. Dixon Jr.*, ECF No. 4083 at 25–32 (holding that res judicata barred claims previously litigated during a foreclosure action in Florida and in a prior adversary proceeding).

The first element tests if the parties are the same in each case, or if not the same, in privity with the parties to the earlier dispute. *Id.* at 683. The Claimant is a party to this proceeding and the State Foreclosure Action. Ditech is a party to this proceeding, but the Trustee under the Deed of Trust, not Ditech, is the party to the State Foreclosure Action. However, "[p]rivity in the res judicata sense generally involves a person so identified in interest with another that he represents the same legal right." *FWB Bank v. Richman*, 731 A.2d 916, 930 (Md. 1999). Maryland courts hold that servicers and trustees who act on their behalf are in privity with each other. *Lindauer v. Ocwen Loan Servicing, LLC*, No. 49, 2018 WL 3640901, at *2 (Md. Ct. Spec. App. July 31, 2018) (per curiam) (holding that the substitute trustees were in privity with the loan servicer); *see also Jones v. Ward*, No. 20-3225, 2021 WL 2861518, at *5 (D. Md. July 8, 2021) (concluding the substitute trustees were in privity with their law firm and the mortgage servicer that hired them to initiate the foreclosure action); *Proctor*, 289 F. Supp. 3d at 683 (noting that when a substitute trustee prosecutes a foreclosure action on behalf of the lender, "the servicer, lender, and substitute trustee share the same right to foreclose on the mortgage such that the privity component of claim preclusion is satisfied"). The Court finds that the first element under Maryland's doctrine of res judicata is met.

The second element is whether the claims at issue in the Claim are identical to those adjudicated in the State Foreclosure Action. Maryland applies a transactional approach to determine if a claim in the current action is identical to one determined in a prior action. *Jerry v. Allstate Ins. Co.*, 553 F. Supp. 3d 287, 292 (D. Md. 2021). "The transaction test provides that a claim is identical if it "'arises out of the same transaction or series of transactions as the claim resolved by the prior judgment' and 'the claims could have been brought in the earlier action.'" *Panghat v. Baltimore Veterans Affs. Med. Ctr.*, No. 19-994, 2019 WL 7281952, at *13 (D. Md.

14

Dec. 27, 2019) (quoting *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017)). "Res judicata also bars claims based on facts that could have constituted a defense or counterclaim in a prior proceeding." *Facey v. Facey*, 246 A.3d 687, 701 (Md. Ct. Spec. App. 2021).

Interpreting the Claim in a light most favorable to the Claimant, the Claim seeks damages caused by Ditech's alleged misconduct in connection with the servicing of her loan, the foreclosure of the Property and conduct of the State Foreclosure Action. Ditech contends, and the Court agrees, that the Claimant could have and did raise those matters as a defense to that action as evidenced by the Third Foreclosure Exceptions that the Claimant filed in the State Foreclosure Action. The Response is virtually a word-for-word repeat of one of the Claimant's arguments in the Third Foreclosure Exceptions that the Maryland Court considered and rejected in the Third Exceptions Order. For example, in support of the Claim, the Claimant argues that the "Debtors Have Unclean Hands." *See* Response at 2–3 (citing *Wells Fargo v. Neal*, 922 A.2nd 538 (2007)). She makes the same argument in support of the Third Foreclosure Exceptions, as she contends that the "Plaintiffs Have Unclean Hands" and cites to the same *Wells Fargo* case. Reply, Ex. B. at 6. She also makes nearly identical summary statements. *Compare id.* at 7 ("The Plaintiffs in this instant case are up to their elbows in 'unclean hands.'"), *with* Response at 3 ("The Debtors in this case are up to their elbows in 'unclean hands'"). The Maryland Court did not credit Claimant's arguments and overruled the Third Foreclosure Exceptions. The Claimant makes the identical arguments in support of the Claim. The Court finds that the second element under Maryland's doctrine of res judicata is met.

Finally, in Maryland, an order that ratifies a foreclosure sale is a final judgment on the merits. *Capel v. Countrywide Home Loans, Inc.*, No. 09-2374, 2010 WL 457534, at *4 (D. Md.

15

Feb. 3, 2010) ("When a state court finalizes a foreclosure after the 'plaintiff was given the opportunity to raise all objections to the foreclosure sale of [a] property,' that adjudication is a final judgment on the merits." (quoting *Anyanwutaku v. Fleet Mortg. Grp., Inc.*, 85 F. Supp. 2d 566, 572 (D. Md. 2010) (alteration in original))); *Proctor*, 289 F. Supp. 3d at 684 ("The ratification of sale constitutes a final judgment for preclusion purposes."). The Maryland Court ratified the Third Foreclosure Sale in the Ratification Order, and that order is a final judgment on the merits for res judicata purposes. The Court finds that the third element under Maryland's application of res judicata is met.

All three elements of res judicata under Maryland law have been met. Therefore, the Claim is barred in its entirety by the preclusive effect of the Ratification Order.

## Conclusion

Based on the foregoing, the Court sustains the Objection and disallows and expunges the Claim. The Court denies, as moot, the Plan Administrator's and Consumer Claims Trustee's alternative request for relief.

IT IS SO ORDERED.

Dated: New York, New York
       May 25, 2023

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge