```
UNITED STATES BANKRUPTCY COURT                           NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
In re:                                                  :
                                                        :    Case No. 19-10412 (JLG)
Ditech Holding Corporation, et al.,                     :    Chapter 11
                                                        :
                                           Debtors.¹    :    (Jointly Administered)
                                                        :
------------------------------------------------------- x
```

## MEMORANDUM DECISION AND ORDER DENYING THE MOTION TO COMPEL DEBTORS TO AMEND THEIR SCHEDULES OF ASSETS AND LIABILITIES

**A P P E A R A N C E S :**

WEIL, GOTSHAL & MANGES LLP
*Attorneys for the Plan Administrator*
*on Behalf of the Wind Down Estates*
767 Fifth Avenue
New York, New York 10153
By:   Ray C. Schrock, P.C.
      Richard W. Slack
      Alexander Welch

Ms. Launa Lishamer
*Appearing Pro Se*
223 174th Ave. E.
Redington Shores, Florida 33708

---

¹ The Debtors' *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1326, was confirmed, which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of each of their federal tax identification numbers, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

**Introduction**[2]

Launa L. Lishamer (the "Claimant"), pro se, filed proof of claim number 23944 (the "Claim") against Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech Financial") in these Chapter 11 Cases. The Claim is filed as an unsecured claim in the sum of $500,000. Claim at 1-2. It is not reflected in the Ditech Financial Schedules filed by the Debtors in these Chapter 11 Cases. The matter before the Court is the Claimant's motion (the "Motion")[3] for an order compelling the Debtors, including Ditech Financial, to amend the Schedules and Ditech Financial Schedules to include the Claim. On June 22, 2023, the Plan Administrator filed an objection to the Motion (the "Objection").[4] On July 25, 2023, the Claimant filed a reply to the Objection and in support of the Motion (the "Reply").[5] The Court heard argument on the Motion.

For the reasons stated herein, the Court denies the Motion.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Third Amended Plan.

[3] *Motion to Compel Debtors to Amend Their Schedules of Assets and Liabilities*, ECF No. 4767. References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412. As the Claimant is proceeding pro se, in reviewing the Motion, the Court will hold it "to less stringent standards than formal pleadings drafted by lawyers." *In re Enron*, 352 B.R. 363, 366 (Bankr. S.D.N.Y. 2006); *see also Elliott v. Bronson*, 872 F.2d 20, 21 (2d Cir. 1989) ("[C]ourts must construe *pro se* complaints liberally, applying less stringent standards than when a plaintiff is represented by counsel."); *Moore v. Florida*, 703 F.2d 516, 521 (11th Cir. 1983) ("The pleadings of pro se litigants are generally subject to less stringent rules."). Courts "read the pleadings of a *pro se* plaintiff liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999). However, pro se status "does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[4] *Objection of Plan Administrator to Launa Lishamer's Motion to Compel Debtors to Amend Their Schedules of Assets (ECF No. 4767)*, ECF No. 4792

[5] *Plaintiffs Response Memorandum in Opposition*, ECF No. 4828.

**Jurisdiction**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates, including Ditech Financial (the "Debtors"), filed petitions commencing cases under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On February 22, 2019, the Court entered an order fixing April 1, 2019, at 5:00 p.m. (prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Chapter 11 Cases. Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, ultimately setting the date as June 3, 2019, at 5:00 p.m. (prevailing Eastern Time).

On or about March 28, 2019, Ditech Financial and the other Debtors filed their Schedules of Assets and Liabilities (the "Schedules") with the Court.[6] On May 7, 2019, Ditech Financial filed its Amended Schedule of Assets and Liabilities (the "Ditech Financial Schedules").[7]

---

[6] *See Schedules of Assets and Liabilities for Ditech Financial LLC Case No: 19-10414*, ECF No. 290 (the "Ditech Financial Original Schedules"); *see also* ECF Nos. 286 (Ditech Holding Corporation), 288 (DF Insurance Agency), 292 (Green Tree LLC), 294 (Green Tree Credit Solutions LLC), 296 (Green Tree Insurance Agency of Nevada, Inc.), 298 (Green Tree Investment Holdings III LLC), 302 (Marix Servicing LLC), 304 (Mortgage Asset Systems, LLC), 306 (REO Management Solutions, LLC), 308 (Reverse Mortgage Solutions, Inc.), 310 (Walter Management Holding Company, LLC), 312 (Walter Reverse Acquisition LLC), 512 (Green Tree Servicing Corp).

[7] *Amended Schedules of Assets and Liabilities for Ditech Financial LLC Case No: 19-10414*, ECF No. 511.

