UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------- x

In re:

Ditech Holding Corporation, *et al.*,

Debtors.[1]

------------------------------------------------------- x

Case No. 19-10412 (JLG)

Chapter 11

(Jointly Administered)

## MEMORANDUM DECISION AND ORDER DENYING CLAIMANT'S MOTION PURSUANT TO RULE 24 OF THE FEDERAL RULES OF CIVIL PROCEDURE

**A P P E A R A N C E S :**

WEIL, GOTSHAL & MANGES LLP  
*Attorneys for the Plan Administrator*  
*on Behalf of the Wind Down Estates*  
767 Fifth Avenue  
New York, New York 10153  
<u>By:</u>   Ray C. Schrock, P.C.  
         Richard W. Slack  
         Alexander Welch

Ms. Launa Lishamer  
*Appearing Pro Se*  
223 174th Ave. E.  
Redington Shores, Florida 33708

---

[1] The Debtors' *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1326 (the "Third Amended Plan"), was confirmed, which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of each of their federal tax identification numbers, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[2]

Launa L. Lishamer (the "Claimant"), acting pro se, filed an unsecured claim in the sum of $500,000 (proof of claim number 23944 (the "Claim")) against Ditech Financial, LLC f/k/a Green Tree Servicing, LLC ("Ditech Financial") in these Chapter 11 Cases. The Claim is listed on the Debtors' claims register, but it is not reflected in the Schedules filed by the Debtors in these Chapter 11 Cases. On May 25, 2023, the Claimant filed a motion to compel the Debtors to amend their Schedules to include her Claim (the "Motion to Compel").[3] On August 4, 2023, this Court entered a memorandum decision and order denying the motion (the "Memorandum Decision").[4]

The matter before the Court is the Claimant's *Motion in Opposition to the Memorandum Decision (ECF 4835) Re: (ECF 4792) Plaintiff Motion to Compel the Debtors to Amend Their Schedule of Assets and Liabilities to Include Proof of Claim 23944 as Timely Filed*, ECF No. 4859 (the "Rule 24 Motion"). In it, she seeks an order of this Court, pursuant to Rule 24 of the Federal Rules of Civil Procedure ("Rule 24"), compelling the United States Trustee (the "U.S. Trustee") and the Attorney General to intervene in these Chapter 11 Cases on her behalf. Rule 24 is made applicable herein pursuant to Rule 7024 of the Federal Rules of Bankruptcy Procedure (the

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Memorandum Decision.

[3] *Motion to Compel Debtors to Amend Their Schedules of Assets and Liabilities*, ECF No. 4767. References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412.

[4] *Memorandum Decision and Order Denying the Motion to Compel Debtors to Amend Their Schedules of Assets and Liabilities*, ECF No. 4835. Because the Motion to Compel and the Rule 24 Motion do not have internal pages numbers, references herein are to the particular PDF page of the document.

2

"Bankruptcy Rules"). On September 21, 2023, the Plan Administrator submitted a response and objection (the "Objection")[5] to the motion. The Court did not entertain argument on the motion.[6]

The Court has carefully considered the matters raised in support of the Rule 24 Motion and the Objection to the motion. In doing so, the Court has paid particular attention to the fact that the Claimant is acting pro se in this matter. *See Amhad v. Day*, No. 20-cv-4507, 2023 WL 3847144, at *3 (S.D.N.Y. June 6, 2023) ("It is well established that a court is 'obligated to afford a special solicitude to *pro se* litigants.'" (quoting *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010))). Accordingly, in reviewing the motion, the Court has not held it to the standards applicable to pleadings drafted by lawyers, and has construed it liberally, and in a light most favorable to the Claimant. *See Smith v. Bronx Cmty. Coll. Assoc.*, No. 16-cv-3779, 2017 WL 727546, at *1 (S.D.N.Y. Feb. 23, 2017) ("Where, as here, a plaintiff is proceeding *pro se*, her pleadings 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) ("[W]e read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994))). After reviewing the Rule 24 Motion and Objection through that lens, the Court finds that the Claimant has failed to state grounds for relief under Rule 24 against the U.S. Trustee and/or the Attorney General.

Accordingly, for the reasons stated herein, the Court denies the Rule 24 Motion.

---

[5]    *Objection of Plan Administrator to Launa Lishamer's Motion in Opposition to the Memorandum Decision (ECF 4835) Concerning the Motion to Compel the Debtors to Amend Their Schedule of Assets and Liabilities to Include Proof of Claim (ECF 23944)*, ECF No. 4880.

[6]    *See Order Denying Request for Continuance*, ECF No. 4886.

**Jurisdiction**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates, including Ditech Financial (the "Debtors"), filed petitions commencing cases under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

During the period of March 28, 2019 through May 7, 2019, the Debtors, including Ditech Financial, filed their Schedules of Assets and Liabilities (the "Schedules") with the Court.[7] The Claimant is not listed on the Schedules. On June 17, 2019, the Claimant filed the Claim against Ditech Financial in the sum of $500,000.00. On September 26, 2019, the Debtors confirmed their Third Amended Plan,[8] and on September 30, 2019, that plan became effective.[9]

---

[7] *See* ECF Nos. 286 (Ditech Holding Corporation), 288 (DF Insurance Agency), 290 (Ditech Financial), 292 (Green Tree LLC), 294 (Green Tree Credit Solutions LLC), 296 (Green Tree Insurance Agency of Nevada, Inc.), 298 (Green Tree Investment Holdings III LLC), 302 (Marix Servicing LLC), 304 (Mortgage Asset Systems, LLC), 306 (REO Management Solutions, LLC), 308 (Reverse Mortgage Solutions, Inc.), 310 (Walter Management Holding Company, LLC), 312 (Walter Reverse Acquisition LLC), 511 (Ditech Financial Amended Schedules), 512 (Green Tree Servicing Corp).

[8] *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1404 (the "Confirmation Order").

[9] *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

On May 25, 2023, the Claimant filed the Motion to Compel. In support of the motion, she stated, as follows:

> I, Launa L. Lishamer, Claimant filed my Proof of Claim on June 17, 2019 pursuant to the extension to file my Proof of Claim 23944, which was timely filed on June 17, 2019 re (ECF No 751) STIPULATION AND ORDER GRANTING EXTENSION TO LAUNA L. LISHAMER FOR FILING PROOF OF CLAIMS dated June 13, 2023 The Debtors, Ditech Holdings LLC and it's Affiliates Schedules were filed on March 27, 2019 (Ditech Holding LLC (ECF No. 286) and Ditech Financial LLC on March 28, 2019 (ECF No. 290) Ditech Holdings Filed an Amended Schedule on May 7, 2019 (ECF No. 511). I do not appear on any of Debtors Schedule as an unsecured Creditor (current status pending reclassification hearing). I hereby respectfully request that The Debtors, Ditech Holding LLC and its affiliates amend their schedule of Assets and liabilities to include Launa L Lishamer PA Proof of Claim 23944. Reserving all rights.

*See* Motion to Compel at 2.

The Plan Administrator opposed the Motion to Compel (the "Objection to Motion to Compel").[10] It argued, without limitation, that the Claimant "provides no support for the relief sought," that "it is neither typical nor required that the Schedules of Assets and Liabilities are amended as a matter of course to list all proofs of claim filed in Chapter 11 Cases," and that "nothing in the Bankruptcy Code or this Court's orders requires [such] an amendment to the Schedules of Assets and Liabilities. . . ." Objection to Motion to Compel ¶ 1.

In her reply to the objection (the "Reply in Support of Motion to Compel"),[11] the Claimant noted, among other things, that in their Schedules, the Debtors reserved "the right to amend the reporting of assets and liabilities, reported revenue and expenses to reflect changes in those estimates and assumptions." Reply in Support of Motion to Compel ¶ 1. Furthermore, she argued, without limitation, as follows:

---

[10] *Objection of Plan Administrator to Launa Lishamer's Motion to Compel Debtors to Amend Their Schedules of Assets (ECF No. 4767)*, ECF No. 4792

[11] *Plaintiffs Response Memorandum in Opposition*, ECF No. 4828.

5

(i) The Third Amended Plan obligates the Consumer Representative to investigate and correct alleged errors in the prior servicing of a borrower's loan, *id.* ¶ 2;

(ii) Rule 1009 of the Federal Rules of Bankruptcy Procedure authorizes parties in interest to petition the Court to amend filed schedules, *id.* ¶ 3;

(iii) Based upon *Robinson v. Mann*, 339 F.2d 547, 550 (5th Cir. 1964), the Court must consider whether a debtor's failure to list a creditor would prevent the debtor's discharge in bankruptcy, *id.* ¶ 4;

(iv) The Debtors amended the Schedules to add other creditors, specifically 800 consumer creditors as filed by Wayne M. Greenwald (the "Rule 2019 Affidavit");[12] *id.* ¶ 5;

(v) There is a conflict between the claims register and the Schedules that adversely affects her filed Claim "as there are not sufficient funds set aside should my proof of claim prevail under another claim classification," *id.* ¶ 6; and

(vi) The Plan Administrator has included unrelated documents in its Objection to Motion to Compel, and therefore the objection should be denied under Rules 7 and 12(f) of the Federal Rules of Civil Procedure, *id.* ¶¶ 7–8.

On August 4, 2023, the Court entered its Memorandum Decision denying the Claimant the relief she sought under the Motion to Compel. In it, the Court noted that the Claim is "listed in the claims register," and found that "[t]he Debtors . . . are not obligated to amend their schedules to add the Claimant to the list of creditors included in those schedules." Memorandum Decision at 8. The Court also addressed the issues raised by the Claimant in her Reply in Support of Motion to Compel, holding that, without limitation:

(i) "Neither the Plan, nor the Confirmation Order imposes a duty on the Plan Administrator to update the Schedules to reflect the Claim," *id.*;

(ii) Bankruptcy Rule 1009 does not impose a duty on the Plan Administrator to update the Debtors' schedules of assets and liabilities to list the Claim, *id.* at 10;

(iii) The decision in *Robinson* "is not relevant and lends no support to the Motion [to Compel]," *id.* at 11;

(iv) Rule 2019 Affidavit did not amend the Debtors' Schedules as suggested by the Claimant, *id.*;

---

[12] *Statement Pursuant to Fed. R. Bankr. P. 2019*, ECF No. 1309.

6

(v) That the Claimant did not support for her contention that if there is a conflict between the claims register and the Schedules that her Claim would be adversely affected, *id.* at 8; and

(vi) The Objection did "not include immaterial, impertinent, or scandalous matter," in violation of Rule 12(f), *id.* at 12.

### **The Rule 24 Motion**

The Claimant contends that her Claim should be allowed in full,[13] and that she was within her legal rights to ask for the Debtors to amend their Schedules to list her Claim. Rule 24 Motion at 3. In support of the motion, the Claimant asserts that the Memorandum Decision states that the Debtor does not have to amend the Schedules, but it does not state "a specific point of information pertaining to the protection of the Claimant's proof of claim 23944 from being disenfranchised and/or dischargeable." *Id.* She maintains that she is prejudiced by the Memorandum Decision because (i) the Claim is not listed in the Schedules, and (ii) in denying the Motion to Compel, the Court has predetermined that the Claim is dischargeable without giving her the right to due process. *Id.* at 8.

The Claimant asserts that in the wake of the Court's denial of the Motion to Compel, unless her claim is deemed non dischargeable by reason of the Debtors' failure to schedule the Claim, the Third Amended Plan will run afoul of the "fair and equitable" standards under section 1129(B)(2)(b) of the Bankruptcy Code. *Id.* at 4. The Claimant maintains that there are specific guidelines and procedural rules that must be followed to verify that the Debtors' Schedules are

---

[13] In support of her Claim, the Claimant asserts:

> My proof of Claim in the amount of $500,000.00 has definitive irrefutable colorful evidence as well as case law to prove fraud under the FDUTPA which provides for remedies that relieve the effects of the wrong doing and return the Claimant to their rightful position prior to the Debtors fraudulent actions.

Rule 24 Motion at 4.

7

accurate. *Id.* at 8. She contends that the U.S. Trustee and the Attorney General are responsible for ensuring that the Debtors' Schedules are updated, so that they can determine that distributions under a plan are fair and equitable to all parties, as required by section 1129(b) of the Bankruptcy Code. *Id.*

The Claimant explains that there may be a "conflict of Law in relation to the Memorandum [D]ecision,"[14] and, for that reason, she is requesting, pursuant to Rule 24, that the U.S. Trustee and the Attorney General, obtain schedules and lists as required under certain accounting standards and any other measure to ensure that her Claim is treated without prejudice. *Id.* at 4. She argues that "[i]n theory a Claimant should not be put to the risk of having a judgment entered in the action which by its terms extends to her, and be obliged to test the validity of the judgement as applied to her interest for a later collateral attack." *Id.* at 10. She maintains that "as a general rule," she should be entitled to ask for intervention pursuant to Rule 24 in this action. *Id.* Accordingly, she asks that the Court direct the U.S. Trustee and the Attorney General "to pursue discovery and applicable law to further determine clarity of the consequences of the Memorandum Decision on Proof of Claim 23944 while adhering to the 1129 (b) [and] while reserving all rights to amend, supplement or appeal and grant such other relief as is just and proper." *Id.* at 11.

## The Objection

On September 22, 2023, the Plan Administrator filed the Objection to the Rule 24 Motion. In it, he argues that the motion is meritless, and that the Court should deny the motion. Objection ¶ 8.

---

[14] The Claimant also asserts that the "Memorandum Decision Lack subject matter jurisdiction and insufficient process." Rule 24 Motion at 5.

8

**Discussion**

Part VII of the Bankruptcy Rules governs the conduct of "Adversary Proceedings" in bankruptcy cases. Bankruptcy Rule 9014 governs "Contested Matters" in bankruptcy cases. Bankruptcy Rule 9014 identifies the Part VII Bankruptcy Rules that are automatically applicable to Contested Matters. It states, as follows:

> Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028–7037, 7041, 7042, 7052, 7054–7056, 7064, 7069, and 7071. . . . The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply. The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.

Fed. R. Bankr. P. 9014(c). Accordingly, Bankruptcy Rule 7024 is not automatically applicable in contested matters. *See Metro N. State Bank v. Barrick Grp., Inc. (In re Barrick Grp., Inc.)*, 98 B.R. 133, 135 n.2 (Bankr. D. Conn. 1989) ("It is noted that [Bankruptcy] Rule 9014 does not, in the first instance, include intervention under [Bankruptcy] Rule 7024. . . ."). The Motion and Objection give rise to a contested matter. Thus, relief under Rule 24 is not generally available to the Claimant. *See* Fed. R. Bankr. P. 9014(c).

Moreover, even if the Court were to make Rule 7024 applicable herein, it would nonetheless deny the Rule 24 Motion because there is no basis upon which the Court can order the U.S. Trustee and/or the Attorney General to intervene on the Claimant's behalf in this contested matter. The "central goal" of Rule 24 is to "prevent[] a multiplicity of suits that involve common questions." *Penn Lyon Homes, Inc. v. Liberty Mut. Ins. Co.*, No. 00-cv-1808, 2001 WL 789200, at *1 (D. Conn. May 14, 2001) (quoting 6 Moore's Federal Practice § 24.11 (3d ed.)). A movant seeking to intervene in an action pursuant to Rule 24(a) must show that: "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the

9

subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party." *St. John's Univ. v. Bolton*, 450 F. App'x. 81, 83 (2d Cir. 2011) (summary order) (quoting *Restor-A-Dent Dental Labs, Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)). Under Rule 24(b), a court may allow intervention if the movant makes a timely application and "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Pursuant to Rule 24(c), a motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Neither the U.S. Trustee nor the Attorney General has filed a motion pursuant to Rule 24 to intervene in this contested matter. In the Rule 24 Motion, the Claimant asks the Court to compel them to do so, on her behalf. There is simply no authority under Rule 24 for the Court to do so.

### Conclusion

Based on the foregoing, the Court denies the Rule 24 Motion.

IT IS SO ORDERED.

Dated: New York, New York
September 29, 2023

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge

10