| | | |
|---|---|---|
| **UNITED STATES BANKRUPTCY COURT**  **SOUTHERN DISTRICT OF NEW YORK** | | **NOT FOR PUBLICATION** |

------------------------------------------------------- x
In re:                                                  :
                                                        :    Case No. 19-10412 (JLG)
Ditech Holding Corporation, *et al.*,                   :    Chapter 11
                                                        :
                                      Debtors.[1]       :    (Jointly Administered)
                                                        :
------------------------------------------------------- x

# MEMORANDUM DECISION AND ORDER SUSTAINING THE CONSUMER CLAIMS TRUSTEE'S FIFTEENTH OMNIBUS OBJECTION WITH RESPECT TO THE PROOF OF CLAIM FILED BY JOHN M. HARPER

**A P P E A R A N C E S :**

JENNER & BLOCK, LLP
*Attorneys for the Consumer Claims Trustee*
1155 Avenue of the Americas
New York, New York 10022
By:   Richard Levin

John M. Harper
*Appearing Pro Se*
1211 Bay Oaks
Houston, Texas 77008

---

[1]   The Debtors' *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1326 (the "Third Amended Plan"), was confirmed, which created the Wind Down Estates. The Wind Down Estates, along with the last four digits of each of their federal tax identification numbers, as applicable, are Ditech Holding Corporation (0486); DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). The Wind Down Estates' principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

### Introduction[2]

On April 25, 2019, John M. Harper (the "Claimant") filed proof of claim number 21504 (the "Claim") asserting an unsecured claim in the amount of $212,000.00 against Ditech Holding Corporation ("Ditech"). Claim at 1–2.[3] The Claimant asserts "Equity Fraud/510(b) Claims" as the basis for the Claim. *Id.* at 2. On April 10, 2020, the Consumer Claims Trustee filed her Fifteenth Omnibus Objection (the "Objection").[4] In it, she objects to the Claim on the basis that it contained insufficient documentation to support its underlying merits. Objection ¶ 8; *id.*, Ex. A (List of Claims). On or about January 18, 2021, the Claimant provided the Consumer Claims Trustee with an informal response to the Objection.[5] The Claimant did not file a formal response to the Objection. On August 17, 2022, the Consumer Claims Trustee filed the Claimant's informal

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection, Claims Procedures Order, and Third Amended Plan, as applicable. References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412.

[3] Because the Claim and Response do not have internal page numbers, references herein to those filings are to the particular PDF page of the document.

[4] *Consumer Claims Trustee's Fifteenth Omnibus Objection to Proofs of Claim (Insufficient Documentation Unsecured Consumer Creditor Claims)*, ECF No. 2141.

[5] On or around April 10, 2020, the Claimant contacted the Consumer Claims Trustee via telephone in response to the Objection. Reply ¶ 4. The Consumer Claims Trustee agreed to adjourn the hearing on the Claim on the basis that the Claimant would provide a written response by May 8, 2020. *Id.* The Claimant did not provide a written response. *Id.* On December 21, 2020, the Trustee informed the Claimant via letter that she would proceed with the Objection if a response was not filed by January 15, 2021. *Id.* On or around January 18, 2021, the Claimant provided an informal response to the Consumer Claims Trustee, but he did not file this informal response with the Court. *Id.* On January 13, 2022, the Consumer Claims Trustee advised the Claimant, again via letter, of the need to file a formal response with the Court. *Id.* ¶ 5. A copy of the letter is annexed to the Reply as Exhibit C. On February 1, 2022, the Claimant emailed the Consumer Claims Trustee and the Court requesting that his Claim be allowed to proceed against Ditech. *Id.*

2

response with the Court (the "Response").⁶ On July 11, 2023, the Consumer Claims Trustee filed a reply in support of the Objection (the "Reply").⁷

Pursuant to the Claims Procedures Order,⁸ the filing of the Response caused an adjournment of the Objection so that the Court could conduct a Sufficiency Hearing on the Claim. Under that order, the legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").⁹ Claims Procedures Order ¶ 3(iv)(a).

On September 28, 2023, in accordance with the Claims Procedures Order, the Court conducted a Sufficiency Hearing on the Claim. The Consumer Claims Trustee appeared through counsel, and the Claimant appeared pro se. The Court has reviewed the Claim, Objection, Response, and Reply, including all documents submitted in support thereof, and has considered the arguments made by the parties in support of their respective positions.

For the reasons set forth herein, the Court sustains the Objection and disallows and expunges the Claim.

---

⁶ *Informal Response of John M. Harper to the Consumer Claims Trustee's Fifteenth Omnibus Objection to Proofs of Claim (Insufficient Documentation Unsecured Consumer Creditor Claims)*, ECF No. 4218.

⁷ *Reply of the Consumer Claims Trustee in Support of the Consumer Claims Trustee's Fifteenth Omnibus Objection with Respect to the Claim of John M. Harper (21504)*, ECF No. 4803.

⁸ *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, ECF No.1632.

⁹ Rule 12(b)(6) is incorporated herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In filing the Objection, the Consumer Claims Trustee initiated a contested matter. *See Pleasant v. TLC Liquidation Tr. (In re Tender Loving Care Health Servs., Inc.)*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the objection has initiated a contested matter"). Bankruptcy Rule 9014 governs contested matters. The rule does not explicitly provide for the application of Bankruptcy Rule 7012. However, Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014. The Court does so here in the Claims Procedures Order.

3

**Jurisdiction**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

**The Mortgage Loan**

On November 11, 2003, the Claimant executed a promissory note (the "Note")[10] in favor of Homecomings Financial Network, Inc. in the amount of $212,000. The Note was secured by a mortgage (the "Mortgage"[11] and together with the Note, the "Mortgage Loan") on the property located at 1211 Bay Oaks, Houston, Texas 77008 (the "Property").

**The Chapter 11 Cases**

On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates (the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1,

---

[10] The Note is annexed to the Reply as Exhibit A. The Court can properly take judicial notice of matters of public record. *See Sutton ex rel. Rose v. Wachovia Sec., LLC*, 208 F. App'x 27, 30 (2d Cir. 2006) (summary order) (holding that filings and orders in other courts "are indisputably matters of public record"); *Ferrari v. Cnty. of Suffolk*, 790 F. Supp. 2d 34, 38 n.4 (E.D.N.Y. 2011) ("In the Rule 12(b)(6) context, a court may take judicial notice of prior pleadings, orders, judgments, and other related documents that appear in the court records of prior litigation and that relate to the case *sub judice*."); *Kaplan v Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) ("[Courts] must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

[11] The Mortgage is annexed to the Reply as Exhibit B.

2019, as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[12]  Thereafter, the Court extended the General Bar Date for consumer borrowers, twice, ultimately setting the date as June 3, 2019.[13]

On September 26, 2019, the Debtors confirmed their Third Amended Plan,[14] and on September 30, 2019, that plan became effective.[15]  The Consumer Claims Trustee is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of the Consumer Creditor Net Proceeds from the Consumer Creditor Recovery Cash Pool to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan.  *See id.* art. I, § 1.41.  The Consumer Claims Trustee has the exclusive authority to object to all Consumer Creditor Claims.  *See id.* art. VII, § 7.1.

**The Claims Procedures Order**

On November 19, 2019, the Court entered the Claims Procedures Order.  Under that order, the Plan Administrator and Consumer Claims Trustee are authorized to file Omnibus Objections seeking reduction, reclassification, or disallowance of claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order.  *See* Claims Procedures Order ¶ 2(i)(a)–(h).  A properly filed and served response to an objection gives

---

[12] *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, ECF No. 90.

[13] *Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers Nunc Pro Tunc*, ECF No. 496.

[14] *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1404.

[15] *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

rise to a "Contested Claim" that will be resolved at a Claim Hearing. *Id.* ¶ 3(iv). The Plan Administrator and/or Consumer Claims Trustee, as appropriate, has the option of scheduling the Claim Hearing as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a), (b). A "Merits Hearing" is an evidentiary hearing on the merits of a Contested Claim. A "Sufficiency Hearing" is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. The legal standard of review that will be applied by the Court at a Sufficiency Hearing is equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Id.* ¶ 3(iv)(a).

### The Claim

On April 25, 2019, the Claimant filed his Claim asserting an unsecured claim in the amount of $212,000.00 against Ditech. Claim at 1–2. The Claimant asserts "Equity Fraud/510(b) Claims" as the basis for his Claim. *Id.* at 2. The Claimant did not attach any documentation to the Claim and did not provide a narrative or other explanation for the nature and basis of his Claim.

### The Objection

On April 10, 2020, the Consumer Claims Trustee filed her Objection to the Claim. She objects to the Claim on the basis that the Claim contained insufficient documentation to support its underlying merits. Objection ¶ 8; *id.*, Ex. A (List of Claims).

### The Response

In the Response, the Claimant asserts that during the time that Ditech serviced the Mortgage Loan, numerous issues arose. Response ¶ 3. The Claimant lists several examples of issues that he contends are still outstanding:

(i)  Payments made by Harper have not been applied to his account, including but not limited to payments between November 11, 2003 – January 5, 2005;

(ii) Taxes which were paid to the taxing authorities were not properly credited to Harper's account;

(iii) Periods of forbearance due to disaster declarations by FEMA were not properly applied to Harper's account;

(iv) Escrow payments were not properly applied. This led to Ditech increasing the required escrow payments which improperly increased the monthly payment which Harper was unable to fully pay;

(v) Harper's suspense account has been incorrectly calculated;

(vi) Harper is owed insurance proceeds of approximately $17,000.00, which Ditech has failed to release to him for over 7 years;

(vii) Harper is being improperly charged a monthly "Property Inspection Fee" of $15.00 which is increasing the debt allegedly owed;

(viii) Harper attempted to make payments toward his balance but Ditech refused to accept his payments as he was being sent to foreclosure;

(ix) Harper attempted to avail himself of offers of loan modifications but the changes in his payments and then the denial of his loan modification led to errors in the amount due and owing on his account; and

(x) Harper has continually made efforts to resolve the issues with his account but has still not received information requested from Ditech since Ditech began servicing the loan.

*Id.* ¶ 5. He contends that, as a consequence of those open issues, it was impossible for him to pay the Mortgage reinstatement amount, and that he has been advised that the Property will be foreclosed upon unless his account is brought current. *Id.* ¶ 6. He asserts that as a result of Ditech's actions and inaction, he has sustained damages including, without limitation, "interest charges, late payment fees, attorney fee charges, and property inspection fees." *Id.* ¶ 7. He also asserts that he suffered damages by reason of Ditech's misapplication of payments and its refusal to release his insurance proceeds to him. *Id.* Attached to the Response is an email from an attorney dated December 22, 2020. *Id.* at 7.

7

**The Estimation Motion**

On March 23, 2023, the Consumer Claims Trustee filed a motion to estimate claims (the "Motion to Estimate"),[16] which sought, among other things, to estimate the Claim for purposes of reserves at $212,000.00 as an unsecured claim that was not a section 363(o) claim. The Claimant did not respond to the motion. On May 11, 2023, the court entered an order granting the Motion to Estimate.[17]

**The Reply**

On July 11, 2023, the Consumer Claims Trustee filed her Reply in support of her Objection, asserting that the Claim fails to adequately plead a claim under Rule 8(a) of the Federal Rules of Civil Procedure ("Rule 8(a)")[18] and that the Claim fails to assert facts sufficient to state a claim for relief under Rule 12(b)(6).

## Applicable Legal Principles

Under section 502(a) of the Bankruptcy Code, "a claim . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). The filing of a proof of claim executed and filed in accordance with the Bankruptcy Rules constitutes "prima facie evidence of the validity and amount of a claim." Fed. R. Bankr. P. 3001(f). Section 502(b) prescribes nine categories of claims that will be disallowed, including that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." 11 U.S.C. § 502(b)(1). If an objection filed pursuant to section 502(b)(1) refutes at

---

[16] *Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim*, ECF No. 4650.

[17] *Order Granting Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim*, ECF No. 4733.

[18] Rule 8(a) is incorporated herein pursuant to Bankruptcy Rule 7008.

8

least one of the claim's essential allegations, the claimant has the burden to demonstrate the validity of the claim. *See, e.g.*, *Rozier v. Rescap Borrower Claims Tr. (In re Residential Cap., LLC)*, No. 15-cv-3248, 2016 WL 796860, at *9 (S.D.N.Y. Feb. 22, 2016); *Hasson v. Motors Liquidation Co. (In re Motors Liquidation Co.)*, No. 11-cv-8444, 2012 WL 1886755, at *3 (S.D.N.Y. May 12, 2012).

In assessing the merits of the Objection, the Court must consider the sufficiency of the allegations in support of the Claim in light of the pleading requirements established by Rules 8(a) and 12(b)(6) and determine whether Claimant has stated a claim for "Equity Fraud" and/or for a violation of "510(b)." The Consumer Claims Trustee asserts that the Court should disallow and expunge the Claim because it does not satisfy the pleading threshold of Rule 8(a) and does not state a claim upon which relief can be granted as required by Rule 12(b)(6).

The function of the pleading "is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1998). Rule 8(a) mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, to meet that standard, a pleading must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 8(a) does not require "'detailed factual allegations', but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "When a complaint does not comply with the requirement that it be short and plain, the court has the power . . . in response to a motion by the defendant . . . to dismiss the complaint." *Salahuddin*, 861 F.2d at 42. Under Rule 8(a), a court may dismiss a complaint that lacks sufficient details. *Samuel v. Bellevue Hosp. Ctr.*, No. 07-cv-6321, 2008 WL 3895575, at *3–4 (S.D.N.Y. Aug. 22,

9

19-10412-jlg    Doc 4891    Filed 09/29/23    Entered 09/29/23 20:25:41    Main Document
Pg 10 of 17


2008) (dismissing claims pleaded with insufficient detail pursuant to Rule 8(a)); *Jaffe v. Cap. One Bank*, No. 09-cv-4106, 2010 WL 691639, at *5 (S.D.N.Y. Mar. 1, 2010) (finding that the complaint does not meet Rule 8(a) standards where it presented "unadorned, the defendant-unlawfully-harmed-me accusations").

Under Rule 12(b)(6), a claim may be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To satisfy Rule 12(b)(6), the claim "must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008). In considering whether that standard is met for a particular claim, the Court must assume the truth of all material facts alleged in support of the claim and draw all reasonable inferences in the claimant's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). However, the Court "need not accord 'legal conclusions, deductions or opinions that are couched as factual allegations . . . a presumption of truthfulness.'" *Hunt v. Enzo Biochem, Inc.*, 530 F. Supp. 2d 580, 591 (S.D.N.Y. 2008) (quoting *Cal. Pub. Empls.' Ret. Sys. v. N.Y. Stock Exch., Inc. (In re NYSE Specialists Sec. Litig.)*, 503 F.3d 89, 95 (2d Cir. 2007)). In short, "[i]n ruling on a motion pursuant to Fed. R. Civ. P. 12(b)(6), the duty of a court 'is merely to assess the legal feasibility of the [claim], not to assay the weight of the evidence which might be offered in support thereof.'" *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). Where a claimant is proceeding pro se, the Court will construe the claim liberally, although the claim must nonetheless be supported by specific and detailed factual allegations that provide a fair understanding for the basis of the claim and the legal grounds for recovery against a debtor. *Kimber v. GMAC Mortg., LLC (In re Residential Cap., LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (citing *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005) (summary

order)); *see also McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156–57 (2d Cir. 2017) (discussing the policy considerations undergirding liberal construction of pro se litigants' filings).

### Discussion

Recently, in *In re Golden*, Judge Stong summarized the Supreme Court's "two-step approach" for courts to follow in deciding a motion to dismiss, as follows:

> First, a court should "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

*In re Golden*, 596 B.R. 239, 256 (Bankr. E.D.N.Y. 2019) (alterations in original). The Court will apply that approach in resolving the Objection and first consider the adequacy of the pleadings underlying the Claim.

The Consumer Claims Trustee asserts that the Court should expunge the Claim because neither the Claim nor the Response meet the minimal pleading standards under Rule 8(a). Reply ¶¶ 19–20. The Claimant identifies "Equity Fraud/510(b) Claims" as the basis of his claim. *See* Claim at 2. He fails to state facts that support those vague assertions. To be sure, he includes facts in the Response that are not included in the Claim, but he does not demonstrate how they support his Claim. For example, even assuming that in referring to "510(b)" the Claimant is seeking to invoke rights under section 510(b) of the Bankruptcy Code, the facts alleged in the Response shed no light on how that section is applicable to the Claim and the basis for Claimant's assertion for

11

relief under that section.  As noted, the Response includes a list of complaints against Ditech, but it fails to allege facts demonstrating how those complaints support any claim for relief against Ditech.  "In accordance with the liberal pleading standards of Rule 8, 'a plaintiff must disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Nisselson v. Softbank AM Corp. (In re Marketxt Holdings Corp.)*, 361 B.R. 369, 384 (Bankr. S.D.N.Y. 2007) (quoting *Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000)).  The Claim and Response fail to satisfy that standard.  There is insufficient detail in those documents for the Consumer Claims Trustee to ascertain and defend against the Claim asserted against the Debtors.  The Court finds that the Claim and Response, either separately or collectively, do not meet the pleading requirements of Rule 8(a) because the allegations contained within are vague, confusing, and difficult to understand.  That is a ground for disallowing and expunging the Claim.  *See Phipps v. City of New York*, No. 17-cv-6603, 2019 WL 4274210, at *2 (S.D.N.Y. Sept. 10, 2019) (dismissing a complaint under Rule 8(a) that was "convoluted, confusing, and difficult to comprehend"); *Djangmah v. Magafara*, No. 16-cv-6136, 2018 WL 4080346, at *3 (S.D.N.Y. Aug. 26, 2018) (dismissing a complaint under Rule 8(a) that was "so confusing, ambiguous and incomprehensible that it does not place Defendants on fair notice of Plaintiff's claims").

Moreover, as explained below, even the most generous review of the Claim and Response demonstrates that the Claim fails to include factual allegations that provide a fair understanding for the basis of the claim and legal grounds for recovery.  Accordingly, the Claim fails to state a claim upon which relief can be granted.

**Equity Fraud**

The Claimant asserts one of the bases for his Claim as "Equity Fraud." Under Texas law, there is no cause of action for "Equity Fraud." Section 27.01 of the Texas Business and Commercial Code provides a statutory cause of action for fraud in real estate transactions. *Scott v. Sebree*, 986 S.W.2d 364, 367 (Tex. App. 1999). The statute provides that a person who makes a false representation of a past or existing material fact in a real estate transaction is liable to the person defrauded for "actual damages" as well as "reasonable and necessary attorney's fees, expert witness fees, costs for copies of depositions, and costs of court." Tex Bus. & Com. Code Ann. § 27.01(b), (e) (West). If the false representation is made with actual awareness of its falsity, exemplary damages may also be recovered. *Id.* § 27.01(c). The Claimant fails to state a claim for relief under Section 27.01. Moreover, he has failed to plead facts sufficient to state a claim for common law fraud under Texas law.

To state a fraud claim under Texas law, the Claimant must allege facts demonstrating: (1) a material representation was made; (2) it was false when made; (3) the speaker knew it was false, or made it recklessly without knowledge of its truth and as a positive assertion; (4) the speaker made it with the intent that it should be acted upon; and (5) the party acted in reliance and suffered injury as a result. *Great Plains Tr. v. Morgan Stanley Dean Witter*, 313 F. 3d 305, 322 (5th Cir. 2002). In his Response, the Claimant fails to allege any facts demonstrating that Ditech made a material misrepresentation, much less one that was false when made. He fails to allege that Ditech made a representation that it knew to be false or that Ditech made the representation with disregard for the truth. Moreover, he does not demonstrate that he relied upon any alleged misrepresentations to his detriment. The Claimant simply lists complaints about Ditech and the servicing of his Mortgage Loan, with allegations of misapplied payments. While claiming to have

13

been injured due to the denial of a loan modification which led to "errors in the amount due and owing on his account," the Claimant does not allege facts demonstrating that the alleged injuries were caused by the alleged fraud. The Claimant alleges that Ditech refused his payments because his loan was being sent to foreclosure. Response at 4–5. However, the Mortgage provides that Ditech can reject partial payments or payments that otherwise would not bring his balance current. *See* Mortgage ¶ 1.[19] The Claimant does not allege that he was attempting to make a full Mortgage payment. Moreover, the Claimant acknowledges that he was being referred for foreclosure. Thus, he cannot show that his own delinquencies were not the cause of his financial injuries.

When pleading fraud, a claimant must meet the heightened pleading standards set forth in Rule 9(b) of the Federal Rules of Civil Procedure ("Rule 9(b)").[20] This rule mandates that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Pleading fraud with particularity requires alleging facts sufficient to support "the who, what, when, where, and how: the first paragraph of any newspaper story." *Silvester v. Selene Fin., LP*, No. 18-02425, 2021 WL 861080, at *2 (S.D.N.Y. Mar. 8, 2021) (quoting *Backus v. U3 Advisors, Inc.*, No. 16-8990, 2017 WL 3600430, at *9 (S.D.N.Y. Aug. 18, 2017)). Rule 9(b) applies to state-law claims, such as fraud, brought in a federal court.

---

[19] As relevant, the Mortgage states:

> Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Extension of Credit current. Lender may accept any payment or partial payment insufficient to bring the Extension of Credit current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. . . . Lender may hold such unapplied funds until Borrower makes payment to bring the Extension of Credit current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower.

*See* Mortgage ¶ 1.

[20] Rule 9(b) is incorporated herein pursuant to Bankruptcy Rule 7009.

*See Fisher v. APP Pharms., LLC*, No. 08-cv-11047, 2011 WL 13266819, at *6 n.8 (S.D.N.Y. Feb 28, 2011). The Claimant has not met the heightened pleading standards under Rule 9(b).

Rule 9(b) also provides that "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). The relaxation of Rule 9(b)'s specificity requirement for scienter "must not be mistaken for license to base claims of fraud on speculation and conclusory allegations." *O'Brien v. Nat'l. Prop. Analysts Partners*, 936 F.2d 674, 676 (2d Cir.1991) (quoting *Wexner v. First Manhattan Co.*, 902 F.2d 169, 172 (2d Cir. 1990)). Rather, the Claimant must allege facts that give rise to a strong inference of intent. *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 179 (2d Cir. 2004). The Claimant may meet this standard by "(1) alleging facts to show that defendant [] had both motive and opportunity to commit fraud, or by (2) alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *PetEdge, Inc. v. Garg*, No. 15-cv-9606, 2017 WL 564088 at *9 (S.D.N.Y. Feb. 10, 2017) (alteration in original). "Although Rule 9(b) expressly allows scienter to be 'averred generally,' simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)." *Dorsey v. Portfolio Equities, Inc*, 540 F.3d. 333, 339 (5th Cir. 2008) (citing *Melder v. Morris*, 25 F.3d 1097, 1102 (5th Cir. 1994)). Here, the lack of facts and supporting information make it impossible for the Claimant to demonstrate that Ditech had any fraudulent intent.

The Court finds that the Claimant fails to allege facts sufficient to state a claim for fraud against Ditech.

### 510(b) Claims

In the Claim, the Claimant cites "510(b)" as a basis for his claim. Claim at 2. The Claimant does not identify the specific statutory context, making it difficult to ascertain whether he is

15

asserting a claim under the Bankruptcy Code or another regulation. Assuming the Claimant alleges a claim under the Bankruptcy Code, section 510(b) states:

> For the purpose of distribution under this title, a claim arising from rescission of a purchase or sale of a security of the debtor or of an affiliate of the debtor, for damages arising from the purchase or sale of such a security, or for reimbursement or contribution allowed under section 502 on account of such a claim, shall be subordinated to all claims or interests that are senior to or equal the claim or interest represented by such security, except that if such security is common stock, such claim has the same priority as common stock.

11 U.S.C. § 510(b). This section subordinates claims "which are in essence claims corresponding to ownership of securities (debt or equity)" to ensure those claims are "confined to their proper tier of the waterfall." *In re Lehman Bros. Inc.*, 808 F.3d 942, 944 (2d Cir. 2015). "Congress enacted § 510(b) to prevent disappointed shareholders from recovering their investment loss by using fraud and other securities claims to bootstrap their way to parity with general unsecured creditors in a bankruptcy proceeding." *In re Enron Corp.*, 341 B.R. 141, 158 (Bankr. S.D.N.Y. 2006). The Claimant provides no factual support to suggest that he ever held either a debt or equity instrument in the Debtors.

The Court finds that the Claimant fails to state a claim for relief against Ditech under section 510(b) of the Bankruptcy Code.

**Conclusion**

Based on the foregoing, the Court sustains the Objection and disallows and expunges the Claim.

IT IS SO ORDERED.

Dated: New York, New York
September 29, 2023

/s/ *James L. Garrity, Jr.*
Hon. James L. Garrity, Jr.
U.S. Bankruptcy Judge