# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

**In re**

**DITECH HOLDING CORPORATION,** *et al*      **Chapter 11**
      **Debitors**      **Case No. 19-10412 (JLG)**
    **(Jointly Administered)**

## TAKE JUDICIAL NOTICE #2

**Timothy Dugdale**
**11759 Arbor Glen Way**
**Reston, VA 20194**
**dugdale@atomicquill.com**

# MEMORANDUM DECISION AND ORDER OVERRULING THE CONSUMER CLAIMS TRUSTEE'S FORTY-SIXTH OMNIBUS OBJECTION WITH RESPECT TO THE PROOF OF CLAIM FILED BY WARREN W. PRATT AND MONA G. PRATT

(https://scholar.google.com/scholar_case?case=8805169007052737732&q=pratt+ditech+garrity&hl=en&as_sdt=6,47)

This is a recent ruling from this very court on the matter at hand. It is a Rolls Royce of a decision. Of particular mention is the Discussion section in which the judge lays out the key criteria for a substantive claim of fraud through breach of contract – does the claimant clearly state who, what, when, where, and how.

The Pratts, represented by paid counsel, filed their claim in state court and thus were obligated to cite Virginia case law supporting their allegations against Ditech. In their filings here, they cited exactly one case and this court accepted it as sufficient.

Moreover, the court pointedly rebuffed the boilerplate "snooze you lose" objections of the trustee that there was no fraud and the Pratts had failed to articulate suitable causes of action. Federal law allows that any gaps in those causes of action can be "cured" through an amended complaint before the evidentiary stage of the proceedings.

S/Timothy Dugdale
January 22, 2024