# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

**In re**

**DITECH HOLDING CORPORATION,** *et al*          **Chapter 11**
       **Debitors**                                        **Case No. 19-10412 (JLG)**
                                                                                **(Jointly Administered)**

# TAKE JUDICIAL NOTICE #3

**Timothy Dugdale**
**11759 Arbor Glen Way**
**Reston, VA 20194**
**dugdale@atomicquill.com**

*Union Mutual Fire Ins. v. Ace Caribbean Market* (2nd Circuit 2023)

*Watson v. Kartheiser* (Supreme Court, NY County 2023)

Pertinent to the case at hand:

> The doctrine of *res ipsa loquitor* allows the trier of fact to infer from circumstantial evidence the existence of the defendant's negligence. (Kambat v St. Francis Hosp., 89 NY2d 489, 494 [1997]; Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006].) To use the doctrine, the plaintiff must establish: (1) the event or injury is the kind which ordinarily does not occur in the absence of negligence, (2) it was caused by an agency or instrumentality within the exclusive control of the defendant, and (3) it was not due to any voluntary action or contribution on the part of the plaintiff." (Wilkins v West Harlem Group Assistance, Inc., 167 AD3d 414, 415 [1st Dept 2018].)

Ditech acted as if it had *exclusive* control over the Certificate of Redemption by inducing me to send a check for both the Certificate of Redemption AND rent for the redemption period. But, under the control of *Union Mutual Fire*, greater probability suffices in lieu of exclusivity.

Ditech's conduct goes far beyond negligence. They committed fraud that reached into criminality. And that fraud is inextricably linked to the breach of contract, before and after the actual breach. Moreover, the shocking number of claims presented to the court in this matter clearly shows that Ditech's toxic and shambolic business practices, be it fraud, "mistake" or negligence, was part of a pattern of conduct directed at the public generally (*see* New York Univ. v Continental Ins. Co, 87 NY2d at 316; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d at 613).

S/Timothy Dugdale

January 23, 2024