JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
RLevin@jenner.com
Richard Levin

*Attorneys for the Consumer Claims Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
|   :   |
| In re | : | **Chapter 11** |
|   :   |
| **DITECH HOLDING CORPORATION, et al.,** | : | **Case No. 19-10412 (JLG)** |
|   :   |
| Debtors.[1] | : | **(Jointly Administered)** |
|   :   |
|   : | **Related Docket No. 1632** |
---------------------------------------------------------------X

### CONSUMER CLAIM TRUSTEE'S
### MOTION TO AMEND CLAIM HEARING PROCEDURES

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903) (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

The Consumer Claims Trustee (the "**Trustee**") moves for an order, in the form attached hereto as Exhibit A, amending the *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, entered November 19, 2019 ("**Claim Procedures Order**") [ECF 1632]. For some claims objections, the procedures established under the Claims Procedures Order have resulted in unnecessary delays and have increased administrative expenses in connection with Sufficiency Hearings (as defined in the Claim Procedures Order). The Consumer Claims Trustee believes that an amendment to the procedures for Sufficiency Hearings could expedite proceedings and reduce administrative expenses.

### Background

1.    On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of Bankruptcy Code. The Debtors operated their business and maintained their assets as debtors in possession under sections 1107(a) and 1108 of the Bankruptcy Code.

2.    The chapter 11 cases are being jointly administered for procedural purposes only under Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

3.    On September 26, 2019, the Court entered the Confirmation Order. The Effective Date of the Third Amended Plan occurred on September 30, 2019. *See Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*. [ECF No. 1449]

**Jurisdiction**

4.      This Court has jurisdiction to consider this matter pursuant to 28
U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is
proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**The Claims Procedures Order**

5.      On November 19, 2019, on the motion of the Plan Administrator, this
Court entered the Claim Procedures Order, which includes the Claim Objection Procedures
and the Claim Hearing Procedures, which apply to all objections to claims, including by the
Trustee. In broad outlines, it permits omnibus objections to claims, provides that if the
claimant whose claim is included in an omnibus objection responds to the objection, the
hearing on the objection is to be adjourned to a date to be determined, and permits a non-
evidentiary Sufficiency Hearing on the claim on the adjourned date. The Sufficiency Hearing
is governed by the standards under Bankruptcy Rule 7012, which incorporates Rule 12(b) of
the Federal Rules of Civil Procedure.

6.      The Claim Hearing Procedures provide the procedure for a Sufficiency
Hearing. Under Paragraph 3(iv), the Court considers the claimant's response to the objection
and any reply filed by the Trustee. Paragraph 3(vi) of the Claim Hearing Procedures requires
any reply to be filed by 4:00 PM Eastern Time at least five business days before the adjourned
hearing, although the practice has developed, at the Court's request, of filing any reply two
weeks before the adjourned hearing date.

7.      Paragraph 2(v) of the Claim Objection Procedures requires that a notice
of the claim objection process be included with each omnibus objection to claim, and the
Trustee has provided that notice.

8.      Despite the notice of claim objection process and of the Claim Hearing
Procedures and despite the absence in either or in the Local Bankruptcy Rules of this Court

of any authorization for filing a surreply to the Consumer Claims Trustee's reply, some holders of Consumer Creditor Claims (as defined in the Plan) have filed or sought leave to file a surreply. Where surreplies have been filed several days before the adjourned hearing, the Court and the Trustee have been able to proceed with the hearing and address any points raised in the surreply. However, where the claimant files a surreply immediately before the hearing or asserts at the hearing insufficient time to review and respond to the Trustee's reply and asks and is granted leave to file a surreply (or a claim amendment that responds to the legal points raised in the reply), the hearing must be adjourned. The adjournment requires both the Court and the Trustee to prepare again for the hearing, to address possibly new matters that could have been addressed at the original hearing date, and to notice and appear again at the subsequent hearing. The result is that absent striking or disregarding the unauthorized surreplies, the Court and the Trustee must bear extra time and expense in preparing for a Sufficiency Hearing a second time.

9.      The Trustee has completed her evaluation of all Consumer Creditor Claims and has filed objections to those that she believes should be disallowed, but many claims remain to be heard at Sufficiency Hearings. For these remaining Consumer Creditor Claims, the Trustee believes that it would be more efficient, as well as fairer to the holders of the Consumer Claims, nearly all of whom appear pro se, to establish a procedure consistent with the procedure prescribed under Rule 9006-1 of the Local Bankruptcy Rules on a motion to dismiss for failure to state a claim under Bankruptcy Rule 7012, although with expanded time periods, which may be more  appropriate for pro se claimants. Accordingly, the Trustee proposes that a paragraph 3(iv).c be added to the Claim Hearing Procedures to read as follows:

> I.    Notwithstanding paragraphs 3(iv)a and 3(vi) of these Claim Hearing Procedures Order, for a Sufficiency Hearing, the Trustee may file and serve on the claimant by email and first class mail a reply to the

response of the claimant at least 28 days before the Sufficiency Hearing.

II.   The claimant may file a and serve on the Trustee by email or first class mail a surreply at least 14 days before the Sufficiency Hearing.

III.   The Trustee may file and serve on the claimant by email and first class mail a response to a surreply at least 7 days before the Sufficiency Hearing.

IV.   No other or further papers filed in connection with a Sufficiency Hearing on a particular claim shall be permitted without a showing, to be filed with the Court and served on the Trustee by email at least 14 days before the Sufficiency Hearing, without a showing of good cause. The Trustee may respond to any such request within three business days after service.

V.   Untimely papers filed in connection with a Sufficiency Hearing may be disregarded without further notice or hearing.

VI.   The Trustee shall provide notice of these procedures to each claimant with the Trustee's Notice of the Sufficiency Hearing.

VII.   Except to the extent provided in these amended procedures, all other provisions of the Claim Hearing Procedures with respect to Sufficiency Hearings shall remain unaffected by these amended procedures.

VIII. The procedures in this paragraph 3(iv)c shall apply only to a a holder of a Consumer Creditor Claims who has submitted a response to an objection filed by the Trustee (either alone or jointly with the Plan Administrator) and is awaiting a Sufficiency Hearing and not to a holder of a Consumer Creditor Claim who has submitted a response to an objection filed solely by the Plan Administrator and is awaiting a Sufficiency Hearing.

### The Amendment to the Claim Hearing Procedures Is Appropriate and Should Be Approved by the Court

10.   There is ample support in the Bankruptcy Code and the Bankruptcy Rules for the proposed amendment to the Claim Hearing Procedures. Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See* 11 U.S.C. § 105(a) (providing, in pertinent part,  that a bankruptcy court may "issue any order,

process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code].”); *In re Lionel Corp.*, 722 F.2d at 1069 (“[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.”). Moreover, the Court has the “inherent power” to “manage [its] owns affairs so as to achieve the orderly and expeditious disposition of cases.” *Cf. Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936) (noting the “power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants”). Moreover, the Claim Procedures Order provides that it is ”without prejudice to the rights of the [Trustee] to seek authorization to modify or supplement the relief granted herein.” Order, ¶ 6, at 6.

11. The primary feature of the proposed amendments to the Claim Hearing Procedures—the establishment of a defined briefing procedure for a Sufficiency Hearing allowing surreplies and responses to surreplies—is consistent with the Bankruptcy Rules and the Local Bankruptcy Rules. As a procedural matter, the Trustee’s Reply to a claimant’s Response has the same effect as a motion to dismiss under Bankruptcy Rule 7012. The Local Bankruptcy Rules permit an opposition to a motion to dismiss and a reply, though on a shorter time schedule than proposed in this Motion. The proposed amendment would now expressly permit that procedure in connection with a Sufficiency Hearing.

12. Bankruptcy Rule 9014(c) provides that the Court “shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.” Fed R. Bankr. P. 9014(c). The proposed amendment would require the Trustee to provide each claimant whose claim is scheduled for a Sufficiency Hearing to provide the claimant with notice of the procedures.

13.     To permit time to implement these revised procedures, the Trustee proposes that they apply beginning with the Sufficiency Hearings on claims to be heard at the April 25, 2024 omnibus hearing and thereafter.

**Notice**

14.     The Trustee will provide notice of this Motion only to those entities on the Master Service List, as established under the Case Management Order, who receive notice by email. The Trustee respectfully submits that no further notice is required, because the proposed procedures expand the rights of claimants whose claims have not yet been the subject of a Sufficiency Hearing, and those claimants will receive notice of the procedures when the Sufficiency Hearing on their claims are scheduled and noticed.

15.     No previous request for the relief sought herein has been made by the Trustee to this or any other Court.

WHEREFORE the Consumer Claims Trustee respectfully requests entry of an order amending the Claim Hearing Procedures as set forth in this Motion and for such other or relief as is just.

Dated: February 2, 2024
        New York, New York

*/s/ Richard Levin*
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
RLevin@jenner.com
Richard Levin

*Attorneys for the Consumer Claims Trustee*

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
                                                       :
In re                                                  :          Chapter 11
                                                       :
DITECH HOLDING CORPORATION, et al.,   :          Case No. 19-10412 (JLG)
                                                       :
                         Debtors.[2]                    :          (Jointly Administered)
                                                       :
                                                       :          Related Docket No. 1632
---------------------------------------------------------------X

<u>**ORDER** AMENDING CLAIM HEARING PROCEDURES</u>

Upon the Motion (the "**Motion**") of the Consumer Claims Trustee ("**Trustee**") under

section 105(a) of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of

Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order amending the *Order*

*Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, entered

November 19, 2019 [ECF 1632] (the "**Claim Procedures Order**") intended to streamline

---

[2]    On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903) (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

the claim hearing process and conserve the resources of the Consumer Creditor Recovery Trust, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given, and it appearing that no other or future notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Consumer Creditor Recovery Trust, the holders of allowed Consumer Creditor Claims, and parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED to the extent set forth herein.

2.      Paragraph 3(iv) of the Claim Hearing Procedures established under the Claim Procedures Order is amended by adding subparagraph 3(iv)c immediately after subparagraph 3(iv)b thereof the following:

    I.      Notwithstanding paragraph 3(iv)a and 3(vi) of these Claim Hearing Procedures, for a Sufficiency Hearing, the Trustee may file and serve on the claimant by email and first class mail a reply to the response of the claimant at least 28 days before the Sufficiency Hearing.

    II.      The claimant may file a and serve on the Trustee by email or first class mail a surreply at least 14 days before the Sufficiency Hearing.

    III.      The Trustee may file and serve on the claimant by email and first class mail a response to a surreply at least 7 days before the Sufficiency Hearing.

    IV.      No other or further papers filed in connection with a Sufficiency Hearing on a particular claim shall be permitted without a showing, to be filed with the Court and served on the Trustee by email at least 14 days before the Sufficiency Hearing, without a showing of extraordinary good cause. The Trustee may respond to any such request within three business days after service.

    V.    Untimely papers filed in connection with a Sufficiency Hearing may be disregarded without further notice or hearing.

    VI.    The Trustee shall provide notice of these procedures to each claimant with the Trustee's Notice of the Sufficiency Hearing.

    VII.    Except to the extent provided in these amended procedures, all other provisions of the Claim Hearing Procedures with respect to Sufficiency Hearings shall remain unaffected by these amended procedures.

    VIII. The procedures in this paragraph 3(iv)c shall apply only to a a holder of a Consumer Creditor Claims who has submitted a response to an objection filed by the Trustee (either alone or jointly with the Plan Administrator) and is awaiting a Sufficiency Hearing and not to a holder of a Consumer Creditor Claim who has submitted a response to an objection filed solely by the Plan Administrator and is awaiting a Sufficiency Hearing.

3.    The Trustee is authorized to take any and all steps that are necessary or appropriate to implement the amendment to the Claim Hearing Procedures provided in this Order.

4.    Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claims asserted in these chapter 11 cases.

5.    Entry of this Order is without prejudice to the rights of the Trustee to seek authorization to modify or supplement the relief granted herein.

6.    This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: _____ __, 2024
        New York, New York

            /s/_____
            HONORABLE JAMES J. GARRITY, JR.
            UNITED STATES BANKRUPTCY JUDGE