# EXHIBIT N

12-240053
C-JK

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY,
FLORIDA

**EVERHOME MORTGAGE
COMPANY,**

      **Plaintiff,**

vs.

**JAMES E. TURNER and
JEFFREY TURNER,**

      **Defendant.**

_____/

**CIVIL DIVISION
CASE NO.: 08-37530-CA-01**

JUN 2 0 2013

**Section 42
Judge Victoria S. Sigler**

## ORDER ON DEFENDANTS' MOTION FOR DEFAULT

This cause came on to be heard on June 11, 2013 on Defendants' Motion for Default and after hearing argument of plaintiff's counsel, the defendants and reviewing the court file and being otherwise advised in the premises Court makes the following findings:

On June 27 2008, a mortgage foreclosure complaint was filed in this case. On August 28, 2008 defendants' filed their answer affirmative defenses and countersuit for declaratory judgment, fraud in the inducement and damages plaintiffs filed a motion for summary judgment on January 12, 2009.

On May 7, 2010, a motion to for leave to amend the counterclaims and affirmative defenses was filed and the Court signed an order on May 20, 2010 dismissing the defendant's amended affirmative defenses and counter claim with 30 days to amend.

Plaintiffs filed a notice for summary judgment hearing to be heard on August 25 of 2011. On August 17, 2011, defendants filed an affidavit in opposition to summary judgment. In the affidavit in opposition to the Motion for Summary Judgment, the defendants the defendants alleged in their affidavit that assignment to the Everhome Mortgage Company was improper and fraudulently recorded and the defendants also argued that Evergreen Mortgage fabricated fraudulent documents and filed assignments with forged signatures with the court. The defendants further argued in their application that the amounts sued for by Evergreen Mortgage were not accurate and that they had made payments in 2008 towards this account

On August 23, 2011, defendants filed two pleadings; first amended affirmative defenses and first amended counterclaim, without filing a motion seeking leave of court to file. The first amended affirmative defenses raised and encompassed the factual issues also raised in the first amended

1

counterclaim.   On August 25, 2005, a final summary judgment order was entered foreclosing the property.   The defendants filed a notice of appeal of the final summary judgment.

Shortly, after filing the notice of appeal the defendants filed a notice of bankruptcy. Subsequent to discharge from bankruptcy in March of 2012 the appellate court affirmed the entry of the final summary judgment order.

This case now returns to the trial court on defendants' motion for default as to the August 23, 2012 counterclaim and plaintiffs opposition to defendants' motion for default.  Defendant argues that he is entitled to a default because the counterclaim was filed on or about August 23, 2011 and has been unanswered.  The plaintiff argues that the defendant's motion for default should be denied as moved as the counterclaim was resolved with the final judgment of foreclosure entered on August 25 of 2011.

As a procedural matter the Court would point the parties to the order of May 20, 2010, where in the defense was given 30 days to file an amended answer and or counterclaim.   The Court notes that more than 30 days passed between May 20, 2010 and August 23, 2011 when the counterclaim was filed, without leave of Court.

Defendants' original counterclaim and August 23, 2011 counterclaim raise facts alleging that the defendants' counterclaim arose from the transaction and/or occurrence that is the subject matter of the plaintiff's original cause of action; more succinctly a compulsory counterclaim.  The facts supporting the defendants' counterclaim existed at the time the original answer was served.  Here the defendants' offer no excuse nor explanation for not having followed the Court's May 20, 2010 order and filed the counterclaim in the 30 days following the order.  Nor did the defendants' having neglected the 30 day time frame by 14 months file a motion seeking leave of the Court to late file the counterclaim and amended affirmative defenses.  There were no facts put before the Court to examine any oversight inadvertence or excusable neglect for having failed to follow the May 30, 2010 order.  The counterclaim was filed without leave of Court.  See Fla. Rules of Civil Procedure 1. 170(e) 1.190(d) 12.170 and 12.190. The counterclaim was filed without paying the Clerk filing fee.   Therefore, it is the view of the Court that the counterclaim is a nullity.

The final summary judgment was entered on August 25, 2011 and subsequently appealed.  A final judgment is one that determines the rights of the parties and disposes of the cause on its merits leaving nothing more to be done other than to enforce the judgment. *Gore v. Hansen*, 59 So.2d 538, 40 A.L.R.2d 1281 (Fla.1952); *Hollywood, Inc. v. Clark*, 153 Fla. 501, 15 So.2d 175 (1943).  The final summary judgment in this case, did not reserve jurisdiction to hear the issues raised in the counterclaim, that was untimely filed.   The final summary judgment was entered in this case and affirmed on appeal.  Final judgment having been entered and affirmed in this case, the Court is divested of jurisdiction to further litigate the substantive cause(s) of action.   *Harbor Cmtys., LLC v. Jerue*, 81 So. 3d 568 (Fla. 4th DCA 2012)

Therefore, the Defendants' Motion for Default as to an unanswered but improperly filed counterclaim is hereby denied.

DONE AND ORDERED in Chambers in Miami-Dade County, Florida on this __16__ day of June 2013.

_____
VICTORIA S. SIGLER
CIRCUIT COURT JUDGE

cc:    James Turner
       Jeffrey Turner
       27401 SW 139 Place
       Homestead, FL 33032

       Vincent McManus, Esq.
       Albertelli Law
       P.O. Box 23028
       Tampa, FL 33623

       Jennifer Kopf, Esq.
       Shapiro, Fishman & Gache LLP
       2424 N. Federal Highway
       Suite 360
       Boca Raton, FL 33431

Conformed Copy
JUN 18 2013
Victoria S. Sigler
Circuit Court Judge

3