JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Richard Levin
rlevin@jenner.com

*Attorneys for the Consumer Claims Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

————————————————————————X
                                              :
**In re**                                     : Chapter 11
                                              :
**DITECH HOLDING CORPORATION, et al.,** : Case No. 19-10412 (JLG)
                                              :
Wind Down Estates.[1]                         : **(Jointly Administered)**
                                              : Related Dkt. Nos. 2836, 4650, 4990
————————————————————————X

### CERTIFICATE OF NO OBJECTION
### TO STIPULATION RESOLVING PROOF OF CLAIM OF
### TIMOTHY DUGDALE (CLAIM NO. 2876)

In accordance with Local Rule 9075-2 and this Court's case management procedures set forth in the Order Implementing Certain Notice and Case Management Procedures, entered on March 19, 2019 (ECF No. 211) (the "**Case Management Order**"), I certify:

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903) (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

1

1. On February 12, 2024, the Consumer Claims Trustee [2] filed the *Notice of Presentment of Stipulation Resolving Proof of Claim of Timothy Dugdale (Claim No. 2876)* [ECF 4997] (the "**Stipulation**") and caused the Stipulation to be served as required by the Case Management Order on February 12, 2024 [ECF 5001].

2. In accordance with Local Rule 9074-1, the Consumer Claims Trustee set Tuesday, February 20, 2024, at 4:00 P.M. EDT (the "**Response Deadline**") as the response deadline for parties to file responses to the Notice of Presentment. Local Rule 9075-2 permits an order to be granted without a hearing, if no objection or other responsive document has been filed before 48 hours after the response deadline and the objector or respondent complies with the relevant procedural and notice requirements.

3. The Response Deadline has passed and, to the best of my knowledge, no objection or other responsive document has been filed with the Court in these cases and served in accordance with the procedures set forth in Local Rule 9075-2 and the Case Management Order.

4. Accordingly, the Consumer Claims Trustee respectfully requests that the Proposed Order submitted with the Stipulation, a copy of which is attached to this Certificate as Exhibit A, be entered in accordance with the Local Rule 9075-2.

Dated: February 22, 2024
    New York, New York

/s/   Richard Levin
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, NY 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
Richard Levin
rlevin@jenner.com

*Attorneys for the Consumer Claims Trustee*

---

[2] The Consumer Representative under the Third Amended Plan acts as the Consumer Trustee on behalf of the Ditech Holding Corporation Consumer Creditor Recovery Trust (the "**Consumer Trust**"), established pursuant to the Third Amended Plan.

2

# EXHIBIT A

STIPULATION RESOLVING PROOF OF CLAIM NO. 2876

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X
: 
In re                                                                      :       Chapter 11
:
DITECH HOLDING CORPORATION, et al.,    :       Case No. 19-10412 (JLG)
:
Debtors.[3]                                               :       (Jointly Administered)
:       Related Dkt. Nos. 2836, 4650, 4990
---------------------------------------------------------------X

## STIPULATION RESOLVING PROOF OF CLAIM NO. 2876

This stipulation (the "**Stipulation**") is made and entered into between the Consumer Claims Trustee,[4] and Timothy Dugdale (the "**Claimant**" and together with the Consumer Claims Trustee, the "**Parties**"). The Stipulation resolves the objection to Proof of Claim No. 2876 by settling the claim as indicated below.

## RECITALS

1. On February 11, 2019, Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates (collectively, the "**Debtor**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code.

---

[3] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903) (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

[4] The Consumer Representative under the Third Amended Plan acts as the Consumer Claims Trustee on behalf of the Ditech Holding Corporation Consumer Creditor Recovery Trust (the "**Consumer Trust**"), established pursuant to the Third Amended Plan in the above-captioned bankruptcy cases.

4

2.     On September 26, 2019, the Court confirmed the Debtors' Third Amended Plan. Under the Third Amended Plan, (i) the Plan Administrator, on behalf of each of the Wind Down Estates, has exclusive authority to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Other Secured Claims; (ii) the GUC Recovery Trustee, on behalf of the GUC Recovery Trust, has the exclusive authority to object to all General Unsecured Claims; and (iii) the Consumer Claims Trustee has the exclusive authority to object to all Consumer Creditor Claims.

3.     On February 11, 2020, Claimant filed Proof of Claim No. 2876 asserting an unsecured claim in the amount of $500,000.00.

4.     On September 18, 2020, the Consumer Claims Trustee filed the *Thirtieth Omnibus Objection to Proofs of Claim (Insufficient Documentation Unsecured Consumer Creditor Claims)* (ECF No. 2836) (the "**Objection**"), which included an objection to Proof of Claim No. 2876.[5]

5.     On March 23, 2023, the Consumer Claims Trustee filed the *Consumer Claims Trustee's Omnibus Motion to to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim* (the "**Motion to Estimate**") (ECF No. 4650).

6.     The Motion to Estimate requested that Proof of Claim No. 2876 be estimated at $500,000.00 as a non-363(o) claim as defined by the Third Amended Plan for the purpose of setting distribution reserves.

7.     On April 27, 2023, the Court granted the relief requested in the Motion to Estimate. The *Order Granting Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim* (the "**Order to Estimate**"), estimating at $500,000.00 as a non-363(o) claim as defined by the Third Amended Plan for the purpose of setting distribution reserves was entered on May 11, 2023. (ECF No. 4733).

---

[5] Previously, on May 15, 2020, the Plan Administrator filed the *Fifty-Eighth Omnibus Objection to Proofs of Claim (No Basis Claims)* (ECF 2377), which included an objection to Proof of Claim No. 2876. That objection was subsequently withdrawn by the Plan Administrator. *Notice of Withdrawal Regarding Fifty-Eighth Omnibus Objection to Proofs of Claim (No Basis Claims) Solely as to Claim No. 2876*. (ECF 2566).

5

8.   The Parties have negotiated a settlement with respect to Proof of Claim No. 2876.

9.   The Consumer Claims Trustee has determined that entering into this Stipulation is in the best interests of the Wind Down Estates, the Consumer Trust, the Consumer Trust's constituents, the Debtors, and other interested parties.

## STIPULATION AND AGREEMENT

**NOW, THEREFORE,** the Parties hereby stipulate and agree:

1.   Proof of Claim No. 2876: (a) shall be reduced and allowed in the amount of $40,000.00 as a Class 6 Consumer Creditor Claim and (b) is a not a 363(o) Claim (as defined in the Third Amended Plan).

2.   Claimant understands that claim distributions will be paid in the order specified by the Third Amended Plan and that any actual amount received may be on a pro rata basis.

3.   The money damages awarded to Claimant represents the actual amount in dispute and are designated as a legal, compensatory remedy for monetary loss to the Claimant.

4.   The terms of this Stipulation shall be deemed to fully resolve any and all claims (as defined in section 101(5) of the Bankruptcy Code) that the Claimant asserts or may have against the Debtors, their estates, and the Consumer Trust. Claimant hereby agrees to release the Debtors and the Wind Down Estates from any and all liability related to claims that the Claimant has asserted or may have asserted against the Debtors and Wind Down Estates. Claimant agrees not to assert any additional Claims in connection with these Chapter 11 cases.

5.   The Parties agree to take any and all actions necessary to comply with the terms of this agreement.

6.   The Debtors' claims agent is hereby authorized and empowered to adjust the claims register in accordance with this Stipulation.

6

7. This Stipulation constitutes the entire agreement between the Parties regarding the matters addressed herein. The Stipulation supersedes all prior and current discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between the Parties.

8. This Stipulation may be modified only by written agreement of all Parties or pursuant to an order of the Bankruptcy Court.

9. This Stipulation may be executed and delivered in any number of original, electronic, or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

10. The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation.

Dated: February 10, 2024
      New York, New York

| | |
|---|---|
| */s/ Richard Levin* | */s/ Timothy Dugdale* |
| Richard Levin | Timothy Dugdale, *pro se* |
| JENNER & BLOCK LLP | 11759 Arbor Glen Way |
| 1155 Avenue of the Americas | Renton, VA 20194-2019 |
| New York, NY 10036 | Telephone: (703) 401-0642 |
| Telephone: (212) 891-1601 | Email: *dugdale@atomicquill.com* |
| Facsimile: (212) 891-1699 | |
| RLevin@jenner.com | |
| *Attorneys for Consumer Claims Trustee* | |

SO ORDERED:

Dated: _____
      New York, New York

_____
**THE HONORABLE JAMES L. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE**