**Hearing Date and Time: March 26, 2024 at 11:00 a.m. (prevailing Eastern Time)**
**Objection Date and Time: March 19, 2024 at 4:00 p.m. (prevailing Eastern Time)**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
: 
In re                            :          **Chapter 11**
: 
**DITECH HOLDING CORPORATION**, *et al.*,  :          **Case No. 19-10412 (JLG)**
: 
Debtors.[1]           :          **(Jointly Administered)**
: 
-------------------------------------------------------------X

## NOTICE OF HEARING ON JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK BY THE PLAN ADMINISTRATOR AND CONSUMER CLAIMS TRUSTEE

        **PLEASE TAKE NOTICE** that, on March 5, 2024, the Plan Administrator, on

behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor

affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**"), and the

Consumer Claims Trustee (the "**Trustee**") filed the *Joint Objection to Proof of Claim No. 2927*

*and Joint Motion to Enjoin Filing of Future Claims by Tina Cook by The Plan Administrator and*

---

[1]    On September 26, 2019, the Court entered the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Confirmation Order**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903)* (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Pursuant to the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) shall remain open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates shall be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

Consumer Claims Trustee (the "**Objection and Motion**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[2]

The *Joint Objection to Proof of Claim No. 2927* (the "**Objection**") requests that the Bankruptcy Court disallow and expunge proof of claim no. 2927 ("**Claim 2927**") on the grounds that Claim 2927 was filed after the deadline to file proofs of claim and is therefore time-barred, and that the claim is barred by *res judicata*, or, in the alternative, that Claim 2927 should be reclassified as a Consumer Creditor Claim. In addition, the *Joint Motion to Enjoin Future Filings by Tina Cook* (the "**Motion**") requests that the Bankruptcy Court enjoin Tina Cook from filing future claims, including, but not limited to, claims related to the Property, on the grounds that Ms. Cook has already filed three proofs of claim, including a proof of claim filed after the Bankruptcy Court had already disallowed and expunged two prior proofs of claim and has otherwise demonstrated a history of vexatious litigation, has caused needless expense to the Plan Administrator and Consumer Claims Trustee, and has posed an unnecessary burden on the Bankruptcy Court and its personnel. **If the Bankruptcy Court expunges and disallows Claim 2927, it will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

PLEASE TAKE FURTHER NOTICE that the *Court-Ordered Claim Hearing Procedures* (the "**Claim Hearing Procedures**") annexed hereto as **Exhibit A** apply and govern the Objection. The Claim Hearing Procedures provide for certain mandatory actions by a Claimant within certain time periods. Therefore, please review the Claim Hearing Procedures carefully.

---

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (the "**Third Amended Plan**") (ECF No. 1326) or the *Order Approving (I) Claims Objection Procedures and (II) Claim Hearing Procedures* (the "**Order**") (ECF No. 1632), as applicable.

Failure to comply with the Claim Hearing Procedures may result in the disallowance and expungement the Claim without further notice.

If you do NOT oppose the disallowance and expungement of Claim 2927 or the proposed injunction against you filing future claims in these chapter 11 cases, then you do NOT need to file a written response to the Objection or Motion and you do NOT need to appear at the hearing.

If you DO oppose the disallowance and expungement of Claim 2927 and/or the proposed injunction against you filing future claims in these chapter 11 cases, then you MUST file with the Court <u>and</u> serve on the parties listed below a written response to the Objection or Motion that is received on or before **4:00 p.m. (prevailing Eastern Time) on March 19, 2024** (the "**Response Deadline**").

Your response to the Objection, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, Ditech Holding Corporation, *et al.*, the case number and the title of the Objection to which the response is directed; (ii) the name of the Claimant and description of the basis for the amount of Claim 2927; (iii) a concise statement setting forth the reasons why Claim 2927 should not be disallowed, expunged, or reclassified for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of Claim 2927, to the extent not included with the Proof of Claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Wind Down Estates and the Trustee must return any reply to your response, if different from that presented in the Proof of Claim; and (vi) the name, address, and telephone number of

3

the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve Claim 2927 on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received.  A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable James L. Garrity, Jr., United States Bankruptcy Court, One Bowling Green, New York, New York, 10004 (CaseFiling@nysb.uscourts.gov); (ii) Weil, Gotshal, & Manges LLP, 767 Fifth Avenue, New York, New York 10153 (Attn: Claims Team (ClaimsPhoenix@weil.com); and Richard Slack, Esq. (richard.slack@weil.com) and Arden Ham, Esq. (arden.ham@weil.com), attorneys for the Plan Administrator); and (iii) the Ditech Consumer Recovery Trust, c/o Settlement Administrator, P.O. Box 1607, Blue Bell, PA 19422 (info@ditech-settlement.com).

Except as otherwise permitted under the Claim Hearing Procedures, a hearing to consider the Objection and Motion will be held on **March 26, 2024 at 11:00 a.m. (prevailing Eastern Time)** in the Bankruptcy Court, One Bowling Green, Room 723, New York, New York, 10004.  If you file a written response to the Objection and Motion, you should plan to appear telephonically at the hearing.  The Plan Administrator and the Trustee, however, reserve the right to continue the hearing on the Objection and Motion.  If the Plan Administrator and the Trustee continue the hearing, then the hearing will be held at a later date.  If the Plan Administrator and the Trustee do not continue the hearing, then a hearing on the Objection and Motion will be conducted on the above date.

If you wish to appear at, or attend, the hearing, please refer to the Bankruptcy Judge's guidelines for telephonic appearances at www.nysb.uscourts.gov and make arrangements with Court Solutions LLC at (646) 760-4600 or https://court-solutions.com/.

If you wish to view the Objection and Motion online, you can do so for free at

https://dm.epiq11.com/case/ditech, or by calling Epiq Corporate Restructuring, LLP at 866-486-

4809 (Domestic) or 503-597-7698 (International) to request a copy by mail.  **CLAIMANTS**

**SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS**

**THE MERITS OF THEIR CLAIMS.**

Dated: March 5, 2024
      New York, New York

    /s/  *Richard W. Slack*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Richard W. Slack
Alexander Welch

*Attorneys for Plan Administrator*
*on Behalf of the Wind Down Estates*

    /s/  *Richard Levin*
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York 10036
(212) 891-1600
Richard Levin
Email: rlevin@jenner.com

*Attorneys for Consumer Claims Trustee*

## Exhibit A

## Claim Hearing Procedures

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                    :

In re                            :      **Chapter 11**
                                      :

**DITECH HOLDING CORPORATION,** *et al.,*   :      **Case No. 19-10412 (JLG)**
                                      :

                **Debtors.**[1]        :      **(Jointly Administered)**
                                      :
------------------------------------------------------------X

## COURT-ORDERED CLAIM HEARING PROCEDURES

The claim hearing procedures (the "**Claim Hearing Procedures**") described herein have been ordered by the United States Bankruptcy Court for the Southern District of New York (the "**Court**") to apply to the chapter 11 cases of the Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**").[2]

### Claim Hearing Procedures

1.      Pursuant to the *Order Implementing Certain Notice and Case Management Procedures*, dated March 19, 2019 (ECF No. 211) (the "**Case Management Order**"), the Court established periodic omnibus hearings (the "**Omnibus Hearings**") in these cases. The Plan Administrator, on behalf of the Wind Down Estates, shall schedule the return date for

---

[1]  On September 26, 2019, the Court entered the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Confirmation Order**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903)* (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Pursuant to the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) shall remain open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates shall be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (the "**Third Amended Plan**") (ECF No. 1326) or the *Order Approving (I) Claims Objection Procedures and (II) Claim Hearing Procedures* (the "**Order**") (ECF No. 1632), as applicable.

claims objections, omnibus or otherwise, for hearing at Omnibus Hearings or other hearings the Plan Administrator may schedule with the Court.

2.      The Court may enter an order at the scheduled hearing sustaining an objection to proofs of claim (each, a "**Proof of Claim**") with respect to which no response (a "**Response**")[3] is properly filed and served.

3.      The hearing to consider an objection to Proofs of Claim as to which a Response is properly filed and served (each, a "**Contested Claim**") shall be set for a contested hearing (each, a "**Claim Hearing**") to be scheduled by the Plan Administrator, in its sole discretion, as set forth herein. The Plan Administrator may request that the Court schedule Claim Hearings on the date and/or time of the Omnibus Hearings or at another date and time.

4.      The Plan Administrator shall schedule a Claim Hearing for a Contested Claim as follows:

    (a)     For a non-evidentiary hearing to address whether the Contested Claim has failed to state a claim against the Debtors which can be allowed and should be dismissed pursuant to Bankruptcy Rule 7012 (a "**Sufficiency Hearing**"), unless the Plan Administrator serves the Claimant with a Notice of Merits Hearing (as defined herein), the Sufficiency Hearing shall go forward at the return date set in accordance with paragraph 1 of these Claim Hearing Procedures. The legal standard of review that will be applied by the Court at a Sufficiency Hearing will be equivalent to the standard applied by the Court upon a motion to dismiss for failure to state a claim upon which relief can be granted.

    (b)     For an evidentiary hearing on the merits of a Contested Claim (a "**Merits Hearing**"), the Plan Administrator may, in its sole discretion, serve upon the relevant Claimant, by email or overnight delivery and file with the Court, a notice substantially in the form attached to the Order as Exhibit 2 (a "**Notice of Merits Hearing**") at least thirty (30) calendar days prior to the date of such Merits Hearing. The rules and procedures applicable to such Merits Hearing will be set forth in any scheduling order issued by the Court in connection therewith.

5.      Discovery with respect to a Contested Claim will not be permitted until either (i) the Court has held a Sufficiency Hearing and determined that the Contested Claim states a claim that could be allowed and should not be dismissed pursuant to Bankruptcy Rule 7012 or (ii) the Plan Administrator has served the relevant Claimant a Notice of Merits Hearing with respect to the Contested Claim.

6.      The Plan Administrator may file and serve a reply (a "**Reply**") to a Response no later than **4:00 p.m. (Prevailing Eastern Time) on the day that is at least five (5) business days prior to the date of the applicable hearing**.

7.      The Plan Administrator, in its sole discretion, is authorized to further adjourn a hearing scheduled in accordance herewith at any time by providing notice to the Court and the Claimant.$188,

---

[3]     Any information submitted in connection with a Proof of Claim shall be part of the record with respect to the relevant Claim, and any such information already submitted need not be resubmitted in connection with the Claim Hearing Procedures.

8.      The Court will consider appropriate sanctions, including allowance or disallowance of the
Contested Claim, if either party does not follow the Claim Hearing Procedures.

BY ORDER OF THE COURT

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Richard W. Slack
Alexander W. Welch

JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 891-1600
Richard Levin

*Attorneys for the Plan Administrator
on Behalf of the Wind Down Estates*

*Attorneys for Consumer Claims Trustee*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X
                                                            :
**In re**                                                   :    **Chapter 11**
                                                            :
**DITECH HOLDING CORPORATION,** *et al.,*                  :    **Case No. 19-10412 (JLG)**
                                                            :
**Debtors.**[1]                                            :    **(Jointly Administered)**
                                                            :
-----------------------------------------------------------X

**JOINT OBJECTION TO PROOF OF CLAIM**
**NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF**
**FUTURE CLAIMS BY TINA COOK BY THE PLAN ADMINISTRATOR**
**AND CONSUMER CLAIMS TRUSTEE**

---

[1]    On September 26, 2019, the Court entered the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Confirmation Order**"), which created the Wind Down Estates.  On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903)* (the "**Closing Order**").  Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Pursuant to the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) shall remain open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates shall be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486).  The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

TO THE HONORABLE JAMES L. GARRITY, JR.,
UNITED STATES BANKRUPTCY JUDGE:

The Plan Administrator,[2] on behalf of Ditech Holding Corporation (f/k/a Walter
Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS)
(collectively, the "**Wind Down Estates**"), and the Consumer Claims Trustee respectfully represent
as follows in support of this joint objection to Tina Cook's proof of claim no. 2927 (the
"**Objection**") and joint motion to enjoin filing of future claims by Tina Cook (the "**Motion**").

**Preliminary Statement**

1.      The proof of claim filed by Tina Cook ("**Ms. Cook**" or the "**Claimant**"),
Claim No. 2927 (the "**Third Claim**"), challenges the foreclosure of her mortgage and was filed
nearly four years after the applicable bar date and long after (a) Claimant unsuccessfully
challenged the foreclosure of her mortgage during a Vermont state foreclosure action
(the "**Vermont Foreclosure Action**"), and (b) her two prior proofs of claim—each of which also
challenged the foreclosure of her mortgage—were expunged and disallowed by this Court.  The
Third Claim is therefore barred as late-filed and by the doctrine of *res judicata*.  Indeed, the
Vermont Superior Court (the "**Vermont Court**") already denied additional pleadings filed by
Claimant following the Vermont Foreclosure Action ruling, and this Court already disallowed and
expunged a prior proof of claim filed by Claimant challenging the foreclosure of her mortgage,
each on the basis that they were barred by *res judicata* by virtue of the Vermont Foreclosure
Action.

2.      In short, Ms. Cook has already had the opportunity to challenge the
foreclosure of her mortgage.  Those challenges were unsuccessful.  Although she is evidently

---

[2]    Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms
in the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (the "**Third
Amended Plan**") (ECF No. 1326) or the Confirmation Order, as applicable.

unsatisfied by the results of her prior challenges, she does not have the right to keep raising repeated additional challenges to the foreclosure at a significant cost and expense to the estates. The Court should reject the Third Claim and enjoin Tina Cook from filing future claims, including, but not limited to, claims related to the Property (as defined herein).

## **Background**

### I.    **Chapter 11 Cases**

3.    On February 11, 2019 (the "**Commencement Date**"), Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and certain of its affiliates (collectively, the "**Debtors**") each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").

4.    The chapter 11 cases are being jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5.    On September 26, 2019, the Court entered the Confirmation Order. Pursuant to the Third Amended Plan, the Debtors sold their forward and reverse business to the Forward Buyer and Reverse Buyer, respectively.

6.    The Effective Date of the Third Amended Plan occurred on September 30, 2019. *See Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims* (ECF No. 1449).

### II.    **Claims Process**

7.    On February 22, 2019, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (ECF No. 90) (the "**Bar Date Order**").  Pursuant to the Bar Date Order, the Court set April 1, 2019 at 5:00 p.m.

3

(Prevailing Eastern Time) as the deadline for each person or entity, not including governmental units (as defined in section 101(27) of the Bankruptcy Code) to file a proof of claim in the Debtors' chapter 11 cases (the "**General Bar Date**").  On March 27, 2019, the Court extended the General Bar Date to April 25, 2019 at 5:00 p.m. (Prevailing Eastern Time) (ECF No. 272) (the "**Extended General Bar Date**").  On May 2, 2019, the Court extended the Extended General Bar Date solely for consumer borrowers to June 3, 2019 at 5:00 p.m. (Prevailing Eastern Time) (ECF No. 496) (the "**Consumer Creditor Claims Bar Date**").

8.    Under the Third Amended Plan, (i) the Plan Administrator, on behalf of each of the Wind Down Estates, has exclusive authority to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Other Secured Claims; (ii) the GUC Recovery Trustee, on behalf of the GUC Recovery Trust, has the exclusive authority to object to all General Unsecured Claims; and (iii) the Consumer Claims Trustee has the exclusive authority to object to all Consumer Creditor Claims.

9.    On November 19, 2019, the Bankruptcy Court entered the *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures* (ECF No. 1632) (the "**Claims Procedures Order**").

## III.    Vermont Foreclosure Action[3]

10.    The Court is already familiar with the claims and arguments of Ms. Cook, which have been extensively litigated in both the Vermont Court and this Court.  Specifically, the underlying facts of Ms. Cook's mortgage and the history of her foreclosure litigation in Vermont have been extensively litigated in this Court in connection with (a) the disallowance of her earlier

---

[3]    The background related to the Vermont Foreclosure Action was summarized in the *Joint Reply of Plan Administrator and Consumer Representative in Support of the Thirty-Eighth Omnibus Objection With Respect to Claim of Tina Cook (Claim No. 21520)* (ECF No. 3619), filed on August 17, 2021 (the "**Reply**").

filed proofs of claim which were expunged pursuant to the *First Omnibus Claims Objection to Proofs of Claim (No Basis Consumer Creditor Claims)* (ECF No. 1666) (the "**First Objection**") and *Thirty-Eighth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims)* (ECF No. 1884) (the "**Thirty-Eighth Omnibus Objection**"); and (b) the Court's *Order Granting the Motion of Plan Administrator to Enforce the Plan Injunction and Confirmation Order against Tine Cook* (ECF 4729) (the "**Plan Injunction Order**").

11.    Claimant was the owner of real property located at 408 Shady Pines Rd, Sunderland, Vermont, 05255 (the "**Property**").  On October 18, 2007 Claimant executed a note to Countrywide Home Loans, Inc.  (the "**Note**").  The Note was secured by a mortgage on the Property (the "**Mortgage**") (attached to the Reply as **Exhibit B**). The Mortgage identifies Countrywide Home Loans, Inc., as the Lender and Mortgage Electronic Registration Systems, Inc., as nominee for the Lender, as the mortgagee.  Effective November 1, 2011, Ditech Financial LLC ("**Ditech**") f/k/a/ Green Tree Servicing LLC began servicing Claimant's mortgage.  *See* October 21, 2011 Letter to Tina Cook (attached to the Reply as **Exhibit C**).

12.    On March 30, 2015, Ditech initiated a foreclosure action entitled *Ditech Financial LLC v. Tina Cook*, No. 118-3-15Bncv (Vt. Superior Ct. Mar. 27, 2015) against Ms. Cook in the Vermont Court after Claimant failed to make required monthly payments.  *See* Complaint (the "**Vermont Foreclosure Complaint**") (attached to the Reply as **Exhibit D**).  Claimant filed an answer (the "**Vermont Foreclosure Answer**"), alleging certain procedural and notice defects in the foreclosure process. *See* Vermont Foreclosure Answer at 4 (attached to the Reply as **Exhibit E**).

13.    On March 11, 2016, the Vermont Court entered summary judgment in favor of Ditech (the "**Vermont Summary Judgment Opinion**") (attached to the Reply as **Exhibit F**).

On April 21, 2016, the Vermont Court issued a Judgment and Decree of Foreclosure by Judicial Sale (the "**Judgment and Decree of Foreclosure**"), setting the redemption date on October 24, 2016. *See* Judgment and Decree of Foreclosure (attached to the Reply as **Exhibit G**). Claimant did not redeem the Property; the Property was publicly auctioned on March 30, 2017, and purchased by the Federal National Mortgage Association ("**Fannie Mae**"). On April 19, 2017, the Vermont Court entered a confirmation order (the "**Vermont Confirmation Order**") foreclosing the Claimant's interest in the Property. *See* Vermont Confirmation Order (attached to the Reply as **Exhibit H**).

14. After summary judgment and the Judgment and Decree of Foreclosure was issued, but prior to the sale, on May 5, 2016, the Claimant filed a *Motion for request for permission to appeal Order of Judgment and Decree of Foreclosure by Judicial Sale* (the "**Motion for Permission to Appeal**") with the Vermont Court, without serving Ditech or Ditech's counsel with a copy of the motion. *See* Motion for Permission to Appeal (attached to the Reply as **Exhibit I**). On November 4, 2016, the Vermont Court granted Claimant's Motion for Permission to Appeal. *See Entry Regarding Motion* (dated Nov. 3, 2016), Vermont Foreclosure Action (attached to the Reply as **Exhibit J**).

15. On November 9, 2016, Ditech filed a *Motion to Vacate November 4, 2016 Entry Order Granting Motion for Permission to Appeal* (the "**Motion to Vacate**"), on the grounds that the failure to serve the Motion for Permission to Appeal deprived Ditech of an opportunity to respond, and arguing that the Vermont Court should not grant permission to appeal. *See* Motion to Vacate (attached to the Reply as **Exhibit K**). The Vermont Court granted the Motion to Vacate on November 10, 2016 and asked the parties to brief the issue. *See Entry Regarding Motion* (dated Nov. 10, 2016).

16.    After subsequent briefing, on December 6, 2016, the Vermont Court issued

an opinion and order denying the Motion for Permission to Appeal (the "**Decision on Motion for**

**Permission to Appeal**") (attached to the Reply as **Exhibit L**).  In its decision, the Vermont Court

construed the Motion for Permission to Appeal as both a motion for permission to appeal and a

motion for reconsideration, and denied both.  *See* Decision on Motion for Permission to Appeal

at 1.

17.    Notwithstanding the final judgment on foreclosure by the Vermont Court,

it appears that Claimant refused to vacate the premises.  Consequently, on November 1, 2017,

Fannie Mae, the purchasers of the Property at the foreclosure sale, commenced an action (*Federal*

*National Mortgage Association v. Tina Cook*, No. 318-11-17Bncv (Vt. Superior Ct. Nov. 1, 2017)

(the "**Vermont Eviction Action**")) against Ms. Cook seeking her eviction and a judgment of

possession of the Property.  *See* Complaint (the "**Eviction Complaint**," attached to the Reply as

**Exhibit M**).  In her answer (the "**Eviction Response**"), Claimant contended that Fannie Mae's

purchase was invalid because of Ditech's alleged failure to comply with certain Vermont

procedural rules during the foreclosure process.  *See* Eviction Response at 3 (attached to the Reply

as **Exhibit N**).  The court rejected Claimant's arguments and granted summary judgment for

Fannie Mae on May 10, 2018.  The court thus entered an order declaring that Fannie Mae was

entitled to possession of the Property. *See Decision on Motion for Entry of Summary Judgment*

and *Judgment Order*, Vermont Eviction Action (attached to the Reply as **Exhibit O**)

(the "**Eviction Order**").

## IV.    Claimants' First Proof of Claim

18.    On April 25, 2019, the Claimant filed her first proof of claim in these

chapter 11 cases (Claim No. 21520) (the "**First Claim**"), asserting a $188,300 claim stemming

from "unliquidated" damages arising from her "mortgage".  *See* First Claim at 2.  The First Claim

alleged that the fair market value of the Property is $188,000.  *Id.* at 7.  The First Claim also alleged

that (i) Ditech lacked standing to foreclose on the Property, (ii) the Property sold at auction to

Fannie Mae for $91,600, instead of its alleged fair market value of $180,000, and (iii) Ditech failed

to comply with certain Vermont procedural rules.[4]  First Claim at 7.  The First Claim checked the

boxes on the proof of claim form asserting that the claim was "secured" by a lien on property and

that the claim was entitled to "priority" supposedly on a number of bases under 11 U.S.C. 507(a).

19.     On February 21, 2020, the Plan Administrator filed the Thirty-Eighth

Omnibus Objection, objecting to the First Claim.

20.     On June 1, 2020, the Claimant filed the *Response* (ECF No. 2594) (the

"**First Response**"), which essentially repeats the allegations discussed in the Claim.  First

Response at 4.

21.     On August 17, 2021, the Plan Administrator and Consumer Claims Trustee

filed the *Joint Reply of Plan Administrator and Consumer Representative in Support of the Thirty-*

*Eighth Omnibus Objection With Respect to Claim of Tina Cook* (Claim No. 21520) (ECF

No. 3619), which argued that the First Claim should be disallowed and expunged because it was

barred by the preclusive effect of the Vermont Foreclosure Action and Claimant had not stated a

legally cognizable claim.

22.     On August 24, 2021, the Court held a hearing on the First Objection

(the "**Bankruptcy Court Hearing**").  Claimant appeared at the hearing and the Court heard

arguments   from   Claimant.   *See*   Transcript   Regarding   Hearing   Held   on   8/24/2021

---

[4]     The procedural violations presented in the Claim are identical to those found in the Eviction Response filed
against Fannie Mae. Claim at 7; Eviction Response.

(the "**Bankruptcy Court Transcript**") at 10:05 AM (ECF No. 3652) at 19 – 36. The Court held

that the First Claim should be expunged. *Id.* at 36:12 -36:17. In reaching that holding, the Court

noted that the First Claim was barred by *res judicata* based on the judgment in the Vermont

Foreclosure Action. *Id.* at 34:7 – 34:14 ("[T]he important thing is you had an opportunity to raise

all of the matters that you're raising now at those hearings. And some of them you raised – and

not successfully and maybe some you didn't raise – but the important thing and the way that the

law works on these matters is, you had the opportunity and you're bound by what has been done

in the state court and that those rulings are binding on you."). The Court also stated that the First

Claim was barred by the conclusive evidentiary presumption embodied in the Vermont

Confirmation Order. *Id.* at 34:14 – 34:25 ("[What's really significant is that [. . .] there's an order

of foreclosure and an order confirming the sale of your home [. . .] [O]nce there's an order

confirming the sale, that's conclusive evidence that the foreclosure process was done properly, and

there's really no getting around that."); *see also* 12 V.S.A. § 4954(a) ("The order of the court

confirming the sale shall be conclusive evidence as against all persons that the foreclosure and sale

were conducted in accordance with this section.").

       23.     On September 8, 2021, the Court entered the *Order Granting Thirty-Eighth*

*Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) With Respect to*

*Claim of Tina Cook (Claim No. 21520)* (ECF No. 3678), disallowing and expunging the First

Claim (the "**Order Expunging First Claim**").

## V.    Claimants' Second Proof of Claim

       24.     Just four days after filing the First Claim, on April 29, 2019, Claimant filed

her second proof of claim in these chapter 11 cases (Claim No. 1578) (the "**Second Claim**").

While the First Claim was typed, the Second Claim is handwritten. The First Claim and Second

Claim are largely otherwise identical.  Both claims assert that the amount of the claim is $188,300

based on her "mortgage."  Both claims also assert the claims are secured and priority claims. The

Second Claim did not include any supporting documentation.

25.     On December 6, 2019, the Plan Administrator and Consumer Claims

Trustee filed an objection to the Second Claim on the basis that the Second Claim was submitted

with insufficient supporting documentation and that there was no support for the Second Claim in

the Debtors' books and records.

26.     Claimant did not file a response to the objection. On January 29, 2020, the

Court entered the *Order Granting First Omnibus Objection to Proofs of Claim (No Basis*

*Consumer Creditor Claims)* (ECF No. 1784), disallowing and expunging the Second Claim.

## VI.     Order to Enforce Plan Injunction

27.     On February 7, 2023, Claimant filed additional pleadings seeking monetary

relief against Ditech in the Vermont Foreclosure Action (the "**Vermont Motions**"), despite the

Vermont Foreclosure Action having been closed for nearly six years and despite this Court having

already expunged and disallowed Ms. Cook's monetary claims against Ditech arising out of her

mortgage.  This filing is nearly identical to the third proof of claim filed by Ms. Cook in this Court

(discussed below).

28.     On February 21, 2023, the Plan Administrator filed (a) a motion in this

Court seeking to enforce the injunction provisions under the Third Amended Plan and require

Claimant to withdraw the Additional Vermont Pleadings (see *Motion of Plan Administrator to*

*Enforce the Plan Injunctions and Confirmation Order Against Tina Cook* (ECF No. 4608)); and

(b) a memorandum opposing the Vermont Motions in the Vermont Court (see *Memorandum in*

*Opposition*, 118-3-15Bncv (Vt. Superior Ct. Feb. 21, 2023) (ECF No. 20)).

10

29.     On March 23, 2023, Claimant filed the *Objection to Plaintiff's Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order against Tina Cook* (ECF No. 4659).

30.     On March 27, 2023, the Plan Administrator filed the *Reply in Further Support of the Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order against Tina Cook* (ECF No. 4666).

31.     On May 5, 2023, the Court entered the Plan Injunction Order which enjoined Claimant from filing any other pleading or other type of filing in the Vermont Foreclosure Action that "(a) seeks monetary relief of any type, including but not limited to damages, fees, disgorgement, restitution, or penalties, or (b) seeks in any way to enjoin the proceedings in these Chapter 11 Cases or in any way interfere with or alter the decision in this Court concerning [the First Claim] which concerned the foreclosure of her property located at 408 Shady Pines Rd, Sunderland, Vermont." Injunction Order at 3.

32.     On May 11, 2023, the Vermont Court denied all of the motions raised by Ms. Cook. *See Decision on Motion*, Case No. 118-3-15Bncv (Vt. Superior Ct. May 11, 2023) (the "**Vermont Decision**," annexed hereto as **Exhibit A**). In the Vermont Decision, the Vermont Court held, among other things, that the Vermont Motions were barred by the Vermont Summary Judgment Opinion, Vermont Confirmation Order, Decision on Motion for Permission to Appeal, and Eviction Order and, in particular, that the Motions were "barred by res judicata." Vermont Decision at 3. The Court held that "[t]here is no contention of excusable neglect or newly discovered evidence. No substantive arguments are made which could not have been made at the hearing in 2016, or in the two previous motions to reconsider." *Id*. Moreover, to the extent that the Vermont Motions were to be treated as newly asserted counterclaims, the Vermont Court found

11

that they would have been compulsory counterclaims in the original foreclosure action and as such were "waived". *Id.* at 4.

## VII.    Claimants' Third Proof of Claim

33.    Despite having lost the foreclosure action in the Vermont Court and having her prior proofs of claims disallowed and expunged by this Court, and after the Injunction Order enjoined Claimant from filing pleadings in the Vermont Foreclosure Action, Claimant filed Claim No. 2927 on February 10, 2023, asserting yet another proof of claim challenging the foreclosure of her mortgage and seeking the same $188,300 she had sought in the prior proofs of claim.  This Third Claim expressly asserts that it is not an amendment of her earlier disallowed claims, but a newly filed claim.  The Third Claim attaches a document nearly identical to the Vermont Motions filed in the Vermont State Court, which asserts eight separate "motions" (although labeled as "counts") all relating in some respect to the foreclosure of her mortgage.[5]

34.    Notably, the Third Claim was filed nearly four (4) years after the Consumer Creditor Claims Bar Date and the Effective Date of the Plan.

## Jurisdiction

35.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[5]    The Third Claim includes a ninth "count" titled "Motion to Stay Proceedings (In re Ditech Holding Corp., Case No. 19-10412 (Bankr. S.D.N.Y.)" (the "**Motion to Stay Proceedings**") in the table of contents.  However, Claimant provides no further color on her Motion to Stay Proceedings, and, other than two paragraphs stating—without comprehensible support—that the causes of action alleged in the Third Claim are different from those asserted in the Vermont Foreclosure Action, the rest of the Third Claim is identical to the Vermont Motions.  In any event, a "motion to stay" is not appropriately filed as a proof of claim and should be disallowed and expunged on that ground alone.

12

### Relief Requested

36.     The Plan Administrator and Consumer Claims Trustee file the Objection pursuant to the Claims Procedures Order, seeking entry of an order disallowing and expunging the Third Claim. The Third Claim should be disallowed and expunged because it was filed long after the Consumer Creditor Claims Bar Date and is therefore time-barred, and the claim is barred by *res judicata*.[6]

37.     The Plan Administrator and Consumer Claims Trustee also file the Motion seeking to enjoin Claimant from filing any additional future claims related to the Property including, but not limited to, the foreclosure related to her Property, on the grounds that Claimant has already filed three proofs of claim, including a proof of claim filed after the Bankruptcy Court had already disallowed and expunged two prior proofs of claim and has otherwise demonstrated a history of vexatious litigation, has caused needless expense to the Plan Administrator and Consumer Claims Trustee, and has posed an unnecessary burden on the Bankruptcy Court and its personnel.

38.     A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit B** (the "**Proposed Order**").

### Grounds for Objection to Proof of Claim No. 2927

**I.    The Third Claim is Barred Because It Was Filed Four Years After the Consumer Creditor Claims Bar Date**

39.     The Third Claim was filed on February 10, 2023, nearly four years after the Consumer Creditor Claims Bar Date, which was June 3, 2019. "[L]ate-filed claims are not allowed

---

[6] The Claim also fails to assert a plausible claim for relief under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("**Rule 12(b)(6)**"). If the Court does not dismiss on the grounds herein, the Plan Administrator and the Consumer Claims Trustee reserve the right to assert the Rule 12(b)(6) grounds in a separate objection.

13

in chapter 11 cases." *In re Manhattan Jeep Chrysler Dodge, Inc.*, 602 B.R. 483, 492 (Bankr. S.D.N.Y. 2019); *see also Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 127-28 (2d Cir. 2005) (bar date orders serve an essential function in bankruptcy proceedings, and in the absence of finality, complex negotiations would be undermined and "reorganization would be impossible").

40.     The nearly four-year tardiness is especially egregious considering the fact that Claimant had already filed two prior proofs of claim, both of which have been disallowed and expunged and both of which also asserted claims challenging the foreclosure of her mortgage. Based on the foregoing, the Third Claim should be disallowed and expunged on the basis that it was filed late.

## II.    The Third Claim is Barred by *Res Judicata*

41.     It is "well settled that a court may dismiss a claim on *res judicata* or collateral estoppel grounds on a Rule 12(b)(6) motion." *Bd. of Managers of 195 Hudson St. Condo. v. Jeffrey M. Brown Assocs., Inc.*, 652 F. Supp. 2d 463, 470 (S.D.N.Y. 2009).  This Court has previously done so under almost identical circumstances.  *See, e.g.*, *Memorandum Decision and Order on the Thirty-Second Omnibus Objection to Proofs of Claims with Respect to the Claims of Viatcheslav Strekalov and Elena Evglevskaya (Claims Nos. 156 and 2627)* at 19-21 (ECF No. 2639) (holding that *res judicata* barred claims previously litigated during a foreclosure action in New Jersey state court); *Memorandum Decision and Order Sustaining the Sixty-Third and Fiftieth Omnibus Objections with Respect to the Claims of Roy J. Dixon Jr. (Claim Nos. 2896 and 2906) and Denying the Various Related Motions Filed by Roy J. Dixon Jr.* at 25-32 (ECF No. 4083) (the "**Dixon Memorandum**") (holding that *res judicata* barred claims previously litigated during a foreclosure action in Florida and in a prior adversary proceeding).

14

42.     The doctrine of *res judicata* holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  It constitutes an absolute bar "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1463 (2d Cir. 1996) (quoting *Nevada v. United States*, 463 U.S. 110, 129–30, 103 S .Ct. 2906, 77 L. Ed. 2d 509 (1983)).  State judicial proceedings "'shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.'" *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985) (quoting 28 U.S.C. § 1738).

43.     Courts must look to the *res judicata* law of each rendering court to analyze the preclusive effect of each judgment.  *See Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir. 2000) ("To determine the effect of a state court judgment, federal courts . . . are required to apply the preclusion law of the rendering state.").

### A. The Third Claim is Barred by The Vermont Court's Decisions in the Vermont Foreclosure Action

44.     Under Vermont law, *res judicata* "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." *In re Tariff Filing of Cent. Vt. Pub. Serv. Corp.*, 769 A.2d 668, 673 (2001) (internal quotations and citations omitted).  In addition to barring the claims actually litigated in the prior proceeding, res judicata also applies to claims which were or could have been raised in the prior action, including affirmative defenses and compulsory counterclaims. *Lamb v. Geovjian*, 683 A.2d 731, 734-35 (Vt. 1996).

45.     The purpose of the doctrine of *res judicata* is "(1) to conserve the resources of courts and litigants by protecting them against piecemeal or repetitive litigation; (2) to prevent vexatious litigation (3) to promote the finality of judgments and encourage reliance on judicial decisions; and (4) to decrease the chances of inconsistent adjudication." *Tariff Filing*, 769 A.2d at 673.  In the foreclosure context, a final judgment and foreclosure decree settles all issues related to the validity of the mortgage, note, and foreclosure proceedings. *Stowe Ctr. V. Burlington Sav. Bank*, 451 A.2d 1114, 1115 (Vt. 1982) (holding that a final foreclosure decree settles all issues related to the validity of the mortgage and notes, and res judicata bars future actions based on the foreclosure proceeding); *Russo v. McKay*, 2007 WL 5313387, at *2 (Vt. Dec. 1, 2007).

46.     Here, the parties and subject matter are identical to those asserted in the Vermont Foreclosure Action.  Claimant has already had a full and fair opportunity to litigate issues related to the foreclosure and sale of the Property in Vermont—*twice*—first, during the Vermont Foreclosure Action, and second, during the subsequent Motion for Permission to Appeal (which was treated, in part, as a motion for reconsideration). *See* Vermont Foreclosure Answer at 4; Motion for Permission to Appeal.  As set forth in the Vermont Summary Judgment Opinion, the Claimant raised issues related to the Debtors' handling of the Mortgage during the Vermont Foreclosure Action in the Vermont Foreclosure Answer.  Vermont Summary Judgment Opinion at 3; First Claim at 7. The Claimant was an active litigant in the Vermont Foreclosure Action and had multiple opportunities to raise any defenses related to the Debtors' alleged procedural deficiencies. *See* supra ¶ 25.

47.     The Vermont Court already held that the claims asserted in the Third Claim, which are nearly identical to the claims asserted in the Vermont Motions, were barred by the Vermont Summary Judgment Opinion, Vermont Confirmation Order, Decision on Motion for

Permission to Appeal, and Eviction Order and, in particular, that the Motions were "barred by res judicata." Vermont Decision at 3. To the extent that the Vermont Motions were to be treated as newly asserted counterclaims, the Vermont Court found that they would have been compulsory counterclaims in the original foreclosure action and as such were "waived". *Id*. at 4.

48.    Despite Claimant's assertion that the arguments in the Third Claim are "different from those asserted in the Vermont Foreclosure Action," all of the claims in the Third Claim have either previously been adjudicated to finality by the Vermont Court and this Court or are *claims that could have been raised* in the Vermont Foreclosure Action. Claimant again alleges in the Third Claim that the Debtors improperly foreclosed on and sold the Property, which was the basis of Claimant's arguments in the Vermont Foreclosure Action. This Court has already made the clear and emphatic determination that the Vermont Confirmation Order conclusively determined that the foreclosure and sale was proper. Bankruptcy Court Transcript at 34:14 – 34:25 ("[What's really significant is that [. . .] there's an order of foreclosure and an order confirming the sale of your home [. . .] [O]nce there's an order confirming the sale, that's conclusive evidence that the foreclosure process was done properly, and there's really no getting around that."); *see also* 12 V.S.A. § 4954(a) ("The order of the court confirming the sale shall be conclusive evidence as against all persons that the foreclosure and sale were conducted in accordance with this section.").

49.    Moreover, this Court has already found that Ms. Cook's nearly identical First Claim was barred by the *res judicata* effect of the Vermont Foreclosure Action. The same result is mandated with respect to the Third Claim.

## B. The Third Claim is Barred by this Court's Order Expunging the First Claim

50.      The doctrine of *res judicata*, under which a "final judgment on the merits

of an action precludes the parties or their privies from relitigating issues that were or could have

been raised in that action . . . applies with full force to matters decided by the bankruptcy courts."

*EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007); *see also Katchen

v. Landy*, 382 U.S. 323, 334 (1966) ("The normal rules of res judicata and collateral estoppel apply

to the decisions of bankruptcy courts."); *In re Dabrowski*, 257 B.R. 394, 405 (Bankr. S.D.N.Y.

2001) ("The doctrine of res judicata applies with equal force to final judgments rendered by the

bankruptcy courts and thus precludes relitigation in another bankruptcy proceeding and in other

proceedings before Federal and State Courts.") (quoting *Air Line Pilots Intl. v. Continental

Airlines, Inc. (In re Continental Airlines, Inc.),* 145 B.R. 404, 409 (Del. 1992)). *Res judicata* "bars

later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of

competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving

the same cause of action."  Dixon Memorandum at 31 (quoting *EDP Med.*, 480 F.3d at 624).

51.      As a matter of law, "bankruptcy courts are courts of competent jurisdiction

which render final judgments on the merits."  *U.S. v. Alfano*, 34 F. Supp. 2d 827, 833 (E.D.N.Y.

1999).  For example, it is "well-settled that a bankruptcy court's order confirming a plan of

reorganization constitutes a final judgment with preclusive effect under res judicata."  *Celli v. First

National Bank*, 460 F.3d 289, 294 (2d Cir. 2006).  Therefore, with respect to the first two prongs

of the *res judicata* test, the Order Expunging First Claim constitutes a final judgment on the merits

by a court of competent jurisdiction.

52.      The third prong of the *res judicata* test is satisfied because the Third Claim

involves the exact same parties as the First Claim.  Further, the fourth prong is satisfied because

the basis of the First Claim—improper foreclosure of the Property—is the same basis as the claims asserted in the Third Claim. *See* Third Claim at 2 ("Please find enclosed the following amendment(s) for filing with the Court in the above-referenced matter . . . Motion to Vacate Wrongful Foreclosure Judgment"). Therefore, the Third Claim involves the same causes of action as the First Claim, and the fourth prong of the *res judicata* test is satisfied.

53. Based on the foregoing, the Third Claim is barred by the *res judicata* effect of the Order Expunging the First Claim.

## III. The Third Claim is Not a Secured or Priority Claim and Should Be Recharacterized as an Unsecured Consumer Creditor Claim

54. The Third Claim asserts that it is entitled to priority and secured status. If the Court does not dismiss the Third Claim, the Third Claim should be reclassified to an unsecured Consumer Creditor Claim.

55. A claimant that asserts a priority bears the burden of establishing their entitlement to priority. *See, e.g., In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007) ("The burden of proving entitlement to priority payment. . . rests with the party requesting it."); *In re Drexel Burnham Lambert Grp. Inc.*, 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) ("The burden of establishing entitlement to priority rests with the claimant and should only be granted under extraordinary circumstances[.]") (quotation omitted). In addition, if a creditor is unable to demonstrate that its claim is secured by a lien or other security interest in the property of the debtor's estate, it must follow that such claim is unsecured. *See, e.g., In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86, 91 (2d Cir. 2003) (finding that a creditor that is a beneficiary of a letter of credit is only an unsecured creditor vis-a-vis the bankruptcy estate without a direct security interest); *In re WorldCom, Inc.*, 362 B.R. 96, 120 (Bankr. S.D.N.Y. 2007) (reclassifying a purportedly secured claim as unsecured because it was based on a lapsed lien).

56.     Section 506(a) of the Bankruptcy Code defines a "secured claim," in relevant part, as an "allowed claim of a creditor secured by a lien on property in which the estate has an interest, or that is subject to setoff under section 553 . . . to the extent of the value of such creditor's interest in the estate's interest in such property[.]" 11 U.S.C. § 506(a).  Moreover, Bankruptcy Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d).  Under the Third Amended Plan, a secured claim "means a Claim (a) secured by a Lien on collateral to the extent of the value of such collateral as (i) set forth in the Plan, (ii) agreed to by the holder of such Claim and the Debtors, or (iii) determined by a Final Order in accordance with section 506(a) of the Bankruptcy Code; or (b) secured by the amount of any right of setoff of the holder thereof in accordance with section 553 of the Bankruptcy Code." *See* Third Amended Plan, § 1.166.

57.     The Third Claim, along with the supporting documentation submitted in connection therewith improperly asserts that it is entitled to priority and secured status.  Ms. Cook appears to misunderstand the concept of a secured claim. Despite asserting that $188,300 of the Third Claim is secured, Ms. Cook does not have any lien on the Debtors' property.  Instead, she mistakenly confuses the lien on her property as being sufficient to establish a secured claim for purposes of a proof of claim against the Debtors.

58.     Further, Ms. Cook erroneously asserts that $3,350 of the Third Claim is entitled to priority under section 507(a)(7) of the Bankruptcy Code.  Section 507(a)(7) allows a priority claim "arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided."  11

20

U.S.C. § 507(a)(7). "A plain language reading of the Statute provides a priority claim to individuals who deposit funds prior to the debtor's bankruptcy filing in connection with the purchase, lease or rental of property or purchase of services, for their personal family or household use which are not delivered or provided." *In re Miller*, 610 B.R. 678, 682 (Bankr. S.D. Ala. 2019). Ms. Cook did not "deposit" funds with the Debtors prior to the bankruptcy filing and, therefore, this provision is inapplicable.

59.     Accordingly, to the extent the Court does not disallow the Third Claim in its entirety, the Third Claim should be reclassified as a Consumer Creditor Claim, and any recovery should be limited to the Consumer Creditor Reserve.

### Grounds for Motion to Enjoin

60.     Section 105(a) of the Bankruptcy Code gives the court equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" and permits the bankruptcy court to take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." Therefore, "a bankruptcy court has the power to issue a filing injunction so long as it does so in accordance with the bankruptcy code." *In re Buczek*, No. 22-1920-BK, 2023 WL 6618901, at *3 (2d Cir. Oct. 11, 2023).

61.     Pursuant to Bankruptcy Code section 105(a), the Court also has the ability to enforce its orders, and in particular the Consumer Creditor Claims Bar Date set by the Court nearly five years ago. *See Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* (ECF No. 90); *Order Further Extending General Bar Date for Filing Proofs of Claim For Consumer Borrowers Nunc Pro Tunc* (ECF No. 496). This relief is especially appropriate where, as here, the claimant at issue has already filed three proofs

21

of claim, including filing the Third Claim almost four years after the Consumer Creditor Claims

Bar Date was initially set.

62.     Courts in this circuit consider the following factors when determining

whether to impose a filing restriction:

a.     the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;

b.     the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;

c.     whether the litigant is represented by counsel;

d.     whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

e.     whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986); *In re Buczek*, 2023 WL 6618901 at *3.

"Ultimately, the question the court must answer is whether a litigant who has a history of vexatious

litigation is likely to continue to abuse the judicial process." *Id*.

63.     Ms. Cook's actions amply satisfy the above test. *First*, the Third Claim is

the fifth time Ms. Cook is raising substantially the same claims in Vermont Court and this Court,

including filing three proofs of claim in this Court seeking redress related to the foreclosure on her

mortgage.  Through the filing of these claims and motions in Vermont Court and this Court, Ms.

Cook has demonstrated a history of vexatious, harassing, and duplicative litigation.  *Second*, given

that the Vermont Court and this Court have already repeatedly found that her claims have no merit

(as a matter of the merits of her claims and *res judicata* grounds), Claimant cannot have a

reasonable, good faith expectation of prevailing on her claims.  *Third*, through the filing of various

pleadings and claims in the Vermont Court and this Court, Claimant has caused the Plan

22

Administrator and Consumer Claims Trustee needless expense and has posed an unnecessary burden on this Court, the Vermont Court, and each of their personnel. *Fourth*, other sanctions are unlikely to prevent the continued filing of vexatious claims by Claimant.

64.    Filing restrictions against pro se litigants have been granted under similar circumstances by bankruptcy courts in this circuit. Just four months ago, the United States Court of Appeals, Second Circuit affirmed a W.D.N.Y. Bankruptcy Court's decision to issue a filing injunction against a *pro se* party under similar circumstances, reasoning that the filing injunction was appropriate because "[t]he bankruptcy court considered the nature of [pro se litigant's] filings, including that *res judicata* barred his claims and that the claims had been repeated in both bankruptcy and state court." *Id.* at *4. In 2017, an E.D.N.Y. Bankruptcy Court issued a filing injunction against a mortgagee who had lost in a state court foreclosure litigation and then subsequently commenced an adversary proceeding "seeking to contest the same issues already decided by the Foreclosure Judgment." *In re Moise*, 575 B.R. 191, 201 (Bankr. E.D.N.Y. 2017); *see also id.* at 207 ("Having considered all applicable factors in light of Moise's clear litigious and vexatious conduct, and the multiple, 8 year-long running attempts made to interfere with the lawful exercise of lawful rights and remedies under the Foreclosure Judgment, and having determined that Moise is likely to abuse the judicial process and harass other parties in the future, a pre-filing injunction is clearly appropriate here. Thus, while Moise may appeal from this Order, he may not commence any other litigation in this or any other federal court seeking to challenge the Foreclosure Judgment, or standing of the parties to that Foreclosure Judgment to enforce the Note or Mortgage, unless he first obtains permission from this Court to do so.").

65.     For the foregoing reasons, the Court should issue an order enjoining Ms.

Cook from filing future claims, including, but not limited to, claims related to the Property.[7]

### **Reservation of Rights**

66.     The Plan Administrator and Consumer Claims Trustee hereby reserve the

right to amend, modify, or supplement this Objection and Motion including, without limitation,

the filing of further sufficiency objections pursuant to Rule 12(b)(6), including to further amended

or newly-filed claims.  Separate notice and a hearing will be provided in connection with any such

additional objections.

### **Notice**

67.     Notice of this Motion will be provided in accordance with the procedures

set forth in Claims Procedures Order.  The Plan Administrator and Consumer Claims Trustee

respectfully submit that no further notice is required.

68.     No previous request for the relief sought herein has been made by the Plan

Administrator or the Consumer Claims Trustee to this or any other Court.

---

[7]     The Plan Administrator and Consumer Claims Trustee note that bankruptcy courts have authority to sanction conduct *sua sponte,* including the filing of claims without a reasonable basis that the claims are meritorious.  *See Moxey v. Pryor*, No. 15-CV-4632 (JS), 2017 WL 1229735, at *4 (E.D.N.Y. Mar. 31, 2017) ("As an initial matter, there are two ways to initiate sanction proceedings: (1) by motion or (2) by the bankruptcy court's own initiative.").  If the Court finds that Ms. Cook did not have a reasonable basis for filing a claim long after the Consumer Creditors Claim Bar Date had passed and after two separate proofs of claim arising out of the same mortgage and Property had been expunged, then the Court would have the authority to issue appropriate sanctions which could include monetary sanctions.  *See, e.g. id.* (holding that bankruptcy court did not abuse its discretion by awarding monetary sanctions but remanding case to determine whether pro se appellant is able to pay the sanctions in light of his financial status); *In re JJE & MM Grp. LLC*, 692 F. App'x 43, 45 (2d Cir. 2017) ("bankruptcy courts can impose compensatory sanctions for civil contempt"); *In re Fierro*, 616 B.R. 596, 609-10 (Bankr. E.D.N.Y. 2020) ("In addition to its inherent power under Section 105, this Court has an inherent authority to sanction that is not governed by rule or statute.").

WHEREFORE the Plan Administrator, on behalf of the Wind Down Estates, and the Consumer Claims Trustee respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as is just.

Dated: March 5, 2024
    New York, New York

    /s/  Richard W. Slack
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone:  (212) 310-8000
Facsimile:  (212) 310-8007
Ray C. Schrock, P.C.
Richard W. Slack
Alexander Welch

*Attorneys for Plan Administrator*
*on Behalf of the Wind Down Estates*

    /s/  Richard Levin
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
(212) 891-1600
Richard Levin
Email: rlevin@jenner.com

*Attorneys for Consumer Claims Trustee*

25

## Exhibit A

**Vermont Decision**



VERMONT SUPERIOR COURT
Bennington Unit
207 South St
Bennington VT  05201
802-447-2700
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 118-3-15 Bncv

| Ditech Financial LLC, fka Green Tree Servicing LLC |
| --- |

## DECISION ON MOTION

On February 7, 2023, Defendant Tina Cook filed motions with the court.  On February 10, 2023, Defendant filed an amended version of the motions.  On February 21, 2023 Plaintiff filed a memorandum opposing the motions.

Defendant styles the motions as 9 motions and a certificate of service: 1) motion to vacate wrongful summary judgment, 2) motion to vacate wrongful foreclosure judgment, 3) motion to vacate wrongful judicial sale, 4) motion to vacate no basis consumer creditor claims objection; 5) motion to stay proceedings (In re Ditech Holding Corp., Case No. 19-10412 (Bankr. S.D.N.Y.), 6) motion for quiet title, 7) motion for possession of property; 8) motion for possession of unclaimed property and property in segregated account, and 9) motion for permission to file counterclaim.

This is better understood as three motions.  Motions 1-4 and 6-8 are effectively a Rule 60(b) motion to reopen and reconsider.  Motion 5 is a motion to stay.  Motion 9 is a motion to file compulsory counterclaims and permissive counterclaims or in the alternative a new pleading for permissive counterclaims.

Plaintiff opposed the motions.

For the reasons stated below the motions are denied.

### Background

A Judgement and Decree of Foreclosure by Judicial Sale on the property located at 408 Shady Pines Rd, Sunderland, VT 05250 issued on April 22, 2016 in Docket No. 118-3-15 Bncv.  On May 5, 2016, defendant filed a motion titled as a motion for permission to appeal.  However, in the body of the motion defendant requested that the court grant her request for reconsideration, crossing out appeal.  On December 9, 2016, the Court denied the motion both as a amotion to reconsider and as a motion for permission to appeal.  A notice of sale was filed On March 1, 2017.  On April 14, 2017, a motion for confirmation of sale was filed by Plaintiff.  The motion for confirmation of sale was granted on April 19, 2017.  On June 14, 2017, Defendant filed a "motion to vacate judicial sale".  The motion was denied on June 22, 2017.

Chapter 11 Bankruptcy Proceedings began in the Bankruptcy Court for the Southern District of New York on February 13, 2019.  Confirmation of a Chapter 11 plan grants debtor a discharge that replaces the automatic stay with permanent injunction against prospective litigants.  *United States v. White*, 466

Vermont Superior Court
Filed  05/11/23
Bennington Unit

F.3d 1241 (11th Cir. 2006).  On September 22, 2019, the Bankruptcy Court adopted a plan (Ex. C) which included an injunction in sections 10.5(a) and (b) that replaced the stay.[1]  The injunction binds the parties but is not an injunction against this Court.

## Analysis

At the outset, it must be acknowledged that Defendants are representing themselves. However, V.R.C.P. 79.1(a) provides that a party may represent themselves, but the party shall be subject to the same rules that are or may be provided for attorneys in like cases, so far as the same are applicable. V.R.C.P. 79.1(a).  It is not the obligation of the court to offer affirmative help to the pro-se litigant. *Adamson v. Dodge*, 2006 VT 89, ¶ 4, 180 Vt. 612 (mem.).  Moreover, while self-represented litigants may receive some leeway, "they are still bound by the ordinary rules of civil procedure." *Zorn v. Smith*, 2011 VT 10, ¶ 22, 189 Vt. 219.

"[P]rocedural rules are devices to ensure fairness, uniformity and regularity of treatment to all litigants appearing before the courts, and to be meaningful, they must be enforced."  *Krulee v. F.C. Huyck & Sons*, 121 Vt. 299, 302 (1959).  It is incumbent upon the court to ensure the pro se litigant is not "taken advantage of by strict application of rules of procedure."  *Town of Washington v. Emmons*, 2007 VT 22, ¶ 7, 181 Vt. 586 (mem.).  "The court does not abuse its discretion where it enforces the rules of civil procedure equitably, even against a pro se litigant." *Bloomer v. Gibson*, 2006 VT 104, ¶ 14, 180 Vt. 397.

## Rule 60(b) Standard

Defendant's motions 1-4 and 6-8 are effectively a motion to reopen and reconsider under rule 60(b). The Vermont Rules of Civil Procedure provide:  "A motion to alter or amend the judgment shall be filed not later than 28 days after entry of the judgment."  V.R.C.P. Rule 59(e).

A motion to reconsider "allows the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party."  *Northern Sec. Ins. Co. v. Mitec Electronics, Ltd.*, 184 Vt. 303, 319 (2008).  A motion to reconsider seeks "an extraordinary remedy which should be used sparingly." *In re Zaremba Grp. Act 250 Permit*, No. 36-3-13 Vtec, slip op. at 2 (Vt. Super Ct. Envtl. Div. Apr. 10, 2014).  Motions to reconsider are evaluated "under a very restrictive standard of review."  *In re Stormwater NPDES Petition*, No. 14-1-07 Vtec, slip op. at 3 (Vt. Envtl. Ct. May 18, 2007).  Motions to reconsider must present new considerations for analysis and cannot relitigate legal and factual arguments previously considered *Snyder Group, Inc. Act 250 Appeal,* No. 107-10-18 Vtec slip op. at 2 (Vt. Super. Ct. Envtl. Div. Dec. 24, 2019).  Conversely, courts generally will not consider an issued raised for the first time in a motion for reconsideration.  *Lincoln General Ins. Co. v. De La Luz Garcia*, 501 F.3d 436 (5th Cir 2007). Consequently, motions to reconsider are generally denied.  *Cho v. Blackberry Ltd.*, 991 F.3d 155 (2021).

Motions to reconsider may be granted for six reasons (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misrepresentation; (4) the judgment is void; (5) the judgment has been satisfied or is no longer equitable prospectively; or (6) any other reason justifying relief from the operation of the judgment.  V.R.C.P. 60(b).

---

[1] The injunction binds the parties including Defendant for reasons set forth below. It does not enjoin The Superior Court of Vermont Bennington Civil Division, or divest this court of jurisdiction.

## Analysis

Foreclosure decrees are final judgments from which defendants' only avenue for relief is Rule 60(b). *TBFFin., LLC v. Gregoire*, 198 Vt. 607, 617 (2015). Rule 60(b) motions to reconsider foreclosure decrees are untimely when filed over a year after the decree of foreclosure. *US Bank Nat. Ass'n v. Johnston*, 2016 WL 2848834, at *2 (Vt. May 12, 2016).

This is effectively the third motion to reconsider after Defendant's motions in May 5, 2016, and June 14, 2017. This motion is untimely and barred by res judicata. There is no contention of excusable neglect or newly discovered evidence. No substantive arguments are made which could not have been made at the hearing in 2016, or in the two previous motions to reconsider.

The motion does make reference to the Bankruptcy Court proceedings. However, for reasons explained below, the Bankruptcy Court is the proper forum to adjudicate all matters pertaining to the bankruptcy and its own proceedings.

For the foregoing reasons the motion to reconsider is denied.

## Motion to Stay

As the motion to reopen and reconsider is denied, the motion to stay is moot with respect to this docket and any compulsory counterclaims. Defendant has attempted to file new pleadings. Thus, a discussion of the Bankruptcy Court jurisdiction and injunction is warranted.

When a Chapter 11 Bankruptcy is commenced in Bankruptcy Court, related proceedings in State Court are automatically stayed under federal law.

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of-
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> …
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

11 U.S.C.A. § 362 (a)(1),(6).

Broadly construing the federal courts' bankruptcy jurisdiction is essential to federal courts' ability to preserve assets and reorganize estate in bankruptcy. *U.S. Lines, Inc. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.* (*In re U.S. Lines, Inc.*), 197 F.3d 631, 641 (2d Cir. 1999). "[B]oth the Supreme Court and [the Second Circuit] have … broadly construed the jurisdictional grant in the 1984

Bankruptcy Amendments." *S.G. Phillips Constructors, Inc. v. City of Burlington* (*In re S.G. Phillips Constructors, Inc.*), 45 F.3d 702, 705 (2d Cir. 1995).

Confirmation of a Chapter 11 plan grants debtor a discharge that replaces the automatic stay with permanent injunction against prospective litigants. *United States v. White*, 466 F.3d 1241 (11th Cir. 2006).

In the Bankruptcy matter regarding Plaintiff, the Bankruptcy court has issued an injunction preventing litigants from bringing claims against plaintiff for monetary relief in any court other than the Bankruptcy Court. See Section 10.5(a) and (b) of the September 22, 2019, Joint Chapter 11 Plan of Ditech at 62-63 (Original), 109-110 (Ex. C).

The Bankruptcy Court remains the appropriate forum to consider all monetary claims against the Plaintiff. The motion to stay is denied.

## Counterclaims

Compulsory and permissive counterclaims are defined by Rule 13 of the Vermont Rules of Civil Procedure. Rule 13 states:

> **(a) Compulsory Counterclaims.** A pleading in an action in a superior court shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13.

> **(b) Permissive Counterclaims.** A pleading may state as a counterclaim any claim against an opposing party that is within the subject-matter jurisdiction of the court. The failure to assert any such counterclaim in the District Court shall not preclude the pleader from bringing a later action on the same claim, whether or not it arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim.

V.R.C.P. 13(a),(b) (emphasis in original).

Any compulsory counterclaims Defendant may have had against Plaintiff, which were not brought in the original action in 2016 have been waived. The motion to file compulsory counterclaims and permissive counterclaims or in the alternative a new pleading for permissive counterclaims is denied.

## Order

For the foregoing reasons, the motions are DENIED.

Electronically Signed 5/11/2023 8:11 AM pursuant to V.R.E.F. 9(d)

_____
John W. Valente
Superior Court Judge

## Exhibit B

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                           :
In re                                                      :    **Chapter 11**
                                                           :
**DITECH HOLDING CORPORATION, *et al.*,**                  :    **Case No. 19-10412 (JLG)**
                                                           :
                        Debtors.[1]                        :    **(Jointly Administered)**
                                                           :
-----------------------------------------------------------X

## ORDER GRANTING JOINT OBJECTION TO
## PROOF OF CLAIM NO. 2927 AND JOINT MOTION
## TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK
## BY THE PLAN ADMINISTRATOR AND CONSUMER CLAIMS TRUSTEE

Upon the *Joint Objection to Proof of Claim No. 2927 and Joint Motion to Enjoin Filing of Future Claims by Tina Cook by the Plan Administrator and Consumer Claims Trustee*, filed on March 5, 2023 (the "**Objection and Motion**"),[2] for an order (i) disallowing and expunging Claim No. 2927 filed by Tina Cook (the "**Third Claim**"), (ii) enjoining Tina Cook from filing future claims, including, but not limited to, claims related to the Property , in these chapter 11 cases, and (iii) granting related relief, all as more fully set forth in the Objection and Motion; and

---

[1]    On September 26, 2019, the Court entered the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Confirmation Order**"), which created the Wind Down Estates.  On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903)* (the "**Closing Order**").  Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Pursuant to the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG)) shall remain open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates shall be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486).  The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

[2]    Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

the Bankruptcy Court having jurisdiction to consider the Objection and Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157(a)-(b) and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Objection and Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Bankruptcy Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the relief requested in the Objection and Motion having been provided, and it appearing that no other or further notice need be provided in accordance with the Claims Procedures Order; and such notice having been adequate and appropriate under the circumstances; and the Bankruptcy Court having held a hearing to consider the relief requested in the Objection and Motion on March 26, 2024 (the "**Hearing**"); and upon the record of the Hearing, and upon all of the proceedings had before the Bankruptcy Court; and the Bankruptcy Court having determined that the legal and factual bases set forth in the Objection and Motion establish just cause for the relief granted herein; and is in the best interests of the Wind Down Estates, their creditors, and all parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**

1.     The Objection and Motion is granted.

2.     The Third Claim is disallowed and expunged in its entirety from the claims register.

3.     Claimant is enjoined from filing future claims, including, but not limited to, claims related to the Property, in these chapter 11 cases.

4.      The Plan Administrator, Consumer Claims Trustee, Epiq Corporate Restructuring, LLC, and the Clerk of this Bankruptcy Court are authorized to take all actions necessary or appropriate to give effect to this Order.

5.      The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

6.      The terms and conditions of this Order are effective immediately upon entry.

Dated:  _____, 2024
        New York, New York


        _____
        THE HONORABLE JAMES L. GARRITY, JR.
        UNITED STATES BANKRUPTCY JUDGE