UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
: 
In re                                                                          :    Chapter 11
                                                                                    :
DITECH HOLDING CORPORATION, et al.,         :    Case No. 19-10412 (JLG)
                                                                                    :
                                        Debtors.[1]                         :    (Jointly Administered)
                                                                                    :
                                                                                    :    Related Docket No. 1632, 4987
---------------------------------------------------------------X

## ORDER AMENDING CLAIM HEARING PROCEDURES

Upon the Motion (the "**Motion**") of the Consumer Claims Trustee ("**Trustee**") under section 105(a) of the Bankruptcy Code and Rules 3007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") for entry of an order amending the *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, entered November 19, 2019 [ECF 1632] (the "**Claim Procedures Order**") intended to streamline the claim hearing process and conserve the resources of the Consumer Creditor Recovery Trust, all as more fully described in the Motion; and the Court having jurisdiction to consider

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Third Amended Plan**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief (ECF No. 3903) (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG) remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

the Motion under 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding under 28 U.S.C. § 157(b); and sufficient notice of the Motion having been given, and it appearing that no other or future notice need be provided; and the Court having found that the relief requested in the Motion is in the best interests of the Consumer Creditor Recovery Trust, the holders of allowed Consumer Creditor Claims, and parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. Paragraph 3(iv) of the Claim Hearing Procedures established under the Claim Procedures Order is amended by adding subparagraph 3(iv)c immediately after subparagraph 3(iv)b thereof the following:

   I. Notwithstanding paragraph 3(iv)a and 3(vi) of these Claim Hearing Procedures, for a Sufficiency Hearing, the Trustee may file and serve on the claimant by email and first class mail a reply to the response of the claimant at least 28 days before the Sufficiency Hearing.

   II. The claimant may file a and serve on the Trustee by email or first class mail a surreply at least 14 days before the Sufficiency Hearing.

   III. The Trustee may file and serve on the claimant by email and first class mail a response to a surreply at least 7 days before the Sufficiency Hearing.

   IV. No other or further papers filed in connection with a Sufficiency Hearing on a particular claim shall be permitted without a showing, to be filed with the Court and served on the Trustee by email at least 14 days before the Sufficiency Hearing, without a showing of extraordinary good cause. The Trustee may respond to any such request within three business days after service.

   V. Untimely papers filed in connection with a Sufficiency Hearing may be disregarded without further notice or hearing.

VI. The Trustee shall provide notice of these procedures to each claimant with the Trustee's Notice of the Sufficiency Hearing.

VII. Except to the extent provided in these amended procedures, all other provisions of the Claim Hearing Procedures with respect to Sufficiency Hearings shall remain unaffected by these amended procedures.

VIII. The procedures in this paragraph 3(iv)c shall apply only to a a holder of a Consumer Creditor Claims who has submitted a response to an objection filed by the Trustee (either alone or jointly with the Plan Administrator) and is awaiting a Sufficiency Hearing and not to a holder of a Consumer Creditor Claim who has submitted a response to an objection filed solely by the Plan Administrator and is awaiting a Sufficiency Hearing.

3. The Trustee is authorized to take any and all steps that are necessary or appropriate to implement the amendment to the Claim Hearing Procedures provided in this Order.

4. Nothing in this Order shall constitute an admission of the validity, nature, amount or priority of any Claims asserted in these chapter 11 cases.

5. Entry of this Order is without prejudice to the rights of the Trustee to seek authorization to modify or supplement the relief granted herein.

6. This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order.

Dated: March 12, 2024
New York, New York

/s/ *James L. Garrity, Jr.*
HONORABLE JAMES J. GARRITY, JR.
UNITED STATES BANKRUPTCY JUDGE