| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **CIVIL DIVISION** |
| **SOUTHERN DISTRICT OF NEW YORK** | Case No. 19-10612 (JLG) |

| | | |
|---|---|---|
| Re: Tina P. Cook, | \| | |
| **Creditor Defendant** | \| | Chapter 11 |
| v. | \| | Related Docket(s) |
| **Ditech Financial LLC et al,** | \| | #4666, #4659, #4608 |
| **Debtor Plaintiffs** | \| | |

## CERTIFICATE OF SERVICE

NOW COMES Defendant, Tina P. Cook and hereby certifies pursuant to V.RR.C.P.5 that it has served a copy of its **Objection to the JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK BY the Plan Administrator on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "Wind Down Estates"), and the Consumer Claims Trustee (the "Trustee")** to:

Ditech et al, ℅ **Weil, Gotshal and Manges LLP, 767 5th Avenue New York, NY 10153-0119 (Attn: Claims Team (ClaimsPhoenix@weil.com); Richard Slack, Esq. (richard.slack@weil.com); Arden Ham, Esq. (arden.ham@weil.com), attorneys for the Plan Administrator); (iii) the Ditech Consumer Recovery Trust, c/o Settlement Administrator, P.O. Box 1607, Blue Bell, PA 19422 (info@ditech-settlement.com)** and **United States Bankruptcy Court for the Southern District of New York, 1 Bowling Green, New York, NY 10004 (CaseFiling@nysb.uscourts.gov),** via email.

[Signature page to follow]

1

**DATED**, at Bennington, Vermont this 19th day of March, 2024.

*[signature]*

Tina Cook,

Pro Se Defendant

P.O. Box 144

Bennington, VT 05201

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | **CIVIL DIVISION** |
| **SOUTHERN DISTRICT OF NEW YORK** | **Case No. 19-10612 (JLG)** |

| | | |
|---|---|---|
| **Re: Tina P. Cook,** | \| | |
| **Creditor Defendant** | \| | **Chapter 11** |
| **v.** | \| | **Related Docket(s)** |
| **Ditech Financial LLC et al,** | \| | **#4666, #4659, #4608** |
| **Debtor Plaintiffs** | \| | |

Dear Clerk:

Please find enclosed the following for filing with the Court in the above-referenced matter:

1. **Objection to the JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK BY the Plan Administrator on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "Wind Down Estates"), and the Consumer Claims Trustee (the "Trustee").**

2. **Motion In Limine to strike Ditech's** Response / Reply **in JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK BY the Plan Administrator on behalf of Ditech Holding**

3

Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "Wind Down Estates"), and the Consumer Claims Trustee (the "Trustee") as untimely filed.

3. Motion in favor of defendant, Ms. Cook

4. Certificate of Service

Sincerely,

*[signature: JP Cook]*

Tina P. Cook

Enclosures

Cc: Ditech et al, % **Weil, Gotshal and Manges LLP, 767 5th Avenue New York, NY 10153-0119 (Attn: Claims Team (ClaimsPhoenix@weil.com); Richard Slack, Esq. (richard.slack@weil.com); Arden Ham, Esq. (arden.ham@weil.com), attorneys for the Plan Administrator); (iii) the Ditech Consumer Recovery Trust, c/o Settlement Administrator, P.O. Box 1607, Blue Bell, PA 19422 (info@ditech-settlement.com)** and **United States Bankruptcy Court for the Southern District of New York, 1 Bowling Green, New York, NY 10004 (CaseFiling@nysb.uscourts.gov)**

(w/enclosures)

[Remainder of Page Intentionally Left Blank]

**TO THE HONORABLE JAMES L. GARRITY JR.,**

**UNITED STATES BANKRUPTCY JUDGE:**

**AND NOW HERE COMES THE DEFENDANT**, in Objection to **Ditech's Response / Reply in** JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK BY the Plan Administrator on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "Wind Down Estates"), and the Consumer Claims Trustee (the "Trustee")

1. **(A)** Ms. Cook would like to request **permission to file a Motion In Limine to strike Ditech's Response / Reply in Further Support** of the Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order against Tina Cook (related document(s)[4608], [4659]) filed by Richard W. Slack on behalf of Ditech Holding Corporation **as untimely filed per Local Bankruptcy Rule 9078-1 Ms. Cook did serve notice to Ditech attorneys on March 20, 2023 which afforded Ditech three days in addition to the 7 days before presentment required by law to file response in a timely manner but response was not filed until March 27, 2023 at 2:37 pm EDT via ECR and served via email to Ms. Cook. Ms. Cook**

5

**has yet to receive a physical copy of the response or any exhibits contained therein. Ms. Cook has also not received a physical copy of the reply made by Ditech attorneys in the Vermont action filed with the Bennington Superior Court on February 21, 2023 by Matthew B. Byrne, Esq. of Gravel & Shea PC located at 76 St. Paul Street, 7th Floor, P.O. Box 369 Burlington, VT 05402-0369 (802) 658-0220 mbyrne@gravelshea.com Attorneys For Plaintiff. Ms. Cook only discovered Ditech's Vermont filing when she reviewed the Epiq website and found Doc 4666 Filed 03/27/23 Entered 03/27/23 10:52:08 Ditech's** Response / Reply in Further Support of the Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order against Tina Cook (related document(s)[4608], [4659]) filed by Richard W. Slack on behalf of Ditech Holding Corporation. **Ditech is improperly attempting to wrongfully enter into evidence an unmarked exhibit with the header 19-10412-jlg Doc 4666 Filed 03/27/23 Entered 03/27/23 10:52:08 Main Document Pg 10 of 23 "The Vermont Response" filed February 21, 2023 without proper service to Ms. Cook in violation of the rules of service procedure. This is further evidence of Ditech's continued misconduct in this case.**

6

2. **(B) the debtor's obligation to file and serve an appropriate response to the initial pleading and the consequences of failing timely to answer or move with respect to the pleading;**

   **(C) the requirements of form and time limits applicable to the preparation, filing and service of a responsive pleading; and**

   **(D) how to serve and file a responsive pleading;**

   **(e) Objection.**

   **Any objection to the proposed order shall be in writing, conform to the requirements set forth in S.D.N.Y. JLG 9013-1, and be served so as to be received by the proponent and filed with proof of service at least 7 days prior to the date set for the presentment of the; proposed order.**

3. **Exception for Consumer Credit Transaction Interests**

   In 2005, Congress amended section 363 of the Bankruptcy Code to add what is now section 363(o). That subsection provides as follows:

   Notwithstanding subsection (f), if a person purchases any interest in a consumer credit transaction that is subject to the Truth in Lending Act or any interest in a consumer credit contract (as defined in section 433.1 of title 16 of the Code of Federal Regulations (January 1, 2004), as amended from time to time), and if such interest is purchased through a sale under this section, then such person shall remain subject to all claims and defenses that are related to such consumer credit transaction or such consumer credit contract, to the same extent as such person would be subject to such claims and

defenses of the consumer had such interest been purchased at a sale not under this section.

Thus, in a bankruptcy sale involving an interest in a qualifying "consumer credit transaction" or a "consumer credit contract," the sale does not "cleanse" the assets of certain successor liability claims.

4. **(A)** Section 363(o) of the Bankruptcy Code. The Reverse Investment Transaction does not constitute a sale pursuant to section 363 of the Bankruptcy Code and section 363(o) of the Bankruptcy Code shall not apply. As used herein, except for the Assumed Claims (as defined in the Stock and Asset Purchase Agreement), or as provided in **Sections 4.6(b) or 5.6(d) of the Third Amended Plan, the term "Claims" shall include (a) all Claims or Causes of Action relating to conduct prior to Closing brought by a consumer borrower against any Debtor for the violation of (i) The Real Estate Settlement Procedures Act of 1974 (RESPA) (12 U.S.C. § 2601 et seq.), (ii) The Fair Credit Reporting Act (15 U.S.C. § 1681), (iii) The Truth in Lending Act (12 C.F.R. § 1026), (iv) The Fair Debt Collection Practices Act (15 U.S.C. §§ 1692–1692p) and (v) any and all state law equivalents of the foregoing clauses (i) through (iv) and (b) any other Claim or Cause of Action for fraudulent inducement of a consumer borrower to enter into a loan.** All such Claims and any other similar claims implied in section 363(o) of the Bankruptcy Code shall be discharged against RMS, Reorganized RMS, and the Reverse Buyer (and their respective property, affiliates, successors and assigns) to the maximum extent permitted in section 1141 of the Bankruptcy Code except as specifically set forth in the Stock and Asset Purchase Agreement.

**(B) Section 363(o) was added to the Bankruptcy Code in 2005 in an effort to address problems with "predatory lenders,"** which were described in 2001 as follows:

We have a new problem with these predatory lenders…. In recent months, several large subprime lenders have obtained orders from bankruptcy courts, providing for the sale of their loans or the servicing rights associated with them under section 363 of the bankruptcy code. Consumers who have attempted to challenge

8

these loans or their servicing obligations based on violations of fair lending laws have been told by the purchasers of these loans they were sold free and clear of any consumer claims and defenses. The fact that innocent borrowers can be left in the lurch is flat out wrong.

147 Cong. Rec. 2018, at *2032 (Mar. 8, 2001) (remarks of Sen. Schumer).

5. *In re Ditech Holding Corp.*, 19-10412 (JLG), 6 n.14 (Bankr. S.D.N.Y. Aug. 20, 2021) **("Plan § 4.6(b). Section 5.6(d)(iii)** of the Plan provides that **the Plan does not "affect a Borrower's right, if any, to correct** any inaccurate statement of amounts due under the Borrower's loan or **any other inaccurate terms related to the Borrower's loan."** *Id.* § 5.6(d)(iii). ")

6. **This being a Priority Secured Claim Under 11 U.S.C. § 506(a)**

7. **11 U.S. Code § 1127 - Modification of plan**
"...debts which have "Priority" status are not discharged by bankruptcy. If the debt is not discharged, you will still have to pay the debt. Priority debts may include: attorney fees related to bankruptcy, certain taxes, student loans, child support, alimony, debts incurred by fraud, debts for willful and malicious injury to a person or property…"

8. Ms. Cook's deed shows two property addresses listed. 408 Shady Pines Rd 05255 which is in Manchester, Vermont and 408 Shady Pines Rd 05250 which is in Sunderland, VT. These are NOT the same properties and two different towns. They are not the same. This violates federal consumer financial law 12 U.S.C. § 5586. "Federal consumer financial law" is a defined term in the DoddFrank Act that includes over a dozen existing federal consumer protection laws, including the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Equal Credit Opportunity Act, as well as title X of the Dodd-Frank Act itself. 12 U.S.C. § 5481(12), (14). Ms. Cook's property was wrongfully foreclosed therefore the foreclosure

9

is void and Ms. Cook should be awarded damages.

9. In addition, Ms. Cook paid a considerable amount in Title insurance and requested many times for the plaintiffs to correct the deed, which they refused to do. At this point the title is very muddy.

[Remainder of Page Intentionally Left Blank]

In **Objection to Plaintiff's MOTION / Response / Reply**

**in JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK BY the Plan Administrator on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "Wind Down Estates"), and the Consumer Claims Trustee (the "Trustee")**

## In OBJECTION TO PLAINTIFF'S
## PRELIMINARY STATEMENT

**Judgment should be entered in favor of Defendant, Ms. Cook.**

## In OBJECTION TO PLAINTIFF'S
## BACKGROUND

**Judgment should be entered in favor of Defendant, Ms. Cook.**

## In OBJECTION TO PLAINTIFF'S ARGUMENT
### JURISDICTION

1. **I disagree.**

## In OBJECTION TO PLAINTIFF'S ARGUMENT

11

1. **I disagree.**

## In OBJECTION TO Declaration and Statement

1. **I disagree.**

[Remainder of Page Intentionally Left Blank]

Ms. Cook respectfully requests that this Court deny Plaintiff's Motion(s) and find in favor of Ms. Cook.

**DATED**, at Bennington, Vermont this 19th day of March, 2024.

*/s/ Tina Cook*

Tina Cook,

Pro Se Defendant

P.O. Box 144

Bennington, VT 05201

[Remainder of Page Intentionally Left Blank]

13