| | |
|---|---|
| WEIL, GOTSHAL & MANGES LLP | JENNER & BLOCK LLP |
| 767 Fifth Avenue | 1155 Avenue of the Americas |
| New York, New York 10153 | New York, New York 10036 |
| Telephone: (212) 310-8000 | Telephone: (212) 891-1600 |
| Facsimile: (212) 310-8007 | Facsimile: (212) 891-1699 |
| Ray C. Schrock, P.C. | RLevin@jenner.com |
| Richard W. Slack | Richard Levin |
| Alexander W. Welch | |
| *Attorneys for the Plan Administrator on Behalf of the Wind Down Estates* | *Attorneys for Consumer Claims Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------X
:
In re                                          :   Chapter 11
:
DITECH HOLDING CORPORATION, *et al.*,          :   Case No. 19-10412 (JLG)
:
Debtors.[1]                                    :   (Jointly Administered)
:
------------------------------------------------------------X

## JOINT REPLY OF PLAN ADMINISTRATOR AND CONSUMER CLAIMS TRUSTEE IN FURTHER SUPPORT OF THE JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK

---

[1] On September 26, 2019, the Court entered the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "**Confirmation Order**"), which created the Wind Down Estates. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief* (ECF No. 3903) (the "**Closing Order**"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Pursuant to the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "**Remaining Wind Down Estate**") (Case No. 19-10412 (JLG)) shall remain open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates shall be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Plan Administrator on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**") and the Consumer Claims Trustee respectfully submit this reply (the "**Reply**") in further support of the *Joint Objection to Proof of Claim No. 2927 and Joint Motion to Enjoin Filing of Future Claims by Tina Cook by the Plan Administrator and Consumer Claims Trustee* (ECF No. 5009) (the "**Objection and Motion**"),[2] and in response to the *Objection to Motion* submitted by Ms. Cook (ECF No. 5014) (the "**Response**"). The Plan Administrator and Consumer Claims Trustee respectfully represent as follows.

## REPLY

1. The Response does not address the arguments by the Plan Administrator and Consumer Claims Trustee in the Objection and Motion for disallowance and expungement of Ms. Cook's third proof of claim no. 2927 (the "**Third Claim**"). The Objection demonstrated that: (i) the Third Claim is barred by *res judicata* by prior decisions of the Vermont courts in connection with the foreclosure on Ms. Cook's mortgage and the decisions of this Court in expunging and disallowing her prior two proofs of claim; and (ii) the Third Claim is untimely as it was filed nearly four years after the applicable bar date.

2. Ms. Cook has now had multiple opportunities to litigate—and has litigated—claims arising out of the foreclosure of her mortgage both in the Vermont Court and in these chapter 11 cases. Although she may disagree with prior decisions of the Vermont courts and this Court, Ms. Cook should not be permitted to re-litigate issues relating to the foreclosure of her

---

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Objection and Motion.

2

mortgage, especially by filing an untimely proof of claim four years after the applicable bar date. The Court should thus disallow and expunge the Third Claim.

3. Ms. Cook's Response does make a series of difficult-to-decipher arguments that do not appear to have any relevance to any issues raised by the Debtors. Ms. Cook first states that she "did serve notice to Ditech attorneys on March 20, 2023 which afforded Ditech three days in addition to the 7 days before presentment required by law to file response in a timely manner but response was not filed until March 27, 2023 at 2:37 pm EDT via ECR and served via email to Ms. Cook." Response at p. 5. The pleading Ms. Cook is referencing is her objection to a completely different motion: the *Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order Against Tina Cook* (ECF No. 4608) (the "**Injunction Motion**"). The Injunction Motion sought relief from this Court to enjoin Ms. Cook from filing additional pleadings in the Vermont Foreclosure Action on the grounds that doing so was in violation of the injunction provisions contained in the Third Amended Plan. The Court granted the Injunction Motion and the time for appeal of that decision has long passed. The timing and deadlines of pleadings filed a year ago in connection with a different motion do not address the current Objection and Motion.

4. Ms. Cook also references various statutes, rules, and articles unrelated to the Objection and Motion without any explanation. For example, Ms. Cook refers to the rules pertaining to the "Exclusion of Adversary Proceeding Defense from Scope of Representation" and the objection procedures on notices of presentment in the Local Bankruptcy Rules for the Eastern District of New York (the "**EDNY Local Rules**"). *See* EDNY Local Rules 2002-1(e) and 2090-2(b). As another example, Ms. Cook copies verbatim language from an article titled "Section 363 Does Not Apply to Chapter 11 Plan Sales," stating that "in a bankruptcy sale involving an

3

interest in a qualifying 'consumer credit transaction' or a 'consumer credit contract,' the sale does not "cleanse" the assets of certain successor liability claims." *See* Response at p. 8; Jones Day, Section 363 Does Not Apply to Chapter 11 Plan Sales, Dec. 2019, https://www.jonesday.com/en/insights/2019/12/section-363-does-not-apply. In addition to those two examples, Ms. Cook goes on to cite (i) what appears to be excerpts from various articles regarding Section 363(o) of the Bankruptcy Code; (ii) several Bankruptcy Code provisions; and (iii) provisions in the Third Amended Plan. Ms. Cook does not explain what arguments she is attempting to make through these citations or how they relate to the Objection or Motion.

5.   Finally, without explanation, Ms. Cook raises a supposed issue with her deed allegedly showing "two property addresses listed. 408 Shady Pines Rd 05255 which is in Manchester, Vermont and 408 Shady Pines Rd 05255 which is in Sunderland, VT." Response at p. 9. Again, it is unclear what point Ms. Cook is trying to make. But, the property raised in the Third Claim is located at 408 Shady Pines Rd Sunderland, VT 05250 address (the "**Property**"). *See* Third Claim at p. 16 (seeking possession of the property at "408 Shady Pines Rd, Sunderland, VT 05250."). This is the same property raised in the foreclosure proceedings in the Vermont Foreclosure Action and the first two proofs of claim filed by Ms. Cook in this Court. *See* Vermont Foreclosure Complaint (attached to the *Joint Reply of Plan Administrator and Consumer Representative in Support of the Thirty-Eighth Omnibus Objection With Respect to Claim of Tina Cook (Claim No. 21520)* (ECF No. 3619) as **Exhibit D**) at p. 1 ("On or about October 18, 2007, mortgagor, Tina Cook *a/k/a* Tina Patrice Cook acquired certain real property located at 408 Shady Pines Road in the Town of Sunderland, County of Bennington and State of Vermont"); First Claim (attached hereto as **Exhibit A**) at p. 6 (challenging the foreclosure of the home at "408 Shady Pines Rd, Sunderland VT 05250"); Second Claim (attached hereto as **Exhibit B**) at p. 2 (identifying the

property for purposes of set-off as: "408 Shady Pines Rd Sunderland VT 05250"). Thus, the Third Claim is barred by the prior judgments in this Court and the Vermont Court all of which related to this same property. To the extent there was some alleged error in the deed that Ms. Cook argues should have prevented foreclosure, that issue was apparently raised by Ms. Cook in the underlying foreclosure action and resolved against her. *See* Vermont Foreclosure Answer at p. 3 (alleging that "Plaintiff was asked to correct errors related to property address so that defendant could acquire foreclosure prevention options . . ."). Thus, this issue was not an impediment to the foreclosure by the Vermont courts and this issue does not and cannot alter the *res judicata* impact of the Vermont decisions.

6. Accordingly, the Objection and Motion should be granted, and the Plan Administrator and Consumer Claims Trustee respectfully request that this Court disallow and expunge the Third Claim in its entirety and enjoin Ms. Cook from filing future claims, including, but not limited to, claims related to the Property, in these chapter 11 cases.

[*Remainder of Page Intentionally Left Blank*]

Dated: March 20, 2024
      New York, New York

      */s/ Richard W. Slack*
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Ray C. Schrock, P.C.
Richard W. Slack
Alexander Welch

*Attorneys for Plan Administrator*
*on Behalf of the Wind Down Estates*

-and-

      */s/ Richard Levin*
JENNER & BLOCK LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
RLeving@jenner.com
Richard Levin

6

**Exhibit A**

**First Claim**

| | |
|---|---|
| United States Bankruptcy Court for the Southern District of New York | |
| **Name of Debtor:** Ditech Holding Corporation | **For Court Use Only** |
| **Case Number:** 19-10412 | Claim Number: 0000021520 |
| | File Date: 04/25/2019 17:56:04 |

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/16**

## Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Tina Cook
Other names the creditor used with the debtor: Tina Patrice Cook

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? ____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**
Name: Tina Cook
Address: 190 Swearing Hill Rd
City: Sandgate
State: VT  ZIP Code: 05250
Country (if International): ____
Phone: 8926620479
Email: tpcook@hotmail.com

**Where should payments to the creditor be sent?** (if different)
Name: ____
Address: ____
City: ____
State: ____ ZIP Code: ____
Country (if International): ____
Phone: ____
Email: ____

**4. Does this claim amend one already filed?**
☐ No
☑ Yes.
Claim number on court claims register (if known) ____
Filed on 04/18/2019
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes.
Who made the earlier filing? ____

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
    6610
    ___ ___ ___ ___

**7. How much is the claim?**

$ 188,300.00      unliquidated

**Does this amount include interest or other charges?**

☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Other Basis _____

Mortgage

**9. Is all or part of the claim secured?**

☐ No
☑ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                $ 188,300.00

**Amount of the claim that is secured:**   $ 188,300.00

**Amount of the claim that is unsecured:** $ _____

(The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %
              ☑ Fixed   ☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$ _____

**11. Is this claim subject to a right of setoff?**

☐ No
☑ Yes. Identify the property:

408 Shady Pines Rd Sunderland VT 05250

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No
☑ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).          $_____

☑ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).     $_____

☑ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).      $_____

☑ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).     $_____

☑ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☑ Other. Specify subsection of 11 U.S.C. § 507 (a) ( 507(a)(10) ) that applies.    $_____

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No
☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $ _____

Page 2 of 3

| Part 3: | Sign Below |
|---|---|

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Tina P. Cook*                                          04/25/2019 17:56:04
_____        _____
Signature                                                Date

**Provide the name and contact information of the person completing and signing this claim:**

Name: Tina Cook

Address: 190 Swearing Hill Rd

City: Sandgate

State: VT    Zip: 05250

Country (in international): USA

Phone: 8026620479

Email: tpcook@hotmail.com

Page 3 of 3

May 24, 2018

Mary Frost, Clerk
Vermont Superior Court
Bennington Unit, Civil Division
207 South Street
Bennington, VT 05201

Re:   Federal National Mortgage Association

        v.

    Tina P. Cook

    Docket No. 381-11-17 Bncv


Dear Ms. Frost:

    Please find enclosed the following for filing with the Court in the above-referenced matter:

        1) Motion for Permission to Appeal

        2) Motion to Extend Permission to Appeal

        3) Motion for Reversal and Dismissal of Judgment and Decree of Foreclosure

        4) Motion to Deny Possession of the Property

        5) Emergency Motion to Stay Proceedings

        6) Vacate the Order of Judicial Sale

        7) Motion to Order Sale of Property to Defendant at Foreclosure Sale Price

        8) Statement of Material Facts

        9) Certificate of Service

    All remaining motion pleadings will be filed once we receive the necessary affidavits from witnesses. Thank you.

Sincerely,



Tina P. Cook
Enclosures
cc: Shechtman Halperin Savage, LLP (w/enclosures)

**STATE OF VERMONT**

| | |
|---|---|
| SUPERIOR COURT | CIVIL DIVISION |
| Bennington Unit | Docket No. 381-11-17 Bncv |

Federal National Mortgage Association,
    Plaintiff

v.

Tina P. Cook,
    408 Shady Pines Road, Sunderland, Vermont
    Defendant

**CERTIFICATE OF SERVICE**

    NOW COMES Defendant, Tina P. Cook and hereby certifies pursuant to V.RR.C.P.5 that it has served a copy of its Response and Motion for Permission to Appeal, Motion to Extend Permission to Appeal, Motion for Reversal and Dismissal of Judgment and Decree of Foreclosure, Motion to Deny Possession of the Property, Emergency Motion to Stay Proceedings, Vacate the Order of Judicial Sale, Motion to Order Sale of Property to Defendant at Foreclosure Sale Price, by sending a copy of the same, first class mail, postage prepaid to:

    Shechtman Halperin Savage, LLP

    1080 Main Street,

    Pawtucket, Rhode Island 02860

    Dated at Arlington, Vermont this 24th day of May, 2018

    By: Tina P. Cook
    408 Shady Pines Rd
    Sunderland, VT 05250

**Response and Motion for Permission to Appeal, Motion to Extend Permission to Appeal, Motion for Reversal and Dismissal of Judgment and Decree of Foreclosure, Motion to Deny Possession of the Property, Emergency Motion to Stay Proceedings, Vacate the Order of Judicial Sale, Motion to Order Sale of Property to Defendant at Foreclosure Sale Price**

Now comes the Defendant, Tina Cook, pro se, in response to Possession of the Property, Judgement for use and occupancy of the Property, Interest and Court Costs as follows:

**I. Introduction**

Tina Cook (Defendant) is the owner of the house at 408 Shady Pines Rd, Sunderland, VT 05250 (―Property | or ―Home |). Ditech Financial filed its foreclosure complaint against the Defendant on the above described Home on March 27, 2015. There remains a question of material fact as to the Defendant's Affirmative Defense—

WHEREFORE, the Defendant, Tina Cook requests that this Court grant requests for Motion to Deny Possession of the Property, Deny Judgement for use and occupancy of the Property, Deny Interest and Court Costs, Vacate the Judicial Sale, Vacate the Order of Judicial Sale, Vacate the Judgment and Decree of Foreclosure, stay the proceedings, and grant any other just and equitable relief.

By: Tina P. Cook
408 Shady Pines Rd
Sunderland, VT 05250

**STATEMENT OF MATERIAL FACTS**

Federal National Mortgage Association did not purchase the Property legally therefore, Defendant is entitled to exclusive possession of the Property.

Ditech Financial did not establish its standing to foreclose, **See GREEN v. GREEN TREE SERVICING, LLC, Case No. 5D15-4413.** Green Tree Servicing is a purported predecessor of Ditech Financial. None of Ditech Financial 's purported predecessors had standing to foreclose at the inception of the case, the trial court erred by finding that Ditech Financial acquired standing to foreclose. **See Corrigan v. Bank of Am., N.A., 189 So. 3d 187, 190 (Fla. 2d DCA 2016).**

The property sold at foreclosure auction for $91,600, a price far below its assessed, fair market value of $180,000. The auctioneer testified in writing that there was 1 potential bidding party, including the mortgagee at the foreclosure auction. That bidding party being Federal National Mortgage Association, also known as Fannie Mae. Fannie Mae was also the guarantor on the Defendant's initial loan. The defendant attempted to refinance her mortgage prior to any purported default. Defendant requested several times that Fannie Mae and Green Tree Servicing fix the address errors on the property loan which were preventing refinance. Changes were never made by Fannie Mae or Greentree Servicing/Ditech.

Ditech Financial failed to comply with Vermont rules of service. On or about February 27, 2017, Ditech Financial attorneys sent Notice of Foreclosure Sale with sale held on March 30, 2017 via postage due, first class mail to Defendant, which is less than the required 60 days. *The mortgagor will be entitled to be sent notice of the foreclosure sale at least 60 days prior to the sale per V.S.A. Title 12 Chapter 172 § 4962 (6) and V.S.A. Title 12 Chapter 172 § 4965 (A).* Depriving Defendant of the opportunity to redeem their interest in the property.

Ditech Financial failed to comply with Vermont rules of recording. On or about February 27, 2017, Ditech Financial attorneys posted notice of foreclosure sale held on March 30, 2017 in the Manchester Journal, which is less than the required 60 days. *The mortgagee shall record the notice of sale in the land records of the town or city where the land lies not less than 60 days prior to the sale per V.S.A. Title 12 Chapter 172 § 4964.*

Defendant requests that the court look into the legal propriety of these actions for willful patterns of misconduct on the part of Greentree, Ditech, and Fannie Mae in their foreclosure operations.

By: Tina P. Cook
408 Shady Pines Rd
Sunderland, VT 05250

# Exhibit B

## Second Claim

United States Bankruptcy Court for the Southern District of New York
Ditech Holding Corporation Claims Processing Center
c/o Epiq Corporate Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421

Name of Debtor: Ditech & Greentree Servicing et al,
Case Number: 19-10412 (JLG) Federal National Mortgage Assn,
DO

**RECEIVED**

APR 2 9 2019

**LEGAL SERVICES**

For Court Use Only

Filed: USBC - Southern District of New York
DiTech Holding Corporation. et al., (B10)
19-10412 (JLG)

DIT

0000001578

# Proof of Claim (Official Form 410)

04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of claims under 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.
Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.
A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.
Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim): Tina Cook
Other names the creditor used with the debtor: Tina Patrice Cook, Tina P. Cook

**2. Has this claim been acquired from someone else?** ☒ No ☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?
Tina Cook
190 Swearing Hill Rd
Sandgate  VT  05250
Contact phone: 802 662 0479
Contact email: tpcook@hotmail.com

Where should payments to the creditor be sent? (if different)

**4. Does this claim amend one already filed?**
☒ No
☒ Yes. Claim number on court claims register (if known) OCC-381-11-17 BneV
Filed on 3 / __ / 2017

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☒ No
☐ Yes. Who made the earlier filing? _____

### Part 2: Give Information About the Claim as of the Date the Case Was Filed

**6. Do you have any number you use to identify the debtor?**
☐ No
☒ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:
6 6 1 0

**7. How much is the claim?**
$ 188,300

Does this amount include interest or other charges?
☐ No
☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**
Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information. Partial acct #
mortgage, -511003499.

## Part 2 (continued)

**9. Is all or part of the claim secured?**

☐ No

☒ Yes. The claim is secured by a lien on property.
Nature of property:
☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim*.
☐ Motor vehicle
☐ Other. Describe: _____

Basis for perfection: _____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $188,300

Amount of the claim that is secured: $188,300

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $_____

Annual Interest Rate (when case was filed) _____ %
☒ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☐ No
☐ Yes. Amount necessary to cure any default as of the date of petition.
$_____

**11. Is this claim subject to a right of setoff?**

☐ No   Fannie Moe: 1705155262
        Address ID# 0395011570
☒ Yes. Identify the property:
408 Shady Pines Rd Sunderland VT 05250

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☐ No

☒ Yes. Check one:

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
$_____

☒ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).
$188,300

☒ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).
$_____

☒ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).
$_____

☒ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).
$_____

☒ Other. Specify subsection of 11 U.S.C. § 507 (a)(__) that applies.
$ penalties, damages

* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☒ No
☐ Yes. Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9): $_____

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:
☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 04/25/2019    Signature: /s/ T.P. Cook

Print the name of the person who is completing and signing this claim:

Name: Tina P Cook
Title: Owner
Company: _____
Address: 190 Swearing Hill Rd
Sandgate VT 05250
Contact Phone: 802 662-0479    Email: tpcook@hotmail.com

190 Sweargrey Hill Rd
Sandgate VT 05250

19-10412-jlg Doc 5019 Filed 05/20/24 Entered 05/20/24 19:18:03 Main Document

CERTIFIED MAIL

7014 1820 0001 4241 7365

US POSTAGE PITNEY BOWES
02 1P $ 006.85⁰
0001989667 APR 25 2019
MAILED FROM ZIP CODE 05252

United States Bankruptcy Court
for the Southern District of New York
Ditech Holding Corporation Claims Proc. Ctr
c/o Epiq Corporation Restructuring, LLC
P.O. Box 4421
Beaverton, OR 97076-4421