UNITED STATES BANKRUPTCY COURT                    NOT FOR PUBLICATION
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- x
In re:                                          :
                                                :    Case No. 19-10412 (JLG)
                                                :    Chapter 11
Ditech Holding Corporation, *et al.*,           :
                                                :
                            Debtors.[1]         :    (Jointly Administered)
-------------------------------------------------------- x

### MEMORANDUM DECISION AND ORDER SUSTAINING THE PLAN ADMINISTRATOR AND CONSUMER CLAIMS TRUSTEE'S JOINT OBJECTION TO PROOF OF CLAIM NO. 2927 AND GRANTING THE PLAN ADMINISTRATOR AND CONSUMER CLAIMS TRUSTEE'S JOINT MOTION TO ENJOIN FILING OF FUTURE CLAIMS BY TINA COOK

<u>A P P E A R A N C E S</u> :

WEIL, GOTSHAL & MANGES LLP
*Attorneys for the Plan Administrator*
767 Fifth Avenue
New York, New York 10153
<u>By</u>:    Richard W. Slack
         Ray C. Schrock
         Alexander Welch


TINA COOK
*Appearing Pro Se*
457 Main Street
Bennington, Vermont 05201

---

[1]    On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "Third Amended Plan"), which created the Wind Down Estates. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief*, ECF No. 3903 (the "Closing Order"). References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412. Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "Remaining Wind Down Estate"), Case No. 19-10412, remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

On February 10, 2023, Tina Cook a/k/a Tina Patrice Cook (the "Claimant" or "Ms. Cook") filed Claim No. 2927, her third proof of claim in these Chapter 11 Cases (the "Third Claim"), as a secured claim in the sum of $188,300, against Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) ("Ditech Holding").  Like her two previously filed claims,[3] the Third Claim challenges the foreclosure of Claimant's Mortgage.  Claimant filed it nearly four years after the Consumer Claims Bar Date, and after (i) Claimant unsuccessfully challenged the foreclosure of her Mortgage during a Vermont state foreclosure action (the "Foreclosure Action"),[4] and (ii) this Court disallowed and expunged the First and Second Claims in part, on the grounds that they were barred by res judicata by reason of the Foreclosure Action.[5]  The Vermont Superior Court (the "Vermont Court") has dismissed Claimant's subsequent motions following its disposition of the Foreclosure Action.

On March 5, 2024, the Plan Administrator and the Consumer Claims Trustee, in a single jointly filed pleading, objected to the Third Claim (the "Objection") and moved to enjoin Ms. Cook from filing any future claims in these Chapter 11 Cases (the "Motion") (collectively, the "Claim

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection, Claims Procedures Order and Third Amended Plan, as applicable.

[3] *See* Claim No. 21520 (the "First Claim") and Claim No. 1578 (the "Second Claim").

[4] *Ditech Fin. LLC v. Cook*, No. 118-3-15Bncv (Vt. Superior Ct. Mar. 30, 2015).

[5] *See Order Granting First Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims),* ECF No. 1784; *Order Granting Thirty-Eighth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) with Respect to Claim of Tina Cook (Claim No. 21520),* ECF No. 3578.

Opposition").[6]  In short, the Plan Administrator and Consumer Claims Trustee contend that the Court should sustain the Objection and disallow and expunge the Third Claim as barred by the Consumer Claims Bar Date and by application of the doctrine of res judicata.  Claim Opposition ¶ 1.  They also contend that as Claimant has already had the opportunity to challenge the foreclosure of her Mortgage in this Court and the Vermont Court, she does not have the right to keep raising repeated additional challenges to the foreclosure.  *Id.* ¶ 2.  They say that she is doing so at a significant cost and expense to the estates in these Chapter 11 Cases.  *Id.*  They argue that the Court should grant the Motion and enjoin Claimant from filing future claims in these cases, including, but not limited to, claims related to the Property.  *Id.*

On March 19, 2024, Ms. Cook filed her response to the Claim Opposition (the "Response").[7]  On March 20, 2024, the Plan Administrator and Consumer Claims Trustee filed a reply in further support of the Claim Opposition (the "Reply").[8]  The Reply argues that Ms. Cook's Response fails to address any of the substantive arguments contained within the Claim Opposition, makes arguments not relevant to the issues raised in the Claim Opposition, and without explanation, references various unrelated statutes, rules, and news articles.

On March 26, 2024, the Court held a hearing on the Claim Opposition.  The Plan Administrator, on behalf of itself and the Consumer Claims Trustee, appeared at the hearing through counsel, and the Claimant appeared pro se.  The Court heard arguments on the Objection and Motion.

---

[6] *Joint Objection to Proof of Claim No. 2927 and Joint Motion to Enjoin Filing of Future Claims by Tina Cook by the Plan Administrator and Consumer Claims Trustee*, ECF No. 5009.

[7] *Response of Tina P. Cook*, ECF No. 5014

[8] *Joint Reply of Plan Administrator and Consumer Claims Trustee in Further Support of the Joint Objection to Proof of Claim No. 2927 and Joint Motion to Enjoin Filing of Future Claims by Tina Cook*, ECF No. 5019.

For the reasons set forth below, the Court grants the Plan Administrator and Consumer Claims Trustee the relief they are seeking in the Claim Opposition. The Court (i) sustains the Objection and disallows and expunges the Third Claim, and (ii) grants the Motion and enjoins the Claimant from filing future claims in these Chapter 11 Cases, including, but not limited to, claims related to the Property.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

### The Loan

Claimant was the owner of real property located at 408 Shady Pines Road in Sunderland, Vermont (the "Property"). On October 18, 2007, Claimant executed a note in favor of Countrywide Home Loans, Inc. (the "Note"), which was secured by a mortgage (the "Mortgage") on the Property.[9] The Mortgage identifies Countrywide Home Loans, Inc., as the Lender and Mortgage Electronic Registration Systems, Inc., as nominee for the Lender, as the mortgagee.

---

[9] The Note and Mortgage are annexed as Exhibit A and Exhibit B, respectively, to *Joint Reply of Plan Administrator and Consumer Representative in Support of the Thirty-Eighth Omnibus Objection with Respect to Claim of Tina Cook (Claim No. 21520)*, ECF No. 3619 (the "First Reply"). The Court takes judicial notice of the Note and Mortgage and the other documents annexed to the First Reply, as they are integral to the Third Claim. *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) ("[Courts] must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (holding that, in a contract action, a court can take judicial notice of the underlying contract as a document "integral to the complaint"); *Leon v. Shmukler*, 992 F. Supp. 2d 179, 184 n.1 (E.D.N.Y. 2014) ("It is well-settled that, in considering a motion to dismiss, courts may take judicial notice of documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records.").

Effective November 1, 2011, Ditech Financial LLC ("Ditech") f/k/a Green Tree Servicing LLC began servicing Claimant's loan. *See* October 21, 2011 Letter to Tina Cook.[10] On June 12, 2014, the loan was assigned to Ditech.

## Vermont Foreclosure Action

On March 30, 2015, in the wake of Claimant's failure to make the required monthly payments under the Mortgage, Ditech filed a complaint against Claimant (the "Foreclosure Complaint")[11] in the Vermont Court initiating the Foreclosure Action.[12] On April 23, 2015, Claimant filed an answer to the complaint (the "Foreclosure Answer"),[13] alleging certain procedural and notice defects in the foreclosure process. *See* Foreclosure Answer at 4. On November 23, 2015, Ditech moved for summary judgment on the Foreclosure Complaint, which the Vermont Court granted on March 11, 2016 (the "Summary Judgment Opinion").[14]

On April 21, 2016, the Vermont Court issued a Judgment and Decree of Foreclosure by Judicial Sale (the "Judgment and Decree of Foreclosure"),[15] setting the redemption date as October 24, 2016. On May 5, 2016, Claimant filed a motion in the Vermont Court requesting permission to appeal, or for reconsideration of, the Judgment and Decree of Foreclosure (the "Motion for

---

[10] The letter is annexed as Exhibit C to the First Reply.

[11] The Foreclosure Complaint is annexed as Exhibit D to the First Reply.

[12] Green Tree Servicing, LLC initiated the action, but became Ditech during the litigation and the case caption was revised accordingly.

[13] The Foreclosure Answer is annexed as Exhibit E to the First Reply.

[14] The Summary Judgment Opinion is annexed as Exhibit F to the First Reply.

[15] The Judgment and Decree of Foreclosure is annexed as Exhibit G to the First Reply.

Permission to Appeal"),[16] without serving a copy of the motion on Ditech. On November 4, 2016, the Vermont Court granted Claimant's Motion for Permission to Appeal.[17]

On November 9, 2016, Ditech filed a Motion to Vacate November 4, 2016 Entry Order Granting Motion for Permission to Appeal (the "Motion to Vacate").[18] Ditech argued that Claimant's failure to serve it with the Motion for Permission to Appeal deprived it of an opportunity to respond to the motion, and argued that the Vermont Court should not grant Claimant leave to appeal. On November 10, 2016, the Vermont Court granted the Motion to Vacate, and provided Claimant an opportunity to respond to Ditech's opposition to the Motion for Permission to Appeal by December 1, 2016. Claimant did not file a response.

On December 6, 2016, the Vermont Court issued an opinion and order denying the Motion for Permission to Appeal (the "Decision on Motion for Permission to Appeal").[19] In its decision, the Vermont Court construed the Motion for Permission to Appeal as both a motion for permission to appeal the Judgment and Decree of Foreclosure and a motion for reconsideration thereof, and denied both. *See* Decision on Motion for Permission to Appeal at 1.

Claimant did not redeem the Property as permitted in the Judgment and Decree of Foreclosure. On March 30, 2017, the Federal National Mortgage Association ("Fannie Mae") purchased the Property at public auction. On April 19, 2017, the Vermont Court entered a

---

[16] The Motion for Permission to Appeal is annexed as Exhibit I to the First Reply. The motion was titled "Motion for Request for Permission to Appeal Order of Judgment and Decree of Foreclosure by Judicial Sale," but in the body of the motion, Claimant crossed out the word "appeal" and handwrote "reconsideration."

[17] The Entry Regarding Motion (dated Nov. 3, 2016) in the Foreclosure Action is annexed as Exhibit J to the First Reply.

[18] The Motion to Vacate is annexed as Exhibit K to the First Reply.

[19] The Decision on Motion for Permission to Appeal is annexed as Exhibit L to the First Reply.

confirmation order (the "Vermont Confirmation Order")[20] foreclosing Claimant's interest in the Property.  In July 2017, Fannie Mae mailed Claimant a notice of termination of tenancy with a termination date of October 27, 2017.  The notice of termination was also served upon Claimant by sheriff.

On November 1, 2017, after Claimant refused to vacate the Property, Fannie Mae, as the purchaser of the Property at the foreclosure sale, commenced an eviction action against Claimant in the Vermont Court.[21]    The underlying complaint (the "Eviction Complaint")[22] sought a judgment evicting Claimant from the Property and awarding Fannie Mae possession of the Property.  In her answer to the Eviction Complaint (the "Eviction Response"),[23] Claimant alleged that Fannie Mae's purchase of the Property was invalid because of Ditech's alleged failure to comply with certain procedural rules under Vermont state law during the foreclosure process. *See* Eviction Response at 3. On May 10, 2018, the Vermont Court rejected Claimant's arguments and granted summary judgment on the Eviction Complaint for Fannie Mae.  The court entered an order (the "Eviction Order")[24] declaring that Fannie Mae was entitled to possession of the Property.

**The Chapter 11 Cases**

On February 11, 2019, Ditech Holding and certain of its affiliates, including Ditech (collectively, the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases").  The Debtors operated their business and maintained their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On

---

[20]  The Vermont Confirmation Order is annexed as Exhibit H to the First Reply.

[21]  *See Fed. Nat'l Mortg. Ass'n v. Cook*, No. 318-11-17Bncv (Vt. Superior Ct. Nov. 1, 2017).

[22]  The Eviction Complaint is annexed as Exhibit M to the First Reply.

[23]  The Eviction Response is annexed as Exhibit N to the First Reply.

[24]  The Eviction Order is annexed as Exhibit O to the First Reply.

February 22, 2019, the Court entered an order fixing April 1, 2019, as the deadline for each person or entity to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[25]  The General Bar Date was twice extended for consumer borrowers and the Court ultimately set the date as June 3, 2019 (the "Consumer Claims Bar Date").[26]

On September 26, 2019, the Debtors confirmed their Third Amended Plan, which went into effect on September 30, 2019.[27]  The Plan Administrator and Consumer Claims Trustee are fiduciaries under the Third Amended Plan.  *See* Third Amended Plan, art. I, §§ 1.130, 1.184, 1.186. The Plan Administrator is charged with winding down, dissolving and liquidating the Wind Down Estates and is provided exclusive authority to object to all Administrative Expense Claims, Priority Tax Claims, Priority Non-Tax Claims, and Intercompany Claims.  *Id.* art. VII, § 7.1.  The Consumer Claims Trustee, on the other hand, is responsible for the reconciliation and resolution of Consumer Creditor Claims and the distribution of the Consumer Creditor Net Proceeds from the Consumer Creditor Recovery Cash Pool to holders of Allowed Consumer Creditor Claims. *See id.* art. I, § 1.41.  As such, she is exclusively authorized to object to Consumer Creditor Claims. *Id.* art. VII, § 7.1.

**The Claims Procedures Order**

The Plan Administrator and Consumer Claims Trustee are authorized to file objections seeking reduction, reclassification, or disallowance of claims.  Under the Claims Procedures

---

[25] *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, ECF No. 90.

[26] *Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers Nunc Pro Tunc*, ECF No. 496.

[27] *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

Order,[28] a properly filed and served response to an objection, omnibus or otherwise, gives rise to

a "Contested Claim." *See* Claims Procedures Order ¶ 3(iv).  Contested Claims are resolved at a

Claim Hearing, which can be scheduled as either a "Merits Hearing," an evidentiary hearing on

the merits of a Contested Claim, or a "Sufficiency Hearing," a non-evidentiary hearing to address

whether a Contested Claim states a claim for relief against the Debtors.  *Id.* ¶ 3(iv)(a), (b).  At a

Sufficiency Hearing, the Court applies the legal standard of review applied on a motion to dismiss

under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").[29]  *Id.* ¶ 3(iv)(a).

### Claimant's First Proof of Claim

On April 25, 2019, the Claimant filed the First Claim.  In it, she asserted a $188,300 claim

stemming from "unliquidated" damages arising from her "mortgage."  *See* First Claim at 2. The

Claimant checked the boxes on the Official Form 410 to indicate that the claim was "secured" by

a lien on property and that the claim was entitled to "priority" supposedly on a number of bases

under section 507(a) of the Bankruptcy Code.  *Id.* at 2.  The First Claim alleged that the fair market

value of the Property is $188,000.  *Id.* at 7.  It also alleged that (i) Ditech lacked standing to

foreclose on the Property, (ii) the Property sold at auction to Fannie Mae for $91,600, instead of

---

[28] *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, ECF No. 1632.

[29] Rule 12(b)(6) is made applicable herein by Rule 7012 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). In filing the Objection, the Consumer Claims Trustee and Plan Administrator initiated a contested matter. *See Pleasant v. TLC Liquidation Tr. (In re Tender Loving Care Health Servs., Inc.)*, 562 F.3d 158, 162 (2d Cir. 2009) (stating that "when a debtor files an objection to a claim, the objection has initiated a contested matter"); Fed. R. Bankr. P. 3007 advisory committee's note to 1983 amendment ("[t]he contested matter initiated by an objection to a claim is governed by Rule 9014 . . . "). Bankruptcy Rule 9014 governs contested matters. The rule does not explicitly provide for the application of Bankruptcy Rule 7012. However, Rule 9014 provides that a bankruptcy court "may at any stage in a particular matter direct that one or more of the other Rules in Part VII shall apply." Fed. R. Bankr. P. 9014.  Here, the Court did so in the Claims Procedures Order.

its alleged fair market value of $180,000, and (iii) Ditech failed to comply with certain Vermont state law procedural rules in conducting the foreclosure.[30]  *Id.*

On February 21, 2020, the Plan Administrator filed the Thirty-Eighth Omnibus Objection, seeking to expunge and disallow the First Claim, among others, as meritless.[31]  On June 1, 2020, Claimant filed a response to the Thirty-Eighth Omnibus Objection as it related to the First Claim (the "First Response").[32]  In it, Claimant essentially repeated the allegations that she asserted in support of in the First Claim. *See* First Response at 4.  On August 17, 2021**,** the Plan Administrator and Consumer Claims Trustee filed the First Reply, a joint reply to the First Response and in further support of the Thirty-Eighth Omnibus Objection. The reply asserted the First Claim was barred by the preclusive effect of the Foreclosure Action, and, in any event, failed to state a legally cognizable claim.  First Reply ¶¶ 16-34.

On August 24, 2021, the Court held a hearing on the Thirty-Eighth Omnibus Objection and heard arguments from the Plan Administrator and Ms. Cook.  *See* First Claim Hearing Transcript at 19-36.[33]  The Court held that the First Claim should be expunged.  *Id*. at 36:12-36:17.  In reaching that conclusion, the Court found that the First Claim was barred by res judicata based on the judgment in the Foreclosure Action.  *Id.* at 34:7-14.  The Court also stated that the First Claim was barred by the conclusive evidentiary presumption embodied in the Vermont Confirmation Order.  *Id.* at 34:18-25 (stating that under Vermont law, "once there's an order confirming the sale,

---

[30] The procedural violations alleged in support of the First Claim are identical to those that Claimant asserted in the Eviction Response filed against Fannie Mae.  First Claim at 7; Eviction Response at 3.

[31] *Thirty-Eighth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims)*, ECF No. 1884.

[32] *Response*, ECF No. 2594.

[33] *See Transcript Regarding Hearing Held on 8/24/2021 at 10:05 AM* (the "First Claim Hearing Transcript"), ECF No. 3652, at 19-36.

that's conclusive evidence that the foreclosure process was done property, and there's really no getting around that"). On September 8, 2021, the Court entered the Order Expunging First Claim.[34]

**Claimant's Second Proof of Claim**

On April 29, 2019, Claimant filed her Second Claim. It consists of a handwritten Proof of Claim, Official Form 410, which is substantially identical to the type-written form submitted with the First Claim. Second Claim at 1-2. The Second Claim asserts a secured, priority claim in the amount of $188,300, based on Claimant's "mortgage." It lists the relevant debtor as "Ditech greentree servicing et al, Federal National Mortgage Assn." *Id.* at 1. Unlike the First Claim, the Second Claim does not include any supporting documentation.

On December 6, 2019, the Plan Administrator and Consumer Claims Trustee filed a joint objection to the Second Claim on the basis that the Second Claim was submitted with insufficient supporting documentation and that there was no support for the Second Claim in the Debtors' books and records.[35] Claimant did not respond to the objection. On January 29, 2020, the Court entered an order disallowing and expunging the Second Claim.

**The Vermont Motions**

On February 7, 2023, Claimant filed additional pleadings in the Foreclosure Action seeking monetary relief against Ditech (the "Additional Motions").[36] On February 10, 2023, Claimant filed amended motions in the Vermont Court to include a motion to stay the Chapter 11 Cases (the "Vermont Motions"). *See* Slack Decl., Ex. M. The amended motions are nearly identical to the

---

[34] *Order Granting Thirty-Eighth Omnibus Objection to Proofs of Claim (No Basis Consumer Creditor Claims) with Respect to Claim of Tina Cook (Claim No. 21520)* (the "Order Expunging First Claim"), ECF No. 3578.

[35] *First Omnibus Objection to Proofs of Claim (No Basis Consumer Claims)*, ECF No. 1666.

[36] The Additional Motions are annexed as Exhibit J to the *Declaration of Richard W. Slack in Support of Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order Against Tina Cook* (the "Slack Decl."), ECF No. 4608.

Third Claim.  On February 21, 2023, Ditech filed its opposition to the Vermont Motions in the Vermont Court (the "Opposition to Vermont Motions").  Claim Opposition ¶ 28.

On May 11, 2023, the Vermont Court denied all the Vermont Motions.  *See* Vermont Decision at 3-4.[37]  The Vermont Court held, among other things, that the Vermont Motions were barred by the Summary Judgment Opinion, Vermont Confirmation Order, Decision on Motion for Permission to Appeal, and Eviction Order and, in particular, that the motions were "barred by res judicata."  *Id.* at 3. The Vermont Court held that "[t]here is no contention of excusable neglect or newly discovered evidence. No substantive arguments are made which could not have been made at the hearing in 2016, or in the two previous motions to reconsider." *Id.*  Moreover, the Vermont Court found that to the extent that the Vermont Motions were to be treated as newly asserted counterclaims, they would have been compulsory counterclaims in the original foreclosure action and as such were waived.  *Id*. at 4.

**<u>Order to Enforce Injunctions</u>**

On February 21, 2023, the Plan Administrator filed a motion in the Chapter 11 Cases to enforce the injunction provisions under the Third Amended Plan and Confirmation Order and to require Claimant to withdraw the Vermont Motions (the "Motion to Enforce Plan Injunctions").[38] On March 23, 2023, Claimant objected to the motion and responded to specific paragraphs in the motion in an answer format indicating whether she agreed or disagreed with the allegations in the paragraph (the "Injunction Response").[39]  Claimant argued that res judicata was inapplicable

---

[37] *Decision on Motion*, Case No. 118-3-15Bncv (Vt. Superior Ct. May 11, 2023) (the "Vermont Decision").  The decision is annexed as Exhibit A to the Claim Opposition.

[38] *Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order Against Tina Cook*, ECF No. 4608.

[39] *Objection to Plaintiff's Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order Against Tina Cook*, ECF No. 4659.

because Ditech defrauded her, the State of Vermont, and the Vermont Court by "dishonestly obtain[ing] foreclosure judgment by deception." Injunction Response at 4.  She asserted her claim was timely filed and had not been previously litigated.  *Id.*  On March 27, 2023, the Plan Administrator filed a reply in further support of the Motion to Enforce Plan Injunctions (the "Injunction Reply").[40]

On May 5, 2023, the Court entered an order granting the Motion to Enforce Plan Injunctions (the "Plan Injunctions Order").[41]  The order enjoined Claimant "from continuing to prosecute, in any manner, or further pursue, the [Vermont Motions]."  Plan Injunctions Order ¶ 2. It further enjoined Claimant from—

> filing any other pleading or other type of filing in the [Foreclosure Action] that (a) seeks monetary relief of any type, including but not limited to damages, fees, disgorgement, restitution, or penalties, or (b) seeks in any way to enjoin the proceedings in these Chapter 11 Cases or in any way interfere with or alter the decision in this Court concerning [the First Claim] which concerned the foreclosure of her property located at 408 Shady Pines Rd, Sunderland, Vermont.

*Id.* ¶ 5.

## Claimant's Third Proof of Claim

On February 10, 2023, Claimant filed the Third Claim.  It asserts a secured claim in the amount of $188,300 based on the "wrongful foreclosure" of the Property.  Third Claim at 2.  On the Form 410, Claimant indicates that the Third Claim did not amend a previously filed claim. *Id.* at 1.

---

[40] *Reply in Further Support of the Motion of the Plan Administrator to Enforce the Plan Injunctions and Confirmation Order Against Tina Cook*, ECF No. 4666.

[41] *Order Granting the Motion of Plan Administrator to Enforce the Plan Injunctions and Confirmation Order Against Tina Cook*, ECF No. 4729.

In support of the Third Claim, Ms. Cook provides a certificate of service and cover sheet captioned with information from the Foreclosure Action and purports to enclose nine motions and a certificate of service. *Id.* at 4-5. The Third Claim attaches a document identical to the Vermont Motions. It asserts eight separate "motions" (labeled as "counts") all relating to some aspect of the foreclosure of her Mortgage.

## The Claim Opposition

As noted, the Claim Opposition includes both the Objection and the Motion. In the Objection, the Plan Administrator and Consumer Clams Trustee argue that: (i) the Third Claim is barred by *res judicata* by prior decisions of the Vermont Court in connection with the foreclosure on Ms. Cook's mortgage and the decisions of this Court in expunging and disallowing her prior two proofs of claim; and (ii) the Third Claim is untimely as it was filed nearly four years after the applicable bar date. Claim Opposition ¶¶ 39-53.

The Plan Administrator and Consumer Claims Trustee also request that the Court employ its equitable power under section 105(a) of the Bankruptcy Code and issue a filing injunction against Ms. Cook. *Id.* ¶¶ 60-65. They contend this filing restriction is especially appropriate here as she has already filed three proofs of claim which all concern the same arguments that have repeatedly been held meritless. *Id.* ¶¶ 61, 63. They also say the Court has authority to sanction Ms. Cook if it finds she had no reasonable basis to file the Third Claim. *Id.* ¶ 65 n.7.[42]

---

[42] The Claim Opposition also contends that the Third Claim is not secured or entitled to priority status. Claim Opposition ¶¶ 54-59. The Plan Administrator and Consumer Claims Trustee assert that "Ms. Cook appears to misunderstand the concept of a secured claim . . . Ms. Cook does not have any lien on the Debtors' property. Instead she mistakenly confuses the lien on her property as being sufficient to establish a secured claim for purposes of a proof of claim against the Debtors." *Id.* ¶ 57. The Court does not address whether the Third Claim is a secured or priority claim, as it dismisses the Third Claim.

**Claimant's Response**

In her Response, Claimant does not address the Objection, except to say that she "disagrees" with the Plan Administrator's arguments. *See* Response at 11-12. Instead, in the Response, Claimant:

(i) Requests leave of the Court to file a Motion In Limine to strike the Injunction Reply filed by Ditech, as untimely filed under Local Bankruptcy Rule 9078-1. She also asserts that she has yet to receive a physical copy of the Injunction Reply, or any exhibits contained therein. In addition, she says that she has not received a physical copy of the Opposition to Vermont Motions filed by Ditech with the Vermont Court. Ms. Cook asserts that the opposition was filed February 21, 2023, without proper service to her in violation of the "rules of service procedure." She says that she only discovered the opposition when she reviewed the Debtors' docket sheet and found it included in the Injunction Reply. She asserts that Ditech is improperly attempting to wrongfully enter that opposition into evidence as an unmarked exhibit without proper service to her in violation of the rules of service procedure. She says that this is further evidence of Ditech's continued misconduct in this case.

(ii) Purports to quote a nonexistent Local Bankruptcy Rule in the Southern District of New York, as follows:

(B)    the debtor's obligation to file and serve an appropriate response to the initial pleading and the consequences of failing timely to answer or move with respect to the pleading;

(C)    the requirements of form and time limits applicable to the preparation, filing and service of a responsive pleading; and

(D)    how to serve and file a responsive pleading;

(e) Objection.

Any objection to the proposed order shall be in writing, conform to the requirements set forth in S.D.N.Y. JLG 9013-1, and be served so as to be received by the proponent and filed with proof of service at least 7 days prior to the date set for the presentment of the; proposed order.[43]

---

[43] Claimant is actually citing various parts of the Local Bankruptcy Rules for the Eastern District of New York (the "EDNY Local Rules"), specifically Rule 2090-2, which deals with the appearance of the debtor's counsel and Rule 2002-1, which deals with notices of presentment. *Compare* EDNY Local Rules 2002-1(e) ("Any objection to the proposed order shall be in writing, conform to the requirements set forth in E.D.N.Y. LBR 9013-1, and be served so as to be received by the proponent and filed with proof of service at least 7 days prior to the date set for the presentment of the proposed order.") *with* Response ¶ 2 ("Any objection to the proposed order shall be in writing, conform to the

(iii) Cites to section 363(o) of the Bankruptcy Code and quotes from the legislative history of section 363(o) and an article discussing section 363(o).[44]

(iv) Quotes from an unrelated Memorandum Decision and Order issued by the Court in the Chapter 11 Cases, as follows:

> *In re Ditech Holding Corp.*, 19-10412 (JLG), 6 n.14 (Bankr. S.D.N.Y. Aug. 20, 2021) ("Plan § 4.6(b). Section 5.6(d)(iii) of the Plan provides that the Plan does not 'affect a Borrower's right, if any, to correct any inaccurate statement of amounts due under the Borrower's loan or any other inaccurate terms related to the Borrower's loan.' *Id.* § 5.6(d)(iii).")[45]

(v) Cites to 11 U.S.C. § 1127 of the Bankruptcy Code and includes the following quote:

> [D]ebts which have "Priority" status are not discharged by bankruptcy. If the debt is not discharged, you will still have to pay the debt. Priority debts may include: attorney fees related to bankruptcy, certain taxes, student loans, child support, alimony, debts incurred by fraud, debts for willful and malicious injury to a person or property . . .

(vi) Asserts that her deed to the Property lists two different addresses for the Property: (1) 408 Shady Pines Rd., Manchester, Vermont 05255, and (2) 408 Shady Pines Rd., Sunderland, Vermont 05250. She says that those are different properties. She asserts that the deed runs afoul of federal consumer financial law 12 U.S.C. § 5586.[46] She says that, as the term is defined in the Dodd-Frank Act, the term

---

requirements set forth in S.D.N.Y. JLG 9013-1, and be served so as to be received by the proponent and filed with proof of service at least 7 days prior to the date set for the; proposed order.").

[44] *See* Jones Day, *Section 363 Does Not Apply to Chapter 11 Sales*, (Dec. 2019), https://www.jonesday.com/en/insights/2019/12/section-363-does-not-apply.

[45] *See Memorandum Decision and Order Granting the Joint Motion of Plan Administrator and Consumer Representative to Enforce the Plan Injunctions and Confirmation Order Against Darryl K. Browder, Hold Him in Contempt, and Impose Sanctions*, ECF No. 3627 at 7 n.14.

[46] Section 5586 relates to the interim authority of the Secretary of the Treasury to perform the functions of the Bureau of Consumer Financial Protection. That section states that:

> (a)  In general
>
> The Secretary is authorized to perform the functions of the Bureau under this part until the Director of the Bureau is confirmed by the Senate in accordance with section 5491 of this title.
>
> (b)  Interim administrative services by the Department of the Treasury

"federal consumer financial law" includes over a dozen existing federal consumer protection laws, including the Truth in Lending Act, the Real Estate Settlement Procedures Act, and the Equal Credit Opportunity Act, as well as title X of the Dodd-Frank Act itself. 12 U.S.C. § 5481(12), (14). She maintains that the Property was wrongfully foreclosed and that the foreclosure is void. She says that she should be awarded damages.

(vii) Maintains that she paid a considerable amount in title insurance and requested, many times, that the plaintiffs to correct the deed, which they refused to do. She says that "[a]t this point the title is very muddy."

*Id.* ¶¶ 1-9.

**The Reply**

In the Reply, the Plan Administrator and Consumer Claims Trustee assert that the Response fails to address any of the arguments raised in the Claim Opposition. Reply ¶ 1. They state that Claimant makes a "series of difficult-to-decipher arguments" that do not relate to the issues raised, but rather to the previously adjudicated Motion to Enforce Plan Injunctions. *Id.* ¶ 3. They also say she cites to various irrelevant articles, statutes, and rules such as section 363(o) of the Bankruptcy Code and the EDNY Local Rules without any explanation as to their applicability. *Id.* ¶ 4. The Plan Administrator and Consumer Claims Trustee assert that none of Ms. Cook's potential arguments, including those regarding the address of the Property in the deed, alter the application of res judicata and its bar to the Third Claim. *Id.* ¶ 5.

**DISCUSSION**

In reviewing the merits of the Claim Opposition and the Response, the Court will first consider the Objection, and then review the Motion. In doing so, the Court construes the Response in the light most favorable to the pro se Claimant to state the strongest arguments that they

---

The Department of the Treasury may provide administrative services necessary to support the Bureau before the designated transfer date.

12 U.S.C. § 5586.

suggest. *Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012 ("[a] document filed *pro se* is 'to be

liberally construed . . . '" (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))); *Estelle v. Gamble*,

429 U.S. 97, 106 (1976)  (noting that "a pro se complaint, 'however inartfully pleaded,' must be

held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be

dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief.'" (quoting *Haines v. Kerner*, 404

U.S. 519, 520-21 (1972))).

## **The Objection**

The Plan Administrator and Consumer Claims Trustee seek to disallow and expunge the

Third Claim on the grounds that (i) it is barred as a late-filed claim, and (ii) it is barred by

application of the doctrine of res judicata.  The Court considers those matters below.

### Late-Filed Claim

Section 502 of the Bankruptcy Code governs the allowance of claims filed in a bankruptcy

case.  Pursuant to section 502(a)(1), "a claim ... proof of which is filed under section 501 of this

title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a). The filing of

a proof of claim constitutes "prima facie evidence of the validity and amount of a claim."  Fed. R.

Bankr. P. 3001(f).

Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11

U.S.C. § 502(b); *see also Travelers Cas. and Sur. Co. of Am. v. Pac. Gas and Elec. Co.*, 549 U.S.

443, 449 (2007) (holding that, under the Bankruptcy Code, the court "'shall allow' [a] claim

'except to the extent that' the claim implicates any of the nine exceptions enumerated in § 502(b)."

(quoting 11 U.S.C. § 502(b)); *HSBC Bank USA, N.A. v. Calpine Corp.*, No. 07 Civ. 3088, 2010

WL 3835200 at *5 (S.D.N.Y. Sept. 15, 2010) ("All claims are allowed unless specifically proscribed by one of the nine exceptions listed in § 502(b)." (citing *Travelers*, 549 U.S. at 449)).

"[A] bar order does not 'function merely as a procedural gauntlet,' but as an integral part of the reorganization process.  If individual creditors were permitted to postpone indefinitely the effect of a bar order . . . the institutional means of ensuring the sound administration of the bankruptcy estate would be undermined*." First Fidelity Bank, N.A. v. Hooker Invs., Inc. (In re Hooker Invs., Inc.)*, 937 F.2d 833, 840 (2d Cir. 1991) (quoting *United States v. Kolstad (In re Kolstad)*, 928 F.2d 171, 173 (5th Cir. 1991)).  Pursuant to section 502(b)(9), with certain exceptions that are not relevant here, the Court will disallow a claim when "proof of such claim is not timely filed . . . ."  11 U.S.C. § 502(b)(9).  The Third Claim was filed on February 10, 2023, nearly four years after the Consumer Claims Bar Date of June 3, 2019.  The Plan Administrator and Consumer Claims Trustee have demonstrated grounds to disallow and expunge the Third Claim as not timely filed under section 502(b)(9).

The Court notes that Claimant is proceeding pro se.  In assessing the merits of the Objection, the Court will consider whether Claimant could likely demonstrate grounds in support of a late-filed claim.  The Federal Rules of Bankruptcy Procedure provide that—

> when an act is required or allowed to be done at or within a specified period . . . by order of court, the court for cause shown may at any time in its discretion . . . on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b)(1). This rule governs the admission of proofs of claim filed after a court-ordered bar date.  *See Pioneer Inv. Servc. Co. v. Brunswick Associated Ltd. P'ship,* 507 U.S. 380, 385 (1993) ("The 'excusable neglect' standard of Rule 9006(b)(1) governs late filings of proofs of claim in Chapter 11 cases but not in Chapter 7 cases."); *see also Midland Cogeneration Venture*

*Ltd. P'ship v. Enron Corp. (In re Enron Corp.),* 419 F.3d 115, 121 (2d Cir. 2005) ("Rule 9006 governs the admission of proofs of claim filed after a court-ordered bar date.").  Under *Pioneer,* the determination of excusable neglect "is at bottom an equitable one" that takes into account—

> all relevant circumstances surrounding the party's omission . . . includ[ing] . . . [1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.

507 U.S. at 395.  The *Pioneer* factors are not given equal weight.  *See Silivanch v. Celebrity Cruises, Inc.,* 333 F.3d 355, 366 (2d Cir. 2003). While "three of the factors" of the *Pioneer* test "usually weigh in favor of the party seeking the extension," the Second Circuit "focuse[s] on the third" of the four factors: "the reason for the delay, including whether it was within the reasonable control of the movant."  *Id.* (quoting *Pioneer,* 507 U.S. at 395); *Matter of Pac. Drilling S.A.*, 616 B.R. 634, 643 (Bankr. S.D.N.Y. 2020) (emphasizing that "it is the third factor – the reason for delay – that predominates, and the other three are significant only in close cases." (quoting *Williams v. KFC Nat. Mgmt. Co.*, 391 F.3d 411, 415-16 (2d Cir. 2004))).

"The burden of proving excusable neglect lies with the late-claimant." *In re Enron Corp.,* 419 F.3d at 121 (quoting *Jones v. Chemetron Corp.,* 212 F.3d 199, 205 (3d Cir. 2000)).  It is a difficult burden to satisfy.  The Second Circuit "has 'taken a hard line in applying the *Pioneer* test.'" *Seinfeld v. WorldCom, Inc.,* No. 06 Civ. 13274(DLC), 2007 WL 987867, at *3 (S.D.N.Y. Apr. 4, 2007) (quoting *Enron,* 419 F.3d at 122), *aff'd sub nom. In re WorldCom, Inc.,* 283 F. App'x 876 (2d Cir. 2008) (summary order). Indeed, the Circuit has indicated that "failure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect" and that where the "rule is entirely clear, [it] continue[s] to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re Lynch*, 430 F.3d

600, 604 (2d Cir. 2005) (quoting *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250-51 (2d Cir. 1997)).  Claimant filed the Third Claim almost four years after the Consumer Claims Bar Date and provides no explanation regarding the timeliness of her claim in the Response.  She was well aware of the Consumer Claims Bar Date as she previously filed two timely claims, both of which were adjudicated before Claimant filed the Third Claim.  The Third Claim essentially seeks the same relief as the First and Second Claims.  Claimant cannot and has not attempted to establish "excusable neglect" in support of the Third Claim.

The Court disallows and expunges the Third Claim as a late-filed claim under section 502(b)(9) of the Bankruptcy Code.

### Application of the Doctrine of Res Judicata

Pursuant to the Claims Procedures Order, the legal standard of review at a Sufficiency Hearing is equivalent to the standard applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6). *See* Claims Procedures Order ¶ 3(iv)(a).

Under Rule 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "The affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion 'when all of the relevant facts are shown by the court's own records.'" *Freeman v. Sikorsky Aircraft Corp.*, 151 F. App'x 91, 92 (2d Cir. 2005) (quoting *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir. 1992)); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 498 (2d Cir. 2014).  *Res judicata* is grounded in the Full Faith and Credit Clause of the United States Constitution, and acts as an absolute bar to "relitigation if '(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; (3) the claims asserted in the subsequent action were, or could have been, raised

in the prior action.'" *Soules v. Connecticut, Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52,

55 (2d Cir. 2018) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000)).

A state court decision "has the same preclusive effect whether it is used in a subsequent

state court proceeding or federal court proceeding." *Giglio v. Nisivoccia (In re Nisivoccia)*, 502

B.R. 139, 151 (Bankr. E.D.N.Y. 2013). Likewise, "*res judicata* applies with equal force to final

judgments rendered by the bankruptcy courts and thus precludes relitigation in another bankruptcy

proceeding and in other proceedings before Federal and State Courts." *In re Dabrowski*, 257 B.R.

394, 405 (Bankr. S.D.N.Y. 2001) (quoting *Air Line Pilots Intl. v. Continental Airlines, Inc. (In re

Continental Airlines, Inc.)*, 145 B.R. 404, 409 (D. Del. 1992)).

## Vermont Court Decisions

"To determine the effect of a state court judgment, federal courts . . . are required to apply

the preclusion law of the rendering state." *See Conopco, Inc. v. Roll Int'l*, 231 F.3d 82, 87 (2d Cir.

2000). Under Vermont law, res judicata "bars the litigation of a claim or defense if there exists a

final judgment in former litigation in which the parties, subject matter and causes of action are

identical or substantially identical." *Sutton v. Purzycki*, 295 A.3d 377, 387-88 (Vt. 2022). The

doctrine applies in equal measure to both claims brought in a prior litigation and claims that should

have or could have been brought. *Id.* at 388. In the foreclosure context, a final judgment and

foreclosure decree settles all issues related to the validity of the mortgage, note, and foreclosure

proceedings. *Stowe Ctr. v. Burlington Sav. Bank*, 451 A.2d 1114, 1115 (Vt. 1982) (holding that a

final foreclosure decree settles all issues related to the validity of the mortgage and notes, and res

judicata bars future actions based on the foreclosure proceeding); *Russo v. McKay*, 2007 WL

5313387, at *2 (Vt. Dec. 1, 2007) (finding that trial court correctly applied the doctrine of res

judicata to bar claims for fraud and deceit where the court found "that the parties to this suit were

22

the same as those in the earlier foreclosure action, that the subject matter involved the same property, and that the claims and relief sought here all logically related to the validity of the underlying mortgage and note, and therefore should have been raised in the earlier proceeding."); *see also TBF Fin., LLC v. Gregoire*, 118 A.3d 511, 518 (Vt. 2015) (noting that in Vermont, foreclosure decrees are final judgments which is reflective of the "strong legislative policy favoring the finality of foreclosure judgments.").

Here, the parties and subject matter of the Third Claim are identical to those in the Foreclosure Action. Claimant has already had a full and fair opportunity to litigate with Ditech issues related to the foreclosure and sale of the Property in Vermont; first, during the Foreclosure Action, and second, during the subsequent Motion for Permission to Appeal (which was treated, in part, as a motion for reconsideration). *See* Foreclosure Answer at 4; Motion for Permission to Appeal.  As set forth in the Summary Judgment Opinion, Claimant raised issues related to the Debtors' handling of the Mortgage during the Foreclosure Action in the Foreclosure Answer. Summary Judgment Opinion at 3.  Claimant was an active litigant in the Foreclosure Action and had multiple opportunities to raise her defenses there.

The Vermont Court already held that the claims asserted in the Vermont Motions, which are nearly identical to the claims asserted in the Third Claim, were barred by the Summary Judgment Opinion, Vermont Confirmation Order, Decision on Motion for Permission to Appeal, and Eviction Order and, in particular, that the Vermont Motions were "barred by res judicata." Vermont Decision at 3. To the extent that the Vermont Motions were to be treated as newly asserted counterclaims, the Vermont Court found that they would have been compulsory counterclaims in the original foreclosure action and, as such, were waived. *Id.* at 4.

The Court finds no merit to the Claimant's assertion that the arguments in the Third Claim are "different from those asserted in the Vermont Foreclosure Action." Third Claim at 7. Rather, all of the claims in the Third Claim have either previously been adjudicated to finality by the Vermont Court or are claims that could have been raised in the Foreclosure Action. In the Third Claim, Claimant alleges that the Debtors improperly foreclosed on and sold the Property. That was the basis of Claimant's arguments in the Foreclosure Action. This Court has already found that the Vermont Confirmation Order conclusively determined that the foreclosure and sale were proper. First Claim Hearing Transcript at 34:14–25. Moreover, this Court has already found that Ms. Cook's nearly identical First Claim was barred by the res judicata effect of the Foreclosure Action. First Claim Hearing Transcript at 33:24-36:6. The same result is mandated with respect to the Third Claim.

The Court disallows and expunges the Third Claim on the additional ground that it is barred by the res judicata effect of the Foreclosure Action.

**The Order Expunging First Claim**

"Res judicata bars litigation on a claim if an 'earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" *See Hansen v. Miller*, 52 F.4th 96, 100-01 (2d Cir. 2022) (quoting *Cho v. Blackberry Ltd.*, 991 F.3d 155, 168 (2d Cir. 2021)); *see also EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). "The normal rules of res judicata and collateral estoppel apply to the decisions of bankruptcy courts." *Katchen v. Landy*, 382 U.S. 323, 334 (1966); *see also Sec. Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 597 B.R. 466, 476 (Bankr. S.D.N.Y. 2019) ("If the bankruptcy court must determine the same issues or claims in connection with the adversary proceeding and the allowance of the proof

of claim, a determination of the issue or claim in one proceeding will preclude the relitigation of the same issue or claim in the other proceeding.").

The Order Expunging First Claim constitutes a final judgment on the merits by a court of competent jurisdiction. *See U.S. v. Alfano*, 34 F. Supp. 2d 827, 833 (E.D.N.Y. 1999) ("[B]ankruptcy courts are courts of competent jurisdiction which render final judgments on the merits."). Accordingly, the first two prongs of the res judicata test are satisfied. The third prong of the test is satisfied because the First and Third Claims involve the exact same parties. The fourth prong is satisfied because the basis of the First Claim—improper foreclosure of the Property—is the same basis as the claims asserted in the Third Claim. *See* Third Claim at 2 ("Please find enclosed the following amendment(s) for filing with the Court in the above-referenced matter . . . Motion to Vacate Wrongful Foreclosure Judgment").

The Court disallows and expunges the Third Claim on the additional ground that it is barred by the res judicata effect of the Order Expunging the First Claim.

**The Motion**

The Plan Administrator and Consumer Claims Trustee seek an order enforcing the Consumer Claims Bar Date, by enjoining Claimant from filing future claims, including, but not limited to, claims related to the Property. Claim Opposition ¶¶ 60-61. Ms. Cook objects to and disagrees with "plaintiff's argument" and requests the Court deny the motion. Response at 11, 13. However, she fails to articulate any discernable reason or argument in opposing the Motion.

Section 105(a) of the Bankruptcy Code gives the court equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" and permits the bankruptcy court to take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a); *see*

also *New England Dairies, Inc. v. Daily Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91-92 (2d Cir. 2003) ("Section 105(a) of the Bankruptcy Code gives the court equitable power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." (quoting 11 U.S.C. § 105(a))). Accordingly, "[s]ection 105(a) limits the bankruptcy court's equitable powers, which 'must and can only be exercised within the confines of the Bankruptcy Code.'" *FDIC v. Colonial Realty Co.*, 966 F.2d 57, 59 (2d Cir. 1992) (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988)). In other words, section 105(a) "does not 'authorize the bankruptcy courts to create substantive rights that are otherwise unavailable under applicable law, or constitute a roving commission to do equity.'" *In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d 86 at 92 (quoting *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986)).

The Second Circuit has outlined factors for courts to consider in determining whether a filing injunction is appropriate including:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

Application of these factors supports the requested relief. First, the Third Claim is the fifth time Ms. Cook is raising substantially the same claims in Vermont Court and this Court, including filing three proofs of claim in this Court seeking redress related to the foreclosure on her mortgage.

Through the filing of these claims and motions in the Vermont Court and this Court, Claimant has demonstrated a history of vexatious, harassing, and duplicative litigation. Second, given that the Vermont Court and this Court have already found that her claims have no merit (as a matter of the merits of her claims and res judicata grounds), Claimant cannot have a reasonable, good faith expectation of prevailing on her claims. Third, through the filing of various pleadings and claims in the Vermont Court and this Court, Claimant has caused the Plan Administrator and Consumer Claims Trustee needless expense and has posed an unnecessary burden on this Court, the Vermont Court, and each of their personnel. Fourth, other sanctions are unlikely to prevent the continued filing of vexatious claims by Claimant.  The Court finds that the record herein demonstrates that, absent the issuance of an injunction, it is likely that Claimant will continue to abuse the judicial process. *Deep v. Danaher*, 393 B.R. 51, 55 (N.D.N.Y. 2008) ("Clearly, it is 'in accordance with the Bankruptcy Code' to issue an injunction that enables the bankruptcy court's orders to be meaningful, rather than continually thwarted by frivolous filings aimed at preventing the implementation of the bankruptcy court's orders and harassing litigants." (citing 11 U.S.C. § 105(a))).

In reaching this determination, the Court has considered the fact that the Claimant is proceeding pro se.  Courts have enjoined future litigation by pro se parties in similar circumstances. *See, e.g.*, *Buczek v. Nationstar Mortg. LLC (In re Buczek)*, No. 22-1920-BK, 2023 WL 6618901, at *4 (2d Cir. Oct. 11, 2023) (affirming bankruptcy court's injunction on pro se litigant where asserted claims were barred by res judicata was not an abuse of its discretion); *Moise v. Ocwen Loan Servicing LLC (In re Moise)*, 575 B.R. 191, 207 (Bankr. E.D.N.Y. 2017) (enjoining litigant from challenging the foreclosure judgment based on his litigious conduct).  Moreover, the Court finds that the scope of the requested injunction is not overly broad as to be impermissible.  *Cf.*

27

*Safir*, 792 F.2d 19, 25 (modifying an injunction barring litigant from instituting any action whatsoever); *Vassel v. Firststorm Properties 2 LLC,* 750 F. App'x 50, 53 (2d Cir. 2018) (vacating injunction in part as to the broader prohibition on filing state court actions but affirming the ability to file suit against certain parties).

### Claimant's Request to File Motion in Limine

In the Response, Ms. Cook requests permission to file a motion in limine to strike the Injunction Reply as untimely and because it improperly attempted to enter the Opposition to Vermont Motions into evidence. Response at 5-6. Claimant contends Ditech never served her physical copies of the Injunction Reply or the Opposition to Vermont Motions in the Foreclosure Action. *Id.*

The Court's "inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *D.R. by Rodriguez v. Santos Bakery, Inc.*, 675 F. Supp. 3d 355, 358 (S.D.N.Y. 2023) (quoting *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)). "An *in limine* motion is intended 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Ridge v. Davis*, 639 F. Supp. 3d 465, 470 (S.D.N.Y. 2022) (quoting *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). A motion *in limine* is granted, and the requested evidence excluded, only if the evidence is inadmissible on all possible grounds. *Monroe v. Town of Haverstraw*, 639 F. Supp. 3d 459, 462 (S.D.N.Y. 2022).

The Court finds no merit to Claimant's assertion that the Injunction Reply should be stricken as untimely. The documents which Claimant says she did not receive via physical mail are ones to which Claimant has had an opportunity to respond. In fact, on March 30, 2023, the

Court held a hearing on the Motion to Enforce Plan Injunctions upon which the Court considered the motion, Ms. Cook's response, and the Injunction Reply. *See* Plan Injunctions Order at 2. The Plan Administrator and Ms. Cook made arguments in support of their positions at the March 30, 2023 hearing. *Id.* Therefore, to the extent that Claimant is raising a due process challenge, she has been afforded the process that she is due, since "[i]f a party receives actual notice that apprises it of the pendency of the action and affords an opportunity to respond, the due process clause is not offended." *Baker v. Latham Sparrowbush Assocs.*, 72 F.3d 246, 254 (2d Cir. 1995). Ms. Cook had an opportunity to challenge the timeliness of the Injunction Reply at the hearing. If she failed to do so, the Court deems Claimant to have waived the right to challenge the Injunction Reply and cannot raise such an objection now.

Relatedly, the Court does not perceive any service of process argument that Claimant could have articulated by reference to either the EDNY Local Rules or Vermont service rules. The EDNY Local Rules do not prescribe the procedures of this Court. Moreover, under the Local Bankruptcy Rules for this Court, a party is required to serve its reply no later than 4:00 p.m. three days before the return date. *See* SDNY Local Rule 9006-1. The return date of the Motion to Enforce Plan Injunctions was March 30, 2023, and the record shows the Injunction Reply was served via e-mail and first-class mail on March 27, 2023. [47] This was three days before the return date and thus complies with the service requirements of the Court. Whatever rules Vermont may prescribe on service of process are not ones that bind the Court and it sees no basis to permit the Claimant's ostensible collateral attack on the proceedings in the Vermont Court.

---

[47] *Affidavit of Service of Angharad Bowdler*, ECF No. 4680.

To the extent Claimant seeks to strike the Injunction Reply due to the inclusion of the Opposition to Vermont Motions as an exhibit, the Court denies this request.   The Plan Administrator included the opposition in the Injunction Reply to provide background and indicate that a response had been submitted in the Foreclosure Action and a summary of the arguments in the opposition.  *See* Injunction Reply ¶¶ 5-6. ("As a brief update, the same day the Motion [to Enforce Plan Injunctions] was filed on February 21, 2023, the Wind Down Estates filed an opposition to Ms. Cook's Vermont filing.").  The Court is permitted to take judicial notice of such documents.  *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts, again not for the truth of the matters asserted in the other litigation, but rather to establish that fact of such litigation and related filings.").

Accordingly, the Court denies Claimant's request for permission to file a motion in limine to strike the Injunction Reply.

## **CONCLUSION**

For the reasons set forth herein, the Court sustains the Objection and disallows and expunges the Third Claim.  The Court grants the Motion and enjoins Ms. Cook from filing future claims in this proceeding and enjoins Ms. Cook from filing future claims relating to the Property in any court.

IT IS SO ORDERED.


Dated: March 26, 2024
       New York, New York


                                        /s/ *James L. Garrity, Jr.*
                                        Honorable James L. Garrity, Jr.
                                        United States Bankruptcy Judge