| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |

------------------------------------------------------- x

In re:

Ditech Holding Corporation, *et al.*,

                      Debtors.[1]

Case No. 19-10412 (JLG)

Chapter 11

(Jointly Administered)

------------------------------------------------------- x

## MEMORANDUM DECISION AND ORDER
## SUSTAINING THE CONSUMER CLAIMS TRUSTEE'S TWENTY-FIFTH
## OMNIBUS OBJECTION WITH RESPECT TO THE CLAIM OF
## <u>RODNEY AND VERONICA KIRTON</u>

**APPEARANCES:**

JENNER & BLOCK, LLP
*Attorneys for the Consumer Claims Trustee*
1155 Avenue of the Americas
New York, New York 10036
By:    Richard Levin

RODNEY and VERONICA KIRTON
*Appearing Pro Se*
2257 South Primrose Ave
Monrovia, California 91016

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1404 (the "Third Amended Plan"), which created the Wind Down Estates. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief*, ECF No. 3903 (the "Closing Order"). References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412. Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "Remaining Wind Down Estate") remains open and, as of February 22, 2022, all motions, notices, and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number are (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Boulevard, Suite 300, League City, Texas 77573.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

On March 29, 2019, Rodney and Veronica Kirton (the "Claimants") filed Proof of Claim No. 560 (the "Claim") as a secured claim in the amount of $21,193.88 against Ditech Holding Corporation (f/k/a Walter Investment Management Corporation) ("Ditech"). Claimants are acting pro se in this contested matter.

On June 12, 2020, the Consumer Claims Trustee filed her Twenty-Fifth Omnibus Objection (the "Objection").[3] In the Objection, she seeks to disallow the Claim, among other claims, on the grounds that it fails to state a legal basis for liability against Ditech. On or about June 30, 2020, Claimants sent documents in support of the Claim to the Consumer Claims Trustee. The Consumer Claims Trustee filed them with the Court on April 22, 2024 (the "Trustee/Kirton Response").[4] On April 22, 2024, Claimants filed their own response to the Objection (the "Response").[5] It includes the same documents contained in the Trustee/Kirton Response. On April 30, 2024, the Consumer Claims Trustee filed a reply, together with certain exhibits (the "Exhibits"), in support of the Objection.[6] On May 8 and 9, 2024, the Consumer Claims Trustee

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection, Claims Procedures Order, and Third Amended Plan, as applicable. References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412.

[3] *Consumer Claims Trustee's Twenty-Fifth Omnibus Objection to Proofs of Claim (Insufficient Legal Basis Unsecured Consumer Creditor Claims)*, ECF No. 2544.

[4] *Response of Rodney & Veronica Kirton to the Twenty-Fifth Omnibus Objection to Proofs of Claim (Insufficient Documentation Unsecured Consumer Creditor Claims) Rodney & Veronica Kirton (Claim 560)*, ECF No. 5046. All internal citations to the Response are to the PDF pages of the Trustee Response.

[5] *Response to the Consumer Claims Trustee's Objection*, ECF No. 5052.

[6] *Reply of the Consumer Claims Trustee in Support of the Consumer Claims Trustee's Twenty-Fifth Omnibus Objection (Insufficient Legal Basis Unsecured Consumer Creditor Claims) with Respect to the Claim of Rodney & Veronica Kirton (Claim 560)*, ECF No. 5056.

filed, respectively, her First Amended Reply[7] and Second Amended Reply[8] to correct filing errors related to the Exhibits.  References herein to the "Reply" will be to the Second Amended Reply.

Pursuant to the Claims Procedures Order,[9] the filing of Claimants' Response adjourned the Objection to provide an opportunity for the Court to conduct a Sufficiency Hearing on the Claim.  At the Sufficiency Hearing, the Court employs the legal standard of review applied to a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").  Claims Procedures Order ¶ 3(iv)(a).

On May 30, 2024, the Consumer Claims Trustee, through counsel, and Claimants appeared at the Sufficiency Hearing, and the Court heard arguments from the parties.  The Court has reviewed the Claim, Objection, Response, and Reply, including all documents submitted in support thereof, and has considered the arguments made by the parties in support of their positions.

As explained below, accepting the well-pleaded factual allegations asserted by Claimants in support of the Claim as true, drawing all reasonable inferences in Claimants' favor, and liberally construing the Claim and Response to raise the strongest arguments that they suggest, the Claim fails to state a plausible claim for relief against Ditech.  Accordingly, the Court sustains the Objection and disallows and expunges the Claim.

---

[7] *See Amended Reply of the Consumer Claims Trustee in Support of the Consumer Claims Trustee's Twenty-Fifth Omnibus Objection (Insufficient Legal Basis Unsecured Consumer Creditor Claims) with Respect to the Claim of Rodney & Veronica Kirton (Claim 560)*, ECF No. 5065 (the "First Amended Reply").

[8] *Second Amended Reply of the Consumer Claims Trustee in Support of the Consumer Claims Trustee's Twenty-Fifth Omnibus Objection (Insufficient Legal Basis Unsecured Consumer Creditor Claims) with Respect to the Claim of Rodney & Veronica Kirton (Claim 560)*, ECF No. 5066 (the "Second Amended Reply").

[9] *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, ECF No. 1632.

## JURISDICTION

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

**The Loan**

On or around June 5, 2007, Claimants executed a promissory note in favor of Reunion Mortgage Inc. in the amount of $50,150.00 (the "Note"). The Note was secured by a mortgage (the "Mortgage,"[10] and with the Note, the "Loan") on real property located at 5141 Hammond St., Baton Rouge, LA 70805 (the "Property").

On or around May 24, 2019, the Loan was assigned to New Residential Mortgage, LLC ("New Residential").[11] On July 17, 2019, New Residential initiated a foreclosure action against Claimants (the "Foreclosure Action").[12] In support of the foreclosure petition (the "Foreclosure Petition"),[13] New Residential alleged that the Loan was in default as of October 1, 2018, and that

---

[10] The Mortgage is annexed as Exhibit A to the Reply. The Court takes judicial notice of the Mortgage and the other documents annexed to the Reply as they are integral to the Claim. *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) ("[Courts] must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *see Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (holding that, in a contract action, a court can take judicial notice of the underlying contract as a document "integral to the complaint"); *Leon v. Shmukler*, 992 F. Supp. 2d 179, 184 n.1 (E.D.N.Y. 2014) ("It is well-settled that, in considering a motion to dismiss, courts may take judicial notice of documents attached to, integral to, or referred to in the complaint, as well as documents filed in other courts and other public records.").

[11] The assignment is annexed as Exhibit B to the Reply.

[12] *See New Residential Mortg., LLC v. Kirton*, No. 19-022574 (La. 19th Jud. Dist. Ct. July 17, 2019).

[13] The Foreclosure Petition is annexed as Exhibit C to the Reply.

4

the unpaid balance was $39,702.20. On or about November 22, 2019, Claimants executed a deed-in-lieu of foreclosure to resolve the Foreclosure Action (the "Deed-in-Lieu").[14]

**The Chapter 11 Cases**

On February 11, 2019, Ditech and certain of its affiliates (collectively, the "Debtors") filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remained in possession of their business and assets as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019, as the deadline for each person or entity to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[15] The Court extended the General Bar Date for consumer borrowers to June 3, 2019.[16]

On September 26, 2019, the Debtors confirmed their Third Amended Plan, and it became effective on September 30, 2019.[17] The Consumer Claims Trustee is a fiduciary appointed under the Third Amended Plan who is responsible for the reconciliation and resolution of Consumer Creditor Claims and distribution of the Consumer Creditor Net Proceeds from the Consumer Creditor Recovery Cash Pool to holders of Allowed Consumer Creditor Claims in accordance with the Third Amended Plan. *See* Third Amended Plan, art. I, § 1.41. The Consumer Claims Trustee has the exclusive authority to object to Consumer Creditor Claims. *See id.* art. VII, § 7.1.

---

[14]  The Deed-in-Lieu is annexed as Exhibit D to the Reply. Citations to the Deed-in-Lieu refer to its PDF pagination.

[15]  *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, ECF No. 90.

[16]  *Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers Nunc Pro Tunc*, ECF No. 496.

[17]  *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

**The Claims Procedures Order**

The Claims Procedures Order authorizes the Consumer Claims Trustee to file Omnibus Objections seeking reduction, reclassification, or disallowance of claims on the grounds set forth in Bankruptcy Rule 3007(d) and additional grounds set forth in the Claims Procedures Order. *See* Claims Procedures Order ¶ 2(i)(a)-(h). A properly filed and served response to an objection gives rise to a "Contested Claim." *Id.* ¶ 3(iv). A Contested Claim is resolved at a Claim Hearing, which the Consumer Claims Trustee has the option to schedule as either a "Merits Hearing" or a "Sufficiency Hearing." *Id.* ¶ 3(iv)(a), (b). A Merits Hearing is an evidentiary hearing on the merits of a Contested Claim, and a Sufficiency Hearing is a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. At a Sufficiency Hearing, the Court applies the legal standard employed for a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6). *Id.* ¶ 3(iv)(a).

**The Claim**

The Claim asserts a secured claim in the sum of $21,193.88. Claim at 1. Claimants base the Claim on Ditech's alleged failure to release an insurance proceeds check in the sum of $21,193.88 (the "Insurance Proceeds"). *Id.*[18] Annexed to the Claim is a check dated August 22, 2018, written by ASI Lloyds, the insurer, in the amount of $21,193.88, made payable to Claimants and Green Tree Servicing LLC, Ditech's predecessor. *Id.* at 4. Attached to the check is a statement identifying the check as "[s]upplemental payment for [Property] for Vandalism Mal[icious] Mischief loss occurring 5/17/2018." *Id.*

---

[18] The basis of the Claim is that "they won't release our funds of 21,193.88 [sic] nor our property worth 61,000.00 [sic]." Claim at 1. The Court understands that Claimants are not seeking the return of a particular $21,193.88, but are instead asserting a claim for that amount against the estate.

6

**The Objection**

In the Objection, the Consumer Claims Trustee asks the Court to disallow the Claim because it does not adequately state a legal basis to establish Ditech's liability. Objection ¶ 8. Specifically, she contends that the Claim "[f]ails to state a claim with respect to insurance proceeds transferred to successor servicer in the normal course." Objection, Ex. A at 6.

**The Response**

The Response contains (i) a December 17, 2018 letter from Mr. Kirton to Ditech proposing a settlement of Claimants' obligations under the Loan (the "Ditech Letter"), Response at 4-5; (ii) a substantially identical letter from Mr. Kirton to Shellpoint Mortgage Servicing dated May 6, 2019 (the "Shellpoint Letter," with the Ditech Letter, the "Letters"), *id*. at 6-7; (iii) a proof of claim filed by Ms. Kirton in the bankruptcy case for Renovate America, Inc.[19] (the "Renovate America Claim"), *id.* at 8-10; and (iv) the Claim, *id*. at 11-12.

The Letters provide context for the Claim.[20] In the Ditech Letter, Mr. Kirton explained that he had "been experiencing a lengthy period of financial difficulty" and, as a consequence, he "could not keep up with the [Mortgage] payments." Ditech Letter at 1. He said that his financial problems were "[d]ue to the last several months of not receiving rent on this [P]roperty and our insurance company's intentional dishonest act of bad faith by not releasing insurance claim funds

---

[19] *See In re Renovate Am., Inc.*, No. 20-13172 (Bankr. D. Del. filed Dec. 21, 2020).

[20] In the Response, the Claimants state:

> Enclosed are copies of documents sent to the Office of the Claims Trustee, Ditech Holding Cooperation [sic], Consumer Recovery Trust in response to the Consumer Claims Trustees [sic] objection. Also, we are enclosing a copy of the uncashed insurance check (signed by us) in the amount of $21,193.88 for supplemental payment for dwelling for vandalism, mal[icious] mischief law occurring 5/17/2018. After making many many attempts to locate this check we still have absolutely no knowledge as to where this signed check is.

Response at 1.

7

as quickly as they should have." *Id.* He noted that his financial difficulties were compounded by the fact that "[t]he real estate market where [the Property] is located is not great" and that "[t]here is no possibility for us to sell [the Property] as the house next door sold for two thousand five hundred dollars ($2,500)." *Id.* Mr. Kirton advised that "[t]here is no equity in th[e] [P]roperty," and that he "cannot figure out how else to pay for the needed repairs and continue to pay the monthly [Mortgage] payments." *Id.* He asserted that "[a]s soon as I secure or make any repairs to the [P]roperty the security is breached, and materials are stolen." *Id.* (also noting that "[m]any of the houses in this area are in deplorable conditions and or in foreclosure").

He explained that given his financial difficulties, he had "considered bankruptcy or foreclosure" but that he "prefer[ed] to work out an agreeable settlement." He proposed a settlement, the principal terms of which were as follows:

> Ditech would accept 50% of the Insurance Proceeds (i.e., $10,596.94) and the Property in full satisfaction of the Loan, and
>
> Ditech would forward the balance of the Insurance Proceeds to Claimants as a means for them to recoup monies lost on attempting to maintain the Property.[21]

Like the Claim, the Renovate America Claim seeks $21,193.88. Response at 9. Ms. Kirton states that the basis for the claim is: "Insurance company paid damages on a claim and the debtor has refused to release the funds to make repairs to the property." *Id.*

**The Reply**

The Consumer Claims Trustee asserts that the Claim runs afoul of Federal Rule of Civil Procedure 8(a) ("Rule 8(a)") because neither the Claim nor the Response state any legal causes of action. Reply ¶ 28. She complains that the Claim asks for the release of the Insurance Proceeds

---

[21] Mr. Kirton also requested that as part of the settlement, (i) his account would be shown as "current"; (ii) any lawsuits filed against him would be dismissed, and no further legal action would be taken regarding his account; and (iii) all negative listings related to his account would be deleted from the three major credit bureaus: Equifax, Experian, TransUnion. Ditech Letter at 1-2.

8

but does not establish that Ditech improperly withheld those funds. *Id.* She maintains that the Response acknowledges that the Loan is delinquent, and the Property is underwater, but merely shows that Claimants made related efforts to settle the Loan for less than was owed. *Id.* She also contends that the Claim does not satisfy the pleading standards under Rule 12(b)(6) because it fails to allege sufficient facts to support their contention that Ditech improperly withheld the Insurance Proceeds, and because they do not articulate any legal theories under which Ditech would be liable. *Id.* ¶ 30.

**Motion to Estimate**

On March 23, 2023, the Consumer Claims Trustee filed a motion seeking to estimate the Claim at $21,193.88 for the purpose of setting a distribution reserve and to classify it as an unsecured, Class 6 Consumer Creditor Claim that is not a 363(o) Consumer Creditor Claim, as defined in the Third Amended Plan.[22] Claimants did not object or otherwise respond to the motion. On May 11, 2023, the Court entered an order granting the relief requested in the motion.[23]

## LEGAL PRINCIPLES

Under section 502(a) of the Bankruptcy Code, "a claim . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). 11 U.S.C. § 502(a). If a proof of claim is executed and filed in accordance with the Bankruptcy Rules, such proof of claim is "prima facie evidence of the validity and amount of a claim." Fed. R. Bankr. P. 3001(f). However, a properly filed proof of claim loses its presumptive validity when an objection refutes at least one of the claim's essential allegations. *See In re Roman Cath. Diocese*

---

[22] *Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim*, ECF No. 4650.

[23] *Order Granting Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserved and to Classify Certain Proofs of Claim*, ECF No. 4733

9

*of Rockville Ctr.*, 652 B.R. 226, 230 (Bankr. S.D.N.Y. 2023). Section 502(b) sets forth nine grounds for disallowing a proof of claim filed under section 501. In relevant part, it provides that a court will disallow a claim if it "is unenforceable against the debtor and property of the debtor, under . . . applicable law for a reason other than because such claim is contingent or unmatured . . . ." 11 U.S.C. § 502(b)(1). The objecting party carries the initial burden of persuasion that the claim is legally insufficient, but ultimately, the burden falls on the claimant to establish the validity of its claim. *In re Live Primary, LLC*, 626 B.R. 171, 188 (Bankr. S.D.N.Y. 2021).

In evaluating a Contested Claim at a Sufficiency Hearing, the Court employs a legal standard equivalent to the one used for Rule 12(b)(6) motions to dismiss. *See* Claims Procedure Order ¶ 3(iv)(a). Rule 12(b)(6) provides a cause of action must be dismissed if it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6). "A motion brought under Rule 12(b)(6) challenges only the 'legal feasibility' of a complaint." *Goel v. Bunge, Ltd.*, 820 F.3d 554 (2d Cir. 2016) (quoting *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006)). "The court's function is 'not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient.'" *Havens v. James*, 76 F.4th 103, 116-17 (2d. Cir. 2023) (quoting *Festa v. Loc. 3 IBEW*, 905 F.2d 35, 37 (2d Cir. 1990)). In that way, Rule 12(b)(6) "ensures that, consistent with Rule 8(a), a complaint includes 'sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Alharbi v. Miller*, 368 F. Supp. 3d 527, 560 (E.D.N.Y. 2019) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Nisselson v. Softbank AM Corp. (In re MarketXT Holdings Corp.)*, 361 B.R. 369, 384 (Bankr. S.D.N.Y. 2007) ("In accordance with the liberal pleading standards of Rule 8, 'a plaintiff must disclose sufficient information to permit the defendant 'to

10

have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" (quoting *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000))).

Accordingly, when ruling on a Rule 12(b)(6) motion, a court accepts all factual allegations as true and draws all reasonable inferences in favor of the non-moving party. *Francis v. Kings Park Manor, Inc.*, 992 F.3d 67, 72 (2d Cir. 2021). The facts alleged in support of the claim are assessed in light of the requirement in Rule 8(a) that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For Claimants to satisfy that standard, the Claim must contain sufficient facts to state a facially plausible claim for relief—the Court must be able "to draw the reasonable inference that [Ditech] is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The claims of pro se litigants are construed liberally and interpreted to raise the strongest arguments suggested by the pleadings. *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022). Nevertheless, "even pro se pleadings must contain factual allegations that 'raise a right to relief above the speculative level.'" *Ahmad v. Day*, 647 F. Supp. 3d 272, 280 (S.D.N.Y. 2022) (quoting *Dawkins v. Gonyea*, 646 F.Supp.2d 594, 603 (S.D.N.Y. 2009)); *see also Paupaw-Myrie v. Mount Vernon City Sch. Dist.*, 653 F. Supp. 3d 80, 93-94 (S.D.N.Y. 2023) (acknowledging the less stringent standards for pro se litigants but stating that courts "'cannot invent factual allegations' that the plaintiff has not pleaded" (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010))).

## **ANALYSIS**

Claimants do not assert legal theories in support of the Claim. However, the cornerstone of the Claim is Ditech's alleged failure to release the Insurance Proceeds to Claimants. The rights and obligations of both parties to the Insurance Proceeds are set forth in the Mortgage. The

11

Mortgage sets forth the parties' rights to the Insurance Proceeds. Consumer Claims Trustee asserts that, liberally construing the Claim, at best, it purports to state a claim for breach of the Mortgage. *See* Reply ¶ 31. Claimants do not object to the Consumer Claims Trustee's interpretation of their Claim. The Court agrees with that characterization of the Claim and will evaluate it as one for breach of contract.

**Whether Claimants Are Entitled to the Insurance Proceeds**

The threshold issue is whether Claimants have a right to payment of the insurance proceeds. "In order to assert a 'claim' and be treated as a creditor, a claimant must have a 'right to payment' or a right to an 'equitable remedy.'" *In re Lehman Bros. Holdings Inc.*, 519 B.R. 47, 66 (Bankr. S.D.N.Y. 2014), *aff'd*, 548 B.R. 663 (S.D.N.Y. 2016), *aff'd on other grounds*, 855 F.3d 459 (2d Cir. 2017) (quoting 11 U.S.C. § 101(5)(A)(B)). The Claim here is based on Ditech's alleged failure to release the Insurance Proceeds. Therefore, the Court must determine Claimants' right to payment of the Insurance Proceeds.

Claimants' right to payment of the Insurance Proceeds is determined by the Mortgage. Louisiana state law governs the Mortgage. Mortgage at 10, § 16. Under Louisiana law, "[w]hen a contract is not ambiguous or does not lead to absurd consequences, it will be enforced as written and its interpretation is a question of law for a court to decide." *Landis Const. Co. v. St. Bernard Par.*, 151 So. 3d 959, 962 (La. Ct. App. 2014), *writ denied*, 159 So. 3d 467 (La. 2015) (quoting *Lalla v. Calamar, N.V.*, 5 So. 3d 927, 932 (La. Ct. App. 2009)).

The Mortgage unambiguously provides how insurance proceeds must be used and under what circumstances Ditech was required to release them to Claimants. It provides that "[u]nless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the

12

Property, if the restoration or repair is economically feasible and Lender's security is not lessened." Mortgage at 6, § 5.  This provision not only conditions the release of insurance proceeds on the repair being "economically feasible" and not lessening "Lender's security," but binds Claimants to apply those proceeds "to restoration or repair of the Property." *Id.*

The Claim fails because it seeks to be paid on account of the Insurance Proceeds.  The Mortgage does not provide Claimants an unconditional right to payment of those proceeds, even if the repairs are economically feasible and would not impair Ditech's security interest in the Property.  The Mortgage instead limits Claimants' use of those proceeds to repairs and restoration of the Property.  When Claimants executed the Deed-in-Lieu, they conveyed their interest in the Premises to New Residential.  Deed-in-Lieu at 3, 6.  Because Claimants have not alleged that "Lender and Borrower otherwise agree[d] in writing," that the Insurance Proceeds would be released to Claimants for a purpose other than to "restor[e] or repair" the Property, Mortgage at 6, § 5, and because they have not alleged any facts demonstrating that they retain any interest in the Property, Claimants no longer have any claim to the release of the Insurance Proceeds under the Mortgage.  *Cf. Kuhl v. U.S. Bank Tr. Nat'l Ass'n as Tr. for Legacy Mortg. Asset Tr. 2018GS-1*, No. 19 CV 8403, 2022 WL 4088014, at *8 (S.D.N.Y. Sept. 6, 2022) (denying equitable relief directing defendant to pay plaintiff insurance proceeds because plaintiff was not entitled to proceeds under mortgage terms).

The Trustee invites the Court to go further and decide that Claimants have failed to allege facts demonstrating that Ditech breached the Mortgage and that, in any event, they have not demonstrated that they suffered injuries by reason of Ditech's alleged failure to release the Insurance Proceeds.  Because Claimants no longer have a right to be paid the Insurance Proceeds given the Deed-in-Lieu, the Court has no need to go further to decide whether Claimants have

13

plausibly alleged that, prior to the Deed-in-Lieu, Ditech breached the Mortgage by failing to release the Insurance Proceeds or that Claimant suffered no damages because of that failure.

## **CONCLUSION**

For the foregoing reasons, the Court sustains the Objection and disallows the Claim.

Dated: June 11, 2024
      New York, New York

                                                        /s/ *James L. Garrity, Jr.*
                                                    Honorable James L. Garrity, Jr.
                                                    United States Bankruptcy Judge