**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Richard W. Slack**
+1 (212) 310-8017
richard.slack@weil.com

October 21, 2024

Eric Garrett
Founder & Principal
Specialized Court Services
5030 N May Ave, Ste. #404
Lawton, OK 73112
specializedcourtservices@gmail.com

Re: <u>Specialized Court Services Motion to Approve Engagement letter, Motion to Approve Court-Ordered Letter of Direction, and Motion to Seal</u>

Dear Mr. Garrett,

We write on behalf of the Plan Administrator, on behalf of Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) and its debtor affiliates (excluding Reorganized RMS) (collectively, the "**Wind Down Estates**").

We have reviewed the papers you submitted to the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") on behalf of Specialized Court Services ("**SCS**"). These papers submit an unsigned engagement letter which suggests, among other things, that the Wind Down Estates and SCS have an agreement whereby SCS is authorized to act on behalf of the Wind Down Estates. SCS then seeks Bankruptcy Court approval of this agreement. We will not attempt to further summarize the voluminous suite of papers submitted by SCS.

SCS has no agreement with the Plan Administrator (which administers the Wind Down Estates) nor the Wind Down Estates. Indeed, neither the Plan Administrator nor the Wind Down Estates even recalls any discussions or communications with SCS. The papers you submitted to the Bankruptcy Court falsely suggest that SCS somehow has a relationship with Ditech when it does not. Further, the Wind Down Estates have been previously approached by other companies seeking to perform work similar to what SCS is proposing (which of course is the proper way to do what SCS is improperly trying to do)—essentially looking for unclaimed property on state web sites and data bases. In this regard, the Wind Down Estates have already considered and rejected similar proposals by others. The Wind Down Estates note that the they have sold or transferred all of their loans and servicing rights and have addressed their unclaimed property pursuant to an agreement with the states that has been approved by the Bankruptcy Court.

**Weil, Gotshal & Manges LLP**

October 21, 2024
Page 2

Your motion is procedurally and substantively improper. There is no recognized motion for a Bankruptcy Court to approve a retention (or in this case force a retention) by the Wind Down Estates where the Wind Down Estates have no relationship with the entity making the motion. In that regard, the submission entirely fails to comply with Bankruptcy Rule 9011 which states that:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney *or unrepresented party* is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances — (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation; (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. BANKR. P. 9011(b) (emphasis added). A submission is frivolous under Bankruptcy Rule 9011(b) where it has no chance of success under existing law or the facts asserted. *See, e.g.*, *Heritage Realty Assocs. Corp. v. First Citizen's Bank (In re Heritage Realty Assocs. Corp.)*, Case No. 15-41859-cec, Adv. Pro. No. 15-01183-cec, 2016 Bankr. LEXIS 2192, at 10 (Bankr. E.D.N.Y. June 2, 2016) (holding that Bankruptcy Rule 9011(b) was violated where the claims asserted were objectively unreasonable because of movant's failure to allege which law had been violated, and movant's allegations lacking any basis in law or comporting with the facts asserted).[1] Your motion cites no authority that would allow a person with no relationship with a Debtor to seek to force that Debtor to execute a retention letter—or more to the point, have the Bankruptcy Court order a Debtor to hire an unknown vendor without the Debtor's consent.

---

[1] Your submission does not indicate what type of business entity SCS is (*i.e.*, a corporation, a limited liability company, sole proprietorship, etc.), and SCS is not appearing by counsel. Generally, a business entity must appear by counsel and cannot proceed pro se. *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) ("Further, the Supreme Court has acknowledged that, 'save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney.'"). While it is unclear whether a sole proprietorship must appear by counsel, it is good practice for a business entity to do so to avoid precisely the type of improper filing here.

**Weil, Gotshal & Manges LLP**

October 21, 2024
Page 3

Let us be clear: the Wind Down Estates have no agreement with SCS and do not want to engage SCS. We demand that you immediately withdraw these papers. If you do not withdraw your papers immediately, the Wind Down Estates will consider all of their options to recover any fees and expenses they are forced to incur in dealing with your improper and misleading submission.

We understand the Bankruptcy Court has now scheduled a hearing to consider, among other things, your relationship with the Wind Down Estates. We are taking the unusual position of copying the Bankruptcy Court on this correspondence in advance of the hearing to make it clear that SCS has no agreement or other relationship with the Wind Down Estates, the Wind Down Estates will not enter into an agreement with SCS, and the Wind Down Estates view it as inappropriate to have to expend resources responding to a motion that is procedurally and substantively defective.

This letter is not an exhaustive statement of the Wind Down Estates' position, nor is it a waiver of any of the Wind Down Estates' rights, all of which are expressly reserved.

Sincerely,

*/s/ Richard W. Slack*

Richard W. Slack

cc: John J. Ray III, Plan Administrator
 Alexander W. Welch, Weil, Gotshal & Manges LLP
 Judge James L. Garrity, Jr., United States Bankruptcy Court for the Southern District of New York
 Willie Rodriguez, United States Bankruptcy Court for the Southern District of New York