

October 29, 2024                               5030 N May Ave #404, OKC, OK 73112-6010 | 580.699.8092

## STATEMENT OF INTENT FOR CLARIFICATION

To the Honorable James L. Garrity Jr., United States Bankruptcy Judge:

Specialized Court Services (the "business") filed motions, including the Motion to Approve Engagement Agreement and Authorization for Asset Recovery Services, Motion for Approval of Court-Ordered Letter of Direction, and Motion to Seal, solely to support the Ditech Bankruptcy Estates by identifying and recovering dormant financial assets under the Court's confidential guidance. The Motion to Seal was a procedural step intended to protect proprietary methods and the confidentiality of the estate's sensitive information, with judicial oversight ensuring secure and compliant handling. To further safeguard confidentiality, the business executed a Non-Disclosure Agreement (NDA), clarifying that sensitive information was only to be accessed by authorized parties, such as the Court and Trustee, with the intent of engaging relevant parties, including the Plan Administrator, post-ruling and under judicial guidance. The business disclosed its small claims judgment to ensure transparency and approached the Court as a disinterested third party, intending only to offer potential creditor benefit under the Court's guidance. At no time did the business intend to imply a pre-existing agreement with the Wind Down Estates or attempt to act unilaterally on their behalf. Rather, all motions were filed with the understanding that the Court's authorization would be required for any engagement or representation.

Upon receiving the Plan Administrator's cease and desist letter, which made clear that the Wind Down Estates do not intend to engage SCS's services, the business promptly filed a Notice of Withdrawal and requested that the hearing be canceled. As we acted promptly on the Cease and Desist letter dated October 21, 2024, SCS would have responded just as quickly to an informal notification, without prior access to confidential documents, had the Plan Administrator simply called or emailed us to communicate their position. The intent was to respect the Administrator's decision and conclude involvement.

In light of the Court's directive to proceed with the hearing, the business felt it necessary to clarify the following to ensure there is no misunderstanding of the filed documents and their proposed intent:

1. The Court-Ordered Letter of Direction was intended solely to streamline asset recovery under judicial guidance and only upon court approval.

2. The Power of Attorney request was procedural, solely to be effective if approved by the court, and did not imply any pre-existing authority over the estate.

3. The request to be appointed as the authorized agent was limited to asset recovery, to be performed under judicial oversight, without an assumption of authority.

4. The Court-Ordered Letter of Direction included instructions for release of assets to comply strictly with the court's authority, not to establish independent power.



5. The request to bind the ruling on involved parties was intended solely to ensure transparency and compliance, should asset recovery proceed.

6. Motions were filed with a reasonable belief that judicial approval was necessary to clarify representation and avoid any implication of unilateral action, in alignment with principles under Bankruptcy Rule 9011.

The business further notes its status as a sole proprietorship and clarifies that it filed in good faith with the belief that it could offer a mutually beneficial service to the estate, ultimately benefiting creditors. As the business understands it, precedent exists for court-approved third-party asset recovery in estate matters to benefit creditors, providing context for such engagements. As a financial investigator and business consultant, these references are included solely to clarify that the nature of the filings was to propose a mutually beneficial service, fully contingent on court approval.

The business fully respects the Plan Administrator's position and remains committed to cooperating with the Court and the involved parties.

The business appreciates the Court's time and consideration and looks forward to ensuring proper closure of its involvement.

Respectfully,

/s/ Eric Garrett

Eric Garrett
Founder & Principal


**RE: Ditech 19-10412 (JLG), SDNY**