

October 31, 2024    | 5030 N May Ave #404, OKC, OK 73112-6010 | 580.699.8092 |

Mr. Richard W. Slack
Weil, Gotshal & Manges LLP
767 Fifth Avenue
New York, NY 10153-0119

Dear Mr. Slack,

We acknowledge receipt of your cease-and-desist letter dated October 21, 2024, regarding Specialized Court Services' (SCS) recent filings with respect to the Ditech Bankruptcy Estate. We appreciate the opportunity to clarify SCS's intent and address any concerns.

As noted in our Statement of Intent and communicated at the status hearing on October 30, 2024, SCS's filings, including the Motion to Seal, were crafted solely to provide transparency, confidentiality, and facilitate potential asset recovery for the benefit of Ditech creditors, under strict Court oversight. At no point did SCS intend to imply a pre-existing authority over the Estate, nor to compel the Estate to engage our services without prior judicial approval.

Upon receipt of your cease-and-desist letter, we promptly submitted a Notice of Withdrawal to formally end any involvement, respecting both the Plan Administrator's directive and Court protocols. We further confirmed in the recent status conference that SCS had no intention to proceed without clear authorization from both the Plan Administrator and the Court. Now that this matter is closed, we note that the same outcome could have been achieved with a formal call or email expressing non-interest in SCS's dormant asset findings, without the need for a cease-and-desist letter.

SCS's approach was partially motivated by a history of non-response from administrators and trustees in other cases, which led us to file directly with the Court to pursue engagement with confidentiality and transparency.

In our preparatory research, SCS identified over $100,000 in potential assets after examining only one of the eleven entities associated with the Ditech Estate, suggesting additional opportunities for asset recovery could have existed had further review been requested. This finding, along with similar assessments from prior engagements, validated our approach to seek judicial oversight as the most transparent method. Contrary to the characterization of "low-hanging fruit," SCS employs proprietary investigative methods to locate assets that are not apparent through state unclaimed property offices alone nor internet searches, which represent only one piece of a multi-faceted dormant cash asset recovery approach.

It is also important to note that asset recovery services can be beneficial to creditors in large bankruptcy cases. For example, **In re Enron Corp.**, asset recovery services helped identify unclaimed or unreported assets,



which ultimately benefited creditors. SCS's initial assessment suggested similar potential for the Ditech Estate, and we pursued this option with the sole purpose of benefiting creditors while adhering to all Court-mandated oversight.

While we acknowledge the Plan Administrator's position, SCS's preference was to engage collaboratively by proposing a formal process for confidentiality and transparency. This matter underscores SCS's dedication to transparency, creditor benefit, and strict adherence to Court guidance. Our history in dormant financial asset recovery, combined with proprietary methods and enhanced AI technology, allows us to pursue our fact-based methods with a strong recovery rate, offering services with no financial risk to our clients. While our services were not retained in this matter, we remain open to future opportunities to assist where needed and are grateful for the opportunity to clarify our intentions.

Lastly, SCS respectfully requests that the Court and ALL relevant parties destroy ALL confidential documents submitted by SCS containing intellectual property or sensitive information, including any copies sent via email, consistent with the terms of our Non-Disclosure Agreement and our previous Motion to Seal.

Thank you for your attention to this matter.

Sincerely,

/s/ Eric Garrett

Eric Garrett
Founder & Principal (SCS)


cc: John J. Ray III, Plan Administrator
Alexander W. Welch, Weil, Gotshal & Manges LLP
Judge James L. Garrity, Jr., United States Bankruptcy Court SDNY
Willie Rodriguez, United States Bankruptcy Court SDNY