| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | **NOT FOR PUBLICATION** |

---------------------------------------------------------- x
In re:                                                                  :
                                                                           :   Case No. 19-10412 (JLG)
Ditech Holding Corporation, *et al.*,             :   Chapter 11
                                                                           :
                                              Debtors.[1]           :   (Jointly Administered)
---------------------------------------------------------- x

## MEMORANDUM DECISION AND ORDER SUSTAINING THE CONSUMER CLAIMS TRUSTEE'S SIXTH OMNIBUS OBJECTION WITH RESPECT TO THE PROOF OF CLAIM FILED BY ANDREA STURZU

**A P P E A R A N C E S:**

JENNER & BLOCK, LLP
*Attorneys for the Consumer Claims Trustee*
1155 Avenue of the Americas
New York, New York 10036
By:    Richard Levin


ANDREA STURZU
*Appearing Pro Se*[2]

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "Third Amended Plan"), which created the Wind Down Estates. References to "ECF No.___" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief*, ECF No. 3903 (the "Closing Order"). Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "Remaining Wind Down Estate"), Case No. 19-10412, remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

[2] Ms. Sturzu is acting pro se herein and, in that capacity, filed the Claim and Response. As set forth below, Ms. Sturzu did not appear at the Merits Hearing. She did not request the Court adjourn the hearing or otherwise seek an accommodation from the Court with respect to the hearing. Her current address provided in the Trustee Letter is redacted, but the Trustee represented to the Court the correspondence was sent to Ms. Sturzu which was her personal address in Kirkland, Washington 98033.

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[3]

Andrea Sturzu ("Claimant") is acting pro se herein. She filed Proof of Claim No. 21532 (the "Claim") as an unsecured claim in an undetermined amount, against Ditech Financial LLC ("Ditech Financial"). The Consumer Claims Trustee (the "Trustee") filed the Sixth Omnibus Objection (the "Objection")[4] seeking to disallow unsecured proofs of claim, including the Claim, that lack sufficient information or documentation to establish their underlying merits.[5] Claimant filed a formal response to the Objection (the "Response").[6]

Pursuant to the Claims Procedures Order,[7] Claimant's Response adjourned the Objection to provide time for the Consumer Claims Trustee to schedule either a "Merits" or "Sufficiency" hearing on the Claim. Stacey Tutt is the Consumer Claims Trustee. Through her staff, she reached out to Claimant in an effort to address the matters raised in the Claim and Response and resolve the Objection. Claimant did not respond to those efforts.

In the wake of her unsuccessful attempts to resolve the Objection informally, and in accordance with the Claims Procedures Order, the Trustee filed a Notice of Hearing, scheduling a

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection, Claims Procedures Order and Third Amended Plan, as applicable.

[4] *Sixth Omnibus Objection to Proofs of Claim (Insufficient Documentation Unsecured Consumer Creditor Claims)*, ECF No. 1967.

[5] On or about March 13, 2020, Claimant was served notice of the hearing on the Objection via first class mail and email. *See Affidavit of Service*, ECF No. 2019, Ex. H, V.

[6] *Objection of Andrea Sturzu,* ECF No. 2480. Page citations are to the PDF page numbers of the Response.

[7] *Order Approving (I) Claim Objection Procedures and (II) Claim Hearing Procedures*, ECF No. 1632 (the "Claims Procedures Order").

2

hearing on the Objection (the "Notice of Hearing").[8] She asks the Court to sustain the Objection and disallow and expunge the Claim under Rule 7041 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (incorporating by reference Rule 41(b) of the Federal Rules of Civil Procedure ("Rule 41(b)"))[9] for failure to prosecute the Claim. Notice of Hearing at 2. In support, the Trustee attaches a declaration in which she discusses, among other things, her attempts to contact Claimant in an effort to resolve the Objection ("First Tutt Declaration").[10] Claimant did not respond to the Notice of Hearing.

The Court held a hearing on the Claim (the "Merits Hearing"). The Consumer Claims Trustee appeared at the hearing, with her counsel. Claimant did not appear at the hearing. During the hearing, the Court granted the Trustee leave to supplement the record with copies of the correspondence she references in the First Tutt Declaration.[11] On February 28, 2025, the Trustee filed a declaration ("Second Tutt Declaration,"[12] together with the First Tutt Declaration, the "Tutt Declarations"), supplementing the record with copies of the correspondence that she cites in the First Tutt Declaration.

Based on the undisputed facts set forth in the Tutt Declarations, and for the reasons set forth herein, the Court disallows and expunges the Claim.

---

[8] *Notice of Hearing on Consumer Claims Trustee's Omnibus Objections to Claims for Failure to Prosecute; Declaration of Stacey Tutt*, ECF No. 5352, pp. 1-3.

[9] An objection to a claim gives rise to a contested matter pursuant to Bankruptcy Rule 9014. *See In re Live Primary, LLC,* 626 B.R. 171, 190 (Bankr. S.D.N.Y. 2021). Bankruptcy Rule 7041 is made applicable to this contested matter by Bankruptcy Rule 9014(c).

[10] *Notice of Hearing on Consumer Claims Trustee's Omnibus Objections to Claims for Failure to Prosecute; Declaration of Stacey Tutt*, ECF No. 5352, pp. 5-12.

[11] *Minutes of Proceedings*, ECF No 5397.

[12] *Declaration of Stacey Tutt in Support of Consumer Claims Trustee's Omnibus Objections to Claims for Failure to Prosecute*, ECF No. 5388.

**JURISDICTION**

The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (M-431), dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

**The Chapter 11 Cases**

On February 11, 2019, Ditech Holding Corp. (f/k/a Walter Investment Management Corp.) ("Ditech") and certain of its affiliates, including Ditech Financial (collectively, the "Debtors"), filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remained in possession and control of their business and assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On February 22, 2019, the Court entered an order fixing April 1, 2019, as the deadline for each person or entity to file a proof of claim in the Chapter 11 Cases (the "General Bar Date").[13] The Court extended the General Bar Date for consumer borrowers to June 3, 2019.[14] On September 26, 2019, the Debtors confirmed their Third Amended Plan, which went into effect on September 30, 2019.[15]

The Consumer Claims Trustee is a fiduciary under the plan. *See* Third Amended Plan, art. I, § 1.41. The Consumer Claims Trustee is responsible for the reconciliation and resolution of Consumer Creditor Claims and the distribution of the Consumer Creditor Net Proceeds from the

---

[13] *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof*, ECF No. 90.

[14] *Order Further Extending General Bar Date for Filing Proofs of Claim for Consumer Borrowers Nunc Pro Tunc*, ECF No. 496.

[15] *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

4

Consumer Creditor Recovery Cash Pool to holders of Allowed Consumer Creditor Claims. *See id*. As such, she is exclusively authorized to object to Consumer Creditor Claims. *Id.* art. VII, § 7.1.

**The Claims Procedures Order**

Under the Claims Procedures Order, a properly filed and served response to a claim objection, omnibus or otherwise, gives rise to a "Contested Claim." *See* Claims Procedures Order ¶ 3(iv). A Contested Claim is resolved at a hearing, which can be scheduled as either a "Merits Hearing," an evidentiary hearing on the merits of the Contested Claim, or a "Sufficiency Hearing," a non-evidentiary hearing to address whether the Contested Claim states a claim for relief against the Debtors. *Id.* ¶ 3(iv)(a)-(b).

**The Claim**

In Claimant's Official Form 410, Proof of Claim, she asserts an unsecured claim in an undetermined amount. Claim at 1-2.[16] The basis of the Claim is listed as "Customer Fee." *Id*. at 2. To support her Claim, Claimant attaches several photos of documents related to a mortgage loan with Ditech Financial, including a copy of an unsigned promissory note in favor of Ditech Financial. *Id*. at 10-12. She attaches a Closing Statement, showing credits and fees associated with the loan closing. *Id*. at 5. She annexes a Notice of Right to Cancel, in which Ditech Financial explains her ability to cancel the transaction within three business days of closing. *Id*. at 7. Claimant also provides a copy of the First Payment Letter from Ditech Financial. *Id*. at 8-9.

**The Objection**

The Consumer Claims Trustee seeks entry of an order disallowing and expunging the Claim due to insufficient information or documentation. Objection ¶ 3. She contends that upon

---

[16] Page citations are to the PDF page numbers of the Claim.

5

review of the Debtors' books and records, she determined that the Claim lacks merit. *Id*. ¶ 4, Ex. A at 4.

**The Response**

On December 2, 2020, Claimant filed a two-page response to the Objection. In the Response, Claimant states that following a loan refinancing in March 2017, Ditech's auto-pay system erroneously applied her payment to an old loan number, initially resulting in a late fee assessment of $49.89. Response at 1. Claimant alleges that despite making multiple phone calls to Ditech representatives between June and August 2017 requesting reversal of the fee, the charge was not reversed. *Id.* She provided a log of communications purporting to show her communication with nine Ditech representatives (including employee IDs and direct extensions) that allegedly promised her to reverse the charge. *Id.* at 2. Claimant further states that the initial late fee subsequently increased as Ditech charged additional late fees on top of the original fee, which continued to compound month after month, leading to involvement of Ditech's Collections Department. *Id.* She attaches an Experian credit report information to support her claim. *Id.*

**The Motion to Estimate**

On September 23, 2022, the Consumer Claims Trustee filed a motion to estimate claims (the "Motion to Estimate").[17] The Motion to Estimate sought to estimate Claim No. 21532 at $0.00 for the purpose of setting a distribution reserve. Motion to Estimate, Ex. A at 2. The motion further requested that the Claim be established as a Class 6 Consumer Creditor Claims that was not a 363(o) unsecured Consumer Creditor Claims, as defined by the Third Amended Plan. *Id*. ¶ 16. Claimant did not respond to the motion. By order dated December 1, 2022, the Claim was

---

[17] *Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim*, ECF No. 4266. On or about September 23, 2022, Claimant was served notice of the hearing on the Motion to Estimate via first class mail and via email. *See Affidavit of Service*, ECF No. 4274, Ex. D, H.

6

estimated at $0.00 and classified as a non 363(o), Class 6 Consumer Creditor Claim, as defined in the Third Amended Plan.[18]

**Consumer Claims Trustee's Correspondence**

On December 13, 2024, the Consumer Claims Trustee sent a letter to Claimant (the "Trustee Letter")[19] via Priority Mail, which USPS records confirm was delivered on December 16, 2024. First Tutt Declaration, Ex. A at 4. The Consumer Claims Trustee also sent a follow-up email to Claimant on December 15, 2024. *Id.* During the Merits Hearing, the Consumer Claims Trustee explained that the substance of the email and the Trustee Letter are identical.

In her letter, the Consumer Claims Trustee identified the Claim and the status of the Claim. Specifically, as to the latter, she advised that the Objection to the Claim is pending before the Court, and pursuant to the Motion to Estimate, the Court has estimated the Claim at $0.00, for the purposes of distribution. Trustee Letter at 1.

The Trustee explained that pursuant to the Claims Procedures Order, the next steps in the claims resolution process are for the Trustee to file a written response to the Claim, for Claimant to submit additional information in support of the Claim, and for the Court to conduct a Sufficiency Hearing on the Claim. *Id.* She advised that "[i]f the court does not agree with your argument at the [S]ufficiency [H]earing, the claim will be disallowed, and you will not receive any compensation for the claim." *Id.* She also explained that if, at the Sufficiency Hearing, the Court agrees with Claimant's argument, it will thereafter schedule an "evidentiary hearing" at which the Court will determine whether Claimant is entitled to receive any money on account of the Claim. *Id.*

---

[18] *See Order Granting Consumer Claims Trustee's Omnibus Motion to Estimate for Purposes of Distribution Reserves and to Classify Certain Proofs of Claim*, ECF No. 4418.

[19] A copy of the Trustee Letter is attached to the Second Tutt Declaration at pages 6-7 of Exhibit B.

In substance, the Trustee advised that because Claimant did not file a response to the Motion to Estimate, and because the Claim has been estimated at $0.00, it is not clear whether Claimant intends to pursue the Claim. Trustee Letter at 1. In that light, she requested Claimant to file a claim withdrawal form if Claimant has decided not to pursue the Claim. *Id*. at 2. She also advised that "[i]f you wish to pursue your claim, please contact our office immediately," in order "to schedule a time for a member of our office to discuss your claim with you." *Id.* Given Claimant's silence and failure, to date, to participate in the claims process, the Consumer Claims Trustee advised Claimant:

> **If you do not contact our office by January 10, 2024, the objection will proceed on an uncontested basis at the hearing on February 27, 2024.** This means that your claim will be disallowed, and you will not be able to recover any money in this claims process.

*Id.* Claimant did not respond to the Trustee Letter or contact the Trustee.

**Notice of Hearing**

On January 30, 2025, the Consumer Claims Trustee filed the Notice of Hearing, providing notice to Claimant that a hearing on the Objection would be held on February 27, 2025. Notice of Hearing at 2.[20] The notice explained: "At the hearing the Consumer Claims Trustee will ask that the Court sustain the Objection[] under Federal Rule of Bankruptcy Procedure 7041 . . . for failure to prosecute, based on the Declaration attached to this Notice." *Id.* The notice provided Claimant another opportunity to submit written information or argument in support of the Claim in advance of the hearing. *Id*. Moreover, the Notice of Hearing explained:

> If you do not file and serve any response by **February 13, 2025**, the Bankruptcy Court may elect not to review any additional information or arguments and will instead rely on any information and arguments you previously provided to the

---

[20] On or about January 30, 2025, Claimant was served the Notice of Hearing via first class mail and email. *See Certificate of Service*, ECF No. 5355, Ex. D, F.

8

>       Court when you filed your Claim and Response to the Consumer Claims
>       Trustee's Objection.

*Id*. at 3. Claimant did not respond to the Notice of Hearing.

## LEGAL PRINCIPLES

Under section 502(a) of the Bankruptcy Code, "a claim . . . proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b) sets forth the grounds for disallowing a properly filed proof of claim. *See* 11 U.S.C. § 502(b); *see also HSBC Bank USA, N.A. v. Calpine Corp.,* No. 07 Civ. 3088, 2010 WL 3835200 at *5 (S.D.N.Y. Sept. 15, 2010) ("All claims are allowed unless specifically proscribed by one of the nine exceptions listed in § 502(b).") (citing *Travelers Cas. and Sur. Co. of America v. Pacific Gas and Elec. Co.,* 549 U.S. 443, 449 (2007)).

Claims objections have a shifting burden of proof. Pursuant to Bankruptcy Rule 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). To rebut that prima facie case, "the objecting party must produce evidence equal in force to the prima facie case which, if believed, would refute at least one of the allegations essential to the claim's legal sufficiency." *In re Brown,* 615 B.R. 725, 738 (Bankr. S.D.N.Y. 2020) (internal quotation marks omitted) (citation omitted), *aff'd* 2021 WL 510157 (S.D.N.Y. Feb. 11, 2021). "If it does so, the burden shifts back to the claimant to prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Id.* (citing *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000) ("Once an objectant offers sufficient evidence to overcome the prima facie validity of the claim, the claimant is required to meet the usual burden of proof to establish the validity of the claim.")).

In her Objection, the Trustee asserts that the Debtors' books and records do not reflect any amount due and owing to Claimant or that Claimant is otherwise among the Debtors' creditors. She also asserts that Claimant has failed to provide sufficient information/documentation in support of the Claim. The Court finds that through the Objection, the Trustee has rebutted the prima facie validity of the Claim. Through her submissions to the Trustee to date, Claimant has not met her burden to allege facts that that demonstrate, by a preponderance of the evidence, that the Claim is valid. Moreover, as set forth above, Claimant has failed to engage with the Trustee either in attempting to resolve the Objection informally out-of-court, or in litigating the Claim in-court, pursuant to the Claims Procedure Order.

Accordingly, the Trustee asks the Court to disallow the Claim pursuant to Rule 41(b), on the grounds that Claimant has failed to prosecute the Claim. Rule 41(b) states, as follows:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The decision whether to dismiss a complaint for want of prosecution lies within the Court's discretion. *See, e.g., Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir. 1993); *Peart v. City of New York,* 992 F.2d 458, 461 (2d Cir. 1993). In exercising this discretion, the Court's consideration is guided by five factors: (i) the duration of the plaintiff's failures; (ii) whether plaintiff had notice that further delays would result in dismissal; (iii) whether the defendant is likely to be prejudiced by further delay; (iv) a balancing of the need to alleviate court calendar congestion with a party's right to due process; and (v) the efficacy of lesser sanctions. *Nita v. Connecticut Dept. of Envtl. Protection,* 16 F.3d 482, 485 (2d Cir. 1994).

In general, no one factor is dispositive. *Jenkins v. City of New York,* 176 F.R.D. 127, 129 (S.D.N.Y. 1997). Dismissal for lack of prosecution is "a harsh remedy to be utilized only in extreme situations." *Alvarez v. Simmons Market Research Bureau, Inc.,* 839 F.2d 930, 932 (2d Cir. 1988) (internal quotation marks omitted) (quoting *Theilmann v. Rutland Hospital, Inc.,* 455 F.2d 853, 855 (2d Cir.1972)); *Merke v. Rice,* 649 F.2d 171, 173 (2d Cir. 1981) (holding dismissal for failure to prosecute is "an especially drastic remedy, reserved for rare occasions" (internal quotation marks omitted)).

Courts have established principles in bankruptcy cases regarding creditors' obligations to provide documentation and respond to trustee inquiries. Creditors have an affirmative duty to respond to formal or informal requests for information regarding their claims. *In re Heath*, 331 B.R. 424, 436 (9th Cir. BAP 2005). When a creditor fails to respond to documentation requests, this failure itself can provide an evidentiary basis to object to unsupported aspects of the claim. *Id.* at 437.

A trustee is entitled to seek documentation regarding a creditor's claim, and failure to provide it may result in denial of the claim. *In re Shank*, 315 B.R. 799, 815-16 (Bankr. N.D. Ga. 2004). Indeed, when only the creditor possesses the evidence needed to challenge a claim's validity, the objector's burden of production can be satisfied if the creditor fails to respond or responds inadequately when asked to provide this information through either formal discovery or informal requests. *See In re Whitfield*, 578 B.R. 273, 277-78 (Bankr. E.D. Pa. 2017); *accord Campbell v. Verizon Wireless S-CA (In re Campbell),* 336 B.R. 430, 436 (B.A.P. 9th Cir. 2005).

Creditors must respond promptly and fully to appropriate requests for information. If their failure to do so prevents an objecting party from determining the debtor's liability or the amount thereof, an objection based on insufficient documentation becomes appropriate. *In re Shank*, 315

11

B.R. at 816. When a creditor fails to respond in any manner (formal or informal) to both a pre-objection document request and to the insufficient documentation objection itself, courts may sustain the objection after notice and hearing. *In re Porter*, 374 B.R. 471, 483 (Bankr. D. Conn. 2007). This ensures that creditors cannot render Bankruptcy Rule 3001 toothless by simply ignoring documentation requirements. *In re Depugh*, 409 B.R. 84, 118 n.2 (Bankr. S.D. Tex. 2009).

## ANALYSIS

On April 25, 2019, Claimant filed a proof of claim seeking an undetermined amount in damages based on "Customer Fee." Claim at 1. The Consumer Claims Trustee objected to the Claim, asserting it lacked sufficient documentation to support a claim against the Debtors. Objection ¶ 3.

The Court analyzes the Consumer Claims Trustee's request to dismiss the Claim for failure to prosecute under the five factors set forth in *Nita*, 16 F.3d at 485.

**Duration of Plaintiff's Failures**

After filing a Response in April 2020, Claimant has demonstrated a pattern of non-engagement with the claims process. Claimant has failed to take meaningful actions to advance the Claim despite multiple opportunities to do so. Claimant failed to respond to the Motion to Estimate filed on September 23, 2022, which sought to value the claim at $0.00. This non-responsiveness continued when Claimant failed to respond to the Trustee's December 15, 2024 email, and to the Trustee Letter, which was delivered on December 16, 2024. Most recently, Claimant did not respond to the Notice of Hearing or submit any additional information in support of the Claim. Finally, Claimant did not appear at the scheduled Merits Hearing.

12

This delay is problematic because the burden of proof rests with Claimant, who alone possesses the necessary supporting documents. Without Claimant's participation and submission of supporting documentation, neither the Trustee nor the Court can properly evaluate the validity of her Claim. The persistent non-responsiveness spanning multiple notices and communications, demonstrates that Claimant has effectively abandoned the prosecution of her Claim. In the context of these multiple failures, the Court finds that the duration of Claimant's non-engagement is substantial and weighs in favor of expunging the Claim.

**<u>Notice That Delays Would Result in Dismissal</u>**

The record establishes that Claimant received clear notice, through multiple channels of communication, that failure to participate in the claims process would result in the disallowance of the Claim. The Trustee Letter specifically advised Claimant that "[i]f you do not contact our office by January 10, 2024, the objection will proceed on an uncontested basis at the hearing on February 27, 2024. This means that your claim will be disallowed, and you will not be able to recover any money in this claims process." Trustee Letter at 2 (emphasis omitted). This language left no doubt about the consequences of continued non-engagement.

Additionally, the Notice of Hearing explicitly stated that "[a]t the hearing the Consumer Claims Trustee will ask that the Court sustain the Objection . . . for failure to prosecute," providing further notice of the potential disallowance of the Claim. Notice of Hearing at 2. These communications represented the Trustee's attempts to engage with Claimant about the documentation and information needed to support her Claim, and convey the potential consequences of her continued non-responsiveness.

The fact that Claimant demonstrated a clear understanding of the proceedings through her initial participation in the claim process, but has since disregarded all communications from the

13

trustee, suggests a deliberate choice to abandon the Claim rather than a lack of understanding of the process. Claimant's disregard of the multiple clear warnings provided to her about the consequences of non-participation favors expunging the Claim.

**Prejudice from Further Delay**

The prejudice to the Debtors' estate is substantial and multifaceted. The Claim fails on its face to establish legal or factual basis for alleged improper late fee assessments. The Debtors' estate is denied the opportunity to properly evaluate the Claim due to Claimant's non-responsiveness, while still having to defend against a claim that fails on its face to establish legal or factual merit. The Court has already granted the Motion to Estimate, valuing the Claim at $0.00, yet the Debtors' estate continues to bear administrative costs associated with this unresolved Claim. Despite clear instructions that "if you do not file and serve any response by February 13, 2025, the Bankruptcy Court may elect not to review any additional information or arguments," Notice of Hearing at 3, Claimant has chosen not to engage in the process designed to resolve claims efficiently. This ongoing administrative burden without corresponding benefit to the claims resolution process creates prejudice that weighs in favor of expunging the Claim.

**Balancing Court Calendar Congestion with Due Process**

The balance favors expunging the Claim because Claimant has received, but failed to utilize, multiple opportunities for due process. As demonstrated by the Trustee's documented attempts to engage with Claimant, she provided Claimant with clear channels for her to present her support for the Claim. The Notice of Hearing explicitly guaranteed that "in either event, you will have an opportunity to be heard in court at the Hearing" and provided clear instructions for submitting additional information by February 13, 2025. Notice of Hearing at 2. The notice further advised that "if you file and serve a response by February 13, 2025, the Consumer Claims Trustee

14

may file an additional response at least seven days before the hearing." *Id*. As noted in *In re Porter*, when a creditor fails to respond in any manner to both a pre-objection document request and to the insufficient documentation objection itself, courts may sustain the objection after notice and hearing. *In re Porter*, 374 B.R. at 483. Claimant was also directed to "refer to the Omnibus Objection to your claim, which you previously received, for additional information concerning the preparation, filing, and service of any papers in this proceeding," providing a complete roadmap for participation in the Claim process. Notice of Hearing at 3. Despite these extensive procedural safeguards, Claimant has not taken advantage of any opportunity to participate in the process. This balancing factor weighs in favor of expunging the Claim.

**Efficacy of Lesser Sanctions**

Claimant's prolonged non-engagement despite demonstrated ability to participate shows that lesser sanctions than disallowance of the Claim would be ineffective. The Claim lacks supporting documentation that only Claimant can provide, yet Claimant has refused to engage. Any further delay would be futile as Claimant has already disregarded multiple notices that directly affected her potential recovery, including the Motion to Estimate. No lesser sanction could cure these fundamental deficiencies in the Claim itself, nor is there any indication that additional time would result in Claimant's participation after such extensive non-engagement.

While disallowance of the Claim for failure to prosecute is a harsh remedy to be utilized only in extreme situations, the circumstances here present such an extreme situation. Each of the five *Nita* factors independently supports disallowance, and their cumulative weight makes disallowance of the Claim the only appropriate outcome.

## **CONCLUSION**

For the foregoing reasons, the Court sustains the Objection and disallows the Claim.

IT IS SO ORDERED.

Dated: March 6, 2025
       New York, New York

                                                /s/ *James L. Garrity, Jr.*
                                                Honorable James L. Garrity, Jr.
                                                United States Bankruptcy Judge