| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>------------------------------------------------------------x<br>In re:                                                                          :<br>                                                                                     :<br>Ditech Holding Corporation, *et al.*,                      :<br>                                                                                     :<br>                                                       Debtors.[1]      :<br>------------------------------------------------------------x | **NOT FOR PUBLICATION**<br><br>Case No. 19-10412 (JLG)<br>Chapter 11<br><br>Jointly Administered |

**MEMORANDUM DECISION AND ORDER DENYING
MOTION OF R. CAMPBELL TO DETERMINE SCOPE OF THE AUTOMATIC
STAY AND ISSUE A MINISTERIAL ORDER CONFIRMING ACTIONS TAKEN
POST PETITION BY ADMINISTERING ESTATE PROPERTY VOID**

**A P P E A R A N C E S:**

R. Campbell
*Appearing Pro Se*
1275 U.S. Highway 1
Suite # 2-231
Vero Beach, FL 32960

FIDELITY NATIONAL LAW GROUP
*Attorneys for Sheila Ann Gibson, Jordan A. Cole, and Courtney M. Cole*
711 Third Avenue, 8th Floor
New York, New York 10117
By:     David J. Wolkenstein

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "Third Amended Plan" or "Plan"), which created the Wind Down Estates. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief*, ECF No. 3903 (the "Closing Order"). References to "ECF No. ___" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412. Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "Remaining Wind Down Estate"), Case No. 19-10412, remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Plan Administrator*
767 Fifth Avenue
New York, New York 10153
By:    Richard W. Slack
       Sunny Singh

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

On February 11, 2019 (the "Petition Date"), Ditech Holding Corporation (f/k/a Walter Investment Management Corp.) ("Ditech Holding") and certain of its affiliates, including Ditech Financial, LLC ("Ditech Financial") (collectively, the "Chapter 11 Debtors"), filed petitions for relief under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Cases"). The Debtors remained in possession of their business and assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On September 26, 2019, the Court confirmed the Debtors' Third Amended Plan, which went into effect on September 30, 2019.[3] As relevant, it provided for the creation of the Wind Down Estates, Plan art. I, § 1.186; *id*. art. X, § 10.1, and permanently enjoined the commencement of actions against the Debtors and any successors of the Debtors, including the Wind Down Estates, *id.* art. X, § 10.5 (the "Plan Injunctions").

On March 15, 2019, in the unrelated chapter 13 bankruptcy case (the "Chapter 13 Case") of Tabitha Baker Cote ("Cote"), the United States Bankruptcy Court for the Southern District of Florida (the "Florida Bankruptcy Court") entered an order granting Bank of America, N.A.

---

[2] Capitalized terms used but not otherwise defined in this section shall have the meaning ascribed to such term below or in the Third Amended Plan, and the *Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors*, ECF No. 1404 (the "Confirmation Order").

[3] *Notice of (I) Entry of Order Confirming Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors, (II) Occurrence of Effective Date, and (III) Final Deadline for Filing Administrative Expense Claims*, ECF No. 1449.

2

("BoA") nunc pro tunc relief from the automatic stay (the "Florida Stay Relief Order").[4] The order effectively validated BoA's non-judicial foreclosure sale conducted on April 3, 2018 (the "2018 Foreclosure Sale") of the real property located at 7097 Riverside Drive NW, Sandy Springs, Georgia 30328 (the "Property") to Najarian Capital LLC ("Najarian"). *See generally* Florida Stay Relief Order. Cote and Michael James Bourff ("Bourff"), owned the Property as joint tenants with a right of survivorship. The Florida Stay Relief Order was affirmed on appeal to the United States Circuit Court for the Eleventh Circuit (the "Eleventh Circuit").[5]

The 2018 Foreclosure Sale extinguished the Judgment Lien held against the Property by Green Tree Servicing, LLC ("Green Tree"). Ditech Financial is the successor to Green Tree. As of the Petition Date, the Debtors had no interest in the Property. After the Petition Date, Najarian conveyed the Property to Sheila Ann Gibson, Jordan A. Cole, and Courtney M. Cole (the "Georgia Plaintiffs") pursuant to a limited warranty deed (the "Limited Warranty Deed").

In July 2024, Bourff filed a motion pursuant to sections 105(d), 524 and 1141 of the Bankruptcy Code, rules 1015(c), 3020(d) and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 10.5 of the Plan, for an order (i) enforcing the automatic stay and the Plan Injunctions, and (ii) holding the Georgia Plaintiffs in contempt and imposing monetary sanctions for their alleged violations of the Plan Injunctions and Orders of this Court

---

[4] *Order Granting Bank of America N.A.'s Motion to Reopen Case, for Relief from the Automatic Stay Nunc Pro Tunc to the Petition Date April 2, 2018, and for Prospective Relief*, In re Baker, No. 18-16061 (Bankr. S.D. Fla. Mar. 15, 2019), Chapter 13 ECF No. 24. References to "Chapter 13 ECF No. __" are to the electronic docket filings with the Florida Bankruptcy Court in the Chapter 13 Case, Case No. 18-16061.

[5] *Judgment*, *In re Baker*, No. 20-10780 (11th Cir. Dec. 29, 2020).

3

(the "Bourff Motion").[6] The Court denied the Bourff Motion (the "Bourff Order").[7] Thereafter, Bourff filed a motion to amend the Bourff Order (the "Bourff Motion to Amend").[8] The Court denied that motion (the "Bourff Reconsideration Order").[9]

Before the Court is the motion of Robert Campbell ("Campbell"), a successor to Bourff, to determine the scope of the automatic stay in these Chapter 11 Cases (the "Campbell Motion").[10] Campbell contends that he is a secured creditor in these Chapter 11 Cases. Campbell Motion at 1, 21-22.[11] He bases his alleged interest herein on an unrecorded *Assignment of Judgment Lien (Writ of Fieri Facias)* from Bourff dated January 20, 2019 (the "Assignment"). *See id.* at 232-35. The Assignment purports to assign to Campbell a *Writ of Fieri Facias*,[12] dated October 28, 2013, that erroneously names Bourff as the plaintiff *in fieri facias*, and Green Tree as the defendant *in fieri facias* (the "October 2013 FiFa")*. See id.* The October 2013 FiFa was amended on January 24, 2014, in Lien Book 2916, Page 498 of the Fulton County Georgia land records to correctly reflect that the judgment was against Bourff and in favor of Green Tree (the "Green Tree FiFa"). *Id.* at 27.[13]

---

[6] *Motion of Michael James Bourff, Successor in Interest to Wind Down Estates, to Enforce the Plan Injunctions and Confirmation Order Against Sheila Ann Gibson, Jordan A. Cole, Courtney M. Cole and Hold Them in Contempt and Impose Sanctions*, ECF No. 5134.

[7] *Memorandum Decision and Order Denying Michael James Bourff's Motion to Enforce the Plan Injunctions and Confirmation Order Against Sheila Ann Gibson, Jordan A. Cole, Courtney M. Cole and Hold Them in Contempt and Impose Sanctions*, ECF No. 5190.

[8] *Michael James Bourff's Rule 59(e) Motion To Amend The Final Order*, ECF No. 5214.

[9] *Memorandum Decision And Order Denying Motion To Amend The Final Order*, ECF No. 5389

[10] *Motion of Secured Creditor R. Campbell to determine the scope of the Automatic Stay filed by Robert Campbell*, ECF No. 5466.

[11] Page citations are to the PDF page numbers of the Campbell Motion.

[12] "A writ of fieri facias is a document issued by a [Georgia] court for the purpose of recording a lien on a judgment debtor's property." *Adams v. Carrington Mortg. Servs. LLC*, No. 1:23-CV-04886, 2024 WL 3390564, at *1 (N.D. Ga. Jun. 24, 2024) (citation omitted).

[13] A copy of the Green Tree FiFa is annexed to the Campbell Motion at page 27.

In his motion, Campbell asks for substantially the same relief that Bourff unsuccessfully sought in the Bourff Motion. Pursuant to sections 105(d), 524 and 1141 of the Bankruptcy Code, Bankruptcy Rules 1015(c), 3020(d) and 9007, and section 10.5 of the Plan, Campbell seeks an order declaring that entry of the Florida Stay Relief Order—by the Florida Bankruptcy Court in the Chapter 13 Case—violated the automatic stay in these Chapter 11 Cases, that the Florida Stay Relief Order is void, and the transfers of the Property to Najarian and then to the Georgia Plaintiffs are void and unenforceable. *Id.* at 1, 4.

Campbell is acting pro se. The Georgia Plaintiffs, though counsel, filed an objection to the Campbell Motion (the "Objection").[14] The Plan Administrator, on behalf of Ditech Holding and the Wind Down Estates, filed a limited response to the motion (the "Plan Administrator Response").[15] Campbell did not respond to either submission. The Court heard argument on the Campbell Motion. Campbell appeared at the hearing. The Plan Administrator and the Georgia Plaintiffs appeared at the hearing through their respective counsel. For the reasons stated herein, the Court denies the Campbell Motion.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). In addition, pursuant to the

---

[14] *Objection and Response In Opposition of Sheila Ann Gibson, Jordan A. Cole, and Courtney M. Cole To Motion Of Secured Creditor R. Campbell To Determine The Scope Of The Automatic Stay and Issue a Ministerial Order Confirming Actions Taken Post Petition By Administering Estate Property Void, Etc.*, ECF No. 5469.

[15] *Limited Response of the Plan Administrator to Motion of R. Campbell*, ECF No. 5471. In the response, the Plan Administrator submits that his "only interest is seeing that the Plan is properly applied and enforced by parties with proper standing and an interest in these Chapter 11 Cases." *Id.* ¶ 3.

5

Confirmation Order and the Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan and the Confirmation Order. *See* Confirmation Order at 40-41; Plan art. XI.

## BACKGROUND[16]

**The Property**

In 2005, Cote purchased the Property with financing from Countrywide Home Loans, Inc. (the "Countrywide Loan"). Bourff Order at 2. By quitclaim deed dated January 31, 2007, Cote conveyed her interest in the Property to herself and Bourff as joint tenants with right of survivorship. *Id.* at 4. That same day, Bourff obtained a line of credit from National City Bank (the "NCB Note"), evidenced by a deed securing the line of credit (the "NCB Security Deed"). *Id.* at 5.

Bourff defaulted on his obligations under the NCB Note. *Id.* On June 17, 2010, he filed a lawsuit in the Superior Court of Fulton County, Georgia (the "Georgia Superior Court") against Green Tree, as sub-servicer under the note, alleging unlawful debt collection practices. *Id.* Green Tree counterclaimed based on Bourff's alleged breach of the NCB Note. *Id.* On May 30, 2012, the Georgia Superior Court granted judgment in favor of Green Tree. *Id.*

---

[16] The Court summarizes the factual background by reference to the Bourff Order because Campbell, as Bourff's purported assignee, stands in privity with his assignor and relies on substantively the same facts that Bourff cited in support of the Bourff Motion. *Omotosho v. Freeman Inv. & Loan*, 136 F. Supp. 3d 235, 249 (D. Conn. 2016) ("assignors are in privity with assignees").

6

On January 24, 2014, Green Tree recorded the Green Tree FiFa (the "Judgment Lien") against the Property with the Clerk of the Georgia Superior Court. *Id.* at 6. The Green Tree FiFa names Green Tree as the plaintiff in *fieri facias* and Bourff as the defendant in *fieri facias*. Campbell Motion at 27. It lists the judgment date as May 30, 2012, and states that Bourff owed more than $500,000. *Id*. It amends and supersedes the October 2013 FiFa. *Id*.

**Cote's Bankruptcy and the 2018 Foreclosure Sale**

In 2018, Cote was in default under the Countrywide Loan, prompting BoA, as servicer for the loan, to initiate foreclosure proceedings against the Property. Bourff Order at 6. On April 2, 2018 (the "Cote Petition Date"), Cote commenced her Chapter 13 Case in the United States Bankruptcy Court for the Northern District of Florida. *Id*. at 6.

On April 3, 2018, without seeking or obtaining relief from the automatic stay in the Chapter 13 Case, BoA conducted the 2018 Foreclosure Sale. *Id.* Najarian emerged as the highest bidder, as evidenced by the Foreclosure Deed. *Id.* Thereafter, the bankruptcy court transferred the venue of the Chapter 13 Case to the Florida Bankruptcy Court. *Id.*

On May 21, 2018, the Florida Bankruptcy Court dismissed the Chapter 13 Case. *Id.* at 7. Approximately ten months later, BoA reopened the Chapter 13 Case and filed a motion seeking nunc pro tunc relief from the automatic stay (the "Florida Stay Relief Motion"). *Id.* On March 15, 2019, the Florida Bankruptcy Court granted the motion, and entered the Florida Stay Relief Order. Bourff Order at 7. Cote appealed the order to the Eleventh Circuit, which affirmed the Florida Stay Relief Order. *Id.*

**Najarian Conveys The Property To The Georgia Plaintiffs**

On March 16, 2020 (approximately 13 months after the Petition Date in these Chapter 11 Cases), Najarian conveyed the Property to the Georgia Plaintiffs pursuant to the Limited Warranty

7

Deed. *Id.* at 2. Thereafter, the Georgia Plaintiffs sued Bourff, Cote, and others in the Georgia Superior Court to quiet title to the Property (the "Quiet Title Action"). *Id.* at 8. That action was resolved at trial in favor of the Georgia Plaintiffs and affirmed on appeal. Objection at 6, n.1.

**The Bourff Motion**

Bourff argued that as of the Petition Date, the Debtors held title to the Property, and under the Plan, transferred legal title to the Property to the Wind Down Estates. Bourff Order at 8. He maintained that he holds title to the Property as a "successor in interest" to the Wind Down Estates. *Id.* He argued that the Georgia Plaintiffs violated the automatic stay and Plan Injunctions in the Chapter 11 Cases, by recording the Limited Warranty Deed for the Property and commencing the Quiet Title Action. *Id.* He asked the Court to order the Georgia Plaintiffs to dismiss the Quiet Title Action with prejudice. *Id.* at 3, 12.

In denying the Bourff Motion, the Court found that Bourff is not a party in interest in these Chapter 11 Cases because he lacks any relationship with the Debtors, their property, or the administration of these Chapter 11 Cases. *Id.* at 13. The Court found that the Property has no connection to the Chapter 11 Cases because, as of the Petition Date, the Debtors had no interest in the Property. *Id.* After Cote's default under the Countrywide Loan, BoA, as the loan servicer, foreclosed on the Property. *Id.* at 6. Najarian was the highest bidder at the 2018 Foreclosure Sale. *Id.* at 14. Under Georgia law, the Foreclosure Deed extinguished any interest in the Property that the Debtors hypothetically held prior to the Petition Date (as Green Tree's successor, or otherwise). *Id.* Accordingly, on the Petition Date, the Debtors held no interest in the Property, and legal title to the Property vested in Najarian, as the purchaser at the 2018 Foreclosure Sale—not the Debtors or Bourff. *Id.* Bourff's only claim to a relationship to these Chapter 11 Cases was one based on his argument that, after confirmation of the Plan, he acceded to the Debtors' interest in the Property.

8

*Id*. But, as of the Petition Date, the Debtors had no such interest. *Id*. at 13. Bourff is a stranger to these Chapter 11 Cases. *Id.* at 14.

In reaching that conclusion, the Court rejected Bourff's contention that the 2018 Foreclosure Sale was invalid because it violated the automatic stay imposed by Cote's Chapter 13 Case. *Id.* at 15. Bourff argued that since BoA failed to give the Debtors and Bourff notice of the Florida Stay Relief Motion and the Florida Stay Relief Order, which retroactively determined that the foreclosure sale did not violate the automatic stay, the order is invalid because the Florida Bankruptcy Court did not have jurisdiction to enter the order. *Id.* at 14-15. The Court found that it lacked subject-matter jurisdiction to decide whether Bourff was entitled to notice of the Florida Stay Relief Motion because (i) the matter did not have a nexus, let alone a "close nexus" to the Chapter 11 Cases, and (ii) the Plan did not provide for retention of jurisdiction over the matter. *Id.* at 15-17. As to the former, the Court found that even if Bourff was not served with the motion, that fact does not support the contention that the Property is property of the Debtors' estate. *Id.* at 16. As to the latter, the Court found that Bourff is not the Debtors' "successor in interest" in the Property and has no right to enforce, and is not protected by, the Plan Injunctions. *Id.* at 19. Finally, the Court held that because Bourff is not a creditor in the Chapter 11 Cases, he cannot enforce the automatic stay in these cases. *Id.*

**The Assignment to Campbell**

Campbell's asserted interest in the Property stems from the Assignment. Campbell Motion at 233. Under this agreement, Bourff purported to assign to Campbell "all of [his] rights, and interests in and to the [Judgment] Lien" recorded against the Property. *Id.* The Assignment occurred after the 2018 Foreclosure Sale, but before the Petition Date and entry of the Florida Stay

9

Relief Order. *See id*. The Assignment annexes the October 2013 FiFa. *Id*. However, it was amended and superseded; the operative document is the Green Tree FiFa.

**The Campbell Motion**

Campbell contends that the Florida Stay Relief Order and Limited Warranty Deed are void and unenforceable in any court or tribunal. *Id.* at 4. He raises a number of points in support of the motion. To summarize, he contends, as follows:

(i) The Florida Stay Relief Order is void based upon binding Supreme Court precedent, persuasive authority and accordingly, is unenforceable in this Court.

(ii) The Florida Stay Relief Order did not validate the 2018 Foreclosure Sale conducted on April 3, 2018, in violation of the automatic stay.

(iii) Debtor Green Tree was never served with the Florida Stay Relief Motion and, if it had been properly served, would have filed a suggestion of bankruptcy.

(iv) Upon the commencement of Green Tree's bankruptcy case on February 11, 2019, control over Green Tree's assets automatically was transferred to the exclusive jurisdiction of this Court.

(v) The automatic stay is a central feature of bankruptcy law and operates automatically without notice.

(vi) Anyone can raise the void nature of the Florida Stay Relief Order.

(vii) The Florida Stay Relief Order violates the automatic stay under sections 362(a)(1), (3)-(6) of the Bankruptcy Code.

(viii) The Florida Stay Relief Order purports to annul the automatic stay emanating from this Court and is void.

(ix) Enforcement of Florida Stay Relief Order constitutes an unlawful post confirmation modification of the Plan.

(x) The Property and mortgage servicing rights are protected by the automatic stay and Plan Injunctions.

(xi) The Debtors' assets were vested in the Wind Down Estates and are protected by the Plan Injunctions.

(xii)     The Georgia Plaintiffs' claims to the Property and mortgage servicing rights were extinguished upon confirmation of the Plan.

(xiii)     The Limited Warranty Deed is void.

(xiv)     Campbell is a secured creditor whose lien passed through bankruptcy unaffected by confirmation of the Plan.

(xv)     Debtor Green Tree and Wind Down Estates agree a stay violation occurred and the Florida Stay Relief Order is void.

*Id.* at 5-22.

**The Georgia Plaintiffs' Objection**

The Georgia Plaintiffs maintain they have owned the Property since March 16, 2020, when they purchased it from Najarian pursuant to the Limited Warranty Deed. Objection ¶ 1. They contend that Campbell possesses no relationship to the Property or the Chapter 11 Cases and merely seeks to relitigate issues this Court previously addressed and rejected in the Bourff Order and Bourff Reconsideration Order. *Id.* ¶ 3; *see also id.* ¶ 7 ("The Campbell Motion, while being filed under a different name than Mr. Bourff, is substantially similar to and raises the same issues that were previously raised in the [Bourff Motion and Bourff Motion to Amend] briefed at length by the [the Georgia Plaintiffs], and denied in the Court's [Bourff Order and Bourff Reconsideration Order]"). They contend the Court must deny the Campbell Motion because Campbell does not have standing to seek relief from this Court and the Property is not a part of the Debtors' bankruptcy estate. *Id.* ¶ 9. They label the Campell Motion as "frivolous and an abuse of this Court's resources." *Id.*[17]

Although Campbell asserts that he is a "secured creditor," the Georgia Plaintiffs contend that he does not explain how he is a secured creditor for the Debtor or how the Property has any

---

[17] Campbell did not serve the Campbell Motion on the Georgia Plaintiffs. The Georgia Plaintiffs argue that the Court should deny the Campbell Motion on that basis. Objection ¶ 14. The Court finds no merit to the argument. The Georgia Plaintiffs were not prejudiced by Campbell's failure to serve the motion on them, as they responded to the motion and participated at the hearing on his motion.

relationship whatsoever to this case. *Id.* ¶ 12. They note that Campbell bases his interest in this matter on the unrecorded Assignment to argue that he is the assignee of Bourff's debtor status in the Green Tree FiFa, but contend that the Court rejected all of Bourff's previous arguments relating to the Green Tree FiFa. *Id.* ¶¶ 13-15. They assert the Court specifically determined that Bourff did not have standing in this case, as he "is not a party in interest because he lacks any relationship with the debtor, its property, or the administration of these proceedings." *Id.* ¶ 15 (quoting Bourff Order at 13). They contend the Judgment Lien provided no standing to Bourff and provides no standing to Campbell, and that any purported interest that Campbell derived from Bourff is insufficient based on the Court's prior determination that Bourff lacked standing in the Chapter 11 Cases. *Id.* (citing Bourff Order at 19). In short, they assert that Campbell has no standing to pursue any relief in this action and his arguments in the Campbell Motion are substantively meritless. *Id.* ¶ 18. They ask the Court to deny the Campbell Motion due to lack of standing. *Id.*

**The Plan Administrator Response**

The Plan Administrator advises that there is no record of Campbell being a creditor of the Debtors or holding any secured interest in property of the Debtors. Plan Administrator Response ¶ 2. It contends that since Campbell provides no support for his contention that he possesses an interest in the Property subject to the underlying dispute, he lacks standing to bring his motion. *Id.* It argues there is no authority to support Campbell's assertion that "anyone" can bring a motion to challenge the "void nature" a court order. *Id.* (citing Campbell Motion at 12). Indeed, the Plan Administrator maintains that the Court has twice addressed standing in this context and determined that a person must have standing to bring an application for relief in this Court. *Id.* (citing Bourff Order at 19; Bourff Reconsideration Order at 9, 15).

12

## ANALYSIS

As a preliminary matter, the Bourff Order addressed identical legal theories to those Campbell raises. The Court determined that Bourff "is not a party in interest because he lacks any relationship with the debtor, its property, or the administration of these proceedings" and that "the Property has no connection to the Chapter 11 Cases because, as of the Petition Date, the Debtors had no interest in the Property." Bourff Order at 13. The Court further concluded that "Bourff is a stranger to these Chapter 11 Cases" and lacks standing to enforce the automatic stay provisions. *Id.* at 14, 19. The Assignment occurred after the 2018 Foreclosure Sale but before the Petition Date. These findings preclude relitigation by Campbell, who derives his claimed interest solely through the Assignment. Campbell stands in no better position than his purported assignor.

The Bourff Order constitutes a final determination binding upon Campbell as Bourff's purported assignee. *See, e.g., Marine Midland Bank v. Slyman*, 995 F.2d 362, 365 (2d Cir. 1993) (The doctrine of res judicata "embraces two doctrines—claim preclusion and issue preclusion," both of which "apply only to parties to the original action and those in privity with them."); *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (Claim preclusion bars relitigation of claims that have reached final judgment on the merits and extends to "all other claims arising from the same set of facts, whether or not the claims were raised, even if based upon different theories or if seeking a different remedy."). In support of his motion, Campbell relies on the same facts that Bourff cited in support of the Bourff Motion, and seeks the same relief Bourff sought in the motion. Campbell cannot relitigate claims and issues that this Court definitively resolved in the Bourff Order.

In any event, the Court finds the Campbell Motion fails for two independent reasons. First, Campbell lacks standing to bring the motion because he does not hold a cognizable interest in the

13

Debtors' estates or these proceedings. Alternatively, his motion fails on the merits because the Property was not property of the Debtors' estate as of the Petition Date.

**Campbell Lacks Standing**

The threshold issue is whether Campbell has standing to seek relief in these cases. Standing in bankruptcy proceedings requires a direct financial stake in the outcome derived from a legally cognizable interest affected by the administration of the estate. *In re Maidan*, No. 8-19-77027, 2023 WL 2190228, at *3 (Bankr. E.D.N.Y. Feb. 23, 2023) (finding courts typically recognize a direct interest where an entity has a "financial stake in the outcome of the bankruptcy case" but a movant "with a legal rather than a financial interest in the case" may establish standing to appear "by demonstrating that the filing or pendency of the bankruptcy case impaired [their] legal rights or the ability to perform [their] duties").

Campbell argues that any person may challenge the Florida Stay Relief Order as void without establishing party status, provided the order violates the automatic stay in these Chapter 11 Cases. Campbell Motion at 12. This argument misconstrues the requirements for standing in bankruptcy proceedings. Under section 1109(b) of the Bankruptcy Code, only a "party in interest" may appear and be heard on any issue in a case. 11 U.S.C. § 1109(b). Courts construe this provision broadly, but it requires a direct, legally protected interest that the outcome of the proceeding may affect. *See In re Certain Claims & Noticing Agents' Receipt of Fees*, 647 B.R. 269, 280 (Bankr. S.D.N.Y. 2022) ("Although section 1109(b) should be construed 'broadly,' an indirect interest is insufficient to confer party-in-interest status." (internal citation omitted)). Campbell has not demonstrated such an interest here.

Campbell erroneously contends that the Assignment gives him party-in-interest status in the Chapter 11 Cases. First, he relies on the October 2013 FiFa. It is ineffective, because it

14

incorrectly identifies Bourff as the plaintiff, and Green Tree, as defendant. The Green Tree FiFa properly identifies Green Tree as the judgment creditor and Bourff as the judgment debtor. However, Bourff held no assignable interest in the Judgment Lien because he was the party against whom the judgment was entered. The Court previously determined that Bourff held no recognizable interest in the Property or the Debtors' estates following the 2018 Foreclosure Sale. *See* Bourff Order at 17-19. The Bankruptcy Code limits standing to "parties in interest," which requires a direct, legally protected interest that is impacted by the outcome of the proceeding. Campbell's interest derives solely from an assignment of nonexistent rights by a judgment debtor who possessed no assignable interest in the underlying lien. Campbell failed to show any legal basis to support his standing in these proceedings.

Campbell has not demonstrated that he holds any direct contractual, financial, or statutory relationship with the Debtors. The Plan Administrator confirms that there is no record of Campbell being a creditor of the Debtors or holding any secured interest in property of the Debtors. Plan Administrator Response ¶ 2. The Campbell Motion does not identify any interest in the Chapter 11 Cases that could impact him in any way. Campbell's position as a judgment debtor's assignee of an extinguished Judgment Lien provides no such interest, and he fails to establish any other basis for standing under the Bankruptcy Code. Campbell's assertion of secured creditor status is only mentioned in the title of his motion, without any factual or legal support whatsoever. The absence of any connection between Campbell and the Debtors' estates precludes standing under sections 1109(b) and 362(d) of the Bankruptcy Code.

Because Campbell lacks a legally cognizable interest in the Chapter 11 Cases, he is not a "party in interest" under the Bankruptcy Code and has no standing to assert claims related to the automatic stay, Florida Stay Relief Order, or subsequent transfers of the Property.

15

**The Property Was Not Property Of The Estate**

Alternatively, the Campbell Motion fails as the Property is not, and never was, property of the Debtors' estate. The Campbell Motion is premised on the assertion that the Property became estate property on the Petition Date. This position rests on the argument that the 2018 Foreclosure Sale was void *ab initio* because it was conducted in violation of the automatic stay in Cote's Chapter 13 Case. Campbell Motion at 6. Campbell maintains that the Florida Bankruptcy Court lacked authority to enter a nunc pro tunc order on March 15, 2019, retroactively lifting the stay to April 2, 2018. *Id.* at 7.

A bankruptcy court's jurisdiction extends to "all legal or equitable interests of the debtor in property as of the commencement of such case." 11 U.S.C. § 541(a)(1). According to Campbell, the Debtors' connection to the Property is through the Judgment Lien held by Green Tree. Campbell Motion at 9. Campbell claims Green Tree held legal title to the Property based on a security deed. *Id.* at 3. However, Campbell's exhibits in support of his motion demonstrate that the Property was subject to senior liens held by Countrywide Home Loans, Inc. *Id.* at 29-30. The 2018 Foreclosure Sale conducted by the senior lienholder occurred ten months *before* the Petition Date. Under Georgia law, a valid foreclosure sale by a senior lienholder extinguishes all junior liens and interests in the subject property. *See Hudson v. Dobson*, 580 S.E.2d 268, 271 (Ga. Ct. App. 2003). The 2018 Foreclosure Sale terminated any interest that Green Tree may have possessed in the Property. Thus, as of April 3, 2018, the Judgment Lien held by Green Tree was extinguished. Because Campbell's purported acquisition of the lien occurred on January 20, 2019—well after the extinguishment of the underlying interest—the Assignment conveyed no enforceable rights.

As of the Petition Date, the Debtors held no legal or equitable interest in the Property. Campbell argues that Green Tree, as a predecessor to one of the Debtors, held an interest in the Property prior to the 2018 Foreclosure Sale and that such interest became part of the Debtors' estate. Campbell Motion at 9. The Court disagrees. The 2018 Foreclosure Sale extinguished Green Tree's interest in the Property nearly eleven months before the Petition Date, and the estate includes only those interests that remained in effect as of the filing date. *See Sigmon v. Goldman Sachs Mortg. Co.*, 539 B.R. 221, 225 (S.D.N.Y. 2015) (citing 28 U.S.C. § 1334(e)(1)). Because the Debtors held no remaining legal or equitable interest in the Property as of the Petition Date, the Property was not property of the Debtors' estate, and this Court lacks jurisdiction to grant the relief Campbell seeks. *See id*.

Campbell's argument that this Court should invalidate the Florida Stay Relief Order because it affects estate property lacks merit. The automatic stay, which arose on February 11, 2019, in these Chapter 11 Cases, only protects property of the Debtors' estate. The Plan Administrator further characterizes the matter as "wholly unrelated" to these Chapter 11 Cases, reinforcing the conclusion that the Property bears no connection to the Debtors' estates. Plan Administrator Response ¶ 3.

Because the Property was not, and is not, part of the Debtors' estate, the dispute over the effect of the stay in the Chapter 13 Case and the validity of the Florida Stay Relief Order is not a matter for this Court to decide, as it does not concern property of these Debtors' estates. Accordingly, arguments regarding the application of the automatic stay provisions under section 362(a) of the Bankruptcy Code are inapposite. The protections of the stay apply only to property of the estate. *See* 11 U.S.C. § 362(a). Moreover, any alleged procedural deficiencies in the Chapter 13 Case, including lack of notice to Green Tree, cannot create estate property where none existed.

To the extent Campbell seeks to enforce Plan Injunctions under sections 10.3(b), 10.5(a), 10.5(b), and 10.5(d) of Article X of the Plan, *see* Campbell Motion at 18-21, such provisions do not operate retroactively to invalidate transactions that occurred prior to the commencement of the bankruptcy case involving property that was never estate property. Campbell asserts that his failure to file a proof of claim is non-dispositive to his standing, and that his own lien passed through bankruptcy unaffected because he chose not to file a claim, *see id.* at 21-22, but he again fails to explain how he can claim any interest in the property of the estate, which is the predicate to his argument.

In the Bourff Order, the Court addressed and rejected the issues raised by the Campbell Motion. Campbell has not presented new factual circumstances or legal authority that would warrant making an inconsistent finding. His purported acquisition of an extinguished lien does not transform property that never belonged to the Debtors into property of the estate subject to this Court's jurisdiction.

## CONCLUSION

The Court denies the Campbell Motion.

Dated: August 28, 2025
      New York, New York

                                         /s/ *James L. Garrity, Jr.*
                                          Hon. James L. Garrity, Jr.
                                          U.S. Bankruptcy Judge