| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK**<br>-----------------------------------------------------------x<br>In re:                                                                      :<br>                                                                                  :<br>Ditech Holding Corporation, *et al.*,                   :<br>                                                                                  :<br>                                                    Debtors.[1]    :<br>-----------------------------------------------------------x | NOT FOR PUBLICATION<br><br>Case No. 19-10412 (JLG)<br>Chapter 11<br><br>Jointly Administered |

# MEMORANDUM DECISION AND ORDER DENYING
# R. CAMPBELL'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

**A P P E A R A N C E S:**

R. Campbell
*Appearing Pro Se*
1275 U.S. Highway 1
Suite # 2-231
Vero Beach, FL 32960


FIDELITY NATIONAL LAW GROUP
*Attorneys for Sheila Ann Gibson, Jordan A. Cole, and Courtney M. Cole*
711 Third Avenue, 8th Floor
New York, New York 10117
By:    David J. Wolkenstein

---

[1] On September 26, 2019, the Court confirmed the *Third Amended Joint Chapter 11 Plan of Ditech Holding Corporation and Its Affiliated Debtors* (ECF No. 1404) (the "Plan"), which created the Wind Down Estates. On February 22, 2022, the Court entered the *Order Granting Entry of Final Decree (I) Closing Subsidiary Cases; and (II) Granting Related Relief*, ECF No. 3903 (the "Closing Order"). References to "ECF No. __" are to documents filed on the electronic docket in these jointly administered cases under Case No. 19-10412. Pursuant to the Closing Order, the chapter 11 cases of the following Wind Down Estates were closed effective as of February 22, 2022: DF Insurance Agency LLC (6918); Ditech Financial LLC (5868); Green Tree Credit LLC (5864); Green Tree Credit Solutions LLC (1565); Green Tree Insurance Agency of Nevada, Inc. (7331); Green Tree Investment Holdings III LLC (1008); Green Tree Servicing Corp. (3552); Marix Servicing LLC (6101); Mortgage Asset Systems, LLC (8148); REO Management Solutions, LLC (7787); Reverse Mortgage Solutions, Inc. (2274); Walter Management Holding Company LLC (9818); and Walter Reverse Acquisition LLC (8837). Under the Closing Order, the chapter 11 case of Ditech Holding Corporation (the "Remaining Wind Down Estate"), Case No. 19-10412, remains open and, as of February 22, 2022, all motions, notices and other pleadings relating to any of the Wind Down Estates are to be filed in the case of the Remaining Wind Down Estate. The last four digits of the Remaining Wind Down Estate's federal tax identification number is (0486). The Remaining Wind Down Estate's principal offices are located at 2600 South Shore Blvd., Suite 300, League City, TX 77573.

WEIL, GOTSHAL & MANGES LLP
*Attorneys for Plan Administrator*
767 Fifth Avenue
New York, New York 10153
By:    Richard W. Slack
         Sunny Singh

**HON. JAMES L. GARRITY, JR.**
**U.S. BANKRUPTCY JUDGE**

## INTRODUCTION[2]

Robert Campbell ("Campbell"), acting pro se, filed a motion for an order declaring that entry of the Florida Stay Relief Order in the Chapter 13 Case violated the automatic stay in these Chapter 11 Cases, and that the order and subsequent transfers of the Property to Najarian and then to the Georgia Plaintiffs are void and unenforceable (the "Campbell Motion").[3] The Court denied the motion (the "Campbell Order").[4] The matter before the Court is Campbell's motion to alter or amend the Campbell Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)") (the "Rule 59(e) Motion")[5].

The Georgia Plaintiffs and the Plan Administrator each responded to the motion.[6] Campbell filed a reply to those responses (the "Reply").[7] The Court conducted a hearing on the motion. Campbell appeared at the hearing. The Georgia Plaintiffs and Plan Administrator appeared at the

---

[2] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to such terms in the Campbell Order.

[3] *Motion of Secured Creditor R. Campbell to determine the scope of the Automatic Stay filed by Robert Campbell*, ECF No. 5466.

[4] *Memorandum Decision and Order Denying Motion of Secured Creditor R. Campbell to Determine the Scope of the Automatic Stay and Issue a Ministerial Order Confirming Actions Taken Post Petition by Administering Estate Property Void*, ECF No. 5476.

[5] *Campbell's Rule 59(e) Motion to Alter or Amend Judgment*, ECF No. 5482.

[6] *See Objection and Response in Opposition of Sheila Ann Gibson, Jordan A. Cole, and Courtney M. Cole to R. Campbell's Motion to Alter or Amend Judgment*, ECF No. 5487 (the "Ga. Plaintiffs' Obj."); *Limited Response of the Plan Administrator to Rule 59(e) Motion of R. Campbell*, ECF No. 5488 (the "Plan Admr. Resp.").

[7] *Campbell's Rule 59(e) Reply Brief*, ECF No. 5497.

2

hearing through their respective counsel. For the reasons stated herein, the Court denies the Rule 59(e) Motion.

## JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and (b)(1) and the Amended Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). In addition, pursuant to the Confirmation Order and the Plan, this Court has retained jurisdiction over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan, including, among other things, to enter and implement such orders as may be necessary or appropriate to execute, implement, or consummate the provisions of the Plan, the Confirmation Order, and any agreements and documents in connection with or contemplated by the Plan and the Confirmation Order. *See* Confirmation Order at 40-41; Plan art. XI.

## BACKGROUND[8]

**The Property**

On January 24, 2014, Green Tree Servicing LLC ("Green Tree") (the predecessor to Ditech Financial, LLC), recorded a *Writ of Fieri Facias* (the "Judgment Lien")[9] against real property located at 7097 Riverside Drive NW, Sandy Springs, Georgia 30328 (the "Property"). Campbell Order at 7. The writ names Green Tree as plaintiff in *fieri facias*, and Michael James Bourff ("Bourff") as the defendant in *fieri facias*. *Id.* It amends and supersedes a *Writ of Fieri Facias*,

---

[8] The facts underlying this dispute are set forth in detail in the Campbell Order. The Court assumes familiarity with the order. Except as necessary to the resolution of the Rule 59(e) Motion, the facts will not be repeated herein.

[9] "A writ of fieri facias is a document issued by a court for the purpose of recording a lien on a judgment debtor's property." *Adams v. Carrington Mortg. Servs., LLC*, No. 1:23-CV-04886, 2024 WL 3390564, at *1 (N.D. Ga. June 24, 2024) (citation omitted).

3

dated October 28, 2013, that erroneously names Bourff as plaintiff and Green Tree as defendant in *fieri facias* (the "Defective Judgment Lien"). *Id.*

In April 2018, Bank of America, N.A. ("BoA"), as senior lienholder against the Property, conducted a non-judicial foreclosure sale of the Property to Najarian Capital LLC ("Najarian") (the "2018 Foreclosure Sale"). *Id.* At that time, Tahitha Baker Cote ("Cote") and Bourff held the Property as joint tenants with the right of survivorship, and Cote was a debtor in a case under chapter 13 of the Bankruptcy Code in the Florida Bankruptcy Court (the "Chapter 13 Case"). *Id.* In conducting the foreclosure sale, BoA did not seek or obtain relief from the automatic stay in the Chapter 13 Case. *Id.*

On February 11, 2019 (the "Petition Date"), approximately ten months after the 2018 Foreclosure Sale, the Debtors commenced these Chapter 11 Cases. *Id.* at 2. Under Georgia law, the 2018 Foreclosure Sale extinguished the Judgment Lien, and any other interest in the Property that the Debtors hypothetically held prior to the Petition Date (as Green Tree's successor, or otherwise). *Id.* at 16 (citing *Hudson v. Dobson*, 580 S.E.2d 268, 271 (Ga. Ct. App. 2003)). Accordingly, on the Petition Date, none of the Debtors held an interest in the Property, and legal title to the Property vested in Najarian, as the purchaser at the 2018 Foreclosure Sale—not the Debtors. *Id.* at 17.

In March 2019, the Florida Bankruptcy Court granted BoA's request for nunc pro tunc relief from the automatic stay in the Chapter 13 Case (the "Florida Stay Relief Order"), effectively validating the 2018 Foreclosure Sale. *Id.* at 7. In March 2020, Najarian conveyed the Property to the Georgia Plaintiffs pursuant to a Limited Warranty Deed. *Id.*

4

**The Campbell Motion**

Campbell contends that he is a secured creditor of the Debtors in the Chapter 11 Cases based upon an unrecorded pre-petition *Assignment of Judgment Lien (Writ of Fieri Facias)* from Bourff dated January 20, 2019 (the "Assignment"). Campbell Order at 4. The Assignment purports to assign to Campbell the Defective Judgment Lien, that erroneously names Bourff as the plaintiff *in fieri facias*, and Green Tree as the defendant *in fieri facias,* and that was superseded by the Judgment Lien. *Id.* at 4, 9-10.

In the Campbell Motion, Campbell sought an order declaring that the Florida Bankruptcy Court violated the automatic stay in these Chapter 11 Cases when it entered the Florida Stay Relief Order in the Chapter 13 Case, and that the order, and the Property transfers to Najarian pursuant to the 2018 Foreclosure Sale, and by Najarian to the Georgia Plaintiffs pursuant to the Limited Warranty Deed, are void and unenforceable. *Id.* at 5.[10] The predicates for relief in the motion are

---

[10] Campbell raised a host of arguments in support of the motion, as follows:

(i) The Florida Stay Relief Order is void based upon binding Supreme Court precedent, persuasive authority and accordingly, is unenforceable in this Court.

(ii) The Florida Stay Relief Order did not validate the 2018 Foreclosure Sale conducted on April 3, 2018, in violation of the automatic stay.

(iii) Debtor Green Tree was never served with the Florida Stay Relief Motion and, if it had been properly served, would have filed a suggestion of bankruptcy.

(iv) Upon the commencement of Green Tree's bankruptcy case on February 11, 2019, control over Green Tree's assets automatically was transferred to the exclusive jurisdiction of this Court.

(v) The automatic stay is a central feature of bankruptcy law and operates automatically without notice.

(vi) Anyone can raise the void nature of the Florida Stay Relief Order.

(vii) The Florida Stay Relief Order violates the automatic stay under sections 362(a)(1), (3)-(6) of the Bankruptcy Code.

(viii) The Florida Stay Relief Order purports to annul the automatic stay emanating from this Court and is void.

(ix) Enforcement of Florida Stay Relief Order constitutes an unlawful post confirmation modification of the Plan.

(x) The Property and mortgage servicing rights are protected by the automatic stay and Plan Injunctions.

sections 105(d), 524 and 1141 of the Bankruptcy Code, Bankruptcy Rules 1015(c), 3020(d) and 9007, and section 10.5 of the Plan. *Id.*

**The Campbell Order**

The Court denied the Campbell Motion. The Court found that Campbell lacks standing to bring the motion because he does not hold a cognizable interest in the Debtors' estates or these proceedings. *Id.* at 13-14. The Court rejected Campbell's argument that any person may challenge the Florida Stay Relief Order as void without establishing party status, provided the order violates the automatic stay in these Chapter 11 Cases. *Id.* at 14 (citing Campbell Motion at 12).

Under section 1109(b) of the Bankruptcy Code, only a "party in interest" may appear and be heard on any issue in a case. 11 U.S.C. § 1109(b). Applying that standard, the Court found that Campbell erroneously contends that the Assignment gives him party-in-interest status in the Chapter 11 Cases. First, he misplaced his reliance on the Defective Judgment Lien. Campbell Order at 14. Moreover, Bourff held no assignable interest under the Judgment Lien, as he is the judgment debtor, against whom the judgment was entered. *Id.* at 15. In any event, Campbell failed to demonstrate that he holds any direct contractual, financial, or statutory relationship with the Debtors. The Court summarized that:

> The Campbell Motion does not identify any interest in the Chapter 11 Cases that could impact him in any way. Campbell's position as a judgment debtor's

---

(xi) The Debtors' assets were vested in the Wind Down Estates and are protected by the Plan Injunctions.

(xii) The Georgia Plaintiffs' claims to the Property and mortgage servicing rights were extinguished upon confirmation of the Plan.

(xiii) The Limited Warranty Deed is void.

(xiv) Campbell is a secured creditor whose lien passed through bankruptcy unaffected by confirmation of the Plan.

(xv) Debtor Green Tree and Wind Down Estates agree a stay violation occurred and the Florida Stay Relief Order is void.

Campbell Order at 10-11.

6

>assignee of an extinguished Judgment Lien provides no such interest, and he fails to establish any other basis for standing under the Bankruptcy Code. Campbell's assertion of secured creditor status is only mentioned in the title of his motion, without any factual or legal support whatsoever. The absence of any connection between Campbell and the Debtors' estates precludes standing under sections 1109(b) and 362(d) of the Bankruptcy Code.

*Id.* at 15.

The Court also denied on the merits of the Campbell Motion. Campbell maintains that the Florida Bankruptcy Court lacked authority to enter a nunc pro tunc order on March 15, 2019, retroactively lifting the stay to April 2, 2018. *Id.* at 16. He argues that the Court should invalidate the Florida Stay Relief Order because it affects property of the Debtor's estates in violation of the automatic stay. *Id.* at 17.

The automatic stay in these Chapter 11 Cases, protects property that was estate property as the Petition Date. *Id.* The Campbell Motion is premised on the contention that on the Petition Date, the Debtors had an interest in the Property that became property of the Debtors' estates. This rests on the argument that the 2018 Foreclosure Sale was void *ab initio* because it was conducted in violation of the automatic stay in the Chapter 13 Case. *Id.* at 16 (citing Campbell Motion at 6). According to Campbell, the Debtors' connection to the Property is through the Judgment Lien. *Id.* Campbell claims Green Tree held legal title to the Property based on a security deed. *Id.*

However, under Georgia law, the 2018 Foreclosure Sale terminated any interest that Green Tree may have possessed in the Property. *Id.* (citing *Hudson*, 580 S.E.2d at 271). Thus, as of April 3, 2018, Green Tree had no interest in the Property. *Id.* Because Campbell's purported acquisition of the judgment lien occurred on January 20, 2019, well after the extinguishment of the underlying interest, the Assignment conveyed no enforceable rights against the Debtors. *Id.* The Debtors' estates include only those interests that remained in effect as of the Petition Date. *Id.* at 17 (citing

*Sigmon v. Goldman Sachs Mortg. Co.*, 539 B.R. 221, 225 (S.D.N.Y. 2015)). As of the Petition Date, the Debtors held no legal or equitable interest in the Property. *Id.* Because such an interest was not, and is not, part of the Debtors' estates, the dispute over the effect of the stay in the Chapter 13 Case and the validity of the Florida Stay Relief Order is not a matter for this Court to decide. Campbell is not entitled to relief for alleged violations of the automatic stay. *Id*.

**<u>Rule 59(e) Motion</u>**

Campbell argues that he is entitled to relief under Rule 59(e) because the Court committed "manifest error of law" in determining the Judgment Lien was extinguished and that Campbell is not a secured creditor in these Chapter 11 Cases. Rule 59(e) Motion at 2. He contends that he qualifies as a "creditor" with a "claim" under sections 101(5) and 101(10) of the Bankruptcy Code, as his claim was reduced to judgment, liquidated, fixed, matured, undisputed, legal, and secured on the Petition Date. *Id.* at 1-2. He maintains "Congress intended . . . to adopt the broadest available definition of 'claim.'" *Id.* at 1 (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 83 (1991)).

He also contends that the Debtor never argued the Judgment Lien was extinguished and, in fact, stated on the record at the hearing that it has no knowledge of the lien. *Id.* at 2. Finally, he asserts that even if the Debtor had objected to the validity of the Judgment Lien, a determination as to its validity could be sought only in an adversary proceeding under Bankruptcy Rule 7001(2), and could not be obtained on objection by the Debtor to his secured claims. *Id.* (citing *In re Osuji*, 580 B.R. 36 (2018)).

**<u>The Georgia Plaintiff's Objection</u>**

The Georgia Plaintiffs contend Campbell has not satisfied the "heavy burden" required to prevail on the motion because he has not demonstrated "intervening controlling case law, previously unavailable evidence, or the existence of manifest injustice." Ga. Plaintiffs' Obj. ¶ 9.

They argue Campbell merely re-hashes the same position set forth in the Campbell Motion without presenting any new information or controlling law. *Id.* ¶ 10. They maintain that Campbell has had a full and fair opportunity to present his arguments and cannot establish entitlement to any relief under Rule 59(e). *Id.* The Georgia Plaintiffs further assert that Campbell is not a creditor with a claim in the Chapter 11 Cases, emphasizing that the Court correctly determined in the Campbell Order that Bourff held no assignable interest in the Judgment Lien because he was the party against whom the judgment was entered. *Id.* ¶ 18. They argue the Court correctly determined that its prior rulings as to Bourff preclude re-litigation by Campbell of the same issues under principles of claim preclusion and issue preclusion. *Id.* ¶ 20.

The Georgia Plaintiffs introduce a new issue in the Objection. They ask that the Court to enforce Rule 9011 of the Federal Rules of Bankruptcy Procedure (the "Rule 9011"), which prohibits filings made for improper purposes such as harassment or causing unnecessary delay. *Id.* ¶ 23. They ask the Court to "issue an Order pursuant to Rule 9011 that precludes Mr. Campbell from filing any further motion in the Court relating to the Property." *Id.* ¶ 25.

**The Plan Administrator Response**

The Plan Administrator takes no position on the underlying dispute, as its "only interest is seeing that the Plan is properly applied and enforced by parties with proper standing and an interest in these chapter 11 cases." Plan Admr. Resp. ¶ 4. The Plan Administrator argues the Rule 59(e) Motion is deficient on its face because it does not point to any controlling law, new evidence, or clear error in the Campbell Order that would warrant reconsideration under Rule 59(e). *Id.* ¶ 6. It notes that Campbell did not file a proof of claim and that, absent the filing of a timely proof of claim, Campbell's claim is now barred under the Plan which releases all claims against the Debtors unless brought as a proof of claim. *Id.* ¶ 7. The Plan Administrator emphasizes that the supposed

9

basis for Campbell's alleged creditor status is the Defective Judgment Lien that was subsequently amended and corrected to reflect a judgment against Bourff. As such, there is no valid judgment in Bourff's favor to assign to Campbell. *Id.* ¶ 8. Finally, the Plan Administrator argues that even if Campbell were determined to be a creditor, that would not alter the outcome of the motion as the Court found in denying a similar motion by Bourff that the Debtors had no interest in the Property, and therefore Bourff lacks standing to enforce the Plan provisions. *Id.* ¶ 9.

**Campbell's Reply Brief**

In his reply, Campbell asserts that BoA, Najarian, and the Plan Administrator do not object to his secured creditor status. Reply at 1. He contends that BoA was served and "determined it was legally sound and filed no objection." *Id.*

Campbell argues that the Plan Administrator is "the only party in this contested matter with standing to contest Campbell's status as secured creditor" and asserts that the Plan Administrator's statement at oral argument that he had no knowledge of the lien means the Plan Administrator has no objection. *Id.* at 1-2. Campbell contends the Plan Administrator did not (i) file a proof of claim and object to the claim, (ii) file an adversary proceeding under Bankruptcy Rule 7001(2) to determine the enforceability of the lien, or (iii) request an evidentiary hearing. *Id.* at 2. According to Campbell, the Plan Administrator therefore has no objection to Campbell's secured creditor status. *Id.*

Campbell also argues that plan confirmation did not extinguish the lien. Reply at 2. He maintains that under binding authority, because he "did not participate in the bankruptcy proceeding until July 23, 2025 and did not file a proof of claim," the lien passed through bankruptcy unaffected. *Id.*

10

Campbell accuses the Plan Administrator of attaching papers to its response that "convey a false impression to the Court." *Id.* He asserts that the Plan Administrator attached a lien in favor of Green Tree without informing the Court that the lien was cancelled by the Fulton County Superior Court, and attached a docket report without including an updated docket showing "an order cancelling only the Greentree lien and leaving intact the Campbell lien." *Id.* Campbell argues the Court should disregard or strike both exhibits and contends that any proper objection would violate the Rooker-Feldman doctrine by asking the Court to review a state court judgment. *Id.* at 2-3.

Finally, Campbell asserts that the Georgia Plaintiffs lack standing to object to his secured creditor status because they are not a "party in interest" and "have no connection to this contested matter." *Id.* at 3. He asks that the Court to disregard or strike their opposition brief. *Id.* Campbell concludes that even if the Plan Administrator had objected, he "would still be the holder of a disputed, secured, claim and still meet the statutory definition of creditor." *Id*.

## **LEGAL PRINCIPLES**

Rule 59(e) permits motions to "alter or amend a judgment." Fed. R. Civ. P. 59(e). Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1 make Rule 59 applicable in bankruptcy proceedings, except that such motions must be filed within fourteen days after the entry of judgment. Fed. R. Bankr. P. 9023; L. Bankr. R. 9023-1.

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances, such as where the court failed to consider evidence or binding authority." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) ("In this Judicial Circuit the standard for granting a Rule 59(e) motion 'is strict, and reconsideration will generally be denied.'" (quoting

11

*Ursa Minor Ltd. v. Aon Financial Products, Inc.*, 2000 WL 1279783 at *1 (S.D.N.Y. Sept. 8, 2000))). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Bartlett v. Tribeca Lending Corp.*, No. 18-cv-10279, 2019 WL 1595656, at *1 (S.D.N.Y. Apr. 12, 2019) (noting that a party moving for reconsideration of a previous order must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schrader,* 70 F.3d at 257; *see also Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) ("It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

The burden of establishing cause under Rule 59(e) rests with the movant. *See Crane Enterprises LLC v. Crane (In re Crane Enterprises LLC),* Adv. Pro. No. 25-01040, 2025 WL 2416461, at *2 (Bankr. S.D.N.Y. Aug. 25, 2025) (citing *In re Crozier Bros., Inc.*, 60 B.R. 683, 688 (Bankr. S.D.N.Y. 1986)). Rule 59(e) motions are committed to the sound discretion of the Court. *See Olson v. Major League Baseball*, 29 F.4th 59, 72 (2d Cir. 2022) ("[W]e generally review the denial of a reconsideration motion under Federal Rules of Civil Procedure 59(e) and 60(b) for abuse of discretion."); *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015) ("Regardless of whether the motion should have been made or construed pursuant to Rule 59(e) or Rule 60(b), the standard of review is the same: abuse of discretion.").

12

## ANALYSIS

**The Rule 59(e) Motion**

Campbell is not entitled to relief under Rule 59(e). As a threshold matter, Campbell's Reply suffers from multiple procedural defects that warrant the Court's disregard of the arguments raised therein.

First, Campbell raises arguments in the Reply that were not presented in the Campbell Motion. "Arguments raised for the first time on a motion for reconsideration are therefore untimely." *Cruz v. Barnhart*, No. 04-9794, 2006 WL 547681, at *1 (S.D.N.Y. Mar. 7, 2006); *In re Centric Brands, Inc.*, No. 20-22637, 2022 WL 1132046 at *2 (Bankr. S.D.N.Y. Apr. 15, 2022) (a motion under Rule 59(e) "[a]rguments raised for the first time on a motion for reconsideration are therefore untimely" and "it is improper for the movant to present new material 'because[,] by definition[,] material that has not been previously presented cannot have been previously 'overlooked' by the court.'"); *In re Oi Brasil Holdings Coöperatief U.A.*, 582 B.R. 358, 363 (Bankr. S.D.N.Y. 2018) (arguments raised for the first time on a motion for reconsideration are untimely). "The reason for the rule confining reconsideration to matters that were overlooked is to ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *In Touch Concepts, Inc. v. Cellco Partnership*, No. 13-1419, 2013 WL 6182949, at *2 (S.D.N.Y. Nov. 18, 2013), *aff'd*, 788 F.3d 98 (2d Cir. 2015) (citation and quotation marks omitted). Were it otherwise, "disappointed litigants would be forever raising new arguments and there would be no end to litigation." *Id.*

Second, the Reply improperly raises new arguments in the context of a motion for reconsideration. "Arguments raised for the first time in reply briefs are waived." *In re Firestar Diamond, Inc.*, 654 B.R. 836, 897 n.47 (Bankr. S.D.N.Y. 2023); *see also Smith v. Wells Fargo*

13

*Bank, N.A.*, 666 F. App'x 84, 88 (2d Cir. 2016) (holding that arguments first made in a reply brief are waived); *Chaney v. Local 32BJ SEIU*, No. 23-3652, 2025 WL 1938701, at *6 n.4 (S.D.N.Y. July 15, 2025). These include Campbell's contentions that: (i) BoA, Najarian, and the Plan Administrator have no objection to his secured creditor status, Reply at 1-2; (ii) the Plan Administrator failed to file an adversary proceeding under Bankruptcy Rule 7001(2) or request an evidentiary hearing, *id.* at 2; (iii) plan confirmation did not extinguish his lien, *id.*; (iv) the Plan Administrator improperly attached exhibits that "convey a false impression," *id.* at 2-3; (v) any objection would violate the Rooker-Feldman doctrine, *id.*; and (vi) the Georgia Plaintiffs lack standing to object, *id.* at 3. None of these arguments appear in his Rule 59(e) Motion.

Accordingly, the Court declines to consider the new arguments raised by Campbell in the Reply. *See RL 900 Park LLC v. Ender*, No. 18-12121, 2020 WL 70920, at *4 (S.D.N.Y. Jan. 3, 2020) (declining to consider arguments raised for the first time in supplemental filing submitted after deadline).

In any event, Campbell is not entitled to relief under Rule 59(e) because he has not identified any intervening change in controlling law or clear error that warrants altering or amending the Campbell Order. Instead, the Rule 59(e) Motion largely rehashes arguments previously considered and rejected by the Court, as Campbell continues to assert that the Judgment Lien was not extinguished and, based on his purported interest in the lien, he is a secured creditor of the Debtors.

Campbell argues that he qualifies as a "creditor" in the Chapter 11 Cases under section 101(10) of the Bankruptcy Code because, as of the Petition Date, he held a "claim," as defined in section 101(5), against the Debtors, which was reduced to judgment, liquidated, fixed, matured, undisputed, legal, and secured. Rule 59(e) Motion at 1-2.

14

However, Campbell merely labels himself as a secured creditor without demonstrating that the Court overlooked facts or evidence which establish that he is a creditor with standing to be heard in these cases. The fact that the Plan Administrator, the Georgia Plaintiffs, BoA, or Najarian may not have challenged Campbell's characterization of himself as a secured creditor is irrelevant. Reply at 1-2. Campbell, as the movant seeking relief under section 1109(b), bears the affirmative burden of establishing that he is a "party in interest" with standing to be heard in these Chapter 11 Cases. *See* 11 U.S.C. § 1109(b); Campbell Order at 14-15. Standing is a threshold jurisdictional requirement that cannot be established by the silence or inaction of other parties.

Campbell cannot meet meet that burden. The Court determined that Campbell's purported interest in the Property derives from the Assignment of the Judgment Lien, which conveys no enforceable rights against the Debtors. Campbell Order at 17. Under Georgia law, the 2018 Foreclosure Sale by the senior lienholder extinguished all junior interests, including the Judgment Lien. *Id.* at 16 (citing *Hudson*, 580 S.E.2d at 271). Campbell fails to point to overlooked facts or controlling decisions that would change the outcome.[11]

Moreover, Campbell did not file a proof of claim in these cases and the Plan releases all claims against the Debtors not evidenced by a proof of claim. Plan §§ 1.15, 6.1, 6.18, 10.6. Further, by its terms, the amended *Writ of Fieri Facias* correctly reflects that the judgment is against Bourff, the defendant in the counterclaim. Thus, there was no valid judgment to assign to Campbell as he stands in no better position than his purported assignor. *See* Campbell Order at 13. Even assuming Campbell were a creditor, this would not alter the outcome because, in denying a similar motion

---

[11] Campbell does not challenge the Court's determination that he lacks standing as a party in interest under section 1109(b) of the Bankruptcy Code. Campbell Order at 14-15. The Court found that Campbell's position as assignee of a judgment debtor who possessed no assignable interest in the extinguished lien provided no basis for standing. *Id.* at 18.

15

by Bourff, the Court found that the Debtors had no interest in the Property, and therefore Bourff lacks standing to enforce the Plan's injunction provisions. *See id.* at 14. Campbell stands in no better position than his purported assignor and that the Court's findings in the Campbell Order preclude relitigation by Campbell, who derives his claimed interest solely through the Assignment. *See id.* at 15.

Campbell misplaces his reliance on *Johnson*, 501 U.S. at 83. Even accepting the broad definition of "claim," Campbell cannot transform an extinguished lien into a valid secured claim simply by labeling himself a creditor. Moreover, in any event, the Court's prior determination that the Property was not property of the estate as of the Petition Date remains dispositive regardless of how expansively the Court construes the term "claim." Campbell Order at 17-18.

Campbell contends that the Debtor never argued the Judgment Lien was extinguished and stated on the record that it has no knowledge of the lien. Rule 59(e) Motion at 2. However, this does not constitute new evidence or demonstrate clear error of fact or law by the Court. There is no record of Campbell as a creditor or holder of a secured interest in estate property. Campbell Order at 15. Moreover, the Court's determination that the Judgment Lien was extinguished stems from the application of Georgia law to the facts presented, including the 2018 Foreclosure Sale occurring prior to the Assignment and the Petition Date. *Id.* at 8, 17.

There is no merit to Campbell's contention that a determination of the validity of the Judgement Lien can be obtained only by means of an adversary proceeding under Bankruptcy Rule 7001(2). Rule 59(e) Motion at 2 (citing *In re Osuji*, 580 B.R. 36). First, the Court made no determination regarding the validity of Campbell's purported lien as a matter of law. Moreover, the issue before the Court was not whether Campbell holds a valid lien under Georgia law, but whether Campbell has standing to seek relief in these Chapter 11 Cases and whether such relief is

within this Court's jurisdictional authority. Standing determinations are threshold jurisdictional questions that courts must address before reaching substantive claims. *See In re MF Glob. Holdings Ltd.*, 561 B.R. 608, 617 (Bankr. S.D.N.Y. 2016) ("The threshold question which must be addressed before any other issue is the jurisdiction of this Court."). There is no dispute about the basic facts: the 2018 Foreclosure Sale occurred, Najarian purchased the Property, and this sale extinguished junior liens under Georgia law. The Court applied settled Georgia law establishing that a foreclosure sale by a senior lienholder extinguishes junior liens. Campbell Order at 16-17 (citing *Hudson*, 580 S.E.2d at 271).

Finally, *In re Osuji* is distinguishable. There, the debtor sought to avoid creditors' liens under section 506(d)(2) of the Bankruptcy Code based solely on the creditors' failure to file proofs of claim. *In re Osuji*, 580 B.R. at 44. The court held that section 506(d)(2) expressly prevents such avoidance but declined to determine whether the creditors actually held enforceable liens on the properties, leaving the resolution of those issues to the state court. *Id.* Here, Campbell is a complete stranger to the Debtors' estates, making any determination regarding validity of the lien beyond the Court's authority.

**The Request for Relief Under Rule 9011**

The Georgia Plaintiffs request that the Court issue an order pursuant to Rule 9011 precluding Campbell from filing any further motions in this Court relating to the Property. Ga. Plaintiffs' Obj. ¶¶ 23, 25. Rule 9011(c) permits the court to impose "an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation." Fed. R. Bankr. P. 9011(c).[12] A party filing a sanctions motion must comply with the

---

[12] Rule 9011(b) provides that an attorney or pro se litigant presenting a pleading, written motion, or other paper to the court is certifying that --

procedural requirements of Rule 9011(c)(1)(A), which requires that a sanctions motion be made separately from other motions or requests; that the motion describe the conduct alleged to violate Rule 9011(b); and that the motion not be filed with the court unless the challenged pleading has not been withdrawn or corrected 21 days after the sanctions motion has been served. Rule 9011(c)(1)(A) also provides that "if warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion." Fed. R. Bankr. P. 9011(c)(1)(A).

These procedural steps are designed to provide for a resolution of matters within the scope of the rule without resorting to costly motion practice and judicial intervention. *See In re Bruns*, No. 08-75936, 2009 WL 1874192, at *1 (Bankr. E.D.N.Y. June 24, 2009). These requirements also "reflect the importance of according fair procedural protections to an attorney or other party facing sanction." *Klein v. Wilson, Elser, Moskowitz, Edelman & Dicker (In re Highgate Equities, Ltd.)*, 279 F.3d 148, 152 (2d Cir. 2002). The Georgia Plaintiffs have not complied with the procedural requirements of Rule 9011(c). Accordingly, the Court denies their request for sanctions. *See In re Toscano*, No. 14-70200, 2017 WL 4990287, at *10 (Bankr. E.D.N.Y. Oct. 26, 2017) (denying sanctions request for failure to procedurally comply with Rule 9011); *In re Lynch*, No. 97-1038, 2001 WL 36160134, at *3 (Bankr. D. Vt. Aug. 14, 2001) (declining to address sanctions

---

1) It is not being presented for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

2) The claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

3) The allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4) The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Fed. R. Bankr. P. 9011(b).

motion for failure to comply with Rule 9011(c)(1)(A)) (citing *Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320 (2d Cir. 1995)); *Sargent v. DeCrosta (In re DeCrosta)*, No. 10-22086, 2012 WL 300791, at *2 n.10 (Bankr. D. Conn. Feb. 1, 2012) (denying motion to dismiss seeking sanctions for failure to comply with Rule 9011(c)(1)(A)); *In re Kriss*, 217 B.R. 147, 160 (Bankr. S.D.N.Y. 1998) (denying sanctions for failure to comply with Rule 9011(c)(1)).

## CONCLUSION

Based on the foregoing, the Court denies the Rule 59(e) Motion.

IT IS SO ORDERED.

Dated: November 6, 2025
      New York, New York

/s/ *James L. Garrity, Jr.*
Honorable James L. Garrity, Jr.
United States Bankruptcy Judge