On June 17, 2019, the Claimant filed the Claim against Ditech Financial in the sum of $500,000.00.

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[8] and on September 30, 2019, that plan became effective.[9] The Plan Administrator is a fiduciary appointed under the Third Amended Plan who is charged with the duty of winding down, dissolving, and liquidating the Wind Down Estates. *See* Third Amended Plan, art. I, §§ 1.130, 1.184, 1.186. The Consumer Representative is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of the Consumer Creditor Net Proceeds from the Consumer Creditor Recovery Cash Pool to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan. *See id.* art. I, § 1.41. The Consumer Representative has the exclusive authority to object to all Consumer Creditor Claims. *See id.* art. VII, § 7.1. The Third Amended Plan also provides that the Plan Administrator, on behalf of each of the Wind Down Estates, is authorized to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Intercompany Claims. *See id.*

On May 15, 2023, the Claimant filed her Administrative Expense Motion.[10] In it, it appears that she seeks an order of the Court either allowing an administrative expense claim in the amount of $500,000 or authorizing her to amend her Claim to include an administrative expense claim.

---

[8] *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1404. (the "Confirmation Order").

[9] *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

[10] *Motion of Claimant for Allowance of Administrative Expense Claim*, ECF No. 4745.

On May 23, 2023, the Claimant filed her Amended Motion for Allowance of a Claim.[11] It purports to amend the Administrative Expense Motion.

On May 25, 2023, the Claimant filed the Motion. In support of the Motion, the Claimant states as follows,

> I, Launa L. Lishamer, Claimant filed my Proof of Claim on June 17, 2019 pursuant to the extension to file my Proof of Claim 23944, which was timely filed on June 17, 2019 re (ECF No 751) STIPULATION AND ORDER GRANTING EXTENSION TO LAUNA L. LISHAMER FOR FILING PROOF OF CLAIMS dated June 13, 2023 The Debtors, Ditech Holdings LLC and it's Affiliates Schedules were filed on March 27, 2019 (Ditech Holding LLC (ECF No. 286) and Ditech Financial LLC on March 28, 2019 (ECF No. 290) Ditech Holdings Filed an Amended Schedule on May 7, 2019 (ECF No. 511). I do not appear on any of Debtors Schedule as an unsecured Creditor (current status pending reclassification hearing). I hereby respectfully request that The Debtors, Ditech Holding LLC and its affiliates amend their schedule of Assets and liabilities to include Launa L Lishamer PA Proof of Claim 23944. Reserving all rights.

*See* Motion at 2.

The Plan Administrator opposes the Motion. It argues, without limitation, that the Claimant "provides no support for the relief sought," that "it is neither typical nor required that the Schedules of Assets and Liabilities are amended as a matter of course to list all proofs of claim filed in Chapter 11 Cases," and that "nothing in the Bankruptcy Code or this Court's orders requires [such] an amendment to the Schedules of Assets and Liabilities . . . ." Objection ¶ 1.

In her Reply, the Claimant notes, among other things, that in their filed Schedules, the Debtors reserved "the right to amend the reporting of assets and liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions." Reply ¶ 1 (citing ECF No. 306

---

[11] *Amended Motion ECF 4745 of Claimant for Allowance of Administrative Claim Pursuant to 11 U.S.C. 503(b)(9) or Fraud or 363(o) Violation of the Fair Credit Reporting Act*, ECF No. 4766.

¶ 15(h)).[12] Furthermore, she argues, without limitation, that (i) the Third Amended Plan obligates the Consumer Representative to investigate and correct alleged errors in the prior servicing of a borrower's loan, *id.* ¶ 2; (ii) Rule 1009 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizes parties in interest to petition the Court to amend filed schedules, *id.* ¶ 3; (iii) the Court must consider whether a debtor's failure to list a creditor would prevent the debtor's discharge in bankruptcy, *id.* ¶ 4; (iv) other claimants have been added to the Schedules, *id.* ¶ 5; (v) there is a conflict between the claims register and the Schedules that adversely affects her filed Claim "as there are not sufficient funds set aside should my proof of claim prevail under another claim classification," *id.* ¶ 6; and (iv) the Plan Administrator has included unrelated documents in its Objection, and therefore the Objection should be denied under Rules 7 and 12(f) of the Federal Rules of Civil Procedure, *id.* ¶¶ 7-8.[13]

## Discussion

Section 521(a) of the Bankruptcy Code directs a debtor to file a list of creditors and, unless the Court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. 11 U.S.C. § 521(a)(1). The purpose of filed schedules is to provide parties in interest with information about the debtor as of

---

[12] *See Schedules of Assets and Liabilities for REO Management Solutions LLC Case No. 19-10421*, ECF No. 306. While it is unclear why the Claimant chose this specific schedule as it does not relate to her Claim against Ditech Financial, the Ditech Financial Original Schedules include the same reservation of rights, which states:

> To timely close the books and records of the Debtors as of the Commencement Date and to prepare such information on a legal entity basis, the Debtors were required to make certain estimates and assumptions that affect the reported amounts of assets and liabilities and reported revenue and expenses as of the Commencement Date. The Debtors reserve all rights to amend the reported amounts of assets, liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions.

Ditech Financial Original Schedules ¶ 15(h).

[13] Rules 7 and 12 of the Federal Rules of Civil Procedure are incorporated herein by Bankruptcy Rules 7007 and 7012.

6

the commencement of the case. *In re Richardson*, 406 B.R. 586, 589 (Bankr. W.D.N.Y. 2009). The schedules list the types of assets and liabilities of a debtor. *See In re D'Arata*, 587 B.R. 819, 821 (Bankr. S.D.N.Y. 2018). "A debtor must answer all questions contained in the schedules and other disclosure documents accurately so that creditors have a complete understanding of a debtor's financial condition." *In re Gaulden*, 522 B.R. 580, 589 (Bankr. W.D. Mich. 2014). "Creditors are entitled to have accurate bankruptcy schedules and full disclosure of Debtor's actual financial condition." *Id.* at 590 (quoting *In re Solomon*, 277 B.R. 706, 712 (Bankr. E.D. Tex. 2002)). As such, a debtor has the duty to prepare schedules carefully, completely, and accurately. *Cusano v. Klein*, 264 F.3d 936, 946 (9th Cir. 2001). Bankruptcy Rule 1007(a) directs a debtor to file a list of creditors with its bankruptcy petition. Fed. R. Bankr. P. 1007(a)(1).[14]

The Debtors, including Ditech Financial, complied with their obligations under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007 in filing the Schedules and Ditech Financial Schedules. A debtor is not obligated to amend its schedules to list the filed claims of creditors in the case. Rather, the clerk of the court is responsible for accounting for those claims in a claims register. Bankruptcy Rule 5003(b) directs that the clerk "keep in a claims register a list of claims filed in a case when it appears that there will be a distribution to unsecured creditors." Fed. R. Bankr. P. 5003(b). The Debtors retained Epiq Corporate Restructuring, LLC as its claims agent

---

[14] Bankruptcy Rule 1007(b)(1) states that a debtor shall file "schedules of assets and liabilities" that are "prepared as prescribed by the Official Forms." Fed. R. Bankr. P. 1007(b)(1)(A). Rule 1007(h) imposes a duty on a debtor to supplement its schedules as follows:

> If, as provided by § 541(a)(5) of the Code, the debtor acquires or becomes entitled to acquire any interest in property, the debtor shall within 14 days after the information comes to the debtor's knowledge or within such further time the court may allow, file a supplemental schedule in the . . . chapter 11 reorganization case . . . . This duty to file a supplemental schedule continues even after the case is closed, except for property acquired after an order is entered: (1) confirming a chapter 11 plan (other than one confirmed under § 1191(b)) . . . .

Fed. R. Bankr. P. 1007(h). Rule 1007(h) has no bearing on the relief the Claimant is seeking in the Motion.

under section 156(c) of title 28 of the United States Code[15] to compile and manage the claims register in these Chapter 11 Cases.[16] The Claim is listed in the claims register. The Debtors, including Ditech Financial, are not obligated to amend their schedules to add the Claimant to the list of creditors included in those schedules.[17]

In her Reply in support of the Motion, the Claimant states, "if there is a conflict regarding the Schedules that would adversely affect my proof of claim as there are not sufficient funds set aside should my proof of claim prevail under another claim classification." Reply ¶ 6. The Claimant provides no support for the contention. Construing that contention in the light most favorable to the pro se Claimant, she fails to state a ground for relief.[18]

---

[15]  Section 156(c) of title 28 states:

> (c) Any court may utilize facilities or services, either on or off the court's premises, which pertain to the provision of notices, dockets, calendars, and other administrative information to parties in cases filed under the provisions of title 11, United States Code, where the costs of such facilities or services are paid for out of the assets of the estate and are not charged to the United States. The utilization of such facilities or services shall be subject to such conditions and limitations as the pertinent circuit council may prescribe.

28 U.S.C. § 156(c).

[16]  *Order Authorizing Debtors to Retain and Employ Epiq Corporate Restructuring, LLC as Administrative Agent Nunc Pro Tunc to the Commencement Date*, ECF No. 237.

[17]  In filing its schedules, Ditech Financial did not assume an obligation to amend its schedules to mirror the claims register. As stated in the Ditech Financial Original Schedules:

> The Schedules and Statements are unaudited and subject to potential adjustment. In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of preparation. The Debtors' management team and advisors have made reasonable efforts to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances; however, subsequent information or discovery may result in material changes to the Schedules and Statements, and inadvertent errors or omissions may exist. Notwithstanding any such discovery, new information, or errors or omissions, the Debtors do not undertake any obligation or commitment to update the Schedules and Statements, except as required under the Bankruptcy Code.

Ditech Financial Original Schedules at 2.

[18]  The Claimant's concerns about the Debtors' discharge in bankruptcy are misplaced, as the Debtors were granted discharge under the Third Amended Plan pursuant to sections 524 and 1141 of the Bankruptcy Code. *See* Third Amended Plan, art. X, § 10.3.

In support of the Motion, the Claimant also cites to paragraph 53 of the Confirmation Order, as follows:

> The Consumer Representative Agreement shall become effective on the Effective Date and a Consumer Representative shall be appointed and have all powers necessary to establish a Consumer Creditor Reserve as a trust and implement the provisions of the Consumer Representative Agreement and administer the Consumer Creditor Reserve, including, without limitation, the power to: . . . (iv) facilitate inquiries by Borrowers with respect to the obligations of the Wind Down Estates, Forward Buyer, Reverse Buyer, and Reorganized RMS to reasonably investigate alleged errors in the prior servicing or accounting of the loan asserted by any Borrower and, if warranted, correct such errors in accordance with Sections 4.6(b) and 5.6(d) of the Third Amended Plan, and (v) otherwise perform the functions and take the actions provided for in the Consumer Representative Agreement or permitted in the Third Amended Plan and/or this Order or in any other agreement executed pursuant to the Third Amended Plan. In the event of a conflict between the provisions of this Order (including its schedules) and the Third Amended Plan, on the one hand, and the Consumer Representative Agreement and/or any other agreement executed pursuant to the Third Amended Plan, on the other hand, the relevant provisions of this Order (including its schedules) and/or the Third Amended Plan shall govern.

Confirmation Order ¶ 53. The Claimant notes that Claim 23944 was filed on July 17, 2019, and that the Confirmation Order was docketed on September 26, 2019. She asserts that, nonetheless, the Schedules were not updated to reflect Claim 23944, and, as the Court understands it, she contends that pursuant to the Confirmation Order the Plan Administrator should be compelled to do so.[19] However, the language the Claimant quotes from paragraph 53 of the Confirmation Order does not impose such a duty on the Consumer Representative, let alone the Plan Administrator. Neither the Plan, nor the Confirmation Order imposes a duty on the Plan Administrator to update the Schedules to reflect the Claim, as filed.

---

[19] The Claimant notes that in withdrawing her objection to the Third Amended Plan she asserted that her withdrawal of the objection "has no res Judicata, estoppel, or other effect on the validity, allowance or disallowance of, and all rights to object to defend on any basis are expressly reserved with respect to my claim." *Notice of Withdrawal*, at 2, ECF No. 3819.

9

In support of the Motion, the Claimant also relies on Bankruptcy Rule 1009. As relevant, it states that a schedule "may be amended by the debtor as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). However, while that rule permits a debtor to amend its schedules, it does not mandate that a debtor amend its schedules to reflect filed proofs of claim. Thus, Rule 1009 lends no support to the Motion because it provides no basis for ordering the Plan Administrator to amend the Ditech Financial Schedules, including its list of creditors, to add the Claim.

Claimant cites *Robinson v. Mann*, 339 F.2d 547, 550 (5th Cir. 1964) for the proposition that:

> The court must consider in determining whether a debtor's failure to list a creditor would prevent a discharge of the unscheduled debt, (1) the reason the Debtor failed to list the creditor, (2) the amount disruption that would likely occur from the allowance of the amendment and (3) any prejudice that would be suffered by listed creditors and unlisted creditors in question.

Reply ¶ 4. In *Robinson*, the debtor sought to add a creditor to his schedules more than six months after the first meeting of creditors. The issue on appeal was whether under the Bankruptcy Act of 1938, which has since been superseded by the adoption of the Bankruptcy Code, the bankruptcy court and the referee could allow a debtor to update its schedules six months after the first meeting of creditors. *Robinson*, 339 F.2d at 550. Under section 57(n) of the Bankruptcy Act,[20] creditors were barred from asserting claims six months after the first meeting of creditors. *Id.* at 549. The Fifth Circuit was asked to consider whether that same six-month bar applied to debtors amending their schedules. *Id.* It found that amendment of the schedules after six months was permitted only under "exceptional circumstances appealing to the equitable discretion of the bankruptcy court."

---

[20] Section 57(n) of the Bankruptcy Act provided: "Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed . . . ." Bankruptcy Act of 1898, ch. 575, § 57(n), 52 Stat. 840, 866–67 (repealed 1978).

*Id.* That decision has no bearing on the Motion because it was decided under the Bankruptcy Act and because, under Rule 1009, a debtor may amend its schedules "at any time before a case is closed." Fed. R. Bankr. P. 1009(a). *Robinson* is not relevant and lends no support to the Motion.

The Claimant also argues, "[o]ther Claimants have been added to the schedule that were not initially on the Debtors Schedule." Reply ¶ 5. As support she cites the *Statement Pursuant to Fed. R. Bankr. P. 2019*, ECF No. 1309 (the "Rule 2019 Affidavit"), filed by Wayne D. Greenwald, Esq. in these Chapter 11 Cases. "Bankruptcy Rule 2019 is a disclosure rule." *In re Nw. Airlines Corp.*, 363 B.R. 704, 707 (Bankr. S.D.N.Y. 2007). It directs, in relevant part, that every entity or committee representing more than one creditor shall file a verified statement with the clerk setting forth the name and address of each creditor and the nature and amount of the claim. *See* Fed. R. Bankr. P. 2019. In filing the Rule 2019 Affidavit, counsel did not purport to, and did not, update the Debtors' Schedules to add the creditors listed in his affidavit.

The Claimant argues that the Court should overrule the Objection pursuant to Federal Rules of Civil Procedure 7 and 12(f). Reply ¶ 8. Rule 7 governs "Pleadings Allowed" and "Form of Motions" in adversary proceedings. It is not applicable to the Motion because the Objection gave rise to a "contested matter" under Bankruptcy Rule 9014, not an adversary proceeding. Rule 7 has no application to the Motion.

The Claimant challenges the Objection on the ground that, in the Objection, the Plan Administrator relies on filings that "are not related to the stand-alone Motion to Compel which are beyond the scope of the subject matter and are not related to an intelligent exercise of challenge

11

for cause to deny [the] motion." Reply ¶ 7. She refers to ECF Nos. 4745,[21] 4766,[22] and 4790.[23] She complains that the Plan Administrator is "depicting fragment[s] of [those documents], I filed that have no relevance to this Motion to Compel." *Id.* Those filings relate to the Claimant's Administrative Expense Motion and its subsequent adjournment. The Court finds that they are relevant to the extent that they help to provide context to the matters raised in the Objection.

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "To prevail on a [Rule 12 (f)] motion to strike, a party must demonstrate that (1) no evidence in support of the allegations would be admissible; (2) that the allegations have no bearing on the issues in the case; and (3) that to permit the allegations to stand would result in prejudice to the movant." *Comprehensive Inv. Servs. v. Mudd (In re Fannie Mae 2008 Sec. Litig.)*, 891 F. Supp. 2d 458, 471 (S.D.N.Y. 2012) (quoting *SEC v. Lee*, 720 F. Supp. 2d 305, 340–41 (S.D.N.Y. 2010)). "[M]otions to strike are viewed with disfavor and infrequently granted." *Emilio v. Sprint Spectrum L.P.*, 68 F. Supp. 3d 509, 514 (S.D.N.Y. 2014) (alteration in original) (quoting *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 218 F.R.D. 76, 78 (S.D.N.Y. 2003)). The Claimant asserts that the Objection contains "immaterial, impertinent or scandalous matter in an attempt to disenfranchise Claimants [sic] Proof of Claim and the right to Due Process." Reply ¶ 8. The Objection plainly does not include immaterial, impertinent, or scandalous matter. The Court denies Claimant's request for relief under Rule 12(f).

---

[21] *Motion of Claimant for Allowance of Administrative Expense Claim*, ECF No. 4745.

[22] *Amended Motion ECF 4745 of Claimant for Allowance of Administrative Claim Pursuant to 11 U.S.C. 503(b)(9) or Fraud or 363(o) Violation of the Fair Credit Reporting Act*, ECF No. 4766.

[23] *Notice of Adjournment of Proof of Claim 23944 Status Re: Docket 4766*, ECF No. 4790.

**Conclusion**

Based on the foregoing reasons, the Court denies the Motion.

IT IS SO ORDERED.

Dated: New York, New York
       August 3, 2023

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge